# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **Case No, 3:19-bk-07235** |
| | **Chapter 7** |
| **CUMMINGS MANOOKIAN, PLLC** | **Judge Walker** |
| Debtor. | **Adv. Proc. No. 3:23-ap-90036** |
| **BRIAN CUMMINGS** | |
| Plaintiff, | |
| v. | |
| **BRETTON KEEFER, on behalf of the deceased CHESTA SHOEMAKER, AFSOON HAGH, and JEANNE BURTON, Trustee on behalf of CUMMINGS MANOOKIAN, PLC,** | |
| Defendants. | |

## APPELLANTS BRETTON KEEFER AND AFSOON HAGH'S STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF RECORD

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellants hereby file this Statement of the Issues to be Presented on Appeal and Designation of Items to be Included in the Appellate Record.

## I.   Issues To Be Presented

Whether the Bankruptcy Court erred in failing to dismiss this adversary proceeding, or, in the alternative stay the proceeding pending mediation and arbitration.

Whether the Bankruptcy Court erred in making findings and rulings that were neither briefed nor requested by any party to this litigation in violation of the party presentation principle.

Whether the Bankruptcy Court has jurisdiction to hear this matter where the Plaintiff has pled no claims against the Debtor or Trustee, and the Plaintiff further failed to file any Notice of Claim with respect to the Debtor during the allotted period of time to the present.

## II.   Designation of Items To Be Included in Appellate Record

The items to be included in the appellate record consist of the following:

• All docket entries in the bankruptcy proceeding (No. 3:19-bk-07235), this adversary proceeding (No. 3:23-ap-90036) and related adversary proceeding (No. 3:20-ap-90002), specifically including adversary proceeding docket entries 9, 12, 20, and all attachments thereto.

• Transcript of August 30, 2023 adversary proceeding hearing on motion to dismiss.

Date:  September 22, 2023                    Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Appellants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed September 22, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

# U.S. Bankruptcy Court
# MIDDLE DISTRICT OF TENNESSEE (Nashville)
## Bankruptcy Petition #: 3:19−bk−07235

*Assigned to:* Charles M Walker
Chapter 7
Voluntary
Asset

*Date filed:* 11/06/2019
*341 meeting:* 12/02/2019

| | |
|---|---|
| ***Debtor***<br>**CUMMINGS MANOOKIAN, PLLC**<br>45 MUSIC SQUARE WEST<br>NASHVILLE, TN 37203<br>DAVIDSON−TN<br>Tax ID / EIN: 47−2636732 | represented by **STEVEN L LEFKOVITZ**<br>LEFKOVITZ AND LEFKOVITZ, PLLC<br>908 Harpeth Valley Place<br>NASHVILLE, TN 37221<br>615 256−8300<br>Fax : 615 255−4516<br>Email: slefkovitz@lefkovitz.com<br><br>**JOHN T. SPRAGENS**<br>SPRAGENS LAW PLC<br>311 22ND AVE N<br>NASHVILLE, TN 37203<br>615−983−8900<br>Fax : 615−682−8533<br>Email: JOHN@SPRAGENSLAW.COM |
| ***Trustee***<br>**JEANNE ANN BURTON**<br>Jeanne Ann Burton PLLC<br>4117 Hillsboro Pk<br>Suite 103−116<br>NASHVILLE, TN 37215<br>615 678−6960 | represented by **PHILLIP G YOUNG**<br>Thompson Burton PLLC<br>One Franklin Park<br>6100 Tower Circle, Suite 200<br>FRANKLIN, TN 37067<br>615−465−6008<br>Fax : 931−381−0058<br>Email: phillip@thompsonburton.com |
| ***U.S. Trustee***<br>**US TRUSTEE**<br>OFFICE OF THE UNITED STATES<br>TRUSTEE<br>701 BROADWAY STE 318<br>NASHVILLE, TN 37203−3966<br>615 736−2254 | represented by **MEGAN REED SELIBER**<br>US Trustee's Office<br>701 Broadway<br>Suite 318<br>Nashville, TN 37203<br>615−736−2254<br>Email: megan.seliber@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/06/2019 | 1 | Chapter 7 Voluntary Petition for Non−Individuals. Fee Amount is $335.00. Schedule A/B due 11/20/2019. Incomplete Filings due by 11/20/2019. (LEFKOVITZ AND LEFKOVITZ |
| 11/06/2019 | 2 | First Meeting of Creditors and Notice of Appointment of Interim Trustee − Meeting on 12/ Broadway, Room 100, Nashville, TN 37203. JEANNE ANN BURTON, is appointed Interi of creditors unless the appointment is rejected within five days. Trustee is deemed covered exceed $720,000. Absent election of a Trustee pursuant to 11 U.S.C. Section 341(a), Interim |

| | | | |
|---|---|---|---|
| | | | appointment or qualification under the same bond. (admin, ) (Entered: 11/06/2019) |
| 11/09/2019 | | 3 | BNC Certificate of Notice. (RE: related document(s)2 Meeting (AutoAssign Chapter 7b)) N 11/09/2019) |
| 11/11/2019 | | 4 | Receipt of Voluntary Petition (Chapter 7)(3:19−bk−07235) [misc,volp7] ( 335.00). Receipt 1) (U.S. Treasury) (Entered: 11/11/2019) |
| 11/14/2019 | | 5 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of Chase. (PURYEAR, DANIEL) (Entered: 11/14/2019) |
| 11/18/2019 | | 6 | Application and Notice to Employ Thompson Burton PLLC as Attorney. *(Special Counsel)* 12/17/2019 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nash Certificate of Service mailed on 11/18/19. Filed on the behalf of: Trustee JEANNE ANN B 11/18/2019) |
| 11/19/2019 | | 7 | Amended Schedule(s) Schedule E/F. Fee Amount is $31.00 Filed on the behalf of: Debtor ( AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 8 | *Debtor's* Notice *of Amendment to Schedule F* Filed on the behalf of: Debtor CUMMINGS N (LEFKOVITZ AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 9 | Original Schedule(s) Schedule A/B,Schedule G,Schedule H, Filed on the behalf of: Debtor (LEFKOVITZ AND LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/19/2019 | | 10 | Statement of Financial Affairs for Non−Individual Filed on the behalf of: Debtor CUMMIN LEFKOVITZ, PLLC) (Entered: 11/19/2019) |
| 11/20/2019 | | 11 | Receipt of Amended Schedule(s)(3:19−bk−07235) [misc,amdsch] ( 31.00). Receipt number Treasury) (Entered: 11/20/2019) |
| 12/03/2019 | | 12 | Meeting of Creditors Held as Scheduled. (BURTON, JEANNE) (Entered: 12/03/2019) |
| 12/04/2019 | | 13 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of George Robertson, M.D., Middle Tennessee Pulmonary, Toby Smith, M.D.. (NORTH, PHI |
| 12/09/2019 | | 14 | Objection to (6 Application and Notice to Employ − BK Motion) Certificate of Service mai 12/17/2019 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashv Party BRIAN MANOOKIAN (RE: related document(s)6). (jmw) (Entered: 12/09/2019) |
| 12/13/2019 | | 15 | Exhibit and Witness List Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: rel (Entered: 12/13/2019) |
| 12/17/2019 | | 16 | *Supplemental* Brief/Memorandum in Support of *Application of Trustee to Employ Special (* ANN BURTON (RE: related document(s)6, 14). (YOUNG, PHILLIP) (Entered: 12/17/201 |
| 12/19/2019 | | 17 | Witness and Exhibit List from trial or Hearing *Hearing Held 12/17/19* (RE: related docume Motion, 14 Objection (Hearing)) (lel) (Entered: 12/19/2019) |
| 12/19/2019 | | 18 | *Brian Manookian's Supplemental Reply/ Response to (In Opposition of) Trustee's Motion to* Interested Party BRIAN MANOOKIAN (RE: related document(s)6, 14). (anm) (Entered: 1 |
| 12/20/2019 | | 19 | *Trustee's* Response to *Brian Manookian's Supplemental Reply*. (Attachments: # 1 Exhibit A BURTON (RE: related document(s)6, 14, 18). (YOUNG, PHILLIP) (Entered: 12/20/2019) |
| 12/20/2019 | | | |

| | | | |
|---|---|---|---|
| | | | Email Judge Charles M. Walker of Late Filed Matter. Certificate of Service Mailed on 12/2... ANN BURTON (RE: related document(s)19). (YOUNG, PHILLIP) (Entered: 12/20/2019) |
| 12/20/2019 | | 20 | Order *Regarding Trustee's Application and Notice to Employ Thompson Burton PLLC as S... Trustee Until December 24, 2019 to File Supplemental Application and Supporting Affidav... Provide Details and Full Disclosure of Any Current or Potential Conflicts that May Exist.* ( Signed on 12/20/2019. (sdt) (Entered: 12/20/2019) |
| 12/21/2019 | | 21 | *Supplemental* Brief/Memorandum in Support of *Application of Trustee to Employ Special ... Motion) # 2 Exhibit 2 (Receivership Order) # 3 Exhibit 3 (TRO) # 4 Exhibit 4 (Agreed Ord... Into Court) # 6 Exhibit 6 (Second TRO) # 7 Exhibit 7 (Injunction)) Filed on the behalf of: T... document(s)6, 20). (YOUNG, PHILLIP) (Entered: 12/21/2019) |
| 12/21/2019 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEAN... (YOUNG, PHILLIP) (Entered: 12/21/2019) |
| 12/22/2019 | | 22 | BNC Certificate of Notice. (RE: related document(s)20 Order) Notice Date 12/22/2019. (A... |
| 12/23/2019 | | 23 | Order Granting *Trustee's* Application to Employ *Thompson Burton PLLC as Special Couns... Related Doc #14, 16, 18, 19, 21), BY THE COURT: Judge Charles M. Walker (anm) (Ente... |
| 12/23/2019 | | 24 | *Brian Manookian's Request for Leave to Respond in Opposition and* Objection to (6 Applic... Objection (Hearing), 20 Order, 21 Brief/Memorandum − BK) Certificate of Service mailed ... Party BRIAN MANOOKIAN (RE: related document(s)6, 14, 20, 21). (anm) (Entered: 12/2... |
| 12/23/2019 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Interested Part... document(s)24). (jmw) (Entered: 12/23/2019) |
| 12/25/2019 | | 25 | BNC Certificate of Notice. (RE: related document(s)23 Application to Employ − BK Order... 12/26/2019) |
| 12/26/2019 | | 26 | Order Denying *Brian Manookian's Request for Leave to Respond* (RE: Related Doc#: 21, 2... 12/26/2019) |
| 12/28/2019 | | 27 | BNC Certificate of Notice. (RE: related document(s)26 Order Denying − SA Order) Notice... |
| 01/02/2020 | | 28 | Trustee's Notice of Assets & Request for Notice to Creditors Deadline to file Proof of Clain... 01/02/2020) |
| 01/05/2020 | | 29 | BNC Certificate of Notice. (RE: related document(s)28 Trustee's Notice of Assets) Notice ... |
| 01/08/2020 | | 30 | Adversary case 3:20−ap−90002. Complaint by Jeanne Ann Burton against Hagh Law PLL... Bank and Trust Company. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred.... AP Cover Sheet) Nature of Suit: (13 (Recovery of money/property − 548 fraudulent transfe... of property)) (YOUNG, PHILLIP) (Entered: 01/08/2020) |
| 01/24/2020 | | 31 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of... (CASH, HARRY) (Entered: 01/24/2020) |
| 01/28/2020 | | 32 | *Trustee's* Motion and Notice to Compel *Turnover of Records* Filed on the behalf of: Truste... (Entered: 01/28/2020) |
| 01/28/2020 | | 33 | Notice of Hearing on Motion and Notice to Compel − BK Motion− *Turnover of Records* − ... scheduled 2/11/2020 at 09:00 AM at Courtroom 2, 2nd Floor Customs House, 701 Broadw... document(s)32) (lel) (Entered: 01/28/2020) |
| 01/30/2020 | | 34 | BNC Certificate of Notice. (RE: related document(s)33 Notice of Hearing) Notice Date 01/... |

| | | | |
|---|---|---|---|
| 01/31/2020 | | 35 | Motion For Sanctions for Violation of the Automatic Stay Certificate of Service mailed on ANN BURTON. (BURTON, JEANNE) (Entered: 01/31/2020) |
| 01/31/2020 | | 36 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of PLLC. (GABBERT, CRAIG) (Entered: 01/31/2020) |
| 02/03/2020 | | 37 | Order Continuing Hearing Re: (related document(s): 32 Motion and Notice to Compel − BI Notice of Hearing) **Hearing has been rescheduled for 02/18/2020 at 10:00 AM in Court Broadway, Nashville, TN 37203.** Hearing rescheduled due to scheduling conflict. Respons (Entered: 02/03/2020) |
| 02/03/2020 | | 38 | Notice of Hearing on Motion for Sanctions for Violation of the Automatic Stay − BK Moti Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. (RE: related |
| 02/04/2020 | | 39 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of PLLC. (ROSE, GLENN) (Entered: 02/04/2020) |
| 02/05/2020 | | 40 | BNC Certificate of Notice. (RE: related document(s)38 Notice of Hearing) Notice Date 02/ |
| 02/07/2020 | | 41 | *Brian Manookian's* Response to *Trustee's Motion to Compel*. Filed on the behalf of: Interes document(s)32). (anm) (Entered: 02/07/2020) |
| 02/07/2020 | | 42 | *Debtor's* Response to *Trustee's Motion and Notice to Compel Turnover of Records*. Filed or MANOOKIAN, PLLC (RE: related document(s)32, 41). (LEFKOVITZ AND LEFKOVITZ |
| 02/07/2020 | | 43 | Submitted Agreed Order Filed on the behalf of: Interested Parties Afsoon Hagh, Hagh Law (GABBERT, CRAIG) (Entered: 02/07/2020) |
| 02/12/2020 | | 44 | *Joint* Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Com BURTON, 41 Response filed by Interested Party BRIAN MANOOKIAN, 42 Response file Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)32, 41, |
| 02/12/2020 | | 45 | Submitted Agreed Order *Continuing Hearing on Trustee's Motion to Compel Turnover of R* ANN BURTON (RE: related document(s)44). (YOUNG, PHILLIP) (Entered: 02/12/2020) |
| 02/13/2020 | | 46 | *Agreed* Order Mooting *Trustee's* Motion for Sanctions for Violation of the Automatic Stay Charles M. Walker (anm) (Entered: 02/13/2020) |
| 02/13/2020 | | 47 | *Agreed* Order *for* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Reco* **rescheduled for 3/3/2020 at 09:00 AM in Courtroom 2, 2nd Floor Customs House, 701** 2/13/2020. (anm) (Entered: 02/13/2020) |
| 02/15/2020 | | 48 | BNC Certificate of Notice. (RE: related document(s)46 Order on Motion for Sanctions for Notice Date 02/15/2020. (Admin.) (Entered: 02/15/2020) |
| 02/15/2020 | | 49 | BNC Certificate of Notice. (RE: related document(s)47 Order to Continue Hearing) Notice |
| 02/27/2020 | | 50 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of MEGAN) (Entered: 02/27/2020) |
| 03/02/2020 | | 51 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 03/02/2020) |
| 03/02/2020 | | 52 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)51). (YOUNG, PHILLIP) (Entered: 03/02/2020) |

| | | 53 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Record* **rescheduled for 3/24/2020 at 09:15 AM in Courtroom 2, 2nd Floor Customs House, 70** 3/4/2020. (anm) (Entered: 03/04/2020) |
|---|---|---|---|
| 03/04/2020 | | | |
| 03/06/2020 | | 54 | BNC Certificate of Notice. (RE: related document(s)53 Order to Continue Hearing) Notice |
| 03/10/2020 | | 55 | Submitted Agreed Order *for turnover* Filed on the behalf of: Trustee JEANNE ANN BURT |
| 03/11/2020 | | 56 | *Agreed* Order Granting Turnover of Property. Re: *Funds in the Amount of $23,637.22, Hela* 3/11/2020. (anm) (Entered: 03/11/2020) |
| 03/13/2020 | | 57 | Application and Notice to Employ Larry Williams, CPA as Accountant. If timely response Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. <span style="color:red">Responses</span> 3/13/2020. Filed on the behalf of: Trustee JEANNE ANN BURTON. (BURTON, JEANNE |
| 03/13/2020 | | 58 | BNC Certificate of Notice. (RE: related document(s)56 Order on Turnover of Property − B (Entered: 03/14/2020) |
| 03/17/2020 | | 59 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 03/17/2020) |
| 03/17/2020 | | 60 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)59. (YOUNG, PHILLIP) (Entered: 03/17/2020) |
| 03/18/2020 | | 61 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Record* **rescheduled for 4/21/2020 at 01:00 PM in Courtroom 2, 2nd Floor Customs House, 70** 3/18/2020. (anm) (Entered: 03/18/2020) |
| 03/20/2020 | | 62 | BNC Certificate of Notice. (RE: related document(s)61 Order to Continue Hearing) Notice |
| 04/07/2020 | | 63 | Submitted Order *to employ Accountant* Filed on the behalf of: Trustee JEANNE ANN BUF JEANNE) (Entered: 04/07/2020) |
| 04/07/2020 | | 64 | Submitted Order *amended order to employ Accountant to show corrected effective date* Fil BURTON (RE: related document(s)57, 63). (BURTON, JEANNE) (Entered: 04/07/2020) |
| 04/10/2020 | | 65 | Clerk's Remark − The related document has the following defect(s): Order Not Processed.. document(s)63 Submitted Order *to employ Accountant* Filed on the behalf of: Trustee JEAN document(s)57).) (lel) (Entered: 04/10/2020) |
| 04/13/2020 | | 66 | *Amended* Order Granting *Trustee's* Application to Employ *Larry Williams, CPA, as Accou* COURT: Judge Charles M. Walker (anm) (Entered: 04/13/2020) |
| 04/14/2020 | | 67 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 04/14/2020) |
| 04/14/2020 | | 68 | Submitted Order *Granting Motion to Continue Hearing on Motion to Compel* Filed on the b related document(s)67). (YOUNG, PHILLIP) (Entered: 04/14/2020) |
| 04/15/2020 | | 69 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Record* *number 888−363−4749 Access Code 7250422) pursuant to Judge Walker's CH7 & 11 Tue* *located on the Court's website at:* *http://www.tnmb.uscourts.gov/coronavirus−disease−covid−19−information−relating−cou* (RE: Related Doc#: 32, 67). **Hearing has been rescheduled for 5/19/2020 at 10:15 AM in** **Broadway, Nashville, TN 37203.** Signed on 4/15/2020. (anm) (Entered: 04/15/2020) |

| | | | |
|---|---|---|---|
| 04/15/2020 | | 70 | BNC Certificate of Notice. (RE: related document(s)66 Application to Employ − BK Order 04/16/2020) |
| 04/17/2020 | | 71 | BNC Certificate of Notice. (RE: related document(s)69 Order to Continue Hearing) Notice |
| 04/23/2020 | | 72 | Trustee's Interim Report period ending 3/31/2020.. (BURTON, JEANNE) (Entered: 04/23/2 |
| 04/27/2020 | | 73 | Motion and Notice for Compromise and Settlement *TRUSTEES MOTION TO APPROVE F AND CUMMINGS LAW LLC*. If timely response hearing will be held on 5/26/2020 at 09:0 701 Broadway, Nashville, TN 37203. Responses due by 5/18/2020. (Attachments: # 1 App Trustee JEANNE ANN BURTON (YOUNG, PHILLIP) (Entered: 04/27/2020) |
| 05/15/2020 | | 74 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen 05/15/2020) |
| 05/15/2020 | | 75 | Submitted Order *Continuing Hearing on Trustee's Motion to Compel Turnover of Records* BURTON (RE: related document(s)74. (YOUNG, PHILLIP) (Entered: 05/15/2020) |
| 05/18/2020 | | 76 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor* **rescheduled for 6/30/2020 at 10:15 AM in Courtroom 2, 2nd Floor Customs House, 70** 5/18/2020. (anm) (Entered: 05/18/2020) |
| 05/18/2020 | | 77 | Objection to *Trustee's Motion to Approve Fee and Expense Division Among Debtor and Cu* Grant, Konvalinka & Harrison, P.C. (RE: related document(s)73. (CASH, HARRY) (Enter |
| 05/19/2020 | | 78 | Clerk's Remark − The related document has the following defect(s): Document submitted u Objection to *Trustee's Motion to Approve Fee and Expense Division Among Debtor and Cu* Grant, Konvalinka & Harrison, P.C. (RE: related document(s)73.) (lel) (Entered: 05/19/20 |
| 05/19/2020 | | 79 | Hearing Set − (Objection) *Objection to Trustee's Motion to Approve Fee and Expense Divi* Hearing scheduled 5/26/2020 at 10:00 AM at Courtroom 2, 2nd Floor Customs House, 701 document(s)77 Objection) (lel) (Entered: 05/19/2020) |
| 05/20/2020 | | 80 | BNC Certificate of Notice. (RE: related document(s)76 Order to Continue Hearing) Notice |
| 05/22/2020 | | 81 | Motion to Continue Hearing On (Related Document(s): 73 Motion and Notice for Compror JEANNE ANN BURTON, 77 Objection filed by Creditor Grant, Konvalinka & Harrison, I BURTON (RE: related document(s)73, 77. (YOUNG, PHILLIP) (Entered: 05/22/2020) |
| 05/22/2020 | | 82 | Expedited Submitted Order *Continuing Hearing on Trustee's Motion to Approve Expense L* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)81. (YO |
| 05/26/2020 | | 83 | *Expedited* Order *Granting* Continuance of Hearing *on Trustee's Motion to Approve Fee and* Law LLC. Hearing Scheduled via AT&T Teleconference (Phone Number: 888−363−4749; 81). **Hearing has been rescheduled for 6/9/2020 at 10:00 AM in Courtroom 2, 2nd Floo 37203.** Signed on 5/26/2020. (anm) (Entered: 05/26/2020) |
| 05/28/2020 | | 84 | BNC Certificate of Notice. (RE: related document(s)83 Order to Continue Hearing) Notice |
| 06/09/2020 | | 85 | Submitted Order *Approving Fee and Expense Division Among Debtor and Cummings Law* BURTON (RE: related document(s)73. (YOUNG, PHILLIP) (Entered: 06/09/2020) |
| 06/10/2020 | | 86 | Order Granting *Trustee's* Motion for Compromise and Settlement *and Approving Fee and I Law LLC* (RE: Ref Doc #73) ( Related Doc #77), BY THE COURT: Judge Charles M. Wal |
| 06/12/2020 | | 87 | |

| Date | | No. | Description |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s)86 Compromise/Settlement − BK Orde... 06/12/2020) |
| 06/29/2020 | | 88 | Motion to Continue Hearing On (Related Document(s): 32 Motion and Notice to Compel − ... BURTON) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related documen... 06/29/2020) |
| 06/29/2020 | | 89 | Expedited Submitted Order *Granting Motion to Continue Hearing on Motion to Compel* Fi... BURTON (RE: related document(s)88). (YOUNG, PHILLIP) (Entered: 06/29/2020) |
| 06/29/2020 | | 90 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Compel Turnover of Recor... Conference (Phone Number: 888−363−4749, Access Code 7250422#)* (RE: Related Doc#:... **8/18/2020 at 10:15 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Na...** (Entered: 06/29/2020) |
| 07/01/2020 | | 91 | BNC Certificate of Notice. (RE: related document(s)90 Order to Continue Hearing) Notice... |
| 08/18/2020 | | 92 | Submitted Order *Compelling Turnover of Documents* Filed on the behalf of: Trustee JEAN... (YOUNG, PHILLIP) (Entered: 08/18/2020) |
| 08/19/2020 | | 93 | Order Granting *Trustee's* Motion to Compel *Turnover of Documents* (RE: Ref Doc # 32), B... (Entered: 08/19/2020) |
| 08/21/2020 | | 94 | BNC Certificate of Notice. (RE: related document(s)93 Order to Compel − BK Order) Noti... 08/21/2020) |
| 03/15/2021 | | 95 | Receipt of Certification fees − $77.00 by KH. Receipt Number 626023. (admin) (Entered: ... |
| 03/15/2021 | | 96 | Receipt of Copy fees − $3.50 by KH. Receipt Number 626023. (admin) (Entered: 03/15/20... |
| 04/28/2021 | | 97 | Trustee's Interim Report period ending 3/31/2021. (BURTON, JEANNE) (Entered: 04/28/2... |
| 05/18/2021 | | 98 | Objection and Notice of: Objection to Claim 3 by Claimant North, Pursell & Ramos, PLC, on behalf of Family Medical Associates, a/k/a Family Medical, P.C. in the amount of $40,827.48. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |
| 05/18/2021 | | 99 | Objection and Notice of: Objection to Claim 4 by Claimant North, Pursell & Ramos, PLC, on behalf of Toby Smith, M.D. and Middle TN Pulmonary Assoc. in the amount of $54,220.02. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |
| 05/18/2021 | | 100 | Objection and Notice of: Objection to Claim 6 by Claimant Ronette Leal McCarthy, Esq. in the amount of $0.00. . Filed By: JEANNE ANN BURTON on behalf of Jeanne Ann Burton PLLC. If timely response hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 6/17/2021. (BURTON, JEANNE) (Entered: 05/18/2021) |

| | | | |
|---|---|---|---|
| 05/18/2021 | | [101](#) | Withdrawal of Claim(s): 1 Filed By: MICHAEL G ABELOW on behalf of INSBANK. (ABELOW, MICHAEL) (Entered: 05/18/2021) |
| 06/17/2021 | | [102](#) | *Response to* Objection to ([98](#) Objection and Notice of Objection for Claim, [99](#) Objection and Notice of Objection for Claim) Certificate of Service mailed on June 17, 2021. Hearing will be held on 6/25/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Filed on the behalf of: Creditor Phillip Family Medical Associates (RE: related document(s)[98](#), [99](#)). (NORTH, PHILLIP) (Entered: 06/17/2021) |
| 06/22/2021 | | [103](#) | Motion to Continue Hearing On (Related Document(s): [98](#) Objection and Notice of Objection for Claim filed by Attorney Jeanne Ann Burton PLLC, [99](#) Objection and Notice of Objection for Claim filed by Attorney Jeanne Ann Burton PLLC, [102](#) Objection (Hearing) filed by Creditor Phillip Family Medical Associates) Certificate of Service mailed on 6/22/21. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[98](#), [99](#), [102](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | [104](#) | Expedited Submitted Order *Continuing Hearing on Trustee's Objection to Claims 3 and 4* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[103](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[103](#), [104](#)). (YOUNG, PHILLIP) (Entered: 06/22/2021) |
| 06/22/2021 | | [105](#) | Order *Granting* Continuance of Hearing *on Trustee's Objection to Claim Numbers 3 and 4* (RE: Related Doc#: [98](#), [99](#), [102](#), [103](#)). **Hearing has been rescheduled for 7/21/2021 at 11:00 AM Telephonically. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker.** Signed on 6/22/2021. (jmw) (Entered: 06/22/2021) |
| 06/24/2021 | | [106](#) | BNC Certificate of Notice. (RE: related document(s)[105](#) Order to Continue Hearing) Notice Date 06/24/2021. (Admin.) (Entered: 06/24/2021) |
| 06/29/2021 | | [107](#) | Notice *of Extension of Time to Respond to Chapter 7 Trustee's Objection to Claim Number 6 Filed by Ronette Leal McCarthy* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[100](#)). (YOUNG, PHILLIP) (Entered: 06/29/2021) |
| 07/06/2021 | | [108](#) | Motion and Notice for Compromise and Settlement . If timely response hearing will be held on 8/11/2021 at 11:00 AM via AT&T Conference Line using Call−In Number 1−888−363−4749 and Access Code 7250422#. Responses due by 7/27/2021. (Attachments: # [1](#) Exhibit A # [2](#) Appendix Mailing Matrix) Certificate of Service mailed on 7/6/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 07/06/2021) |
| 07/19/2021 | | [109](#) | Submitted Agreed Order *Resolving Chapter 7 Trustee's Objection to Claim Numbers 3 and 4* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)[98](#), [99](#)). (YOUNG, PHILLIP) (Entered: 07/19/2021) |
| 07/20/2021 | | [110](#) | Submitted Agreed Order *Resolving Chapter 7 Trustee's Objection to Claim Number 6 Filed by Ronette Leal McCarthy, Esq.* Filed on the |

| | | | |
|---|---|---|---|
| | | | behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)100). (YOUNG, PHILLIP) (Entered: 07/20/2021) |
| 07/27/2021 | | 111 | Objection to *Trustee's Motion to Approve Compromise and Settlement*. (Attachments: # 1 Exhibit 1) Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)108). (KONVALINKA, JOHN) (Entered: 07/27/2021) |
| 07/27/2021 | | 112 | Objection to (108 Motion and Notice for Compromise and Settlement − BK Motion) Certificate of Service mailed on 7/6/2021. Hearing will be held on 8/11/2021 at 11:00 AM. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker. (Attachments: # 1 Exhibit COA Opinion − Chase # 2 Exhibit "Walk−Away" Offer Letter # 3 Exhibit COA − Denial of Chase Petition for Rehearing) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108). (SPRAGENS, JOHN) (Entered: 07/27/2021) |
| 07/28/2021 | | 113 | Clerk's Remark − The related document has the following defect(s): Document submitted under incorrect event.. − LBR 9013 Response docketed without entering hearing information. (RE: related document(s)111 Objection to *Trustee's Motion to Approve Compromise and Settlement*. (Attachments: # 1 Exhibit 1) Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)108).) (lel) (Entered: 07/28/2021) |
| 07/28/2021 | | 114 | Hearing Set − (Objection) *Objection to Trustee's Motion to Approve Compromise and Settlement.* **Hearing scheduled 8/11/2021 at 11:00 AM. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker.** (RE: related document(s)111 Objection) (lel) (Entered: 07/28/2021) |
| 08/04/2021 | | 115 | *Agreed Order To Disallow Claim(s) as to North, Pursell & Ramos, PLC, on Behalf of Family Medical Associates a/k/a Family Medical, P.C. and Toby Smith, M.D. and Middle TN Pulmonary Associates and Resolving Chapter 7 Trustee's Objection to Claim Numbers 3,4* (RE: Related Doc#: 98, 99, 102). Signed on 8/4/2021. (anm) (Entered: 08/04/2021) |
| 08/04/2021 | | 116 | *Agreed Order Resolving Chapter 7 Trustee's Objection to Claim(s) 6 Filed by Ronette Leal McCarthy, Esq.* (Ref Doc # 100) BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 08/04/2021) |
| 08/05/2021 | | 117 | Motion to Continue Hearing On (Related Document(s): 108 Motion and Notice for Compromise and Settlement − BK Motion filed by Trustee JEANNE ANN BURTON, 111 Objection filed by Creditor Grant, Konvalinka & Harrison, P.C., 112 Objection (Hearing) filed by Interested Party BRIAN MANOOKIAN) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 111, 112). (YOUNG, PHILLIP) (Entered: 08/05/2021) |
| 08/05/2021 | | 118 | Submitted Agreed Order *Continuing Hearing on Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)117). (YOUNG, PHILLIP) (Entered: 08/05/2021) |
| 08/06/2021 | | 119 | BNC Certificate of Notice. (RE: related document(s)115 Order To Disallow Claim − BK Order (SA)) Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/06/2021 | | 120 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s)116 Order on Objection for Claim) Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/09/2021 | | 121 | *Agreed* Order *Granting Trustee's Motion for* Continuance of Hearing *on Trustee's Motion to Approve Compromise and Settlement.* (RE: Related Doc#: 108, 111, 112, 117). **Hearing has been rescheduled for 9/17/2021 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** Signed on 8/9/2021. (anm) (Entered: 08/09/2021) |
| 08/11/2021 | | 122 | BNC Certificate of Notice. (RE: related document(s)121 Order to Continue Hearing) Notice Date 08/11/2021. (Admin.) (Entered: 08/11/2021) |
| 09/10/2021 | | 123 | Notice *of Filing Supplement to Manookian Objection to Proposed Chase Claim and Settlement* (Attachments: # 1 Exhibit Tennessee Supreme Court Order Denying Permission to Appeal # 2 Exhibit Chase Motion to Stay # 3 Exhibit Manookian Motion for Partial Summary Judgment) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108, 112). (SPRAGENS, JOHN) (Entered: 09/10/2021) |
| 09/14/2021 | | 124 | *Trustee's* Response to *Objection of Grant, Konvalinka & Harrison, PC to Trustee's Motion to Approve Compromise and Settlement.* (Attachments: # 1 Exhibit A # 2 Exhibit B) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)111). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/14/2021 | | 125 | *Trustee's* Response to *Brian Manookian's Objection to Proposed Chase Claim and Settlement.* (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)112, 123). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/14/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)124, 125). (YOUNG, PHILLIP) (Entered: 09/14/2021) |
| 09/15/2021 | | 126 | *Trustee's* Exhibit and Witness List *for September 17, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 111, 112, 114 , 121, 123, 124, 125). (YOUNG, PHILLIP) (Entered: 09/15/2021) |
| 09/15/2021 | | 127 | Exhibit and Witness List *for September 17, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)108, 112, 123, 125). (SPRAGENS, JOHN) (Entered: 09/15/2021) |
| 09/17/2021 | | 128 | Order Continuing Hearing Re: (related document(s): 121 Order to Continue Hearing) **Hearing has been rescheduled for 09/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (lel) (Entered: 09/17/2021) |
| 09/22/2021 | | 129 | Submitted Agreed Order *Regarding Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/22/2021) |

| | | | |
|---|---|---|---|
| 09/22/2021 | | 130 | Order *Granting* Continuance of Hearing *on Trustee's Motion to Approve Compromise and Settlement* (RE: Related Doc#: 128 ). **Hearing has been rescheduled for 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** Signed on 9/22/2021. (kmw) (Entered: 09/22/2021) |
| 09/23/2021 | | 131 | *Trustee's* Motion for *Approval of Participation fo Phillip Young at September 29, 2021 Hearing.* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/23/2021 | | 132 | Expedited Submitted Order *Approving Participation of Phillip Young at September 29, 2021 Hearing* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)131). (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/23/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)131). (YOUNG, PHILLIP) (Entered: 09/23/2021) |
| 09/24/2021 | | 133 | Hearing Set − (Response) *Trustee's Response to Objection of Grant, Konvalinka & Harrison, PC to Trustee's Motion to Approve Compromise and Settlement.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)124 Response) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | 134 | Hearing Set − (Response) *Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)125 Response) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | 135 | Order *Setting Forth Procedures for Hearing on the Trustee's Motion for Compromise and Settlement.* (RE: Related Doc#: 108, 111, 112, 123, 124, 125). Signed on 9/24/2021. (anm) (Entered: 09/24/2021) |
| 09/24/2021 | | 136 | *Trustee's* Motion for *To Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing.* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)112, 123). (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)136). (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | 137 | *Trustee's* Exhibit and Witness List *for September 29, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/24/2021) |
| 09/24/2021 | | 138 | Notice of Hearing on Motion − BK Motion. *Trustee's Motion for To Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing.* **Hearing scheduled 9/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)136) (lel) (Entered: 09/24/2021) |
| 09/24/2021 | | 139 | |

| | | | |
|---|---|---|---|
| | | | Exhibit and Witness List *for September 29, 2021 Hearing on Trustee's Motion to Approve Compromise and Settlement* Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s) 128 , 130, 135). (SPRAGENS, JOHN) (Entered: 09/24/2021) |
| 09/24/2021 | | 140 | BNC Certificate of Notice. (RE: related document(s)130 Order to Continue Hearing) Notice Date 09/24/2021. (Admin.) (Entered: 09/24/2021) |
| 09/26/2021 | | 141 | BNC Certificate of Notice. (RE: related document(s)138 Notice of Hearing) Notice Date 09/26/2021. (Admin.) (Entered: 09/26/2021) |
| 09/26/2021 | | 142 | BNC Certificate of Notice. (RE: related document(s)135 Order) Notice Date 09/26/2021. (Admin.) (Entered: 09/26/2021) |
| 09/27/2021 | | 143 | Exhibit and Witness List *for September 29, 2021 Hearing* Filed on the behalf of: Creditor Grant, Konvalinka & Harrison, P.C. (RE: related document(s)135). (KONVALINKA, JOHN) (Entered: 09/27/2021) |
| 09/27/2021 | | 144 | Response to *Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation in the September 29, 2021 Hearing for Lack of Standing*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)136). (SPRAGENS, JOHN) (Entered: 09/27/2021) |
| 09/30/2021 | | 145 | Witness and Exhibit List from trial or Hearing *Hearing Held 9/29/2021* (RE: related document(s)136 Motion − BK Motion, 138 Notice of Hearing) (lel) (Entered: 09/30/2021) |
| 10/01/2021 | | 146 | Submitted Order *Granting Motion to Approve Compromise and Settlement and Finding that Brian Manookian Lacks Standing* Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)108, 136). (YOUNG, PHILLIP) (Entered: 10/01/2021) |
| 10/01/2021 | | 147 | Order Granting *Trustee's* Motion for Compromise and Settlement *and Finding that Brian Manookian Lacks Standing.* (RE: Ref Doc #108) ( Related Doc #111, 112, 123, 124, 125, 136, 144), BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 10/01/2021) |
| 10/03/2021 | | 148 | BNC Certificate of Notice. (RE: related document(s)147 Compromise/Settlement − BK Order) Notice Date 10/03/2021. (Admin.) (Entered: 10/03/2021) |
| 10/14/2021 | | 149 | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 10/28/2021. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)147). (SPRAGENS, JOHN) (Entered: 10/14/2021) |
| 10/14/2021 | | 150 | Receipt of Notice or Amended Notice of Appeal and Statement of Election(3:19−bk−07235) [appeal,ntcapl] ( 298.00). Receipt number 17240536. Fee amount $ 298.00. (re:Doc# 149) (U.S. Treasury) (Entered: 10/14/2021) |
| 10/19/2021 | | 151 | Certificate of Service mailed on 10/19/2021 *on Notice of Appeal and Statement of Election* (RE: related document(s)149). (jjk) (Entered: 10/19/2021) |
| 10/19/2021 | | 152 | |

| | | | |
|---|---|---|---|
| | | | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)149). (jjk) (Entered: 10/19/2021) |
| 10/20/2021 | | 153 | Acknowledgement of Receipt of Appeal from District Court. Case info: District Court Case No. 3:21−cv−00797. (jjk) (Entered: 10/20/2021) |
| 10/21/2021 | | 154 | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Debtor CUMMINGS MANOOKIAN, PLLC (SPRAGENS, JOHN) (Entered: 10/21/2021) |
| 10/21/2021 | | 155 | Receipt of Request for Transcript(3:19−bk−07235) [misc,tsreq] ( 32.00). Receipt number 17252118. Fee amount $ 32.00. (re:Doc# 154) (U.S. Treasury) (Entered: 10/21/2021) |
| 10/25/2021 | | 157 | Transcript regarding Hearing Held 09/29/21. Remote electronic access to the transcript is restricted until 01/24/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Access Transcripts, telephone number 855−873−2223. Deadline to file Notice of Intent to Request Redaction is 11/1/2021. Deadline to file Request for Redaction is 11/15/2021. Redacted transcript due by 11/29/2021.. (WATSON, ILENE) (Entered: 10/25/2021) |
| 10/28/2021 | | 158 | Statement of Issues on Appeal, (Attachments: # 1 Exhibit 9/29/2021 Hearing Transcript) Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)149, 152 ). (SPRAGENS, JOHN) (Entered: 10/28/2021) |
| 11/05/2021 | | 159 | Appellee's Designation of Contents for Inclusion in Record of Appeal Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 11/05/2021) |
| 12/10/2021 | | 160 | Certified Record on Appeal Transmitted to District Court. District Court Case #21−cv−00797. (lel) (Entered: 12/10/2021) |
| 12/20/2021 | | 161 | Motion and Notice to Compel *Discovery Responses from Manookian, PLLC* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/20/2021 | | 162 | Motion and Notice to Compel *Discovery Responses from Hagh Law, PLLC* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/20/2021 | | 163 | Motion and Notice to Compel *Discovery Responses from Afsoon Hagh* (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 12/20/2021) |
| 12/21/2021 | | 164 | Remark − *Notification to the Filer re: Motions and Notices to Compel Discovery Responses from Manookian, PLLC, Hagh Law, PLLC and Afsoon Hagh. The Motions and Notice to Compel Discovery Responses are filed in the bankruptcy case as opposed to the associated adversary proceeding (AP #3:20−90002). The Clerk will take no action on behalf of* |

| | | | |
|---|---|---|---|
| | | | *the Filer to correct the filings in the main case. See, ECF Procedure 5, Consequences of Electronic Filing.* (RE: related document(s)161 Motion and Notice to Compel − AP Motion, 162 Motion and Notice to Compel − AP Motion, 163 Motion and Notice to Compel − AP Motion) (rmw) (Entered: 12/21/2021) |
| 04/22/2022 | | 165 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Creditor TN Dept of Revenue. (MCCORMICK, WILLIAM) (Entered: 04/22/2022) |
| 04/27/2022 | | 166 | Trustee's Interim Report period ending 3/31/2022. (BURTON, JEANNE) (Entered: 04/27/2022) |
| 03/13/2023 | | 167 | Adversary case 3:23−ap−90036. Complaint by BRIAN CUMMINGS against BRETTON KEEFER, JEANNE BURTON, AFSOON HAGH. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred. BRIAN CUMMINGS. (Attachments: # 1 State Court Documents # 2 Docket) Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (knh) (Entered: 03/13/2023) |
| 03/15/2023 | | 168 | *United States District Court Order Referring Civil Case No. 3:22−cv−00301 to Bankruptcy Judge Charles M. Walker* . (tca) (Entered: 03/15/2023) |
| 04/07/2023 | | 169 | Order Scheduling Hearing − *Evidentiary Hearing.* (RE: Related Doc#: 108, 112, 123, 125, 136, 144, 147). **Hearing scheduled 5/25/2023 at 09:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 4/7/2023. (anm) (Entered: 04/07/2023) |
| 04/09/2023 | | 170 | BNC Certificate of Notice. (RE: related document(s)169 Order Scheduling Hearing) Notice Date 04/09/2023. (Admin.) (Entered: 04/09/2023) |
| 04/11/2023 | | 171 | Motion to Continue Hearing On (Related Document(s): 169 Order Scheduling Hearing) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)169). (YOUNG, PHILLIP) (Entered: 04/11/2023) |
| 04/21/2023 | | 172 | Trustee's Interim Report period ending 3/31/2023. (BURTON, JEANNE) (Entered: 04/21/2023) |
| 04/27/2023 | | 173 | Order Scheduling Hearing − *Evidentiary Hearing.* (RE: Related Doc#: 108, 112, 123, 125, 136, 144, 147, 169, 171). **Hearing scheduled 6/28/2023 at 01:00 PM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** − *All parties and/or counsel must appear in person.* Signed on 4/27/2023. (rmw) (Entered: 04/27/2023) |
| 04/29/2023 | | 174 | BNC Certificate of Notice. (RE: related document(s)173 Order Scheduling Hearing) Notice Date 04/29/2023. (Admin.) (Entered: 04/29/2023) |
| 05/01/2023 | | 175 | *Second* Motion to Continue Hearing On (Related Document(s): 173 Order Scheduling Hearing) Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)173). (YOUNG, PHILLIP) (Entered: 05/01/2023) |

| | | | |
|---|---|---|---|
| 05/03/2023 | | 176 | Order Scheduling Hearing − *Setting Scheduling Conference*. (RE: Related Doc#: 108, 112, 136, 144, 147). **Hearing scheduled 5/10/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 5/3/2023. (anm) (Entered: 05/03/2023) |
| 05/05/2023 | | 177 | BNC Certificate of Notice. (RE: related document(s)176 Order Scheduling Hearing) Notice Date 05/05/2023. (Admin.) (Entered: 05/05/2023) |
| 05/10/2023 | | 178 | Order Scheduling Hearing − *Evidentiary. All Parties and/or Counsel Must Appear in Person*. (RE: Related Doc#: 108, 112, 136, 144, 147). **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 5/10/2023. (rww) (Entered: 05/10/2023) |
| 05/12/2023 | | 179 | BNC Certificate of Notice. (RE: related document(s)178 Order Scheduling Hearing) Notice Date 05/12/2023. (Admin.) (Entered: 05/12/2023) |
| 07/19/2023 | | 180 | *Brian Manookian and Manookian PLLC's* Notice *of Objections to Claim Settlement and Failure to Recuse*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)178). (SPRAGENS, JOHN) (Entered: 07/19/2023) |
| 08/01/2023 | | 181 | *Trustee's* Response to *Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties*. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)180). (YOUNG, PHILLIP) (Entered: 08/01/2023) |
| 08/02/2023 | | 182 | Notice of Hearing on Notice − BK Notice, Response.*Brian Manookian and Manookian PLLC's Notice of Objections to Claim Settlement and Failure to Recuse. Filed on the behalf of: Interested Party BRIAN MANOOKIAN and Trustee's Response to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties. Filed on the behalf of: Trustee JEANNE ANN BURTON* **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** (RE: related document(s)180, 181) (leq) (Entered: 08/02/2023) |
| 08/04/2023 | | 183 | BNC Certificate of Notice. (RE: related document(s)182 Notice of Hearing) Notice Date 08/04/2023. (Admin.) (Entered: 08/04/2023) |
| 08/16/2023 | | 184 | Exhibit and Witness List. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/16/2023) |
| 08/16/2023 | | 185 | Notice *of Filing Order of Dismissal in State Action*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/16/2023) |
| 08/16/2023 | | 186 | *Trustee's* Exhibit and Witness List*for August 30, 2023 Hearing*. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 08/16/2023) |
| 08/23/2023 | | 187 | Motion to Recuse Judge *Motion to Disqualify Judge Charles M. Walker*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN. (SPRAGENS, JOHN) (Entered: 08/23/2023) |

| | | 188 | *Trustee's* Response to *Motion to Disqualify Bankruptcy Judge Charles Walker*. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)187). (YOUNG, PHILLIP) (Entered: 08/24/2023) |
|---|---|---|---|
| 08/24/2023 | | | |
| 08/28/2023 | | 189 | Order Denying *Motion to Disqualify Judge Charles Walker*. (RE: Related Doc#: 187, 188). Signed on 8/28/2023. (leq) (Entered: 08/28/2023) |
| 08/28/2023 | | 190 | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 09/11/2023. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)189). (SPRAGENS, JOHN) (Entered: 08/28/2023) |
| 08/28/2023 | | 191 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( 3:19−bk−07235) [appeal,ntcapl] ( 298.00). Receipt number A18249159. Fee amount $ 298.00. (re:Doc# 190) (U.S. Treasury) (Entered: 08/28/2023) |
| 08/29/2023 | | 192 | Certificate of Service mailed on August 29, 2023 *on Notice of Appeal and Statement of Election* (RE: related document(s)190). (leq) (Entered: 08/29/2023) |
| 08/29/2023 | | 193 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)190). (leq) (Entered: 08/29/2023) |
| 08/29/2023 | | 194 | Acknowledgement of Receipt of Appeal from District Court. Case info: 3:23−cv−00918. . (leq) (Entered: 08/29/2023) |
| 08/30/2023 | | 195 | BNC Certificate of Notice. (RE: related document(s)189 Denying − SA Order) Notice Date 08/30/2023. (Admin.) (Entered: 08/30/2023) |
| 09/12/2023 | | 196 | Appellee's Designation of Contents for Inclusion in Record of Appeal. Certificate of Service Mailed on 9/12/23. Filed on the behalf of: Trustee JEANNE ANN BURTON. (YOUNG, PHILLIP) (Entered: 09/12/2023) |
| 09/12/2023 | | 197 | Appellant's Designation of Contents For Inclusion in Record On Appeal. Appellee designation due by 9/26/2023. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)190). (leq) (Entered: 09/12/2023) |
| 09/12/2023 | | 198 | Remark *The Clerk is in receipt of a Notice by Brian Manookian of Filing Statement of Issues and Designation of Record on Appeal filed in the U.S. District Court Middle District of Tennessee, September 11, 2023, in civil case # 3:23−cv−00918. The Bankruptcy Court Clerk has docketed the referenced document on the record at docket entry #197.* (RE: related document(s)197 Appellant Designation) (leq) (Entered: 09/12/2023) |
| 09/14/2023 | | 199 | Certified Record on Appeal Transmitted to District Court. 23−cv−00918 . (leq) (Entered: 09/14/2023) |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF TENNESSEE

Case number *(if known)* _____  Chapter  __7__

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  **4/19**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **CUMMINGS MANOOKIAN, PLLC** |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **47-2636732** |

**4.** **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **45 MUSIC SQUARE WEST**<br>**NASHVILLE, TN 37203**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Davidson**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5.** **Debtor's website** (URL)  _____

**6.** **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7.**   **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. §101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.**   **Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11. Why is the case filed in this district?**

*Check all that apply:*

[✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

[ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

[✓] No

[ ] Yes.　Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

[ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

[ ] It needs to be physically secured or protected from the weather.

[ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

[ ] Other _____

**Where is the property?** _____
　　　　　　　　　　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**

[ ] No

[ ] Yes.　Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

[✓] Funds will be available for distribution to unsecured creditors.

[ ] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| [✓] 1-49 | [ ] 1,000-5,000 | [ ] 25,001-50,000 |
| [ ] 50-99 | [ ] 5001-10,000 | [ ] 50,001-100,000 |
| [ ] 100-199 | [ ] 10,001-25,000 | [ ] More than100,000 |
| [ ] 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [✓] $50,001 - $100,000 | [ ] $10,000,001 - $50  million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50 million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [✓] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

| Debtor | **CUMMINGS MANOOKIAN, PLLC** | Case number (*if known*) |
| --- | --- | --- |
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |
| --- | --- |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 6, 2019**
             MM / DD / YYYY

*X* **/s/ BRIAN MANOOKIAN**             **BRIAN MANOOKIAN**
     Signature of authorized representative of debtor        Printed name

Title    **CHIEF MANAGER**

**18. Signature of attorney**

*X* **/s/ Steven L. Lefkovitz**        Date   **November 6, 2019**
     Signature of attorney for debtor               MM / DD / YYYY

**Steven L. Lefkovitz 5953**
Printed name

**LEFKOVITZ & LEFKOVITZ**
Firm name

**618 CHURCH ST., #410**
**NASHVILLE, TN 37219**
Number, Street, City, State & ZIP Code

Contact phone   **615-256-8300**      Email address   **slefkovitz@lefkovitz.com**

**5953 TN**
Bar number and State

Official Form 201         **Voluntary Petition for Non-Individuals Filing for Bankruptcy**         page 4

20

**Fill in this information to identify the case:**

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    **MIDDLE DISTRICT OF TENNESSEE**

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | **Amount of claim** |
|---|---|---|

| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$760,000.00** |
|---|---|---|---|
| | **DEAN CHASE ET AL** | ■ Contingent | |
| | **C/O PURYEAR LAW** | ■ Unliquidated | |
| | **104 WOODMONT BLVD, SUITE 201** | ■ Disputed | |
| | **Nashville, TN 37205** | | |
| | **Date(s) debt was incurred** _ | **Basis for the claim:** _ | |
| | **Last 4 digits of account number** _ | Is the claim subject to offset? ■ No ☐ Yes | |

### Part 3:   List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **D.F. CHASE, INC.**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **SANDRA CHASE**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br><br>☐ Not listed. Explain ____ | _ |

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $    **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $    **760,000.00** |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $    **760,000.00** |

# United States Bankruptcy Court
## Middle District of Tennessee

In re **CUMMINGS MANOOKIAN, PLLC**

Case No. _____

Debtor(s)

Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | **3,000.00** |
    | Prior to the filing of this statement I have received | $ | **3,000.00** |
    | Balance Due | $ | **0.00** |

2.  The source of the compensation paid to me was:

    ☑ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ☑ Debtor    ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, attendance at 2004 examination or deposition, judicial lien avoidances, preparation and filing of reaffirmation agreements and applications as needed, relief from stay actions, motions to redeem property, representation in any loan modification process, substitution of collateral, filing motions to aprove professionals, motions to approve sale of property, motions to authorize retention of special counsel, representation in any other Court or legal matter, conversion to another chapter of bankruptcy, or any other adversary proceeding.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November  6, 2019**

*Date*

/s/ Steven L. Lefkovitz
**Steven L. Lefkovitz 5953**
*Signature of Attorney*
**LEFKOVITZ & LEFKOVITZ**
**618 CHURCH ST.,  #410**
**NASHVILLE, TN 37219**
**615-256-8300  Fax: 615-255-4516**
**slefkovitz@lefkovitz.com**
*Name of law firm*

---

# United States Bankruptcy Court
## Middle District of Tennessee

In re    __CUMMINGS MANOOKIAN, PLLC__            Case No. _____

                                  Debtor(s)         Chapter    __7__ _____

# VERIFICATION OF CREDITOR MATRIX

I, the CHIEF MANAGER of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    __November 6, 2019__            __/s/ BRIAN MANOOKIAN__
                                         __BRIAN MANOOKIAN__/CHIEF MANAGER
                                         Signer/Title

CUMMINGS  MANOOKIAN,  PLLC
45  MUSIC  SQUARE  WEST
NASHVILLE TN 37203

STEVEN  L.  LEFKOVITZ
LEFKOVITZ & LEFKOVITZ
618 CHURCH ST.,  #410
NASHVILLE, TN  37219

D.F.  CHASE,  INC.
C/O PURYEAR LAW
104  WOODMONT  BLVD, SUITE  201
NASHVILLE TN 37205

DEAN  CHASE  ET  AL
C/O PURYEAR LAW
104  WOODMONT  BLVD, SUITE  201
NASHVILLE TN 37205

SANDRA  CHASE
C/O PURYEAR LAW
104  WOODMONT  BLVD, SUITE  201
NASHVILLE TN 37205

# United States Bankruptcy Court
## Middle District of Tennessee

In re   **CUMMINGS MANOOKIAN, PLLC**

             Debtor(s)

Case No. _____

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **CUMMINGS MANOOKIAN, PLLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**BRIAN MANOOKIAN**
**45 MUSIC SQUARE WEST**
**NASHVILLE, TN 37203**

☐ None [*Check if applicable*]

November 6, 2019
_____
Date

/s/ Steven L. Lefkovitz
_____
**Steven L. Lefkovitz 5953**
Signature of Attorney or Litigant
Counsel for   **CUMMINGS MANOOKIAN, PLLC**
**LEFKOVITZ & LEFKOVITZ**
**618 CHURCH ST., #410**
**NASHVILLE, TN 37219**
**615-256-8300 Fax:615-255-4516**
**slefkovitz@lefkovitz.com**

Debtor    **CUMMINGS MANOOKIAN, PLLC**
          _Name_                                          EIN   **47−2636732**

United States Bankruptcy Court   **MIDDLE DISTRICT OF TENNESSEE**
                                                          Date case filed for chapter  **7   11/6/19**

Case number:  **3:19−bk−07235**

## Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline    12/15

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtor's full name** | CUMMINGS MANOOKIAN, PLLC | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 45 MUSIC SQUARE WEST NASHVILLE, TN 37203 | |
| **4. Debtor's attorney** <br> Name and address | LEFKOVITZ AND LEFKOVITZ, PLLC 618 CHURCH ST STE 410 NASHVILLE, TN 37219 | Contact phone: 615 256−8300 <br> Email: slefkovitz@lefkovitz.com |
| **5. Bankruptcy trustee** <br> Name and address | JEANNE ANN BURTON Jeanne Ann Burton PLLC 4117 Hillsboro Pk Suite 103−116 NASHVILLE, TN 37215 | Contact phone: 615 678−6960 <br> Email: None |
| **6. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170 Nashville, TN 37203 | Hours open: 8:00AM−4:00PM Monday−Friday <br> Contact phone: 615−736−5584 <br> Date: 11/6/19 |
| **7. Meeting of creditors** <br> The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | December 2, 2019 at 10:00 AM <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. <br><br> *** Valid photo identification required *** | Location: <br><br> **Customs House, 701 Broadway, Room 100, Nashville, TN 37203** |
| **8. Proof of claim** <br> Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. <br><br> If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **9. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline**

In re:                                                        Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                      Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3          User: admin          Page 1 of 1          Date Rcvd: Nov 07, 2019
                             Form ID: 309C         Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 09, 2019.
db               +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
7037352          +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7037353          +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7037354          +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty              E-mail/Text: slefkovitz@lefkovitz.com Nov 08 2019 02:38:03     LEFKOVITZ AND LEFKOVITZ, PLLC,
                  618 CHURCH ST STE 410,   NASHVILLE, TN 37219
tr               EDI: BJABURTON.COM Nov 08 2019 07:13:00     JEANNE ANN BURTON,   Jeanne Ann Burton PLLC,
                  4117 Hillsboro Pk,   Suite 103-116,   NASHVILLE, TN 37215
                                                                                     TOTAL: 2

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 09, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 6, 2019 at the address(es) listed below:
NONE.                                                            TOTAL: 0

| | | | |
|---|---|---|---|
| Debtor | **CUMMINGS MANOOKIAN, PLLC** | EIN | **47−2636732** |
| | Name | | |

United States Bankruptcy Court  **MIDDLE DISTRICT OF TENNESSEE**

Case number:  **3:19−bk−07235**

Date case filed for chapter  **7  11/6/19**

## Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case —— No Proof of Claim Deadline

12/15

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtor's full name** | CUMMINGS MANOOKIAN, PLLC | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 45 MUSIC SQUARE WEST<br>NASHVILLE, TN 37203 | |
| **4. Debtor's attorney**<br>Name and address | LEFKOVITZ AND LEFKOVITZ, PLLC<br>618 CHURCH ST STE 410<br>NASHVILLE, TN 37219 | Contact phone: 615 256−8300<br><br>Email: slefkovitz@lefkovitz.com |
| **5. Bankruptcy trustee**<br>Name and address | JEANNE ANN BURTON<br>Jeanne Ann Burton PLLC<br>4117 Hillsboro Pk<br>Suite 103−116<br>NASHVILLE, TN 37215 | Contact phone: 615 678−6960<br><br>Email: None |
| **6. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170<br>Nashville, TN 37203 | Hours open: 8:00AM−4:00PM<br>Monday−Friday<br><br>Contact phone: 615−736−5584<br><br>Date: 11/6/19 |
| **7. Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **December 2, 2019 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Valid photo identification required *** | Location:<br><br>**Customs House, 701 Broadway, Room 100, Nashville, TN 37203** |
| **8. Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.<br><br>If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **9. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case —— No Proof of Claim Deadline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

IN RE:                                                    )
                                                         ) No. 3:19-BK-07235
CUMMINGS MANOOKIAN, PLLC                                  ) Chapter 7
                                                         ) Judge Charles M. Walker
              Debtor.                                    )

## NOTICE OF APPEARANCE
## AND REQUEST FOR NOTICES

The undersigned, Daniel H. Puryear, hereby enters his appearance as counsel for Dean

Chase, Sandra Chase and D.F. Chase, Inc., creditors and parties in interest, and pursuant to Fed.

R. Bankr. P. 2002 and LBR 9010-1, on behalf of creditors, hereby requests that all matters which

must be noticed to creditors, any creditors' committee, and any other parties-in-interest, and all

other notices in this case, whether sent by the Court, the Debtor(s), or any other party-in-interest

in this case, be sent to the undersigned at the following address and, pursuant to Rule 2002(g), that

the following be added to the Court's master mailing list:

                    Daniel H. Puryear, Esq.
                    104 Woodmont Boulevard
                    Woodmont Centre, Suite 201
                    Nashville, TN 37205
                    Telephone: (615) 630-6601
                    Facsimile: (615) 630-6602
                    dpuryear@puryearlawgroup.com

Respectfully submitted,

*/s/ Daniel H. Puryear*
Daniel H. Puryear; No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

*Counsel for Judgment Creditors Dean Chase,
Sandra Chase and D.F. Chase, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 14, 2019, the foregoing was served via the Court's electronic case filing system and/or U.S. Mail, postage prepaid, upon:

Steve Lefkovitz. Esq.
Lefkovitz And Lefkovitz, PLLC
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 – Telephone
slefkovitz@lefkovitz.com

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103−116
Nashville, TN 37215
(615) 678−6960 – Telephone

U.S. Trustee
US Trustee Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203-3966
(615) 736-2254 – Telephone

*/s/ Daniel H. Puryear*
Daniel H. Puryear

2

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |

---

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: December 9, 2019**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: December 17, 2019, at**
**9:00 a.m., in Courtroom Two, 2nd Floor, Customs House, 701 Broadway, Nashville,**
**Tennessee.**

---

### NOTICE OF MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee, has asked the court for the following relief: permission of the Court to employ special counsel.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before December 9, 2019, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. **Your response must state that the deadline for filing responses is December 9, 2019, the date of the scheduled hearing is December 17, 2019, and the motion to which you are responding is the Motion of Trustee to Employ Special Counsel.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

Jeanne Ann Burton, Trustee     United States Trustee     Phillip G. Young, Jr.
Jeanne Ann Burton PLLC     701 Broadway, Customs House Suite 318     Thompson Burton PLLC
4117 Hillsboro Pk Ste 103-116     Nashville, TN 37203     One Franklin Park
Nashville, TN 37215     6100 Tower Cir., Ste 200
Franklin, TN 37067

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: November 18, 2019

By: /s/ Jeanne Ann Burton
     Jeanne Ann Burton, Trustee
     Jeanne Ann Burton PLLC
     4117 Hillsboro Pike, Suite 103-116
     Nashville, TN 37215
     Telephone: 615-678-6960
     Jeanne.burton@comcast.net

2

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                      )
                                            )
CUMMINGS MANOOKIAN, PLLC,                    )          Case No: 3:19-bk-07235
                                            )          Chapter 7
                                            )          Judge Walker
            Debtor.                          )

## APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee herein, respectfully represents the following to the Court:

1.      The Trustee was duly appointed on November 6, 2019, to serve as Trustee in this Chapter 7 bankruptcy case, has been duly qualified, and is now serving in said capacity.

2.      The Trustee requests approval of the employment, Thompson Burton PLLC, One Franklin Park, 6100 Tower Circle, Suite 200, Franklin, TN 37067, to represent the Trustee, as special counsel, in the above-captioned case.

3.      Applicant anticipates that the services of Thompson Burton PLLC will consist of representation of the Trustee in connection with representation of the Trustee in litigation before the Bankruptcy Court; representation of the Trustee in litigation before the Williamson County Circuit Court; scheduling and taking Rule 2004 exams and filing turnover motions, the pursuit of actions under §§ 544, 546, 547, 548, or 549 of the Bankruptcy Code against any party; representation in any other legal actions the trustee may have against the any party; identifying and prosecuting claims, contested matters and causes of action on behalf of the estate; and prosecuting objections to proofs of claims and motions for administrative expenses.

4.      Applicant has selected Thompson Burton PLLC as attorneys in this matter because of their extensive experience and knowledge in the area of debtors' protection and creditors' rights, and in particular, bankruptcy litigation.  Applicant believes that Thompson Burton PLLC is well qualified to perform the necessary legal services in connection with the pursuit and determination of these matters.

5.      Thompson Burton, PLLC has indicated its willingness to act on the Trustee's behalf. It is anticipated that the primary attorney working on this matter will be Phillip Young.  Mr. Young's current billing rate is currently $395.00 per hour.  While it is anticipated that Mr. Young will be the primary professional performing work in this matter, Thompson Burton PLLC has other attorneys whose billing rate ranges between $150.00 - $395.00 per hour that might be asked to perform work. The rates reflected in this motion became effective January 1, 2019.

3

6.      While Phillip G. Young served as a receiver for the purposes of collecting choses of action belonging to the Debtor in Williamson County Circuit Court, neither Phillip G. Young nor the law firm of Thompson Burton PLLC represents any interest adverse to the Trustee or the estate in the matters upon which he is to be engaged. Phillip G. Young's role as receiver will not present a conflict to his representation of the Trustee. The Unsworn Declaration of Phillip G. Young, Jr. is attached hereto as <u>Appendix A</u>. Thompson Burton PLLC's employment is in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 18, 2019.

Respectfully submitted,

<u>/s/ Jeanne Ann Burton   </u>
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

4

## APPENDIX A

I VERIFY UNDER PENALTY OF PERJURY THAT THE STATEMENTS CONTAINED IN THE FOREGOING MOTION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, AND THAT NEITHER I NOR ANY MEMBER OF THE LAW FIRM OF THOMPSON BURTON PLLC, HAVE ANY CONNECTION WITH THE DEBTOR, THE CREDITORS, OR ANY OTHER PARTY IN INTEREST (OTHER THAN THE TRUSTEE), THEIR RESPECTIVE ATTORNEYS AND ACCOUNTANTS EXCEPT AS DISCLOSED BELOW:

On June 20, 2019, I was appointed by the Williamson County Circuit Court to serve as receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 for the execution of a levy on choses of action of the Debtor and a non-debtor entity, see *Dean Chase, Sandra Chase and D.F. Chase, Inc. v. Cummings Manookian PLC, Manookian PLLC, Brian Philip Manookian, Hammervold PLC, Mark Hammervold, Cummings Law LLC, Brian Cummings and Afsoon Hagh*, Case No. 2019-221.   With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court; however, the receivership may remain open as to the remaining defendants, subject to the limitations of the automatic stay.  As receiver and pursuant to the orders of the Williamson County Circuit Court, I am currently holding in trust $45,948.36 levied from accounts receivable of the Debtor.  I expect that the Trustee and the Chase parties to determine whether any of the receivership funds should be returned to the bankruptcy estate; I will have no active role in that determination.  As receiver, I am owed no money by the Debtor, have not represented the Debtor, and have represented no creditor of the Debtor.  I have

5

no conflict of interest in representing the Trustee in this matter, have no adverse interest to

the estate, and am a disinterested party, as that term is defined by the Bankruptcy Code.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young

6



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |

## ORDER TO EMPLOY SPECIAL COUNSEL

Upon consideration of the notice and motion of Jeanne Ann Burton, Trustee, for authority to employ Thompson Burton PLLC, as special counsel, in connection with the above-styled matter, and it appearing that Phillip G. Young and all members in the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, and represent no interest adverse to this estate, and no objections having been filed;

And it appearing to the Court that employment of counsel in this matter is necessary; It is hereby

**ORDERED** that Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel, in the administration of the above-styled estate.

Special counsel for the Trustee will make application to the Court for approval of all fees.

7

**This Order was signed and entered electronically as indicated at the top of the first page.**

APPROVED FOR ENTRY:

/s/ Jeanne Ann Burton

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone: 615-678-6960
Jeanne.burton@comcast.net

8

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding Application was electronically filed and served via the Court's ECF system this 18th day of November, 2019, and was served by United States mail on the following parties:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
ATTN: Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL  60647-5311

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

9

**Fill in this information to identify the case:**

Debtor name  **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:  MIDDLE DISTRICT OF TENNESSEE

Case number (if known)  **3:19-bk-07235**

■ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  |  | Amount of claim |
|---|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$760,000.00** |
|  | **DEAN CHASE ET AL**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | ■ Contingent<br>■ Unliquidated<br>■ Disputed |  |
|  | **Date(s) debt was incurred** __ | **Basis for the claim:** __ |  |
|  | **Last 4 digits of account number** __ | Is the claim subject to offset? ■ No  ☐ Yes |  |
| **3.2** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$300,000.00** |
|  | **GRANT KONVALINKA & HARRIS**<br>**633 CHESTNUT STREET**<br>**SUITE 900**<br>**Chattanooga, TN 37450** | ■ Contingent<br>■ Unliquidated<br>■ Disputed |  |
|  | **Date(s) debt was incurred** __ | **Basis for the claim:** __ |  |
|  | **Last 4 digits of account number** __ | Is the claim subject to offset? ■ No  ☐ Yes |  |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

|  | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **D.F. CHASE, INC.**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br>☐ Not listed. Explain ____ | __ |
| 4.2 | **SANDRA CHASE**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | Line **3.1**<br>☐ Not listed. Explain ____ | __ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

**5. Add the amounts of priority and nonpriority unsecured claims.**



| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ | 1,060,000.00 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ | 1,060,000.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

|  |  |  |
|---|---|---|
| **CUMMINGS MANOOKIAN, PLLC** | } | Case No. 3:19-bk-07235 |
|  | } |  |
|  | } | Chapter 7 |
|  | } |  |
| **Debtor(s)** | } |  |

## NOTICE OF AMENDMENT TO SCHEDULE E/F

**NOW COMES** the Debtor(s), through counsel, and hereby gives notice that Schedule E/F has

been amended to include the following creditor(s):

| | | |
|---|---|---|
| GRANT KONVALINKA & HARRIS<br>633 CHESTNUT STREET<br>SUITE 900<br>Chattanooga, TN  37450 | | |
| | | |

Respectfully submitted,


**LEFKOVITZ & LEFKOVITZ**


By: */s/ Steven L. Lefkovitz*
Steven L. Lefkovitz, No. 5953
Attorney for the Debtor(s)
618 Church St., #410
Nashville, TN  37219
(615) 256-8300    fax (615) 255-4516
slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

A copy of the foregoing has been sent to the U.S. Trustee, Chapter 13 Trustee and all creditors and parties-in-interest to receive notice electronically via the Court's ECF filing system on November 19, 2019.

**/s/ Steven L. Lefkovitz**
Steven L. Lefkovitz

**Fill in this information to identify the case:**

Debtor name   **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:   MIDDLE DISTRICT OF TENNESSEE

Case number (if known)   **3:19-bk-07235**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **November 19, 2019**   X /s/ BRIAN MANOOKIAN
Signature of individual signing on behalf of debtor

**BRIAN MANOOKIAN**
Printed name

**CHIEF MANAGER**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:  MIDDLE DISTRICT OF TENNESSEE

Case number (if known)  **3:19-bk-07235**

☐ Check if this is an
amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |

1.    ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*.............................................................................................    $ _____**0.00**

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.........................................................................................    $ _____**70,000.00**

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*...........................................................................................    $ _____**70,000.00**

| Part 2: | Summary of Liabilities |

2.    ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................    $ _____**0.00**

3.    ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................................    $ _____**0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...........................................    +$ ____**1,060,000.00**

4.    Total liabilities ............................................................................................................
   Lines 2 + 3a + 3b

   $ ____**1,060,000.00**

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **CUMMINGS MANOOKIAN, PLLC** |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF TENNESSEE |
| Case number (if known) | **3:19-bk-07235** |

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.     **Accounts receivable**

| 11a. 90 days old or less: | 70,000.00 | - | 0.00 | = .... | $70,000.00 |
| --- | --- | --- | --- | --- | --- |
| | face amount | | doubtful or uncollectible accounts | | |

12.     **Total of Part 3.**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$70,000.00

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**   **Office furniture** | | | |
| **40.**   **Office fixtures** | | | |
| **41.**   **Office equipment, including all computer equipment and communication systems equipment and software** <br> Debtor does not own any office equipment or furniture. | $0.00 | | $0.00 |

| | | |
|---|---|---|
| **42.**   **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | |

**43.**   **Total of Part 7.**                        **$0.00**
Add lines 39 through 42. Copy the total to line 86.

**44.**   **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

**45.**   **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

■ No. Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership
**There are cases where costs have been advanced in lawsuits contingent upon cases being successfully resolved but are presently unrealized due to the cases being pending without resolution.**

**Unknown**

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$0.00**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $70,000.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ..........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $70,000.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $70,000.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor name **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the: MIDDLE DISTRICT OF TENNESSEE

Case number (if known) **3:19-bk-07235**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
    ☑ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Official Form 206H

# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Brian Manookian** | **45 MUSIC SQUARE WEST NASHVILLE, TN 37203** | **DEAN CHASE ET AL** | ☐ D _____<br>■ E/F __3.1__<br>☐ G _____ |

# United States Bankruptcy Court
## Middle District of Tennessee

In re    **CUMMINGS MANOOKIAN, PLLC**                 Case No.    **3:19-bk-07235**

                                  Debtor(s)              Chapter     **7**

# VERIFICATION OF CREDITOR MATRIX

I, the CHIEF MANAGER of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **November 19, 2019**                 **/s/ BRIAN MANOOKIAN**
                                              **BRIAN MANOOKIAN**/**CHIEF MANAGER**
                                              Signer/Title

Fill in this information to identify the case:

Debtor name    **CUMMINGS MANOOKIAN, PLLC**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF TENNESSEE

Case number (if known)    **3:19-bk-07235**

☐ Check if this is an
   amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1:    Income

1.    **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2019** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:**<br>From  **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other _____ | **$789,092.00** |
| **For year before that:**<br>From  **1/01/2017** to **12/31/2017** | ■ Operating a business<br>☐ Other _____ | **$6,852,426.00** |

2.    **Non-business revenue**
       Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3.    **Certain payments or transfers to creditors within 90 days before filing this case**
       List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4.    **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
       List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Case 3:23-cv-00961    Document 5    Filed 10/04/23    Page 57 of 126 PageID #: 75

54

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | GRANT KONVALINKA & HARRIS V. Debtor | CIVIL CASE | CHANCERY COURT OF HAMILTON COUNTY | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | CHASE V. STEWART | CONTEMPT ACTION AGAINST THE DEBTOR WHICH IS PENDING IN THE CASE BUT THE DEBTOR IS NOT A DEFENDANT IN THE CASE | CIRCUIT COURT OF WILLIAMSON COUNTY TN | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| **DEAN CHASE ET AL**<br>**C/O PURYEAR LAW**<br>**104 WOODMONT BLVD, SUITE 201**<br>**Nashville, TN 37205** | **PHILLIP YOUNG HAS BEEN APPOINTED RECEIVED IN THE CHASE V. STEWART CASE** | **Unknown** |
| | **Case title**<br>**CHASE V. STEWART** | **Court name and address**<br>**CIRCUIT COURT OF WILLIAMSON COUNTY** |
| | **Case number** | |
| | **Date of order or assignment** | |

---

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| **Part 5:** | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

   ☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **LEFKOVITZ & LEFKOVITZ**<br>**618 CHURCH ST., #410**<br>**NASHVILLE, TN 37219** | **Attorney Fees $3,000**<br>**Court Costs $335** | | **$3,335.00** |
| | **Email or website address**<br>**slefkovitz@lefkovitz.com** | | | |
| | **Who made the payment, if not debtor?** | | | |

---

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor in 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
■ Yes. State the nature of the information collected and retained.

  <u>SOCIAL SECURITY NUMBER AND MEDICAL RECORDS</u>

  Does the debtor have a privacy policy about that information?
  ☐ No
  ■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **INS BANK**<br>**2106 CRESTMOOR ROAD**<br>**Nashville, TN 37215** | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | **SPRING OF 2019** | **Unknown** |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

Case 3:23-cv-00961    Document 5    Filed 10/04/23    Page 61 of 126 PageID #: 79

58

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
  26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
  ☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **MAHAN AND ASSOCIATES**<br>**2531 Park Dr**<br>**SUITE C**<br>**Nashville, TN 37214** | **WITHIN THE LAST 2 YEARS** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Name and address

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

- ☑ No
- ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Brian Manookian | 45 MUSIC SQUARE WEST NASHVILLE, TN 37203 | CHIEF MANAGER | 100% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

- ☑ No
- ☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ☑ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

- ☑ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

- ☑ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

---

**Part 14:**   Signature and Declaration

   **WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
   18 U.S.C. §§ 152, 1341, 1519, and 3571.

   I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **November 19, 2019**

**/s/ BRIAN MANOOKIAN**                              **BRIAN MANOOKIAN**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor     **CHIEF MANAGER**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

# IN THE UNTIED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                                              )
                                                    ) No. 3:19-BK-07235
CUMMINGS MANOOKIAN, PLLC                            ) Chapter 7
                                                    )  Judge Charles M. Walker
_____Debtor._____)

## NOTICE OF APPEARANCE
## AND REQUEST FOR NOTICES

The undersigned, Phillip North, hereby enters his appearance as counsel for Toby Smith, M.D., Middle Tennessee Pulmonary, George Robertson, Sr., M.D. and Family Medical Associates, creditors and parties in interest, and pursuant to Fed. R. Bankr. P. 2002 and LBR 9010-1, on behalf of creditors, hereby requests that all matter which must be noticed to creditors, any creditors' committee, and any other parties-in-interest, and all other notices in this case, whether sent by the Court, the Debtor(s), or any other party-in-interest in this case, be sent to the undersigned at the following address and, pursuant to Rule 2002(g), that the following be added to the Court's master mailing list:

Phillip North
Philip's Plaza
414 Union Street, Ste. 1850
Nashville, TN 37219
Telephone: (615) 255-2555
Facsimile: (615) 255-0032
pn@npr.legal

Respectfully submitted,

/s/ Phillip North
Phillip North, #2407
**North, Pursell & Ramos, PLC**
Philip's Plaza
414 Union Street, Suite 1850
Nashville, Tennessee 37219-1783
(615) 255-2555 – Telephone
(615) 255-0032 – Facsimile
pn@npr.legal
*Counsel for Toby Smith, M.D.,Middle*
*Tennessee Pulmonary Associate, PLLC, George*
*Robertson, M.D. and Family Medical Associates.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 4, 2019, the foregoing was served via the Court's electronic case filing system and/or U.S. Mail, postage prepaid, upon:

Steve Lefkovitz, Esq.
Lefkovitz & Lefkovitz, PLLC
618 Church Street, Ste. 410
Nashville, TN 37219
(615) 256-8300 – Telephone
slefkovitz@lefkovitz.com

Jeanne Ann Burton, Trustee
Jeanne Ann Burton, PLLC
4117 Hillsboro Pike, Ste. 103-116
Nashville, TN 37215
(615) 678-6960 – Telephone

U.S. Trustee
U.S. Trustee Office of the United States Trustee
701 Broadway, Ste. 318
Nashville, TN 37203-3966
(615) 736-2254 - Telephone

/s/ Phillip North
Phillip North

FILED

2019 DEC -9 PM 2:49

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC                  )       Case No: 3:19-bk-07235
                                          )       Chapter 7
                                          )       Judge Walker
        Debtor.                           )

## BRIAN MANOOKIAN'S OPPOSITION AND OBJECTION TO MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Brian Manookian, as the one hundred percent owner of the Debtor (Cummings Manookian, PLLC), opposes and objects to the Trustees' Motion to Employ Thompson Burton PLLC or Phillip Young, Esq. as Special Counsel in this matter. The deadline to file a response to the Trustees' Motion is December 9, 2019 and the date of the scheduled hearing is December 17, 2019.

1.      Prior to the initiation of this bankruptcy proceeding Phillip Young of Thompson Burton PLLC served as the receiver for Cummings Manookian in a case to collect certain of Cummings Manookian's choses in action.

2.      Acting on behalf of Cummings Manookian, Phillip Young and Thompson Burton, PLLC undertook a number of actions to improperly freeze, divest, or encumber the assets of unrelated third-parties.

3.      As a result of Phillip Young and Thompson Burton's actions, Cummings Manookian has been exposed to significant monetary liability to third-parties and is likely

1

to be sued by those third-parties with Philip Young and Thompson Burton as co-defendants.

4.  Indeed, Cummings Manookian has received written notice of forthcoming claims against Cummings Manookian, Phillip Young, and Thompson Burton, jointly, (hereinafter, collectively the "Debtor-Receiver Co-Defendants") for improperly and illegally encumbering the assets and interfering with the contracts of Hagh Law and Afsoon Hagh. The Debtor-Receiver Co-Defendants are currently subject to a settlement demand, which, if not accepted, will result in litigation being filed against Cummings Manookian, Phillip Young, and Thompson Burton.

5.  Consequently, Phillip Young and Thompson Burton have an undeniable and inextricable conflict of interest with Cummings Manookian that precludes their appointment as special counsel in this case. Among the many other concrete conflicts created as a result of Phillip Young and Thompson Burton being named as co-defendants with the Debtor, Cummings Manookian will almost certainly allege comparative fault and other affirmative defenses blaming Phillip Young and Thompson Burton for any damages caused to third-parties for their actions as prior receivers for the Debtor. Cummings Manookian may also have its own claims against Phillip Young and Thompson Burton for actions taken in its name leading to it being sued.

6.  Brian Manookian does not oppose the appointment of Special Counsel, generally, to assist the Trustee in this matter. However, he opposes the appointment of Special Counsel with a clear conflict of interest, as exists here.

2

For all of the above reasons, Brian Manookian respectfully requests that the Trustees' Motion for Appointment of Special Counsel be DENIED, WITHOUT PREJUDICE, in order to allow the Trustee an opportunity to select Special Counsel with no relationship to the Debtor.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals by U.S. Mail on December 9, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

3

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC,                 )        Case No: 3:19-bk-07235
                                          )        Chapter 7
                                          )        Judge Walker
        Debtor.                           )
                                          )        **Hearing Date: December 17, 2019**
                                          )        **at 9:00 a.m.**

**TRUSTEE JEANNE ANN BURTON'S WITNESS AND EXHIBIT LIST FOR
DECEMBER 17, 2019 HEARING ON MOTION TO EMPLOY SPECIAL COUNSEL**

Comes now Movant, Jeanne Ann Burton, by and through undersigned counsel, and
hereby gives notice of the witnesses she may call, and exhibits she may introduce, at the
December 17, 2019 hearing on the Trustee's Motion to Employ Special Counsel (Doc. 6) and the
objection of Brian Manookian thereto (Doc. 14):

**WITNESS LIST**

1.      <u>Jeanne Ann Burton, Trustee</u>.  If called to testify, Trustee Burton will testify
regarding the reasons she selected proposed counsel, her prior experience with proposed counsel,
assets disclosed by the Debtor, assets that the Debtor failed to disclose, liabilities disclosed by
the Debtor, liabilities that the Debtor failed to disclose, and allegations made in Mr. Manookian's
objection.

2.      <u>Phillip G. Young, Jr.</u>  If called to testify, Mr. Young will testify regarding his
prior actions as receiver in the case of *Chase v. Cummings Manookian*, the court orders that
authorized those actions, the statements made in the motion to employ, and allegations made in
Mr. Manookian's objection.

3.      The Trustee reserves the right to call the witnesses identified by Brian Manookian
and any other witnesses needed to rebut evidence offered by Brian Manookian.

# EXHIBIT LIST

4.  All documents previously filed with the Court in this matter, including statements, schedules, and proofs of claim.

5.  All documents filed in the *Chase v. Cummings Manookian* state court matter including the motion to appoint a receiver, the order appointing a receiver, temporary restraining orders and an injunction order.

6.  The Trustee reserves the right to introduce any exhibits identified by Brian Manookian and any exhibits needed to rebut evidence offered by Brian Manookian.

DATED:  December 13, 2019

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

2

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

IN RE:                        )

                              )

CUMMINGS MANOOKIAN, PLLC,    )     Case No: 3:19-bk-07235

                              )     Chapter 7

                              )     Judge Walker

         Debtor.         )

## SUPPLEMENTAL AUTHORITY ON STANDING RELATED TO APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through counsel, respectfully offers this Supplemental Authority on Standing Related to Application of Trustee to Employ Special Counsel (the "Supplemental Brief"). At the hearing on the Trustee's Application to Employ Special Counsel (the "Motion") on December 17, 2019, the Trustee challenged the standing of the sole objecting party, Brian Manookian. At the hearing, the Court asked the Trustee to provide supplemental authority on the issue of Mr. Manookian's standing.

Bankruptcy courts are quite clear and consistent that a Chapter 7 debtor, or the principal of a corporate Chapter 7 debtor, lacks standing to challenge the actions of the bankruptcy trustee or the administration of the estate. *See, e.g., Furlough v. Cage (In re Technicool Systems),* 896 F.3d 382 (5th Cir. 2008) (principal of a chapter 7 debtor corporation had no standing to challenge trustee's employment of counsel); *In re White*, 2018 Bankr. LEXIS 2289 (Bankr. E.D. Mich. 2018) (Chapter 7 debtor had no standing to challenge trustee's fees and expenses); *In re St. Michael Motor Express,* 2016 Bankr. LEXIS 959 (Bankr. W.D. Tenn. 2016) (principal of chapter 7 debtor had no standing to challenge trustee's abandonment of property because the case was not a surplus case); *Khan v. Regions Bank*, 2011 Bankr. LEXIS 3786 (Bankr. E.D. Tenn. 2011) (debtor in an insolvent case had no standing to challenge a proof of claim); *Ultimore, Inc. v. Bucala,* 464 B.R. 626 (Bankr. S.D.N.Y. 2012) (debtor had no standing to pursue a cause of

action because it was not an interested party); *Boyd v. Shuford*, 2018 U.S. Dist. LEXIS 54661 (W.D.N.C. 2018) (Chapter 7 debtor had no standing to challenge attorneys' fees because it was not a surplus case); *Pascazi v. Fiber Consultants, Inc.,* 445 B.R. 124 (Bankr. S.D.N.Y. 2011) (debtor's principal had no standing to object to a claim because the case was not a surplus case). This is because a Chapter 7 debtor, or its corporate principal, is not deemed an "interested party" by these courts. *Id.* The two exceptions to this general rule are where (1) a proceeding might affect a discharge or an exempt asset or (2) where the case is likely to be a surplus case. *See In re St. Michael Motor Express*, 2016 Bankr. LEXIS 959, *11 (Bankr. W.D. Tenn. 2016). If the Debtor claims standing because a matter is a surplus case, it is the debtor's burden to prove that the case is likely to result in a surplus *Id*.

In this matter, there will be no discharge (because the Debtor is a corporate entity) and there are no exempt assets. Mr. Manookian has signed statements under penalty of perjury that list $70,000 of assets against more than $1,000,000 of claims (now more than $2,000,000 with the filing of Claim No. 1, which was not listed by the Debtor in the schedules). Based upon the facts of this case and the law regarding standing of the principal of a corporate chapter 7 debtor, Mr. Manookian has no standing to object to the Motion or any future motions filed by the Trustee.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

2

**Certificate of Service**

      The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 17th day of December, 2019, and was served by United States mail and email on the following party:

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

3

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

Exhibit/Witness List

JEANNE ANN BURTON                                         CASE NO: 3:19-bk-07235

vs.            Movant

BRIAN MANOOKIAN                                           ADV NO:

            Respondent

| Presiding Judge | Plaintiff's/Movant's Attorney | Defendant's/Respondent's Attorney |
|---|---|---|
| Charles M Walker | | |
| **Trial/Hearing Date(s)** | **Court Reporter** | **Courtroom Deputy** |
| 12/17/2019 - 12/17/2019 | Tanja Brewer | Lauren Langston |

| Pltf./Mov. | Def./Resp. | Date Offered | Marked | Stipulated | Admitted | DESCRIPTION OF EXHIBITS * and WITNESSES |
|---|---|---|---|---|---|---|
| x | | 12/17/2019 | | | x | Phillip G. Young, Jr.; Sworn Witness |

IN RE:                                 )
                                       )
CUMMINGS MANOOKIAN, PLLC               )        Case No: 3:19-bk-07235
                                       )        Chapter 7
                                       )        Judge Walker
        Debtor.                        )

---

## BRIAN MANOOKIAN'S SUPPLEMENTAL REPLY IN OPPOSITION TO MOTION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

---

Brian Manookian, as the owner of the Debtor (Cummings Manookian, PLC), files this Supplemental Reply in Opposition to the Chapter Seven Trustee's Motion to Employ Phillip Young as Special Counsel.

1.     On December 9, 2019, Brian Manookian filed his Opposition to Phillip Young's Employment as Special Counsel in this case. As bases for his objection, Mr. Manookian stated that Debtor Cummings Manookian had received written notice of forthcoming claims against Cummings Manookian and Phillip Young, jointly, for actions Mr. Young had previously taken on Debtor's behalf.

2.     Mr. Manookian objected to the actual conflict of interest posed by Phillip Young simultaneously serving as Special Counsel to the Debtor and a co-Defendant of the Debtor as a consequence of actions previously taken on the Debtor's behalf.

3.     Since that time, Phillip Young has been named as a co-Defendant with the Debtor in at least one filed lawsuit, *Hagh Law v. Phillip Young, Cummings Manookian PLC, and Hammervold PLC*, Davidson County Circuit Court, Case No. 19C2966. That

1

lawsuit alleges that Phillip Young placed bogus and improper attorney's liens on behalf of the Debtor and Hammervold PLC in at least one case where the Debtor and Hammervold PLC had no participation and were not entitled to any payment. The suit seeks damages as well as declaratory relief jointly against Phillip Young, Cummings Manookian PLC, and Hammervold PLC.

4. As a result of Phillip Young's actions, the Debtor will incur expenses in the form of attorney's fees; may seek indemnification from Phillip Young; and is entitled to assert defenses, comparative fault, and independent claims against Phillip Young.

5. Based upon previously received written notices of forthcoming claims, it is anticipated that Phillip Young will be named as a co-Defendant with the Debtor in various additional suits as a result of Phillip Young's conduct purportedly on behalf of the Debtor.

6. Brian Manookian does not generally object to the employment of Special Counsel in this case to assist the Chapter Seven Trustee. Mr. Manookian does, however, object to the employment of Phillip Young who has actual, present conflicts of interest with the Debtor that Mr. Young did not divulge in his Application for Employment and has not disclosed in an amended Application.

7. Phillip Young has maintained his attempts to secure employment in this matter, notwithstanding his presently existing, substantive, actual conflicts of interest, by relying on non-substantive arguments regarding standing. But Mr. Young has an affirmative obligation to disclose and address actual conflicts of interest wholly independent of any other individual's standing. Those actual conflicts of interest prevent him from acting as Special Counsel in this matter.

2

For all of the above reasons, Mr. Manookian respectfully requests that the Trustee's Motion to Employ Special Counsel be **DENIED WITHOUT PREJUDICE** in order to allow the Trustee to identify and select alternative Special Counsel whose involvement in this matter does not compound controversy and present an actual conflict of interest.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals on December 19, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

3

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

IN RE: )
                                    )
CUMMINGS MANOOKIAN, PLLC, )       Case No: 3:19-bk-07235
                                    )       Chapter 7
                                    )       Judge Walker
      Debtor. )

## TRUSTEE'S RESPONSE TO BRIAN MANOOKIAN'S SUPPLEMENTAL REPLY

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through proposed counsel, respectfully responds to Brian Manookian's Supplemental Reply in Opposition to Motion of Trustee to Employ Special Counsel (Doc. 18) (the "Supplemental Reply").

It appears that Brian Manookian, who is not a party in interest and has no standing, is acting in concert with his wife, Afsoon Hagh, [1] to manufacture a conflict of interest to prevent the Trustee from retaining special counsel to pursue assets of the estate, including the preservation of $710,000. These actions are an abuse of process, an abuse of this Court, and the Trustee implores the Court to not tolerate such acts.

Mr. Manookian's Supplemental Reply makes reference to a complaint that was filed, but he failed to attach a copy. The Trustee attaches copy of the complaint as Exhibit A so that the Court may evaluate the alleged conflict of interest for itself. The only way that special counsel has an interest adverse to the estate is if special counsel and the estate were alleged to be jointly liable for some debt. However, the complaint primarily seeks declaratory relief against the

---

[1] The Trustee notes that Afsoon Hagh filed a complaint in state court at 1:32 p.m. on December 19, 2019; Brian Manookian paper-filed his Supplemental Reply at 2:09 p.m. the same day.

Debtor.  This does not create *even the allegation* of a conflict between proposed special counsel and the estate.[2]

Ms. Hagh has flagrantly violated the automatic stay by filing a lawsuit against the Debtor in the Davidson County Circuit Court.  Ms. Hagh cannot maintain the attached complaint against the Debtor due to the automatic stay.  *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993) ("we hold that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances").  Indeed, at an injunction hearing before the Williamson County Circuit Court on December 10, 2019, John Spragens, counsel for Hagh Law PLLC, agreed that this Court, not the state court, was the proper forum for determining ownership of disputed fees.

In summary, the Court should not allow Ms. Hagh and/or Mr. Manookian to use the filing of a highly suspect complaint to manufacture a conflict for special counsel.  Ms. Hagh's attempts to sue the Debtor in state court violate the automatic stay and will be voided.  Even taking the complaint at face value, it does not even allege joint and several liability between the estate and special counsel.  It is in this estate's best interest and not adverse to the estate to allow the Trustee to retain special counsel, and not to allow Mr. Manookian and Ms. Hagh to attempt to stall the Trustee's administration of this estate, so that they may frustrate the Trustee's efforts and duty to preserve a possible asset of the estate prior to January 17, 2020, when a state court injunction expires.

---

[2] Moreover, the allegations in the complaint are demonstrably false.  Ms. Hagh alleges that there is no basis for Cummings Manookian to claim an interest in fees from a case styled *Miller v. Vanderbilt University Medical Center*.  However, undersigned counsel is in possession of a signed engagement letter between the plaintiff, Carla Miller, and Cummings Manookian, the Debtor, dated April 3, 2018.  The Debtor undeniably has an interest in the *Miller* fees.

2

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

### Certificate of Service

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 20th day of December, 2019, and was served by United States mail and email on the following party:

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Attorneys for Chapter 7 Trustee

3

EFILED 12/19/19 01:32 PM CASE NO. 19C2966 Richard R. Rooker, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **HAGH LAW PLLC,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | **NO._____** |
| **v.** ) | |
| ) | |
| **PHILLIP YOUNG, CUMMINGS** ) | |
| **MANOOKIAN PLC, HAMMERVOLD** ) | |
| **PLC,** ) | |
| ) | |
|    **Defendants.** ) | |

---

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF
---

The Plaintiff for its causes of action respectfully states to the Court the following:

**I.**                  **PARTIES, VENUE, AND JURISDICTION**

1.     Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2.     Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3.     Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4.     Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

EFILED 12/19/19 01:32 PM CASE NO. 19C2966 Richard R. Rooker, Clerk

5.      This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6.      Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101.  This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

## II.                          FACTUAL ALLEGATIONS

7.      Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8.      On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9.      On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10.      Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11.      Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12. The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

### III. COUNT ONE – DECLARATORY JUDGMENT

13. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

18.     There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1.     That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2.     That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3.     That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4.     That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5.     That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6.     That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

Respectfully Submitted,

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/20/2019



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
) CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC, ) Chapter 7
) Honorable Charles M. Walker
Debtor. )

ORDER

This matter came before the court pursuant to the Chapter 7 Trustee's Application and

Notice to Employ Thompson Burton PLLC as special counsel for the estate.

The relevant legal authority is Section 327(e) of the Bankruptcy Code which provides

that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other

than to represent the trustee in conducting the case, an attorney that has represented the debtor, if

in the best interest of the estate, and if such attorney does not represent or hold any interest

adverse to the debtor or to the estate with respect to the matter on which such attorney is to be

employed."

Based on the Objection and the Supplemental Reply filed by Mr. Manookian, the Court

believes that the disclosures within the Application require additional detail. Neither the

Application nor the testimony elicited during the December 17, 2019 hearing contain the

specificity necessary for the Court to rule. The scope of the employment must be more specific

and provide the details necessary for the Court to address whether the applicant has an adverse

interest to the debtor or the estate with respect to the matter or matters on which such attorney is

to be employed.  Therefore, the trustee has until Tuesday, December 24, 2019 to file a

supplemental application and supporting affidavit to specifically detail the scope of work that is

currently contemplated for Thompson Burton PLLC, as opposed to the broad general statement

in paragraph 3 of the Application and provide details and full disclosure of any current or

potential conflicts that may exist.  The supplement should also detail any and all prepetition

actions by Thompson Burton PLLC as they relate to the scope of employment contemplated for

the estate.

       Upon review of the supplemental application, the Court shall enter the appropriate order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC,                 )          Case No: 3:19-bk-07235
                                          )          Chapter 7
                                          )          Judge Walker
            Debtor.                       )

**SUPPLEMENT TO APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL**

        Jeanne Ann Burton, Chapter 7 Trustee herein (the "Trustee"), pursuant to the Court's

December 20, 2019 Order (Doc. 20) (the "Order") respectfully supplements the Application of

Trustee to Employ Special Counsel (Doc. 6) (the "Employment App") as follows:[1]

        1.      Pursuant to the Employment App, the Trustee seeks to employ Thompson Burton

PLLC ("TB") to represent the Trustee in this matter as special counsel for specified purposes,

pursuant to 11 U.S.C. 327(e).  The Trustee wishes to identify with greater specificity the services

that she anticipates that TB will provide to the Trustee.  In that regard, the Trustee hereby

amends Paragraph 3 of the Employment App as follows:

        The Trustee anticipates that the services of Thompson Burton PLLC will consist
        of representation of the Trustee in connection with (1) the collection of legal fees
        and expenses owed, or which the Trustee alleges are owed, to the Debtor; and (2)
        pursuit of causes of action against any entity or individual in possession of fees
        owed, or which the Trustee alleges are owed, to the Debtor, and/or any individual
        taking action to prevent the collection of such fees.   This representation is
        expected to include, but shall not necessarily be limited to:  (a) filing adversary
        proceedings before this Court; (b) filing pleadings before the Williamson County
        Circuit Court or other state courts (as needed) in furtherance of the collection of
        fees owed to the Debtor; (c) the scheduling and taking of depositions and/or Rule
        2004 examinations related to the collection of fees; (d) filing motions for turnover
        and/or motions to compel cooperation in obtaining documents needed to pursue
        collection of fees owed to the Debtor; and (e) any other administrative matter
        necessary to collect fees owed to the Debtor.  At this time, the Trustee anticipates

_____

[1] The Trustee hereby incorporates the Employment App, all statements made therein, and
all exhibits thereto as if fully restated herein.

that causes of actions might be filed against Afsoon Hagh, Hagh Law PLLC, First Citizens Bank, Brian Manookian and/or Manookian PLLC (the "Anticipated Defendants").[2]  The causes of action against the Anticipated Defendants might include, but are not limited to, claims for fraud, conspiracy to commit fraud, fraudulent transfer, turnover, injunctive relief, preferential transfer, successor liability, mere continuation of business, alter-ego, piercing the corporate veil, tortious interference and/or declaratory judgment.  The Trustee and TB reserve the right to request the Court to supplement this Application to add additional duties as necessary for the efficient administration of this estate.  However, TB will not be employed to represent the Trustee or the estate in *Hagh Law PLLC v. Phillip Young et al.,* a matter filed on December 19, 2019 in Davidson County Circuit Court.  Neither will TB represent the Trustee in reviewing or evaluating any potential causes of action or claims for contribution against former receiver Phillip G. Young.  Should the Trustee believe that either of these matters warrants employment of counsel, she will seek to employ separate special counsel.

2.      In further support of this Supplement and the Employment App, the Trustee relies upon the Amended Unsworn Declaration of Phillip G. Young, Jr. dated December 21, 2019 (the "Amended Declaration"), attached hereto as Appendix A.  The Amended Declaration establishes, contrary to the allegations of Brian Manookian in his objection and supplemental objection to the Motion, that neither Phillip G. Young, Jr. nor TB represents nor holds any interest adverse to the debtor or the estate with respect to the matters on which they are to be employed.

3.      The Amended Declaration also establishes that TB's employment in this case is in the best interest of the estate.  In fact, for the reasons stated in the Amended Declaration, the Trustee believes that TB is uniquely qualified to serve as special counsel for the collection of legal fees owed to this estate due to the knowledge its attorneys gained from Phillip G. Young's collection of legal fees as state court receiver.  Mr. Young has identified, and taken steps to secure, the Debtor's interest in legal fees owed to it in more than a dozen cases.  Mr. Young was

---

[2] No cause of action is currently anticipated against Brian Cummings, who has been fully cooperating with the turnover of Cummings Manookian fees.  The Trustee reserves the right to bring an action against Mr. Cummings should that cooperation cease.

2

successful in enjoining, through January 17, 2020, the disposition of $715,000 in fees which the estate may now have an interest.  Were the Court to deny the Employment App, the Trustee believes that she would have an exceedingly difficult time employing special counsel who can educate themselves on the issues in this case and take action to secure the $715,000 prior to the expiration of the injunction on January 17, 2020.  Accordingly, not only is TB's employment as special counsel in the best interest of the estate, denial of the Employment App would be extremely prejudicial to the estate, its creditors and legitimate parties in interest.

WHEREFORE, the Trustee respectfully requests entry of an order granting the relief requested in the Employment App, subject to the additions and alterations contained in this Supplement, and for such other and further relief as is just.

Dated: December 21, 2019.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

3

## APPENDIX A

## AMENDED DECLARATION OF PHILLIP G. YOUNG, JR.

I verify under penalty of perjury that the statements contained in the foregoing document, and in this Amended Declaration, are true and correct to the best of my knowledge, information and belief. This Amended Declaration is intended to supplement my prior Declaration and the testimony I offered in court on December 17, 2019, pursuant to the Court's request, as well as the Trustee's Response filed on December 20, 2019 (Doc. 19) to Brian Manookian's supplemental reply. The purpose of this Amended Declaration is to clearly and completely detail for the Court my involvement in matters related to this case and any sources of potential conflict, whether or not such potential conflicts are related to the matters on which my firm is to be employed.

Neither I nor Thompson Burton PLLC, of which I am a member, has an interest adverse to the estate with respect to the matters on which we are to be employed. More specifically, neither I nor Thompson Burton PLLC has any interest that would adversely affect the collection of legal fees owed to Cummings Manookian PLC.[3]

I first became involved in this matter on June 20, 2019, when I was appointed by the Williamson County Circuit Court in the case of *Dean Chase, Sandra Chase and D.F. Chase, Inc. v. Cummings Manookian PLC, Manookian PLLC, Brian Philip Manookian, Hammervold PLC, Mark Hammervold, Cummings Law LLC, Brian Cummings and Afsoon Hagh*, Case No. 2019-221 (the "State Court Action"), to serve as receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 for the execution of a levy on choses in action (or accounts receivable for legal fees owed)

---

[3] In some documents, Cummings Manookian is listed as "Cummings Manookian PLC" and in others, such as the Petition, as "Cummings Manookian PLLC". The Secretary of State shows the proper name is "Cummings Manookian PLC".

4

of the Debtor and a non-debtor entity, Hammervold PLC.  I attach to this Amended Declaration a copy of both the motion to appoint a receiver in the State Court Action (Exhibit 1) and the order that appointed me receiver in the State Court Action (Exhibit 2).  In the Receivership Action, I was tasked with collecting the choses in action of Cummings Manookian PLC and Hammervold PLC in furtherance of the collection of a $750,000 sanction awarded in favor of the State Court Action plaintiffs against Cummings Manookian PLC, Hammervold PLC, Brian Manookian, and Mark Hammervold.  I was not involved in the proceedings that led to the award of the sanctions.  Rather, I was tasked by the state court, pursuant to the state levy and execution statutes, to collect on choses in action that might be used to pay the judgment.  I was not authorized to make distributions without further court order.

I did not serve as receiver over Cummings Manookian PLC nor Hammervold PLC.  That is, beyond the collection of fees owed to those two entities, I took no actions in their name.  I did not undertake to run the businesses of those two firms, did not marshal any assets of those firms beyond their choses in action, did not evaluate their indebtedness, and did not evaluate any other assets.  Rather, I levied on attorneys' fees that were owed to the firms pursuant to the state court's order and the state levy statutes (which authorize levies by sheriff or by receiver).

One of the specific powers I was given by the court in the State Court Action was to file attorneys' liens in any action in which Cummings Manookian PLC or Hammervold PLC were owed attorneys' fees.  In furtherance of that, the state court directed certain parties,  including Brian Cummings, Brian Manookian and Mark Hammervold, to provide me a list of all cases in which Cummings Manookian PLC or Hammervold PLC might have an interest in fees, and any documents related to those cases.  After receiving the lists from these parties (but not having received documents, which led to my filing a motion to compel), and after personally conducting

5

a search of court records of counties within the Metro Nashville area, I filed attorneys' liens in the following cases:

| Case Name | Court |
|---|---|
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

On July 3, 2019, I received checks from Brian Cummings for Hammervold PLC's and Cummings Manookian PLC's interest in fees for two cases that had just settled prior to my recording of attorneys' liens. Again on September 23, 2019, Brian Cummings turned over to me fees and expenses that were owed to Hammervold PLC and Cummings Manookian PLC on account of the settlement of the *Thompson v. Sidrys* matter in Putnam County Circuit Court. In total, as receiver I am currently holding in trust $71,254.35: $25,305.99 levied from Hammervold PLC choses in action and $45,948.36 levied from Cummings Manookian PLC choses in action. Of the amounts being held on account of Cummings Manookian choses in action, $23,637.22 was levied within the ninety days prior to this bankruptcy. I have informed the Trustee that I would have no participation in any evaluation of whether this amount was recoverable by the estate, that I would continue holding that money in trust pending a decision

6

by the Trustee on that matter, and that I would cooperate with any request made upon me with regard to those funds.

Until August 21, 2019, my role as receiver primarily involved the filing of attorneys' liens and the attempts (sometimes via motions to compel) to gather information needed for my collection of the choses in action. On August 21, 2019, I learned that one of the cases in which I had filed an attorneys' lien, the *Fitzgerald* case, was nearing a resolution and that it was expected to produce a fee exceeding $1 million. I reached out to counsel for the defendant in that matter and learned that Brian Manookian had instructed that the defendant make all fee checks payable to Hagh Law PLLC, a law firm that I knew to be owned and controlled by Mr. Manookian's wife, Afsoon Hagh, and which corporate entity had not been created until March 2019 – nearly a year after the *Fitzgerald* case was filed. While I was aware that Ms. Hagh had been involved in the *Fitzgerald* case, I also knew that the case had been filed for the Plaintiff by Cummings Manookian. I reached out to defense counsel to remind him of the attorneys' lien filed in the case; he informed me that he intended to pay all fees over to Hagh Law PLLC pursuant to Mr. Manookian's request.

In order to protect the receivership estate's interest in the *Fitzgerald* fee, I filed an *ex parte* motion for a temporary restraining order on August 23, 2019. The state court granted the motion, and I attach the temporary restraining order that prevented the disposition of the *Fitzgerald* fees hereto as Exhibit 3. In response to this TRO, both Mr. Manookian, on behalf of the *Fitzgerald* plaintiffs, and the counsel for the defendants in that case threatened to void the settlement if I would not agree to allow the fees to be paid to Hagh Law PLLC. Ultimately, Mr. Manookian and I reached an agreement on this issue; we agreed that Hagh Law PLLC would deposit and hold $760,000 in its IOLTA trust account pending further order of the court, but that

7

the remainder of the fee earned in the *Fitzgerald* case could be distributed to Hagh Law.  The order that resolved this TRO is attached hereto as Exhibit 4.

Throughout September and into October, I continued my investigation into Cummings Manookian's ownership interest in the *Fitzgerald* funds and fees in other cases.  In furtherance of that, I met with Mr. Manookian and requested documents of him.  I received some responsive documents but never received all requested documents (including, most notably, a purported engagement letter between Hagh Law PLLC and the *Fitzgerald* plaintiffs, which Mr. Manookian claims post-dated the engagement letter with Cummings Manookian PLC).

While in the process of gathering this information, I learned that Hagh Law PLLC had transferred the $760,000 from an IOLTA trust account into a normal checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC".  Mr. Manookian told me that the money had been moved at the direction of the Board of Professional Responsibility, because the Tennessee Rules of Professional Conduct did not allow an attorney to maintain funds in a trust account after a lawsuit was resolved.  Concerned about the safety of these funds and Hagh Law's unilateral decision to move these funds without relief from the prior order, I filed a motion asking the state court to order Afsoon Hagh and/or Hagh Law PLLC to deposit the $760,000 with the state court. The state court ruled on November 5, 2019, that Afsoon Hagh and Hagh Law PLLC were ordered to deposit $760,000 with the state court by no later than noon on November 12, 2019. That same day, Brian Manookian (who had filed an appearance in the case as counsel for Afsoon Hagh and Hagh Law PLLC) informed the court's secretary that he would be submitting a competing order and that the court should not enter the order for seven days.  The next day, November 6, 2019, Mr. Manookian filed this bankruptcy case on behalf of Cummings Manookian, PLC.  On November 8, 2019, he filed a notice of withdrawal of counsel for Afsoon

8

Hagh and Hagh Law PLLC, because his law license had again been suspended by the Board of Professional Responsibility. The state court entered the order requiring Afsoon Hagh and Hagh Law PLLC to deposit funds with the state court on November 12, 2019. I have attached a copy of that order hereto as Exhibit 5.

On the afternoon of November 12, 2019, I called the Williamson County Circuit Court to confirm whether Afsoon Hagh had deposited the $760,000 by noon as required by the court's order. The clerk indicated that no money had been deposited. I called twice more over the next six days and each time the court clerk indicated that no money had been deposited by Ms. Hagh. On November 18, 2019, after consulting with the Trustee in this case, I filed an *ex parte* motion with the state court seeking a temporary restraining order to freeze $760,000 in Afsoon Hagh's and/or Hagh Law PLLC's bank accounts. The court entered a temporary restraining order, a copy of which is attached as Exhibit 6. The temporary restraining order was amended and extended, as Ms. Hagh requested that the hearing on the injunction be continued. An injunction hearing was ultimately held on December 10, 2019. Brian Manookian appeared at the hearing as did John Spragens, counsel for Hagh Law PLLC and Afsoon Hagh. I appeared as Receiver and the Trustee attended as well. All parties agreed that an injunction freezing some of the *Fitzgerald* fees would remain in place through January 17, 2020, and the parties agreed that, because of the Debtor's bankruptcy filing, the Bankruptcy Court was the proper forum for determining ownership of those fees. The state court entered the injunction order in which he directed that $710,000 remain frozen through January 17, 2020. A copy of that order is attached as Exhibit 7.

The Debtor did not file schedules in this case until November 19, 2019. When it filed schedules, the Debtor listed no interest in the *Fitzgerald* funds as a potential asset, though Mr.

9

Manookian was aware that those funds were in dispute. The schedules also listed no cause of action again me as receiver, listed no debt to Afsoon Hagh or Hagh Law, PLLC, and did not list Ms. Hagh or her firm as a creditor of the estate.

Shortly after the filing of this case, the Trustee asked me to serve as special counsel in this case. In addition to the fact that my firm and I routinely represent Chapter 7 trustees in this district, the Trustee specifically indicated that she felt that the knowledge I had gained during my time as receiver would be invaluable to her in collecting the accounts receivable of the estate. Before agreeing to serve as special counsel, I spent considerable time considering possible conflicts, and discussing the same with the Trustee and the United States Trustee's office. After considering all issues and gathering input from these sources, I determined that there would be no conflict in me serving as special counsel in this case. In furtherance of this, I filed the Employment App on November 18, 2019. On December 9, 2019, Brian Manookian, the former principal of the Debtor, filed an objection to the Employment App. The basis for his objection was that Thompson Burton PLLC and I were going to be sued by his wife, Afsoon Hagh and/or Hagh Law PLLC for actions I took as receiver. He alleged that this would create a conflict between the Debtor and I and would disqualify me from serving as special counsel. Other than general threats of litigation (which Mr. Manookian made rather frequently), this was the first I learned that Ms. Hagh and/or her law firm alleged a cause of action against my law firm or me.

On the morning of December 16, 2019 (the day before the hearing on the Employment App), I received a letter by facsimile that purported to be from Afsoon Hagh. In the letter, Ms. Hagh threatened to sue me, Thompson Burton PLLC and/or the Debtor for my actions as receiver; more specifically, she alleged that I recorded "bogus attorney liens" in cases in which she said Cummings Manookian PLC had no interest. The letter said that she would be filing a

10

lawsuit on December 20, 2019. Later that day, Mr. Manookian sent an email to both the Trustee and I demanding that we indemnify him, as principal of the Debtor, against claims of Afsoon Hagh and/or Hagh Law PLLC. I did not respond to these communications except to the extent that I did so at the hearing in this Court on December 17, 2019.

On December 19, 2019, at 1:32 p.m., Hagh Law PLLC (through Afsoon Hagh as counsel) filed a suit against the Debtor, Hammervold PLC and me in the Davidson County Circuit Court. Ms. Hagh did not seek relief from the automatic stay prior to filing this complaint. A copy of this complaint is attached to the Trustee's response to Mr. Manookian's Supplemental Reply Brief, and can be found at Docket No. 19. Brian Manookian filed a Supplemental Reply with this Court on the same day, at 2:09 p.m., informing the Court of the filing of the complaint against me. The complaint alleges that, as receiver, I had no basis in law or in fact for recording an attorneys' lien in the *Carla Miller v. Vanderbilt University Medical Center* case. The complaint seeks declaratory relief against the Debtor, Hammervold PLC and me, and asks the state court to determine that the fees in the *Miller* case are owed to Hagh Law PLLC, and not the Debtor. The complaint also vaguely requests damages in an unknown amount, for unstated injuries, from unspecified defendants.

This newly-filed lawsuit does not create an adverse interest to the estate for Thompson Burton PLLC or me, as it is not related to my employment to collect fees owed to the Debtor. While the *Miller* case is one in which the Trustee intends to collect fees, my past actions as receiver have no bearing on the collection of attorneys' fees through an adversary proceeding. Moreover, the complaint does not state a claim against the Debtor for which relief can be granted: the complaint is voidable because it violates the automatic stay and it does not allege any facts that, even if proven true, would show how my actions as receiver for collection of

11

choses in action might impugn the Debtor. Finally, I believe the complaint is frivolous and violates numerous provisions of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Professional Conduct. For example, while Ms. Hagh alleges that I had no basis in law or in fact for recording an attorneys' lien in the *Miller* case, Cummings Manookian PLC was a party to a signed engagement letter with the *Miller* plaintiff. I am in possession of an engagement letter dated April 3, 2018, between Cummings Manookian PLC (signed by Brian Cummings) and Carla Miller.[4] Despite these shortcomings, neither Thompson Burton PLLC nor I will represent the Trustee in any action related to the *Hagh Law PLLC v. Young* matter, including removal of that matter or a motion for sanctions for violation of the automatic stay.

Finally, although Brian Manookian does not raise it in his objection, I will note for the Court that I have no pre-petition claim against this estate. Because I was appointed by the Court not as receiver of Cummings Manookian PLC, but rather as an independent receiver to collect choses in action, I have no right to receive compensation from Cummings Manookian PLC apart from any funds that were levied prior to the bankruptcy filing and outside the ninety day preference window. For avoidance of doubt, to the extent that I or Thompson Burton PLLC would otherwise be entitled to any general unsecured claim against the estate for fees incurred during the receivership, we hereby waive and disclaim the same.

December 21, 2019

*/s/ Phillip G. Young, Jr.*
Phillip G. Young

---

[4] I will file the Miller engagement letter with the Court under seal, upon request of the Court. I am reluctant to file the engagement letter in this matter, since it is not directly relevant to the Court's consideration of the Employment App and since the engagement letter *may* include confidential information. Both the Trustee and I reserve all rights to produce the letter at a later date and nothing herein shall be an admission that the engagement letter is protected.

12

**Certificate of Service**

The undersigned hereby certifies that a copy of the preceding Supplement was electronically filed and served via the Court's ECF system this 21st day of December, 2019, and was served by United States mail on the following parties on the 23rd day of December, 2019:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
ATTN: Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL  60647-5311

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215
Telephone:  615-678-6960
Jeanne.burton@comcast.net

13

FILED
WILLIAMSON COUNTY
CIRCUIT COURT
2019 APR 25 PM 3:36

ENTERED

COPY

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT NASHVILLE

DEAN CHASE; SANDRA CHASE; )
and D.F. CHASE, INC., )
                                )
    Plaintiffs, )
                                  )     No. **2019-221**
v. )
                                  )
CUMMINGS MANOOKIAN PLC; )
MANOOKIAN PLLC; BRIAN )
PHILIP MANOOKIAN; )
HAMMERVOLD PLC; MARK )
HAMMERVOLD; CUMMINGS LAW )
LLC; BRIAN CUMMINGS; )
and AFSOON HAGH, )
                                  )
    Defendants. )

---

## MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF

---

Come the Plaintiffs, Dean Chase, Sandra Chase and D.F. Chase, by and through

counsel, and (a) pursuant to Tenn. Code Ann. § 26-4-101 *et.seq.* respectfully move this

Court for an order compelling the identification, preventing the transfer to third parties,

and compelling the turnover to Plaintiffs (or a receiver) of certain property as set forth

herein, (b) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, respectfully move the

Court to issue a *Writ of Execution and Distringas/Fieri Facias* on the assets of defendants

Cummings Manookian PLC and Hammervold PLC and appoint a receiver for the

collection of their choses in action; and (c) pursuant to Tenn. Code Ann. §29-1-102 and

Tenn. R. Civ. Proc. 65.04, respectfully move the court to enter a temporary injunction that prohibits all Defendants from:

a.      Disbursing any monies due to, or on behalf of, any of the Sanctions Judgment Debtors (as defined below), their officers, directors, agents, heirs, successor or assigns;

b.      Entering into any agreements for payments by any third parties for fees and expenses due to any of the Sanctions Judgment Debtors; and

c.      Interfering with any actions undertaken by any receiver appointed by the Court.

In support of this Motion, Plaintiffs state as follows:

## I. FACTS

**A.    The Events Leading to the Sanctions Judgment**

1.      As set forth in the July 20, 2018 Order entered by this Court and attached as **Exhibit 1** (the "**July 20 Sanctions Order**") Mr. Manookian, acting through and on behalf of his law firm Cummings Manookian PLLC ("**Cummings Manookian**"), and Mr. Hammervold, acting through and on behalf of his law firm Hammervold PLC, entered appearances in 2015 as counsel for several defendants in *David Chase v. Chris Stewart, et al.* Williamson County, Tennessee Circuit Court, docket no. 2015-200 (the "**David Chase Action**").

2.      In the course of the David Chase Action, Mr. Manookian caused subpoenas to be served on Dean Chase, Sandra Chase, and DF Chase, who were not at that time parties to the David Chase Action. The subpoenas sought certain documents and commanded the

2

Chases, both individually and on behalf of D.F. Chase, to give depositions. (See **Exhibit 1**, p. 9). Subsequently, Mr. Manookian and the Chases entered into an agreed protective order (the "**Protective Order**"), which allowed them to designate documents that they were turning over pursuant to the subpoenas as confidential, and to designate deposition testimony is confidential. (See *Id.*, pp. 9-11). The Protective Order was eventually filed and entered by this Court. (See *Id.*, pp. 12-13).

3.     After Mr. Manookian requested authority to provide News Channel 4 WSMV with copies of Sandra Chase's deposition, which had been deemed confidential by Ms. Chase's counsel, counsel for Plaintiff David Chase filed an Expedited Motion for Sanctions, Protective Orders and Other Relief, which led to the Court ordering that all of the deposition testimony and documents that had been deemed confidential be placed under seal pending the entry of the Protective Order. (See *Id.*, pp. 14-15).

4.     Ultimately, the videotaped transcripts of deposition testimony and copies of certain documents designated as confidential were disclosed to several local news outlets. (See *Id.*, pp. 20-25). Additionally, the Court found that some of the confidential materials surfaced as exhibits to separate lawsuit filed by Mr. Manookian and Mr. Hammervold in the Circuit Court for Davidson County, Tennessee. (See *Id.*, pp. 18-20). As a result, Plaintiffs Dean Chase, Sandra Chase and D.F. Chase were granted permission by this Court to intervene in the David Chase Action, and they filed motions to hold Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC in contempt for violating the Protective Order. (See *Id.*, p. 25).

101

5.     After a series of hearings and follow-up motions that spanned more than two years, Judge Binkley of this Court found that Mr. Manookian had knowingly, willfully, and intentionally violated the Protective Order and, *inter alia,* attempted "to mislead the Court from uncovering his violations of the Court's Orders by any means necessary." (See *Id.*, pp. 31, 85-95).   Judge Binkley also found that Mr. Hammervold had knowingly, willfully, and intentionally violated the Protective Order.   (See *Id.*, pp. 93-94).

6.     Finding that Messrs. Manookian and Hammervold had (a) abused the discovery process, (b) failed to maintain candor with this court, (c) continuously violated the Agreed Protective Order, and (d) attempted to defraud the court for over two years, this Court imposed monetary sanctions on Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC (the "**Sanctions Judgment Debtors**"). (See *Id.*, pp.116-122).

7.     Specifically, the Court ruled that Plaintiffs Dean Chase, Sandra Chase and D.F. Chase (as well as certain corporate entities owned or controlled by Dean Chase) should be awarded their attorneys' fees as sanctions.  (See *Id*). In the July 20 Sanctions Order and in a supplemental Order entered on September 27, 2018 attached as **Exhibit 2** (the "**Supplemental Sanctions Order**"), this Court awarded monetary sanctions against the Sanctions Judgment Debtors, jointly and severally, in favor of Dean Chase, Sandra Chase, and D.F. Chase, Inc. in the total amount of $748,769.21 (the "**Sanctions Judgment**"). (See **Exhibit 2**).  Included within the amount awarded in the Sanctions Judgment, this Court held that certain companies owned or controlled by Dean Chase- CK

4

Global, LLC and NV Music Row, LLC- were entitled to share in that amount to the extent of $638,105.82. (See *Id.*).

8.     Pursuant to Tenn. R. App. P. 4(a), the Sanctions Judgment became final on October 27, 2018.

9.     Mr. Manookian, Mr. Hammervold and Hammervold PLC have appealed the Sanctions Judgment, but none of them have filed a supersedeas bond to stay execution thereon. Mr. Hammervold and Hammervold PLC have filed a "Motion to Stay Proceedings Pending Expedited Rule 10B Appeal" in the David Chase Action. However, it does not appear that they have set the motion for hearing, and no stay has been granted by this court as of the filing of this Complaint.

10.     The initial attempt to satisfy the Sanctions Judgment was unsuccessful, as evidenced by the returns thereon attached hereto as **Exhibit 3**.

11.     As such, the Sanctions Judgment remains wholly unsatisfied and the current balance of the judgment, including statutory post-judgment interest through April 24, 2019, was $778,751.52. The Sanctions Judgment balance increases by $143.60 every day due to the accumulation of post-judgment interest.

**B.     The Indefinite Suspension of Mr. Manookian From the Practice of Law and its Effect on Pending Cummings Manookian Litigation**

12.     At the time of its formation in 2014, Cummings Manookian had two members, Mr. Cummings and Mr. Manookian, as shown on the attached **Exhibit 4**.

5

13.     In September 2018, the Tennessee Supreme Court suspended Mr. Manookian from the practice of law, upon a finding that he poses a threat of substantial harm to the public.  A copy of the suspension order is attached as **Exhibit 5.**  Per its order of February 27, 2019 attached hereto as **Exhibit 6**, Mr. Manookian remains suspended indefinitely and is, *inter alia*, prohibited from maintaining any presence where the practice of law is conducted.  By virtue of his suspension from the practice of law, Mr. Manookian cannot legally be a member of Cummings Manookian.  *See* Tenn. Code Ann. § 48-249-1109.

14.     Likewise, sometime between September 20, 2018 and January 14, 2019, Mr. Cummings formally withdrew as a member from Cummings Manookian, as evidenced by the following facts:

a.      On September 20, 2018, Mr. Cummings formed Cummings Law, as reflected by the filings with the Tennessee Secretary of State attached as **Exhibit 7**;

b.      On or about September 26, 2018, Mr. Cummings filed at least six Notices of Change of Address & Firm Affiliation in pending cases, which reflected that he was then practicing by and through his new law firm, Cummings Law, as shown on **Exhibit 8**;

c.      On December 19, 2018, Mr. Cummings filed with the Tennessee Secretary of State paperwork removing himself as registered agent for Cummings Manookian, as shown by attached **Exhibit 9**; and

d.      On January 14, 2019, Mr. Manookian filed, on behalf of Cummings Manookian, its 2018 annual report showing that the number of members had dropped from two to one, as shown on attached **Exhibit 10**.

6

15.     However, notwithstanding Mr. Cummings withdrawal as a member, and the fact that Mr. Manookian cannot legally be that sole remaining member, Cummings Manookian continues to operate as a single member PLLC law practice. The identity of that new member is not shown in the above referenced January 14, 2019 annual report filed with the Tennessee Secretary of State by Mr. Manookian. On information and belief, that sole member now operating Cummings Manookian as a law practice is Mr. Manookian's wife, Ms. Hagh, as evidenced by the fact that *since* January 14, 2019, Ms. Hagh appears as counsel or co-counsel of record acting by and on behalf of Cummings Manookian. Attached as **Collective Exhibit 11** is a collection of docket sheets showing pending cases known to Plaintiffs as of the time of filing this Motion, in which Ms. Hagh continues to appear as counsel of record, along with copies of the recent pleadings or motions filed in those cases. As shown in Exhibit 11, in one of these cases, Ms. Hagh's signature block does not use the name "Cummings Manookian" but does use the same address and the email address of "cummingsmanookian.com." In the others, the name Cummings Manookian remains in her signature block.

16.     There are also many pending lawsuits that were initiated by one or more attorneys acting by and on behalf of Cummings Manookian and that, since Mr. Manookian's suspension and Mr. Cumming's departure from the firm, are now being handled exclusively either by former Cummings Manookian attorneys acting by and on behalf of other law firms, or by co-counsel in that litigation, or both. Some of these cases are being handled by Mr. Cummings on behalf of Cummings Law and/or Mr. Hammervold on behalf of Hammervold PLC and others are being handled by Ms. Hagh, possibly as a

7

sole practitioner. (See above referenced Exhibit 11). Attached as **Exhibit 12** is a list of such pending cases known to Plaintiffs at the time of filing this action. These are only the known cases to Plaintiffs at this time based on available online court records in various jurisdictions, and there well may be other cases in other jurisdictions.

17.     The cases still being handled by Ms. Hagh on behalf of Cummings Manookian and the cases initiated by Cummings Manookian and now being handled by Mr. Cummings and/or Mr. Hammervold are referred to herein collectively as the "**Pending Cummings Manookian Litigation**."

18.     Cummings Manookian is, and has been known primarily as, a plaintiff's medical malpractice firm, and the overwhelming majority of the cases comprising the Pending Cummings Manookian Litigation are healthcare liability cases. It is therefore highly likely that the fee arrangements for Cummings Manookian in these cases is a contingency fee. In any event, to the extent that professional fees owed under the fee agreements entered into with clients in the Pending Cummings Manookian Litigation are still due, in the form of delayed fixed fee payments, delayed hourly payments, contingency fees or otherwise, Cummings Manookian is entitled to such fees when and as due. Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to, along with other rights discussed herein, as the "**Cummings Manookian Choses in Action**.

8

**C.** **The Cummings Manookian "Jeweler Agreements"**

19.    In addition to the fees owed to Cummings Manookian related to the Pending Cummings Manookian Litigation, it appears that Cummings Manookian may be owed substantial amounts of money pursuant to "Consulting/Engagement Agreements" entered into with one or more jewelers, as discussed below.

20.    In 2016, Mr. Manookian, Mr. Cummings, Cummings Manookian, Mr. Hammervold, and Hammervold PLC were sued by Diamond Consortium, Inc. d/b/a The Diamond Doctor (the "**Diamond Doctor**") in the United States District Court for the Eastern District of Tennessee (the "**Texas Lawsuit**"). A copy of the Consolidated Amended Complaint in the Texas Lawsuit is attached as **Exhibit 13**.

21.    In the Texas Lawsuit, the Diamond Doctor alleged that Mr. Manookian was engaged in a scheme of extortion whereby he would target jewelers with internet and social media campaigns in which Cummings Manookian would create websites that accused the target jeweler of cheating their customers through the sale of "overgraded" diamonds, and post messages on the newsfeed of the jeweler's Facebook page making accusations about cheating customers. (See **Exhibit 13**, pp. 4-5, 7-10). According to the complaint, Mr. Manookian would then contact the target jeweler and tell them that the campaign against the jeweler would stop if the jeweler would "engage" Cummings Manookian as its outside legal counsel for several years. (See *Id.*). The Diamond Doctor alleged that Mr. Manookian proposed that the Diamond Doctor pay Cummings Manookian $25,000 a month over a 10-year period or an aggregate fee of $3 million. (See *Id.* p. 10).

9

22. The Diamond Doctor also alleged that after the initial conversation between Mr. Manookian and the owner of The Diamond Doctor, Mr. Manookian sent the Diamond Doctor a proposed Consulting/Engagement Agreement, which, according to the complaint, "was a version another jeweler . . . supposedly executed with critical information concerning the payment terms and length redacted." (See **Exhibit 13**., p. 26 19-20). According to the Texas Lawsuit, a copy of the proposed agreement is attached as **Exhibit 14**.

23. Mr. Manookian and all of the other defendants in the Texas Lawsuit denied wrongdoing, and the case was ultimately resolved with an injunction that that prohibited the parties from disparaging each other. However, Mr. Manookian, Mr. Cummings, and Cummings Manookian did not deny the allegations that Cummings Manookian had entered into retainer agreements with a number of jewelers.

24. For example, the complaint in the Texas Lawsuit alleges that "several" jewelers had agreed to engage Cummings Manookian as their outside counsel. (See **Exhibit 13**, p. 9). Attached as an exhibit to that complaint was the transcript of a conversation between Mr. Manookian and the owner of the Diamond Doctor. An excerpt of this transcript is attached as **Exhibit 15**. In this conversation, Mr. Manookian states that Cummings Manookian "represents twenty or twenty-five stores, total." (See **Exhibit 15**, pp. 1, 3). In their answer, Mr. Manookian and Cummings Manookian admitted that Mr. Manookian had made this statement. (See **Exhibit 16**, p. 21).

10

25.     According to an article in the *Dallas Morning News*, Genesis Diamonds of Nashville and/or its owner, Boaz Ramon, entered into an engagement agreement with Cummings Manookian. As the article states:

> After Manookian's law partner filed three customer lawsuits for overgraded diamonds against Genesis, Ramon hired Cummings Manookian to represent him and his store. That creates an attorney-client relationship that precludes Manookian and the firm from representing unhappy customers in legal actions against the jeweler.

(See **Exhibit 17**). [1]  In his conversation with the owner of The Diamond Doctor, Mr. Manookian confirmed that Cummings Manookian now represented Genesis Diamonds, which is owned by Ramon Boaz.  (See **Exhibit 15**, p. 2).  Mr. Boaz has been subpoenaed for a deposition by disciplinary counsel for the Tennessee Board of Professional Responsibility in one of the disciplinary actions currently being prosecuted against Mr. Manookian.  (See **Exhibit 18**).

26.     If the alleged agreement with Genesis Diamonds and the other twenty or more jewelers (the "**Jeweler Agreements**") is similar to the agreement proposed by Mr. Manookian to The Diamond Doctor, they are all generating many thousands of dollars per month in income, and if the jeweler terminates the agreement, it must pay Cummings Manookian the fees owed for the remainder of the term in one lump sum payment.

27.     Cummings Manookian's right to payments under these agreements are likewise choses in action under Tennessee law, and therefore part of the Cummings Manookian Choses in Action.

---

[1] The complaint also specifically identifies Solomon Brothers in Atlanta Georgia as having entered into an agreement to pay Cummings Manookian $20,000 per month for a period of five years, totaling $1.2 million.  (See **Exhibit 13**, p. 10).

11

**D.** **Mr. Hammervold and Hammervold PLC**

28.    Mr. Hammervold is a resident of the state of Illinois.  He maintains a residence in Chicago.

29.    Hammervold PLC is listed with the Tennessee Secretary of State as a single member Tennessee limited liability company, with a principal place of business in Tennessee. (See **Exhibit 19**).  However, in addition to the fact that Mr. Hammervold does not reside in Tennessee, there is every reason to think that this is a "phantom" address, based on the following facts:

a.    The principal address given for Hammervold PLC is in fact a "virtual office" space known as "Intelligent Office" located in downtown Nashville, at Suite 1550 of the UBS Tower, 315 Deaderick Street. (See **Exhibit 20**).

b.    Some customers lease space at this facility by leasing permanent offices, and others have the option of leasing generic spaces available to all tenants in hourly or daily increments.  (See **Exhibit 21**).

c.    Moreover, in the most recent annual report filed with the Secretary of State, Mr. Hammervold changed to the mailing address for Hammervold PLC to 1758 N. Artesian Ave, Chicago, Illinois, Mr. Hammervold's permanent residential address since at least 2012. (See **Exhibit 22**).

30.    Notwithstanding the absence of a genuine physical presence in Tennessee through which to operate its assets, Mr. Hammervold, acting by and through Hammervold PLC, is counsel or co-counsel of record in a number of cases pending in Tennessee. Attached as **Exhibit 23** is a chart showing such cases as are known to Plaintiffs at the time

of filing this lawsuit based on available online court records, in which Mr. Hammervold, acting by and on behalf of Hammervold PLC, is counsel of record (the "**Hammervold Pending Litigation**"). The exhibit also contains copies of the complaints in these lawsuits. As shown on **Exhibit 23**, the amount claimed in those lawsuits exceeds $25 Million. There may very well be other cases in other jurisdictions.

31.     Hammervold PLC is entitled to the entirety of the compensation for the legal services and expenses rendered by its agents (whether those services were provided by Mr. Mr. Hammervold or other agents) in the Hammervold Pending Litigation, either in the form of a fixed fee, hourly billable rate, contingency fee based on percentage of recovery for the client(s), or some other calculation. Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to as the "**Hammervold PLC Choses in Action**".

## E.     Manookian PLLC

32.     On January 14, 2019, after his indefinite suspension from the practice of law, Mr. Manookian created Manookian, PLLC, a single member entity with the same address as Cummings Manookian. (See **Exhibit 24**). Although the entity was created on January 14, 2019, it had a delayed effective date of February 1, 2019. Mr. Manookian cannot lawfully own or be a member of a PLLC as a result of his suspension from the practice of law, and since he holds no other professional license in Tennessee. (See **Exhibit 25**)[2].

---

[2] Although Exhibit 25 only references a search under one category of professional licenses, all professional licenses of any type were searched.

Therefore, Mr. Manookian cannot himself legally be a member of Manookian, PLLC. See, e.g., Tenn. Code Ann. §48-249-1101 et. seq. The reason for the creation of Manookian PLLC is therefore unclear. However, the circumstances of this case- the formation of a PLLC by Mr. Manookian bearing his name, on the same date that he filed the new annual report of Cummings Manookian reducing its members from two to one, and the use of the same address as Cummings Manookian- raise a legitimate concern that the entity was created as a vehicle for the deposit of fees owed to Cummings Manookian.

## F.     MR. MANOOKIAN'S HISTORY OF VIOLATING COURT ORDERS

33.     In addition to the multiple violations of court orders that led to the Sanctions Judgment, Mr. Manookian has demonstrated in other litigation a willingness to defy court orders. On August 3, 2017, Mr. Manookian was sanctioned by the United States District Court in the Texas Lawsuit after the Court found that Mr. Manookian had "acted in bad faith and disrupted the litigation process." (**See Exhibit 26**). The Magistrate Judge found that Mr. Manookian had "engaged in a pattern of obfuscation," had failed "to provide credible explanations" about matters before the court, and had engaged in conduct that "essentially amounted to a flouting the Court's Orders." (See *Id.*). The Magistrate's Report and Recommendation was subsequently approved by the District Court Judge. (See **Exhibit 27**).

34.     Mr. Cummings was also counsel of record in *Shao v. HCA Health Services*, No. 16C2469, in which the Davidson County Circuit Court found that Mr. Manookian "has repeatedly ignored the clear directives of this Court and, at best, conducted himself in a

14

reckless manner." A copy of the Order imposing the sanctions and suspending Mr. Manookian practicing in Davidson County is attached as **Exhibit 28**.

## II. ARGUMENT

### A. This Motion is Appropriate Even in this Early Stage of the Litigation

Ordinarily, as judgment creditors against the Judgment Debtors as a result of the Sanctions Judgment in the David Chase Action, Plaintiffs would have filed this as a post-judgment motion in that case, as the Court has the inherent power to enter appropriate orders necessary for enforcement of the Court's judgment. *See, e.g. Cantrell v. Tolley*, No. W2010-02019-COA-R3-CV, 2011 Tenn. App. LEXIS 433, at *20 (Ct. App. Aug. 11, 2011). However, in *First American Trust Co. v. Franklin-Murray Development Company, L.P.*, 59 S.W.3d 135 (Tenn. Ct. App. 2001), the Tennessee Court of Appeals held that a trial court lacks jurisdiction to appoint a receiver for the collection of a judgment while a case is on appeal, even where the defendant has not filed a supersedeas bond or otherwise obtained a stay of execution. The *First American* court suggested that in order to have a receiver appointed while the case is on appeal, a judgment creditor should file a new lawsuit. *See Id.*, 59 S.W.3d at 142 n.10. Accordingly, Plaintiffs have no choice but to file a separate lawsuit to seek the relief that, absent an appeal, would be available by post-judgment motion in the Prior Lawsuit.

However, while the relief must, under the circumstances, be initially sought via this separate lawsuit, there is nothing that would prohibit this court from granting the entirety of the relief on motion, just as it could if filed under the caption of the David Chase Action

15

but for the pending appeal. Since no additional monetary damages are sought at this time as to any of the defendants in this lawsuit, no aspect of the relief sought in the complaint requires a trial to determine the rights or remedies available to Plaintiffs. The rights and remedies sought herein are, as set forth below, rights and remedies afforded to Judgment Creditors as a matter of statutory law. Judgment execution efforts otherwise normally effectuated by motion do not lose that character merely by being sought in a separate lawsuit. Likewise, the injunctive relief sought herein is available at any stage of litigation pursuant to Tenn. R. Civ. Proc. 65.

**B.     The Court Should Issue a *Writ of Execution and Distringas/Fieri Facias* and Appoint a Receiver to Collect on the Choses of Action of Cummings Manookian and Hammervold PLC**

In aid of execution, this Court can issue a *Writ of Distringas* pursuant to Tenn. Code Ann. § 26-1-105, which provides that:

> The party, in whose favor a judgment or decree is rendered against a corporation, may sue out a distringas or fieri facias, to be levied as well on the choses in action as on the goods, chattels, lands, and tenements of the corporation, and, in case of a levy on choses in action, the court may appoint a receiver to collect the same.

As the text of Tenn. Code Ann. § 26-1-105 plainly states, the Court is authorized to appoint a receiver to collect the choses in action and other assets of a corporate judgment debtor. Additional authority supporting the court's power to appoint a receiver to collect corporate assets as a form of judgment execution levy is found at Tenn. Code Ann. § 26-3-103, which states:

16

An execution against a corporation may be levied on its choses in action, as well as on the goods and chattels, lands and tenements, of such corporation; and in case of a levy on choses in action, the court may appoint a receiver to collect or conserve the same.

The cases interpreting these statutes are few, and thus there is little guidance from the courts regarding the circumstances supporting the availability of a *writ of distringas* and a receiver under the statutes. On their face, the statutes appear to justify a writ and a receiver whenever there is a corporate judgment debtor with any assets, which is certainly the case here. Though the text of this section only specifically references such a remedy against corporations, that is because other forms of limited liability entities did not exist at the times that statute was enacted, and courts have regularly contemplated its use in recent years as to other types of limited liability vehicles. See, e.g., *First American Trust Co.* v. *Franklin-Murray Development Co., L.P.*, 59 S.W.3d 135, 142, fn.9 (Tenn. Ct. App. 2001)(contemplating receivership for effectuating distringas warrant as to limited partnership) and *D-Med, Inc., et al. v. Mid America Energy, Inc.*, et al, No. 3:07-cv-419 (M.D. Tenn. 2008)(allowing distringas warrant and appointment of receiver as to multiple entities in same action, including LLCs and LLPS).

There are many circumstances in the instant action that justify the issuance of a *Writ of Distringas/Fieri facias* and the appointment of a receiver to collect, keep safe, manage and distribute the Choses in Action of the corporate Sanctions Judgment Debtors. These circumstances include the following:

1. Judgment execution efforts against each of the Sanctions Judgment Debtors have been returned, which efforts have not satisfied the Sanctions Judgment in full or even in part.

2.      The primary assets of Cummings Manookian and Hammervold PLC appear to be their Choses in Action, as set forth above. The receiver requested in this matter, or an alternative receiver with equal qualifications appointed by this court, is necessary to ensure that these assets are properly collected and administered, to wit:

    (a)    Although Plaintiffs also request injunctive relief in this motion, Mr. Manookian and Mr. Hammervold have demonstrated a clear willingness to violate court orders. Injunctive relief, therefore, is not sufficient by itself to protect Plaintiffs' interests;

    (b)    Based on the nature of the Pending Cummings Manookian Litigation and Hammervold Pending Litigation, and the business model of law firms that tend to practice in these practice areas, it is reasonable to assume that a substantial portion- if not all- of the Pending Litigation is being handled on a contingency fee basis, in which the law firm receives its fee based on a percentage of amounts recovered for clients, and only at the conclusion of the litigation;

    (c)    The potential recovery to Cummings Manookian and Hammervold PLC in their Pending Litigation is substantial;

    (d)    Regardless of whether Cummings Manookian and Hammervold PLC are being compensated on an hourly basis or a contingency fee basis, absent the appointment of a receiver to control any payments on these Choses in Action, there is a substantial risk that payments arising out of fees earned in the pending lawsuits could be redirected in such a way as to circumvent payment

18

to Plaintiffs of the Sanctions Judgment. This risk is accentuated given the ongoing participation in many of these lawsuits by Mr. Cummings, acting by and through his law firm, Cummings Law as co-counsel, neither of which are Sanctions Judgment Debtors. As the former law partner of Mr. Manookian, and a long term colleague of both Mr. Manookian and Mr. Hammervold as shown by the number of cases in which they have appeared as co-counsel, it is reasonable to believe that there is a serious risk that any monies to be received as legal fees in any of these cases could be redirected among the lawyers by agreement in such a way as to be paid entirely to Mr. Cummings and/or Cummings Law, who could in turn remit to any of the Sanctions Judgment Debtors their portion of the fees, outside the purview of this court;

(e)    Likewise, the Jeweler Agreements, to the extent that they exist, are potentially generating hundreds of thousands of dollars of monthly income to Cummings Manookian or Mr. Manookian. It is also necessary that a receiver be appointed to determine the existence of any Jeweler Agreements, to make sure that Cummings Manookian is performing its obligations under the agreements, and to properly collect and account for the fees generated by such agreements, for the benefit of Plaintiffs.

A receiver is therefore necessary to preserve the rights of Cummings Manookian and Hammervold PLC in these Choses in Action, for the benefit of Plaintiffs. However, that receiver must necessarily be an attorney who would otherwise qualify as receiver for

19

an impaired, suspended or disbarred attorney under Tenn. S. Ct. Rule 9, § 29.[3] That is

because, in order to review the documentation necessary to prepare for filing any such

notices of attorneys' liens and take other necessary actions to collect any fees due

Cummings Manookian and Hammervold PLC in all pending litigation, and to protect and

enforce the rights of Cummings Manookian under the Jeweler Agreements and any other

agreements, the receiver would necessarily have to review certain of records containing

privileged attorney-client communications or other confidential information.

35.    Accordingly, Plaintiffs request not only request the issuance of a Writ of

Execution and Distringas/Fieri Facias as to the Cummings Manookian and Hammervold

PLC Choses in Action, and also as to all other goods, chattels, lands and tenements of

Cummings Manookian and Hammervold PLC as are allowed under Tenn. Code Ann. §26-

6-105, but also for the appointment of a receiver to collect on all choses in action, said

receiver to be vested with the usual powers, duties, rights of receivers appointed in similar

cases, including specifically the following:

a.    On-sight viewing (in native format) and making copies of all records of

Cummings Manookian and Hammervold PLC related to any and all cases in

which Cummings Manookian and/or Hammervold PLC have not yet

received all compensation they are owed, including but not limited to the

specifically identified Pending Litigation of both, and the Jeweler

---

[3] Tenn. Sup. Ct. Rule 9, §29 is not directly applicable in this case and is therefore not invoked as the basis for requesting a receiver here, since it provides the guidelines by which a court may appoint a receiver to protect primarily the interests of the *clients* of a lawyer no longer able to practice, whether by reason of disbarment, suspension, impairment or other similar reason. Nonetheless, it provides persuasive guidance in the factors that a court should consider in terms of the appointment of a receiver in this case.

Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b.      On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c.      The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d.      The right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian were or are engaged including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.      The right to make demand on any obligee owing money to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

21

f.	The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g.	The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Plaintiffs propose as the Receiver Mr. Phillip Young, a Williamson County attorney in good standing, who would qualify as a receiver for an attorney if this matter were presented under Tenn. S. Ct. Rule 9, §29.  Mr. Young has agreed to serve in this role and has substantial experience in receiverships generally, and specific experience in the context of representing the bankruptcy equivalent of a receivership for an attorney.  Mr. Young's resume is attached hereto as **Exhibit 29**.  Mr. Young's hourly rate would be $325 per hour.

## C.	Injunctive Relief is Necessary to Prevent Interference with the Receiver's Duties in Aid of the Execution of this Court's Final Judgment

As already shown, Plaintiffs are entitled to the issuance of a *Writ of Execution and Distringas/Fieri Facias* and the immediate appointment of a receiver. The purpose of the preliminary injunction is to provide the receiver with the means for implementing the purposes of the receivership - execution of this Court's Judgment.

Rule 65.04 the Tennessee Rules of Civil Procedure provide that a temporary injunction is available where "the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the

adverse party will tend to render such final judgment ineffectual." In addition to these factors, Tennessee courts generally hold that when determining whether to grant injunctive relief, the trial court should consider such factors as the adequacy of other remedies, the benefit to the plaintiff, the harm to the defendant, and the public interest. *See, e.g.* *Humphries v. Minbiole*, No. M2011-00008-COA-R3-CV, 2012 Tenn. App. LEXIS 776, at *15 (Ct. App. Nov. 8, 2012). These factors weigh heavily in favor of granting injunctive relief in the instant case.

### 1.    Irreparable Harm/Effectiveness of Final Judgment

In this case, Plaintiffs can show that immediate and irreparable harm is likely to occur without the issuance of a preliminary injunction, and/or the acts or omissions of Defendants will tend to render the Sanctions Judgment ineffectual. Plaintiffs are suffering irreparable harm because the assets of Judgment Defendants, including cash and the proceeds of such assets, may be dissipated, concealed, or removed from this Court's jurisdiction. The findings of fact made in the Sanctions Judgment alone demonstrate a legitimate concern about whether Messrs. Manookian and Hammervold will abide by court orders in this case any more than they have abided by prior court orders. As such, it is necessary that this court likewise grant injunctive relief against *all* of the defendants in this case, in order to prevent effectuation of this order by any of the other persons under the control or influence of Messrs. Manookian and Hammervold. Absent injunctive relief against all Defendants in this lawsuit, Plaintiffs' ability to collect the Sanctions Judgment will be substantially impaired, thus rendering the Sanctions Judgment ineffectual.

23

2. **Adequacy of Other Remedies**

There are no other adequate remedies. The receiver cannot adequately perform the receiver's duties if the Defendants interfere with the receiver or usurp the receiver's authority by collecting fees and not turning them over to the receiver.

3. **Harm to Defendants and the Public Interest**

There is no foreseeable harm to Defendants from injunctive relief or appointment of the receiver. A preliminary injunction and receivership merely will maintain the status quo. More importantly, the granting of temporary injunctive relief and appointment of a receiver will protect Plaintiffs' and the public's interests, including those of other creditors, in the assets of the Sanctions Judgment Debtors - the only means of satisfaction of the Judgment awarded Plaintiffs. It is likely that the assets will be irretrievably transferred and substantially greater harm will occur if the Receiver is not appointed or sufficiently fortified with the authority necessary to make safe, collect, manage and dispose of the property of the Sanctions Judgment Debtors than may occur if the injunctive relief or receiver are granted.

Most significantly, injunctive relief and a receiver will substantially benefit the public interest. The Sanctions Judgment - against two lawyers and their firms – resulted from conduct consisting not only knowing, willful, and intentional violations of this Court's orders, but a prolonged effort to "defraud" this Court. It was primarily the cover-up by the Sanctions Judgment Debtors that caused Plaintiffs to spend more than $700,000 in attorneys' fees. The Court should employ whatever powers are available to make the

24

consequences of this type of conduct tangible, as a deterrent to future misconduct by lawyers practicing in this – or any – Court.

**D. The Court Should Grant the Rights Available to Plaintiffs under Tenn. Code Ann. § 26-4-101 *et. seq.***

Tennessee law provides for a remedy designed for situations just like the one presented by this case, in the form of what is known as a "Bill to Subject Property." Specifically, Tenn. Code Ann. § 26-4-101 et. seq. provides:

> The creditor whose execution has been returned unsatisfied, in whole or in part, may proceed in the court granting the judgment, or may file a complaint in a court of general jurisdiction against the defendant in the execution and any other person, to compel the discovery of any property, including stocks, choses in action or money due such defendant, or the defendant's interest in property held in a trust for the defendant, except when the trust is exempt from the claims of the defendant's creditors under §§ 35-15-501 -- 35-15-509 of the Tennessee Uniform Trust Code.

A request for such a Bill to Subject has been made in this Lawsuit. Upon filing of a Creditor's Bill, Tenn. Code Ann. § 26-4-102 provides that

> The court has power to compel the discovery, and to prevent the transfer, payment, or delivery of the property, and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in the defendant, be levied upon by execution or not.

Furthermore, pursuant to Tenn. Code Ann. § 26-4-103, "[t]he Court is empowered to order all such bonds and other instruments to be executed by either the complainant or

25