defendant, and all such transfers to be may be necessary to carry the jurisdiction into complete effect."

Pursuant to this statutory authority, Plaintiffs request, as to each and every Defendant, an order: (1) compelling the defendant to identify and turn over to Plaintiffs (or, as appropriate to any Receiver appointed by this Court) all documents related to any property encompassed within Tenn. Code. Ann. § 26-4-101 in which any of the Sanctions Judgment Debtors have an interest; (2) preventing the transfer, payment or delivery of said property to anyone else; and (3) ordering the immediate transfer of that property to Plaintiffs or, as deemed appropriate, to a receiver appointed by the court.

***THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF FILED IN THIS MATTER***

Respectfully submitted,

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

Gregory H. Oakley, BPR #16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

Counsel for Plaintiffs

**THIS MOTION IS SET TO BE HEARD ON** May 21, 2019
**AT** 9:00 **O'CLOCK [AM/PM] ON THE CIRCUIT COURT MOTION
DOCKET HEARD AT THE WILLIAMSON COUNTY COURTHOUSE. IF NOT
WRITTEN RESPONSE TO THIS MOTION IS FILED AND SERVED IN THE
TIME SET BY THE LOCAL RULES OF PRACTICE, THIS MOTION MAY BE
GRANTED WITHOUT A HEARING.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served on the following via hand delivery, along with the summons and complaint in this action:

Cummings Manookian PLC
c/o Cummings Manookian PLC
45 Music Square West
Nashville, TN 37203

Manookian PLLC
c/o Manookian PLLC
45 Music Square West
Nashville, TN 37203

Hammervold PLC
c/o Incorp Services, Inc., Registered Agent
216 Centerview Dr Ste 317
Brentwood TN 37027

Brian Philip Manookian
2016 Sunset Hills Terrace
Nashville TN 37215

Mark Hammervold
1758 N Artesian Ave
Chicago IL 60647

Cummings Law, LLC
c/o Brian Cummings, Registered Agent
1901 Wildwood Avenue
Nashville TN 37212

Brian Cummings
4235 Hillsboro Pike Ste 300
Nashville TN 37215

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville TN 37215

Dated: April 25, 2019

Greg Oakley

126

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**AT FRANKLIN**

| | | |
|---|---|---|
| DEAN CHASE; SANDRA CHASE; and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF**

This matter came before this court on May 23, 2019 on the Motion of Plaintiffs (a) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, for the issuance of *Writs of Execution and Distringas/Fieri Facias* on the assets of defendants Cummings Manookian PLC and Hammervold PLC and to appoint a receiver for the collection of their choses in action (Counts I and II of the complaint); (b) for Relief pursuant to Tenn. Code Ann.§ 26-4-101 *et.seq.* (Count III of the Complaint), and (c) for temporary injunctive relief pursuant Tenn. R. Civ. Proc. 65.04 (Count IV of the Complaint) (hereinafter the "Plaintiffs' Motion"). The Court having first considered and denied in full the separate motions of defendant Hammervold PLC to dismiss the above captioned lawsuit and to disqualify Plaintiffs' counsel, as reflected by separate orders entered

contemporaneously herewith, and having thereafter further considered the merits of the Plaintiffs' Motion[1], the responses in objection filed thereto, and the arguments of all counsel at the hearing on this matter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

## COUNTS I AND II OF THE PLAINTIFF'S COMPLAINT

The Court **GRANTS** the relief requested in Plaintiffs' Motion as reflected in Counts I and II of the complaint, with certain conditions set forth herein to address: (a) the specific concerns of defendants Brian Cummings and Cummings Law concerning contacts with their clients, as raised in their written objection to Plaintiff's Motion and presented in oral argument at the hearing of this matter; and (b) to address one particular concern raised by defendant Brian Manookian concerning past settlements of cases where funds have already been released, as raised in oral argument of this matter.

Specifically, the Court finds it is necessary and appropriate to issue the requested writs and appoint a receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 in order to enable Plaintiffs to levy on the choses in action of Cummings Manookian PLC and Hammervold PLC, specifically any rights to money, or property of any kind, from any third party, including without limitation, from clients, counsel or co-counsel, and the contract or other rights arising under the Jeweler Agreements as referenced in Plaintiffs' Motion. The Court hereby appoints Phillip Young receiver of Cummings Manookian and Hammervold PLC for purposes of collecting all Choses of Action of these two entities, vesting in Mr. Young all of the usual powers and duties of a receiver under Tennessee law, including the following as requested in Plaintiffs' Motion and as modified herein:

---

[1] To the extent that capitalized terms are not otherwise defined herein, the Court incorporates the definitions for such capitalized terms used in Plaintiffs' Motion.

a.   On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC had not yet, as of 1:00 p.m. on May 23, 2019 (hereinafter the **"Order Effective Date"**) received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b.   On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c.   The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d.   Except as set forth below as concerns cases in which Brian Cummings or Cummings Law are sole or co-counsel, the right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian or Hammervold PLC, acting by or through any of their agents, were or are engaged

3

including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.      The right to make demand on any obligee owing money or property of any kind to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

f.      The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g.      The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Notwithstanding the foregoing, and in order to address the concerns raised by Brian Cummings and Cummings Law in their response, absent further court order, the Receiver is specifically ordered not to contact clients of Mr. Cummings or Cummings Law, and though no receiver has been requested in Plaintiffs' Motion as to Cummings Law, the court clarifies that the Receiver shall have no right to inspect the books and records of Cummings Law, absent further order of this Court. However, this restriction, and for that matter any other restriction on the receiver's rights under this order, or any other term of this order, shall not in any way impair the right of Plaintiffs to engage in such discovery in this action as it is entitled under the Tennessee Rules of Civil Procedure, Tenn. Code Ann. § 26-4-101 et. seq., and any other basis at law or in equity, or from otherwise executing on the Sanctions Judgment against any of the Sanctions Judgment Debtors.

4

To the extent deemed necessary and appropriate in the exercise of his discretion, the Receiver may apply directly to the Clerk of this Court, and the Clerk is hereby directed to issue to the Receiver, all such writs of Execution, Distringas, and/or Fieri Facias as the Receiver deems appropriate to carry out the Receiver's duties. The Receiver is hereby authorized to carry out said writs to take possession of the proceeds of any Choses in Action of Cummings Manookian and or Hammervold PLC as would the sheriff if the writs had been issued to the sheriff, to the same extent as set forth in Title 26 of the Tennessee Code and in Tenn. R. Civ. Proc. 69.

In order to avoid the risk of Plaintiffs recovering any amount in excess of the Sanctions Judgment Balance plus accrued interest thereon at that time, the Receiver is ordered to not distribute any money collected in this matter, either in the form of payments to the Receiver or payments to Plaintiffs, pending further order of this court. Likewise, and for the same reason, to the extent that Plaintiffs recover any portion of the Sanctions Judgment Balance via judgment execution efforts undertaken in the underlying case in which the Sanctions Judgment was rendered, Plaintiffs shall timely report same to the Receiver and to this court in order to allow the Receiver to avoid recovering an amount greater than the Sanctions Judgment Balance plus accrued post-judgment interest through that date.

## COUNT III OF LAWSUIT

The Court **GRANTS** Plaintiffs' request for relief pursuant to Tenn. Code Ann. § 26-4-101 *et. seq.* as requested in Count III of the Lawsuit filed in the above captioned matter. Specifically, the court **ORDERS** that, within 30 days of the Order Effective Date (as that term is defined above), each Defendant[2] shall file with this court, and provide to Plaintiff, (a) a sworn statement identifying

---

[2] Other than Mark Hammervold in his individual capacity, since Mr. Hammervold has not been personally served with the lawsuit at this time

131

all rights or interest in property, of any kind, tangible or intangible, matured or unmatured (including but not limited to cash, stocks, choses in action or money due), and known by Defendant to be, or believed by Defendant to be, owned in whole or in part by any of the Sanctions Judgment Debtors, or held in trust for any of the Sanctions Judgment Debtors (unless held in a trust that is exempt from the claims of creditors pursuant to Tenn. Code Ann. §35-15-501 through 509), regardless of whether such property could be levied upon by execution or not, (b) the last known location and holder of said property, and (c) all documents on which the foregoing belief is based. It is further **ORDERED** that all Defendants are (except as specifically provided below) prohibited from transferring, paying or delivering said property to anyone else; or consenting to, or participating in, the transfer, payment or delivery of said property to anyone else, and to the extent said defendant has possession or control of said property, the Defendant shall act as follows: (i) to the extent that the property in question constitutes proceeds of any chose in action of Cummings Manookian and/or Hammervold PLC (including but not limited to fees, expenses or other compensation due from any source) said proceeds shall be immediately remitted by the Defendant to the Receiver in such manner as directed by the Receiver in writing, and (ii) to the extent that the property in question is any other type of property, the Defendant is instructed to hold said property in trust for the benefit of Plaintiffs, pending further order of this court.

## COUNT IV OF LAWSUIT

Plaintiffs' separate request for injunctive relief pursuant to Tenn. R. Civ. Proc. 65 is DENIED.

Any relief sought in Plaintiffs' Motion not addressed specifically herein, and all relief sought in Plaintiffs' Motion as to Mark Hammervold personally, is reserved for future ruling by this Court.

6

**IT IS SO ORDERED.**

_David L. Allen_

**Judge David Allen**


Submitted for Entry:

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

Greg Oakley / with permission by DoB

Gregory H. Oakley; No. 16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

_Counsel for Plaintiffs_

133

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, a true and correct copy of the foregoing has been served by: first class mail, postage prepaid, except where indicated below, to:

Brian Manookian, Esq.,
45 Music Square West
Nashville, TN 37203

*Pro se and Counsel for Cummings Manookian, PLC, Manookian PLLC, and Afsoon Hagh*

Mark Hammervold, Esq.
1758 N. Artesian Ave.,
Chicago, IL 60647-5311

Mark Hammervold, Esq.
315 Deaderick St., Suite 1550
Nashville TN 37238

*Counsel for Hammervold, PLC*

Brian Cummings, Esq. **(via email only)**
4235 Hillsboro Pike, Suite 300
Nashville TN 37215
brian@cummingsinjurylaw.com

*Pro se and as Counsel for Cummings Law, LLC*

Daniel H. Puryear

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.

6 20 19
Date          Circuit Court

8

134



IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 AUG 23 PM 3: 43

ENTERED _____

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). In the Motion, the Receiver requests, among other things that Brian Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks & Chastain, PLLC, and James Osborne (the "Restrained Parties"), as well as those persons or entities in active concert or participation with any of them, be restrained from directly or indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the settlement funds related to the resolution of *Marty Fitzgerald, et al. v. James Osborne* (the "Fitzgerald Case"), a case pending in the Circuit Court for Williamson County, Tennessee. The Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining

135

Order (the "Memo of Law") in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.    Based upon the sworn allegations contained in the Affidavit, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. In the TRO Papers the Receiver sets forth allegations which, if proven true, give the Receiver a substantial likelihood of succeeding on his claims to some or all of the attorneys' fees earned by plaintiffs' counsel in the Fitzgerald Case.

2.    In the absence of a restraining order, the Receiver and this receivership estate face the prospect of losing a substantial source of recovery, namely some portion of the Fitzgerald Case settlement funds. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.    It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.    The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from delivering the Fitzgerald Case settlement funds to Hagh Law, PLLC not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.    For all of the foregoing reasons, this Order is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.     The Motion is hereby granted in its entirety.

B.     Brian Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks & Chastain, PLLC, and James Osborne, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the 1/3 the $4,050,000.00 representing the attorneys' fees ($1,336,500.00) related to the resolution of the Fitzgerald Case.

C.     The bond is hereby set in the amount of $10,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on August 30, 2019, at 9:00, a.m. in the Circuit Court for Maury County, Tennessee.

Entered this _23_ day of August, 2019, at _1_ :_53_, _p_.m.

_____
Judge David Allen

SUBMITTED FOR ENTRY:

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.
8·23·19    A. Williams
Date        Circuit Court

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
315 Deaderick Street, Suite 1550
Nashville, TN 37238

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

This 23rd day of August, 2019.

Phillip G. Young, Jr.

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 AUG 29 PM 3: 33

ENTERED_____

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

DEAN CHASE, SANDRA CHASE,  )
and D.F. CHASE, INC.,  )
                        )
    Plaintiffs,  )
                        )
v.  )      No. 2019-221
                        )
CUMMINGS MANOOKIAN PLC;  )
MANOOKIAN PLLC; BRIAN  )
PHILIP MANOOKIAN;  )
HAMMERVOLD PLC; MARK  )
HAMMERVOLD; CUMMINGS  )
LAW LLC; BRIAN CUMMINGS;  )
and AFSOON HAGH,  )
                        )
    Defendants.  )

COPY

## AGREED ORDER REGARDING TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Receiver's Motion to Approve Agreed Order Regarding Fitzgerald Case TRO (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). As evidenced by the signatures below, the Receiver and all parties (the "Restrained Parties") restrained by the Temporary Restraining Order entered by this Court on August 23, 2019 (the "TRO") have agreed to dissolve the TRO subject to certain terms and conditions. Based upon the agreement of the Receiver and the Restrained Parties, as evidenced by the signatures below, the Court finds as follows:

    1.  The Motion should be and hereby is GRANTED.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

    A.    The TRO issued on August 23, 2019 is hereby dissolved.

B.  James Osborn, Steve Meisner, and/or Brewer, Krause, Brooks & Chastain, PLLC may deliver settlement funds pursuant to the terms of the settlement agreement reached in the case of *Marty Fitzgerald et al. v. James Osborn* (the "Fitzgerald Case").

C.  Nothing herein or in the dissolved TRO shall in any way impact the terms of the settlement agreement in the Fitzgerald Case.

D.  Nothing herein or in the dissolved TRO is an admission or indication that Cummings Manookian is entitled to any portion of the settlement funds in the Fitzgerald Case.

E.  Hagh Law PLLC has agreed to and shall therefore deposit and hold $760,000.00 from the Fitzgerald Case settlement funds in the IOLTA trust account belonging to Hagh Law PLLC in order to permit the Receiver a reasonable period of time to investigate whether he believes Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds.

F.  If the Receiver claims that Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds, he may file a motion with this Court – or bring an action in any other Court of competent jurisdiction – within thirty (30) days. If the Receiver alleges that he has not been provided sufficient information to make such a determination, then the Receiver may file a motion with this Court seeking an extension of time within which to ask for disposition of the funds. If an extension of time is granted, Hagh Law PLLC shall deliver to the Receiver, at his request but not less than

monthly, redacted account statements for the Hagh Law PLLC IOLTA trust account so that the Receiver may confirm that the $760,000.00 remains on deposit.

G.     The hearing on a preliminary injunction previously scheduled for August 30, 2019 is hereby canceled, as the matter is now moot.

H.     The TRO bond is hereby canceled and released.

I.     Nothing in this Agreed Order is an admission by any Defendant as to the Receiver's rights to any portion of the proceeds of any settlement in the Fitzgerald Case, with the Defendants dispute.

J.     Nothing in this Agreed Order prevents or waives any rights by any Defendant to seek relief in this case as to the $760,000.00 held pursuant to this Order including through declarative or injunctive action.

K.     Nothing in this Agreed Order waives any causes of actions or claims belonging to Marty Fitzgerald, Melissa Fitzgerald, or James Osborn.

This 29th day of August, 2019.

David J. Allen

Judge David Allen

SUBMITTED FOR ENTRY:

_Phillip G. Young, Jr._
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver


_Steven Meisner (w/ permission by Phillip G. Y.)_
Steven Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 630-7727 (phone)
smeisner@bkblaw.com

Counsel for James Osborn


_Brian Manookian (w/ permission by Phillip G. Y.)_
Brian Manookian
45 Music Square West
Nashville, TN 37203
(615) 266-3333 (phone)
brian@tntriallawyers.com

Counsel for Hagh Law, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311
mark@hammervoldlaw.com

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
smeisner@bkblaw.com

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN  37228
smeisner @ bkblaw.com

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN  37228
pchastain@bkblaw.com

This 28th day of August, 2019.

Phillip G. Young, Jr.

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN**

| | |
|---|---|
| **DEAN CHASE, SANDRA CHASE,** ) | |
| **and D.F. CHASE, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 2019-221** |
| ) | |
| **CUMMINGS MANOOKIAN PLC;** ) | |
| **MANOOKIAN PLLC; BRIAN** ) | |
| **PHILIP MANOOKIAN;** ) | |
| **HAMMERVOLD PLC; MARK** ) | |
| **HAMMERVOLD; CUMMINGS** ) | |
| **LAW  LLC; BRIAN CUMMINGS;** ) | |
| **and AFSOON HAGH,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER DIRECTING HAGH LAW. PLLC TO DEPOSIT FUNDS INTO COURT

This matter came before the Court on November 5, 2019 for a hearing on the

Receiver's Motion for Order Directing Hagh Law, PLLC to Deposit Funds into Court or,

in the Alternative, Granting Additional Time to File a Motion Regarding Funds (the

"Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the

"Receiver").  The Receiver appeared at the hearing and explained the facts leading up to

the filing of the Motion.  The Receiver also informed the Court that Brian Manookian,

defendant herein and counsel for Hagh Law, PLLC, had emailed the Receiver on the

morning of November 5, 2019, informing him that Hagh Law, PLLC was moving, or had

moved, $760,000.00 (the "Funds") into a new trust account, and requesting a continuance

of this matter to November to November 8, 2019 due to a scheduling conflict preventing

Mr. Manookian's appearance.  The Receiver informed the Court that he had no objection

to the requested continuance to allow Mr. Manookian's participation, though he expressed some continuing concern about the safe-keeping of the Funds without proof that the Funds had already been transferred into trust. Based upon the Motion, the prior pleadings filed with this Court, and the statements of the Receiver at the November 5, 2019 hearing, the Court finds as follows:

1.      The Court is concerned that the Funds were moved by Hagh Law, PLLC and/or Mr. Manookian without a motion to alter or amend the Court's prior order requiring that the Funds be held in the Hagh Law, PLLC IOLTA trust account, and in contravention of the Court's prior order.

2.      The Court finds that the relief sought in the Motion does not affect the substantive rights of any party; rather, it simply seeks to move the Funds from one sheltered account to a different sheltered account pending a decision regarding ownership of the Funds.

3.      Good cause exists to grant the relief sought in the Motion.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.      Mr. Manookian's request for a continuance of the hearing on the Motion is denied.

B.      Hagh Law, PLLC is hereby ordered to deposit $760,000.00 with the Circuit Court for Williamson County, Tennessee by no later than Noon on November 12, 2019.

C.    The Circuit Court for Williamson County, Tennessee shall hold the Funds

on deposit pending further order of this Court.

*November 12, 2019.*

_____
Judge David Allen

SUBMITTED FOR ENTRY:

_____
Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com


Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com


Mark Hammervold
By Email Only
mark@hammervoldlaw.com

This 5th day of November, 2019.

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

DEAN CHASE, SANDRA CHASE, )
and D.F. CHASE, INC., )
 )
  Plaintiffs, )
 )
v. )  No. 2019-221
 )
CUMMINGS MANOOKIAN PLC; )
MANOOKIAN PLLC; BRIAN )
PHILIP MANOOKIAN; )
HAMMERVOLD PLC; MARK )
HAMMERVOLD; CUMMINGS )
LAW  LLC; BRIAN CUMMINGS; )
and AFSOON HAGH, )
 )
  Defendants. )

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver").  In the Motion, the Receiver requests, among other things that Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company (the "Restrained Parties"), as well as those persons or entities in active concert or participation with any of them, be restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.  The Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining Order (the "Memo of Law")

in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.  Based upon the sworn allegations contained in the Affidavit and the record herein, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. The Court has previously ordered Hagh Law, PLLC to deposit $760,000.00 with the Clerk of this Court, but it has failed to do so.

2.  In the absence of a restraining order, the Receiver, this receivership estate, and/or the newly created bankruptcy estate of Cummings Manookian, PLC face the prospect of losing a substantial source of recovery, all or some part of the $760,000.00 that Hagh Law, PLLC was ordered to pay into this Court. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.  It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.  The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from dissipating $760,000.00 not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.  For all of the foregoing reasons, this Motion is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.  The Motion is hereby granted in its entirety.

B.     Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

C.     The bond is hereby set in the amount of $50,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on November 25, 2019, at 1:00, p.m. in the Circuit Court for Lawrence County, Tennessee.

Entered this _18th_ day of November, 2019, at _2:02_, _P_.m.


_David J. Allen_

Judge David Allen

SUBMITTED FOR ENTRY:

_____
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold (mail only)
1758 N. Artesian Ave.
Chicago, IL  60647-5311

First-Citizens Bank & Trust Company (mail only)
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

First-Citizens Bank & Trust Company
ATTN: Branch Manager
228 South Royal Oaks Blvd.
Franklin, TN 37064

This 18th day of November, 2019

_____
Phillip G. Young, Jr.

| | |
|---|---|
| **DEAN CHASE, SANDRA CHASE,** | ) |
| **and D.F. CHASE, INC.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **No. 2019-221** |
| | ) |
| **CUMMINGS MANOOKIAN PLC;** | ) |
| **MANOOKIAN PLLC; BRIAN** | ) |
| **PHILIP MANOOKIAN;** | ) |
| **HAMMERVOLD PLC; MARK** | ) |
| **HAMMERVOLD; CUMMINGS** | ) |
| **LAW  LLC; BRIAN CUMMINGS;** | ) |
| **and AFSOON HAGH,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>TEMPORARY INJUNCTION</u>

This matter is before the Court on the Receiver's Motion for Temporary Restraining Order and Temporary Injunction (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver").  The Court conducted a hearing on this matter at which the following individuals appeared:  the Receiver; Ronn Steen, counsel for the Receiver; John Spragens, counsel for non-party Hagh Law, PLLC; Brian Manookian, *pro se*; and Jeanne Ann Burton, Chapter 7 Trustee for the bankruptcy estate of Cummings Manookian, PLC (collectively, the "Parties").  No evidence was heard, and the parties resolved their dispute by negotiating an agreement with one open term that was decided by the Court based on the pleadings and arguments presented in open court.

Accordingly, based on the agreement of the parties, it is ORDERED, ADJUDGED, AND DECREED as follows:

1.     Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount totaling up to $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

2.     This Order does not restrict Afsoon Hagh and/or Hagh Law, PLLC from moving, withdrawing and/or transferring any amount from the aforementioned account, provided the account balance remains at least $715,000.00. Nor does this Order does freeze any other funds of Afsoon Hagh individually or Hagh Law, PLLC.

3.     This Temporary Injunction shall expire at 11:59 p.m. C.S.T. on January 17, 2020, absent a further order of this Court or another Court of competent jurisdiction.

Entered this _____ day of December, 2019.


_____
Judge David Allen

APPROVED FOR ENTRY:

Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

```
                    United States Bankruptcy Court
                     Middle District of Tennessee
```

In re:                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                        Chapter 7
          Debtor
                        **CERTIFICATE OF NOTICE**

District/off: 0650-3       User: sdt7475       Page 1 of 1        Date Rcvd: Dec 20, 2019
                          Form ID: pdf001      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 22, 2019.
db              +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 22, 2019                    Signature:  /s/Joseph Speetjens

_____

                    **CM/ECF NOTICE OF ELECTRONIC FILING**


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 20, 2019 at the address(es) listed below:
          DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
          paralegalgroup@puryearlawgroup.com
          JEANNE ANN BURTON   TN24@ecfcbis.com
          LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
          slefkovitz@lefkovitz.com,
          stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
          cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
          es@lefkovitz.com
          PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
          PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
          PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
          US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                          TOTAL: 11

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/20/2019



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                        )

                              )     CASE NO: 3:19-bk-07235

CUMMINGS MANOOKIAN, PLLC,   )     Chapter 7

                              )     Honorable Charles M. Walker

            Debtor.          )

ORDER

This matter came before the court pursuant to the Chapter 7 Trustee's Application and Notice to Employ Thompson Burton PLLC as special counsel for the estate.

The relevant legal authority is Section 327(e) of the Bankruptcy Code which provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

Based on the Objection and the Supplemental Reply filed by Mr. Manookian, the Court believes that the disclosures within the Application require additional detail. Neither the Application nor the testimony elicited during the December 17, 2019 hearing contain the specificity necessary for the Court to rule. The scope of the employment must be more specific and provide the details necessary for the Court to address whether the applicant has an adverse interest to the debtor or the estate with respect to the matter or matters on which such attorney is

to be employed.  Therefore, the trustee has until Tuesday, December 24, 2019 to file a

supplemental application and supporting affidavit to specifically detail the scope of work that is

currently contemplated for Thompson Burton PLLC, as opposed to the broad general statement

in paragraph 3 of the Application and provide details and full disclosure of any current or

potential conflicts that may exist.  The supplement should also detail any and all prepetition

actions by Thompson Burton PLLC as they relate to the scope of employment contemplated for

the estate.

Upon review of the supplemental application, the Court shall enter the appropriate order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS**
**INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/23/2019

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                                      )
                                            )        CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,                   )        Chapter 7
                                            )        Honorable Charles M. Walker
          Debtor.                           )

## ORDER OVERRULING OBJECTION AND EMPLOYING
## THOMPSON BURTON PLLC AS SPECIAL COUNSEL

This matter came before the Court for hearing on December 17, 2019 (the "Hearing"), on

the Objection to the Chapter 7 Trustee's Application and Notice to Employ Thompson Burton

PLLC as special counsel for the estate, filed pro se by Mr. Brian Manookian.  Despite Mr.

Manookian's dubious legal standing to object, the court considered the testimony of Phillip G.

Young and argument of counsel and Mr. Manookian at the Hearing, as well as, the Application

to Employ (Docket # 6), Mr. Manookian's Objection to the Employment (Docket #14), the

Trustee's Supplemental Brief (Docket # 16), Mr. Manookian's Supplemental Reply (Docket #

18), Trustee's Response to Manookian's Reply (Docket #19), and Trustee's Supplemental

Application to Employ (Docket # 21).  After fully considering the matter, the Court finds as

follows:

Pursuant to the requirements of 11 U.S.C. § 327(e), Phillip G. Young and all members in

the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, represent no

interest adverse to the debtor or to the estate with respect to the matters on which Thompson

Burton PLLC is being employed by the Trustee and such employment is in the best interest of the estate.

**IT IS HEREBY, ORDERED** that the Objection filed by Mr. Manookian located at docket entry #14 is **OVERRULED**. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b), the Application to Employ is **APPROVED**. Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel in the administration of the above-styled estate.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE ~~FILED~~
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

2019 DEC 23  PM 2: 21

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC       )          Case No: 3:19-bk-07235
                                          )          Chapter 7
                                          )          Judge Walker
        Debtor.                           )

---

## BRIAN MANOOKIAN'S REQUEST FOR LEAVE TO RESPOND IN OPPOSITION AND OBJECTION TO SUPPLEMENTAL APPLICATION OF TRUSTEE TO EMPLOY SPECIAL COUNSEL

---

Brian Manookian, as the owner of the Debtor (Cummings Manookian, PLLC), opposes and objects to the Trustees' Supplemental Application to Employ Thompson Burton PLLC or Phillip Young, Esq. as Special Counsel in this matter and seeks leave to file a response to the same.

1.      The Chapter 7 Trustee seeks to employ Thompson Burton and Phillip Young as Special Counsel in this matter. (D.E. No. 6). Brian Manookian has objected based upon actual conflicts of interest. (D.E. No. 14).

2.      On December 20, 2019, this Court held that the Trustee had failed to provide sufficient bases for employing Thompson Burton or Phillip Young in either its Application to Employ Special Counsel or through testimony elicited at the December 17, 2019 hearing on the matter. (D.E. No. 20). In its Order, the Court provided the Chapter 7 Trustee an opportunity to supplement its deficient Application. *Id.*

1

3. The Chapter 7 Trustee filed its response on December 21, 2019. (D.E. 21). The response was styled "Supplement to Application of Trustee to Employ Special Counsel" (hereinafter the "Supplemental Application").

4. The Supplemental Application contains untested testimony and allegations that go far beyond the original Application to Employ. Mr. Manookian requests both an opportunity to respond in writing as well as a hearing to cross-examine Proposed Special Counsel, Phillip Young, regarding his multi-page declaration – the content of which Mr. Manookian materially disputes.

5. Alternatively, Mr. Manookian respectfully submits that the Chapter 7 Trustee's Supplemental Application, along with Mr. Young's Declaration, themselves provide compelling and necessary bases for denying the Trustee's Request. As just one example that Mr. Manookian would otherwise brief and cross examine:

   a. The Trustees admits at Paragraph 1 of her Supplemental Application that the Employment of Thompson Burton and Phillip Young will include the collection of legal fees owed, or which the Trustee alleges are owed to the debtor, and those purported fees are identified specifically at Paragraph 5 of the Declaration of Phillip Young;

   b. That Declaration specifically included the collection of funds in *Miller v. Vanderbilt University Medical Center*;

   c. Cummings Manookian, the Debtor, has already been sued in a presently pending matter over Phillip Young's prior, improper attempts to collect such

2

fees in *Miller v. Vanderbilt University Medical Center*. (*See,* D.E. No. 21, Appendix A, at Page 11.

    d. It appears Phillip Young's primary motivation in employment as Special Counsel in this case is to insulate himself and his firm, Thompson Burton, from otherwise meritorious claim by Cummings Manookian against Phillip Young for his prior conduct.

6.    The Trustee's Supplemental Application and the Declaration of Phillip Young are replete with presumably unwitting but additional examples of Phillip Young (and by imputed, required extension, Thomson Burton's) inability and unsuitability to serve as Special Counsel in this case.

    a. Entire sections of the "Trustee's" motion are dedicated to the "extremely prejudicial effect" on the Debtor of not employing Phillip Young; but those prejudicial effects are a consequence solely as a result of actions previously taken by Phillip Young. (*See,* D.E. 21, Para. 3.)

    b. With respect to Section 327(e), the Trustee is requesting that Phillip Young be employed on matters for which Phillip Young has not only created liability for the Debtor, but is presently a co-Defendant with the Debtor in at least one pending lawsuit;

    c. But Phillip Young's prior missteps and liability for the same redound to the benefit of the estate and necessarily require suit by the Debtor against Phillip Young in the same matter in which he proposes to represent the Debtor.

3

7.    To the extent necessary to repeat the following, Brian Manookian does not object to the employment of Special Counsel. This appears to be a case necessitating the same. Brian Manookian simply objects to the employment of Special Counsel that has present, substantial, and actual conflicts of interest that are only likely to multiply over time.

8.    None of this debate is necessary. There are scores of capable lawyers who would undoubtedly serve as Special Counsel in this case who have no previous connection to the matter.

9.    The Trustee's sole objection to locating alternative counsel is that there is a presently pending deadline that could prejudice the Debtor and Estate. She proceeds to unironically concede such deadline was secured by none other than Phillip Young at a time that his employment as Special Counsel was opposed.

10.   Thompson Burton and Phillip Young are not suitable choices as Special Counsel in this case. They are not, however, willing to graciously withdraw from consideration; necessitating otherwise needless adversarial motion practice on what should be a non-controversial topic.

For all of the above reasons, Brian Manookian respectfully requests that the Trustees' Motion for Appointment of Special Counsel be **DENIED, WITHOUT PREJUDICE,** in order to allow the Trustee an opportunity to select Special Counsel with no relationship to the Debtor. Alternatively, Mr. Manookian requests the opportunity to fully respond to the Chapter 7 Trustee's Supplemental Application, including a hearing to

168

put on witnesses, introduce exhibits, and cross-examine the otherwise unchallenged testimony submitted by Declaration in support of the Supplemental Application.

Respectfully submitted,

Brian Manookian
45 Music Square West
Nashville, TN 37203
T: 615.266.3333
F: 615.266.0250

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response was electronically served via the ECF filing system to the following individuals by U.S. Mail on December 23, 2019:

Jeanne Ann Burton, Trustee
Jeanne Ann Burton PLLC
4117 Hillsboro Pk Ste 103-116
Nashville, TN 37215

United States Trustee
701 Broadway, Customs House, Suite 318
Nashville, TN 37203

Phillip G. Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Cir., Ste 200
Franklin, TN 37067

United States Bankruptcy Court
Middle District of Tennessee

In re:                                                     Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                            Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3       User: anm0611          Page 1 of 1           Date Rcvd: Dec 23, 2019
                           Form ID: pdf001       Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 25, 2019.
db            +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp        +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                             TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2019                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 23, 2019 at the address(es) listed below:
      DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
       paralegalgroup@puryearlawgroup.com
      DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
       paralegalgroup@puryearlawgroup.com
      DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
       paralegalgroup@puryearlawgroup.com
      JEANNE ANN BURTON   TN24@ecfcbis.com
      LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
       slefkovitz@lefkovitz.com,
       stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
       cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
       es@lefkovitz.com
      PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
      PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
      PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
      PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
      PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
      US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                TOTAL: 11



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/23/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
) CASE NO: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC, ) Chapter 7
) Honorable Charles M. Walker
Debtor. )

**ORDER OVERRULING OBJECTION AND EMPLOYING
THOMPSON BURTON PLLC AS SPECIAL COUNSEL**

This matter came before the Court for hearing on December 17, 2019 (the "Hearing"), on

the Objection to the Chapter 7 Trustee's Application and Notice to Employ Thompson Burton

PLLC as special counsel for the estate, filed pro se by Mr. Brian Manookian. Despite Mr.

Manookian's dubious legal standing to object, the court considered the testimony of Phillip G.

Young and argument of counsel and Mr. Manookian at the Hearing, as well as, the Application

to Employ (Docket # 6), Mr. Manookian's Objection to the Employment (Docket #14), the

Trustee's Supplemental Brief (Docket # 16), Mr. Manookian's Supplemental Reply (Docket #

18), Trustee's Response to Manookian's Reply (Docket #19), and Trustee's Supplemental

Application to Employ (Docket # 21). After fully considering the matter, the Court finds as

follows:

Pursuant to the requirements of 11 U.S.C. § 327(e), Phillip G. Young and all members in

the firm of Thompson Burton PLLC, are duly admitted to practice in this Court, represent no

interest adverse to the debtor or to the estate with respect to the matters on which Thompson

Burton PLLC is being employed by the Trustee and such employment is in the best interest of the estate.

**IT IS HEREBY, ORDERED** that the Objection filed by Mr. Manookian located at docket entry #14 is **OVERRULED**. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b), the Application to Employ is **APPROVED**. Jeanne Ann Burton, Trustee, is authorized to employ Thompson Burton PLLC to represent her, as special counsel in the administration of the above-styled estate.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

172



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/26/2019

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                  )
                        ) Case No: 3:19-bk-07235
Cummings Manookian, PLLC,    ) Chapter 7
                        ) Honorable Charles M. Walker
          Debtor,          )
_____ )

## ORDER DENYING REQUEST FOR LEAVE TO RESPOND

THIS MATTER is before the Court on the request of Brian Manookian for leave to respond (Docket #24) to the supplement to the Trustee's Application to Employ Phillip Young and Thompson Burton PLLC as special counsel for the Trustee (Docket #21). The Court entered an Order on December 23, 2019 (Docket #23) approving the Trustee's Application. Mr. Manookian now seeks leave to respond and present evidence in light of the information provided in the supplement. The Court has considered the request, and being duly advised finds as follows:

     a)      The Court has an independent duty to evaluate the reasonableness and appropriateness of the employment. The Court permitted the filing of a supplement to clarify information gleaned at the hearing held on December 17, 2019.

     b)      Mr. Manookian's standing to object is dubious at best given his position as principle of the Debtor.

     c)      By the statements in his filings, Mr. Manookian was aware of the factual information contained in the Application and the supplement.

     d)      Mr. Manookian was given an opportunity to present evidence and cross-examine Mr. Young at the hearing held on December 17, 2019. Mr. Manookian cross-examined Mr. Young, but failed to present any evidence at the hearing. The Court declines to afford him a second bite at the apple by reopening the proceedings and permitting him to present evidence.

     e)      The Court has already approved the application, therefore, Mr. Manookian is requesting reconsideration of that Order. Even if this Court were to deem the request for leave as a motion for reconsideration, Mr. Manookian has provided no basis for such extraordinary relief as required by Federal Rule of Civil Procedure 59 or 60.

Therefore, for the reasons stated above, IT IS HEREBY ORDERED that the motion for leave is **DENIED**.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

173

In re:                                                           Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                          Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3          User: anm0611          Page 1 of 1          Date Rcvd: Dec 26, 2019
                             Form ID: pdf001         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 28, 2019.
db             +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp           +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 28, 2019                       Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 26, 2019 at the address(es) listed below:
              DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
               paralegalgroup@puryearlawgroup.com
              JEANNE ANN BURTON    TN24@ecfcbis.com
              LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
               slefkovitz@lefkovitz.com,
               stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
               cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
               es@lefkovitz.com
              PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
              PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
              PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
              US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                                                   TOTAL: 11



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/26/2019

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) Chapter 7 |
| | ) Honorable Charles M. Walker |
| Debtor, | ) |
| _____ | ) |

## ORDER DENYING REQUEST FOR LEAVE TO RESPOND

THIS MATTER is before the Court on the request of Brian Manookian for leave to respond (Docket #24) to the supplement to the Trustee's Application to Employ Phillip Young and Thompson Burton PLLC as special counsel for the Trustee (Docket #21). The Court entered an Order on December 23, 2019 (Docket #23) approving the Trustee's Application. Mr. Manookian now seeks leave to respond and present evidence in light of the information provided in the supplement. The Court has considered the request, and being duly advised finds as follows:

a) The Court has an independent duty to evaluate the reasonableness and appropriateness of the employment. The Court permitted the filing of a supplement to clarify information gleaned at the hearing held on December 17, 2019.

b) Mr. Manookian's standing to object is dubious at best given his position as principle of the Debtor.

c) By the statements in his filings, Mr. Manookian was aware of the factual information contained in the Application and the supplement.

d) Mr. Manookian was given an opportunity to present evidence and cross-examine Mr. Young at the hearing held on December 17, 2019. Mr. Manookian cross-examined Mr. Young, but failed to present any evidence at the hearing. The Court declines to afford him a second bite at the apple by reopening the proceedings and permitting him to present evidence.

e) The Court has already approved the application, therefore, Mr. Manookian is requesting reconsideration of that Order. Even if this Court were to deem the request for leave as a motion for reconsideration, Mr. Manookian has provided no basis for such extraordinary relief as required by Federal Rule of Civil Procedure 59 or 60.

Therefore, for the reasons stated above, IT IS HEREBY ORDERED that the motion for leave is **DENIED**.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### Case No. 3:19−bk−07235
#### Chapter 7

In re:

CUMMINGS MANOOKIAN, PLLC
45 MUSIC SQUARE WEST
NASHVILLE, TN 37203

Employer Tax ID / Other nos.:
47−2636732

## NOTICE OF NEED TO FILE PROOF OF CLAIM
## DUE TO RECOVERY OF ASSETS

**Notice is given that:**

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee. Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court on or before:

Claims Deadline Date: 4/1/20

Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate. Registered Users must file their claim electronically at **HTTPS://ECF.TNMB.USCOURTS.GOV.** Non−registered claim filers may file the claim by regular mail. If filing by regular mail you must include a stamped, self−addressed envelope for return of claim. A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim (Official Form B410) can be obtained at the bankruptcy courts web site: **http://www.tnmb.uscourts.gov/forms**, the United States Court Web Site: **http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx** or at any bankruptcy clerk's office.

There is no fee for filing the proof of claim.

If you have already filed a proof of claim, do not file another.

BY THE COURT

Dated: 1/3/20

TERESA C. AZAN
Court Clerk

**Address of the Bankruptcy Clerk's Office:**
701 Broadway Room 170
Nashville, TN 37203
Telephone number:  615−736−5584

In re:                                                          Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                        Chapter 7
        Debtor
## CERTIFICATE OF NOTICE

District/off: 0650-3        User: jmw0113        Page 1 of 1         Date Rcvd: Jan 03, 2020
                  Form ID: 2040l         Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 05, 2020.
```
db          +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
intp        +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
cr          +George Robertson, M.D.,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr          +Middle Tennessee Pulmonary,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
cr          +Phillip Family Medical Associates,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr          +Toby Smith, M.D.,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
7037352     +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042445     +D.F. Chase, Inc.,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,
             Nashville, TN 37205-2245
7037353     +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042443     +Dean Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville TN 37205-2245
7047371     +GRANT KONVALINKA & HARRIS,   633 CHESTNUT STREET,   SUITE 900,   CHATTANOOGA TN 37450-0900
7059550     +INSBANK,   PHILIP FONS EVP & CHIEF CREDIT OFFICER,   2106 CRESTMOOR ROAD,
             NASHVILLE TN 37215-2605
7037354     +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042444     +Sandra Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2020                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 2, 2020 at the address(es) listed below:
```
            DANIEL HAYS PURYEAR   on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
             paralegalgroup@puryearlawgroup.com
            DANIEL HAYS PURYEAR   on behalf of Creditor   D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
             paralegalgroup@puryearlawgroup.com
            DANIEL HAYS PURYEAR   on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
             paralegalgroup@puryearlawgroup.com
            JEANNE ANN BURTON    TN24@ecfcbis.com
            LEFKOVITZ AND LEFKOVITZ, PLLC    on behalf of Debtor    CUMMINGS MANOOKIAN, PLLC
             slefkovitz@lefkovitz.com,
             stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
             cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
             es@lefkovitz.com
            PHILLIP G YOUNG    on behalf of Trustee JEANNE ANN BURTON  phillip@thompsonburton.com
            PHILLIP L NORTH    on behalf of Creditor George  Robertson, M.D. pn@npr.legal
            PHILLIP L NORTH    on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
            PHILLIP L NORTH    on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
            PHILLIP L NORTH    on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
            US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                        TOTAL: 11
```

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### Case No. <u>3:19−bk−07235</u>
#### Chapter 7

In re:

CUMMINGS MANOOKIAN, PLLC
45 MUSIC SQUARE WEST
NASHVILLE, TN 37203

Employer Tax ID / Other nos.:
47−2636732

## NOTICE OF NEED TO FILE PROOF OF CLAIM
## DUE TO RECOVERY OF ASSETS

**Notice is given that:**

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee. Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court on or before:

Claims Deadline Date: 4/1/20

Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate. Registered Users must file their claim electronically at **HTTPS://ECF.TNMB.USCOURTS.GOV.** Non−registered claim filers may file the claim by regular mail. If filing by regular mail you must include a stamped, self−addressed envelope for return of claim. A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim (Official Form B410) can be obtained at the bankruptcy courts web site: **http://www.tnmb.uscourts.gov/forms**, the United States Court Web Site: **http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx** or at any bankruptcy clerk's office.

There is no fee for filing the proof of claim.

If you have already filed a proof of claim, do not file another.

BY THE COURT

Dated: <u>1/3/20</u>                    <u>TERESA C. AZAN</u>
                                      Court Clerk

**Address of the Bankruptcy Clerk's Office:**
701 Broadway Room 170
Nashville, TN 37203
Telephone number:   615−736−5584

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. _____ |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendants, for conversion, fraudulent transfer, tortious interference with contract, successor liability/alter ego, turnover, declaratory judgment, injunctive relief, and related relief, and would further state:

## PARTIES

1.    Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the Estate of Cummings Manookian, PLC[1] (the "Debtor" or "CM"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendants.

---

[1] The Debtor is incorrectly named "Cummings Manookian, PLLC" in the petition.

2.     Defendant Hagh Law, PLLC ("Hagh Law") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Afsoon Hagh, at 45 Music Square W, Nashville, TN 37203.

3.     Defendant Afsoon Hagh ("Hagh") is, on information and belief, a resident of Davidson County, Tennessee and may be served with process at 45 Music Square W, Nashville, TN 37203.

4.     Defendant Manookian, PLLC ("Manookian PLLC") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Brian Manookian, at 45 Music Square W, Nashville, TN 37203.

5.     Defendant First-Citizens Bank and Trust Company ("First Citizens") is, on information and belief, a commercial bank chartered under the laws of North Carolina and may be served with process via certified United States mail upon its Chief Executive Officer, Frank B. Holding, Jr. at 4300 Six Forks Road, #FCC22, Raleigh, NC 27609, or upon its registered agent for service of process, CT Corporation System at 300 Montvue Road, Knoxville, TN 37919.

<u>JURISDICTION AND VENUE</u>

6.     This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

7.     This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2

9.     The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541, 542, 544, 548, 550 and 551, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*

BACKGROUND

10.     Upon information and belief, CM was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Brian Cummings withdrew from CM. Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

11.     After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters. Mr. Cummings and another attorney, Mark Hammervold, assisted with the completion of a number of CM case files. Upon information and belief, Mr. Cummings, Mr. Hammervold and CM reached an agreement concerning the division of fees between CM and these other attorneys. CM received a substantial portion of the fees of each such CM case.

12.     Not all CM files were outsourced to other counsel after December 2018. CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh. Hagh is a licensed attorney, is the wife of Manookian, and provided legal services to CM on certain cases both before and after December 2018.

13.     From December 2018 through at least March 2019, Hagh filed pleadings, under the firm name of CM, in certain cases. For example, in the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), Hagh filed pleadings under

the firm designation of CM through February 2019, then filed more pleadings with no firm designation but using a CM email address in March 2019.

14.     In fact, in the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 13, 2018, though he never submitted an order approving his withdrawal.  The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs".  That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

15.     On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC with the Tennessee Secretary of State.  The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

16.     Sometime after March 25, 2019, Hagh began filing pleadings in the Fitzgerald Case and certain other CM cases with a signature block of "Hagh Law PLLC".  Hagh filed no notice of substitution of counsel, nor did she file any notice of address changes in any of the CM cases in which she was continuing to provide services.  Rather, she simply changed the firm name on her signature block from CM to Hagh Law.

17.     Upon information and belief, Afsoon Hagh, now doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.  Neither Afsoon Hagh nor Hagh Law compensated CM for use of CM's property or client files.

18.     Similarly, on January 14, 2019, Brian Manookian formed Manookian PLLC with the Tennessee Secretary of State, with a delayed effective date of February 1, 2019.  The information filed with the Secretary of State shows that Manookian PLLC had one member and

its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

19.     Sometime after May 17, 2019, after Brian Manookian's law license had been reinstated, Manookian began filing pleadings and/or taking depositions in the Fitzgerald Case and certain other CM cases with a signature block of "Manookian PLLC".  Manookian filed no notice of substitution of counsel, nor did he file any notice of address changes in any of the CM cases in which he was continuing to provide services.  Rather, he simply changed the firm name on his signature block from CM to Manookian PLLC.

20.     Upon information and belief, beginning on or after May 17, 2019, Manookian PLLC began utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.  Neither Brian Manookian nor Manookian PLLC compensated CM for use of CM's property or client files.

<u>THE RECEIVERSHIP</u>

21.     On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM and Hammervold PLC.  In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

22.     On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action.  Among the powers granted by the court to the Receiver was:  "The right to file notices of

5

attorney'*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

23.     In furtherance of this directive, the Receiver filed attorneys' liens in the following cases (the "CM Cases"):

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

24.     The Receiver has received from Brian Cummings CM's portion of fees and expenses in the *Thompson v. Sidrys* case, plus CM's portion of fees and expenses in two cases that settled prior to the Receiver's filing of attorneys' liens (*Hanna* and *Long*).    The Trustee has received from Brian Cummings CM's portion of fees and expenses in the *Ruffino v. Archer* case.[2]

---

[2] The Trustee received one-third of the feed in the *Ruffino* case plus one-half of the expense reimbursement in that case.  The Trustee has reserved all rights regarding whether CM is entitled to more than one-half of the expenses in that case, pending further investigation by the Trustee.

25.    Upon information and belief, the Fitzgerald Case was a case in which CM was expecting a large fee.  Neither Brian Cummings' new law firm nor Mark Hammervold's law firm participated with CM in the representation of the plaintiffs.

26.    The Fitzgerald Case settled on August 19, 2019.  Pursuant to the non-confidential settlement agreement, the defendant in that case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

27.    According to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case. Based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees.

28.    The Receiver made demand on the defendant's counsel to remit $1,350,000.00 to the Receiver.  The defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC.

29.    Brian Manookian, as counsel for Hagh Law, argued that CM was entitled to no fees for two reasons:  (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.  According to Manookian, CM waived its rights to attorney fees to allow the plaintiffs to retain new counsel in the case since Manookian had been suspended by the Board of Professional Responsibility.

30.    The engagement agreement between CM and the plaintiffs did not, in fact, specify that CM was entitled to no attorneys' fees if CM withdrew from representation.

31.     Furthermore, even though CM allegedly notified the plaintiffs on December 7, 2018 that it was withdrawing as counsel and that it was waiving its rights to any attorneys' fees, CM never formally withdrew as counsel in the Fitzgerald Case and it kept representing the plaintiffs through attorney Afsoon Hagh.

32.     At least through March 2019, Hagh continued to file pleadings in the Fitzgerald Case on behalf of CM.  From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

33.     Because the defendant's counsel in the Fitzgerald Case refused to turn funds over to the Receiver, the Receiver sought and was granted a temporary restraining order on August 23, 2019 (the "First TRO").  The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

34.     Ultimately, Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019.  Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law.  The $590,000 released to Hagh Law were, in fact, fees earned by CM.

35.     In October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC".  That account was maintained at First-Citizens Bank & Trust Company.

36. According to Manookian, Hagh and/or Manookian moved the Trust Funds because they were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account. So, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

37. Upon learning of the unilateral movement of the Trust Funds, and in order to protect the Receiver's interest in the Trust Funds, the Receiver filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court.

38. The court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019. That same day Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a competing order prior to November 12, 2019. However, on November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law, citing a new suspension of his license by the Board of Professional Responsibility.

39. Ultimately, the court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

40. The Trust Funds had not been deposited with the court as of November 18, 2019. Therefore, the Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court.

41.     On December 10, 2019, the court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds. On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction. All of the parties and the state court acknowledged that, due to the filing of this bankruptcy case, this Court was the appropriate forum to make a decision regarding the disposition of the Trust Funds.

FIRST CLAIM FOR RELIEF

(Conversion)

(As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

42.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

43.     Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully appropriated property of CM, exercised control over that property, and committed the tort of conversion.

44.     More specifically, Afsoon Hagh, Hagh Law and/or Manookian PLLC have taken leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs (the "Property") in excess of $1,350,000, and exercised control over that property to the exclusion of CM.

45.     The Trustee, on behalf of CM, is entitled to judgment against Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be shown at trial, plus pre- and post-judgment interest, attorneys' fees, and the costs of this action. Further, because Afsoon Hagh, Hagh Law and Manookian PLLC acted wrongfully, maliciously, and oppressively, the Trustee is entitled to exemplary and punitive damages in an amount to be shown at trial.

## SECOND CLAIM FOR RELIEF

### (State Law Fraudulent Transfer)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

46. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

47. Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully took the Property of CM in an attempt to hinder, delay and defraud creditors of CM.

48. Afsoon Hagh, Hagh Law and Manookian PLLC received substantial Property of CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

49. The Trustee, on behalf of CM, is entitled to avoid, and recover back, all such fraudulent transfers, pursuant to, among other things, Tennessee's law against fraudulent conveyances, T.C.A. § 66-3-101, *et seq.*, and Tennessee's codification of the Uniform Fraudulent Transfers Act, T.C.A. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b). The Trustee is further entitled to damages in an amount of all such fraudulent transfers, to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC

50.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

51.     Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers from CM for the purposes of hindering, delaying, and defrauding creditors.

52.     Further, on information and belief, Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers form CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

53.     At all relevant times, creditors of CM existed who had the right to assert a claim for fraudulent transfer or avoidance based on such transfers.

54.     Without limitation, the fraudulent transfers consisted of all property, funds, and transfers of any kind received by Afsoon Hagh, Hagh Law and/or Manookian PLLC which belonged to CM (including the Property described above), whether Afsoon Hagh,  Hagh Law and/or Manookian PLLC received such transfers as initial, mediate, or intermediate transferees.

55.     Plaintiff is entitled to avoid, and recover back, on behalf of CM, all such fraudulent transfers, pursuant to, among other things, the United States Bankruptcy Code's Section prohibiting fraudulent transfers, 11 U.S.C. § 548.

56.     Pursuant to 11 U.S.C. §§ 550 and 551, Plaintiff is entitled to recover back the avoided property or the value thereof, and such avoidances are recovered for the benefit of the estate.  The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Contract)

### (As to Defendants Afsoon Hagh and  Hagh Law)

57. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

58. CM had a binding contractual relationship with the plaintiffs in the Fitzgerald Case. More specifically, CM had an engagement agreement with the plaintiffs in which CM agreed to represent the plaintiffs in the Fitzgerald Case in exchange for one-third of the monetary recovery.

59. Upon information and belief, Afsoon Hagh and Hagh Law had actual knowledge of the engagement agreement between the Fitzgerald Case plaintiffs and CM, intended to interfere with CM's contractual rights pursuant to that engagement agreement, and actually interfered with CM's contractual rights by coercing the Fitzgerald Case defendants from remitting to CM $1,350,000 in attorneys' fees.

60. Afsoon Hagh and Hagh Law's interference with CM's contract with the Fitzgerald Case plaintiffs continues, as CM and the Trustee have been denied access to $1,350,000 in attorneys' fees to which CM is entitled to recover.

61. Afsoon Hagh and Hagh Law's interference with the contract between CM and the Fitzgerald Case plaintiffs is improper and, as a result, the Plaintiff, on behalf of CM, has incurred damages in an amount of $1,350,000, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Successor Liability and Alter Ego)

### (As to Defendants Hagh Law and Manookian PLLC)

62. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

63. Hagh Law, Manookian PLLC and CM are all one and the same entity, and Hagh Law and/or Manookian PLLC are a mere continuation of CM. Many of the clients and vendors of CM are the same or are vastly similar to the clients and vendors of Hagh Law and Manookian PLLC. Brian Manookian held 100% of the membership interests of CM, and he and Afsoon Hagh were the only attorneys who rendered services on behalf of CM after September 2018. Brian Manookian is also the 100% owner of the membership interests of Manookian PLLC and Afsoon Hagh is the 100% owner of the membership interests of Hagh Law.

64. As outlined in *RXAR Co., LLC v. Rheumatology Assoc., P.A.,* the United States District Court for the Middle District of Tennessee (citing Tennessee law), stated that a successor entity is a mere continuation if;

> 1) The predecessor "transferred its assets" to the successor, 2) the successor company "pays less than adequate consideration for the assets", 3) the successor company continues the predecessor's business, 4) both companies "share one common officer who was instrumental in the transfer", and 5) the predecessor company "is left incapable of paying its creditors."

*RXAR Co., LLC v. Rheumatology Assoc., P.A.,* 2017 U.S. Dist. LEXIS 64354 (M.D. Tenn. 2017).

65. Hagh Law and/or Manookian PLLC provide services to many of the same clients as CM and use the same vendors as CM. They occupy the same leased real estate as CM (without a new lease), utilize the same computers and equipment as CM, and utilize some of the same telephone numbers as CM.

66. No funds were transferred to CM as compensation for the transfer of any of these assets; in fact, funds have been diverted from CM to Hagh Law.

67. CM provided legal services to personal injury and medical malpractice plaintiffs; both Hagh Law and Manookian PLLC provide the exact same services, and to many of the same clients.

68. Both CM and Manookian PLLC were, or are still, 100% owned by Brian Manookian. For several months, Afsoon Hagh was the only practicing attorney who represented CM's clients and Afsoon Hagh continues representing CM's clients through Hagh Law, which is 100% owned by Afsoon Hagh. Brian Manookian and/or Afsoon Hagh made all decisions regarding the transfer or use of CM's assets, the creation of Hagh Law and Manookian PLLC, and the filing of CM's bankruptcy petition. Brian Manookian, the 100% owner of CM, represented Hagh Law in diverting and instructing third parties to divert attorneys' fees owing CM to Hagh Law and/or Afsoon Hagh.

69. According to the schedules and claims filed in this bankruptcy, CM has over $1,000,000 in liabilities but only $70,000 in assets; accordingly, due to the transfer of over $1,000,000 in CM's accounts receivable to Hagh Law and/or Afsoon Hagh, CM could not pay its debts as they came due.

70. Brian Manookian, Afsoon Hagh, Hagh Law and Manookian, PLLC sought to shift any valuable assets away from CM and leave all debt in the corporate shell of CM, in an attempt to hinder, delay, and defraud CM's creditors.

71. Given that Hagh Law and Manookian PLLC are nothing more than a mere continuation and alter ego of CM, Plaintiff requests that the court enter a judgment against Hagh Law and Manookian PLLC, jointly and severally, in the full amount of the indebtedness owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action.

## SIXTH CLAIM FOR RELIEF

### (Turnover)

### (As to Defendants Afsoon Hagh, Hagh Law and First Citizens)

72. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

73. Plaintiff is entitled to the turnover of $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh pursuant to 11 U.S.C. §542. The $715,000 is the product of the settlement of the Fitzgerald Case, for which CM has a contractual and/or equitable right to payment of fees in the amount of $1,350,000.

74. Moreover, Plaintiff is entitled to the turnover of an additional $635,000 from Hagh Law and/or Afsoon Hagh. This is the amount of the Fitzgerald Case settlement funds that have been released to Hagh Law and/or Afsoon Hagh.

75. This Court should find that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh, that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

76. Additionally, this Court should find that the $635,000 that was released to Hagh Law and/or Afsoon Hagh, but that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

78. Pursuant to 11 U.S.C. §541 and Rule 7001 of the Rules of Bankruptcy Procedure, the Court can determine the extent of the estate's interest in property.

79. CM has a legal and/or equitable interest in the attorneys' fees generated by each of the CM Cases, listed herein.

80. The Court should determine the extent of CM's portion of the fees and expenses generated by each of the CM cases, and find that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion.

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

A. Granting Plaintiff a monetary judgment against Defendants Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be proven at trial;

B. Granting Plaintiff a judgment against Afsoon Hagh, Hagh Law and Manookian PLLC for the conversion of property of CM, in an amount to be proven at trial;

C. Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. § 544(b) and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*;

D. Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. §§ 548, 550 and 550;

E. Granting Plaintiff a judgment against Afsoon Hagh and Hagh Law, in an amount to be shown at trial, for tortious interference of a contract between CM and the plaintiffs in the Fitzgerald Case;

F.  Finding that Hagh Law and Manookian PLLC are a mere continuation of CM and, as such, are jointly and severally liable for all debts owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, pursuant to Tennessee state law on successor liability;

G.  Finding that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

H.  Finding that the $635,000 from the Fitzgerald Case settlement funds that were released to Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

I.  Finding that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion of the fees and expenses generated by each of the CM Cases.

J.  Granting pre- and post-judgment interest, attorneys fees, the costs of this action, treble damages, and punitive damages as appropriate; and

K.  Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

| B 104 | ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| (Rev. 8/87) | (Instructions on Reverse) | (Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeanne Ann Burton, Trustee | Hagh Law, PLLC<br>Afsoon Hagh<br>Manookian, PLLC<br>First-Citizens Bank & Trust Company |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Phillip G. Young, Jr.<br>Thompson Burton PLLC<br>6100 Tower Circle, Suite 200<br>Franklin, TN 37067<br>(615) 465-6000 | John Spragens<br>1200 16th Ave. South<br>Nashville, TN 37212<br>(615) 983-8900<br>Attorney for Hagh Law PLLC |

PARTY (Check one box only) ☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ■ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for conversion, fraudulent transfer, tortious interference with contract, successor liability / alter ego, turnover, declaratory judgment, Injunctive relief, and related relief

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ■ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or other interest in property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND<br>$1,300 | OTHER RELIEF SOUGHT<br>Injunctive relief and declaratory judgment | ☐ JURY DEMAND |
|---|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Cummings Manookian PLLC | 3:19-bk-07235 |

| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISIONAL OFFICE<br>Nashville | NAME OF JUDGE<br>Charles Walker |
|---|---|---|

RELATED ADVERSARY PROCEEDING (IF ANY) ☐ YES ■ NO

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

FILING FEE (Check one box only.) ☐ FEE ATTACHED ☐ FEE NOT REQUIRED ■ FEE IS DEFERRED

| DATE<br>January 8, 2020 | PRINT NAME<br>Phillip G. Young, Jr. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Phillip G. Young, Jr. |
|---|---|---|

B-104
(Rev. 8/87)

# ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties**. The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action**. Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit**. Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings**. Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed form a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand**. On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000 enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000 enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises**. Enter the name of the debtor and the docket number of the bankruptcy case form which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings**. State the names of the parties and the six digit adversary proceeding number form and adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee**. Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government of the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds i the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN RE:                                    *
                                          *        CASE NO.: 3:19-bk-07235
CUMMINGS MANOOKIAN, PLLC,                 *
                                          *        CHAPTER 7
        Debtor.                           *

### NOTICE OF APPEARANCE AND REQUEST FOR NOTICES AND PAPERS

**PLEASE TAKE NOTICE** that the undersigned attorneys appear in the above-captioned case on behalf of Grant, Konvalinka & Harrison, P.C., as a creditor and party in interest, and hereby request that all notices given or required to be served in this case be served upon:

> Harry R. Cash, Esq.
> Grant, Konvalinka & Harrison, P.C.
> 633 Chestnut Street, Suite 900
> Chattanooga, Tennessee 37450-0900
> 423-756-8400 (Phone)
> 423-756-0643 (Fax)

Please take further notice that the foregoing request includes not only the notices and papers referred in the *Bankruptcy Rules*, but also includes, without limitation, any notice, application, complaint, demand, motion, pleading or request, whether transmitted or conveyed by mail messenger delivery, telephone, facsimile, telegraph, telex, e-mail or otherwise filed or made with regard to the referenced case and proceedings herein.

This Notice of Appearance and Request for Notices and Papers shall not be deemed or construed to be a waiver of the rights of Grant, Konvalinka & Harrison, P.C. (i) to have final orders in non-core matters entered only after de novo review by a Bankruptcy Judge; (ii) to trial by jury in any proceeding so triable in this case or any case, controversy or proceeding related to this case; (iii) to have the Bankruptcy Court withdraw the referenced matter in any matter subject to mandatory or discretionary withdrawal; or (iv) or any other rights, claims, actions, setoffs or

recoupments to which Grant, Konvalinka & Harrison, P.C. is or may be entitled, in law or in equity,

all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

 Dated:  January 24, 2020.

     Respectfully submitted,

     GRANT, KONVALINKA & HARRISON, P.C.

    By: _/s/Harry R. Cash_____

     HARRY R. CASH (BPR #9385)
     633 Chestnut Street, Suite 900
     Chattanooga, Tennessee  37450-0900
     423-756-8400
     423-756-6518 - facsimile

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|                            |     |                          |
|----------------------------|-----|--------------------------|
| IN RE:                     | )   |                          |
|                            | )   |                          |
| **CUMMINGS MANOOKIAN, PLLC,** | )   | **Case No. 3:19-bk-07235** |
| Debtor.                    | )   | **Chapter 7**            |
|                            | )   | **Judge Walker**         |
|                            | )   |                          |

## TRUSTEE'S MOTION TO COMPEL TURNOVER OF RECORDS

Comes now Jeanne Ann Burton, Trustee, (the "Trustee") by and through special counsel and pursuant to 11 U.S.C. §521(a)(4), and files this *Trustee's Motion to Compel Turnover of Records* (the "Motion") and in support thereof shows this Court as follows:

1.      On November 6, 2019 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition in this Court. Jeanne Ann Burton was appointed to serve as trustee herein on the same day.

2.      Despite repeated requests of the Debtor's corporate representative, Brian Manookian, and the Debtor's counsel, the Trustee has received very few documents related to the operations, assets and liabilities of the Debtor.

3.      For example, the Debtor has failed to cooperate with the Trustee in giving her bank records, credit card statements, documents related to operations of the Debtor's business, and other documents evidencing assets or liabilities of the Debtor.

4.      Absent an order directing the Debtor and the Debtor's corporate representative to turnover these business records, the Trustee cannot perform her fiduciary duties to the estate or its creditors.

5.      Accordingly, the Trustee seeks an order requiring the Debtor to turnover the following books and records, pursuant to 11 U.S.C. §521(a)(4):

a.      Copies of all bank statements for all of Debtor's accounts from November 1, 2017 to the Petition Date;

b.      Copies of all credit card statements for any credit card account maintained by or used by the Debtor from November 1, 2017 to the Petition Date;

c.      Copies of all tax returns (including all schedules) for 2017 and 2019;

d.      A list of all active cases as of September 1, 2018, in which the Debtor represented any party (identifying the client's name, case number, and jurisdiction);

e.      Copies of all engagement letters for each case referenced in paragraph (d) herein;

f.      Copies of any disengagement letters, or any other correspondence regarding the withdrawal of representation by the Debtor with regard to each case referenced in paragraph (d) herein;

g.      Copies of proof of delivery (e.g., FedEx receipts or certified mail receipts) for correspondence referenced in paragraph (f) herein;

h.      Any document evidencing an expense advanced by the Debtor for cases referenced in paragraph (d) herein, including receipts and invoices;

i.      All notices of change of address, notices of withdrawal, or notices of substitution of counsel filed by the Debtor or any agent thereof in the cases referenced in paragraph (d) herein;

j.      Copies of any leases to which the Debtor was a party from November 1, 2017 to the Petition Date (including, but not limited to, real property leases), and any correspondence related to those leases;

2

k.      Any document evidencing the Debtor's purchase or ownership of equipment, furnishings or other personal property;

l.      A list of all vendors with whom the Debtor conducted business as of September 1, 2018, and copies of all contracts with any such vendors; and

m.      All documents associated with Grant, Konvalinka & Harrison, P.C.'s representation of the Debtor, including signed engagement letters, disengagement letters, and/or invoices for services rendered.

WHEREFORE, pursuant to 11 U.S.C. §521(a)(4), the Trustee respectfully requests the Court to enter an order compelling the Debtor and the Debtor's corporate representative, Brian Manookian, to turnover the documents listed in Paragraph 6 herein, and for such other and further relief as the Court deems equitable and appropriate under the circumstances.

3

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served this 28th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, including counsel for the Debtor.

/s/ Phillip G. Young
Phillip G. Young

4

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
  CUMMINGS MANOOKIAN, PLLC
  45 MUSIC SQUARE WEST
  NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
  47−2636732

---

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/11/20 at 09:00 AM

to consider and act upon the following:

Trustee's Motion and Notice to Compel Turnover of Records − All responses due by 2/7/20 at 5:00 p.m.


Dated: 1/28/20                                  /s/ TERESA C. AZAN
                                               Clerk, U.S. Bankruptcy Court

In re:                                                                    Case No. 19-07235-CMW
CUMMINGS MANOOKIAN, PLLC                                                   Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3        User: leq0323          Page 1 of 2          Date Rcvd: Jan 28, 2020
                           Form ID: hrgnot2        Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 30, 2020.
```
db          +CUMMINGS MANOOKIAN, PLLC,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
aty         +DANIEL HAYS PURYEAR,    PURYEAR LAW GROUP,   104 Woodmont Boulevard,
              The Woodmont Centre, Suite 201,   NASHVILLE, TN 37205-2245
aty         +LEFKOVITZ AND LEFKOVITZ, PLLC,   618 CHURCH ST STE 410,   NASHVILLE, TN 37219-2452
aty         +PHILLIP G YOUNG,    Thompson Burton PLLC,   One Franklin Park,   6100 Tower Circle, Suite 200,
              FRANKLIN, TN 37067-1465
aty         +PHILLIP L NORTH,    NORTH PURSELL & RAMOS,   414 UNION STREET,   STE 1850,
              NASHVILLE, TN 37219-1783
intp        +BRIAN MANOOKIAN,   45 MUSIC SQUARE WEST,   NASHVILLE, TN 37203-3205
cr          +George Robertson, M.D.,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr          +Middle Tennessee Pulmonary,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
cr          +Phillip Family Medical Associates,   414 Union Street,   1850,   Nashville, TN 37219-1783
cr          +Toby Smith, M.D.,   414 Union Street, Ste. 1850,   1850,   Nashville, TN 37219-1783
7037352     +D.F. CHASE, INC.,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042445     +D.F. Chase, Inc.,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,
              Nashville, TN 37205-2245
7037353     +DEAN CHASE ET AL,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042443     +Dean Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245
7047371     +GRANT KONVALINKA & HARRIS,   633 CHESTNUT STREET,   SUITE 900,   CHATTANOOGA TN 37450-0900
7084049      Grant, Konvalinka & Harrison, P.C.,   633 Chestnut Street, Suite 900,
              Chattanooga, TN 37450-0900
7059550     +INSBANK,   PHILIP FONS EVP & CHIEF CREDIT OFFICER,   2106 CRESTMOOR ROAD,
              NASHVILLE TN 37215-2605
7037354     +SANDRA CHASE,   C/O PURYEAR LAW,   104 WOODMONT BLVD, SUITE 201,   Nashville TN 37205-2245
7042444     +Sandra Chase,   c/o Daniel H. Puryear,   104 Woodmont Blvd-Ste 201,   Nashville, TN 37205-2245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty         +E-mail/Text: hcash@gkhpc.com Jan 29 2020 02:03:27     HARRY R CASH,
              GRANT KONVALINKA & HARRISON PC,   633 CHESTNUT STREET 9TH FLOOR,   CHATTANOOGA, TN 37450-4000
tr           E-mail/Text: jeanne.burton@comcast.net Jan 29 2020 02:03:02     JEANNE ANN BURTON,
              Jeanne Ann Burton PLLC,   4117 Hillsboro Pk,   Suite 103-116,   NASHVILLE, TN 37215
ust          E-mail/Text: ustpregion08.na.ecf@usdoj.gov Jan 29 2020 02:03:00     US TRUSTEE,
              OFFICE OF THE UNITED STATES TRUSTEE,   701 BROADWAY STE 318,   NASHVILLE, TN 37203-3966
                                                                                       TOTAL: 3

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          Grant, Konvalinka & Harrison, P.C.,   633 Chestnut Street, Suite 900,
              Chattanooga, TN 37450-0900
                                                                       TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 30, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 28, 2020 at the address(es) listed below:
```
            DANIEL HAYS PURYEAR    on behalf of Creditor Dean  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
            DANIEL HAYS PURYEAR    on behalf of Creditor    D.F. Chase, Inc. dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
            DANIEL HAYS PURYEAR    on behalf of Creditor Sandra  Chase dpuryear@puryearlawgroup.com,
              paralegalgroup@puryearlawgroup.com
            HARRY R CASH    on behalf of Creditor    Grant, Konvalinka & Harrison, P.C. hcash@gkhpc.com,
              hdowney@gkhpc.com
            JEANNE ANN BURTON    TN24@ecfcbis.com
            JOHN TATE SPRAGENS    on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
     JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
     LEFKOVITZ AND LEFKOVITZ, PLLC   on behalf of Debtor   CUMMINGS MANOOKIAN, PLLC
     slefkovitz@lefkovitz.com,
     stevelefkovitz@aol.com;sllbkecf@gmail.com;khancock@lefkovitz.com;kyle@lefkovitz.com;lefkovitzcvle
     cf@lefkovitz.com;r52946@notify.bestcase.com;receptionist@lefkovitz.com;mspezia@lefkovitz.com;shin
     es@lefkovitz.com
     PHILLIP G YOUNG   on behalf of Trustee JEANNE ANN BURTON phillip@thompsonburton.com
     PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
     PHILLIP L NORTH   on behalf of Creditor George  Robertson, M.D. pn@npr.legal
     PHILLIP L NORTH   on behalf of Creditor Phillip  Family Medical Associates pn@npr.legal
     PHILLIP L NORTH   on behalf of Creditor   Middle Tennessee Pulmonary pn@npr.legal
     PHILLIP L NORTH   on behalf of Creditor Toby  Smith, M.D. pn@npr.legal
     US TRUSTEE   ustpregion08.na.ecf@usdoj.gov
                                                            TOTAL: 15

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

---

PLEASE TAKE NOTICE that a hearing will be held at:

Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203 on 2/11/20 at 09:00 AM

to consider and act upon the following:

Trustee's Motion and Notice to Compel Turnover of Records − All responses due by 2/7/20 at 5:00 p.m.


Dated: 1/28/20                       /s/ TERESA C. AZAN
                                        Clerk, U.S. Bankruptcy Court

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC | ) | **Case No: 319-07235-CW-7** |
| | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. §362(A)

Comes now, Jeanne Ann Burton, Chapter 7 Trustee, and moves this Honorable Court to hold Afsoon Hagh and Hagh Law, PLLC in contempt of this Court for willful violation of the automatic stay provisions of 11 U.S.C. §362(a), and in support thereof, states as follows:

On November 6, 2019, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Jeanne Ann Burton was appointed as the Chapter 7 Trustee (the "Trustee").

On December 19, 2019, Hagh Law PLLC filed a complaint in the Circuit Court for Davidson County, Tennessee, <u>Hagh Law PLLC v. Phillip Young, Cummings Manookian PLC and Hammervold PLC</u>, Docket # 19C2966 (The "Complaint") , a copy of which is attached as Exhibit A. The Complaint seeks damages and declaratory relief regarding a pre-petition state court action.

Prior to December 19, 2019, Afsoon Hagh and Hagh Law PLLC were aware of the bankruptcy filing. One example of this knowledge was the Reply of Hagh Law PLLC in opposition to a motion filed in state court, a copy of which is attached as Exhibit B, signed by Afsoon Hagh which specifically states that Cummings Manookian, PLLC filed a Chapter 7 bankruptcy petition on November 6, 2019. The Reply is signed by Afsoon Hagh and is dated December 5, 2019. The Reply was emailed by Afsoon Hagh to the Administrative Assistant of the Judge, Davd Allen.

On January 2, 2020, Trustee sent a letter by certified mail to Afsoon Hagh, a copy of which is attached as Exhibit C, requesting that the case against the Debtor be dismissed. To date, the certified mail receipt has not been returned signed, but certified mail tracking shows the certified mail was left with an individual at the mailing address on January, 9, 2020. The letter sent by regular U.S. mail has not been returned. As of January 30, 2020, Afsoon Hagh and Hagh Law PLLC have taken no action to dismiss the complaint against the Debtor.

**BASED ON THE FOREGOING,** the Trustee prays that Afsoon Hagh and Hagh Law PLLC be held in willful violation of the automatic stay provisions of 11 U.S.C. § 362(a), be required to pay all damages incurred by the Trustee for the Debtor; be assessed with punitive damages for willfull violation of the automatic stay; and that the Trustee have such other and further relief as is just and proper.

Respectfully submitted,

/s/ Jeanne Ann Burton
Jeanne Ann Burton, Trustee
417 Hillsboro Pike, Suite 103-116
Nashville, TN  37215
Telephone:  615.678.6960
Jeanne.burton@comcast.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the Court's ECF system to the US Trustee this 31st day of January, 2020, and was served by United States mail on the following parties:
Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN  37203

Hagh Law PLLC
Attn:  Afsoon Hagh, Esq.
45 Music Square West
Nashville, TN  37203

John Spragens, Esq.
Attorney for Hagh Law, PLLC and Afsoon Hagh
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN  37203

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| HAGH LAW PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO._____ |
| v. | ) | |
| | ) | |
| PHILLIP YOUNG, CUMMINGS | ) | |
| MANOOKIAN PLC, HAMMERVOLD | ) | |
| PLC, | ) | |
| | ) | |
| Defendants. | ) | |

---

### COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

---

The Plaintiff for its causes of action respectfully states to the Court the following:

**I.**          **PARTIES, VENUE, AND JURISDICTION**

1.      Plaintiff Hagh Law PLLC is a Tennessee Professional Limited Liability Company with its principle place of business located in Davidson County, Tennessee.

2.      Defendant Phillip Young is a Tennessee licensed attorney who engages in the practice of law in Davidson County, Tennessee.

3.      Defendant Cummings Manookian PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

4.      Defendant Hammervold PLC is a Tennessee Professional Limited Liability Company with its principal place of business located in Davidson County, Tennessee.

Ex. A

1

5.    This suit seeks damages and declaratory relief. The Plaintiff requests a declaration regarding a purported attorney's lien improperly asserted by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

6.    Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101. This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

**II.**                          **FACTUAL ALLEGATIONS**

7.    Plaintiff Hagh Law PLLC is a law firm in Nashville, Tennessee specializing in personal injury and wrongful death cases.

8.    On or around March 19, 2019, Afsoon Hagh of Hagh Law PLLC filed suit against Vanderbilt University Medical Center on behalf of Carla Miller in Davidson County Circuit Court (hereinafter "the Miller Case").

9.    On or around August 12, 2019, Phillip Young filed a "Notice of Attorney's Lien" in the Miller Case on behalf of Cummings Manookian PLC and Hammervold PLC.

10.    Neither Cummings Manookian PLC nor Hammervold PLC are attorneys in the Miller case or have performed any work in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to any payment or fee in the Miller Case. Neither Cummings Manookian PLC nor Hammervold PLC is entitled to a lien on any proceeds or damages awarded in the Miller Case.

11.    Phillip Young has been advised that neither Cummings Manookian PLC nor Hammervold PLC has any cognizable claim to a payment or fee in the Miller Case.

2

Defendant Young nevertheless refuses to strike, remove, or otherwise withdraw his attorney's lien in the Miller Case.

12. The recording and ongoing presence of the bogus attorney's lien has had and continues to have a negative effect on the progression and successful prosecution of the Miller Case resulting in damages to the Plaintiff.

**III.**          **COUNT ONE – DECLARATORY JUDGMENT**

13. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

14. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

15. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

16. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

17. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

3

213

18. There is a bona fide controversy, uncertainty, and insecurity as to the propriety of the attorney's lien claimed and filed by Phillip Young on behalf of Cummings Manookian PLC and Hammervold PLC.

### RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1. That proper process be issued and served upon the Defendants and the Defendant be required to appear and answer this Verified Complaint.

2. That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3. That the court enter a judgment in favor of the Plaintiff declaring that neither Phillip Young, Cummings Manookian PLC, nor Hammervold PLC is entitled to an attorney's lien, payment, or a fee in the Miller Case.

4. That the Plaintiff be awarded reasonable damages incurred as a result of the improper placement of the bogus attorney's lien, including its attorney's fees.

5. That the Plaintiff be awarded its costs pursuant to Tenn. Code Ann. § 29-14-111.

6. That the Plaintiff be awarded any such further and other general relief to which it may be entitled.

4

Respectfully Submitted,

**Afsoon Hagh, #28393**
Hagh Law PLC
45 Music Square West
Nashville, TN 37203
(615) 266-3653 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

5

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| D.F. CHASE, INC. et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2019-221 |
| | ) | |
| CUMMINGS MANOOKIAN PLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## NON-PARTY HAGH LAW'S REPLY IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/ OR TEMPORARY INJUNCTION

---

## INTRODUCTION

Comes now, Non-Party Hagh Law and responds to Receiver Phillip Young's (the "CM Receiver") *ex parte* Motion for Temporary Restraining Order and Temporary Injunction seeking to indefinitely "freeze" $760,000 in funds earned by Hagh Law. That request should be denied on both procedural and substantive grounds.

Procedurally, Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019 prior to the CM Receiver seeking this present extraordinary relief. That bankruptcy filing both (a) automatically stayed any collection attempts and, importantly, (b) deprived the CM Receiver any standing or authority to act on behalf of Cummings Manookian or seek any relief for Cummings Manookian. As the CM Receiver himself acknowledges in his motion, any dispute wherein Cummings Manookian asserts rights to any property must be brought in the United States Bankruptcy Court for the Middle District of Tennessee by

1

Ex.B

the Chapter 7 Trustee. That is now the sole appropriate forum for this dispute, and it is fully open to the parties in this matter for adjudication of any dispute involving property alleged to belong to Cummings Manookian.

Substantively, the CM Receiver seeks to "freeze" an astounding amount of money earned by a totally separate law firm, despite the fact that neither Cummings Manookian, the CM Receiver, or the Chapter 7 Trustee has, to date, ever actually made any claim to those funds. Nor could they. Under the terms of Cummings Manookian's engagement with the Fitzgeralds, Cummings Manookian is simply not entitled to any payment of an attorney fee because Cummings Manookian unilaterally terminated the engagement.

As a result, the CM Receiver has no likelihood of success on the merits; and, in fact, has taken no steps to actually initiate any litigation on which it could succeed on the merits. That fact alone is determinative in denying his request for an indefinite "freeze" of $760,000.00. Moreover, the CM Receiver cannot establish the requisite immediate and irreparable harm <u>as its purported harm is fully compensable by money damages</u>; which, as a matter of law, is not "irreparable." This fact is, as well, dispositive.

## FACTS

### I. The Fitzgerald Matter.

Cummings Manookian was a Tennessee law firm founded by Brian Cummings and Brian Manookian in January of 2015 for the purpose of practicing plaintiff's law.[1] In May of 2018, Cummings Manookian was retained to represent the family of a deceased

---

[1] Declaration of Brian Manookian at Para. 2.

seventeen-year-old daughter whose death arose out of a motor vehicle accident.[2] The Cummings Manookian engagement agreement with the Fitzgerald contained specific terms regarding the parties rights and responsibilities relative to a termination of their relationship.[3]

In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.[4]

Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.[5]

On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian.[6] On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.[7]

On September 21, 2018, Brian Manookian was temporarily suspended from the practice of law with an effective date of December 7, 2018.[8] Pursuant to applicable Rules

---

[2] Declaration of Brian Manookian at Para. 3.
[3] Declaration of Brian Manookian at Para. 4
[4] *Id.*
[5] *Id.*
[6] Declaration of Brian Manookian at Para. 5.
[7] *Id.*
[8] Declaration of Brian Manookian at Para. 6.

of Professional Conduct, on October 11, 2018, Mr. Manookian moved to withdraw as counsel in the Fitzgerald matter.[9]

On December 7, 2018, Brian Manookian gave written notice to the Fitzgeralds of his withdrawal and the withdrawal of Cummings Manookian as their counsel, and requested in writing that they obtain another firm or attorney to represent them.[10] Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which were estimated to be less than three thousand dollars ($3,000).[11]

Because Brian Cummings had left the firm, and Mr. Manookian was suspended from the practice Brian Manookian of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to other firms and attorneys capable of handling those specific matters.[12] A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field.[13]

The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case.[14] Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.[15] Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.[16]

---

[9] *Id.*
[10] Declaration of Brian Manookian at Para. 7.
[11] *Id.*
[12] Declaration of Brian Manookian at Para. 8.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] Declaration of Brian Manookian at Para. 9.

4

In connection with this action, Brian Manookian informed Receiver Phillip Young no later than August 27, 2019, that Cummings Manookian may be entitled to reimbursement of advanced expenses and costs in the Fitzgerald case, but that it was not entitled to any portion of an attorney's fee award.[17]

On September 17, 2019, Brian Manookian met with Receiver Phillip Young and provided him with the engagement agreement as well as notice of termination in the Fitzgerald Case.[18] Mr. Young had actual knowledge by September 17, 2019 that the engagement agreement provided that Cummings Manookian would only be entitled to reimbursement of advanced expenses in the event that Cummings Manookian terminated its representation.[19] Likewise, Mr. Young had actual knowledge that Cummings Manookian had terminated its representation of the Fitzgeralds.[20] Mr. Young omitted those facts from his *ex parte* Motion for Temporary Restraining Order.

## II. Cummings Manookian's Filing of Bankruptcy.

On November 6, 2019, Cummings Manookian filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee.[21] As a result of that filing a Chapter 7 Trustee was appointed to handle Cummings Manookian's affairs and collections and other actions against Cummings Manookian were automatically stayed.[22]

---

[17] Declaration of Brian Manookian at Para. 10.
[18] Declaration of Brian Manookian at Para. 11.
[19] *Id.*
[20] *Id.*
[21] Declaration of Brian Manookian at Para. 12.
[22] *Id.*

220

<u>**ARGUMENT**</u>

I.   **These proceedings are subject to the automatic stay entered by the United States Bankruptcy Court for the Middle District of Tennessee, and that is the appropriate forum for adjudicating any dispute.**

Cummings Manookian filed for Chapter 7 Bankruptcy on November 6, 2019. As a consequence, all matters and disputes regarding any property that purportedly belongs to Cummings Manookian or is owed to Cummings Manookian must be adjudicated in that forum. The CM Receiver acknowledges that fact both in his request for issuance of an injunction (which was filed after institution of the bankruptcy proceeding), and in his application to serve as special counsel in the bankruptcy proceeding itself.[23]

If Cummings Manookian seeks to enjoin any activity it must do so through an adversary proceeding in the United State Bankruptcy Court through the Chapter 7 Trustee. Nothing prevents Cummings Manookian from seeking such an injunction in the appropriate forum and through its appropriate representative.

II.  **The Receiver lacks standing or authority to seek relief on behalf of Cummings Manookian following appointment of the Chapter 7 Trustee.**

As a result of the bankruptcy filing, a Chapter 7 Trustee has been appointed to oversee and administer the assets and debts of Cummings Manookian. That individual is solely vested with the power of determining whether Cummings Manookian is owed money, by whom, and in what fashion such funds should be pursued. As a result, the CM Receiver has no standing or authority to pursue an injunction on behalf of Cummings

---

[23] ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...") Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle Distrct of Tennessee, Case No: 3:19-bk-07235.

Manookian. Any such request must come from the Chapter 7 Trustee, and in the forum of the United States Bankruptcy Court. The CM Receiver has acknowledged the same in filings with the Bankruptcy Court himself. ("With the Debtor's Chapter 7 filing, there is nothing further for me to do as receiver over the Debtor's choses of action in Circuit Court...").[24]

### III. In any event, Cummings Manookian is not entitled to any portion of the fee earned by Hagh Law.

As laid out in the facts section above and the Declaration of Brian Manookian, Cummings Manookian is simply not entitled to any portion of the Fitzgerald attorney's fee. Cummings Manookian failed to perform under the terms of the Engagement Agreement when one of its partners left the firm and the other was involuntarily suspended from the practice of law. As a result, Cummings Manookian unilaterally terminated the Engagement Agreement. Pursuant to the very terms of the Engagement Agreement, Cummings Manookian is only entitled to reimbursement of advanced expenses, which are estimated to be less than three thousand dollars ($3,000.00).

### IV. Cummings Manookian, to date, has never presented any claim alleging that it is entitled to any portion of the fee earned by Hagh Law.

Despite seeking to freeze $760,000 in funds owned by Hagh Law, neither the CM Receiver, Cummings Manookian, nor the Chapter 7 Trustee has ever made any claim to any portion of the Fitzgerald attorney's fee. The reason for that fact is self-evident.

---

[24] Declaration of Phillip Young, In Re: Cummings Manookian, United Stated Bankruptcy Court for the Middle District of Tennessee, Case No: 3:19-bk-07235.

Cummings Manookian is not entitled to any portion of a fee under the express language of its Engagement Agreement and Notice of Withdrawal. Rather, Cummings Manookian is likely entitled to some reimbursement of advanced costs and expenses; the amount of which represents less than one half of one percent of the funds the CM Receiver seeks to indefinitely encumber.

**V.      Even if Cummings Manookian was entitled to any payment of attorney's fees such payment would not approach the amount the Receiver seeks to encumber.**

Cummins Manookian never received any offers of settlement during the time it worked on the Fitzgerald matter, and it did not secure any recovery for the Fitzgeralds either by way of settlement or jury verdict.[25] Prior to Cummings Manookian terminating its representation of the Fitzgeralds, Brian Manookian was the only attorney actively working on the case.[26] Mr. Manookian spent no more than 160 hours working on the Fitzgerald matter prior to Cummings Manookian's withdrawal.[27]

Mr. Manookian is a 2007 graduate of Vanderbilt University School of Law where he served on Law Review.[28] He specializes in plaintiff's cases and has enjoyed success in doing so.[29] By May or 2018, Mr. Manookian had personally recovered tens of millions of dollars as lead counsel on behalf on injured plaintiffs in Tennessee, including millions of dollars for victims of motor vehicle accidents.[30] Based on his education, skill, and

---

[25] Declaration of Brian Manookian at Para. 13.
[26] Declaration of Brian Manookian at Para. 14.
[27] Declaration of Brian Manookian at Para. 15.
[28] Declaration of Brian Manookian at Para. 16.
[29] *Id.*
[30] *Id.*

8

experience, Mr. Manookian believes a reasonable rate for his time would be $300 per hour.[31]

Thus, even if Cummings Manookian ever does make a formal claim to any portion of the fee in the Fitzgerald Case, that fee would be subject to the limited number of hours invested and the lack of results obtained. For example, if Cummings Manookian were compensated for Mr. Manookian's time at a rate of $300 per hour, the fee would be less than $50,000. Thus, the amount of money the CM Receiver seeks to encumber lacks not only any rational relationship to the contractual provisions of the Engagement Agreement but also to the actual work done by Cummings Manookian.

## VI. The CM Receiver has failed to demonstrate the necessary elements for issuance of an injunction.

The CM Receiver completely ignores the requirement of demonstrating a likelihood of success on the merits in terms of actually demonstrating Cummings Manookian's right to any portion of the attorney's fee. Rather, he simply argues that the Court previously ordered the funds deposited with the Clerk of Court.[32] But the underlying merits for which success must be demonstrated are whether Cummings Manookian is even entitled to any portion of the Fitzgerald fee. Because it indisputably and objectively is not, the CM Receiver cannot meet its burden.

---

[31] *Id.*
[32] After receiving a copy of the signed order directing the funds to be deposited with the Clerk, Hagh Law attempted to have cashier's checks issued accomplishing the same, but the CM Receiver had, at that point, served upon the bank an Order freezing the funds which prevented Hagh Law from doing so.

In addition to a likelihood of success on the merits, a moving party <u>must demonstrate</u> <u>that it will suffer irreparable harm in the absence of an injunction.</u> Specifically, "a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *See also Murfreesboro Medical Clinic, P.A. v. Udom*, 2004 WL 193049, at *2 (Tenn. Ct. App. 2004) (reversed on other grounds) (internal citations omitted).

The CM Receiver's request is, by definition, fully compensable by monetary damages. As a result, it simply is not subject to an award of extraordinary relief. If Cummings Manookian – through the Chapter 7 Trustee – ultimately makes a claim to some portion of the Fitzgerald attorney's fee, any compensation will be by award of money damages. The CM Receiver's request is not the type for which preliminary injunctive relief is available. Rather it is akin to a personal injury plaintiff requesting that a defendant's assets be frozen not only prior to any damages being awarded, but prior to any suit being filed.

## IX. Less drastic means exist to accomplish the same result.

Hagh Law desires to work through any issues regarding Cummings Manookian's potential future claims to any portion of the Fitzgerald fee. To that end, Hagh Law previously agreed to embargo $760,000 while the CM Receiver investigated the facts and circumstances of Cummings Manookian's termination of its representation of the Fitzgerald. Hagh Law did so in order to preserve the settlement in that case and to permit

10

all parties to reasonably assure themselves that Cummings Manookian was not entitled to a fee.

The amount of $760,000 was apparently selected because that was the amount of a sanctions judgment previously awarded against Cummings Manookian; not because it represents any estimate of funds owed Cummings Manookian or compensation for work performed by Cummings Manookian. Hagh Law was not involved in the underlying sanctions judgment, nor did it participate in any way in that case. Hagh Law objects to the indefinite freeze of funds that it earned in representation of a client with no end date or action even initiated by Cummings Manookian.

Hagh Law maintains that the CM Receiver's request for an injunction must be denied for all of the reasons stated above. However, to the extent this Court entertains the CM Receiver's request – now that a bankruptcy proceeding is pending – Hagh Law maintains that a significantly reduced amount of funds (representing the actual estimate of work done by Cummings Manookian) should be held in trust for a period of no more than thirty days to allow the Chapter 7 Trustee to pursue whatever remedies – including injunctive relief – it chooses within the bankruptcy proceeding.

## CONCLUSION

For all of the above reasons, the CM Receiver's Request should be denied. To the extent not denied, the Court should order less than $100,000.00 be frozen in Hagh Law's trust account for thirty (30) days in order for the Chapter 7 Trustee to take whatever action she deems fit.

11

Respectfully submitted,

_(signature)_

**John Spragens, No. 31445**
Spragens Law PLC
1200 16th Ave. S.
Nashville, TN 37212
T: (615) 983-8900
F: (615) 682-8533

**Afsoon Hagh, No. 28393**
Hagh Law
47 Music Square West
Nashville, TN 37203

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, a true and correct copy of this document was provided, via facsimile, to the following:

Daniel Puryear, Esq.

Greg Oakley, Esq.

Phillip Young, Esq.

_(signature)_

Afsoon Hagh

12