1. Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


2. Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


3. Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**


4. Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


5. Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

5

6.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**


7.     Admit that Afsoon Hagh is Defendant's only member.

**Response:**


Dated this 24th day of November, 2020.


By:    /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr. (021087)
        Thompson Burton PLLC
        6100 Tower Circle, Suite 200
        Franklin, Tennessee 37067
        Tel:   (615) 465-6008
        Fax:   (615) 807-3048
        phillip@thompsonburton.com

        Attorneys for Jeanne Ann Burton, Trustee

1289

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF _____

      _____, as corporate representative of Hagh Law PLLC, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of his/her knowledge, information and belief.

_____

      Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

      Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

1290

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By:  /s/ Phillip G. Young, Jr.
      Phillip G. Young, Jr.

1291

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PPC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.     Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time.  Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production.  Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response.  The responses below are provided without waiver of any of the objections stated herein.

### SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

### INTERROGATORIES

1.     Identify each person that provided any information used to answer these Interrogatories.

**Response: Afsoon Hagh**

2.     Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Afsoon Hagh, Brian Manookian, Phillip Young, Jeanne Burton**

3.     Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:** Objection. This interrogatory is so overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.

4.      Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:** Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests. Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:** Hagh Law disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | To be determined |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | To be determined. |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |

| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

6.      List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response: Hagh Law does not have a website. Hagh Law does not have an email address. Afsoon Hagh utilizes the email address afsoon@haghlaw.com. Hagh Law utilizes the phone number 615-266-3653 and the fax number 615-266-3655. Hagh Law utilizes Afsoon Hagh's residence for all work. Hagh Law receives mail at 45 Music Square West, Nashville, Tennessee 37203 by permission of its owner 45 MSW Partners. Hagh Law has never physically occupied or utilized office space, furniture, or fixtures at 45 Music Square West.**

7.      List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response: Afsoon Hagh, sole member since formation of Hagh Law**

8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Hagh Law as an entity has no contractual relationship with or did no work for the Plaintiff. For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or Hagh Law secured a settlement or payment for the client.**

9.   Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response:  Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10.   Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:  Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

11.   For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection.   This is not an appropriate interrogatory.   Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true.   If Plaintiff would like Defendant to expound on any particular denial, Defendant will consider that request after it is received.   Without waiving the foregoing, Defendant incorporates herein its response to interrogatory 6 above and Defendants' theory of the case set forth in the Joint Pretrial Statement.**

12.    State the date on which the Defendant was formed.

**Response: 03/25/2019**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## OATH

Afsoon Hagh, as the corporate representative of Hagh Law PLLC, hereby declares under penalty of perjury that that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709360.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.     Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.      Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.      Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.      Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.      Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.      Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.     Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

## SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

## REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy a good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2.     Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: No documents responsive to this request.**

3.    Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome.**

4.    Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: There are no documents responsive to this request.**

5.    Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome. Without waiving the foregoing objection, for the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or**

had no contractual relationship with the client. In fact, Defendant does not recognize certain of the cases and believes it may have never even interacted with the client.

6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response: Attached.**

7.      Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:   Objection.   This Request is overly broad, unduly burdensome, and impossibly vague.  Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.   Notwithstanding the foregoing objection, documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State.  For other non-privileged, responsive materials such as articles of incorporation, inspection and related activities will be permitted as requested.**

8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Moreover, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.**

9.    Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response: Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court. Any other documentation is irrelevant to this case.**

10.    Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response: Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal. All exhibits will be identified in compliance with the applicable federal and local rules.**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response: Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.**

12.    Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:** Subject to the entry of an appropriate protective order, Defendant will produce any documents referenced in its responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709439.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## REQUESTS FOR ADMISSION

Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Request for Admission.

1.    Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.    Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3. Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED**.

4. Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

5. Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

6. Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response: ADMITTED, AS DEFENDANT HAS NOT USED UTILIZED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN PLC.**

7. Admit that Afsoon Hagh is Defendant's only member.

**Response: ADMITTED.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29502521.1

ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

October 29, 2021

Craig Gabbert
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

Re: **_Burton v. Hagh Law PLLC et al._**
**United States Bankruptcy Court for the Middle District of Tennessee**
**Case No. 3:20-ap-90002**

Dear Craig:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. I am sending this letter pursuant to Rule 37 of the Federal Rule of Civil Procedures as a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.

On or about January 28, 2021, you sent me Defendant Hagh Law, PLLC's Response to Plaintiff's First Request for Production of Documents ("Hagh Law Request for Production Responses") and Defendant Hagh Law, PLLC's Response to Plaintiff's First Set of Interrogatories ("Hagh Law Interrogatory Responses") (collectively, "Hagh Law Discovery Responses"). You also sent me Defendant Afsoon Hagh's Response to Plaintiff's First Request for Production of Documents ("Afsoon Request for Production Responses") and Defendant Afsoon Hagh's Response to Plaintiff's First Set of Interrogatories ("Afsoon Interrogatory Responses") (collectively, "Afsoon Discovery Responses"). I have had an opportunity to review the Hagh Law Discovery Responses and Afsoon Discovery Responses with the Trustee. Unfortunately, they are deficient in several important respects.

More specifically, Hagh Law, PLLC has failed to adequately respond to the following Interrogatories: Nos. 5 & 8. The Trustee is entitled to know what percentage fee, if any, that Hagh Law is seeking with regard to each case listed in Interrogatory No. 5 and the basis for any such claim. Additionally, Hagh Law's Request for Production Responses to the following Requests were deficient: 1, 3, 5, 7, 8 and 9. To the extent that Hagh Law, PLLC claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

1

Similarly, Afsoon Hagh's Request for Productions Responses to the following Requests were deficient: 1, 3, 5, 8 and 9. To the extent that Afsoon Hagh claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

By this letter, the Trustee requests that you more fully, completely and appropriately address these issues by no later than November 12, 2021. If you have failed to appropriately supplement your responses by that date, the Trustee will have no choice but to file a motion to compel responses with the Court.

Sincerely,

Phillip G. Young, Jr.

cc:     Jeanne Ann Burton, Trustee

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

---

### PROTECTIVE ORDER

---

Plaintiff Jeanne Ann Burton, Trustee and Defendants Hagh Law, PLLC, Afsoon Hagh, and Manookian, PLLC (each of the foregoing, a "Party," and collectively, the "Parties") anticipate that certain of their confidential business and/or client records, as well as those of non-parties, may be produced in discovery in the above-captioned action (the "Action") and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), made applicable to this matter by Bankruptcy Rule 7026, the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below. To expedite the flow of discovery material and the litigation

of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1.     This Protective Order shall apply to all documents, electronically stored information (ESI), materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules, including without limitation, documents and data produced by any Party or non-party, answers to interrogatories, responses to requests for production, responses to requests for admission, expert disclosures, and deposition testimony.

2.     As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

3.     As used in this Protective Order, "Confidential Information" is information that the designating Party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial, or personal information, such as confidential business or client information.

4.     Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format.  For a multi-page document, each page containing Confidential Information shall be stamped separately.

5.     All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

1313

6.     Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

(i)     the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(ii)    counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

(iii)   expert witnesses and consultants, such as e-discovery vendors, who are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

(iv)    the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action; and

(v)     other persons by written agreement of the Parties or by order of the Court.

7.     Prior to disclosing any Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.     Documents and other information produced by non-parties shall be treated as Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential Information by letter to all other Parties in the Action.

9.      Deposition transcripts in this Action shall be treated as Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential Information by letter to all other Parties in the Action.  Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential Information during the recording of such deposition.  No person shall be present during portions of the depositions designated as "CONFIDENTIAL" unless such person is an authorized recipient of Confidential Information pursuant to this Protective Order.

10.     A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot consensually resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.   In connection with a motion filed under this provision, the Party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

11.     All Confidential Information designated as such that is contained within any document, including without limitation pleadings, briefs, deposition transcripts, and deposition exhibits, shall, if possible and feasible, be redacted by the Party seeking to file such prior to filing the document with the Court or, in the alternative, filed under seal, unless the Parties otherwise

4

agree.  In the event that any Confidential Information is filed with the Court by any Party, including pages from motions, briefs, memorandum, or other pleadings containing or referencing (in such manner that the Confidential Information may be revealed thereby), the Confidential Information shall be redacted by the filing Party or, upon motion and with leave of Court, filed under seal unless otherwise agreed by the Parties.  If a Party believes Confidential Information has been mistakenly filed with or in a pleading, such Party may, at the Party's own cost and expense, move that it be filed under seal.

12.	Except as provided in paragraph 11, material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed under seal. The Party wishing to file any Confidential Information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local rules.

13.	Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" (and any copies thereof) or destroy them.  Upon written request, counsel for each Party shall furnish a certificate of compliance that all Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

14.	The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information that is received or disclosed pursuant to this Protective Order.

15.	The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production

as privileged or otherwise protected from discovery. In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s). If the Receiving Party discovers an obviously privileged document, in particular one containing counsel of record in this case as a sender or recipient, it will immediately notify the Producing Party of the document and return or destroy all copies of the document. If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information. The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request. If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed. Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

6

1317

16.     Nothing in this Protective Order shall affect the admissibility of any evidence at a trial or hearing in this case.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

**AGREED:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.com

Counsel to Manookian PLLC

1318

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NUMBERS 5 AND 8

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to interrogatories 5 and 8 to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.    Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

1319

3.     Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.     Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.     Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.     Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.     Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

      9.     Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

**SPECIFIC RESPONSES**

      Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

**INTERROGATORIES**

      5.     State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

      **Response: Hagh Law disputes that there are "CM Cases" to the extent that Plaintiff asserts that an individual's right of action belongs to law firms or lawyers as opposed to the individual client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33.33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |

| | |
|---|---|
| Miller v. Vanderbilt Medical | 33.33% |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | 16.66% |
| Shoemaker v. Vanderbilt Medical | 23.11% |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

8.    State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: Every individual has a right to counsel of his or her choice. Defendant's entitlement to a fee in those cases where one is claimed is based on written engagement letters that defendant has with each of specified clients pursuant to which defendant was retained by the client to pursue the client's claim in exchange for specified compensation. Defendant has also agreed to share a portion of her recovery with other attorneys working on some of these cases. Copies of these documents will be made available for inspection upon entry of an appropriate protective order.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## DECLARATION UNDER PENALTY OF PERJURY

Afsoon Hagh, as the representative of Hagh Law PLLC, under penalty for perjury, hereby states that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____
Afsoon Hagh

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.      Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.     Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.     Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.     Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.     Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.     Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.     Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

## SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

## REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis. To date, the Plaintiff has declined do so; moreover, this requests would encompass all pleadings which are publicly available to the trustee as well as all attorney-client and work-product privileged materials which belong directly to the client and for which Defendant has no ability to waive.**

2.    Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:  No documents responsive to this request.**

3.    Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:  Objection. Defendant believes these materials may be attorney-client privilege and the request for every Document or Communication is unreasonably burdensome. Without waiving the foregoing, to the extent they have not already been provided, Defendant will produce engagement letters with the clients subject to entry of a suitable protective order.**

4.    Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response:  No documents responsive to this request.**

5.    Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response:  Objection.  For the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or had no contractual relationship with the client.  For the other matters, this Request is overly broad and unduly burdensome.**

**Without waiving the foregoing, to the extent any non-privileged, responsive documents exist, see response to RFPD No. 3.**

      7.     Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

      **Response: Objection. This Request is overly broad, unduly burdensome, and impossibly vague. Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose. Without waiving the foregoing objection, Defendant will produce documents directly related to the formation of Hagh Law and its ownership structure. Defendant further notes that some documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State and that it has no written operating agreement.**

      8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

      **Response: Objection. This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine. Notwithstanding the foregoing, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk. The entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter. Afsoon Hagh communicated with counsel for defendants in the Fitzgerald matter on innumerable**

occasions over a number of years on a host of topics ranging from discovery disputes, to the logistics of scheduling depositions; to the extent Plaintiff can identify key words, topics or dates of correspondence that the trustee seeks, Defendant will make a good faith effort to locate and produce for such correspondence.

9.     Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:    Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON** | ) | |
| **HAGH; MANOOKIAN, PLLC; and** | ) | |
| **FIRST-CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM AFSOON HAGH

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Requests for Production of Documents Propounded to Defendant Afsoon Hagh (the "Requests") propounded to Afsoon Hagh ("Hagh") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Hagh.[1]  Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on December

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

24, 2020.  Due to the holidays, and upon request by counsel for Hagh, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 28, 2021, Hagh served responses to the Requests, interrogatories, and the requests for admission.  The responses are attached as collective Exhibit 2.  The Trustee deemed Hagh's responses to the interrogatories and requests for admission adequate, but viewed Hagh's responses to the Requests as seriously deficient.  Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Hagh's responses to the Requests until October 29, 2021.  On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Hagh identifying the deficiencies in the responses to the Requests.  A copy of the Meet and Confer Letter is attached hereto as Exhibit 3.  Notably, because Hagh had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Requests by November 12, 2021.  On November 4, 2021, counsel for Hagh asked for additional time to respond to the Meet and Confer Letter.  Counsel for the Trustee agreed to an extension to November 30, 2021.  On November 30, 2021, Hagh Law, PLlC served amended responses to the discovery but Hagh individually served no supplemental responses.

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Hagh's responses to the Requests remain deficient.  More specifically, the Trustee identifies the following continuing deficiencies with the Request responses:

- Request 1: Request 1 seeks production of any document or communication that Hagh alleges supports the denials in her answer. Despite Hagh's repeated allegations that she is in possession of information that would disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Hagh has refused to provide any documents in response to this Request. Hagh should be compelled to respond to this Request and, to the extent she does not, she should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between Hagh and plaintiffs to certain cases identified specifically in the Requests and the related interrogatories. Hagh has repeatedly alleged that she or her law frim has written engagement letters with these parties, but has repeatedly refused to produce them. In response to Request 3, Hagh again refuses to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged) and/or because the request is unduly burdensome (even though the Request identifies specific cases). Hagh has offered to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Hagh should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports her response to Interrogatory 5, namely the percentage of fees to which Hagh claims an interest in certain cases. Again, Hagh refuses to produce these documents without a "suitable protective order", which the Trustee has proposed but to which Hagh has not responded. Hagh should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Hagh objects, vaguely claiming a privilege but failing to produce a privilege log. Hagh has repeatedly taken the position in this case that she and/or her law firm, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh and counsel for the Defendants. Hagh should be compelled to produce all documents responsive to this request.

- Request 9: Request 9 seeks banks statements that show where funds from the settlement of the Fitzgerald matter were deposited, transferred or held since August 1, 2019. Hagh objects, claiming that Trustee's counsel is in possession of all such statements. However, the Trustee and her counsel are only in possession of a highly redacted bank statement that was previously produced by Brian Manookian, not by the account holder Hagh Law or Hagh individually. The Trustee believes she is entitled to an

unredacted copy of this bank statement, to be produced by Hagh or Hagh Law, so that she can ensure its veracity. Hagh should be compelled to produce all responsive documents.

For the reasons outlined above, the Trustee requests that the Court compel Hagh to respond to the outstanding Requests listed in this Motion.[2] The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[3] Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties. Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
Fax:    615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

## RULE 37 CERTIFICATION

---

[2] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[3] *See* Fed. R. Civ. P. 37(a)(5)(A).

I certify that I, in good faith, conferred or attempted to confer with Hagh's counsel in an effort to obtain discovery responses without court action. Specifically, on October 29, 2021 I sent counsel for Hagh a detailed "Meet and Confer Letter". Despite this attempt, and despite conversations regarding necessary discovery over the past year, Hagh has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.

# THOMPSON BURTON PLLC

### A T T O R N E Y S   A T   L A W
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

November 24, 2020

VIA U.S. MAIL AND ELECTRONIC MAIL

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** *Burton v. Hagh Law, PLLC et al.*
> **Discovery Propounded to Afsoon Hagh and Hagh Law, PLLC**

Dear Craig:

Please find enclosed discovery propounded to your clients, Afsoon Hagh and Hagh Law, PLLC, by my client, Jeanne Ann Burton, Trustee. Please contact me with any questions.

Sincerely,

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANT AFSOON HAGH

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Interrogatories (the "Interrogatories") to Defendant Afsoon Hagh ("Defendant") and requests that Defendant respond to the following Interrogatories, separately and fully, under oath and within the time provided by law.

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.     *"Answer"* means the Answer by Defendant in this matter and/or any amendments to it.

C.     *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
| --- | --- |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.     *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

2

1339

E.     *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

F.     *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.     *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.     *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.     *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.     *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.     *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the

3

1340

business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.    *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.    *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.    *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.    *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.    *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.    *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

4

# INSTRUCTIONS

1.      When asked to identify a document, state: (a) its location; (b) the location of all copies of the documents that are not identical duplicates of the original; (c) the name and title of each person presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's content and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document. If the document is available only in machine-readable form, state the form in which the document is available and the type of machine required to read the document. If the document was, but no longer is, in your possession, custody or control, state or identify: (a) what disposition was made of the document; (b) the date of the disposition, and (c) each person that either authorized or has knowledge of the disposition.

2.      When asked to identify a natural person, state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; (f) present or last known home and/or mobile telephone number. If the person no longer is employed by the person for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employment of the person and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.

3.      When asked to identify a non-natural person, state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the

1342

organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding; and (f) the name, address and phone number of any attorney who has contacted the Defendants or the Defendants' agents on behalf of said entity.

4.     When asked to identify a transfer of property, state: (a) the date and amount (in dollars if made in cash or as a measure of the fair market value of other property transferred, if other than cash) of the transfer; (b) the mode of the transfer (such as by check, cash, other property, memorandum, book entry or other method of transfer); (c) each person who has or is believed to have first-hand knowledge of the transfer; (d) the account the property was transferred from; and (e) identify each document relating to the transfer pursuant to the above Instruction No. 1.

5.     When asked to identify a communication, state: (a) the date, time and place of the communication; (b) the form of the communication (such as memorandum, letter, or conversation); (c) each person who has or is believed to have first-hand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

6.     Whenever appropriate, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to outside their scope.

7.     When asked to state each and every basis for a given proposition or allegation, state or identify; (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or which supports or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

8.     With respect to each document or communication that the Defendant does not produce or divulge based upon any claim or privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name and address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom a copy of the document was directed or sent; (e) the name and address of each person to whom has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j)  a general description or the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy of it bears; and (m) the reason the document or communication was not produced.

9.     You shall make any objections you might have to this discovery request in writing and deliver those written objections to the offices of Thompson Burton, PLLC, ATTN: Phillip Young, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such place as may be agreed upon by the parties, on or before 30 days of the date of this discovery was served.

10.     You are asked to state each and every basis to support the answers to the Interrogatories set forth below.

11.     These Interrogatories are intended to be continuing and you are obligated to amend your responses to them on a timely basis as more information becomes available to you or your counsel to the full extent required by applicable rules and case law.

7

1344

## INTERROGATORIES

1.      Identify each person that provided any information used to answer these Interrogatories.

**Response:**

2.      Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response:**

3.      Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

4.      Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges she is entitled to from each of the CM Cases.

**Response:**

1345

6.      List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant for business purposes since January 1, 2018, and include the dates of the Defendant's use.

**Response:**


7.      List all employees of the Defendant since January 1, 2018, and include the dates of each individual's involvement with the Defendant.

**Response:**


8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response:**


9.      Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

9

**Response:**

10.    Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:**

12.    State your relationship with Cummings Manookian, PLC from January 1, 2018 through present, whether you were an employee, independent contractor or had no relationship with Cummings Manookian, PLC. If your relationship with Cummings Manookian, PLC changed during this time, please indicate the dates of each such relationship.

**Response:**

13.    List all amounts you were paid by Cummings Manookian, PLC since January 1, 2018. For each payment, list the date of payment, amount of payment, and consideration for such payment.

**Response:**

Dated this 24th day of November, 2020.

By:   /s/ Phillip G. Young, Jr.
      Phillip G. Young, Jr. (021087)
      Thompson Burton PLLC
      6100 Tower Circle, Suite 200
      Franklin, Tennessee 37067
      Tel:   (615) 465-6008
      Fax:   (615) 807-3048
      phillip@thompsonburton.com

      Attorneys for Jeanne Ann Burton, Trustee

11

1348

## OATH

STATE OF TENNESSEE

COUNTY OF DAVIDSON


     Afsoon Hagh, an individual, being first duly sworn, states that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.


_____


     Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Afsoon Hagh, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes therein contained.

     Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.


_____
Notary Public
My Commission Expires: _____

12

1349

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:    /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr.

1350

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT AFSOON HAGH

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Production of Documents (the "Requests") to Defendant Afsoon Hagh ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.    *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

E.    *"Complaint"* means the Complaint filed by Trustee in this matter and/or any amendments to it.

2

1352

F.     *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.     *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.     *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.     *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.     *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.     *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or

3

1353

formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.      *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.      *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.      *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.      *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.      *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.      *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

4

## INSTRUCTIONS

1.     As required by law, your responses should supply documents not only in your possession, custody, or control, but also such information and documents which are available to all other persons acting on your behalf in this case.

2.     If you claim privilege for any document or any communication encompassed by this discovery, set forth the basis for such claim of privilege and give a sufficient description to identify, specifically, each document or communication, the authors and the persons to whom it was addressed and/or copies, and the basis for your claim of privilege.

3.     When this discovery calls for a document which, while known to you, is not in your possession or control, identify its present location and custodian if known, or otherwise its last known location and custodian.

4.     Where the context in the discovery makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.     This discovery is continuing in nature, and you are requested to supplement your response to any request promptly after receiving or obtaining any further documents responsive to any request herein. You are also requested to produce additional responsive documents within fourteen (14) days upon discovery of said documents.

1355

## REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response:**

2.     Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:**

3.     Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:**

4.     Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters..

**Response:**

5.     Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response:**


6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.


**Response:**


7.      Please produce copies of all Documents and Communications that relate to any compensation paid by Cummings Manookian PLC to Defendant in the last four (4) years.


**Response:**


8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.


**Response:**


9.      Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:**

10.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:**

11.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response:**

12.     Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:**

8

Dated this 24th day of November, 2020.

By:    /s/ Phillip G. Young, Jr.
           Phillip G. Young, Jr. (021087)
           Thompson Burton PLLC
           6100 Tower Circle, Suite 200
           Franklin, Tennessee 37067
           Tel:    (615) 465-6008
           Fax:   (615) 807-3048
           phillip@thompsonburton.com

           Attorneys for Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing

document has been forwarded by United State Mail, first class, with sufficient postage, on this the

24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:    /s/ Phillip G. Young, Jr.
           Phillip G. Young, Jr.

9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## REQUESTS FOR ADMISSION PROPOUNDED TO AFSOON HAGH

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Admission (the "Requests") to Defendant Afsoon Hagh ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.    *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

      D.      *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

      E.      *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

      F.      *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

      G.      *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

      H.      *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

2

I.     *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

J.     *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

K.     *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

L.     *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

M.     *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

3

N.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

O.     *"Relate", "relating to", "refer to", "referencing", "regarding", "pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

P.     *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action this is additionally responsive or necessary to maintain the accuracy of answers previously served.

2.     If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to any admission, the matter with respect to which an admission is requested will be deemed admitted.

3.     In accordance with Federal Rule of Civil Procedure 36, you must supply an answer to any request for admission not unequivocally admitted that specifically denies the matter or sets forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. If only a portion of the request for admission should, in good faith, be denied, you must specify so much of the matter that is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

1.     Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

4

**Response:**

2.     Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**

3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**

4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

6.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**

5

1364

Dated this 24th day of November, 2020.

By:   /s/ Phillip G. Young, Jr.
       Phillip G. Young, Jr. (021087)
       Thompson Burton PLLC
       6100 Tower Circle, Suite 200
       Franklin, Tennessee 37067
       Tel:   (615) 465-6008
       Fax:   (615) 807-3048
       phillip@thompsonburton.com

       Attorneys for Jeanne Ann Burton, Trustee

# OATH

STATE OF TENNESSEE

COUNTY OF _____

      Afsoon Hagh, in her individual capacity, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of her knowledge, information and belief.

_____

      Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Afsoon Hagh, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes therein contained.

      Witness my hand and official seal at _____, Tennessee, this the ____ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

1366

**CERTIFICATE OF SERVICE**

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing

document has been forwarded by United State Mail, first class, with sufficient postage, on this the

24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:   /s/ Phillip G. Young, Jr.
         Phillip G. Young, Jr.

8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT AFSOON HAGH'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Afsoon Hagh ("Hagh" or "Defendant") hereby submits her responses to Plaintiff's First Set of Interrogatories Propounded to Afsoon Hagh. Defendant reserves her right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.      Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.     Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.     Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.     Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.     Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8.     Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.    Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time.  Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production.  Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response.  The responses below are provided without waiver of any of the objections stated herein.

## SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Afsoon Hagh provides the following further objections and responses to these interrogatories and requests for production:

## INTERROGATORIES

1.    Identify each person that provided any information used to answer these Interrogatories.

**Response: Afsoon Hagh**

2.    Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Afsoon Hagh, Brian Manookian, Phillip Young, Jeanne Burton**

3.    Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection. This interrogatory is so overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.**

4.    Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests. Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.**

5.    State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges she is entitled to from each of the CM Cases.

**Response: Hagh Law disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. Furthermore, Defendant is not personally entitled to a fee on any of these cases. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | To be determined |
| Ruffino v. Archer | None |

| | |
|---|---|
| Salas v. Rosdeutscher et al | To be determined. |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

6.     List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant for business purposes since January 1, 2018, and include the dates of the Defendant's use.

**Response: No website. From January 2018-June 2018, 45 Music Sq West Nashville, TN 37203. afsoon@cummingsmanookian.com. From July 2018- present work from home. Telephone number is my cell phone. No website. Continued to use afsoon@cummingsmanookian.com. Since February/March 2019 email is afsoon@haghlaw.com**

7.     List all employees of the Defendant since January 1, 2018, and include the dates of each individual's involvement with the Defendant.

**Response: Afsoon Hagh does not have any employees.**

8.     State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," neither Defendant individually or Hagh Law as an entity has any contractual relationship with and did no work for the Plaintiff.  For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or, with respect to Fitzgerald, Hagh Law secured the settlement or payment for the client.**

9. Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10. Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection. This is not an appropriate interrogatory. Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true. If Plaintiff would like Defendant to expound on any particular denial, Defendant is happy to do so upon submission of a specific interrogatory. Without waiving the foregoing, Defendant incorporates herein its response to interrogatory 6 above and Defendants' theory of the case set forth in the Joint Pretrial Statement.**

12.     State your relationship with Cummings Manookian, PLC from January 1, 2018 through present, whether you were an employee, independent contractor or had no relationship with Cummings Manookian, PLC. If your relationship with Cummings Manookian, PLC changed during this time, please indicate the dates of each such relationship.

**Response: I was co-counsel from January 1, 2018 until Cummings Manookian's withdrawal from the cases.**

13.     List all amounts you were paid by Cummings Manookian, PLC since January 1, 2018. For each payment, list the date of payment, amount of payment, and consideration for such payment.

**Response: None.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## OATH

I, Afsoon Hagh, hereby declare under penalty of perjury that that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709255.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>CUMMINGS MANOOKIAN, PLLC, )<br>)<br>Debtor. )<br>)<br>JEANNE ANN BURTON, TRUSTEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAGH LAW, PLLC; AFSOON HAGH; )<br>MANOOKIAN, PLLC; and FIRST- )<br>CITIZENS BANK & TRUST COMPANY, )<br>)<br>Defendants. ) | Case No. 3:19-bk-07235<br>Chapter 7<br>Judge Walker<br><br><br><br><br><br>Adv. Proc. No. 3:20-ap-90002 |

---

## DEFENDANT AFSOON HAGH'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Afsoon Hagh ("Hagh" or "Defendant") hereby submits her responses to Plaintiff's First Requests for Production of Documents Propounded to Afsoon Hagh. Defendant reserves her right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.    Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.      Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.      Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.      Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.      Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.      Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.    Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time.  Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production.  Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response.  The responses below are provided without waiver of any of the objections stated herein.

SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Afsoon Hagh provides the following further objections and responses to these interrogatories and requests for production:

REQUESTS FOR PRODUCTION

1.    Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy a good-faith response.  To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2.    Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: There are no documents responsive to this request.**

3.	Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome.**

4.	Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: There are no documents responsive to this request.**

5.	Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome. Without waiving the foregoing objection, for the cases in which Hagh Law**

does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or had no contractual relationship with the client. In fact, Defendant does not recognize certain of the cases and believes she may have never even interacted with the client.

6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response: Defendant does not believe there are any such documents, as all advances would have been made by Defendant Hagh Law.**

7.      Please produce copies of all Documents and Communications that relate to any compensation paid by Cummings Manookian PLC to Defendant in the last four (4) years.

**Response: Defendant received no compensation from Cummings Manookian PLC in the last four years, so there are no responsive documents.**

8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection. This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine. Moreover, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.**

9.      Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:** **Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court. Any other documentation is irrelevant to this case.**

10.    Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response: Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal. All exhibits will be identified in compliance with the applicable federal and local rules.**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response: Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.**

12.    Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response: Subject to the entry of an appropriate protective order, Defendant will produce any documents referenced in its responses to Plaintiff's First Set of Interrogatories.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709608.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT AFSOON HAGH'S RESPONSE TO
## REQUESTS FOR ADMISSION

---

Defendant Afsoon Hagh ("Hagh" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Request for Admission.

1.      Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.      Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED.**

4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203.**

5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203.**

6.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response: ADMITTED, AS DEFENDANT HAS NOT USED UTILIZED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN PLC.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29502498.1

THOMPSON BURTON PLLC
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

October 29, 2021

Craig Gabbert
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

Re:     ***Burton v. Hagh Law PLLC et al.***
        **United States Bankruptcy Court for the Middle District of Tennessee**
        **Case No. 3:20-ap-90002**

Dear Craig:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. I am sending this letter pursuant to Rule 37 of the Federal Rule of Civil Procedures as a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.

On or about January 28, 2021, you sent me Defendant Hagh Law, PLLC's Response to Plaintiff's First Request for Production of Documents ("Hagh Law Request for Production Responses") and Defendant Hagh Law, PLLC's Response to Plaintiff's First Set of Interrogatories ("Hagh Law Interrogatory Responses") (collectively, "Hagh Law Discovery Responses"). You also sent me Defendant Afsoon Hagh's Response to Plaintiff's First Request for Production of Documents ("Afsoon Request for Production Responses") and Defendant Afsoon Hagh's Response to Plaintiff's First Set of Interrogatories ("Afsoon Interrogatory Responses") (collectively, "Afsoon Discovery Responses"). I have had an opportunity to review the Hagh Law Discovery Responses and Afsoon Discovery Responses with the Trustee. Unfortunately, they are deficient in several important respects.

More specifically, Hagh Law, PLLC has failed to adequately respond to the following Interrogatories: Nos. 5 & 8. The Trustee is entitled to know what percentage fee, if any, that Hagh Law is seeking with regard to each case listed in Interrogatory No. 5 and the basis for any such claim. Additionally, Hagh Law's Request for Production Responses to the following Requests were deficient: 1, 3, 5, 7, 8 and 9. To the extent that Hagh Law, PLLC claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

1

Similarly, Afsoon Hagh's Request for Productions Responses to the following Requests were deficient: 1, 3, 5, 8 and 9. To the extent that Afsoon Hagh claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

By this letter, the Trustee requests that you more fully, completely and appropriately address these issues by no later than November 12, 2021. If you have failed to appropriately supplement your responses by that date, the Trustee will have no choice but to file a motion to compel responses with the Court.

Sincerely,

Phillip G. Young, Jr.

cc:     Jeanne Ann Burton, Trustee

2

1387

### THE UNITED STATES BANKRUPTCY COURT FOR THE
### MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

IN RE: Cummings Manookian PLLC, Debtor(s).

    45 Music Square West
    Nashville, TN 37203

    47-2636732

Case No. 19-07235 CW3

Chapter 7

Judge Walker

---

### Notice of Appearance and Request for Notice

---

Pursuant to Bankruptcy Rule 2002(g) the Tennessee Attorney General's Office requests that all notices or orders sent in this case in accordance with Title 11 U.S.C., any order of the Court, Bankruptcy Rules 2002, 3017, and 9013, and any other Bankruptcy Rules or local rules governing notice be sent to the TN Dept of Revenue.

Notices should be addressed to:

TN Dept of Revenue

c/o TN Attorney General's Office, Bankruptcy Division

PO Box 20207

Nashville, Tennessee 37202-0207

The TN Dept of Revenue hereby reserves and does not waive its sovereign immunity and its rights under the Eleventh Amendment to the United States Constitution.

Respectfully submitted,

Herbert H. Slatery III
Attorney General and Reporter

*/s/ William McCormick*
_____

William McCormick
Senior Assistant Attorney General
BPR No. 12718
OFFICE OF THE ATTORNEY GENERAL
BANKRUPTCY DIVISION
P O BOX 20207
Nashville, TN 37202-0207
Phone: (615) 532-8930   Fax: 615-741-3334
Email: bill.mccormick@ag.tn.gov

### CERTIFICATE OF SERVICE

I certify that on <u>April 22, 2022</u> a copy of this pleading was deposited in the United States mail, first class, postage prepaid, or sent electronically (or both as required by local rules) to the parties set out below.

*/s/ William McCormick*
_____

William McCormick
Senior Assistant Attorney General

| | | |
|---|---|---|
| Office of the U.S. Trustee | Jeanne Ann Burton | Lefkovitz and Lefkovitz PLLC |
| Customs House Ste 318 | Chapter 7 Trustee | Attorney for the Debtor(s) |
| 701 Broadway | Jeanne Ann Burton PLLC | 618 Church St, STE 410 |
| Nashville, Tennessee 37203 | 4117 Hillsboro Pk STE 103-116 | Nashville, TN 37219 |
| | Nashville, TN 37215 | |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2022

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1* | Accounts Receivable (See Footnote) | 70,000.00 | 0.00 | | 0.00 | FA |
| 2 | Office Equipment/ Furn (Debtor does not own any) | 0.00 | 0.00 | | 0.00 | FA |
| 3* | Costs due in various cases<br><br>There are cases where costs have been advanced in lawsuits contingent upon cases being successfully resolved but are presently unrealized due to the cases being pending without resolution. (See Footnote) | Unknown | 0.00 | | 0.00 | FA |
| 4 | A/R Case BaHC<br><br>Potential Attorney Fees/Costs for confidential case | 0.00 | 11,680.64 | | 11,680.64 | FA |
| 5* | A/R Case BaHu<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 6* | A/R Case BeLb<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 7* | A/R Case BrRe<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 8* | A/R Case DyVa<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 9 | A/R Case KnRi<br><br>Potential Attorney Fees/Costs for confidential case | 0.00 | 19,286.13 | | 19,286.13 | FA |
| 10* | A/R Case MiVa<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 11 | A/R Case RuAr<br><br>Potential Attorney Fees/Costs for confidential case | 0.00 | 28,884.58 | | 28,884.58 | FA |
| 12* | A/R Case SaRo<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 13* | A/R Case ShVa<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 14 | A/R Case ThSi - Preference DE 56 (u) | 0.00 | 23,637.22 | | 23,637.22 | FA |
| 15 | A/R Case WaMo<br><br>Potential Attorney Fees/Costs for confidential case | 0.00 | 1.00 | | 9,695.85 | FA |
| 16* | A/R Case WhPa<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 17* | A/R Case WoMi<br><br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2022

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=§554(a) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 18* | A/R Case FiOs  Adversary 320:ap-90002 <br> Disputed Attorney Fees/Costs for confidential case (See Footnote) | 1,400,000.00 | 1,400,000.00 | | 0.00 | 1,400,000.00 |
| 19 | A/R Case West MDL Settlement (u) <br> Fees/Costs for confidential casse | 3,739.85 | 3,739.85 | | 3,739.85 | FA |
| **19** | **Assets Totals (Excluding unknown values)** | **$1,473,739.85** | **$1,487,233.42** | | **$96,924.27** | **$1,400,004.00** |

RE PROP# 1     See itemized individual receivable assets

RE PROP# 3     Each cost is part of the individually itemized receivable case assets

RE PROP# 5     CM will not receive fees in this case.

RE PROP# 6     Action is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.

RE PROP# 7     Action is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to  indicate the asset is being administered.

RE PROP# 8     CM will not receive fees in this case.

RE PROP# 10     Action was settled.  Settlement amount is confidential and Trustee does not yet know amount of settlement.  The amount of attorney fees to which Debtor is entitled has not yet been determined.  Adversary proceeding 320-ap-90002 seeks to determine amount due to Debtor and is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.

RE PROP# 12     CM will not receive fees in this case.

RE PROP# 13     Action was settled.  Settlement amount is confidential and Trustee does not yet know amount of settlement.  The amount of attorney fees to which Debtor is entitled has not yet been determined.  Adversary proceeding 320-ap-90002 seeks to determine amount due to Debtor and is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.

RE PROP# 16     CM will not receive fees in this case.

RE PROP# 17     CM will not receive fees in this case.

RE PROP# 18     Case settled. Adversary 320-ap-90002  pending re dispute as to entitlement of fees. $715,000.00 of the fees ordered in escrow with Court.

| | |
|---|---|
| **Case No.:** 19-07235 | **Trustee Name:** (620290) Jeanne Ann Burton |
| **Case Name:** CUMMINGS MANOOKIAN, PLLC | **Date Filed (f) or Converted (c):** 11/06/2019 (f) |
| | **§ 341(a) Meeting Date:** 12/02/2019 |
| **For Period Ending:** 03/31/2022 | **Claims Bar Date:** 04/01/2020 |

**Major Activities Affecting Case Closing:**

schedules are at DE 1,7,9 and 10
11/18/19-motion to employ P. Young filed
12/2/19- documents requested at the moc
12/3/19 e-mail to J. Lefkovitz re bank statements and credit card statements and documents requested at moc
12/9/19-objection to motion to employ P. Young filed; hearing is 12/17/19
12/10/19 attend hearing on TRO against Hagh Law in Lawrenceburg
12/11/19 review proposed TRO order
12/11/19 discuss witness and exhibit list with P. Young for motion to employ special counsel
12/13/19 t/c John Konvilinka re appeal-his name was given to me by debtor's counsel;e-mail to debtor's counsel re supplying info
12.13.19 t/c Charles Malone at Butler Snow re appeal-he represents the appellees
12/17/19 hearing on Motion to employ special counsel- court took matter under advisement
12/20/19-order re: TE app to employ special counsel gives the TE until 12/24/19 to file supp. app and more info
12/21/19-supplement to app. of TE to employ special counsel filed
12/23/19-order granting application to employ Thompson Burton PLLC entered
12/23/19-B. Manookian filed request for leave to respond in opposition and objection to app. to employ Thompson Burton PLLC
12/23/19-prep of suggestion of bk in Ct. of Appeals
12/26/19-order denying B. Manookian request for leave to respond entered
1/2/2020-prep of suggestion of bk in Circuit Ct (mail)
1/2/2020-send demand letter to A. Hagh (to d/m case against Debtor)-reg and cert. mail
1/2/2020-file asset notice; last day to file claims is 4/1/2020
1/3/2020- review order from COA re oral arguument
1/8/2020-adversary complaint filed
1/8/2020-expedited motion/order for turnover of funds filed
1/9/2020-order setting hearing on motion for turnover of funds entered, deadline to object to the relief is 1/14/2020 at 4pm; hearing is scheduled for 1/15/2020 at 1:30pm
1/14/20-objection to expedited motion for turnover filed
1/14/20-NOA filed by John Spragens-attorney for Hagh Law
1/14/20-Plaintiff's reply to objection of Hagh Law PLLC filed
1/15/20-Hagh Law filed motion to strike Plaintiff's reply to objection
1/15/20-summons and notice of pretrial -pretrial is 3/10/20
1/15/20 attend hearing on motion for turnover of funds
1/16/20-order entered for turnover of funds-funds to be deposited with Bk Court Clerk by 11:59 pm 1/21/20; final hearing will be 2/5/20
1/17/20 review order re turnover of funds and setting final hearing
1/28/20-review poc filed by Grant Konvlinka-based on default judgment
1/28/20-motion to compel turnover of records filed; hearing is 2/11/20 (responses due by 2/7/20)
1/31/20-prep and file motion for sanctions for violation of automatic stay-Hagh Law/Afsoon Hagh
1/31/20-review NOA filed by Craig Gabbert (had returned earlier phone call)
2/3/20 -phone call with C. Gabbert, atty for Ms. Hagh and Hagh Law
2/3/20-hearing on motion for turnover of records rescheduled to 2/18/20
2/3/20-hearing on motion for sanctions is 2/18/20
2/6/20-order on expedited motion for turnover of funds submitted (Clerk to continue to hold the $715,000)
2/7/20-response to motion to compel filed by B. Mannokian and S. Lefkovitz
2/7/20-proposed a/o submitted re: complaint in Circuit Court dismissed and motion for sanctions is moot
2/11/20-hearing on motion to compel turnover of records continued to 3/3/20
2/24/20-motion for entry of default against defendants in adversary was filed
2/24/20-entry of default entered in the adversary
3/3/20-hearing on motion to compel continued to March 24, 2020
3/3/20-motion to continue pretrial conference in adversary to March 24, 2020 filed
3/4/20 consult with L. Williams re any requirement to file 2019 return-no requirement
3/10/20-agreed order for turnover of monies held by Receiver filed
3/13/20-prep of motion to employ Accountant

1391

| | |
|---|---|
| Case No.: 19-07235 | Trustee Name: (620290) Jeanne Ann Burton |
| Case Name: CUMMINGS MANOOKIAN, PLLC | Date Filed (f) or Converted (c): 11/06/2019 (f) |
| | § 341(a) Meeting Date: 12/02/2019 |
| For Period Ending: 03/31/2022 | Claims Bar Date: 04/01/2020 |

3/16/20 answers filed in adv proceeding; entry of default will be withdrawn
3/17/20 hearing on motion for turnover will be continued to 4/21/20; pretrial continued also
4/1/20 e-mail to D. Puryear re order for turnover of funds
4/7/20-file order to employ Accountant-had wrong effective date on it
4/7/20-filed amended order to employ Accountant
4/14/20-motion to continue hearing on motion to compel and adversary pretrial conference filed
4/15/20-order continuing hearings to May 19 at 10:15 am entered
4/25/20-motion to approve fee/expense division filed
5/15/20-motion to continue hearing on turnover of records and motion to continue pretrial in adv. filed
5/18/20-order to continue hearing on turnover and pretrial to June 30, 2020 entered
518/20-objection to motion to approve fee and expense division filed; hearing is scheduled for 5/26/20 at 10 am
5/22/20-motion to cont. hearing on motion to approve fee/expense division filed; expedited order submitted
5/26/20-order to cont. hearing on motion to approve fee/expense division entered-hearing will be 6/9/20
6/9/20-order approving fee and expense division among Debtor and Cummings Law filed
6/29/20-motion and expedited order to continue hearing on motion to compel turnover filed
6/29/20-order to continue hearing entered; hearing is 8/18/20 at 10:15 am (Telephonic)
8/17/20-joint pretrial statement filed in adv. 20-90002
8/19/20-adv pretrial has been continued to 1/12/2021 at 10:15 am
8/19/20-order compelling turnover of documents entered
9/3/20-review e-mail and phone call with P. Young re document production
9/28/20- follow up with P. Young re documents and written discovery
10/30/20-prep of notice of status of bk case to be filed in Ct. of Appeals
11/9/20-e-mail to P. Young re written discovery
11/23/20 review draft of written discovery
12/16/20 review e-mail from P. Young responding to requests for additional time to respond to written discovery
1/12/21 pretrial conference has been continued for 90 days; written discovery is outstanding
2/1/21 review discovery responses and requests; t/c P. Young
2/24/21-pretrial conference rescheduled for 4/16/21
2/25/21 responses for request for admissions sent to Mr. Spragens
3/2/21-email and mailed to P. Young- plaintiff's responses to first and second set of written discovery
3/3/21-motion for stay of all discovery; hearing is 4/7/21 at 11am
3/12/21-prep of letter to BK Clerk for certified copies
3/17/21-t/c S. Lefkovitz re funds collected in state court receivership
3/28/21- response to motion to stay filed
4/2/21- discuss tax filing requirements with L.Williams
4/2/21- t/c P. Young re upcoming hearing on motion to stay discovery in adversary proceeding
4/7/21-motion to stay discovery is granted in part; discovery is stayed at least through 5/26/21. Hearing set for 5/26/21
4/7/21-pretrial conference continued to 5/26/21
5/18/21-prep of motions to disallow claim 3, 4, and 6
5/18/21-claim 1 was withdrawn
5/19/21-review draft settlement agreement re claim 5; e-mail proposed changes to P. Young
5/26/21-order further staying discovery and continuing pretrial to July 21, 21 filed
6/14/21 t/c P. Young to discuss claim 6( R. McCarthy) and discussions with atty re claim 3;discuss attorney's liens
6/17/21-response to objection to claim # 3 and #4 filed by Phillip North; hearing will be held 6/25/21 at 11 am.
6/21/21-t/c P. Young to discuss objection filed by P. North and other case matters
6/22/21-motion to continue hearing on TE objection to claims 3 and 4 to on or after July 15, 2021 filed by P. Young
6/24/21-hearing on objection to claims 3 and 4 reset to July 21, 2021
6/29/21-notice of extension of time to respond to objection to claim 6 (extended to 7/19/21)
7/6/21-motion for comp/settle filed re: claim 5
7/13/21-review draft of settlement agreement (McCarthy) and discuss same with P. Young. Review email from C. Gabbert re: Chase settlement and discuss with P. Young
7/19/21t/c P. Young re claim objections/settlements and upcoming hearing on discovery and ptc in adversary; discuss other case matters
7/19/21-a/o resolving TE objection to claim 3 & 4 filed

1392

Case No.: 19-07235

Case Name: CUMMINGS MANOOKIAN, PLLC

For Period Ending: 03/31/2022

Trustee Name: (620290) Jeanne Ann Burton

Date Filed (f) or Converted (c): 11/06/2019 (f)

§ 341(a) Meeting Date: 12/02/2019

Claims Bar Date: 04/01/2020

7/20/21-a/o resolving TE objection to claim 6 filed
7/20/21-emergency motion to continue pretrial in adv. filed; a/o entered; pretrial will be continued until 8/11/21 at 11am
7/27/21 review status report request from state supreme court
7/27/21-objection to motion for comp/settle filed by J. Spragens for Manookian PLLC and B. Manookian; hearing is 8/11/21 at 11am;objection also filed by creditor Konvilenka
7/28/21 review charging order re state court action(Phillip North)
7/29/21 file notice of status of bk case with TN Supreme Court
8/4/21 orders regarding claims 3, 4  and 6 entered.
8/9/21-hearing on objections to motion for comp/settle continued until 9/17/21 at 11 am.
8/9/21-pretrial in Adversary continued until 9/17/21 at 11 am.
9/1/21-t/c P. Young re upcoming hearing on objections to motion for comp and settle
9/13/21-review drafts of responses to objections to motion for comp and settle; t/c P. Young to discuss; review final drafts
9/14/21-TE response to objection of Grant, Konvalinka & Harrison, PC to motion for comp/settle filed
9/14/21-TE response to B. Manookain objection to proposed Chase claim and settlement filed
9/15/21-TE exhibit and witness list for hearing on TE motion for comp and settle filed
9/15/21-B. Manookian's exhibit and witness list for  TE motion for comp/settle filed
9/17/21-hearing continued to 9/29/21 at 1pm
9/23/21- review and discuss motion to approve participation of P. Young at 9/29/hearing and motion re standing
9/24/21-motion to strike B. Manookian's objection and to preclude his participation in the 9/29/21 hearing
9/24/21 review order re hearing entered by Judge Walker
9/24/21 review revised proffer re Trustee testimony
9/27/21-response to TE motion to strike B. Manookian's objection
9/29/21- attend hearing on Trustee's motion to approve comp and settle; objections thereto and motion re standing of B. Manookian
9/30/21-review proposed order re Sept 29 hearing
10/1/21-order granting motion for comp/settle and finding B. Manookian lacks standing entered
10/5/21-review e-mails and order re state court proceeding in Chase v Stewart;Debtor not party to that action
10/14/21-notice of appeal and statement of election to District Court filed by J. Spragens
10/20/21-review response to motion/order setting ptc; review e-mail from P. Young re ptc
10/28/21-statement of issues on appeal filed by J. Spragens;discuss this and other case matters w/P. Young
11/2/21-review meet and confer letters re discovery after discussing with P. Young
11/4/21-t/c P. Young re case matters
11/22/21-prepare and send letter to state court clerk as requested re contact information and upcoming hearing
12/17/21-t/c P. Young re discovery requests from Hagh Law; letter re atty fee lien in ShVa( Asset #13)case from C. Gabbert; motions to compel discovery  and appeals brief
12/20/20- review final draft of appellee brief in appeal by B. Mannokian
12/20/21-motion to compel discovery from Manookian, PLLC , Hagh Law, PLLC and Afsoon Hagh filed
12/22/21-hearing on motion to compel is 1/5/22 at 11am
12/23/21-a/o to continue hearing to 2/2/22 filed
1/3/22-t/c P. Young re subpoenas and  a/r matters (ShVa( Asset #13)case)
1/7/22-review response to subpoena (privilege log);e-mail P. Young re same
1/14/22- t/c P. Young re McCarthy subpoena response and other subpoena matters; other discovery issues; discuss appeal of comp and settle;discuss ShVa( Asset #13)case fee issues
1/18/22-review state court order re sealed documents and granting motion for stay pending outcome of the appeal of the settlement with creditor Chase
1/18/22 review e-mail re fee matters in ShVa( Asset #13)case
1/19/22-Manookian PLLC motion to compel responses to interogs filed; hearing is 2/16/22
1/24/22-1/27/22 review, discuss and revise discovery responses to Hagh Law in adversary proceeding
1/27/22 final review of attachments to production of documents;e-mail P. Young re same
1/28/22-discuss proposed protective order with P. Young
1/31/22-review motion to compel to Mr. Fitzgerald re subpoena; t/c P. Young upon receipt of e-mail from C. Gabbert re protective order and discovery
1/31/22-hearing on motion to compel Fitzgerald is 2/16/22; hearing on motion to compel continued to 2/16/22; pretrial hearing continued to 2/16/22
2/2/22-protective order entered

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2022

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

2/9/22-TE response to Manookian PLLC motion to compel filed

2/14/22-revised protective order entered

2/16/22-submitted order continuing hearings and pretrial conference filed; hearings rescheduled for 3/17/22

3/2/22-t/c P. Young re discovery issues, review e-mails from C. Gabbert and J. Spragens

3/7/22-District ct order entered vacating bk court order re legal standard applied re standing in Chase settlement matter

3/9/22- review protective order (with Manookian PLLC)

3/10-3/11/22-review amended discovery responses after discussion with P. Young; e-mails to P. Young re same

3/13/22-review e-mails to J. Spragens and C. Gabbert re amended discovery responses

3/15/22-review state court order denying Hammervold motion for summary judgment re Chase party matters; judge's order says he needs to hear all facts from live witnesses

3/15/22-prehearing status report filed re: 3/17/22 hearing

3/17/22- attend hearing on motions to compel

3/18/22- copy of cd of hearing requested

3/22/22- discuss complaint filed by B. Cummings with P. Young

3/25/22-notice regarding motions to compel order filed; submitted expedited order to compel discovery responses

3/28/22- order regarding discovery entered

4/4/22-4/19/22 review State of Tennessee Dept of Revenue notice of levy to Metropolitan Bank; T/C L. Williams, accountant re state notice of levy; send copy of bk notice to L. Williams who provided to collection agent; awaiting response; subsequent t/c and e-mails with L. McCloud and B. McCormick, Senior Assistant Attorney Generals, Bankruptcy Division to have the lien released before the levy date and to avoid motion to quash and for sanctions; levy was released before deadline for bank to send funds to the Dept of Revenue ; Department of Revenue has filed a proof of claim

4/11/22-expedited motion to schedule pretrial conference on or before 4/15/2022and to continue depositions filed

4/14/22-order re: discovery matters and denying expedited motion for pretrial conference and cont. of depositions

4/20/22-4/21/22- Defendants' depositions of Trustee and P. Young

4/25/22-review notices of deposition for B. Manookian and A. Hagh; make notes; e-mail to P. Young ;t/c P. Young re changes to notice of deposition and discuss other case matters; review changes and reply to P. Young

**Initial Projected Date Of Final Report (TFR):** 12/31/2020

**Current Projected Date Of Final Report (TFR):** 03/31/2023

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRIAN CUMMINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BRETTON KEEFER, on behalf of the** | )   No. 3:22-cv-00301 |
| **deceased, CHESTA SHOEMAKER,** | ) |
| **AFSOON HAGH, and JEANNE** | ) |
| **BURTON, Trustee on behalf of** | ) |
| **CUMMINGS MANOOKIAN, PLC,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

For the reasons stated in this Court's most recent Order (Doc. No. 54) and absent timely objection by any party, Burton's Motion (Doc. No. 2) is **GRANTED**.  This case hereby is **REFERRED** to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee.  The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | NO. _____ |
| v. ) | |
| ) | |
| BRETTON KEEFER, on behalf of the deceased, ) | |
| CHESTA SHOEMAKER, and JEANNE ) | |
| BURTON, Trustee on behalf of CUMMINGS ) | |
| MANOOKIAN, PLC, ) | |
| ) | |
|     Defendants. ) | |

### COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

#### PARTIES, VENUE, AND JURISDICTION

1.    The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.    The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.    The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.      Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

5.      Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

6.      Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

7.      The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

8.      Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

2



9.      Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

### FACTS AND CLAIMS

10.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

      15.    Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

      16.    In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

      17.    In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

      18.    On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

4

COPY

19.   On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20.   Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21.   According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22.   The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23.   Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24.   Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25.   After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26.   Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27.   Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

5

28.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

6



32.    Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.    Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.    Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.    Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.    Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.    Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.    During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.    During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.    By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

41.    By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42.    Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43.    To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44.    At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45.    The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46.    John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47.    Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48.    At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

8

49.    Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.    In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

9

1404

53.     Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55.     The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56.     While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1.     That the Defendants be served and required to answer as required by law.

2.     That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3.     For general relief.

1405

Respectfully submitted,

/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

COPY

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20™ JUDICIAL DISTRICT

Service ID 285093

BRIAN CUMMINGS

                                                    CIVIL ACTION
                                                    DOCKET NO. 22C546
                                        Plaintiff   Method of Service:
                                                    Personal Service

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                        Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                        RICHARD R. ROOKER
ISSUED:  03/22/2022                          Circuit Court Clerk
                                        Davidson County, Tennessee

                                    By: _____

                                        Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

                                                    rev. 09/01/2018

Service ID 285093

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285093

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
1
NASHVILLE, TN 37201

### NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2018

COPY



RICHARD R. ROOKER, CLERK

By: ꓕꓕꓩ �France                D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | NO. 22C546 |
| v. | ) | |
| | ) | |
| BRETTON KEEFER, on behalf of the deceased, | ) | |
| CHESTA SHOEMAKER, AFSOON HAGH, | ) | |
| and JEANNE BURTON, Trustee on behalf of | ) | |
| CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.    The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.    The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.    The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.     Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5.     Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian.  The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6.     Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7.     Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8.     The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9.     Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

3

15.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

4

19.     On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

5

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

27.    Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.    Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

6



32.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

42.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.     To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.     The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

8

1419

50.    Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.    During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.    At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.    Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.    When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.    In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.    In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.    The only attorney who signed the Manookian agreement was Mr. Manookian.

59.    The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.    Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.    The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.    The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.    The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

10

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.     It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.     Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

11

71.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.     Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.     Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.     The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.     That Defendants be served and required to answer as required by law.

2.     That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

12

3.     That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.   For general relief.

Respectfully submitted,

/s/   James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

13

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 286122

CUMMINGS, BRIAN

Plaintiff

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

### CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____    D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Service ID 286122

COPY

CIRCUIT COURT SUMMONS                                              NASHVILLE, TENNESSEE

Service ID 286122

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, AFSOON HAGH . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20___.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                              NASHVILLE, TENNESSEE

Service ID 286123

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

CUMMINGS, BRIAN

                                                                  CIVIL ACTION
                                                                  DOCKET NO. 22C546
                                        Plaintiff                 Method of Service:
                                                                  Certified Mail

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                        Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

                                                        RICHARD R. ROOKER
                                                           Circuit Court Clerk
                                                        Davidson County, Tennessee

                                        By:

                                                        _____
                                                           Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., STE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

### CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

COPY

RICHARD R. ROOKER, CLERK

By: ᴍ Jᴀɢɴᴏʀ          D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 286123

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                                         NASHVILLE, TENNESSEE

Service ID 286123

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

|  | CIVIL ACTION |
|  | DOCKET NO. 22C546 |
|  | Method of Service: |
|  | Certified Mail |

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

Service ID 286124

CUMMINGS, BRIAN

                                                            CIVIL ACTION
                                                            DOCKET NO. 22C546
                                          Plaintiff          Method of Service:
                                                            Personal Service

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                          Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                            RICHARD R. ROOKER
ISSUED:  03/29/2022                                          Circuit Court Clerk
                                                            Davidson County, Tennessee

                                          By:  [signature]

                                                            Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVE. N., STE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

                                                            rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286124

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20____, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Service ID 286124

COPY  EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

### STATE OF TENNESSEE
### DAVIDSON COUNTY
### 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 22ⁿᵈ day of March, 2022 I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the 28th day of March, 2022 I received the return receipt for said registered or certified mail, which had been signed by B. Wood on the 25th day of March, 2022 Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON,
29th DAY OF March

NOTARY PUBLIC or DEPUTY CLERK
MY COMMISSION EXPIRES: 5-5-25

VICKI M. GLOVER
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Case 3:22-cv-00301   Document 1-1   Filed 04/26/22   Page 37 of 41 PageID #: 40

1432