

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, #200
Franklin, TN 37067

9590 9402 3459 7275 7326 13

2. Article Number (Transfer from service label)

7014 1820 0000 3466 3566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
3-25-22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

EFILED 03/29/22 10:29 AM CASE NO. 22C000 Richard R. Rooker, Clerk

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

Service ID 285093

**BRIAN CUMMINGS**

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___22___ day of ___MARCH___ , 202_2_, t:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

___X___ failed to serve this Summons within 90 days after its issuance because _BRETTON KEEFER_ _WAS NOT FOUND IN COURT._

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Confidential Courier Service
& Private Process Service
611 Priscilla Ct Madison, TN 37115
Alex B. Frierson

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**                                           NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

|  |
|---|
| CIVIL ACTION |
| DOCKET NO. 22C546 |
| Method of Service: |
| Certified Mail |

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __29th__ day of __March__ 20__22__ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the __2nd__ day of __April__ , 20__22__ I received the return receipt for said registered or certified mail, which had been signed by __B. Wood__ on the __31st__ day of __March__ , 20__22__ Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON,
__19th__ DAY OF __April__ , 20__22__

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
NOTARY PUBLIC or ____ DEPUTY CLERK
MY COMMISSION EXPIRES: __5-5-25__

STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 04/14/22 10:09 AM CASE NO. 22C546 Richard R. Rooker, Clerk

COPY

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Phillip Young
6100 Tower Circle, #200
Franklin, TN 37067

Article Number
(Transfer from service label)   7014 1820 0000 3466 3771

S Form 3811, July 2013          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
B. Wood   3-31-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express®
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE
NASHVILLE TN 370

2 APR 2022 PM 6 L

• Sender: Please print your name, address, and ZIP+4® in this box•

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave., N., Ste. 1800.
Nashville, TN 37219

CASE-CLOSED,NEWBERN

# U.S. District Court
# Middle District of Tennessee (Nashville)
# CIVIL DOCKET FOR CASE #: 3:22-cv-00301

| | |
|---|---|
| Cummings v. Keefer et al | Date Filed: 04/26/2022 |
| Assigned to: Chief Judge Waverly D. Crenshaw, Jr | Date Terminated: 03/13/2023 |
| Referred to: Magistrate Judge Alistair Newbern | Jury Demand: None |
| Case in other court: Davidson County Circuit Court, 22C546 | Nature of Suit: 190 Contract: Other |
| Cause: 28:1442 Notice of Removal- Breach of Contract | Jurisdiction: Federal Question |

**Plaintiff**

**Brian Cummings**                     represented by  **Elizabeth S. Tipping**
Counterpoint Legal, PLC
Nashville
2689 Union Hill Rd
Joelton, TN 37080
615-425-5566
Email: liz@counterpointlaw.com
*ATTORNEY TO BE NOTICED*

**James William Price , Jr.**
James W. Price, JR.
214 2nd Ave. N.
Suite 205
Nashville, TN 37201
615-244-5772
Fax: 615-244-5821
Email: jprice@pricehillkolarich.com
*TERMINATED: 11/04/2022*
*ATTORNEY TO BE NOTICED*

**Kristen M. Shields**
Cotney Construction Law LLP
Nashville
3201 Trevor St.
Suite 300
Nashville, TN 37209
(615) 657-4107
Fax: (813) 902-7612
Email: kristen@counterpointlaw.com
*ATTORNEY TO BE NOTICED*

V.

1437

## Defendant

**Bretton Keefer**
*on behalf of the deceased Chesta*
*Shoemaker*

## Defendant

**Jeanne Burton**                                    represented by **Phillip G. Young , Jr.**
*as Trustee on behalf of Cummings*                   Thompson Burton PLLC
*Manookian, PLC*                                     1801 West End Avenue
                                                     Suite 1550
                                                     Nashville, TN 37203
                                                     (615) 465-6008
                                                     Fax: (615) 807-3048
                                                     Email: phillip@thompsonburton.com
                                                     *ATTORNEY TO BE NOTICED*

## Defendant

**Afsoon Hagh**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2022 | 1 | NOTICE OF REMOVAL by Jeanne Burton from Davidson County Circuit Court, case number 22C546. ( Filing fee $ 402 receipt number ATNMDC-3583537) (Attachments: # 1 Attachment - State Court Pleadings, # 2 Attachment - Civil Cover Sheet)(kc) (Entered: 04/26/2022) |
| 04/26/2022 | 2 | MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* by Jeanne Burton. (Attachments: # 1 Attachment Proposed Order)(Young, Phillip) (Entered: 04/26/2022) |
| 04/27/2022 | 3 | NOTICE OF ADMINISTRATIVE ORDER NO. 217 to parties re obligation of counsel to keep Court apprised of current contact information. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 4 | NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (kc) (Entered: 04/27/2022) |
| 04/27/2022 |  | TN State Bar status verified as active for Phillip G. Young, Jr and James William Price, Jr **admitted to this court**. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 5 | NOTICE of Initial Case Management Conference by Telephone is set for 6/6/2022 at 9:30 AM before Magistrate Judge Barbara D. Holmes. (kc) (Entered: 04/27/2022) |
| 04/28/2022 | 6 | ORDER: This case is REFERRED to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). Lead counsel for the parties shall attend the initial case management conference. Signed by Chief Judge Waverly D. Crenshaw, Jr on 4/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 04/28/2022) |
| 05/05/2022 | 7 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 3 Notice of Admin Order 217, 2 MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* filed by Jeanne Burton, 5 Notice of Case |

| | | |
|---|---|---|
| | | Management Conference, 1 Notice of Removal filed by Jeanne Burton, 6 Order, 4 NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (Young, Phillip) (Entered: 05/05/2022) |
| 05/12/2022 | 8 | ORDER OF RECUSAL: I hereby recuse myself from further proceedings in this case. Accordingly, the Clerk is directed to reassign this matter to another Magistrate Judge. The initial case management conference scheduled for June 6, 2022 is cancelled to be reset by the newly assigned Magistrate Judge. (Case randomly reassigned to Magistrate Judge Alistair Newbern by the Clerk's Office for all further proceedings.) Signed by Magistrate Judge Barbara D. Holmes on 5/12/2022. (kc) (Entered: 05/13/2022) |
| 05/16/2022 | 9 | NOTICE of Initial Case Management Conference by Telephone is set for 6/28/2022 at 10:30 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 05/16/2022) |
| 05/16/2022 | 10 | NOTICE of Alias Summons to be Issued as to Afsoon Hagh. (Price, James) (Entered: 05/16/2022) |
| 05/17/2022 | 11 | Summons Reissued as to Afsoon Hagh. (Service pages returned to counsel by regular mail.) (kc) (Entered: 05/17/2022) |
| 06/21/2022 | 12 | NOTICE of Summons to be Issued as to Bretton Keefer. (Attachments: # 1 Attachment Complaint, # 2 Attachment Case Management Order)(Price, James) (Entered: 06/21/2022) |
| 06/23/2022 | 13 | MOTION to Continue by Brian Cummings. (Price, James) (Entered: 06/23/2022) |
| 06/23/2022 | 14 | RESPONSE in Support re 13 MOTION to Continue filed by Jeanne Burton. (Young, Phillip) (Entered: 06/23/2022) |
| 06/24/2022 | 15 | ORDER: On June 23, 2022, Plaintiff Brian Cummings filed a motion to continue the initial case management conference set on June 28, 2022. (Doc. No. 13 ). Defendant Jeanne Burton does not oppose the motion. (Doc. No. 14 .) Accordingly, the motion is GRANTED. The initial case management conference is CONTINUED to August 29, 2022, at 9:30 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 6/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(ln) (Entered: 06/24/2022) |
| 06/24/2022 | | Reset Hearing: The Initial Case Management Conference by Telephone is reset for 8/29/2022 at 9:30 AM before Magistrate Judge Alistair Newbern. (ln) (Entered: 06/24/2022) |
| 06/24/2022 | 16 | Summons issued as to Bretton Keefer. Service copies will be returned to counsel by mail. (mg) (Entered: 06/24/2022) |
| 06/27/2022 | | NOTICE TO FILER re DE# 14 : Pursuant to Local Rule 5.01, Certificates of Service shall identify by name the person served, what was served, the method of service, and date of service. Counsel did not include all Counsel on the certificate of service. Please FILE a conformed Certificate of Service for this document. (mg) (Entered: 06/27/2022) |
| 06/27/2022 | 17 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 14 Response in Support of Motion filed by Jeanne Burton. (Young, Phillip) (Entered: 06/27/2022) |
| 06/27/2022 | 18 | MOTION for Extension of Time to File *Service of Process* by Brian Cummings. (Price, James) (Entered: 06/27/2022) |

| 06/27/2022 | 19 | DECLARATION of James W. Price, Jr. filed by Brian Cummings re: 18 MOTION for Extension of Time to File *Service of Process*. (Price, James) (Entered: 06/27/2022) |
|---|---|---|
| 06/28/2022 | 20 | ORDER granting 18 Motion for Extension of Time for Service of Process. Service of process due by 9/27/2022. Signed by Magistrate Judge Alistair Newbern on 6/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 06/28/2022) |
| 07/05/2022 | 21 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 6/30/2022. (Price, James) (Entered: 07/05/2022) |
| 07/25/2022 | 22 | NOTICE of Change of Address by James William Price, Jr (Price, James) (Entered: 07/25/2022) |
| 08/23/2022 | 23 | MOTION to Continue *Case Management Conference* by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 24 | MOTION for Leave to Service of Process by U.S. Marshal by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 25 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Attachment Letter from Attorney Spragens)(Price, James) (Entered: 08/23/2022) |
| 08/24/2022 | 26 | ORDER: The motion to continue the initial case management conference 23 is GRANTED. The initial case management conference is CONTINUED to October 4, 2022, at 10:00 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 8/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 08/24/2022) |
| 08/24/2022 |  | Reset Hearing per Order 26 : Initial Case Management Conference by Telephone is set for 10/4/2022 at 10:00 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 08/24/2022) |
| 09/12/2022 | 27 | ORDER: Because it is not clear from Cummings's "Motion for Service of Process on Defendant By U.S. Marshal" which defendant or defendants he wants the Marshal to serve and what steps he has already taken to effect service on those defendants, Cummings's motion 24 is DENIED WITHOUT PREJUDICE to refiling. If Cummings elects to file a second motion, he should ensure that it clearly identifies the relief he requests and the reasons why that relief is appropriate. Signed by Magistrate Judge Alistair Newbern on 9/12/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/12/2022) |
| 09/13/2022 | 28 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Exhibit Circuit Court Order, # 2 Exhibit Circuit Court Order)(Price, James) (Entered: 09/13/2022) |
| 09/13/2022 | 29 | MOTION FOR SERVICE OF PROCESS ON DEFENDANT BY U.S. MARSHAL AND FOR AN ADDITIONAL 90 DAYS FOR SERVICE re 28 Declaration by Brian Cummings. (Price, James) Modified on 9/14/2022 (kc). (Entered: 09/13/2022) |
| 09/15/2022 | 30 | ORDER: Plaintiff Brian Cummings has filed a renewed motion asking the Court to order the U.S. Marshals Service to effect service of process on Defendant Afsoon Hagh under Federal Rule of Civil Procedure 4(c)(3) and to extend the deadline for service of process under Rule 4(m). 29 . Cummings is ORDERED to file a notice by September |

| | | 21, 2022, addressing whether his service attempts on Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and Federal Rule of Civil Procedure 4(e)(1). Signed by Magistrate Judge Alistair Newbern on 9/15/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/15/2022) |
|---|---|---|
| 09/21/2022 | 31 | MOTION for Leave to Additional Time for Service of Process by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 32 | NOTICE by Brian Cummings *of Service Efforts* (Attachments: # 1 Exhibit Order) (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 33 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 34 | NOTICE of Appearance by Elizabeth S. Tipping on behalf of Brian Cummings (Tipping, Elizabeth) (Entered: 09/21/2022) |
| 09/22/2022 | | TN State Bar status verified as active for Kristen M. Shields, Elizabeth S. Tipping **admitted to this court**. (kc) (Entered: 09/22/2022) |
| 09/30/2022 | 35 | ORDER: Cummings's motions to extend the deadline for service of process on Keefer and Hagh (Doc. Nos. 29 , 31 are GRANTED IN PART. The deadline to effect service of process on Keefer and Hagh is EXTENDED to November 28, 2022. Cummings's motion for an order directing the Marshals Service to effect service of process on Hagh 29 is GRANTED. The Clerk of Court is DIRECTED to reissue a summons to Hagh at the address provided above and forward the summons and a copy of Cummings's pleadings (Doc. No. 1 -1) to the Marshals Service for service of process. The initial case management conference in this matter is set on October 4, 2022. Because it appears that neither Keefer nor Hagh will have appeared in the action by that date, the conference is CANCELLED. Cummings is ORDERED to move to reset the initial case management conference no later than 7 days after Keefer and Hagh have appeared in the action. Signed by Magistrate Judge Alistair Newbern on 9/30/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/30/2022) |
| 10/03/2022 | 36 | Summons Reissued as to Afsoon Hagh. (Service packet put in USM's box at intake.) (kc) (Entered: 10/03/2022) |
| 10/17/2022 | 37 | NOTICE of Alias Summons to be Issued as to Bretton Keefer. (Tipping, Elizabeth) (Entered: 10/17/2022) |
| 10/20/2022 | 38 | ALIAS SUMMONS ISSUED as to Bretton Keefer. (Service pages returned to counsel by regular mail.) (kc) (Entered: 10/20/2022) |
| 10/25/2022 | 39 | Summons Returned Unexecuted as to Afsoon Hagh. (kc) (Entered: 10/25/2022) |
| 10/27/2022 | 40 | MOTION to Withdraw as Attorney by Brian Cummings. (Price, James) (Entered: 10/27/2022) |
| 11/04/2022 | 41 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 11/1/2022. (Tipping, Elizabeth) (Entered: 11/04/2022) |

| | | |
|---|---|---|
| 11/04/2022 | 42 | ORDER granting 40 Motion to Withdraw as Attorney. Attorney James William Price, Jr terminated. Signed by Magistrate Judge Alistair Newbern on 11/4/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 11/07/2022) |
| 11/16/2022 | 43 | MOTION Deem Service Effective re 39 Summons Returned Unexecuted by Brian Cummings. (Attachments: # 1 Exhibit 1 - Plaintiff's Notice of Attorney's Lien, # 2 Exhibit 2 - Trustee's Notice of Attorney's Lien, # 3 Exhibit 3 - Amended Order of Dismissal, # 4 Exhibit 4 - Motion for Status Conference, # 5 Exhibit 5 - Response to Motion for Status Conference, # 6 Exhibit 6 - Reply to Response on Motion for Status Conference, # 7 Exhibit 7 - Surreply on Motion for Status Conference, # 8 Exhibit 8 - Order Altering or Amending 12/16/21 Order, # 9 Exhibit 9 - Order of Voluntary Dismissal filed by Defendant Hagh, # 10 Exhibit 10 - Complaint filed by Defendant Hagh, # 11 Attachment Ali v. Mid-Atlantic Settlement, # 12 Attachment Boles v. Lewis, # 13 Attachment Dixie Rests. v. Philips Consumer, # 14 Attachment US v. Granger) (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/16/2022 | 44 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/25/2022 | 45 | DECLARATION of Robert Capus filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Attachments: # 1 Attachment Certificate of Service)(Tipping, Elizabeth) (Entered: 11/25/2022) |
| 12/27/2022 | 46 | ORDER: Cummings's motion to deem service effective 43 is DENIED WITHOUT PREJUDICE. Cummings may file a motion for entry of default under Rule 55(a) for the Clerk of Court's consideration or another motion authorized by the Federal Rules. Signed by Magistrate Judge Alistair Newbern on 12/27/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 12/27/2022) |
| 02/10/2023 | 47 | MOTION for Entry of Default as to Bretton Keefer by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 48 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 47 MOTION for Entry of Default as to Bretton Keefer. (Attachments: # 1 Exhibit 1 - Defense Manpower Data Center Certificate)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 49 | MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 50 | MEMORANDUM in Support of 49 MOTION for Entry of Default as to Afsoon Hagh filed by Brian Cummings . (Attachments: # 1 Attachment Ali v Mid-Atlantic, # 2 Attachment Am Clothing v Cloudflare, # 3 Attachment Boles v Lewis, # 4 Attachment Dixie Restaurants v Philips, # 5 Attachment US v Granger, # 6 Attachment Willie McCormick v Lakeshore)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 51 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 49 MOTION for Entry of Default as to Afsoon Hagh. (Attachments: # 1 Exhibit A - Defense Manpower Data Center Certificate, # 2 Exhibit B - BPR Manookian Attorney Details, # 3 Exhibit C - Notice of Attorney's Lien, # 4 Exhibit D - Motion for Status Conference, # 5 Exhibit E - Keefer Response, # 6 Exhibit F - Cummings Reply, # 7 Exhibit G - Keefer Sur-Reply, # 8 Exhibit H - Jan 18 2022 Order, # 9 Exhibit I - Shahgoli Order, # 10 Exhibit J |

| | | |
|---|---|---|
| | | - Linthicum Complaint, # 11 Exhibit K - BPR Hagh Attorney Details, # 12 Exhibit L - Manookian Judgment, # 13 Exhibit M - Order Reinstating Temporary Suspension) (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/24/2023 | 52 | Joint MOTION Entry of Agreed Order re 47 MOTION for Entry of Default as to Bretton Keefer, 49 MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Attachments: # 1 Attachment Proposed Agreed Order)(Tipping, Elizabeth) (Entered: 02/24/2023) |
| 02/27/2023 | 53 | AGREED ORDER terminating 47 Motion for Entry of Default; terminating 49 Motion for Entry of Default; granting 52 Joint MOTION Entry of Agreed Order. Signed by Magistrate Judge Alistair Newbern on 2/27/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 02/27/2023) |
| 03/03/2023 | 54 | ORDER: On April 26, 2022, Defendant Jeanne Burton, Trustee for the Estate of Cummings Manookian, PLC, moved for the referral of this case to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. 2 . The parties may file individual responsive briefs of no more than 5 pages no later than noon on March 10, 2023. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/3/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 03/03/2023) |
| 03/13/2023 | 55 | ORDER: For the reasons stated in this Court's most recent Order 54 and absent timely objection by any party, Burton's Motion 2 is GRANTED. This case hereby is REFERRED to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. The Clerk shall close this case. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/10/2023. (kc) (Entered: 03/13/2023) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BRETTON KEEFER, on behalf of the** ) | **No. 3:22-cv-00301** |
| **deceased, CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and JEANNE** ) | |
| **BURTON, Trustee on behalf of** ) | |
| **CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

For the reasons stated in this Court's most recent Order (Doc. No. 54) and absent timely objection by any party, Burton's Motion (Doc. No. 2) is **GRANTED**.  This case hereby is **REFERRED** to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee.  The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

1444



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/7/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
) Case No: 3:19-bk-07235
Cummings Manookian, PLLC, ) Chapter 7
) Honorable Charles M. Walker
Debtor. )
_____ )

### ORDER SCHEDULING EVIDENTIARY HEARING

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112)[1], as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144), the Court will hear all evidence and argument, IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections and responses on Thursday, May 25, 2023 at 9:00 a.m.

(2) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(3) Presentation of evidence and argument subject to applicable Federal and Local Rules.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE*

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125)

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

In re:                                                                    Case No. 19-07235-CMW

CUMMINGS MANOOKIAN, PLLC                                                  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3                     User: admin                          Page 1 of 2

Date Rcvd: Apr 07, 2023                  Form ID: pdf001                      Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 09, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| intp | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2023                     Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 7, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | |
| | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com |
| DANIEL HAYS PURYEAR | |
| | on behalf of Creditor D.F. Chase Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com |
| ELIZABETH SARA TIPPING | |
| | on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com |
| GLENN BENTON ROSE | |
| | on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com |
| HARRY R CASH | |
| | on behalf of Creditor Grant Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com |
| JEANNE ANN BURTON | |

TN24@ecfcbis.com

JOHN PATRICK KONVALINKA
                    on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
                    on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
                    jeanne.burton@comcast.net

MEGAN REED SELIBER
                    on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
                    on behalf of Creditor INSBANK mabelow@srvhlaw.com  htackett@srvhlaw.com;loduor@srvhlaw.com

PHILLIP G YOUNG
                    on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

PHILLIP L NORTH
                    on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

RONALD G STEEN, JR
                    on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com

STEVEN L LEFKOVITZ
                    on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com,
                    sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.c
                    om;tellis@lefkovitz.com;lreceptionist@lefkovitz.com

US TRUSTEE
                    ustpregion08.na.ecf@usdoj.gov

WILLIAM FREDERICK MCCORMICK
                    on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov

TOTAL: 17



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/7/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                              )
                                    )     Case No: 3:19-bk-07235
  Cummings Manookian, PLLC,         )     Chapter 7
                                    )     Honorable Charles M. Walker
         Debtor.                    )
_____ )

### ORDER SCHEDULING EVIDENTIARY HEARING

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112)[1], as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144), the Court will hear all evidence and argument, IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections and responses on Thursday, May 25, 2023 at 9:00 a.m.

(2) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(3) Presentation of evidence and argument subject to applicable Federal and Local Rules.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE*

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125)

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

---

## MOTION TO RESCHEDULE HEARING ON TRUSTEE'S
## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

---

Come now Jeanne Ann Burton, Trustee (the "Trustee"), by and through counsel, and requests a rescheduling of the hearing on the Chapter 7 Trustee's Motion to Approve Compromise and Settlement (Doc. 108), (the "Settlement Motion") Brian Manookian's Objection to Proposed Chase Claim Settlement (Doc. 112) (the "Manookian Objection"), and all related matters.

In support of this request, the Trustee states as follows:

1.    On April 7, 2023, the Court entered an Order Scheduling Evidentiary Hearing (Doc. 169) (the "Scheduling Order") scheduling an in-person, evidentiary hearing for May 25, 2023, to consider the Settlement Motion, the Manookian Objection, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Doc. 136) (the "Motion to Strike"), and the Response to Trustee's Motion to Strike Objection for Lack of Standing (Doc. 136) (the "Response") (the Settlement Motion, the Manookian Objection, the Motion to Strike and the Response, collectively the "Pleadings").

2.    While the Trustee would very much like to proceed with a hearing on the Pleadings as expeditiously as possible, the scheduled hearing date presents a serious scheduling conflict for the Trustee, who is expected to be the primary witness for the movant. The Trustee's husband is

undergoing major in-patient surgery on May 23, 2023. The Trustee is his primary caregiver and her husband is expected to be immobile (without assistance from the Trustee) for approximately three (3) weeks. Therefore, any in-person hearing between May 23 – June 13, 2023 will be problematic for the Trustee.

3. The Trustee respectfully requests that the Court reschedule the hearing on the Pleadings for a date on or after June 14, 2023, or, alternatively, to permit her to testify via Zoom at a hearing scheduled between May 26 – June 13, 2023, after her husband has been released from the hospital.

4. The Trustee will be out of the country from May 12 – May 20, 2023, and has a Chapter 7 meeting of creditors docket on May 22, so moving the hearing date forward is not a practical option. The only other major scheduling conflicts for the Trustee and her counsel exists from June 26 – July 7, 2023, when Trustee's counsel will be out of the country, and on June 5 and June 21, the dates of the Trustee's other meetings of creditors.

Wherefore, the Trustee respectfully requests that the hearing currently scheduled for May 25, 2023, be reset for an in-person hearing on or after June 14, 2023, or a hearing at which the Trustee is allowed to testify via Zoom on or after May 30, 2023.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 11th day of April, 2023.

/s/ Phillip G. Young, Jr.

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2023

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1* | Accounts Receivable (See Footnote) | 70,000.00 | 0.00 | | 0.00 | FA |
| 2 | Office Equipment/ Furn (Debtor does not own any) | 0.00 | 0.00 | | 0.00 | FA |
| 3* | Costs due in various cases<br><br>There are cases where costs have been advanced in lawsuits contingent upon cases being successfully resolved but are presently unrealized due to the cases being pending without resolution. (See Footnote) | Unknown | 0.00 | | 0.00 | FA |
| 4 | A/R Case BaHC<br>Potential Attorney Fees/Costs for confidential case | 0.00 | 11,680.64 | | 11,680.64 | FA |
| 5* | A/R Case BaHu<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 6* | A/R Case BeLb<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | FA |
| 7* | A/R Case BrRe<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | FA |
| 8* | A/R Case DyVa<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 9 | A/R Case KnRi<br>Potential Attorney Fees/Costs for confidential case | 0.00 | 19,286.13 | | 19,286.13 | FA |
| 10* | A/R Case MiVa<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 11 | A/R Case RuAr<br>Potential Attorney Fees/Costs for confidential case | 0.00 | 28,884.58 | | 28,884.58 | FA |
| 12* | A/R Case SaRo<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 13* | A/R Case ShVa<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 1.00 | | 0.00 | 1.00 |
| 14 | A/R Case ThSi - Preference DE 56 (u)<br>03/11/20-Agreed Order for turnover - docket #56 | 0.00 | 23,637.22 | | 23,637.22 | FA |
| 15 | A/R Case WaMo<br>Potential Attorney Fees/Costs for confidential case | 0.00 | 1.00 | | 9,695.85 | FA |
| 16* | A/R Case WhPa<br>Potential Attorney Fees/Costs for confidential case (See Footnote) | 0.00 | 0.00 | | 0.00 | FA |

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2023

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By<br>Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 17* | A/R Case WoMi<br>Potential Attorney Fees/Costs for confidential case<br>(See Footnote) | 0.00 | 0.00 | | 0.00 | FA |
| 18* | A/R Case FiOs  Adversary 320:ap-90002<br>Disputed Attorney Fees/Costs for confidential case<br>(See Footnote) | 1,400,000.00 | 1,400,000.00 | | 0.00 | 1,400,000.00 |
| 19 | A/R Case West MDL Settlement (u)<br>Fees/Costs for confidential casse | 3,739.85 | 3,739.85 | | 3,739.85 | FA |
| **19** | **Assets Totals (Excluding unknown values)** | **$1,473,739.85** | **$1,487,233.42** | | **$96,924.27** | **$1,400,002.00** |

RE PROP# 1   See itemized individual receivable assets

RE PROP# 3   Each cost is part of the individually itemized receivable case assets

RE PROP# 5   CM will not receive fees in this case.

RE PROP# 6   Action is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.  CM will not receive fees in this case.

RE PROP# 7   Action is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to  indicate the asset is being administered.  CM will not receive fees in this case.

RE PROP# 8   CM will not receive fees in this case.

RE PROP# 10   Action was settled.  Settlement amount is confidential and Trustee does not yet know amount of settlement.  The amount of attorney fees to which Debtor is entitled has not yet been determined.  Adversary proceeding 320-ap-90002 seeks to determine amount due to Debtor and is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.

RE PROP# 12   CM will not receive fees in this case.

RE PROP# 13   Action was settled.  Settlement amount is confidential and Trustee does not yet know amount of settlement.  The amount of attorney fees to which Debtor is entitled has not yet been determined.  Adversary proceeding 320-ap-90002 seeks to determine amount due to Debtor and is pending but not yet resolved.  Accordingly, Trustee has shown a value of $1.00 to indicate the asset is being administered.

RE PROP# 16   CM will not receive fees in this case.

RE PROP# 17   CM will not receive fees in this case.

RE PROP# 18   Case settled. Adversary 320-ap-90002  pending re dispute as to entittlement of fees. $715,000.00 of the fees ordered in escrow with Court.

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2023

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

**Major Activities Affecting Case Closing:**

schedules are at DE 1,7,9 and 10
11/18/19-motion to employ P. Young filed
12/02/19- documents requested at the moc
12/03/19 e-mail to J. Lefkovitz re bank statements and credit card statements and documents requested at moc
12/09/19-objection to motion to employ P. Young filed; hearing is 12/17/19
12/10/19 attend hearing on TRO against Hagh Law in Lawrenceburg
12/11/19 review proposed TRO order
12/11/19 discuss witness and exhibit list with P. Young for motion to employ special counsel
12/13/19 t/c John Konvilinka re appeal-his name was given to me by debtor's counsel;e-mail to debtor's counsel re supplying info
12/13/19 t/c Charles Malone at Butler Snow re appeal-he represents the appellees
12/17/19 hearing on Motion to employ special counsel- court took matter under advisement
12/20/19-order re:  TE app to employ special counsel gives the TE until 12/24/19 to file supp. app and more info
12/21/19-supplement to app. of TE to employ special counsel filed
12/23/19-order granting application to employ Thompson Burton PLLC entered
12/23/19-B. Manookian filed request for leave to respond in opposition and objection to app. to employ Thompson Burton PLLC
12/23/19-prep of suggestion of bk in Ct. of Appeals
12/26/19-order denying B. Manookian request for leave to respond entered
01/02/20-prep of suggestion of bk in Circuit Ct (mail)
01/02/20-send demand letter to A. Hagh (to d/m case against Debtor)-reg and cert. mail
01/02/20-file asset notice; last day to file claims is 4/1/2020
01/03/20- review order from COA re oral arguument
01/08/20-adversary complaint filed
01/08/20-expedited motion/order for turnover of funds filed
01/09/2020-order setting hearing on motion for turnover of funds entered, deadline to object to the relief is 1/14/2020 at 4pm; hearing is scheduled for 1/15/2020 at 1:30pm
01/14/20-objection to expedited motion for turnover filed
01/14/20-NOA filed by John Spragens-attorney for Hagh Law
01/14/20-Plaintiff's reply to objection of Hagh Law PLLC filed
01/15/20-Hagh Law filed motion to strike Plaintiff's reply to objection
01/15/20-summons and notice of pretrial -pretrial is 3/10/20
01/15/20 attend hearing on motion for turnover of funds
01/16/20-order entered for turnover of funds-funds to be deposited with Bk Court Clerk by 11:59 pm 1/21/20; final hearing will be 2/5/20
01/17/20 review order re turnover of funds and setting final hearing
01/28/20-review poc filed by Grant Konvlinka-based on default judgment
01/28/20-motion to compel turnover of records filed; hearing is 2/11/20 (responses due by 2/7/20)
01/31/20-prep and file motion for sanctions for violation of automatic stay-Hagh Law/Afsoon Hagh
01/31/20-review NOA filed by Craig Gabbert (had returned earlier phone call)
02/03/20 -phone call with C. Gabbert, atty for Ms. Hagh and Hagh Law
02/03/20-hearing on motion for turnover of records rescheduled to 2/18/20
02/03/20-hearing on motion for sanctions is 2/18/20
02/06/20-order on expedited motion for turnover of funds submitted (Clerk to continue to hold the $715,000)
02/07/20-response to motion to compel filed by B. Mannokian and S. Lefkovitz
02/07/20-proposed a/o submitted re:  complaint in Circuit Court dismissed and motion for sanctions is moot
02/11/20-hearing on  motion to compel turnover of records continued to 3/3/20
02/24/20-motion for entry of default against defendants in adversary was filed
02/24/20-entry of default entered in the adversary
03/03/20-hearing on motion to compel continued to March 24, 2020
03/03/20-motion to continue pretrial conference in adversary to March 24, 2020 filed
03/04/20 consult with L. Williams re any requirement to file 2019 return-no requirement
03/10/20-agreed order for turnover of monies held by Receiver filed
03/13/20-prep of motion to employ Accountant

1455

Case No.: 19-07235

Case Name: CUMMINGS MANOOKIAN, PLLC

For Period Ending: 03/31/2023

Trustee Name: (620290) Jeanne Ann Burton

Date Filed (f) or Converted (c): 11/06/2019 (f)

§ 341(a) Meeting Date: 12/02/2019

Claims Bar Date: 04/01/2020

03/16/20 answers filed in adv proceeding; entry of default will be withdrawn

03/17/20 hearing on motion for turnover will be continued to 4/21/20; pretrial continued also

04/01/20 e-mail to D. Puryear re order for turnover of funds

04/07/20-file order to employ Accountant-had wrong effective date on it

04/07/20-filed amended order to employ Accountant

04/14/20-motion to continue hearing on motion to compel  and adversary pretrial conference filed

04/15/20-order continuing hearings to May 19 at 10:15 am entered

04/25/20-motion to approve fee/expense division filed

05/15/20-motion to continue hearing on turnover of records and motion to continue pretrial in adv. filed

05/18/20-order to continue hearing on turnover and pretrial to June 30, 2020 entered

0518/20-objection to motion to approve fee and expense division filed; hearing is scheduled for 5/26/20 at 10 am

05/22/20-motion to cont. hearing on motion to approve fee/expense division filed; expedited order submitted

05/26/20-order to cont. hearing on motion to approve fee/expense division entered-hearing will be 6/9/20

06/09/20-order approving fee and expense division among Debtor and Cummings Law filed

06/29/20-motion and expedited order to continue hearing on motion to compel turnover filed

06/29/20-order to continue hearing entered; hearing is 8/18/20 at 10:15 am (Telephonic)

08/17/20-joint pretrial statement filed in adv. 20-90002

08/19/20-adv pretrial has been continued to 1/12/2021 at 10:15 am

08/19/20-order compelling turnover of documents entered

09/03/20-review e-mail and phone call with P. Young re document production

09/28/20- follow up with P. Young re documents and written discovery

10/30/20-prep of notice of status of bk case to be filed in Ct. of Appeals

11/09/20-e-mail to P.  Young re written discovery

11/23/20 review draft of written discovery

12/16/20 review e-mail from P. Young responding to requests for additional time to respond to written discovery

01/12/21 pretrial conference has been continued for 90 days; written discovery is outstanding

02/01/21 review discovery responses and requests; t/c P. Young

02/24/21-pretrial conference rescheduled for 4/16/21

02/25/21 responses for request for admissions sent to Mr. Spragens

03/02/21-email and mailed to P. Young- plaintiff's responses to first and second set of written discovery

03/03/21-motion for stay of all discovery; hearing is 4/7/21 at 11am

03/12/21-prep of letter to BK Clerk for certified copies

03/17/21-t/c S. Lefkovitz re funds collected in state court receivership

03/28/21- response to motion to stay filed

04/02/21- discuss tax filing requirements with L.Williams

04/02/21- t/c P. Young re upcoming hearing on motion to stay discovery in adversary proceeding

04/07/21-motion to stay discovery is granted in part; discovery is stayed at least through 5/26/21.  Hearing set for 5/26/21

04/07/21-pretrial conference continued to 5/26/21

05/18/21-prep of motions to disallow claim 3, 4, and 6

05/18/21-claim 1 was withdrawn

05/19/21-review draft settlement agreement re claim 5; e-mail proposed changes to P. Young

05/26/21-order further staying discovery and continuing pretrial to July 21, 21 filed

06/14/21 t/c P. Young to discuss  claim 6( R. McCarthy)  and discussions with atty re claim 3;discuss attorney's liens

06/17/21-response to objection to claim # 3 and #4 filed by Phillip North; hearing will be held 6/25/21 at 11 am.

06/21/21-t/c P. Young to discuss objection filed by P. North and other case matters

06/22/21-motion to continue hearing on TE objection to claims 3 and 4 to on or after July 15, 2021 filed by P. Young

06/24/21-hearing on objection to claims 3 and 4 reset to July 21,  2021

06/29/21-notice of extension of time to respond to objection to claim 6 (extended to 7/19/21)

07/06/21-motion for comp/settle filed re: claim 5

07/13/21-review draft of settlement agreement (McCarthy) and discuss same with P. Young.  Review email from C. Gabbert re:  Chase settlement and discuss with P. Young

07/19/21t/c P. Young re claim objections/settlements and upcoming hearing on discovery and ptc in adversary; discuss other case matters

1456

Case No.: 19-07235

Case Name: CUMMINGS MANOOKIAN, PLLC

For Period Ending: 03/31/2023

Trustee Name: (620290) Jeanne Ann Burton

Date Filed (f) or Converted (c): 11/06/2019 (f)

§ 341(a) Meeting Date: 12/02/2019

Claims Bar Date: 04/01/2020

07/19/21-a/o resolving TE objection to claim 3 & 4 filed

07/20/21-a/o resolving TE objection to claim 6 filed

07/20/21-emergency motion to continue pretrial in adv. filed; a/o entered; pretrial will be continued until 8/11/21 at 11am

07/27/21 review status report request from state supreme court

07/27/21-objection to motion for comp/settle filed by J. Spragens for Manookian PLLC and B. Manookian; hearing is 8/11/21 at 11am;objection also filed by creditor Konvilenka

07/28/21 review charging order re state court action(Phillip North)

07/29/21 file notice of status of bk case with TN Supreme Court

08/04/21 orders regarding claims 3, 4  and 6 entered.

08/09/21-hearing on objections to motion for comp/settle continued until 9/17/21 at 11 am.

08/09/21-pretrial in Adversary continued until 9/17/21 at 11 am.

09/01/21-t/c P. Young re upcoming hearing on objections to motion for comp and settle

09/13/21-review drafts of responses to objections to motion for comp and settle; t/c P. Young to discuss; review final drafts

09/14/21-TE response to objection of Grant, Konvalinka & Harrison, PC to motion for comp/settle filed

09/14/21-TE response to B. Manookain objection to proposed Chase claim and settlement filed

09/15/21-TE exhibit and witness list for hearing on TE motion for comp and settle filed

09/15/21-B. Manookian's exhibit and witness list for  TE motion for comp/settle filed

09/17/21-hearing continued to 9/29/21 at 1pm

09/23/21- review and discuss motion to approve participation of P. Young at 9/29/hearing and motion re standing

09/24/21-motion to strike B. Manookian's objection and to preclude his participation in the 9/29/21 hearing

09/24/21 review order re hearing entered by Judge Walker

09/24/21 review revised proffer re Trustee testimony

09/27/21-response to TE Manookian's objection

09/29/21- attend hearing on Trustee's motion to approve comp and settle; objections thereto and motion re standing of B. Manookian

09/30/21-review proposed order re Sept 29 hearing

10/01/21-order granting motion for comp/settle and finding B. Manookian lacks standing entered

10/05/21-review e-mails and order re state court proceeding in Chase v Stewart;Debtor not party to that action

10/14/21-notice of appeal and statement of election to District Court filed by J. Spragens

10/20/21-review response to motion/order setting ptc; review e-mail from P. Young re ptc

10/28/21-statement of issues on appeal filed by J. Spragens;discuss this and other case matters w/P. Young

11/02/21-review meet and confer letters re discovery after discussing with P. Young

11/04/21-t/c P. Young re case matters

11/22/21-prepare and send letter to state court clerk as requested re contact information and upcoming hearing

12/17/21-t/c P. Young re discovery requests from Hagh Law; letter re atty fee lien in ShVa( Asset #13)case from C. Gabbert; motions to compel discovery  and appeals brief

12/20/20- review final draft of appellee brief in appeal by B. Mannokian

12/20/21-motion to compel discovery from Manookian, PLLC , Hagh Law, PLLC and Afsoon Hagh filed

12/22/21-hearing on motion to compel is 1/5/22 at 11am

12/23/21-a/o to continue hearing to 2/2/22 filed

01/03/22-t/c P. Young re subpoenas and  a/r matters (ShVa( Asset #13)case)

01/07/22-review response to subpoena (privilege log);e-mail P. Young re same

01/14/22- t/c P. Young re McCarthy subpoena response and other subpoena matters; other discovery issues; discuss appeal of comp and settle;discuss ShVa( Asset #13)case fee issues

01/18/22-review state court order re sealed documents and granting motion for stay pending outcome of the appeal of the settlement with creditor Chase

01/18/22 review e-mail re fee matters in ShVa( Asset #13)case

01/19/22-Manookian PLLC motion to compel responses to interogs filed; hearing is 2/16/22

01/24/22-1/27/22 review, discuss and revise discovery responses to Hagh Law in adversary proceeding

01/27/22 final review of attachments to production of documents;e-mail P. Young re same

01/28/22-discuss proposed protective order with P. Young

01/31/22-review motion to compel to Mr. Fitzgerald re subpoena; t/c P. Young upon receipt of e-mail from C. Gabbert re protective order and discovery

01/31/22-hearing on motion to compel Fitzgerald is 2/16/22; hearing on motion to compel continued to

Case No.: 19-07235

Case Name: CUMMINGS MANOOKIAN, PLLC

For Period Ending: 03/31/2023

Trustee Name: (620290) Jeanne Ann Burton

Date Filed (f) or Converted (c): 11/06/2019 (f)

§ 341(a) Meeting Date: 12/02/2019

Claims Bar Date: 04/01/2020

2/16/22; pretrial hearing continued to 2/16/22
02/02/22-protective order entered
02/09/22-TE response to Manookian PLLC motion to compel filed
02/14/22-revised protective order entered
02/16/22-submitted order continuing hearings and pretrial conference filed; hearings rescheduled for 3/17/22
03/02/22-t/c P. Young re discovery issues, review e-mails from C. Gabbert and J. Spragens
03/07/22-District ct order entered vacating bk court order re legal standard applied re standing in Chase settlement matter
03/09/22- review protective order (with Manookian PLLC)
03/10-3/11/22-review amended discovery responses  after discussion with P. Young; e-mails to P. Young re same
03/13/22-review e-mails to J. Spragens and C. Gabbert re amended discovery responses
03/15/22-review state court order denying Hammervold motion for summary judgment re Chase party matters; judge's order says he needs to hear all facts from live witnesses
03/15/22-prehearing status report  filed re:  3/17/22 hearing
03/17/22- attend hearing on motions to compel
03/18/22- copy of cd of hearing requested
03/22/22- discuss complaint filed by B. Cummings with P. Young
03/25/22-notice regarding motions to compel order filed; submitted expedited order to compel discovery responses
03/28/22- order regarding discovery entered
04/4/22-4/19/22 review State of Tennessee Dept of Revenue notice of levy to  Metropolitan Bank;  T/C L. Williams, accountant  re state notice of levy; send copy of bk notice to L. Williams who provided to collection agent; awaiting response; subsequent t/c and e-mails with L. McCloud and B. McCormick, Senior Assistant Attorney Generals, Bankruptcy Division to have the lien released before the levy date and to avoid motion to quash and  for sanctions; levy was released before deadline for bank to send funds to the Dept of Revenue ; Department of Revenue has filed a proof of claim
04/11/22-expedited motion to schedule pretrial conference on or before 4/15/2022and to continue depositions filed
04/14/22-order re:  discovery matters and denying expedited motion for pretrial conference and cont. of depositions
04/20/22-4/21/22- Defendants' depositions of Trustee and P. Young
04/25/22-review notices of deposition for B. Manookian and A. Hagh; make notes; e-mail to P. Young ;t/c P. Young re changes to notice of deposition and discuss other case matters; review changes and reply to P. Young
04/29/22-agreed order rescheduling deposition of A. Hagh and Hagh Law, PLLC
05/05/22-notice of depo of R. McCarthy, B. Cummings and M. Fitzgerald
05/05/22-motion to recuse Judge Walker filed by J. Spragens; order scheduling response date 5/27/22 and hearing  6/29/22 at 1pm
05/10/22-Trustee attended deposition of B. Manookian
05/18/22-Trustee attended deposition of A. Hagh
05/19/22-motion to continue depositions and reset deadlines filed; order submitted filed by C. Gabbert
05/25/22-expedited motion to set telephonic hearing on motion to continue depositions filed by C. Gabbert
05/25/22-expedited order on motion to set telephonic hearing at 1pm 5/25/22
05/27/22-response to Manookians's motion to disqualify Bankruptcy Judge filed by C. Gabbert
05/27/22-Plaintiff's response to Manookian motion to disqualify Bankruptcy Judge filed
05/31/22-notice of deposition of Judge Walker filed by J. Spragens
06/01/22-order quashing deposition of Judge Walker entered
06/02/22-revised notice of deposition of Ronette McCarthy filed
06/03/22-revised notice of deposition of Brian Cummings filed
06/06/22-amended notice of deposition of Marty Fitzgerald filed
06/14/22-B. Manookian notice of appeal (in District Court)and statement of election re:  order quashing notice of deposition of Judge Walker (DE 178)
06/20/22-TC P. Young re Fitzgerald subpoena; review e-mail to J. Spragens re same
06/21/22 review reply from J. Spragens;discuss with P. Young
06/22/22-review e-mail from P. Young to J. Spragens re cancellation of deposition upon Fitzgerald objection communicated by J. Spragens
06/24/22-motion for summary judgment and memorandum filed  by J. Spragens
06/27/22-t/c P. Young re upcoming hearing, discovery matters and MJS

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case No.:** 19-07235

**Case Name:** CUMMINGS MANOOKIAN, PLLC

**For Period Ending:** 03/31/2023

**Trustee Name:** (620290) Jeanne Ann Burton

**Date Filed (f) or Converted (c):** 11/06/2019 (f)

**§ 341(a) Meeting Date:** 12/02/2019

**Claims Bar Date:** 04/01/2020

06/28/22-expedited motion/order setting status conference; pretrial conference is 7/13/22 at 11am
06/29/22-appellants statement of issues on appeal and designation of record filed by J. Spragens
06/30/22-notice re: dep of M. Fitzgerald filed
06/30/22-withdraw motion for status conference
07/18/22-review defendants' motion re summary judgment and response
07/22/22- motion to compel deposition and motion to stay deadline filed; response filed on 7/28/22 by J. Spragens; Plaintiff filed response on 7/28/22
07/25/22-order denying mfsj by defendants entered
08/04/22- t/c P. Young to discuss case matters and appeals
08/31/22-review draft of Trustee's brief in appeal to District Court of Judge Walker's order to quash subpoena for his deposition; discuss proposed changes with P. Young.
09/06/22 appeal brief has been filed
10/18/22 review state court order of settlement between Chase Parties and M. Hammervold; review 2 subpoenas issued by B. Manookian to M. Hammervold re same
10/31/22- review Chase and Mr. Manookian's status updates to state court re staus of bk court proceeding
11/01/22- appeal of order quashing notice of deposition of Judge Walker still pending
12/01/22- appeal still pending
01/19/23-appeal still pending-review reply e-mail from L. Williams re no tax return required to be filed for 22
02/07/23-t/c P. Young re status of pending matters
02/12/23-review district court order denying appeal re subpoena
03/08/23-t/c P. Young re case matters and appeal deadline; discuss district court order regarding Cummings lawsuit being transferred to Bankruptcy Court
03/10/23-Court has set hearing on motion to disqualify judge for March 28, 2023
03/14/23 t/c P. Young to discuss upcoming hearing-in person on 3/28/23; Cummings lawsuit has been transferred and the complaint has been filed.
03/28/23-hearing on motion to disqualify judge continued to 4/4/23 at 8am.
04/04/23- attend hearing on motion to disqualify judge; motion was denied; Judge Walker to set hearing on adversary matters
04/11/23 -Trustee's motion to continue hearing set for 5/25/23 filed; motion to schedule ptc filed
4/19/23- Notice of Appeal filed by defendants -order denying motion to recuse judge

**Initial Projected Date Of Final Report (TFR):** 12/31/2020

**Current Projected Date Of Final Report (TFR):** 03/31/2024



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/26/2023

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) | Chapter 7 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |
| | ) | |

## ORDER SCHEDULING EVIDENTIARY HEARING

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Court will entertain all evidence and argument in the matter of the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112),[1] as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144); therefore,

IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections and responses referenced herein on __Thursday, June 28, 2023 at 1:00 p.m.__

(2) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(3) Witness and exhibit lists must be filed no later than June 21, 2023 at 5:00 p.m.

(4) Presentation of evidence and argument subject to applicable Federal and Local Rules.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS*
*INDICATED AT THE TOP OF THE FIRST PAGE*

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125).

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

In re:                                                        Case No. 19-07235-CMW

CUMMINGS MANOOKIAN, PLLC                                      Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 27, 2023 | Form ID: pdf001 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 29, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| intp | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 29, 2023          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 27, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com |
| DANIEL HAYS PURYEAR | on behalf of Creditor D.F. Chase  Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com |
| ELIZABETH SARA TIPPING | on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com |
| GLENN BENTON ROSE | on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com |
| HARRY R CASH | on behalf of Creditor Grant  Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com |
| JEANNE ANN BURTON | |

TN24@ecfcbis.com

JOHN PATRICK KONVALINKA
     on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
     on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
     jeanne.burton@comcast.net

MEGAN REED SELIBER
     on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
     on behalf of Creditor INSBANK mabelow@srvhlaw.com  htackett@srvhlaw.com;loduor@srvhlaw.com

PHILLIP G YOUNG
     on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

PHILLIP L NORTH
     on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

RONALD G STEEN, JR
     on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com

STEVEN L LEFKOVITZ
     on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com,
     sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.c
     om;tellis@lefkovitz.com;lreceptionist@lefkovitz.com

US TRUSTEE
     ustpregion08.na.ecf@usdoj.gov

WILLIAM FREDERICK MCCORMICK
     on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov

TOTAL: 17

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/26/2023



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) | Chapter 7 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |
| _____ | ) | |

### ORDER SCHEDULING EVIDENTIARY HEARING

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Court will entertain all evidence and argument in the matter of the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112),[1] as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144); therefore,

IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections and responses referenced herein on **<u>Thursday, June 28, 2023 at 1:00 p.m.</u>**

(2) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(3) Witness and exhibit lists must be filed no later than June 21, 2023 at 5:00 p.m.

(4) Presentation of evidence and argument subject to applicable Federal and Local Rules.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE*

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125).

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                          )
                                )
CUMMINGS MANOOKIAN, PLLC,       )    Case No. 3:19-bk-07235
    Debtor.                 )    Chapter 7
                                )    Judge Walker

---

## SECOND MOTION TO RESCHEDULE HEARING ON TRUSTEE'S
## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

---

Come now Jeanne Ann Burton, Trustee (the "Trustee"), by and through counsel, and requests a further rescheduling of the hearing on the Chapter 7 Trustee's Motion to Approve Compromise and Settlement (Doc. 108), (the "Settlement Motion") Brian Manookian's Objection to Proposed Chase Claim Settlement (Doc. 112) (the "Manookian Objection"), and all related matters.

In support of this request, the Trustee states as follows:

1.      On April 7, 2023, the Court entered an Order Scheduling Evidentiary Hearing (Doc. 169) (the "Scheduling Order") scheduling an in-person, evidentiary hearing for May 25, 2023, to consider the Settlement Motion, the Manookian Objection, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Doc. 136) (the "Motion to Strike"), and the Response to Trustee's Motion to Strike Objection for Lack of Standing (Doc. 136) (the "Response") (the Settlement Motion, the Manookian Objection, the Motion to Strike and the Response, collectively the "Pleadings").

2.      On April 11, 2023, the Trustee filed a Motion to Reschedule Hearing on Trustee's Motion to Approve Compromise and Settlement (Doc. 171) (the "Motion to Reschedule"), asking

that the Court reschedule the hearing to consider the Settlement Motion and related matters due to a family medical issue to which the Trustee must attend.

3. On April 27, 2023, the Court entered an Order Scheduling Evidentiary Hearing (Doc. 173) (the "Second Scheduling Order"). The Second Scheduling Order reset the hearing to consider the Settlement Motion and related matters to June 28, 2023.

4. The Trustee greatly appreciates the Court's willingness to accommodate her schedule due to family medical issues. Unfortunately, the date set by the Second Scheduling Order creates a conflict for Trustee's counsel. As disclosed in the Motion to Reschedule, undersigned counsel is expected to be out of the country from June 26 – July 7, 2023. This trip has been planned for more than six months and cannot be rescheduled.

5. The Trustee believes that the participation of undersigned counsel is necessary since he has institutional knowledge of these proceedings that would be difficult, if not impossible, to pass along to other counsel.

Wherefore, the Trustee respectfully requests that the hearing currently scheduled for June 28, 2023, be reset for an in-person hearing on or after July 12, 2023.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 1st day of May, 2023.

/s/ Phillip G. Young, Jr.



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/2/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                  )
                         )    Case No: 3:19-bk-07235
Cummings Manookian, PLLC,    )    Chapter 7
                         )    Honorable Charles M. Walker
        Debtor.           )
_____ )

**ORDER SETTING SCHEDULING CONFERENCE**

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Court will entertain all evidence and argument in the matter of the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112),[1] as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144); therefore,

IT IS HEREBY ORDERED that:

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125).

(1) A scheduling conference is set on **<u>Wednesday, May 10, 2023 at 11:00 a.m.</u>** to ascertain the date and time of presentation of the motions, objections and responses referenced herein.

(2) All parties and/or counsel must appear at the appointed time via Zoom link https://www.zoomgov.com/j/16086357633; Meeting ID 160 8635 7633.

(3) Failure to appear and participate in the scheduling conference may result in litigation sanctions in the form of a waiver of any objection to or continuance of the established hearing date.

(4) All previous motions requesting a continuance of the hearing on the Trustee's Motion to Compromise (Dkt. #s 171 and 175) are hereby rendered moot.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE*

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

1468

In re:                                                Case No. 19-07235-CMW

CUMMINGS MANOOKIAN, PLLC                   Chapter 7

     Debtor

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 03, 2023 | Form ID: pdf001 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 05, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| intp | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 05, 2023                 Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 3, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | |
| | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com |
| DANIEL HAYS PURYEAR | |
| | on behalf of Creditor D.F. Chase  Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com |
| ELIZABETH SARA TIPPING | |
| | on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com |
| GLENN BENTON ROSE | |
| | on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com |
| HARRY R CASH | |
| | on behalf of Creditor Grant  Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com |
| JEANNE ANN BURTON | |

TN24@ecfcbis.com

JOHN PATRICK KONVALINKA
on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
jeanne.burton@comcast.net

MEGAN REED SELIBER
on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
on behalf of Creditor INSBANK mabelow@srvhlaw.com  htackett@srvhlaw.com;loduor@srvhlaw.com

PHILLIP G YOUNG
on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

PHILLIP L NORTH
on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

RONALD G STEEN, JR
on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com

STEVEN L LEFKOVITZ
on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com, sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.com;tellis@lefkovitz.com;lreceptionist@lefkovitz.com

US TRUSTEE
ustpregion08.na.ecf@usdoj.gov

WILLIAM FREDERICK MCCORMICK
on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov


TOTAL: 17



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/2/2023

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) | Chapter 7 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |
| _____ | ) | |

### ORDER SETTING SCHEDULING CONFERENCE

THIS MATTER is before the Court on remand from the United States District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District Court's ruling, the Court will entertain all evidence and argument in the matter of the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112),[1] as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for Lack of Standing (Dkt. #136) and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144); therefore,

IT IS HEREBY ORDERED that:

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125).

(1) A scheduling conference is set on **Wednesday, May 10, 2023 at 11:00 a.m.** to ascertain the date and time of presentation of the motions, objections and responses referenced herein.

(2) All parties and/or counsel must appear at the appointed time via Zoom link https://www.zoomgov.com/j/16086357633; Meeting ID 160 8635 7633.

(3) Failure to appear and participate in the scheduling conference may result in litigation sanctions in the form of a waiver of any objection to or continuance of the established hearing date.

(4) All previous motions requesting a continuance of the hearing on the Trustee's Motion to Compromise (Dkt. #s 171 and 175) are hereby rendered moot.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE*

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

1472



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/10/2023

## IN THE UNITED STATTES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, ) | Chapter 7 |
| ) | Honorable Charles M. Walker |
| Debtor. ) | |
| _____ ) | |

**ORDER SCHEDULING EVIDENTIARY HEARING**

THIS MATTER is before the Court on the remand from the United District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District's Court's ruling, the scope if this hearing will be limited to the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112)[1], as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for the Lack of Standing (Dkt. #136), and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144). These matters have been fully briefed and argued once, so discovery is closed. The hearing will be limited to Mr. Manookian's standing, the arguments raised by Mr. Manookian related to his objection, and the responses thereto.

IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections, and responses on <u>Wednesday, August 30, 2023, at 11:00 a.m.</u>

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125)

(2) Any additional motions or objections related to the scope of the hearing to be considered by the Court must be filed by July 19, 2023. Responses must be filed by August 2, 2023. Replies must be filed by August 9, 2023.

(3) Witness and exhibit lists must be filed no later than August 16, 2023.

(4) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(5) Presentation of evidence and argument subject to applicable Federal and Local Rules.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE***

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

1474

In re:
Case No. 19-07235-CMW

CUMMINGS MANOOKIAN, PLLC
Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 10, 2023 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 12, 2023:**

**Recip ID**      **Recipient Name and Address**

db      + CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 12, 2023      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 10, 2023 at the address(es) listed below:

**Name**      **Email Address**

CRAIG VERNON GABBERT, JR
     on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com

DANIEL HAYS PURYEAR
     on behalf of Creditor D.F. Chase Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com

ELIZABETH SARA TIPPING
     on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com

GLENN BENTON ROSE
     on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

HARRY R CASH
     on behalf of Creditor Grant Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com

JEANNE ANN BURTON
     TN24@ecfcbis.com

JOHN PATRICK KONVALINKA
on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
jeanne.burton@comcast.net

MEGAN REED SELIBER
on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
on behalf of Creditor INSBANK mabelow@srvhlaw.com  htackett@srvhlaw.com;loduor@srvhlaw.com

PHILLIP G YOUNG
on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

PHILLIP L NORTH
on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

RONALD G STEEN, JR
on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com

STEVEN L LEFKOVITZ
on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com,
sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.c
om;tellis@lefkovitz.com;lreceptionist@lefkovitz.com

US TRUSTEE
ustpregion08.na.ecf@usdoj.gov

WILLIAM FREDERICK MCCORMICK
on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov


TOTAL: 17




Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/10/2023

IN THE UNITED STATTES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                   )
                                         )      Case No: 3:19-bk-07235
Cummings Manookian, PLLC,                )      Chapter 7
                                         )      Honorable Charles M. Walker
            Debtor.                      )
_____      )

**ORDER SCHEDULING EVIDENTIARY HEARING**

THIS MATTER is before the Court on the remand from the United District Court for the Middle District of Tennessee, following an appeal of this Court's entry of the *Order Granting the Trustee's Motion for Compromise and Settlement and Finding that Brian Manookian Lacks Standing* (Dkt. #147).

Pursuant to the District's Court's ruling, the scope if this hearing will be limited to the Trustee's Motion to Approve Compromise and Settlement (Dkt. #108) and the Objection of Brian Manookian (Dkt. #112)[1], as well as, the Trustee's Motion to Strike Brian Manookian's Objection and to Preclude His Participation for the Lack of Standing (Dkt. #136), and Response to Trustee's Motion to Strike Brian Manookian's Objection for Lack of Standing (Dkt. #144). These matters have been fully briefed and argued once, so discovery is closed. The hearing will be limited to Mr. Manookian's standing, the arguments raised by Mr. Manookian related to his objection, and the responses thereto.

IT IS HEREBY ORDERED that:

(1) An evidentiary hearing is set for presentation of the motions, objections, and responses on <u>Wednesday, August 30, 2023, at 11:00 a.m.</u>

---

[1] Related matters also considered part of the record for this matter: Supplement to Manookian Objection to Proposed Chase Claim and Settlement (Dkt. #123), Trustee's Response to Brian Manookian's Objection to Proposed Chase Claim and Settlement (Dkt. #125)

(2) Any additional motions or objections related to the scope of the hearing to be considered by the Court must be filed by <u>July 19, 2023.</u> Responses must be filed by <u>August 2, 2023.</u> Replies must be filed by <u>August 9, 2023</u>.

(3) Witness and exhibit lists must be filed no later than <u>August 16, 2023.</u>

(4) All parties and/or counsel must appear in person at the above scheduled date and time at Courtroom 2, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

(5) Presentation of evidence and argument subject to applicable Federal and Local Rules.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE***

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE: | ) |
|  | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
|  | ) Judge Walker |
| Debtor. | ) |
|  | ) |

## BRIAN MANOOKIAN'S RENEWED OBJECTION TO PROPOSED SETTLEMENT WITH THE CHASE PARTIES

Brian Manookian, through counsel, renews his objection to the proposed settlement by the Trustee with the Chase parties in this matter. Mr. Manookian has previously briefed his objection, the bases for that objection, and his standing.

Since the time the first objection was filed, and based upon information not known to Mr. Manookian at the time, Mr. Manookian has objected to the Court's failure to recuse itself from presiding over the related adversary proceeding. Mr. Manookian hereby lodges and incorporates that objection, and all previously asserted grounds for it, in this proceeding as well. For the reasons asserted in the related proceeding, this Court should disqualify itself from adjudicating issues related to Mr. Manookian in this proceeding as well.

This Court recently and *sua sponte* reset this proposed settlement for evidentiary hearing following Mr. Manookian's successful appeal of the Court's prior approval of the proposed settlement.

To the extent any further notice of his objections is required, Mr. Manookian provides it again here and relies on his prior briefing in this matter.

1

1479

Date: July 19, 2023                                 Respectfully submitted,


                                                    */s/ John Spragens*
                                                    John Spragens (TN Bar No. 31445)
                                                    Spragens Law PLC
                                                    311 22nd Ave. N.
                                                    Nashville, TN 37203
                                                    T: (615) 983-8900
                                                    F: (615) 682-8533
                                                    john@spragenslaw.com

                                                    *Attorney for Manookian PLLC and*
                                                    *Brian Manookian*


                              **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that the foregoing was filed July 19, 2023 and
served electronically upon all parties in interest or their counsel as indicated on the
receipt issued by the Court's electronic filing system.


                                                    */s/ John Spragens*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |

## TRUSTEE'S RESPONSE TO BRIAN MANOOKIAN'S RENEWED OBJECTION TO PROPOSED SETTLEMENT WITH THE CHASE PARTIES

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through special counsel, hereby respectfully responds to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties (Doc. 180) (the "Notice"), as follows:

1. In the Notice, Brian Manookian incorporates by reference his previous objections to the Trustee's motion to approve a proposed settlement with the Chase Parties (Doc. 108). In response, the Trustee hereby incorporates by reference her response to those objections (Doc. 125), as well as her motion to strike Mr. Manookian's prior objection due to his lack of standing (Doc. 136). The Trustee intends to demonstrate at the August 30, 2023 hearing, just as she did in September 2021, that Mr. Manookian lacks standing in this matter and that his objection to the Trustee's proposed settlement has no merit, even if he had standing.

2. In the Notice, Mr. Manookian also attempts to incorporate by reference his arguments lodged in a related adversary proceeding that Judge Walker should recuse himself from this matter. As an initial matter, the recusal arguments contained in the Notice are not styled as a motion nor do they comply with Bankruptcy Rule 9014 or Local Rule 9014-1. Therefore, the Court should take no action on the Notice with regard to recusal.

3. Even if the Court were to treat the Notice as a motion to recuse, that request should be denied due to collateral estoppel. The doctrine of collateral estoppel "precludes

relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

4.      Where a federal court has previously made a finding or entered an order, federal law of collateral estoppel must be applied. *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). Under federal law, the following elements must be satisfied in order for collateral estoppel to apply:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation;
> (2) the issue was actually litigated and decided in the prior action;
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
> (4) the party to be estopped was a party of the prior litigation (or in privity with such a party); and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

5.      All five elements for collateral estoppel are clearly and unequivocally met in this matter. This Court conducted a hearing on April 4, 2023 in the adversary proceeding related to this matter (3:20-ap-9002) in which it considered a motion to recuse filed by Mr. Manookian. After conducting the evidentiary hearing, the Court denied Mr. Manookian's recusal request (Doc. 229). Mr. Manookian has attempted to incorporate that motion by reference in this matter, which makes obvious that the exact same parties are making the exact same allegations and arguments. This recusal issue (1) is the identical issue that was previously resolved in the

2

adversary proceeding; (2) was litigated and resolved in the adversary proceeding; (3) was essential to the outcome of that matter; (4) involves the same party, as Mr. Manookian was involved in the prior recusal motion; and (5) involves a party that had an opportunity to, and indeed did, participate in the prior litigation. As such, any attempt by Mr. Manookian to relitigate the recusal issue in this matter is barred by the doctrine of collateral estoppel.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court deny any requests made in the Notice (including any implicit recusal request), and grant the Trustee such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

**Certificate of Service**

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 1st day of August, 2023.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

4

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

---

PLEASE TAKE NOTICE that a hearing will be held :

Courtroom 2 (Virtual hearing if allowed, see website for details), 701 Broadway, Nashville, TN 37203 on 8/30/23 at 11:00 AM

to consider and act upon the following:

**180** − Brian Manookian and Manookian PLLC's Notice of Objections to Claim Settlement and Failure to Recuse. Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)178). (SPRAGENS, JOHN)

**181** − Trustee's Response to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties. Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)180). (YOUNG, PHILLIP)

Dated: 8/2/23                                          /s/ TERESA C. AZAN
                                                       Clerk, U.S. Bankruptcy Court

In re:

CUMMINGS MANOOKIAN, PLLC
    Debtor

Case No. 19-07235-CMW

Chapter 7

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: admin | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Aug 02, 2023 | Form ID: hrgnot | Total Noticed: 24 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 04, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| aty | + | CRAIG VERNON GABBERT, JR, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | + | DANIEL HAYS PURYEAR, PURYEAR LAW GROUP, 104 Woodmont Boulevard, The Woodmont Centre, Suite 201, NASHVILLE, TN 37205-2245 |
| aty | + | GLENN BENTON ROSE, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | | JOHN PATRICK KONVALINKA, GRANT KONVALINKA & HARRISON PC, 633 CHESTNUT ST STE 900, CHATTANOOGA, TN 37450-0900 |
| aty | + | JOHN T. SPRAGENS, SPRAGENS LAW PLC, 311 22ND AVE N, NASHVILLE, TN 37203-1843 |
| aty | + | Jeanne Ann Burton PLLC, 4117 Hillsboro Pk, Ste. 103-116, Nashville, TN 37215-2728 |
| aty | + | MEGAN REED SELIBER, US Trustee's Office, 701 Broadway, Suite 318, Nashville, TN 37203-3966 |
| aty | + | MICHAEL G ABELOW, Sherrard Roe Voigt & Harbison, PLC, 150 3rd Avenue South, Suite 1100, NASHVILLE, TN 37201-2037 |
| aty | + | PHILLIP G YOUNG, Thompson Burton PLLC, One Franklin Park, 6100 Tower Circle, Suite 200, FRANKLIN, TN 37067-1465 |
| aty | + | PHILLIP L NORTH, NORTH PURSELL & RAMOS, 414 UNION STREET, STE 1850, NASHVILLE, TN 37219-1783 |
| aty | + | STEVEN L LEFKOVITZ, LEFKOVITZ AND LEFKOVITZ, PLLC, 908 Harpeth Valley Place, NASHVILLE, TN 37221-1141 |
| aty | + | WILLIAM FREDERICK MCCORMICK, TENNESSEE ATTORNEY GENERAL, PO BOX 20207, NASHVILLE, TN 37202-4015 |
| intp | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| cr | + | George Robertson, M.D., 414 Union Street, 1850, Nashville, TN 37219-1783 |
| cr | | Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, Suite 900, Chattanooga, TN 37450-0900 |
| cr | + | Middle Tennessee Pulmonary, 414 Union Street, Ste. 1850, 1850, Nashville, TN 37219-1783 |
| cr | + | Phillip Family Medical Associates, 414 Union Street, 1850, Nashville, TN 37219-1783 |
| cr | + | Toby Smith, M.D., 414 Union Street, Ste. 1850, 1850, Nashville, TN 37219-1783 |

TOTAL: 20

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | + | Email/Text: hcash@gkhpc.com | Aug 03 2023 04:06:00 | HARRY R CASH, GRANT KONVALINKA & HARRISON PC, 633 CHESTNUT STREET 9TH FLOOR, CHATTANOOGA, TN 37450-4000 |
| tr | + | Email/Text: jeanne.burton@comcast.net | Aug 03 2023 04:06:00 | JEANNE ANN BURTON, Jeanne Ann Burton PLLC, 4117 Hillsboro Pk, Suite 103-116, NASHVILLE, TN 37215-2728 |
| ust | | Email/Text: ustpregion08.na.ecf@usdoj.gov | Aug 03 2023 04:06:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| cr | + | Email/Text: AGBankRevenue@ag.tn.gov | Aug 03 2023 04:06:00 | TN Dept of Revenue, c/o TN Attorney General's Office, Bankruptcy Division, PO Box 20207, Nashville, TN 37202-4015 |

TOTAL: 4

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2023       Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 2, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com |
| DANIEL HAYS PURYEAR | on behalf of Creditor D.F. Chase  Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com |
| ELIZABETH SARA TIPPING | on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com |
| GLENN BENTON ROSE | on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com |
| HARRY R CASH | on behalf of Creditor Grant  Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com |
| JEANNE ANN BURTON | TN24@ecfcbis.com |
| JOHN PATRICK KONVALINKA | on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com |
| JOHN T. SPRAGENS | on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com |
| Jeanne Ann Burton PLLC | jeanne.burton@comcast.net |
| MEGAN REED SELIBER | on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov |
| MICHAEL G ABELOW | on behalf of Creditor INSBANK mabelow@srvhlaw.com  mmoeller@srvhlaw.com;loduor@srvhlaw.com |
| PHILLIP G YOUNG | on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com |
| PHILLIP L NORTH | on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal |
| RONALD G STEEN, JR | on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com |
| STEVEN L LEFKOVITZ | on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com, sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzcvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.com;tellis@lefkovitz.com;lreceptionist@lefkovitz.com |
| US TRUSTEE | ustpregion08.na.ecf@usdoj.gov |
| WILLIAM FREDERICK MCCORMICK | on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov |

District/off: 0650-3

Date Rcvd: Aug 02, 2023

TOTAL: 17

User: admin

Form ID: hrgnot

Page 3 of 3

Total Noticed: 24

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

Bankruptcy Proceeding No.  3:19−bk−07235
Chapter 7
Judge  Charles M Walker

In Re:
    CUMMINGS MANOOKIAN, PLLC
    45 MUSIC SQUARE WEST
    NASHVILLE, TN 37203
Social Security No.

Employer's Tax I.D. No.
    47−2636732

PLEASE TAKE NOTICE that a hearing will be held :

Courtroom 2 (Virtual hearing if allowed, see website for details), 701 Broadway, Nashville, TN 37203 on 8/30/23 at 11:00 AM

to consider and act upon the following:

*180* − Brian Manookian and Manookian PLLC's Notice of Objections to Claim Settlement and Failure to Recuse.
Filed on the behalf of: Interested Party BRIAN MANOOKIAN (RE: related document(s)178). (SPRAGENS, JOHN)

*181* − Trustee's Response to Brian Manookian's Renewed Objection to Proposed Settlement with the Chase Parties.
Filed on the behalf of: Trustee JEANNE ANN BURTON (RE: related document(s)180). (YOUNG, PHILLIP)


Dated: 8/2/23                          /s/ TERESA C. AZAN
                                       Clerk, U.S. Bankruptcy Court

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |

### BRIAN MANOOKIAN'S WITNESS AND EXHIBIT LIST FOR AUGUST 30, 2023 HEARING ON TRUSTEE'S MOTION TO APPROVE

Brian Manookian, through counsel, gives notice of the witnesses he may call and exhibits he may introduce at the August 30, 2023 hearing on the Trustee's Motion to Approve Compromise and Settlement to the extent such hearing occurs as currently scheduled.[1]

### WITNESS LIST

1.  <u>Brian Manookian, Member, Cummings Manookian.</u>  If called to testify, Brian Manookian will testify regarding his objection to the proposed settlement with the

---

[1] A recusal appeal is currently pending in the District Court as to the Bankruptcy Judge's participation in this matter's adversary proceeding as a result of Judge Walker's out-of-court *ex parte* communications regarding Brian Manookian as well as his in-court statements regarding Brian Manookian. To the extent the Bankruptcy Court does not treat the pending recusal appeal in this matter's adversary proceeding as automatically requiring a stay of this hearing, Mr. Manookian will shortly be filing at least two motions seeking appropriate relief.

Moreover, and critically, the underlying case the Trustee seeks to settle has been dismissed against the sole member of Cummings Manookian whose actions could give rise to any liability.  <u>That dismissal was effective August 3, 2023 and occurred *after* the deadline for filing objections to this proposed settlement</u>.  All parties with an interest in this proposed settlement – including the Konvalinka parties – are entitled to an opportunity to analyze and brief the effect of that dismissal in the form of supplemental objections.

1490

Chase Parties, the facts and merits of the underlying Chase Litigation, and the bases for the objections raised in this objection (Doc. 112) and supplement thereto (Doc. 123). Mr. Manookian will also testify as to his personal knowledge of the Chase Parties' prior and recent offer to settle all claims with Cummings Manookian for a "walk-away."

Mr. Manookian will additionally testify that the underlying action that the Trustee seeks to settle has been dismissed within the last two weeks – following the deadline for objections – as all Defendants except for Cummings Manookian; in each case with the Chase either paying money to the Defendants or simply walking away from their claims. Mr. Manookian will contrast the results achieved by three Defendants in either being paid money to allow the Chases to dismiss their claims, or securing a walk-away with the Trustee's attempt to funnel a quarter of a million dollars to the Chase Parties who have declined to prosecute their claims when called upon to do so.

Mr. Manookian will also testify that he is the sole member and owner of Cummings Manookian and that a successful objection to the proposed settlement will result in a reasonable possibility of a surplus that inures to his benefit and the benefit of Cummings Manookian.

2. <u>Jeanne Burton, Trustee</u>. Mr. Manookian will call Jeanne Burton to testify regarding her research, due diligence, and investigation of the Chase Claim, her awareness and verification of the Chase "walk-away" offer, and her rationale for proposing the particular terms contained in the proposed Settlement Agreement. Mr. Manookian will also inquire in to Ms. Burton's screening and knowledge of conflicts and self-interest posed by Phillip Young's participation in the Chase matters as well as any other relevant topics.

Mr. Manookian will additionally inquire into Ms. Burton's prior sworn testimony to this Court regarding assets and funds she has testified belong to Cummings Manookian and whether a successful objection to the proposed Chase Settlement could result in a surplus in the bankruptcy estate that would inure to the benefit of Cummings Manookian and Brian Manookian. Mr. Manookian will additionally inquire into Ms. Burton's efforts, lack thereof, and conflicts in seeking setoff from the Chase Parties in the form of reassessed fees paid to Mr. Young out of Cummings Manookian assets in the Chase Parties' unsuccessful *Chase v. Cummings Manookian* action.

Mr. Manookian will additionally inquire into any efforts by the Trustee to have the underlying *Chase* contempt action dismissed, voluntarily or involuntarily by simple notice to the State Trial Court, rather than paying a quarter of a million dollars. Mr. Manookian will also inquire as to why Ms. Burton believes, in good faith, that the entity Cummings Manookian is the only Defendant that has offered to pay money to settle the Chase claims, and why she believes Cummings Manookian is culpable if the individual defendants in the matter are not.

3.    Phillip Young, Special Counsel. Mr. Manookian will call Phillip Young to testify regarding his role as an actor/viewer and receiver in the Chase State Court litigation as well as his arrangement, and the timing of his arrangement, to receive payments directly from the Chase Parties in that case. Mr. Manookian will also inquire into Mr. Young's investigation, due diligence, and research into the underlying Chase claims as well as any other relevant topics. Mr. Manookian will additionally inquire into Mr. Young's prior sworn testimony to this Court regarding assets and funds he has testified belong to Cummings Manookian and whether a successful objection to the

proposed Chase Settlement could result in a surplus in the bankruptcy estate that would inure to the benefit of Cummings Manookian and Brian Manookian.

Mr. Manookian will additionally inquire into Mr. Young's efforts, lack thereof, and conflicts in seeking setoff from the Chase Parties in the form of reassessed fees paid to Mr. Young out of Cummings Manookian assets in the Chase Parties' unsuccessful *Chase v. Cummings Manookian* action. Mr. Manookian will additionally inquire into any efforts by Special Counsel to have the underlying *Chase* contempt action dismissed, voluntarily or involuntarily by simple notice to the State Trial Court, rather than paying a quarter of a million dollars. Mr. Manookian will also inquire as to why Mr. Young believes, in good faith, that the entity Cummings Manookian is the only Defendant that has offered to pay money to settle the Chase claims, and why he believes Cummings Manookian is culpable if the individual defendants in the matter are not.

4.  <u>Daniel Horwitz, Attorney</u>. Mr. Manookian may call Mr. Horwitz regarding the Chase Parties' prior efforts to secure a walk-away settlement with Cummings Manookian. Mr. Manookian may also inquire into the facts, merits, and defenses of the Chase Action and inquire into the cost in defending the action.

5.  <u>Mark Hammervold, Attorney</u>. Mr. Manookian may call Mr. Hammervold regarding the Chase Parties' prior efforts to secure a walk-away settlement with Cummings Manookian as well as the settlement terms secured by Mr. Hammervold and Hammervold PLC in the Chase contempt action. Mr. Manookian believes the Chase parties actually paid the Hammervold parties for the privilege of dismissing their own case, in stark contrast to the Trustee and Special Counsel's attempts to funnel money to the Chase Parties at the same time that the Chase Parties agreed to pay Special Counsel's legal fees in a related matter. Mr. Manookian may also inquire into the facts, merits, and

4

defenses of the Chase Action and inquire into Mr. Hammervold's cost in defending the action.

6. <u>Daniel Puryear, Attorney, Chase Parties (Counsel of Record in this Matter).</u> Mr. Manookian will call Daniel Puryear to testify regarding the Notice of Secured Claim he filed in this matter; whether the underlying judgment supporting that claim was subsequently vacated by the Tennessee Court of Appeals; and any effort or action he has taken to withdraw, revise, or otherwise correct the Notice of Secured Claim filed on behalf of the Chase Parties in this case. Mr. Manookian will also inquire into the current nature and status of any purported claim by the Chase Parties against Cummings Manookian and whether the Chase Parties have actually secured any legal right to collect monies from Cummings Manookian or whether their claim rests entirely on unproved and highly disputed allegations that have yet to be adjudicated by any Court.

7. <u>Dean Chase, Plaintiff, *Chase Action* (Proposed Settlement Creditor).</u> Mr. Manookian will call Dean Chase to testify that the award for which he filed a notice of claim in this matter has since been vacated by the Tennessee Court of Appeals. Mr. Manookian will also call Dean Chase to testify regarding the Chase Parties settlement discussions with the Trustee and Special Counsel as well as the claims, history, allegations, and details of the Chase Action as well as any other relevant matters on which he has personal knowledge.

8. <u>Charlie Malone, Attorney, Chase Parties (Counsel of Record in this Matter).</u> In lieu of Dean Chase, Mr. Manookian may call his lead counsel Charlie Malone to speak to the same topics at the election of Mr. Chase or Mr. Malone.

5

9. Mr. Manookian reserves the right to call the witnesses identified by any other party as well as rebuttal witnesses as necessary, including Beau Creason, and any of the Chase Parties.

## EXHIBIT LIST

1. All documents previously filed with the Court in this matter, and particularly any Exhibits to Mr. Manookian's objection and supplement thereto.

2. All pleadings any other documents filed in the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

3. Transcripts of statements made by Phillip Young in the *Chase v. Cummings Manookian* matter.

4. All correspondence by and between the parties and their representatives in the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

5. All correspondence by and between the Trustee, Special Counsel, and any individual regarding the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

6. All settlement agreements, draft settlement agreements, or correspondence regarding the same arising out of the *Chase v. Stewart* state court matter as well as the *Chase v. Cummings Manookian* matter.

7. Any exhibit identified by any other party and any exhibits necessary for rebuttal.

1495

Date: August 16, 2023                    Respectfully submitted,


                                         */s/ John Spragens*
                                         John Spragens (TN Bar No. 31445)
                                         Spragens Law PLC
                                         311 22nd Ave. N.
                                         Nashville, TN 37203
                                         T: (615) 983-8900
                                         F: (615) 682-8533
                                         john@spragenslaw.com

                                         *Attorney for Manookian PLLC and*
                                         *Brian Manookian*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed August 16, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


                                         */s/ John Spragens*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | ) |

## NOTICE OF FILING ORDER OF DISMISSAL IN STATE ACTION

Brian Manookian, the sole member and owner of Debtor Cummings Manookian PLLC gives notice of the filing of:

1. Order of Voluntary Dismissal, *Chase v. Stewart, Manookian, Cummings Manookian, etc.*, Williamson County Circuit Court Case No. 2015-200, August 3, 2023.  Attached as **Exhibit 1**.

Date:  August 16, 2023

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed August 16, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

RECEIVED

AUG - 2 2023

CIRCUIT COURT

**1**

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

2023 AUG -3 PM 3: 16

ENTERED _____

| | | |
|---|---|---|
| DAVID CHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2015-200 |
| | ) | JURY DEMAND |
| CHRIS STEWART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

## [PROPOSED] ORDER OF VOLUNTARY DISMISSAL
## OF PETITION WITHOUT PREJUDICE

---

It appears to the Court, as evidenced by the Notice of Voluntary Dismissal Without Prejudice of the of Petition for Contempt and Motion for Sanctions filed by Dean Chase, Sandra Chase, and D.F. Chase, Inc. (collectively, the "Chases"), that, the Chases' claims against Defendant Brian Manookian ("Manookian") should be dismissed without prejudice.

It, therefore, is **ORDERED** that the Chases' claims against Manookian are hereby voluntarily dismissed without prejudice.

It further is **ORDERED** that the parties will bear their own attorneys' fees, costs, and expenses.

ENTERED this _3rd_ day of August, 2023.

THOMAS J. WRIGHT
Senior Judge

---

EXHIBIT

_____

1499

APPROVED FOR ENTRY:

*/s/ Charles I. Malone*
Charles I. Malone (#22904)
Beau C. Creson (TN Bar # 032049)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
charlie.malone@klgates.com
beau.creson@klgates.com
Telephone: (615) 780-6700
Facsimile: (615) 780-6799

*Attorneys for Dean Chase, Sandra Chase, and D.F. Chase, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served by the Court's electronic filing system this August 2, 2023, on the following:

Brian Manookian
P.O. Box 150229
Nashville, TN 37215

Mark Hammervold
Hammervold PLB
155 S. Lawndale Avenue
Elmhurst, IL 60126

Jeanne Anne Burton
4117 Hillsboro Pike, Suite 103-116
Nashville, TN 37215

Philip L. Robertson
Robertson Law Group
555 Marriott Drive, Suite 315
Nashville, Tennessee 37214

*/s/ Charles I. Malone*

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy o
foregoing has been mailed or delivered to
all parties or counsel of record
8-3-23    H. Williams
Date    Circuit Court

2

316154374.1

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No: 3:19-bk-07235 |
| | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | **Hearing Date: August 30, 2023** |
| | ) | **at 11:00 a.m.** |

**TRUSTEE JEANNE ANN BURTON'S WITNESS AND EXHIBIT LIST
FOR AUGUST 30, 2023 HEARING ON TRUSTEEE'S
MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

Comes now Movant, Jeanne Ann Burton, by and through special counsel, and hereby gives notice of the witnesses she may call, and exhibits she may introduce, at the August 30, 2023 hearing on the Trustee's Motion to Approve Compromise and Settlement (Doc. 108) (the "Settlement Motion"), the objection thereto of Brian Manookian (Doc. 112) (the "Manookian Objection"), the supplement to the Manookian Objection (Doc. 123) (the "Manookian Supplement"), the Trustee's response to the Manookian Objection (Doc. 125), the Trustee's motion to strike the Manookian Objection due to lack of standing (Doc. 136) (the "Motion to Strike"), Brian Manookian's response to the Motion to Strike (Doc. 144) ("the Standing Response"), Brian Manookian's renewed objection to the Settlement Motion (Doc. 180) (the "Renewed Motion"), and the Trustee's response to the Renewed Motion (Doc. 181):

**WITNESS LIST**

1.    <u>Jeanne Ann Burton, Trustee</u>.  If called to testify, Trustee Burton will testify regarding the considerations and justifications for the settlement proposed in the Settlement

Motion.  She will also address issues raised in the Manookian Objection, the Manookian

Supplement, and the Motion to Strike.[1]

2.      The Trustee reserves the right to call the witnesses identified by any other party

and any other witnesses needed to rebut evidence offered by any other party.

## EXHIBIT LIST

1.      Transcript from the hearing on this matter conducted by this Court on September

29, 2021 (Doc. 157).

2.      All exhibits introduced at the hearing on this matter conducted by this Court on

September 29, 2021.

3.      All documents previously filed with the Court in this matter, including statements,

schedules, proofs of claim, the Settlement Motion, the Manookian Objection, the Manookian

Supplement, the Trustee's response to the Manookian Objection, the Motion to Strike, and all

exhibits to any document previously filed with the Court in this matter.

4.      All documents filed in the *Chase v. Stewart* state court matter including order,

appellate opinions, and motions.

5.      All documents filed in Adversary Proceeding No. 3:20-ap-9002, *Burton v. Hagh*

*Law PLLC et al.*

6.      The Trustee reserves the right to introduce any exhibits identified by any other

party and any exhibits needed to rebut evidence offered by any other party.

---

[1] Based upon the Court's prior orders, the Trustee does not intend to address the objection filed by Grant, Konvalinka, & Harrison, PC.

1502

DATED:  August 16, 2023

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )   **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | )   **Chapter 7** |
| | )   **Judge Walker** |
| Debtor. | ) |
| | ) |

---

## MOTION TO DISQUALIFY BANKRUPTCY JUDGE CHARLES WALKER

---

Brian Manookian, through counsel, respectfully requests that Judge Walker recuse himself from this matter.[1]

## I.  INTRODUCTION

This is a Chapter 7 bankruptcy.  The Debtor is Cummings Manookian, PLLC, a law firm.  Brian Manookian is the sole member and owner of Cummings Manookian.  The Trustee seeks approval of a proposed settlement arising out of a now-vacated contempt order.  Mr. Manookian has objected to that settlement, and the Court has scheduled an evidentiary hearing to adjudicate the dispute.

Regrettably, during the pendency of this matter – and after the Trustee sought approval of the disputed settlement – the Court belatedly disclosed that it had engaged in multiple *ex parte* communications about Mr. Manookian, including with counsel for the Trustee.  Despite the Court's unambiguous ethical obligation to disclose the details of

---

[1] A recusal appeal in this matter's companion adversary proceeding is currently pending before the District Court.  Movant respectfully submits that recusal appeal is operative on, and stays, the bankruptcy proceeding as well.  To the extent the Court has concluded that the adversary proceeding recusal appeal does not stay this proceeding, Movant asks the Court to recuse itself in this proceeding as well.

1

1504

those *ex parte* communications, it has repeatedly refused to do so, instead putting the burden on Mr. Manookian to produce evidence of the Court's own communications. The Court has also prohibited Mr. Manookian from discovering the extent of the *ex parte* communications directly from the Court itself.

The Court declined to disqualify itself in a related adversary proceeding in this matter, issuing multiple strongly worded orders about Mr. Manookian and Mr. Manookian's counsel over their attempts to seek disclosure of the Court's *ex parte* communications. As detailed below, multiple statements in those orders confirm that the Court harbors evident bias against Mr. Manookian.

## II.  LEGAL STANDARD

Canon Three of the Code of Conduct for Federal Judges provides that the Court shall not have *ex parte* communications, except in limited circumstances, and even then must give all parties prompt notice of the communications and an opportunity to respond.

> Except as set out below, <u>a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers</u>. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, <u>the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested</u>. A judge may:
>
> (a) initiate, permit, or consider ex parte communications as authorized by law;
>
> (b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;
>
> (c) obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the

person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

(d) with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

Emphasis Added.

The Tennessee Rules of Professional Conduct are likewise clear that attorneys may not engage in *ex parte* communications with the Court. Rule 3.5 states that, "A lawyer shall not seek to influence a judge, juror, prospective juror, or other official by means prohibited by law; communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order."

Finally, Federal law mandates that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S. Code § 455(a). Engaging in improper *ex parte* communications in violation of the Federal Code of Conduct for Judges is, definitionally, conduct resulting in a judge's impartiality being reasonably questioned. Failing to disclose *ex parte* communications under these circumstances likewise gives rise to reasonable questions about a judge's impartiality.

## III. FACTUAL BACKGROUND

### A. The Bankruptcy Court Engages in *Ex Parte* Communications About Mr. Manookian.

On March 17, 2022, the Court opined from the bench that Mr. Manookian was the critical witness in this matter; stating that "most of this is going to be driven by additional information that's available, not to the Trustee at this moment, but is locked away deep

inside Mr. Manookian's brain somewhere." (Doc. 161-1, Transcript at P. 49:2-5). Judge Walker went on to state that, with respect to critical questions of fact regarding the Debtor, "Mr. Manookian holds the keys to the kingdom. Id. at 49:15-16.

As the hearing progressed, the Court ordered, over objection, that certain depositions involving Brian Manookian be held in a secured location in the courthouse. Counsel for Mr. Manookian raised routine, logistical arguments in opposition to this directive, primarily about parking and cost to travel downtown when depositions are routinely taken at attorneys' offices.

Surprisingly, in order to justify its rationale for this Order, the Court raised what it termed the "100 pound gorilla in the room on that issue," namely, what Judge Walker believed to be Manookian's "past behavior before the tribunals."

The Court then said, "I've had at least two lawyers call the Court and say they don't feel comfortable if your client is going to appear, and, you know, the Court takes those concerns very seriously and makes no conclusion on whether they are valid, they are perceptions which drive behaviors of other parties." Dkt. No. 161-1, Transcript of Pretrial Conference, Page 84:11-23 (Emphasis Added).

At that hearing, well over a year into bench-trial cases over which he would preside, Judge Walker suprised Movant by casually admitting having participated in multiple *ex parte* conversations regarding Brian Manookian, the same very individual he had just identified as the key witness in the bankruptcy and adversary proceedings; but moreover, the Court then began holding forth on why it found Brian Manookian to be a particularly dangerous or unstable litigant: "[Brian Manookian's] past behavior before tribunals" justify ordering that depositions be conducted at the Courthouse over "security concerns" about Mr. Manookian.

As explained below, the Court's comments were not only factually wrong – Mr. Manookian has conducted hundreds of depositions without incident, and no court has ever found that he acted even remotely inappropriately, much less in a physically threatening manner, during a deposition – they betrayed animus toward the very person that Judge Walker has gone to great lengths to identify as the central factual witness in this case. And that animus is not based on evidence or past proceedings in the case, as nothing before the Court suggested that Mr. Manookian posed a security concern or had conducted himself inappropriately.

Indeed, the Court's views on Mr. Manookian can only be based on the Court's *ex parte* communications, which the Court acknowledged in its remarks during the hearing, or on extrajudicial investigation by the Court. Unfortunately, as briefed in the companion proceeding, the Court declined in the March 17, 2022 hearing – and continues to refuse – to provide any meaningful detail about its *ex parte* communications about Mr. Manookian, a key party and witness in this case.

B.     **The Bankruptcy Court Declines to Disclose the Substance of its *Ex Parte* Communications or Promptly Rule on a Motion to Disqualify**

After obtaining the transcript of the hearing, Mr. Manookian along with the Adversary Party Defendants promptly filed a motion asking the Court to disqualify itself and detail the dates, substance of, and parties to each of its *ex parte* communications, pursuant to 28 U.S.C. § 455(a) & (b)(1) and Canon Three of the Code of Conduct for Federal Judges (prohibiting judges from engaging in *ex parte* communications about a pending matter and, in the event an unauthorized *ex parte* communication is received, requiring prompt disclosure of the subject matter and an opportunity for the parties to respond). Dkt. No. 161.

Rather than ruling on the motion or making the compulsory disclosure, the Court set an evidentiary hearing, on its own initiative, calling for "[p]resentation of evidence" on the motion, but not until more than six weeks later on June 29, 2022. Dkt. No. 165.

The Court did not explain how or why it expected to receive testimonial evidence on the disqualification motion, nor did it explain how Manookian could obtain evidence regarding the Court's own only recently revealed *ex parte* communications—definitionally known exclusively to the Court and not Manookian.

The Court did not — and to this day, has not — disclosed any additional information about the *ex parte* communications that formed the basis of its March 17, 2022 ruling.

**C.    The Court Prevents Manookian from Obtaining Discovery in Advance of the Evidentiary Hearing and Again Declines to Recuse or Disclose the Substance of its *Ex Parte* Communications**

Facing an evidentiary burden and lacking information about the newly disclosed *ex parte* communications, Manookian reluctantly availed himself of the one tool a litigant can use to obtain evidence for presentation to a Court: a deposition.  He noticed a limited deposition of Judge Charles M. Walker to take place two weeks before the evidentiary hearing set and insisted upon by Judge Walker.

Notwithstanding the atypical conduct of the Bankruptcy Judge in setting an evidentiary hearing on its own recusal without providing information necessary for a party to, a party noticing a deposition of a judge is admittedly and undoubtedly atypical. Sensitive to that fact, Manookian went out of his to ensure his request was minimally invasive and limited solely to their pending motion.  To that end, Manookian specifically confined the scope of the deposition to two topics of inquiry: (1) Judge Walker and his staff's communications about this matter with third parties outside of court proceedings

6

and (2) Judge Walker and his staff's investigation into this matter, the parties, or witnesses outside of the Court record. <mark>Dkt. No. 177</mark>.

Within twenty-four hours of filing the Notice of Depositions, the Court issued an order *sua sponte* quashing the Notice and declaring it unenforceable. <mark>Dkt. No. 178</mark>. Consistent with his earlier actions, rather than take the opportunity to disclose the substance or details of his *ex parte* communications, Judge Walker used the order to variously attack Manookian and the movants; accuse them of "tainting the proceedings"; and to assign improper motives to their attempt simply to discover information that Judge Walker himself was required to disclose as a result of extrajudicial communications that did not involve Manookian.

Evidence of the same is saturated through the Order. Declining its fourth opportunity to simply provide a reasonable or innocent explanation for the *ex parte* communications, the Court wrote:

- "As to the first consideration, the Court finds that the Notice serves no purpose other than to waste the resources of the United States for private purposes... and is a misuse of the resources available in order to avail oneself of the justice provided by the bankruptcy system." <mark>Dkt. No. 178</mark>.

- "The request is inappropriate as the request for testimony from the sitting judge serves no purpose other than to taint the proceedings before the Court." *Id.*

- The request for testimony of the judge sitting on the case is sought in order to contaminate the exercise of judicial and quasi-judicial responsibilities by federal judicial personnel." *Id.*

- For the twelfth and thirteenth factors, deposing the judge on a case is a manipulation of the judicial system in an effort to taint the proceedings." *Id.*

7

Having refused to promptly or voluntarily disclose the substance of his *ex parte* communications, Judge Walker prohibited Manookian from discovering the same via his testimony after unilaterally setting the matter for an evidentiary hearing.

Another point is necessarily made. Judge Walker referenced having "multiple" communications with more than one attorney. Manookian was able to question only one party during discovery – Counsel for the Trustee – about whether he had engaged in such communications. He admitted having done so but denied any specific recollections a year later. The problematic nature of his purported lack of recollection is compounded by the Judge's refusal disclose details about the *ex parte* communications; importantly the Court referred to *multiple such ex parte* conversations, but only one such conversation has ever been identified.

At the eventual evidentiary hearing the Court declined to permit argument or evidence, and refused to provide an accounting of the *ex parte* communications.

Instead, the Court read a statement into the record that that it would decline to rule on the motion as a result of the appeal of his order quashing the notice of his deposition. Dkt. No. 182.

**D.  Manookian Appeals Judge Walker's Order Quashing the Subpoena to Himself regarding his *Ex Parte* Communications**

After Judge Walker quashed the subpoena to himself seeking details of his *ex parte* communications, Manookian appealed, seeking an interlocutory ruling requiring the Bankruptcy Court to detail the substance of its *ex parte* communications, or in the alternative, to disqualify Judge Walker. *Manookian PLLC v. Burton*, Case No. 3:22-cv-00474.

8

Following briefing on the matter, the Court held that interlocutory appeal was not warranted, and that Manookian's request to disqualify Judge Walker in the adversary proceeding was not yet ripe, given that Judge Walker, himself, had not yet ruled upon the motion. *Manookian PLLC v. Burton*, Case No. 3:22-cv-00474.

### E. Judge Walker Denies the Motion to Disqualify, Mistakenly Relying on a Long-Vacated State Trial Court Order

With the appellate stay lifted, on April 4, 2023, the Bankruptcy Court took up the hearing on the Adversary Parties' Motion to Disqualify Judge Walker. Judge Walker denied the motion at the hearing and entered his written order detailing his reasoning and analysis the following day. (Dkt. No. 229).

Notably, the Court – once again – refused to actually provide any detail of the content of the Court's *ex parte* communications or even the participants to the conversations. Instead, he repeatedly *suggested* (without actually stating) that any such *ex parte* conversations he'd referenced were possibly administrative or logistical in nature; accused Movants and their attorneys of attempting to weaponize the issue; and yet again markedly declined simply to detail who he or his staff spoke to, the dates of the conversations, what was said, or why he did not promptly alert the other parties to the communications, as is required by the judicial code of conduct, and it is required for good reason.

Relying on that long-vacated order – whose reversal had been filed with the Bankruptcy Court more than a year prior – Judge Walker stated:

> The record contains the rulings from other tribunals that have found Mr. Manookian to have acted in bad faith, engage in a pattern of obfuscation, and conduct himself in a reckless manner. Specifically, a Williamson County judge found that Mr. Manookian had knowingly, willfully, and

intentionally violated a protective order and then attempted to mislead that court about that violation. That judge found Mr. Manookian's behavior regarding discovery matters to be so egregious that he imposed significant monetary sanctions against him. All of this is part of the record in this case. (Transcript of Hearing on Motion to Recuse Judge Charles M. Walker (Docket No. 161) 21:2-11)), April 4, 2023. *Also,* Finding in Order Denying Recusal (Docket No. 229 at 16).

Judge Walker's reliance on a long-vacated order, by a state court judge who was then *disqualified as a result of his bias against Mr. Manookian*, is perfectly emblematic of the reasons the Court is required to recuse here. A reasonable observer would question the Court's impartiality in this matter. Moreover, the Court's own statements evidence apparent bias against Mr. Manookian.

## IV. ARGUMENT

**A.** **The Court Engaged in Multiple *Ex Parte* Communications regarding Brian Manookian that Require Disqualification.**

The Court is required to disqualify itself from this matter because it engaged in multiple prohibited *ex parte* communications about Brian Manookian and this proceeding[2] with "at least two [unidentified] lawyers" while this action has been pending.[3]

The Court then failed to promptly notify the parties of its repeated *ex parte* conversations as required by the Code of Conduct for United States Judges.[4] Instead, the

---

[2] Brian Manookian is the sole member of the Debtor, Cummings Manookian, and the Sole Member of the Defendant, Manookian PLLC.

[3] Transcript of Pretrial Conference and Motion Hearing, March 17, 2022, Pages 84:15-85:11. On April 21, 2022, the Manookian Parties learned that the Trustee, through her Special Counsel, has additionally had at least one improper *ex parte* communication with the Court. Deposition of Phillip Young, Transcript Forthcoming.

[4] Code of Conduct for United States Judges, Canon 3(A)(4).

Court only disclosed their occurrence much later, and only then to justify the Court's order that depositions in this matter be conducted at a secure courthouse location. In doing so, the Court attributed its order to unarticulated "concerns" about Brian Manookian which were communicated directly to the Court by undisclosed attorneys in various *ex parte* phone calls, but that neither the Court nor those attorneys disclosed to Mr. Manookian.

As a result, Manookian was never able to respond to the *ex parte* representations, or even make a record regarding those improper communications for review by a superior court. To this day, potentially years after the *ex parte* communications in this still-pending case, Manookian thus remain in the dark as to the substance of those prohibited communications, although their clear corrosive effect on the proceeding has become clear.

The Court and the as-yet unidentified attorneys have, intentionally or not, engaged in conduct that violates multiple provisions of the Code of Conduct for United States Judges as well as the Rules of Professional Conduct governing attorneys licensed in Tennessee.[5]

The Court's repeated *ex parte* communications with practicing attorneys, regarding this case and the parties to it, which were not disclosed at the time, and only revealed in order to support a subsequent ruling, require recusal. The Court's additional comments about whatever it believes "Mr. Manookian's past behavior" consists of, also require recusal.

---

[5] *Id. See, also*, Tennessee Supreme Court Rule 8, Rule of Professional Conduct 3.5, Impartiality and Decorum of the Tribunal ("A lawyer shall not seek to influence a judge, juror, prospective juror, or other official by means prohibited by law; communicate ex parte with such a person during the proceeding unless authorized to do so by law or court order.").

Both statements reveal that this Court has engaged in prohibited *ex parte* communications and independent investigations, and also incorporated and relied upon the information gained in those improper exercises in its rulings and approach to this case.

28 U.S.C. § 455(a) states that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This recusal standard is objective; the relevant inquiry is whether a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986) (internal quotation marks omitted), aff'd, 486 U.S. 847 (1988); *see Air Line Pilots Ass'n, Int'l v. Continental Airlines, Inc. (In re Continental Airlines Corp.)*, 901 F.2d 1259, 1262 (5th Cir. 1990); *In re Faulkner*, 856 F.2d 716, 720-21 (5th Cir. 1988).

The Court's conduct in conducting and allowing repeated *ex parte* communications; failing to promptly disclose the occurrence of those communications; failing to ever disclose the total substance and participants to those conversations; conducting apparent independent investigations into this matter; and relying upon both improper sources of information require immediate recusal. It further requires full disclosure of the circumstances and substance of the *ex parte* communications and independent investigation.

**B.      The Court's refusal to make the required disclosures de facto creates the appearance of impropriety and give rise to a reasonable questioning of its impartiality.**

The federal statute on recusal is found at 28 U.S.C. § 455. Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself

in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.

A reasonable person would conclude that Judge Walker's impartiality might reasonably be questioned given the following chain of events:

1. Judge Walker receives and engages in multiple *ex parte* communications "with at least two lawyers" who "call[ed] the Court" to raise "serious concerns" about "your client [Brian Manookian]."[6] Judge Walker does not disclose those conversations promptly on the record.

2. Over a year later, Judge Walker first mentions his *ex parte* communications in open court as justification for a contested ruling. Judge Walker again does not take the opportunity to disclose the details of the *ex parte* communications on the record.

3. When Movants promptly seek Judge Walker's belated disclosures and recusal via written motion, Judge Walker sets the request for evidentiary hearing (despite the fact that he is the sole holder of such evidence known to Manookian). In setting the hearing, Judge Walker again declines the opportunity to disclose the details of the communications at issue on the record.

4. After Manookian issues a subpoena to Judge Walker on the limited topic of his *ex parte* communications, Judge Walker quashes the subpoena in written order taking the time to excoriate Manookian and his motives; but again, refusing to simply detail the *ex parte* communications on the record.

---

[6] Transcript of Pretrial Conference, Page 84:11-23.

5. When the Adversary Parties appeal the quashing of their subpoena, Judge Walker requires the parties to appear for an in-person hearing where, after assembling the parties, he simply reads a statement into the record that he will not act on the matter while subpoena is on appeal. Having summoned all to the Courthouse to read a statement into the record, Judge Walker again refuses include within that record any details of his *ex parte* communications.

6. Judge Walker holds the lengthy, in-person recusal hearing, during which he refuses to testify or otherwise disclose any details of the very communications at issue – known to him and required to be disclosed by the U.S. Code of Conduct.

7. Judge Walker denies his recusal in a lengthy written order, largely relying on a long-vacated state court order regarding Brian Manookian. In authoring that order, Judge Walker again refuses to simply disclose, or otherwise explain, the details of the very *ex parte* communications upon which the controversy hinges.

These facts would lead any objective observer to question Judge Walker's impartiality. Indeed, no objective observer <u>would fail to question</u> Judge Walker's impartiality given these facts and the seven (7) discrete occasions upon which Judge Walker either in person, or in writing, declined to comply with a Canon of Judicial Conduct whose fundamental purpose is to ensure impartiality.

It is exceptional that a sitting federal bankruptcy judge would reveal having participated in multiple *ex parte* communications and not only refuse to voluntarily disclose their details, but actively block measures to discover their contents and the identities of the parties thereto. Indeed, Movant is unable to find an analog in federal

case law because this simply does not appear to happen.  But commenters have cataloged the effect of such behavior in state courts.

"Failure to disclose a conversation and its contents creates the appearance of impropriety."   Leslie W. Abramson, The Judicial Ethics of *Ex parte* and Other Communications, 37 Houston Law Review 1343, at 1375 (2000). Emphasis added. Citing *Bell v. State*, 655 N.E.2d 129, 132 (Ind. Ct. App. 1995) (holding that "the trial judge created an appearance of impropriety" by "failing to fully disclose the extent of his [*ex parte*] conversation"); *Niblock v. State*, 711 P.2d 771, 772-73 (Kan. Ct. App. 1985) (deferring to the state's supreme court to determine an ethical violation where the trial judge responded to a letter from state corrections officials and then presided over a hearing presenting the same issue without revealing the letter to the parties or counsel).

"A trial judge's failure to disclose participation in a banned communication or reveal its contents will likely result in the conclusion that the judge engaged in an ethical violation."  *Abramson* at 1376 (citing *State v. Rich*, 907 P.2d 1382, 1383-84 (Ariz. 1995) (en banc) (placing the burden on the appellee to prove that there was no reversible error where the judge failed to disclose an improper *ex parte* communication with the jury)); *In re Wheatley*, 697 N.E.2d 938, 941 (Mil. App. Ct. 1998) (vacating and remanding where the trial judge created the appearance of impropriety by failing to disclose the receipt of an improper *ex parte* communication).

The reasoning underpinning these decisions is sound and in accord with the federal rules governing disclosure of *ex parte* communications.  The very act of refusing to do so shakes the confidence of parties to the proceedings.

A judge's refusal to simply follow the rules put in place to protect the integrity of the proceedings is, itself, de facto grounds for a reasonable observer to reasonable

question the judge's impartiality. Judge Walker has, for reasons known to him, decided that he will not disclose or otherwise detail the multiple conversations he acknowledged having with at least two lawyers about this case. That decision requires disqualification.

**C. The Bankruptcy Judge's Actions in Response to Efforts to Discover the Content, Identities, and Extent of *Ex Parte* Communications Warrant Disqualification.**

The Bankruptcy Court's response to Mr. Manookian's request that he simply make the disclosures already required by the Judicial Code of Conduct confirms the need for his disqualification. Rather than simply make the disclosure, Judge Walker issued a vitriolic order repeatedly asserting that Manookian had acted with improper motives. These are those statements as to Manookian's Request that the Judge simply comply with the existing Federal Judicial Canon:

- "The request is inappropriate as the request for testimony from the sitting judge serves no purpose **other than to taint the proceedings before the Court.**" Dkt. No. 178. Emphasis Added.

- The request for testimony of the judge sitting on the case is sought **in order to contaminate** the exercise of judicial and quasi-judicial responsibilities by federal judicial personnel." Dkt. No. 178. Emphasis Added.

- For the twelfth and thirteenth factors, deposing the judge on a case is a manipulation of the judicial system **in an effort to taint the proceedings**." Dkt. No. 178. Emphasis Added.

Strikingly, the Court made its view of a litigant plain, concluding that he was attempting to "manipulat[e] the judicial system" and trying to "taint the proceedings"—when, in fact, Mr. Manookian was trying to meet an evidentiary burden incorrectly imposed by the Court when it set an evidentiary hearing on a recusal motion about *ex parte* communications known only to the Court. Setting aside every prior argument in

this brief, this Court's own rulings confirm that the Court no longer meets the objective criteria required to preside over this case. The Court has deemed the mere attempt to gain information about the Court's *ex parte* communications as not only a personal attack, but an effort to "taint" and "contaminate" the proceedings, summarily concluding that Mr. Manookian acted with improper motives. A reasonable observer would conclude that the Court's impartiality is in question, and the interests of justice would be served by another bankruptcy judge handling this case.

Finally, the Court's reliance on a vacated state court order to justify its comments about Mr. Manookian additionally confirms the Court's evident bias against Mr. Manookian. The specific order from which Judge Walker quoted and relied on as the basis for his rulings was issued and authored by a state-court judge who was subsequently removed from that case by the Tennessee Court of Appeals as a result of evident bias against Mr. Manookian. Moreover, as the Court was or should have been aware, the quoted order had long been vacated by the time the Court relied upon it.[7]

## V. CONCLUSION

For all these reasons, the Court should conclude that disqualification is warranted and required by controlling law. Moreover, the Court should detail the dates, substance of, and parties to each of its *ex parte* communications about Mr. Manookian as well as details of any independent investigation it conducted.

---

[7] In the same order the Court stated that Mr. Manookian had been "disbarred by the Tennessee Supreme Court." That statement was not only unrelated to the issue to be resolved, but it was and is false. It is unclear where the Court obtained that information that was apparently material to its ruling about Mr. Manookian, and it provides further reasonable grounds to question the Court's impartiality.

1520

Date:  August 23, 2023

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and*
*Brian Manookian*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed August 23, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

IN RE:                                )
                                      )
CUMMINGS MANOOKIAN, PLLC,             )        Case No: 3:19-bk-07235
                                      )        Chapter 7
                                      )        Judge Walker
          Debtor.                     )

## TRUSTEE'S RESPONSE TO
## MOTION TO DISQUALIFY BANKRUPTCY JUDGE CHARLES WALKER

Jeanne Ann Burton, Chapter 7 Trustee herein, by and through special counsel, hereby respectfully responds to Brian Manookian's Motion to Disqualify Bankruptcy Judge Charles Walker (Doc. 187) (the "Recusal Motion"), as follows:

1.      The Recusal Motion filed by Brian Manookian in this matter on August 23, 2023 is strikingly similar to the one he and Manookian PLLC filed in Adversary Proceeding No. 3:20-ap-90002 (the "AP"), which was docketed at Docket No. 161 in the AP.  Because the Trustee has already responded to these allegations and calls for recusal once (and the Court denied Mr. Manookian's motion), she incorporates herein by reference her Response to Brian Manookian and Manookian PLLC's Motion to Disqualify Bankruptcy Judge Charles Walker (the "AP Response") filed in the AP at Docket No. 174.

2.      Not only is the Recusal Motion without substantive merit, Brian Manookian is procedurally barred from once again raising this issue, for two reasons.  First, the Recusal Motion should be denied due to collateral estoppel.  The doctrine of collateral estoppel "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action."  *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999).  "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects

1522

their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

3.　Where a federal court has previously made a finding or entered an order, federal law of collateral estoppel must be applied. *J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211, 213-14 (6th Cir. 1996). Under federal law, the following elements must be satisfied in order for collateral estoppel to apply:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation;
> (2) the issue was actually litigated and decided in the prior action;
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
> (4) the party to be estopped was a party of the prior litigation (or in privity with such a party); and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

4.　All five elements for collateral estoppel are clearly and unequivocally met in this matter. This Court conducted a hearing on April 4, 2023 in the AP in which it considered a motion to recuse filed by Mr. Manookian. After conducting the evidentiary hearing, the Court denied Mr. Manookian's recusal request (Doc. 229). Mr. Manookian is making the exact same allegations and arguments in the Recusal Motion as were previously made, and denied, in the AP. This recusal issue (1) is the identical issue that was previously resolved in the AP; (2) was litigated and resolved in the AP; (3) was essential to the outcome of that matter; (4) involves the same party, as Mr. Manookian was involved in the prior recusal motion; and (5) involves a party that had an opportunity to, and indeed did, participate in the prior litigation. As such, Mr. Manookian's thinly veiled attempt to relitigate the recusal issue in this matter is barred by the doctrine of collateral estoppel.

2

5.      Second, for the reasons stated by the Trustee in her Motion to Strike Brian Manookian's Objection and to Preclude his Participation in the September 29, 2021 Hearing for Lack of Standing (Doc. 136) (the "Standing Motion"), Mr. Manookian has no standing in this matter (the main bankruptcy case) to request Judge Walker's recusal. The Trustee hereby incorporates by reference the Standing Motion.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court immediately deny the Recusal Motion and grant the Trustee such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

## Certificate of Service

The undersigned hereby certifies that a copy of the preceding document was electronically filed and served via the Court's ECF system this 24th day of August, 2023.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

4



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/28/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                    )
                                          )     Case No: 3:19-bk-07235
Cummings Manookian, PLLC,                 )     Chapter 7
                                          )     Honorable Charles M. Walker
        Debtor.                           )
_____)
.

## ORDER DENYING
## MOTION TO DISQUALIFY JUDGE CHARLES WALKER

THIS MATTER is before the Court on the motion of Brian Manookian ("Movant") to

disqualify Judge Charles Walker (ECF. #187). The Trustee has filed a Response (ECF. #188), and

the Court has reviewed the pleadings and finds that the motion fails for the following reasons:

    a.   <u>Untimeliness</u>

On May 5, 2022, in adversary 3:21-ap-90002, Brian Manookian and Manookian PLLC

(" Adversary Movants"), filed a Motion to Disqualify Bankruptcy Judge Charles Walker

("Adversary Motion"). That motion cited to remarks made on the record in a hearing held by

Judge Walker on March 17, 2022 ("the Hearing"), over a year before the filing of this Motion

("Bankruptcy Motion").  The eighteen months that have passed since the events that are alleged

to support recusal render this Bankruptcy Motion untimely. See *In re Haas*, 292 B.R. 167, 181

(Bankr. S.D. Ohio 2003), citing *Am. Express Travel Related Servs. Co., Inc. v. Fraschilla* (*In re*

*Fraschilla*), 235 B.R. 449, 459 (9th Cir. BAP 1999) (noting that the timing of a recusal motion

1

"may affect the weight ascribed to the evidence said to be probative of bias or prejudice"). See also *LeVay v. Morken*, 590 F.Supp.3d 1037 (E.D. Mich. 2022) (noting that the most recent judicial conduct complained of was thirteen months prior to the motion for recusal and therefore, rendered the request untimely); *United States v. White*, 582 F.Supp.3d 525 (E.D. Mich. 2022)(finding recusal motion untimely where motion was brought more than seven months after alleged conduct demonstrating extrajudicial bias); *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir.1995) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."); *Katzman v. Victoria's Secret Catalogue*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996)(citations omitted)("(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay.")

Movant was aware of pending matters in the main bankruptcy case at the time he filed the Adversary Motion – specifically, Movant's Renewed Objection to Proposed Settlement (ECF 180), Exhibit and Witness List (ECF 184), and Notice of Filing Order of Dismissal in State Action (ECF 185). Yet, with all of these filings in the main bankruptcy case in anticipation of trial, Movant made no move to seek recusal until the eleventh hour before an evidentiary hearing regarding his standing as a party to the main case – better said, his standing to bring any motion or seek any relief in the main case. Movant has offered no good cause for the delay – in fact, no cause at all has been presented. Since, nothing on the record prevented or restricted Movant's involvement in the main case, his failure to seek recusal timely is no one's fault but his own.

2

b. Collateral Estoppel

The Movant is procedurally barred from seeking recusal due to the doctrine of collateral estoppel. Actions are collaterally estopped "once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation." *In re Maresh*, 277 B.R. 339 (Bankr. N.D. Ohio 2001) citing *Dowling v. United States*, 493 U.S. 342, 347, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). Since the Movant has essentially duplicated the Adversary Motion in the Bankruptcy Motion by making the identical allegations regarding the identical issues involving the identical parties, collateral estoppel is applicable and a basis for denial.

c. Order Denying Motion to Recuse Judge Walker

Not only was this issue previously litigated, but this Court issued an Order Denying the Adversary Motion. The findings and ruling of this Court's Order Denying Motion to Recuse Judge Walker (ECF 229, 3:21-ap-90002) are hereby incorporated and made a part hereof.

Further, the Adversary Motion states, albeit in a footnote, that the appeal currently pending regarding this Court's denial of the Adversary Motion "is operative on, and stays, the bankruptcy proceeding as well." (ECF 187). It appears this statement is placed in a footnote because it did not merit an actual argument. The Movant proposes no cause whatsoever for a stay and offers no argument or support for any of the elements required for such a stay.

The criteria governing a motion for stay under Rule 8007[1], which are similar to the factors considered in the issuance of a preliminary injunction, include: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm; (3) harm to others; and (4) whether the public interest will be served. *In re Target Graphis, Inc*., 372 B.R. 866, (E.D. Tenn. 2007)

---

[1] Fed. R. Bankr. P. 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings.

1528

citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *In re Bradford*, 192 B.R. 914, 917 (E.D.Tenn.1996). Therefore, Movant here must show, by a preponderance of the evidence, he will likely prevail on the merits of his appeal, he will suffer irreparable injury if the stay is denied, other parties will not be substantially harmed by the stay, and the public interest will be served by granting the stay. *Id*, citing *In re Level Propane Gases, Inc*., 304 B.R. 775, 777 (Bankr.N.D.Ohio 2004). The footnote of the Bankruptcy Motion alleging a stay exists is woefully inadequate to act as a stay to these proceedings. Movant offers no actual request for a stay and no allegation or argument that supports a stay, nor did he properly seek or obtain a stay pending appeal from any appropriate court.

Conclusion

Movant has brought this untimely motion to recuse at the eleventh hour before a hearing to determine his standing to seek relief in this bankruptcy case and after having fully participated in the case for eighteen months after the conduct alleged as a basis for recusal. He has brought it despite the previously fully litigated identical motion having been denied in the adversary proceeding, and now seeks to stay these proceedings without offering a scintilla of support or complying with the procedural requirements to obtain a stay. For all of these reasons, the motion is not well-taken and, therefore,

IT IS HEREBY ORDERED that the Motion to Disqualify is DENIED:

a) as untimely,

b) as prohibited by collateral estoppel, and

c) in the absence of a stay pending appeal, for the reasons stated in the Order of this Court in adversary 3:21-ap-90002 entered April 5, 2023 at ECF 229.

***THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE***

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No. 3:19-bk-07235** |
| | **Chapter 7** |
| **CUMMINGS MANOOKIAN, PLLC** | **Judge Walker** |
| **Debtor.** | |

**BRIAN MANOOKIAN'S NOTICE OF APPEAL**
**AND STATEMENT OF ELECTION**

Brian Manookian ("Appellant"), through counsel, gives notice of his appeal from the Bankruptcy Court's August 28, 2023 Order (Doc. 189). In furtherance of the same, Appellant states as follows:

**Part 1: Identity of Appellant**

1. The name of the Appellant is Brian Manookian. Mr. Manookian is the sole owner and member of the Debtor, Cummings Manookian, PLLC.

**Part 2: Subject of the Appeal**

2. Appellant appeals from the Court's Order Denying the Motion to Disqualify Bankruptcy Judge Charles Walker (Doc. 189). The Order was entered on August 28, 2023.

**Part 3: Parties to the Appeal**

3. The names of the Parties to the Order appealed from as well as the contact information for their attorneys are:

1

    a. Debtor Cummings Manookian
       Jay R. Lefkovitz
       Lefkovitz & Lefkovitz, PLLC
       312 East Broad Street, Suite A
       Cookeville, TN 38501
       (931) 528-5297 (T)
       931-526-6244 (F)
       JLefkovitz@lefkovitz.com

    b. Trustee Jeanne Anne Burton
       Phillip Young
       One Franklin Park
       6100 Tower Circle, Suite 200
       Franklin, TN 37067
       (615) 465-6008 (T)
       phillip@thompsonburton.com

    c. Creditor Grant, Konvalinka & Harrison, P.C.,
       John P. Konvalinka
       Grant, Konvalinka & Harrison, P.C.
       633 Chestnut Street Suite 900 Republic Centre
       Chattanooga, TN  37450-0900
       (423) 756-8400 (T)
       (423) 756-6518 (F)
       jkonvalinka@gkhpc.com

    d. Creditor D.F. Chase, Inc.
       Daniel Puryear
       Puryear Law Group
       104 Woodmont Boulevard, Suite 201
       Nashville, TN 37205
       (615) 255-4859 (T)
       (615) 630-6602 (F)
       dpuryear@puryearlawgroup.com

## Part 4: Election to have appeal heard by District Court

    4.     Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Date:  August 28, 2023                    Respectfully submitted,


                                          */s/ John Spragens*
                                          John Spragens (TN Bar No. 31445)
                                          Spragens Law PLC
                                          311 22nd Ave. N.
                                          Nashville, TN 37203
                                          T: (615) 983-8900
                                          F: (615) 682-8533
                                          john@spragenslaw.com

                                          *Attorney for Manookian PLLC, Brian
                                          Manookian, Afsoon Hagh, and Hagh
                                          Law PLLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed August 28, 2023 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


                                          */s/ John Spragens*

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE


IN RE:

                                             Case No. 3:19-bk-07235

CUMMINGS MANOOKIAN, PLLC

     Debtor.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2023 , the Notice of Appeal, document 190 on the record of the above case, was served by first class mail postage prepaid (or hand delivered as indicated below) to the following recipients:

**Jay R. Lefkovitz**
Debtor Cummings Manookian
Lefkovitz & Lefkovitz, PLLC
312 East Broad Street, Suite A
Cookeville, TN 38501

**Phillip Young**
Trustee Jeanne Anne Burton
One Franklin Park
6100 Tower Circle, Suite 200

**John P. Konvalinka**
Creditor Grant, Konvalinka & Harrison, P.C.
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street Suite 900 Republic Centre
Chattanooga, TN 37450-0900

**Daniel Puryear**
Creditor D.F. Chase, Inc.
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205

**MEGAN SELIBER**
U.S. TRUSTEE
701 Broadway, Room 318
Nashville, TN  37203
(HAND DELIVERED)

Dated: August 29, 2023                         /s/Teresa C. Azan, Clerk of Court

LQ

In re:  Case No. 19-07235-CMW

CUMMINGS MANOOKIAN, PLLC  Chapter 7
  Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-3    User: admin    Page 1 of 2

Date Rcvd: Aug 28, 2023    Form ID: pdf001    Total Noticed: 9

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 30, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CUMMINGS MANOOKIAN, PLLC, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| intp | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| intp | + | BRIAN MANOOKIAN, 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203-3205 |
| cr | + | George Robertson, M.D., 414 Union Street, 1850, Nashville, TN 37219-1783 |
| cr | | Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, Suite 900, Chattanooga, TN 37450-0900 |
| cr | + | Middle Tennessee Pulmonary, 414 Union Street, Ste. 1850, 1850, Nashville, TN 37219-1783 |
| cr | + | Phillip Family Medical Associates, 414 Union Street, 1850, Nashville, TN 37219-1783 |
| cr | + | Toby Smith, M.D., 414 Union Street, Ste. 1850, 1850, Nashville, TN 37219-1783 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: AGBankRevenue@ag.tn.gov | Aug 28 2023 22:49:00 | TN Dept of Revenue, c/o TN Attorney General's Office, Bankruptcy Division, PO Box 20207, Nashville, TN 37202-4015 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 30, 2023    Signature:   /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 28, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|

CRAIG VERNON GABBERT, JR
    on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com

DANIEL HAYS PURYEAR
    on behalf of Creditor D.F. Chase  Inc. dpuryear@puryearlawgroup.com, paralegalgroup@puryearlawgroup.com

ELIZABETH SARA TIPPING
    on behalf of Plaintiff BRIAN CUMMINGS liz@counterpointlaw.com

GLENN BENTON ROSE
    on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com

HARRY R CASH
    on behalf of Creditor Grant  Konvalinka & Harrison, P.C. hcash@gkhpc.com, hdowney@gkhpc.com

JEANNE ANN BURTON
    TN24@ecfcbis.com

JOHN PATRICK KONVALINKA
    on behalf of Creditor Grant  Konvalinka & Harrison, P.C. jkonvalinka@gkhpc.com, pcowan@gkhpc.com

JOHN T. SPRAGENS
    on behalf of Debtor CUMMINGS MANOOKIAN  PLLC JOHN@SPRAGENSLAW.COM, spragenslaw@ecf.courtdrive.com

Jeanne Ann Burton PLLC
    jeanne.burton@comcast.net

MEGAN REED SELIBER
    on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov

MICHAEL G ABELOW
    on behalf of Creditor INSBANK mabelow@srvhlaw.com  mmoeller@srvhlaw.com;loduor@srvhlaw.com

PHILLIP G YOUNG
    on behalf of Defendant JEANNE BURTON phillip@thompsonburton.com

PHILLIP L NORTH
    on behalf of Creditor Middle Tennessee Pulmonary pn@npr.legal

RONALD G STEEN, JR
    on behalf of Plaintiff Jeanne Ann Burton ronn.steen@thompsonburton.com

STEVEN L LEFKOVITZ
    on behalf of Debtor CUMMINGS MANOOKIAN  PLLC slefkovitz@lefkovitz.com,
    sllbkecf@gmail.com;khancock@lefkovitz.com;lefkovitzvlecf@lefkovitz.com;r52946@notify.bestcase.com;mspezia@lefkovitz.c
    om;tellis@lefkovitz.com;lreceptionist@lefkovitz.com

US TRUSTEE
    ustpregion08.na.ecf@usdoj.gov

WILLIAM FREDERICK MCCORMICK
    on behalf of Creditor TN Dept of Revenue agbanklundin@ag.tn.gov


TOTAL: 17



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/28/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No: 3:19-bk-07235 |
| Cummings Manookian, PLLC, | ) | Chapter 7 |
| | ) | Honorable Charles M. Walker |
| Debtor. | ) | |
| | ) | |

.

**ORDER DENYING**
**MOTION TO DISQUALIFY JUDGE CHARLES WALKER**

THIS MATTER is before the Court on the motion of Brian Manookian ("Movant") to disqualify Judge Charles Walker (ECF. #187). The Trustee has filed a Response (ECF. #188), and the Court has reviewed the pleadings and finds that the motion fails for the following reasons:

a. <u>Untimeliness</u>

On May 5, 2022, in adversary 3:21-ap-90002, Brian Manookian and Manookian PLLC (" Adversary Movants"), filed a Motion to Disqualify Bankruptcy Judge Charles Walker ("Adversary Motion"). That motion cited to remarks made on the record in a hearing held by Judge Walker on March 17, 2022 ("the Hearing"), over a year before the filing of this Motion ("Bankruptcy Motion"). The eighteen months that have passed since the events that are alleged to support recusal render this Bankruptcy Motion untimely. See *In re Haas*, 292 B.R. 167, 181 (Bankr. S.D. Ohio 2003), citing *Am. Express Travel Related Servs. Co., Inc. v. Fraschilla* (*In re Fraschilla*), 235 B.R. 449, 459 (9th Cir. BAP 1999) (noting that the timing of a recusal motion

1

"may affect the weight ascribed to the evidence said to be probative of bias or prejudice"). See also *LeVay v. Morken*, 590 F.Supp.3d 1037 (E.D. Mich. 2022) (noting that the most recent judicial conduct complained of was thirteen months prior to the motion for recusal and therefore, rendered the request untimely); *United States v. White*, 582 F.Supp.3d 525 (E.D. Mich. 2022)(finding recusal motion untimely where motion was brought more than seven months after alleged conduct demonstrating extrajudicial bias); *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir.1995) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters."); *Katzman v. Victoria's Secret Catalogue*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996)(citations omitted)("(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay.")

Movant was aware of pending matters in the main bankruptcy case at the time he filed the Adversary Motion – specifically, Movant's Renewed Objection to Proposed Settlement (ECF 180), Exhibit and Witness List (ECF 184), and Notice of Filing Order of Dismissal in State Action (ECF 185). Yet, with all of these filings in the main bankruptcy case in anticipation of trial, Movant made no move to seek recusal until the eleventh hour before an evidentiary hearing regarding his standing as a party to the main case – better said, his standing to bring any motion or seek any relief in the main case. Movant has offered no good cause for the delay – in fact, no cause at all has been presented. Since, nothing on the record prevented or restricted Movant's involvement in the main case, his failure to seek recusal timely is no one's fault but his own.

2

b.  Collateral Estoppel

The Movant is procedurally barred from seeking recusal due to the doctrine of collateral estoppel. Actions are collaterally estopped "once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation." *In re Maresh*, 277 B.R. 339 (Bankr. N.D. Ohio 2001) citing *Dowling v. United States*, 493 U.S. 342, 347, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). Since the Movant has essentially duplicated the Adversary Motion in the Bankruptcy Motion by making the identical allegations regarding the identical issues involving the identical parties, collateral estoppel is applicable and a basis for denial.

c.  Order Denying Motion to Recuse Judge Walker

Not only was this issue previously litigated, but this Court issued an Order Denying the Adversary Motion. The findings and ruling of this Court's Order Denying Motion to Recuse Judge Walker (ECF 229, 3:21-ap-90002) are hereby incorporated and made a part hereof.

Further, the Adversary Motion states, albeit in a footnote, that the appeal currently pending regarding this Court's denial of the Adversary Motion "is operative on, and stays, the bankruptcy proceeding as well." (ECF 187). It appears this statement is placed in a footnote because it did not merit an actual argument. The Movant proposes no cause whatsoever for a stay and offers no argument or support for any of the elements required for such a stay.

The criteria governing a motion for stay under Rule 8007[1], which are similar to the factors considered in the issuance of a preliminary injunction, include: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm; (3) harm to others; and (4) whether the public interest will be served. *In re Target Graphis, Inc*., 372 B.R. 866, (E.D. Tenn. 2007)

---

[1] Fed. R. Bankr. P. 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings.

1538

citing *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991); *In re Bradford*, 192 B.R. 914, 917 (E.D.Tenn.1996). Therefore, Movant here must show, by a preponderance of the evidence, he will likely prevail on the merits of his appeal, he will suffer irreparable injury if the stay is denied, other parties will not be substantially harmed by the stay, and the public interest will be served by granting the stay. *Id*, citing *In re Level Propane Gases, Inc*., 304 B.R. 775, 777 (Bankr.N.D.Ohio 2004). The footnote of the Bankruptcy Motion alleging a stay exists is woefully inadequate to act as a stay to these proceedings. Movant offers no actual request for a stay and no allegation or argument that supports a stay, nor did he properly seek or obtain a stay pending appeal from any appropriate court.

Conclusion

Movant has brought this untimely motion to recuse at the eleventh hour before a hearing to determine his standing to seek relief in this bankruptcy case and after having fully participated in the case for eighteen months after the conduct alleged as a basis for recusal. He has brought it despite the previously fully litigated identical motion having been denied in the adversary proceeding, and now seeks to stay these proceedings without offering a scintilla of support or complying with the procedural requirements to obtain a stay. For all of these reasons, the motion is not well-taken and, therefore,

IT IS HEREBY ORDERED that the Motion to Disqualify is DENIED:

a) as untimely,

b) as prohibited by collateral estoppel, and

c) in the absence of a stay pending appeal, for the reasons stated in the Order of this Court in adversary 3:21-ap-90002 entered April 5, 2023 at ECF 229.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |

**APPELLEE CHAPTER 7 TRUSTEE, JEANNE ANN BURTON'S DESIGNATION
OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL**

Comes now, Appellee Jeanne Ann Burton, Chapter 7 Trustee, pursuant to Rule

8009 of the Federal Rules of Bankruptcy Procedure, and hereby designates the following

additional items to be included in the record on Brian Manookian's appeal of the

Bankruptcy Court's Order Denying Motion to Disqualify Judge Charles Walker (Doc. 189)

entered in the above captioned case on August 28, 2023.

**DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE
RECORD ON APPEAL**

| Case No. | Date | Docket No. | Description |
|---|---|---|---|
| 19-bk-07235 | 8/23/23 | 187 | Motion to Disqualify Judge Charles Walker |
| 19-bk-07235 | 8/24/23 | 188 | Trustee's Response to Motion to Disqualify Judge Charles Walker |
| 19-bk-07235 | 8/28/23 | 189 | Order Denying Motion to Disqualify Judge Charles Walker |
| 20-ap-90002 | 3/10/23 | 220 | Order Scheduling Hearing Motion to Disqualify Bankruptcy Judge |
| 20-ap-90002 | 12/20/19 | 225 | Brian Manookian and Manookian PLLC's List of Potential Witnesses for Hearing on Motion to Disqualify Judge Charles Walker |
| 20-ap-90002 | 12/20/19 | 237 | Transcript of Motion to Disqualify Judge Charles Walker |

Dated this 12th of September, 2023.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Special Counsel for Chapter 7
Trustee

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this pleading base been served electronically on this 12th day of September, 2023, to all persons with electronic filing privileges in this case, including John Spragens, counsel for the Appellant.

/s/ Phillip G. Young
Phillip G. Young

1541

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CUMMINGS MANOOKIAN, PLLC**<br><br>    **Debtor.** | **No. 3:23-cv-00918**<br>**Judge Trauger**<br><br>**Appeal from:**<br>**No. 3:19-bk-07235** |

**APPELLANT BRIAN MANOOKIAN'S STATEMENT OF ISSUES ON
APPEAL AND DESIGNATION OF RECORD**

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellant Brian Manookian hereby files this Statement of the Issues to be Presented on Appeal and Designation of Items to be Included in the Appellate Record.

I.    <u>**Issues To Be Presented**</u>

Whether the Bankruptcy Court erred in failing to recuse itself where it belatedly revealed, but declined to detail, multiple *ex parte* communications about this litigation with one or more attorneys representing parties in this litigation, and where the Court continues to decline to reveal the substance, date, and parties to each of the *ex parte* communications.

Whether the Bankruptcy Court erred in failing to recuse itself where it quashed a subpoena to itself seeking to determine the specifics of the Court's *ex parte* communications and, in that Order, articulated additional biases and prejudices against the moving party.

Whether the Bankruptcy Court erred in relying upon a vacated Tennessee state court order regarding Appellant—an order that was issued by a judge who was subsequently disqualified from the action by the Tennessee Court of Appeals due to his actual or perceived bias against Appellant.

## II.    Designation of Items To Be Included in Appellate Record

The items to be included in the appellate record consist of the following:

- All docket entries in the bankruptcy proceeding (No. 3:19-bk-07235) and related adversary proceeding (No. 3:20-ap-90002), specifically including adversary proceeding docket entries 161, 165, 173, 174, 177, 178, 229 and all attachments thereto.

- Transcript of June 29, 2022 adversary proceeding hearing on motion to disqualify.

- Transcript of April 4, 2023 hearing on motion to disqualify.

Date:  September 11, 2023              Respectfully submitted,


                                      */s/ John Spragens*
                                      John Spragens (TN Bar No. 31445)
                                      Spragens Law PLC
                                      311 22nd Ave. N.
                                      Nashville, TN 37203
                                      T: (615) 983-8900
                                      F: (615) 682-8533
                                      john@spragenslaw.com

                                      *Attorney for Appellant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed September 11, 2023 and served electronically upona all counsel of record:

Jay R. Lefkovitz
Lefkovitz & Lefkovitz, PLLC
312 East Broad Street, Suite A
Cookeville, TN 38501
(931) 528-5297 (T)
(931) 526-6244 (F)
JLefkovitz@lefkovitz.com

*Counsel for Debtor Cummings Manookian*

Phillip Young  One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (T)
phillip@thompsonburton.com

*Counsel for Trustee Jeanne Anne Burton*

John P. Konvalinka
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street, Suite 900
Republic Centre
Chattanooga, TN  37450-0900
(423) 756-8400 (T)
(423) 756-6518 (F)
jkonvalinka@gkhpc.com

*Counsel for Creditor Grant, Konvalinka & Harrison, P.C.*

Daniel Puryear
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 255-4859 (T)
(615) 630-6602 (F)
dpuryear@puryearlawgroup.com

*Counsel for Creditor D.F. Chase, Inc.*

*/s/ John Spragens*

1544

**U.S. Bankruptcy Court**
**MIDDLE DISTRICT OF TENNESSEE (Nashville)**
**Adversary Proceeding #: 3:23−ap−90036**

*Assigned to:* Charles M Walker                                      *Date Filed:* 03/13/23
*Lead BK Case:* 19−07235
*Lead BK Title:* CUMMINGS MANOOKIAN, PLLC
*Lead BK Chapter:* 7
*Demand:*
  *Nature[s] of Suit:*   02 Other (e.g. other actions that would have been brought in state court if unrelated to
                                      bankruptcy)

*Plaintiff*
————————————————
**BRIAN CUMMINGS**                          represented by **KRISTEN M SHIELDS**
                                                                    COTNEY CONSTRUCTION LAW LLP
                                                                    NASHVILLE
                                                                    3201 TREVOR ST
                                                                    SUITE 300
                                                                    NASHVILLE, TN 37209
                                                                    (615) 657−4107
                                                                    Fax : (813) 902−7612
                                                                    Email: kristen@counterpointlaw.com
                                                                    *LEAD ATTORNEY*

                                                                    **ELIZABETH SARA TIPPING**
                                                                    Neal & Harwell, PLC
                                                                    1201 Demonbreun Street
                                                                    Ste 1000
                                                                    Nashville, TN 37203
                                                                    615−244−1713
                                                                    Email: etipping@nealharwell.com
                                                                    *LEAD ATTORNEY*

V.

*Defendant*
————————————————
**BRETTON KEEFER**                          represented by **JOHN T. SPRAGENS**
on behalf of the deceased Chesta                                    SPRAGENS LAW PLC
Shoemaker                                                          311 22ND AVE N
                                                                    NASHVILLE, TN 37203
                                                                    615−983−8900
                                                                    Fax : 615−682−8533
                                                                    Email: JOHN@SPRAGENSLAW.COM
                                                                    *LEAD ATTORNEY*

*Defendant*
————————————————
**JEANNE BURTON**                           represented by **PHILLIP G YOUNG**

as Trustee on behalf of Cummings
Manookian PLC

Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067
615−465−6008
Fax : 931−381−0058
Email: phillip@thompsonburton.com

**PHILLIP G YOUNG, JR**
THOMPSON BURTON PLLC
1801 WEST END AVENUE
SUITE 1550
NASHVILLE, TN 37203
(615) 465−6008
Fax : (615) 807−3048
Email: phillip@thompsonburton.com
*LEAD ATTORNEY*

*Defendant*
––––––––––––––––––––––––

**AFSOON HAGH**                    represented by **JOHN T. SPRAGENS**
                                   (See above for address)
                                   *LEAD ATTORNEY*

| Filing Date | | # | Docket Text |
|---|---|---|---|
| 03/13/2023 | | 1 | Adversary case 3:23−ap−90036. Complaint by BRIAN CUMMINGS against BRETTON KEEFER, JEANNE BURTON, AFSOON HAGH. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred. BRIAN CUMMINGS. (Attachments: # 1 State Court Documents # 2 Docket) Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (knh) (Entered: 03/13/2023) |
| 03/13/2023 | | 2 | *United States District Court Order Referring Civil Case No. 3:22−cv−00301 to Bankruptcy Judge Charles M. Walker.* (tca) (Entered: 03/13/2023) |
| 03/13/2023 | | 3 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Defendant JEANNE BURTON. (YOUNG, PHILLIP) (Entered: 03/13/2023) |
| 03/22/2023 | | 4 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, ELIZABETH) (Entered: 03/22/2023) |
| 03/30/2023 | | 5 | IT IS HEREBY ORDERED that the entire record from TNMD 3:22−cv−00301 is incorporated into and made part of the record of these proceedings. (Attachments: # 1 1−1. Attachment − State Court Pleadings # 2 1−2. Attachment − Civil Cover Sheet # 3 2. Main Document − Motion to Remand Case to Bankruptcy Court # 4 2−1. Attachment Proposed Order # 5 3. Notice of Administrative Order No. 217 # 6 4. Notice_Information regarding Consent of the Parties to Magistrate Judge # 7 5. Notice of Intial Case Management Conference by Telephone # 8 6. Order_Case Referred to Magistrate Judge # 9 7. Certificate of Service filed by Jeanne Burton # 10 8. Order of Recusal_Magistrate Judge # 11 9. Notice of Intitial Case Management Conference by Telephone # 12 10. Notice of Alias Summons to be Issued as to Asfoon Hagh # 13 11. Summons Reissued as to Afsoon Hagh # 14 11. Summons Reissued as to Afsoon Hagh # 15 12−1. Attattchment − Complaint # 16 12−2. Attachment − Case Management |

Order # <u>17</u> 13. Motion to Continue by Brian Cummings # <u>18</u> 14. Response in Support filed by Jeanne Burton # <u>19</u> 15. Order_Case Management Conference set June 28 2022 Continued # <u>20</u> 16. Summons issued as to Bretton Keefer # <u>21</u> 17. Certificate of Service filed by Jeanne Burton # <u>22</u> 18. Motion for Extension of Time to File Service of Process by Brian Cummings # <u>23</u> 18. Motion for Extension of Time to File Service of Process by Brian Cummings # <u>24</u> 20. Order granting Motion for Extension of Time for Service of Process # <u>25</u> 21. Summons returned executed by Brian Cummings # <u>26</u> 22. Notice of Change of Address by James William Price Jr # <u>27</u> 23. Motion to Continue Case Management Conference by Brian Cummings # <u>28</u> 24. Motion for Leave to Service of Process by U.S. Marshal by Brian Cummings # <u>29</u> 25. Main Document − Declaration of James W. Price Jr # <u>30</u> 25−1. Attachment − Letter from Attorney Spragens # <u>31</u> 25−1. Attachment − Letter from Attorney Spragens # <u>32</u> 27. Order_Motion for Service of Process on Defendant by U.S. Marshal filed by Cummings Denied without Prejudice # <u>33</u> 28. Main Document − Declaration of James W Price Jr # <u>34</u> 28−1. Exhibit − Circuit Court Order # <u>35</u> 28−2. Exhibit − Circuit Court Order # <u>36</u> 29. Motion for Service of Process on Defendant by U.S. Marshal and for an Additional 90 days for Service # <u>37</u> 30. Order_Cummings Ordered to File a Notice by September 21, 2022 # <u>38</u> 31. Motion for Leave for Additional Time for Service of Process by Brian Cummings # <u>39</u> 32. Main Document − Notice by Brian Cummings of Service Efforts # <u>40</u> 32−1. Exhibit − Order # <u>41</u> 33. Declaration of James W Price Jr filed by Brian Cummings # <u>42</u> 34. Notice of Appearance by Elizabeth S. Tiping on behalf of Brian Cummings # <u>43</u> 35. Order_Cumings Motion to Extend Deadline for Service of Process on Keefer and Hagh Granted in Part # <u>44</u> 36. Summons Reissued as to Afsoon Hagh # <u>45</u> 37. Notice of Alias Summons to be Issued as to Bretton Keefer # <u>46</u> 38. Alias Summons Issued as to Bretton Keefer # <u>47</u> 39. Summons Returned Unexecuted as to Afsoon Hagh # <u>48</u> 40. Motion to Withdraw as Attorney by Brian Cummings # <u>49</u> 41. Summons returned executed by Brian Cummings # <u>50</u> 42. Order_Granting Motion to Withdraw as Attorney. Attorney James William Price Jr. Terminated # <u>51</u> 43. Main Document − Motion Deem Service Effective # <u>52</u> 43−1. Exhibit 1 − Plaintiff's Notice of Attorney's Lien # <u>53</u> 43−2. Exhibit 2 − Plaintiff's Notice of Attorney's Lien # <u>54</u> 43−3. Exhibit 3 − Amended Order of Dismissal # <u>55</u> 43−4. Exhibit 4 − Motion for Status Conference # <u>56</u> 43−5. Exhibit 5 − Response to Motion for Status Conference # <u>57</u> 43−6. Exhibit 6 − Reply to Response on Motion for Status Conference # <u>58</u> 43−7. Exhibit 7 − Surreply on Motion for Status Conference # <u>59</u> 43−8. Exhibit 8 − Order Altering or Amending Dec 16 2021 Order # <u>60</u> 43−9. Exhibit 9 − Order of Voluntary Dismissal filed by Defendant Hagh # <u>61</u> 43−10. Exhibit 10 − Complaint filed by Defendant Hagh # <u>62</u> 43−11. Attachment − Ali v. Mid−Atlantic Settlement # <u>63</u> 43−12. Attachment − Boles v. Lewis # <u>64</u> 43−13. Attachment − Dixie Rests v. Philips Consumer # <u>65</u> 43−14. Attachment − US v. Granger # <u>66</u> 44. Declaration of Elizabeth S. Tipping filed by Brian Cummings # <u>67</u> 45. Main Document − Declaration of Robert Capus # <u>68</u> 45−1. Attachment − Certificate of Service # <u>69</u> 46. Order_Cummings Motion to deem service effective is Denied Without Prejudice # <u>70</u> 47. Motion for Entry of Default as to Bretton Keefer # <u>71</u> 48. Main Document − Declaration of Elizabeth S. Tipping # <u>72</u> 48−1. Exhibit 1 − Defense Manpower Data Center Certificate # <u>73</u> 49. Motion for Entry of Default as to Asfoon Hagh # <u>74</u> 50. Main Document − Memorandum in Support of Motion for Entry of Default as to Afsoon Hagh # <u>75</u> 50−1. Attachment − Ali v. Mid−Atlantic # <u>76</u> 50−2. Attachment − Am Clothing v. Cloudflare # <u>77</u> 50−3. Attachment − Boles v. Lewis # <u>78</u> 50−4. Attachment − Dixie Restaurants v. Philips # <u>79</u> 50−5. Attachment − US v. Granger # <u>80</u> 50−6. Attachment − Willie McCormick v. Lakeshore # <u>81</u> 51. Main Document − Declaration of Elizabeth S. Tipping filed by Brian Cummings # <u>82</u> 51−1. Exhibit A − Defense Manpower Data Center Certificate # <u>83</u> 51−2. Exhibit B − BPR Manookian Attorney Details # <u>84</u> 51−3. Exhibit C − Notice of Attorney's

| | | | |
|---|---|---|---|
| | | | Lien # <u>85</u> 51−4. Exhibit D − Motion for Status Conference # <u>86</u> 51−5. Exhibit E − Keefer Response # <u>87</u> 51−6. Exhibit F − Cummings Reply # <u>88</u> 51−7. Exhibit G − Keefer Sur−Reply # <u>89</u> 51−8. Exhibit H − Jan 18 2022 Order # <u>90</u> 51−9. Exhibit I − Shahgoli Order # <u>91</u> 51−10. Exhibit J − Linthicum Complaint # <u>92</u> 51−11. Exhibit K − BPR Hagh Attorney Details # <u>93</u> 51−12. Exhibit L − Manookian Judgment # <u>94</u> 51−13. Exhibit M − Order Reinstating Temporary Suspension # <u>95</u> 51−13. Exhibit M − Order Reinstating Temporary Suspension # <u>96</u> 52−1. Attachment − Proposed Agreed Order # <u>97</u> 53. Agreed Order terminating Motion for Entry of Default 47_49_ Granting 52 Joint Motion Entry of Agreed Order # <u>98</u> 54. Order_of Referral to Bankruptcy Judge Charles Walker filed by Defendanst Jeanne Burton Trustee # <u>99</u> 55. Order_Granting Burton's as to 2 Motion) (tms) (Entered: 03/30/2023) |
| 04/01/2023 | | <u>6</u> | BNC Certificate of Notice. (RE: related document(s)<u>5</u> Order) Notice Date 04/01/2023. (Admin.) (Entered: 04/01/2023) |
| 04/03/2023 | | <u>7</u> | Notice *of Objection to Remand and Intent to Seek Relief*. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (SPRAGENS, JOHN) (Entered: 04/03/2023) |
| 04/11/2023 | | <u>8</u> | Motion for *Scheduling Pretrial Conference*. Filed on the behalf of: Defendant JEANNE BURTON. (YOUNG, PHILLIP) (Entered: 04/11/2023) |
| 05/04/2023 | | <u>9</u> | Motion to Dismiss Adversary Proceeding. (Attachments: # <u>1</u> Exhibit Exhibit1−7)Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER. (SPRAGENS, JOHN) (Entered: 05/04/2023) |
| 05/25/2023 | | <u>10</u> | Order Scheduling *Evidentiary* Hearing *Regarding Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh*. (RE: Related Doc#: <u>9</u>). **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** <span style="color:red">Objections due by 7/19/2023.</span> Signed on 5/25/2023. (anm) (Entered: 05/25/2023) |
| 05/27/2023 | | <u>11</u> | BNC Certificate of Notice. (RE: related document(s)<u>10</u> Order Scheduling Hearing) Notice Date 05/27/2023. (Admin.) (Entered: 05/27/2023) |
| 08/02/2023 | | <u>12</u> | Response to *Motion to Dismiss*. (Attachments: # <u>1</u> Exhibit 1 − Trustee Notice of Lien # <u>2</u> Exhibit 2 − Price to Hagh 2−1−22 # <u>3</u> Exhibit 3 − Hagh to Price 2−11−22 # <u>4</u> Exhibit 4 − Price to Hagh 2−14−22 # <u>5</u> Exhibit 5 − Price to Hagh 2−15−22 # <u>6</u> Exhibit 6 − Hagh to Price 2−21−22 # <u>7</u> Index 7 − Price to Hagh 3−8−22 # <u>8</u> Exhibit 8 − Spragens to Price 7−22−22 # <u>9</u> Exhibit 9 − Price to Spragens 8−8−22 # <u>10</u> Exhibit 10 − Tipping to Spragens 2−24−23 # <u>11</u> Appendix In re Project Restore # <u>12</u> Appendix Property Mgmt. Connection v. Consumer Fin.) Filed on the behalf of: Plaintiff BRIAN CUMMINGS (RE: related document(s)<u>9</u>). (TIPPING, ELIZABETH) (Entered: 08/02/2023) |
| 08/16/2023 | | <u>13</u> | Exhibit and Witness List. Filed on the behalf of: Plaintiff BRIAN CUMMINGS (TIPPING, ELIZABETH) (Entered: 08/16/2023) |
| 08/28/2023 | | <u>14</u> | Notice of Hearing on Motion − AP Motion.*for Scheduling Pretrial Conference* **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** (RE: related document(s)<u>8</u>) (leq) (Entered: 08/28/2023) |

| 08/30/2023 | | 15 | BNC Certificate of Notice. (RE: related document(s)14 Notice of Hearing) Notice Date 08/30/2023. (Admin.) (Entered: 08/30/2023) |
|---|---|---|---|
| 09/01/2023 | | 16 | Submitted Order *Denying Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration*. Filed on the behalf of: Plaintiff BRIAN CUMMINGS (RE: related document(s)9). (TIPPING, ELIZABETH) (Entered: 09/01/2023) |
| 09/01/2023 | | 17 | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, ELIZABETH) (Entered: 09/01/2023) |
| 09/01/2023 | | 18 | Receipt of Request for Transcript( 3:23−ap−90036) [misc,tsreq] ( 32.00). Receipt number A18257108. Fee amount $ 32.00. (re:Doc# 17) (U.S. Treasury) (Entered: 09/01/2023) |
| 09/06/2023 | | 20 | Order Denying Motion to Dismiss Adversary Proceeding *or in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh*. (RE: Ref Doc #9), BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 09/06/2023) |
| 09/08/2023 | | 21 | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 09/22/2023. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (RE: related document(s)20). (SPRAGENS, JOHN) (Entered: 09/08/2023) |
| 09/08/2023 | | 22 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( 3:23−ap−90036) [appeal,ntcapl] ( 298.00). Receipt number A18265238. Fee amount $ 298.00. (re:Doc# 21) (U.S. Treasury) (Entered: 09/08/2023) |
| 09/08/2023 | | 23 | Certificate of Service mailed on September 8, 2023 *on Notice of Appeal and Statement of Election* (RE: related document(s)21). (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | 24 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)21). (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | 25 | Acknowledgement of Receipt of Appeal from District Court. Case info: 3:23−cv−00961. . (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | 26 | BNC Certificate of Notice. (RE: related document(s)20 Order on Motion to Dismiss Adversary Proceeding − AP Order) Notice Date 09/08/2023. (Admin.) (Entered: 09/08/2023) |
| 09/13/2023 | | 27 | Notice to CORRECT party information Re: Correct Information: Elizabeth S. Tipping, Neal & Harwell, PLC, 1201 Demonbreun St. #1000, Nashville, TN 37203. The Reason for Correction: Changed law firm. Filed on the behalf of: Plaintiff BRIAN CUMMINGS (TIPPING, ELIZABETH) (Entered: 09/13/2023) |
| 09/22/2023 | | 28 | Statement of Issues on Appeal,*and Designation of Record*. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (RE: related document(s)21). (SPRAGENS, JOHN) (Entered: 09/22/2023) |
| 10/03/2023 | | 29 | Appellee's Designation of Contents for Inclusion in Record of Appeal. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, |

| | | | ELIZABETH) (Entered: 10/03/2023) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| BRETTON KEEFER, on behalf of the | )    No. 3:22-cv-00301 |
| deceased, CHESTA SHOEMAKER, | ) |
| AFSOON HAGH, and JEANNE | ) |
| BURTON, Trustee on behalf of | ) |
| CUMMINGS MANOOKIAN, PLC, | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

For the reasons stated in this Court's most recent Order (Doc. No. 54) and absent timely objection by any party, Burton's Motion (Doc. No. 2) is **GRANTED**.  This case hereby is **REFERRED** to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee.  The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO. _____ |
| v. | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | |
| **CHESTA SHOEMAKER, and JEANNE** | ) | |
| **BURTON, Trustee on behalf of CUMMINGS** | ) | |
| **MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.     Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

5.     Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

6.     Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

7.     The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

8.     Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

2

9



9.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

10.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

15.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

16.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

17.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

18.     On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

4

COPY

19.    On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20.    Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21.    According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22.    The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23.    Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24.    Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25.    After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26.    Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27.    Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

5

28.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.    The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

6

 COPY

32.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

14

41.    By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42.    Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43.    To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44.    At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45.    The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46.    John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47.    Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48.    At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

8

49.    Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.    In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

9

53. Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54. Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55. The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56. While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1. That the Defendants be served and required to answer as required by law.

2. That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3. For general relief.

COPY

Respectfully submitted,

/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

11

# COPY

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

                                                 CIVIL ACTION
                                                 DOCKET NO. 22C546
                                    Plaintiff     Method of Service:
                                                 Personal Service

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                    Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                 RICHARD R. ROOKER
ISSUED:  03/22/2022                              Circuit Court Clerk
                                                 Davidson County, Tennessee

                                    By: _____

                                                 Deputy Clerk
                    _____

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

---

**rev. 09/01/2018**

COPY

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵗʰ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____ , 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 285094

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

BRIAN CUMMINGS

                                              CIVIL ACTION
                                              DOCKET NO. 22C546
                              Plaintiff       Method of Service:
                                              Certified Mail

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                              Defendant

Service ID 285094

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/22/2022

                                              RICHARD R. ROOKER
                                              Circuit Court Clerk
                                              Davidson County, Tennessee

                              By: _____

                                              Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
JAMES W. PRICE
1
NASHVILLE, TN 37201

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

Case 3:22-cv-00301   Document 1-1   Filed 04/26/22   Page 14 of 41 PageID #: 17

COPY



RICHARD R. ROOKER, CLERK

By: _____ D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                    NASHVILLE, TENNESSEE

Service ID 285094

### STATE OF TENNESSEE
### DAVIDSON COUNTY
### 20ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

*Service ID 285094*

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | NO. 22C546 |
| v. | ) | |
| | ) | |
| BRETTON KEEFER, on behalf of the deceased, | ) | |
| CHESTA SHOEMAKER, AFSOON HAGH, | ) | |
| and JEANNE BURTON, Trustee on behalf of | ) | |
| CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.    The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.    The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.    The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4. Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5. Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6. Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7. Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8. The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9. Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10. Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

### FACTS AND CLAIMS

11. Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12. Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13. Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14. Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

3

15. Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16. Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17. In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18. In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

4

19.    On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.    On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.    Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.    According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.    The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.    Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.    Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.    After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

5

27.    Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.    Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

6



32. The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33. Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34. Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35. Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36. Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37. Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38. Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39. During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40. During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41. By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

42.    By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.    Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.    To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.    At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.    The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.    John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.    Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.    The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

8

50.     Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.     During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.     When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

9

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.     In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.     The only attorney who signed the Manookian agreement was Mr. Manookian.

59.     The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.     Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.     The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.     The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.     The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

10

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.     It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.     Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

11

34

71.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.    Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.    Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.    The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.    That Defendants be served and required to answer as required by law.

2.    That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

12

COPY

3.    That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.    For general relief.

Respectfully submitted,


_/s/   James W. Price, Jr._
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

13

COPY

CIRCUIT COURT SUMMONS                                            NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286122

CUMMINGS, BRIAN

                                                        CIVIL ACTION
                                                        DOCKET NO. 22C546
                                                        Method of Service:
                                    Plaintiff           Certified Mail

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

                                    Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

                                        RICHARD R. ROOKER
                                          Circuit Court Clerk
                                        Davidson County, Tennessee

                                    By: _____

                                        _____
                                        Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

### CERTIFICATION

STATE OF TENNESSEE      )
COUNTY OF DAVIDSON      )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____     D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309        rev. 09/01/2018

Service ID 286122

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286122

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

CUMMINGS, BRIAN

**CIVIL ACTION**
**DOCKET NO. 22C546**
Method of Service:
Certified Mail

Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

Service ID 286122

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, AFSOON HAGH . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**                                          NASHVILLE, TENNESSEE

Service ID 286123

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

|                                    | CIVIL ACTION |
|                                    | DOCKET NO. 22C546 |
| Plaintiff                          | Method of Service: |
|                                    | Certified Mail |

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

*(side text)* Service ID 286123

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: ⟨signature⟩

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., STE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

### CERTIFICATION

STATE OF TENNESSEE    )
COUNTY OF DAVIDSON   )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

COPY



RICHARD R. ROOKER, CLERK

By: ᄂᄁ ᴊᴀᴜᴏᴋ     D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 286123

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 286123

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

CUMMINGS, BRIAN

|  | CIVIL ACTION |
|  | DOCKET NO. 22C546 |

Plaintiff

Method of Service:
Certified Mail

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

Service ID 286123

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                          NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286124

CUMMINGS, BRIAN

                                    Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                  Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

*Service ID 286124*

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVE. N., STE 1800
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

42

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 286124

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

                                        Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                        Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____


_____
Sheriff/Process Server


To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk
**CIRCUIT COURT SUMMONS**

NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

Plaintiff

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 22ⁿᵈ day of March, 2022 I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the 28ᵗʰ day of March, 2022 I received the return receipt for said registered or certified mail, which had been signed by B. Wood on the 25ᵗʰ day of March, 2022 Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON,
29ᵗʰ DAY OF March

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC

NOTARY PUBLIC or DEPUTY CLERK
MY COMMISSION EXPIRES: 5-5-2

DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Case 3:22-cv-00301   Document 1-1   Filed 04/26/22   Page 37 of 41 PageID #: 40

EFILED 03/29/22 10:29 AM CASE NO. 22C546 Richard R. Rooker, Clerk

COPY

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, #200
Franklin, TN 37067

9590 9402 3459 7275 7326 13

2. Article Number (Transfer from service label)

7014 1820 0000 3466 3566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☒ Addressee

B. Received by (Printed Name)
BWood

C. Date of Delivery
3-25-22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

EFILED 03/29/22 10:29 AM CASE NO. 22C546 Richard R. Rooker, Clerk

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

Service ID 285093

**BRIAN CUMMINGS**

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___22___ day of ___MARCH___ , 202_2_ I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

___X___ failed to serve this Summons within 90 days after its issuance because _BRETTON KEEFER_ _WAS NOT FOUND IN COURT!_

Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Confidential Courier Service
& Private Process Service
611 Priscilla Ct Madison, TN 37115
Alex B. Frierson

rev. 09/01/2018

Service ID 285093

EFILED 03/29/22 02:50 PM CASE NO. 22C546 Richard R. Rooker, Clerk

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _29th_ day of _March_ 20_22_ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _2nd_ day of _April_ , 20_22_ I received the return receipt for said registered or certified mail, which had been signed by _B. Wood_ on the _31st_ day of _March_ , 20_22_ Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON

_19th_ DAY OF _April_ , 20_22_

NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _5-5-25_

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Sandra U 206123

COPY

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Phillip Young
6100 Tower Circle, #200
Franklin, TN 37067

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   B. Wood                          3-31-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)

   7014 1820 0000 3466 3771

PS Form 3811, July 2013        Domestic Return Receipt

UNITED STATES POSTAL SERVICE
NASHVILLE TN 370

2 APR 2022 PM 6 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave., N., Ste. 1800
Nashville, TN 37219

Query     Reports     Utilities     Help     What's New     Log Out

CASE-CLOSED,NEWBERN

# U.S. District Court
# Middle District of Tennessee (Nashville)
# CIVIL DOCKET FOR CASE #: 3:22-cv-00301

Cummings v. Keefer et al
Assigned to: Chief Judge Waverly D. Crenshaw, Jr
Referred to: Magistrate Judge Alistair Newbern
Case in other court:  Davidson County Circuit Court, 22C546
Cause: 28:1442 Notice of Removal- Breach of Contract

Date Filed: 04/26/2022
Date Terminated: 03/13/2023
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Brian Cummings**                          represented by  **Elizabeth S. Tipping**
Counterpoint Legal, PLC
Nashville
2689 Union Hill Rd
Joelton, TN 37080
615-425-5566
Email: liz@counterpointlaw.com
*ATTORNEY TO BE NOTICED*

**James William Price , Jr.**
James W. Price, JR.
214 2nd Ave. N.
Suite 205
Nashville, TN 37201
615-244-5772
Fax: 615-244-5821
Email: jprice@pricehillkolarich.com
*TERMINATED: 11/04/2022*
*ATTORNEY TO BE NOTICED*

**Kristen M. Shields**
Cotney Construction Law LLP
Nashville
3201 Trevor St.
Suite 300
Nashville, TN 37209
(615) 657-4107
Fax: (813) 902-7612
Email: kristen@counterpointlaw.com
*ATTORNEY TO BE NOTICED*

V.

49

**Defendant**

**Bretton Keefer**
*on behalf of the deceased Chesta*
*Shoemaker*

**Defendant**

**Jeanne Burton**                    represented by  **Phillip G. Young , Jr.**
*as Trustee on behalf of Cummings*                  Thompson Burton PLLC
*Manookian, PLC*                                    1801 West End Avenue
                                                    Suite 1550
                                                    Nashville, TN 37203
                                                    (615) 465-6008
                                                    Fax: (615) 807-3048
                                                    Email: phillip@thompsonburton.com
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Afsoon Hagh**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/26/2022 | 1 | NOTICE OF REMOVAL by Jeanne Burton from Davidson County Circuit Court, case number 22C546. ( Filing fee $ 402 receipt number ATNMDC-3583537) (Attachments: # 1 Attachment - State Court Pleadings, # 2 Attachment - Civil Cover Sheet)(kc) (Entered: 04/26/2022) |
| 04/26/2022 | 2 | MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* by Jeanne Burton. (Attachments: # 1 Attachment Proposed Order)(Young, Phillip) (Entered: 04/26/2022) |
| 04/27/2022 | 3 | NOTICE OF ADMINISTRATIVE ORDER NO. 217 to parties re obligation of counsel to keep Court apprised of current contact information. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 4 | NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (kc) (Entered: 04/27/2022) |
| 04/27/2022 |   | TN State Bar status verified as active for Phillip G. Young, Jr and James William Price, Jr **admitted to this court**. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 5 | NOTICE of Initial Case Management Conference by Telephone is set for 6/6/2022 at 9:30 AM before Magistrate Judge Barbara D. Holmes. (kc) (Entered: 04/27/2022) |
| 04/28/2022 | 6 | ORDER: This case is REFERRED to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). Lead counsel for the parties shall attend the initial case management conference. Signed by Chief Judge Waverly D. Crenshaw, Jr on 4/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 04/28/2022) |
| 05/05/2022 | 7 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 3 Notice of Admin Order 217, 2 MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* filed by Jeanne Burton, 5 Notice of Case |

| | | Management Conference, 1 Notice of Removal filed by Jeanne Burton, 6 Order, 4 NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (Young, Phillip) (Entered: 05/05/2022) |
|---|---|---|
| 05/12/2022 | 8 | ORDER OF RECUSAL: I hereby recuse myself from further proceedings in this case. Accordingly, the Clerk is directed to reassign this matter to another Magistrate Judge. The initial case management conference scheduled for June 6, 2022 is cancelled to be reset by the newly assigned Magistrate Judge. (Case randomly reassigned to Magistrate Judge Alistair Newbern by the Clerk's Office for all further proceedings.) Signed by Magistrate Judge Barbara D. Holmes on 5/12/2022. (kc) (Entered: 05/13/2022) |
| 05/16/2022 | 9 | NOTICE of Initial Case Management Conference by Telephone is set for 6/28/2022 at 10:30 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 05/16/2022) |
| 05/16/2022 | 10 | NOTICE of Alias Summons to be Issued as to Afsoon Hagh. (Price, James) (Entered: 05/16/2022) |
| 05/17/2022 | 11 | Summons Reissued as to Afsoon Hagh. (Service pages returned to counsel by regular mail.) (kc) (Entered: 05/17/2022) |
| 06/21/2022 | 12 | NOTICE of Summons to be Issued as to Bretton Keefer. (Attachments: # 1 Attachment Complaint, # 2 Attachment Case Management Order)(Price, James) (Entered: 06/21/2022) |
| 06/23/2022 | 13 | MOTION to Continue by Brian Cummings. (Price, James) (Entered: 06/23/2022) |
| 06/23/2022 | 14 | RESPONSE in Support re 13 MOTION to Continue filed by Jeanne Burton. (Young, Phillip) (Entered: 06/23/2022) |
| 06/24/2022 | 15 | ORDER: On June 23, 2022, Plaintiff Brian Cummings filed a motion to continue the initial case management conference set on June 28, 2022. (Doc. No. 13 ). Defendant Jeanne Burton does not oppose the motion. (Doc. No. 14 .) Accordingly, the motion is GRANTED. The initial case management conference is CONTINUED to August 29, 2022, at 9:30 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 6/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(ln) (Entered: 06/24/2022) |
| 06/24/2022 | | Reset Hearing: The Initial Case Management Conference by Telephone is reset for 8/29/2022 at 9:30 AM before Magistrate Judge Alistair Newbern. (ln) (Entered: 06/24/2022) |
| 06/24/2022 | 16 | Summons issued as to Bretton Keefer. Service copies will be returned to counsel by mail. (mg) (Entered: 06/24/2022) |
| 06/27/2022 | | NOTICE TO FILER re DE# 14 : Pursuant to Local Rule 5.01, Certificates of Service shall identify by name the person served, what was served, the method of service, and date of service. Counsel did not include all Counsel on the certificate of service. Please FILE a conformed Certificate of Service for this document. (mg) (Entered: 06/27/2022) |
| 06/27/2022 | 17 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 14 Response in Support of Motion filed by Jeanne Burton. (Young, Phillip) (Entered: 06/27/2022) |
| 06/27/2022 | 18 | MOTION for Extension of Time to File *Service of Process* by Brian Cummings. (Price, James) (Entered: 06/27/2022) |

| | | |
|---|---|---|
| 06/27/2022 | 19 | DECLARATION of James W. Price, Jr. filed by Brian Cummings re: 18 MOTION for Extension of Time to File *Service of Process*. (Price, James) (Entered: 06/27/2022) |
| 06/28/2022 | 20 | ORDER granting 18 Motion for Extension of Time for Service of Process. Service of process due by 9/27/2022. Signed by Magistrate Judge Alistair Newbern on 6/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 06/28/2022) |
| 07/05/2022 | 21 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 6/30/2022. (Price, James) (Entered: 07/05/2022) |
| 07/25/2022 | 22 | NOTICE of Change of Address by James William Price, Jr (Price, James) (Entered: 07/25/2022) |
| 08/23/2022 | 23 | MOTION to Continue *Case Management Conference* by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 24 | MOTION for Leave to Service of Process by U.S. Marshal by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 25 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Attachment Letter from Attorney Spragens)(Price, James) (Entered: 08/23/2022) |
| 08/24/2022 | 26 | ORDER: The motion to continue the initial case management conference 23 is GRANTED. The initial case management conference is CONTINUED to October 4, 2022, at 10:00 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 8/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 08/24/2022) |
| 08/24/2022 | | Reset Hearing per Order 26 : Initial Case Management Conference by Telephone is set for 10/4/2022 at 10:00 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 08/24/2022) |
| 09/12/2022 | 27 | ORDER: Because it is not clear from Cummings's "Motion for Service of Process on Defendant By U.S. Marshal" which defendant or defendants he wants the Marshal to serve and what steps he has already taken to effect service on those defendants, Cummings's motion 24 is DENIED WITHOUT PREJUDICE to refiling. If Cummings elects to file a second motion, he should ensure that it clearly identifies the relief he requests and the reasons why that relief is appropriate. Signed by Magistrate Judge Alistair Newbern on 9/12/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/12/2022) |
| 09/13/2022 | 28 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Exhibit Circuit Court Order, # 2 Exhibit Circuit Court Order)(Price, James) (Entered: 09/13/2022) |
| 09/13/2022 | 29 | MOTION FOR SERVICE OF PROCESS ON DEFENDANT BY U.S. MARSHAL AND FOR AN ADDITIONAL 90 DAYS FOR SERVICE re 28 Declaration by Brian Cummings. (Price, James) Modified on 9/14/2022 (kc). (Entered: 09/13/2022) |
| 09/15/2022 | 30 | ORDER: Plaintiff Brian Cummings has filed a renewed motion asking the Court to order the U.S. Marshals Service to effect service of process on Defendant Afsoon Hagh under Federal Rule of Civil Procedure 4(c)(3) and to extend the deadline for service of process under Rule 4(m). 29 . Cummings is ORDERED to file a notice by September |

| | | |
|---|---|---|
| | | 21, 2022, addressing whether his service attempts on Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and Federal Rule of Civil Procedure 4(e)(1). Signed by Magistrate Judge Alistair Newbern on 9/15/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/15/2022) |
| 09/21/2022 | 31 | MOTION for Leave to Additional Time for Service of Process by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 32 | NOTICE by Brian Cummings *of Service Efforts* (Attachments: # 1 Exhibit Order) (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 33 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 34 | NOTICE of Appearance by Elizabeth S. Tipping on behalf of Brian Cummings (Tipping, Elizabeth) (Entered: 09/21/2022) |
| 09/22/2022 | | TN State Bar status verified as active for Kristen M. Shields, Elizabeth S. Tipping **admitted to this court**. (kc) (Entered: 09/22/2022) |
| 09/30/2022 | 35 | ORDER: Cummings's motions to extend the deadline for service of process on Keefer and Hagh (Doc. Nos. 29 , 31 are GRANTED IN PART. The deadline to effect service of process on Keefer and Hagh is EXTENDED to November 28, 2022. Cummings's motion for an order directing the Marshals Service to effect service of process on Hagh 29 is GRANTED. The Clerk of Court is DIRECTED to reissue a summons to Hagh at the address provided above and forward the summons and a copy of Cummings's pleadings (Doc. No. 1 -1) to the Marshals Service for service of process. The initial case management conference in this matter is set on October 4, 2022. Because it appears that neither Keefer nor Hagh will have appeared in the action by that date, the conference is CANCELLED. Cummings is ORDERED to move to reset the initial case management conference no later than 7 days after Keefer and Hagh have appeared in the action. Signed by Magistrate Judge Alistair Newbern on 9/30/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/30/2022) |
| 10/03/2022 | 36 | Summons Reissued as to Afsoon Hagh. (Service packet put in USM's box at intake.) (kc) (Entered: 10/03/2022) |
| 10/17/2022 | 37 | NOTICE of Alias Summons to be Issued as to Bretton Keefer. (Tipping, Elizabeth) (Entered: 10/17/2022) |
| 10/20/2022 | 38 | ALIAS SUMMONS ISSUED as to Bretton Keefer. (Service pages returned to counsel by regular mail.) (kc) (Entered: 10/20/2022) |
| 10/25/2022 | 39 | Summons Returned Unexecuted as to Afsoon Hagh. (kc) (Entered: 10/25/2022) |
| 10/27/2022 | 40 | MOTION to Withdraw as Attorney by Brian Cummings. (Price, James) (Entered: 10/27/2022) |
| 11/04/2022 | 41 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 11/1/2022. (Tipping, Elizabeth) (Entered: 11/04/2022) |

| | | |
|---|---|---|
| 11/04/2022 | 42 | ORDER granting 40 Motion to Withdraw as Attorney. Attorney James William Price, Jr terminated. Signed by Magistrate Judge Alistair Newbern on 11/4/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 11/07/2022) |
| 11/16/2022 | 43 | MOTION Deem Service Effective re 39 Summons Returned Unexecuted by Brian Cummings. (Attachments: # 1 Exhibit 1 - Plaintiff's Notice of Attorney's Lien, # 2 Exhibit 2 - Trustee's Notice of Attorney's Lien, # 3 Exhibit 3 - Amended Order of Dismissal, # 4 Exhibit 4 - Motion for Status Conference, # 5 Exhibit 5 - Response to Motion for Status Conference, # 6 Exhibit 6 - Reply to Response on Motion for Status Conference, # 7 Exhibit 7 - Surreply on Motion for Status Conference, # 8 Exhibit 8 - Order Altering or Amending 12/16/21 Order, # 9 Exhibit 9 - Order of Voluntary Dismissal filed by Defendant Hagh, # 10 Exhibit 10 - Complaint filed by Defendant Hagh, # 11 Attachment Ali v. Mid-Atlantic Settlement, # 12 Attachment Boles v. Lewis, # 13 Attachment Dixie Rests. v. Philips Consumer, # 14 Attachment US v. Granger) (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/16/2022 | 44 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/25/2022 | 45 | DECLARATION of Robert Capus filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Attachments: # 1 Attachment Certificate of Service)(Tipping, Elizabeth) (Entered: 11/25/2022) |
| 12/27/2022 | 46 | ORDER: Cummings's motion to deem service effective 43 is DENIED WITHOUT PREJUDICE. Cummings may file a motion for entry of default under Rule 55(a) for the Clerk of Court's consideration or another motion authorized by the Federal Rules. Signed by Magistrate Judge Alistair Newbern on 12/27/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 12/27/2022) |
| 02/10/2023 | 47 | MOTION for Entry of Default as to Bretton Keefer by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 48 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 47 MOTION for Entry of Default as to Bretton Keefer. (Attachments: # 1 Exhibit 1 - Defense Manpower Data Center Certificate)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 49 | MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 50 | MEMORANDUM in Support of 49 MOTION for Entry of Default as to Afsoon Hagh filed by Brian Cummings . (Attachments: # 1 Attachment Ali v Mid-Atlantic, # 2 Attachment Am Clothing v Cloudflare, # 3 Attachment Boles v Lewis, # 4 Attachment Dixie Restaurants v Philips, # 5 Attachment US v Granger, # 6 Attachment Willie McCormick v Lakeshore)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 51 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 49 MOTION for Entry of Default as to Afsoon Hagh. (Attachments: # 1 Exhibit A - Defense Manpower Data Center Certificate, # 2 Exhibit B - BPR Manookian Attorney Details, # 3 Exhibit C - Notice of Attorney's Lien, # 4 Exhibit D - Motion for Status Conference, # 5 Exhibit E - Keefer Response, # 6 Exhibit F - Cummings Reply, # 7 Exhibit G - Keefer Sur-Reply, # 8 Exhibit H - Jan 18 2022 Order, # 9 Exhibit I - Shahgoli Order, # 10 Exhibit J |

| | | |
|---|---|---|
| | | - Linthicum Complaint, # 11 Exhibit K - BPR Hagh Attorney Details, # 12 Exhibit L - Manookian Judgment, # 13 Exhibit M - Order Reinstating Temporary Suspension) (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/24/2023 | 52 | Joint MOTION Entry of Agreed Order re 47 MOTION for Entry of Default as to Bretton Keefer, 49 MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Attachments: # 1 Attachment Proposed Agreed Order)(Tipping, Elizabeth) (Entered: 02/24/2023) |
| 02/27/2023 | 53 | AGREED ORDER terminating 47 Motion for Entry of Default; terminating 49 Motion for Entry of Default; granting 52 Joint MOTION Entry of Agreed Order. Signed by Magistrate Judge Alistair Newbern on 2/27/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 02/27/2023) |
| 03/03/2023 | 54 | ORDER: On April 26, 2022, Defendant Jeanne Burton, Trustee for the Estate of Cummings Manookian, PLC, moved for the referral of this case to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. 2 . The parties may file individual responsive briefs of no more than 5 pages no later than noon on March 10, 2023. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/3/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 03/03/2023) |
| 03/13/2023 | 55 | ORDER: For the reasons stated in this Court's most recent Order 54 and absent timely objection by any party, Burton's Motion 2 is GRANTED. This case hereby is REFERRED to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. The Clerk shall close this case. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/10/2023. (kc) (Entered: 03/13/2023) |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | No. 3:22-cv-00301 |
| **deceased, CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and JEANNE** | ) | |
| **BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons stated in this Court's most recent Order (Doc. No. 54) and absent timely objection by any party, Burton's Motion (Doc. No. 2) is **GRANTED**.  This case hereby is **REFERRED** to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee.  The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **BRIAN CUMMINGS,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:23-ap-90036** |
| | ) | |
| **BRETTON KEEFER; JEANNE** | ) | |
| **BURTON, TRUSTEE; and AFSOON** | ) | |
| **HAGH,** | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF APPEARANCE AND REQUEST FOR SERVICE</u>

The undersigned files this appearance in this case on behalf of Jeanne Ann Burton, Trustee, pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and hereby requests notice of all matters which must be noticed to creditors, any creditors' committee, and any other parties-in-interest, and all other notices in this case. The undersigned further requests that the following addresses be added to the mailing matrix for this case and that all notices required to be mailed to a requesting party be sent to the following:

> Phillip G. Young, Jr.
> Thompson Burton PLLC
> One Franklin Park
> 6100 Tower Circle, Suite 200
> Franklin, TN 37067
> phillip@thompsonburton.com

Dated this 13th day of March, 2023

By:     /s/ Phillip G. Young, Jr.
          Phillip G. Young, Jr.
          Thompson Burton PLLC
          One Franklin Park
          6100 Tower Circle, Suite 200
          Franklin, Tennessee 37067
          Voice:  (615) 465-6008
          Fax:     (615) 807-3048
          phillip@thompsonburton.com

          *Special Counsel for Jeanne Burton, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **BRIAN CUMMINGS,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:23-ap-90036** |
| | ) | |
| **BRETTON KEEFER; JEANNE** | ) | |
| **BURTON, TRUSTEE; and AFSOON** | ) | |
| **HAGH,** | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE

The undersigned files this appearance in this case on behalf of Plaintiff Brian Cummings pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and hereby requests notice of all matters which must be noticed to creditors, any creditors' committee, and any other parties-in-interest, as well as all other notices in this case. The undersigned further requests that the following address be added to the mailing matrix for this case and that all notices required to be mailed to a requesting party be sent to the following:

> Elizabeth S. Tipping
> Counterpoint Legal, PLC
> 2689 Union Hill Road
> Joelton, TN 37080
> liz@counterpointlaw.com

Dated this 22ⁿᵈ day of March, 2023

**COUNTERPOINT LEGAL, PLC**

By:  /s/ Elizabeth S. Tipping
Elizabeth S. Tipping, No. 023066
2689 Union Hill Road
Joelton, TN 37080
(615) 426-5566
liz@counterpointlaw.com
*Counsel for Plaintiff Brian Cummings*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | **Case No. _____** |
| ) | |
| **BRETTON KEEFER, on behalf of the** ) | |
| **deceased, CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf** ) | |
| **Of CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1452, *et seq.*, defendant Jeanne Ann Burton, Chapter 7

Trustee for Cummings Manookian, PLC ("Trustee"), hereby gives notice of the removal

of the above-referenced case from the Circuit Court of Davidson County, Tennessee. In

support hereof, Trustee states as follows:

1.      On or about March 22, 2022, Brian Cummings ("Plaintiff") filed a

*Complaint* against, Trustee and Bretton Keefer on behalf of the deceased, Chesta

Shoemaker ("Complaint") in the Circuit Court of Davidson County, Tennessee (the "State

Court"). Subsequently, on March 29, 2022, Plaintiff filed an Amended Complaint

("Amended Complaint") that added Afsoon Hagh as a defendant. The Amended

Complaint sough a determination from the State Court concerning the rights to fees among

attorneys related to a wrongful death lawsuit brought by Defendant Keefer.[1]

2.     This action is properly removable under 28 U.S.C. § 1452, and venue in this division is proper, because the United States District Court, Middle District of Tennessee, has original jurisdiction of this case under 28 U.S.C. § 1334.  Trustee is being sued in her capacity as the bankruptcy trustee for Cummings Manookian, PLLC; moreover, there is a pending adversary proceeding before the United States Bankruptcy Court for the Middle District of Tennessee involving the Trustee, as plaintiff, and Afsoon Hagh, as defendant, to determine the rights to these same disputed fees (Adv. Proc. No. 20-ap-90002).

3.     Attached hereto are all pleadings and other papers filed in Davidson County Circuit Court as of the date of this notice.

WHEREFORE, Trustee respectfully requests that this Court take jurisdiction of this action and issue all necessary orders to remove this matter from the Davidson County, Tennessee Circuit Court to the United States District Court for the Middle District of Tennessee.

April 26, 2022                              Respectfully submitted,

                                            s/ Phillip G. Young, Jr.
                                            Phillip G. Young, Jr. (21087)
                                            THOMPSON BURTON PLLC
                                            6100 Tower Circle, Suite 200
                                            Franklin, TN 37067
                                            (615) 465-6008
                                            Email: phillip@thompsonburton.com
                                            *Special Counsel for Jeanne Burton, Trustee*

---

[1] The *Barton* doctrine provides that a court-appointed fiduciary, such as a bankruptcy trustee, may only be sued in the Court that appointed the trustee.  Since the Amended Complaint does not seek a judgment against the Trustee, but rather seemingly names the Trustee as a party only because the bankruptcy estate also claims an interest in the fees at issue herein, the Trustee has not invoked the *Barton* doctrine protections.  The Trustee hereby reserves all rights to invoke the *Barton* doctrine in the future if any party seeks a judgment against the Trustee.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, the foregoing *Notice of Removal* was served via first-class U.S. Mail, postage prepaid, upon the following:

Brian Cummings
c/o James W. Price, Esq.
201 4th Avenue N., Suite 1800
Nashville, TN 37219

Bretton Keefter O/B/O Chesta Shoemaker (Deceased)
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
1906 Glen Echo Road
Nashville, TN 37215

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. _____** |
| **v.** ) | |
| ) | |
| **BRETTON KEEFER, on behalf of the deceased,** ) | |
| **CHESTA SHOEMAKER, and JEANNE** ) | |
| **BURTON, Trustee on behalf of CUMMINGS** ) | |
| **MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

62

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.    Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian.  The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

5.    Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

6.    Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

7.    The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

8.    Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

9. Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

10. Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11. Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12. Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13. Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14. Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

15.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

16.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

17.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

18.     On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

4

19. On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20. Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21. According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22. The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23. Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24. Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25. After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26. Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27. Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

28.    Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.    Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.    After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.    The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

32.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

41.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43.     To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

49.    Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.    In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

53. Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54. Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55. The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56. While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1. That the Defendants be served and required to answer as required by law.

2. That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3. For general relief.

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

Respectfully submitted,


/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 285093

BRIAN CUMMINGS                                          | CIVIL ACTION
                                                        | DOCKET NO. 22C546
                                          Plaintiff      | Method of Service:
                                                        |   Personal Service
vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                          Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                        RICHARD R. ROOKER
                                                          Circuit Court Clerk
                                                        Davidson County, Tennessee

ISSUED:  03/22/2022

                                          By:  _____
                                                          Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

                                                                      rev. 09/01/2018

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

Service ID 285093

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Personal Service

                                                    Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                                    Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
                                    Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

74

Service ID 285093

COPY

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                          NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

                                                    Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                                    Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
   Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
   JAMES W. PRICE
   1
   NASHVILLE, TN 37201

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE        )
COUNTY OF DAVIDSON        )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

Service ID 285094

75

COPY

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk



RICHARD R. ROOKER, CLERK

By:                     D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

**rev. 09/01/2018**

EFILED 03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

                                                    CIVIL ACTION
                                                    DOCKET NO. 22C546
                                                    Method of Service:
                                                      Certified Mail

                                    Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                    Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON

_____ DAY OF _____, 20___.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

*Service ID 285094*

**rev. 09/01/2018**

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | **NO. 22C546** |
| ) | |
| **v.** ) | |
| ) | |
| **BRETTON KEEFER, on behalf of the deceased,** ) | |
| **CHESTA SHOEMAKER, AFSOON HAGH,** ) | |
| **and JEANNE BURTON, Trustee on behalf of** ) | |
| **CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.   Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5.   Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian.  The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6.   Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7.   Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8.   The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9.   Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10.    Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11.    Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12.    Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13.    Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14.    Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

15.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

19.     On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

27.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

32.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

42. By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43. Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44. To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45. At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46. The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47. John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48. Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49. The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

8

85

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

50.     Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.     During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.     When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.     In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.     The only attorney who signed the Manookian agreement was Mr. Manookian.

59.     The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.     Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.     The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.     The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.     The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.     It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.     Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

71.   Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.   Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.   Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.   Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.   The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.   That Defendants be served and required to answer as required by law.

2.    That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

3.      That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.   For general relief.

Respectfully submitted,


_____/s/   James W. Price, Jr._____
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

CIRCUIT COURT SUMMONS                                                                NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 286122

CUMMINGS, BRIAN

                                         Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

                                        Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Certified Mail

*Service ID 286122*

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

  ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____    D.C.



To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018