COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| BRETTON KEEFER O/B/O | ) | |
| CHESTA SHOEMAKER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19C358 |
| | ) | |
| VANDERBILTY UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
|     Defendant. | ) | |

---

## NOTICE OF FILING
## NOTICE OF ATTORNEY'S LIEN AND ABSTRACT OF SUIT

---

Jeanne Ann Burton, Chapter 7 Trustee, hereby gives notice of filing the attached Notice of

Filing Attorney's Lien and Abstract of Suit which has been recorded with the Davidson County

Register of Deed's office.

Respectfully Submitted,

Phillip G. Young, Jr. #021087
**_THOMPSON BURTON PLLC_**
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
615-465-6000
615-461-1737 – fax

Special Counsel for Jeanne Ann Burton, Trustee

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to:

Vanderbilt University Medical Center
c/o Thomas A. Wiseman III
Wiseman Ashworth Law Group, PLC
511 Union Street, Suite 800
Nashville, TN 37219-1743

Brian Manookian
PO Box 150229
Nashville, TN 37215

Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

John Edwards
Edwards Kirby
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

This 29th day of October, 2021.

_____
Phillip G. Young, Jr.

EFILED 10/29/21 11:03 AM CASE NO. 19C358 Richard R. Rooker, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| BRETTON KEEFER O/B/O | ) | |
| CHESTA SHOEMAKER | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19C358 |
| | ) | |
| VANDERBILTY UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
| Defendant. | ) | |

---

## NOTICE OF ATTORNEY'S LIEN AND ABSTRACT OF SUIT

---

TO:   Vanderbilt University Medical Center
c/o Thomas A. Wiseman III
Wiseman Ashworth Law Group, PLC
511 Union Street, Suite 800
Nashville, TN 37219-1743

Pursuant to Tenn. Code Ann § 23-2-102, et. seq., you are notified that Jeanne Ann Burton,

Chapter 7 Bankruptcy Trustee for Cummings Manookian, PLC, claims an attorney's lien against

all property, both real and personal, tangible and intangible, money, funds or other assets, which

may be awarded to or received by Cummings Manookian, PLC, for attorneys' fee or

reimbursement of expenses, through settlement or trial of this legal action.  A copy of the United

States Bankruptcy Court for the Middle District of Tennessee's *Notice of Bankruptcy Case Filing*

is attached hereto.

Jeanne Ann Burton, Chapter 7 Bankruptcy Trustee for Cummings Manookian, PLC claims

such attorney's lien for all amounts owing to Cummings Manookian, PLC in this matter.

1

EFILED 10/29/21 11:03 AM CASE NO. 19C358 Richard R. Rooker, Clerk

## OATH

I, **JEANNE ANN BURTON, TRUSTEE,** after being first duly sworn, make oath that the facts and matters stated in the foregoing Lien are true and correct to the best of my knowledge, information and belief.



Jeanne Ann Burton, Trustee

**STATE OF TENNESSEE**     )
**COUNTY OF DAVIDSON**    )

Personally appeared before me, a Notary Public in and for the aforesaid State and County, the within named **JEANNE ANN BURTON**, with whom I am personally acquainted, (or upon sufficient evidence provided), and who acknowledged that she executed the within instrument for the purposes therein contained.

WITNESS my hand and official seal on this ___16th___ day of ___April___, 2021.

_____
NOTARY PUBLIC
My Commission Expires: __9-5-2021__

2

252

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to:

Vanderbilt University Medical Center
c/o Thomas A. Wiseman III
Wiseman Ashworth Law Group, PLC
511 Union Street, Suite 800
Nashville, TN 37219-1743

Brian Manookian
PO Box 150229
Nashville, TN 37215

Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

John Edwards
Edwards Kirby
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

This 29th day of October, 2021.

Phillip G. Young
Special Counsel for the Trustee

3

253

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor | **CUMMINGS MANOOKIAN, PLLC** | EIN ▮▮▮▮▮ |
| | Name | |
| United States Bankruptcy Court  **MIDDLE DISTRICT OF TENNESSEE** | | Date case filed for chapter  7  11/6/19 |
| Case number:  **3:19–bk–07235** | | |

## Official Form 309C (For Corporations or Partnerships)

### Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline                12/15

For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

Do not file this notice with any proof of claim or other filing in the case.

| | | |
|---|---|---|
| 1.  **Debtor's full name** | CUMMINGS MANOOKIAN, PLLC | |
| 2.  **All other names used in the last 8 years** | | |
| 3.  **Address** | 45 MUSIC SQUARE WEST<br>NASHVILLE, TN 37203 | |
| 4.  **Debtor's attorney**<br>Name and address | LEFKOVITZ AND LEFKOVITZ, PLLC<br>618 CHURCH ST STE 410<br>NASHVILLE, TN 37219 | Contact phone: 615 256–8300<br><br>Email: slefkovitz@lefkovitz.com |
| 5.  **Bankruptcy trustee**<br>Name and address | JEANNE ANN BURTON<br>Jeanne Ann Burton PLLC<br>4117 Hillsboro Pk<br>Suite 103–116<br>NASHVILLE, TN 37215 | Contact phone: 615 678–6960<br><br>Email: None |
| 6.  **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 701 Broadway Room 170<br>Nashville, TN 37203 | Hours open: 8:00AM–4:00PM<br>Monday–Friday<br><br>Contact phone: 615–736–5584<br><br>Date: 11/6/19 |
| 7.  **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | December 2, 2019 at 10:00 AM<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Valid photo identification required *** | Location:<br><br>**Customs House, 701 Broadway, Room 100, Nashville, TN 37203** |
| 8.  **Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 9.  **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**

# Exhibit 3

EFILED  12/16/21 09:57 AM  CASE NO. 19C358  Richard R. Rooker, Clerk

### IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRETTON KEEFER, as surviving adult<br>Son and next-of-kin of his deceased<br>Mother, CHESTA SHOEMAKER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**VANDERBILT UNIVERSITY MEDICAL<br>CENTER,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)    **NO. 19C358**<br>)<br>)<br>)<br>)<br>) |

### AMENDED ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that Defendant Vanderbilt University Medical Center is dismissed from the case with prejudice.  The Court will retain jurisdiction over the lien asserted by former Plaintiff's counsel, Brian Cummings, and the lien asserted by Phillip Young, Special Counsel for Jeanne Ann Burton, Bankruptcy Trust for the bankruptcy filed by the debtor Cummings Manookian, PLLC in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-07235.  Vanderbilt University Medical Center will be assessed any unpaid court costs that exist as of the date of this Order.

ENTERED this ____ day of December, 2021.


_____
CIRCUIT COURT JUDGE
JOSEPH BINKLEY

**WISEMAN ASHWORTH LAW GROUP, PLC**

/s/ Bradley M. Dowd
THOMAS A. WISEMAN, III, #11738
tom@wisemanashworth.com
BRADLEY M. DOWD, #37207
brad@wisemanashworth.com
511 Union Street, Suite 800
Nashville, Tennessee 37219
(615) 254-1877

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing has been electronically served via the Court's electronic case filing system on the 10th day of December, 2021 to the following:

Afsoon Hagh
Hagh Law PLC
47 Music Square West
Nashville, TN 37203
afsoon@haghlaw.com

John Edwards
William B. Bystrynski
Edwards Kirby LLP
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612
jedwards@edwardskirby.com
bbystrynski@edwardskirby.com

/s/ Bradley M. Dowd
BRADLEY M. DOWD

2





**Case Title:**       KEEFER V VANDERBILT UNIVERSITY MEDICAL CENTER

**Case Number:**    19C358

**Type:**              FINAL ORDER


The foregoing is hereby ORDERED, ADJUDGED
AND DECREED:

Judge Joe Binkley, Jr., Fifth Circuit


Electronically signed on 12/16/2021 09:57 AM    page 3 of 3

# Exhibit 4

EFILED  12/16/21 03:06 PM  CASE NO. 19C358  Richard R. Rooker, Clerk

## IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRETTON KEEFER, as a surviving adult**<br>**Son and next-of-kin of his deceased**<br>**Mother, CHESTA SHOEMAKER,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**VANDERBILT UNIVERSITY MEDICAL**<br>**CENTER,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)    **No.: 19C358**<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR STATUS CONFERENCE

Brian Cummings, former counsel for Plaintiff and attorney fee lien-holder, respectfully

moves the Court for a status conference concerning a hearing on the award of attorney's fees.

Respectfully submitted,


/s/   James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Brian Cummings
201 4th Avenue North, Suite 1800
Nashville, TN 37219
(615) 244-5772
jprice@pricehillkolarich.com


**THIS MOTION IS SET TO BE HEARD ON THE**
**14th DAY OF JANUARY, 2022, AT 9:00 A.M.**

EFILED  12/16/21 03:06 PM  CASE NO. 19C358  Richard R. Rooker, Clerk

## CERTIFICATE OF SERVICE

I certify that I have place a true and exact copy of the foregoing document in the United

States Mail, postage prepaid, addressed to:

> Afsoon Hagh
> Hagh Law PLC
> 47 Music Square West
> Nashville, TN 37203
>
> John Edwards
> William B. Bystrynski
> Edwards Kirby LLP
> 3201 Glenwood Ave., Suite 100
> Raleigh, NC 27612

This the 16th day of December, 2021.

> /s/   James W. Price, Jr.
> James W. Price, Jr.

# Exhibit 5

# IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRETTON KEEFER, on behalf of his deceased mother, CHESTA SHOEMAKER**<br><br>**Plaintiff,**<br><br>v.<br><br>**VANDERBILT UNIVERSITY MEDICAL CENTER**<br><br>**Defendant.** | **NO. 19C-358**<br><br>**JURY DEMAND** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO BRIAN CUMMINGS' MOTION FOR STATUS CONFERENCE

The Plaintiff opposes Brian Cummings' "Motion for Status Conference." In his one-sentence Motion, Mr. Cummings asserts that he is an "attorney fee lien-holder" and requests that the Court set a status conference "concerning a hearing on the award of attorney's fees." He declines to cite any support for his belief that he is a lien holder, or that his otherwise unspecified lien should be adjudicated at some indeterminate hearing by this particular Court in this particular action.

Mr. Cummings request should be denied. As demonstrated by the Tennessee Supreme Court's holding in *Schmitt v. Smith*, Mr. Cummings is confused both as to his own status, as well as the procedure for adjudicating a purported attorney's lien. 118 S.W.3d 348 (Tenn. 2003).

1

### I.    Mr. Cummings is not entitled to any portion of the proceeds of this now-concluded case.

Even if Mr. Cummings had instituted a lien dispute in the correct manner (he has not), he would not be entitled to any portion of the proceeds in this concluded case. Mr. Cummings had a written contract with the client, Brett Keefer, laying out the terms of his engagement. That engagement agreement provided that <u>if the client fired the attorney</u>, the attorney would be entitled to a portion of the ultimate recovery as well as repayment of any advanced expenses. **Exhibit 1**. Conversely, the engagement agreement provides that <u>if the attorney quit the case</u>, the attorney would only be entitled to repayment of his advanced expenses.

Mr. Cummings abruptly and without notice quit this case on October 2, 2020 after the client declined to revise the terms of Mr. Cummings' engagement agreement to increase Mr. Cummings' percentage of the recovery. Pursuant to the terms of the previous contract which Mr. Cummings dictated and signed, Mr. Cummings was and is only due repayment of his advanced expenses.

Those expenses (approximately $60,000) were the very first funds distributed when the settlement proceeds were received. Mr. Cummings has been paid in full under the terms of his own engagement agreement. His own choices and conduct preclude him from receiving additional funds, regardless of whatever he wishes he had now done in hindsight.

2

264

### II.   To the extent he believes he is entitled to any attorney fee, Mr. Cummings must institute a separate proceeding

Importantly, to the extent Mr. Cummings actually believes he is entitled to any additional payment beyond recouping his expenses, he must institute a separate proceeding.  This is the case because: (1) Mr. Cummings is not a party to this proceeding; (2) Mr. Cummings must put the Defendant on notice of his claims as well as what relief Mr. Cummings is seeking by filing an actual, written Complaint which pleads particular facts and allegations; and because (3) the Defendant must then be afforded the opportunity to raise defenses to those claims.

The Tennessee Supreme Court addressed this reality in 2003 in the case of *Schmitt v. Smith*, finding that:

> While a charging lien serves to secure an attorney's fees, <u>it does not function as an adjudication of the rights between the lawyer and his or her client</u>. Thus, "<u>[a] trial court may declare the existence of an attorney's lien in the suit out of which the dispute regarding the attorney's fee arose, but ordinarily an attorney, not being a party to the proceeding, may not obtain a judgment with respect to his or her fee in that action</u>.
> *Schmitt v. Smith,* 118 S.W.3d 348, 353-354 (Tenn. 2003)

Examples of specific defenses to an assertion of an attorney's fee include that the attorney has contractually disclaimed more than a certain amount of payment, or that an attorney committed professional malpractice in the representation of the

3

265

client. If Mr. Cummings ultimately decides to institute a separate proceeding, those and other defenses will be specifically raised and must be litigated.[1]

Finally, Mr. Cummings' own engagement agreement with the client includes a mediation and arbitration clause that precludes Mr. Cummings from asserting any claims for fees outside of a mediation and arbitration. **Exhibit 1**. To the extent Mr. Cummings ever institutes a separate proceeding in a trial court, any Defendant would be entitled to seek its dismissal based upon that provision.

### III. Conclusion

Mr. Cummings request to schedule "a status conference concerning a hearing on the award of attorney's fees" should be denied. That is not the procedure for adjudicating an attorney's fee lien. Mr. Cummings must first institute a separate proceeding, and it appears he has already waived his ability to do so in this or any other Court via a self-imposed arbitration clause.

One fact is crystal clear: Mr. Cummings may not simply file a one-sentence

---

[1] For example, Mr. Cummings unquestionably committed malpractice on multiple occasions. Mr. Cummings disclosed a critical physician "expert," despite the fact that the physician had never been licensed in Tennessee or a contiguous state, and such fact was apparent on the physician's resume which was sent to Mr. Cummings.

Likewise, the only two major tasks for which Mr. Cummings took responsibility were ultimately ordered to be redone by the Court in their entirety. Finally, the manner in which Mr. Cummings withdrew, days before the start of expert depositions scheduled around Mr. Cummings' own calendar was textbook client abandonment and professional negligence. In sum, the client would testify, if called to, that Mr. Cummings' participation in the matter was a net, and major, detriment.

4

motion *in this action* asking to schedule "a hearing on the award of attorney's fees."

As explained by the Tennessee Supreme Court, this Court is simply not in a position

to adjudicate such a controversy; nor is any as-yet unnamed Defendant in a position

to respond to Mr. Cummings as-yet unarticulated claims. The Court should enter an

Order denying Mr. Cummings' request and holding that no such further requests be

made in this particular action.

Respectfully submitted,

s/ AFSOON HAGH

**Afsoon Hagh, #28393**
Hagh Law PLLC
(615) 566-0937 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

*Attorney for the Plaintiff*

5

267

## CERTIFICATE OF SERVICE

I certify that on December 3, 2021 a true and correct copy of this pleading was provided by the Court's Electronic Filing System to the following:

Tom Wiseman
Brad Dowd
Wiseman Ashworth
511 Union Street, Suite 800
Nashville, Tennessee 37219
Tom@wisemanashworth.com
Brad@wisemanashworth.com
*Attorneys for the Defendant*

James W. Price, Jr.
201 4th Avenue North, Suite 1800
Nashville, TN 37219
jprice@pricehillkolarich.com
*Attorney for Brian Cummings*

s/ AFSOON HAGH
_____
AFSOON HAGH

6

# Exhibit 6

## IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

**BRETTON KEEFER, on behalf** )
**of his deceased mother,** )
**CHESTA SHOEMAKER,** )
)
    **Plaintiff,** )
)
**vs.** )    **Docket No: 19C-358**
)    **JURY DEMAND**
**VANDERBILT UNIVERSITY** )
**MEDICAL CENTER,** )
)
    **Defendant.** )

### BRIAN CUMMINGS CORRECTED REPLY TO
### PLAINTIFF'S RESPONSE TO MOTION FOR STATUS CONFERENCE

The case in which this attorney fee issue arises was a wrongful death case of a patient at

Vanderbilt University Medical Center. Mr. Cummings initiated this case by initial contact with

the client, Brett Keefer, in April of 2017. He worked regularly as lead counsel in this matter until

his withdrawl in October of 2020. Because this case was settled in October of 2021, Mr.

Cummings was actively involved as lead counsel for forty-two (42) of the fifty-four (54) months

of the case.

Mr. Cummings performed all aspects of the intake of this matter, including receiving

initial intake information, contacting the client after the death of his mother, reviewing the

medical information pertinent to the cause of the patient's death. Mr. Cummings performed a

detailed comprehensive review of the Vanderbilt records and prepared a detailed summary letter

that became the basis of the Complaint. This letter was sent to all of the expert witnesses. Mr.

Cummings attended the pre-suit mediation as the only attorney on behalf of the Plaintiff. Mr.

Cummings prepared and filed the 550 paragraph, 65 page Complaint without help from any other

attorney. Mr. Cummings prepared the written discovery which was propounded to the Defendant and contacted and retained all the Rule 26 witnesses, including nine medical experts and an expert economist. Mr. Cummings was the only attorney involved with retaining and working with the Rule 26 witnesses prior to the Rule 26 disclosure being served and was the only attorney on the Plaintiff's side of the case making any contact with any of the Rule 26 witnesses until after he withdrew from the case. Mr. Cummings prepared the 85 page Rule 26 disclosures which were provided to the parties. Until his withdrawal in October of 2020, Mr. Cummings prepared and conducted one-half of the depositions taken. The remaining depositions were taken by Ryan Manookian, his then partner. Mr. Cummings prepared the Plaintiff and the patient's fiancé for their depositions. Mr. Cummings attended these witnesses depositions with no other counsel for the Plaintiff involved.

Because of an ethical dispute between Mr. Cummings and the Plaintiff's new counsel, Afsoon Hagh, Mr. Cummings withdrew from the case in October of 2020.

### DISCUSSION:

This Court is the proper forum to determine the disposition of the attorneys' fees in the case of *Keefer v. Vanderbilt University Medical Center*. Afsoon Hagh, one of the attorneys for the Plaintiff in the underlying case, has asserted in the Response the Motion that this Court is not the proper form to resolve the attorney fee issue and states that Mr. Cummings should have filed a separate adversary proceeding in another court.

Ms. Hagh, in her Response, relies on the case of *Schmitt v. Smith*, 118 S.W.3d 348 (Tenn. 2003), for that proposition. That case, however, does not support Ms. Hagh's argument and, in

-2-

fact, stands for the proposition that this Court is the proper forum to determine the award and division of attorneys' fees.

The *Schmitt* case was a divorce action in which the attorney seeking to enforce an attorney fee lien was the second attorney and came in after the first attorney withdrew. At the conclusion of the case, the attorney filed an attorney's lien pursuant to the statute. Although it appears that the attorney filed the lien under the wrong subsection of the statute, filing her lien under the provision for an attorney who was involved with the case from the beginning instead of the second section which involves a replacement attorney. The objection to enforce the lien was, as Plaintiff's counsel claims in this case, that the attorney should have filed a separate proceeding to enforce the lien, and second, that the attorney's lien should have incorporated into the final decree of judgment. The court quickly disposed of each of these matters holding that the lien was properly filed, and it was unnecessary to include it in the final decree and, most important for this case, that because of judicial economy, it was proper for the court which heard the underlying case to hear the issue of attorneys' fees. The court stated:

> Finally, we note that it is in the interest of judicial economy to allow the same court to hear all matters regarding the property in question. Forcing the parties to proceed in a separate action with a judge unfamiliar with the underlying facts of the (divorce) action would cause both parties to incur additional attorney's fees, costs, and litigation expenses. *Schmitt* @ p. 355

Mr. Cummings properly filed his lien on November 27, 2020, and served both Thomas Wiseman, attorney for the Defendant, and Afsoon Hagh, attorney for the Plaintiff. He also mailed a copy to the Plaintiff, Brett Keefer. Accordingly, the lien is properly filed and before this Court for disposition.

-3-

Ms. Hagh has raised a number of other issues in the Response which are not relevant to the issue of whether or not this Court has jurisdiction to dispose of the case but, if relevant at all, would be raised at the hearing on the disposition of attorneys' fees. However, in order to not let these allegations remain unanswered, Mr. Cummings would state that Ms. Hagh incorrectly argues that under the existing Attorney/Fee Agreements, Mr. Cummings was only entitled to expenses if he were to withdraw. Not only does this argument not comport with the law, it is also a misstatement of the actual agreement.

In the initial Attorney/Fee Agreement, Mr. Cummings and his firm agreed to advance costs. The paragraph stated by Ms. Hagh only acknowledges that by withdrawing from the case, the Plaintiff or attorney were not abandoning their right to be reimbursed for the costs advanced as set forth in the agreement. It does not waive the right to an attorney fee which stated in the Agreement that Plaintiff's attorneys would be entitled to one-third (1/3) of all recovery, in addition to the advanced costs. The paragraph cited by Ms. Hagh does not, in any way, negate the Plaintiff's right to attorney's fees which the Court has already approved in the minor settlement.

In Ms. Hagh's footnotes in the Response, she makes allegations which are unfounded and unsupported regarding Mr. Cummings alleged malpractice for failure to perform. Mr. Cummings has addressed his part generally in the introduction of this Response but certainly denies that malpractice and will address that fully at the final hearing this attorney fee hearing.

-4-

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Brian Cummings
Price, Hill & Kolarich
Suite 1800, 201 4th Avenue North
Nashville, TN 37219
(615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing on this the 13th day of January, 2022, to:

Afsoon Hagh
Hagh Law, PLLC
afsoon@haghlaw.com

Tom Wiseman
Brad Dowd
Wiseman Ashworth
511 Union Street, Suite 800
Nashville, TN 37219

/s    James W. Price, Jr.
James W. Price, Jr.

-5-

274

# Exhibit 7

## IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRETTON KEEFER, on behalf of his deceased mother, CHESTA SHOEMAKER**<br><br>**Plaintiff,**<br><br>v.<br><br>**VANDERBILT UNIVERSITY MEDICAL CENTER**<br><br>**Defendant.** | **NO. 19C-358**<br><br>**JURY DEMAND** |

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO BRIAN CUMMINGS' MOTION FOR STATUS CONFERENCE

Brian Cummings has filed a reply mischaracterizing the Tennessee Supreme Court's holding in *Schmitt v. Smith*. 118 S.W.3d 348 (Tenn. 2003). This brief sur-reply corrects his misstatement of the law applicable to attorney's liens.

### I.    *Schmitt v. Smith*

Mr. Cummings states that *Schmitt* stands for the proposition that an attorney's lien should be adjudicated in the underlying case. That is false. In fact, *Schmitt* repeatedly states the opposite, and only draws one narrow exception – which does not exist here – where the disputed property is under the trial court's direct control.

*Schmitt* was a divorce case in which the prior attorney asserted a lien for work

1

previously performed.  In deciding the case, the Tennessee Supreme Court began by discussing the two types of attorney's liens: charging liens and retaining liens.  A retaining lien applies in a case where the attorney is in possession of client property.  A charging lien, however, attaches to proceeds of a judgment.  The Court made clear that:

> While a charging lien serves to secure an attorney's fees, <u>it does not function as an adjudication of the rights between the lawyer and his or her client</u>.  Thus, a trial court may declare the existence of an attorney's lien in the suit out of which the dispute regarding the attorney's fee arose, but ordinarily <u>an attorney, not being a party to the proceeding, may not obtain a judgment with respect to his or her fee in that action</u>.
> *Schmitt v. Smith*, 118 S.W.3d 348, 353-54 (Tenn. 2003)

The Court then explained the narrow exception to the general rule that an attorney must initiate a separate action in order to adjudicate an attorney's lien.

> Although <u>an attorney must generally commence a separate proceeding to enforce his or her contractual right to a fee</u>, an exception has been carved out in which the trial court may exert jurisdiction where the money or property that is the subject of the lien comes within the control of the court in the case in which the services were rendered.
> *Schmitt v. Smith*, 118 S.W.3d 348, 354 (Tenn. 2003)

The Tennessee Supreme Court then went on to find that the *Schmitt* case fell within the narrow exception permitting an attorney to obtain a judgment in the

2

277

underlying action because the Court exercised direct control over the disputed property.

> We have here a divorce action in which the trial court adjudicated the distribution of the marital property owned by Schmitt and Smith. The residence that was the subject of McCrary's lien was included in the marital property ultimately divided by the trial court. As such, <u>the property upon which the lien was to be enforced, the house, was within the control of the trial court</u>.
>
> *Id.*

Thus, *Schmitt* reiterates the longstanding rule that an attorney must file a separate proceeding for adjudication of an attorney's lien in all but the narrow circumstances where the disputed property is actually held by, or controlled by, the Court.

That exception does not exist in this case. This is a post-judgment dispute as to settlement proceeds that were previously paid to the Plaintiff and which have never been deposited to the Court or come under the Court's control. This case is governed by the general rule, and, in that way is analogous to the Tennessee Court of Appeal's holding in *Starks v. Bart Durham Injury Law*.

II.  ***Starks v. Bart Durham Injury Law***

The *Starks* case involved a law firm's efforts to enforce an attorney's lien on the proceeds of a personal injury settlement. In that case, the Plaintiff had replaced

her initial lawyer after becoming dissatisfied with the law firm's efforts at securing

a settlement. After a later settlement was reached, the trial court attempted to

adjudicate the dispute as part of the underlying action. The Court of Appeals

reversed those efforts, summarizing its holding as follows:

> Ms. Starks' second argument is that… the mere establishment of the
> lien does not amount to an adjudication of the rights between her and
> the Bart Durham Law Offices.   She asserts that the attorney's lien was
> merely a charge against the settlement proceeds and that the trial court
> lacked authority to execute on the lien or to enter a judgment in the Bart
> Durham Law Offices' favor. We agree.
> *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn. Ct. App. 1999)

In reaching its conclusion, the Court of Appeals, laid out the same general rule

and narrow exception repeatedly relied upon by the appellate courts of this state for

over one hundred fifty (150) years.[1]

> After a court has declared an attorney's lien, the lawyer may then
> commence a separate proceeding in a court of competent jurisdiction to
> enforce his or her contractual right to a fee. In this separate suit, the
> issues relating to the attorney's entitlement to the fee and costs secured
> by the lien and to the attorney's professional negligence may be

---

[1] *See* Keith v. Fitzhugh, 83 Tenn. 49, 50 (1885); McCamy v. Key, 71 Tenn. 247, 250-51 (1879); Brown & Reid v. Bigley, 3 Tenn. Ch. at 626; Fain v. Inman, 53 Tenn. (6 Heisk.) 5, 12 (1871).

4

<u>litigated</u>.  <u>This separate proceeding offers the client, now in the posture</u> <u>of a defendant, an opportunity to present defenses to the attorney's</u> <u>claim for a fee,</u> including defenses that the attorney is not entitled to a fee because of professional negligence or some other basis…

*Starks v. Browning*, 20 S.W.3d 645, 652-653 (Tenn. Ct. App. 1999)

Accordingly, <u>because the settlement proceeds were never brought</u> <u>under the control of the trial court during the underlying litigation, the</u> <u>Bart Durham Law Offices should have filed a separate action against</u> <u>Ms. Starks for its fee rather than attempting to obtain it in this case</u>.

*Starks v. Browning*, 20 S.W.3d 645, 653 (Tenn. Ct. App. 1999)

The obligation to bring a separate action is not discretionary.  It functions to require the attorney to specify the "who, what, where, when, and why" of his claim, and to allow the defendant to raise defenses and counterclaims.  As the Court of Appeals in *Starks* noted:

Both retaining and charging lien rights may be waived or forfeited in a variety of ways.   They may be lost if a lawyer fails to represent his or her client's interests faithfully, honestly, and consistently or fails to discharge his or her duties with the utmost faith.   <u>Accordingly, a client</u> <u>may assert an affirmative defense or counterclaim based on</u> <u>professional negligence in response to a lawyer's action to enforce a</u> <u>charging lien</u>.

*Starks v. Browning*, 20 S.W.3d 645, 651 (Tenn. Ct. App. 1999)

5

280

The requirement that a separate proceeding be instituted is mandatory. It affords the client both notice and the opportunity to receive notice of the claims and to assert affirmative defenses and counterclaims.

### III. Conclusion

The law is clear. In all but one narrow circumstance, the rule in Tennessee (for over one hundred fifty years) requires any attorney asserting a charging lien to commence a separate action if he or she wishes to have the claim adjudicated. That circumstance does not exist here, and Mr. Cummings makes no allegation to the contrary. Rather, it is undisputed that the settlement proceeds are not in the custody of the Trial Court, nor have they ever been.

Accordingly, Mr. Cummings' request for a scheduling order should be denied simply because there is nothing to schedule. This case is over. It has been settled. If Mr. Cummings wishes to adjudicate a separate dispute over an attorney's lien, he must first file a separate proceeding. If and when he does that, a scheduling order very well may be appropriate.

6

Respectfully submitted,

s/ AFSOON HAGH

_____

**Afsoon Hagh, #28393**
Hagh Law PLLC
(615) 566-0937 (phone)
(615) 266-3655 (fax)
afsoon@haghlaw.com

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on January 13, 2021 a true and correct copy of this pleading was
provided by the Court's Electronic Filing System to the following:

Tom Wiseman
Brad Dowd
Wiseman Ashworth
511 Union Street, Suite 800
Nashville, Tennessee 37219
Tom@wisemanashworth.com
Brad@wisemanashworth.com
*Attorneys for the Defendant*

James W. Price, Jr.
201 4th Avenue North, Suite 1800
Nashville, TN 37219
jprice@pricehillkolarich.com
*Attorney for Brian Cummings*

s/ AFSOON HAGH

_____

AFSOON HAGH

7

# Exhibit 8

IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

BRETTON KEEFER, as surviving adult )
son and next-of-kin of his deceased )
Mother, CHESTA SHOEMAKER, )
                         )
      Plaintiff, )
                         )
VS.                    )      No. 19C358
                         )
VANDERBILT UNIVERSITY MEDICAL )
CENTER, )
                         )
      Defendant. )

## COURT'S ORDER ALTERING AND AMENDING THIS COURT'S ORDER OF DECEMBER 16, 2021

This cause came on to be heard on the 14th day of January, 2022, on motion by counsel for

Attorney Brian Cummings for this Court to conduct a status conference regarding a hearing on

Attorney Brian Cummings' request for attorney fees. Counsel for the named Plaintiffs in this case

filed a response in opposition to this Motion.

On December 16, 2021, an Amended Order of Dismissal With Prejudice was signed and

entered for this case.

T.C.A. Section 23-2-102 states as follows:

    "Attorneys and solicitors of record who begin a suit shall have a lien upon

    the plaintiff's or complainant's right of action from the date of the filing of

    the suit."

The case of _Joan C. Schmitt v. James Charles Smith_, 118 S.W.3d 353, 354 (2003) states as

follows:

    "Thus, '[a] trial court may declare the existence of an attorney's lien in the suit

    out of which the dispute regarding the attorney's fee arose, but ordinarily an

1

attorney, not being a party to the proceeding, may not obtain a judgment with respect to his or her fee in that action.' (internal citations omitted)

Although an attorney must generally commence a separate proceeding to enforce his or her contractual right to a fee, an exception has been carved out in which the trial court may exert jurisdiction where the money or property that is the subject of the lien 'comes within the control of the court in the case in which the services were rendered.' *Starks v. Browning*, 20 S.W.3d 645, 653 (Tenn.Ct.App.1999)"

This healthcare liability case was compromised and settled prior to the trial date, and since this Court never had control of the money which is the subject of the claimed lien by Attorney Brian Cummings, the above-stated exception does not apply.

The Court finds that this Court's Order of December 16, 2021 should be altered and amended as per TRCP 59.04 to provide that as per T.C.A. Section 23-2-102, since Attorney Brian Cummings was one of the attorneys of record for the Plaintiff who began this lawsuit, the Court declares the potential existence of an attorney's lien. The existence of an attorney's lien in behalf of Attorney Brian Cummings in this case is contested, and that issue must be determined by a separate proceeding.

"Once the Court has declared an attorney's lien, the lawyer may then commence a **separate proceeding** in a court of competent jurisdiction to enforce his or her contractual right to a fee". *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn.Ct.App.1999) (emphasis added)

IT IS SO ORDERED.

JUDGE JOE P. BINKLEY, JR.

2

285

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been mailed, postage prepaid, to:

Thomas A. Wiseman, Esq.
Bradley M. Dowd, Esq.
WISEMAN ASHWORTH LAW GROUP, PLC
511 Union Street, Suite 800
Nashville, TN 37219

Afsoon Hagh, Esq.
HAGH LAW, PLC
47 Music Square West
Nashville, TN 37203

John Edwards, Esq.
William B. Bystrynski, Esq.
Edwards Kirby, LLP
3201 Glenwood Ave., Suite 100
Raleigh, NC  27612

James W. Price, Jr.,
201 4th Avenue, North, Suite 1800
Nashville, TN 37219

on this the _18th_ day of January, 2022.

_____
Deputy Clerk

3

# Exhibit 9

## IN THE GENERAL SESSIONS COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **SHAROK SHAHGOLI,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 22GC8438** |
| **v.** | ) | |
| | ) | |
| **CARCAS AGNOLY-MOTIEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE

The Plaintiff, having given notice of Voluntary Dismissal pursuant to Rule 41.01(1) of the Tennessee Rules of Civil Procedure, it is,

ORDERED, that this action is hereby dismissed *with prejudice*. Costs shall be taxed to the Plaintiff, in care of Hagh Law, PLLC, at the address below.

_____
**JUDGE**

APPROVED FOR ENTRY BY:

**Afsoon Hagh, No. 28393**
Hagh Law PLLC
226 Pelham Drive
Brentwood, Tennessee 37027
afsoon@haghlaw.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 21, 2022 a true and correct copy of this document was provided by electronic mail to:

Ms. Jacquelyn Hughes
The General
6000 American Parkway
Madison, WI 53783-0001
Phone: 800-280-1466  ext 4259
Fax: (800) 544-9021
jhughes@thegeneral.com
claims@thegeneral.com

**Afsoon Hagh**

EFILED  09/22/22 08:28 AM  CASE NO. 22GC8438  Joseph P. Day, Clerk



**Case Title:**      SHAROK SHAHGOLI V CARCAS AGNOLY-MOTIEL

**Case Number:**   22GC8438

**Type:**            CIVIL WARRANT JUDGMENT (NON-GENERATED)

The foregoing is hereby ORDERED,
ADJUDGED, AND DECREED:

Judge Sam Coleman, Division X - General
Sessions

Electronically signed on 09/22/2022 08:28 AM     page 3 of 3

# Exhibit 10

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **THOMAS LINTHICUM and** )<br>**DIANA SANABRIA,** )<br> )<br>  **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**BATTLE OF FRANKLIN TRUST, INC.** )<br>**d/b/a CARNTON PLANTATION d/b/a** )<br>**CARNTON HOUSE d/b/a CARNTON,** )<br>**BRIGHT EVENT PRODUCTIONS, INC.,** )<br> )<br>  **Defendants.** ) | **NO.** _____<br><br>**JURY DEMAND** |

---

## COMPLAINT

---

The Plaintiffs respectfully state to the Court and Jury the following:

### PARTIES, VENUE, AND JURISDICTION

1. The Plaintiffs, Thomas Linthicum and Diana Sanabria, are citizens and residents of Davidson County, Tennessee.

2. The Defendant, Battle of Franklin Trust, Inc., ("BOFT") is a 501(c)(3) organization registered in the State of Tennessee with its principal office located at 1345 Eastern Flank Circle, Franklin, Tennessee 37064.  BOFT does business, alternatively, as "Carnton," "Carnton House," and "Carnton Plantation." Throughout 2019 and 2020, BOFT solicited business in Davidson County, Tennessee and from residents of Davidson County, Tennessee.  BOFT may be

1

served with process at 1345 Eastern Flank Circle, Franklin, Tennessee 37064.

3.    The Defendant, Bright Event Productions, Inc, ("Bright Event") is a Tennessee Corporation with its principal office located in Davidson County, Tennessee at 500 Brick Church Park Drive, Nashville, Tennessee 37207.  It may be served at that address through its registered agent Charles Clinton Pilkinton.

4.    Venue is proper in Davidson County Circuit Court pursuant to Tenn. Code Ann. § 20-4-104(2).

5.    This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

## STATEMENT OF FACTS

6.    Carnton or Carnton Plantation is a historic property consisting of an Antibellum-era mansion and its surrounding grounds located at 1345 Eastern Flank Circle in Franklin, Tennessee.

7.    At all times relevant to this lawsuit, and from 2019 through 2021, Defendant BOFT operated Carnton Plantation.  BOFT utilized Carnton to host paid events, including weddings and wedding receptions, in order to generate revenue for the use and enrichment of BOFT.

8.    From 2019 through 2021, BOFT held itself and Carnton out to the public as a premier wedding and wedding reception host and venue, including by advertising itself as such throughout Middle Tennessee.

9.    Defendant Bright Event Productions is a for-profit business operating

2

in Davidson County providing lighting, sound, electricity, and production for events. From 2019 through 2021, Bright Event Productions was the exclusive vendor for lighting, sound, and electricity for weddings and wedding receptions taking place at Carnton Plantation.  During that time period, couples who contracted to have their wedding take place at Carnton were required by BOFT to use Bright Event Productions for lighting, sound, and electricity.

10.     Plaintiffs Thomas Linthicum and Diana Sanabria became engaged in May 2019.  In September of 2019, the Plaintiffs entered into an agreement with BOFT to host their outdoor evening wedding and outdoor night wedding reception at Carnton. *See*, **Exhibit 1.**

11.     As part of the agreement, BOFT required that generator and electric power services be obtained and provided by Bright Event Productions.  BOFT warranted to Plaintiffs that Bright Event Productions could and would provide suitable generator and electricity services to power the lighting, sound, heat, and electricity necessary to conduct the wedding and wedding reception.

12.     On October 16, 2021, Plaintiffs held their wedding and wedding reception at Carnton for 163 guests, including 87 guests from out-of-town.  Per BOFT's requirements and the Parties' Agreement, Bright Event Productions was to provide a generator or generators capable of providing sufficient power to operate the lighting, heat, and sound for the outdoor reception.

3

13.    Bright Event Productions instead provided a substandard generator that was entirely incapable of providing even the minimum power necessary to service the wedding reception.

14.    The event progressed into disaster as the night outdoor reception failed to receive adequate power, electricity, or heat.  Temperatures dropped into the low 50's inside the tent-space forcing many guests to leave.  The lighting went out.  The band was required to perform large portions of its set without electricity and in a darkened space to the remaining guests.

15.    As the disaster unfolded, BOFT and Bright Events refused to rectify the situation by providing a suitable generator, and further attempted to conceal their malfeasance by repeatedly and fraudulently representing that one or more food trucks at the venue was causing the loss in power.  When advised that the food trucks were powered by their own separate generators, Defendants continued to refuse to address the situation, resulting in the wedding reception effectively ending with the mass departure of guests who could not tolerate the cold venue, which lacked suitable light or even the ability to provide the paid-for entertainment.

16.    The Plaintiffs' wedding and reception were ruined as a result of Defendants' conduct.  Because of Defendants' actions as well as the fundamental nature of a wedding, the years of planning required, and the logistics involved in gathering the families and guests from around the country, Plaintiffs are forever

4

deprived of enjoying or experiencing the momentous event that should have been one of the pinnacles and happiest moments of their lives.  Their wedding day, and memories of the same, have been irretrievably spoiled.

## COUNT ONE: BREACH OF CONTRACT
### (ALL DEFENDANTS)

17.    The Defendants contracted and agreed to provide Plaintiffs with sufficient electrical, sound, and lighting services to power Plaintiffs' wedding reception through the provision of a suitable generator.

18.    Defendants' agreement was material and fundamental to Plaintiffs' ability to hold their wedding reception.

19.    Defendants breached their agreement by failing to provide Plaintiffs with sufficient electrical, sound, and lighting services to power Plaintiffs' wedding reception through the provision of a suitable generator.

20.    Defendants' breach caused damages, monetary and otherwise, to Plaintiffs.

## COUNT TWO: VIOLATIONS OF
## TENNESSEE CONSUMER PROTECTION ACT
### (ALL DEFENDANTS)

21.    Defendants' acts and conduct in passing off Bright Events' services and generators as suitable for providing electricity, sound, and lighting for Plaintiffs' outdoor, night wedding reception were unfair and deceptive under the Tennessee Consumer Protection Act of 1977.

22.    Specifically, Defendants represented that the generators and services had qualities and characteristics as well uses and benefits, that they did not have. Namely, Defendants represented that Bright Events services and generators were suitable and sufficient for providing power to Plaintiffs' wedding reception.

23.    Defendants additionally represented that Bright Events' services and generators were or a particular standard, quality, and grade which was suitable and capable of powering Plaintiffs' event, when those services and generators were not.

24.    Plaintiffs suffered a loss of money and things of value as a result of Defendants unfair and deceptive acts.

## COUNT THREE: AGENCY
## (BRIGHT EVENTS AS THE AGENT OF BOFT)

25.    At all times relevant to the facts alleged in this Complaint, Bright Events was the actual and apparent agent of BOFT.

26.    BOFT held out Bright Events as its exclusive provider of lighting, electricity, and sound services for events at Carnton.  BOFT further required that Plaintiff utilize the services of Bright Events.

27.    BOFT had the authority, and exercised the authority, to control them means and manner in which Bright Events provided services to the Plaintiffs while on the premises of Carnton, including in providing lighting, electricity, and sound to Plaintiffs' wedding reception.

6

EFILED  10/16/22 04:08 PM  CASE NO. 22C2093  Joseph P. Day, Clerk

## COUNT FOUR: MISREPRESENTATION
## AND BREACH OF WARRANTIES
## (ALL DEFENDANTS)

28.    Defendants represented that the services and generators provided by Bright Events were of a quality and character sufficient to suitably power the Plaintiff's wedding receptions.

29.    Defendants further warranted that the generator and services provided by Bright Events as expressly required by BOFT's agreement with Plaintiff were fit for the particular purpose of providing electricity, sound, and lighting to an outdoor, night wedding reception of 150 to 200 guests.

30.    The Defendants' representation was not merely opinion but was made to the Plaintiffs who were expected to use Defendants' services and generators.

31.    The Defendants' representations were not true.

32.    The Plaintiffs justifiably relied upon the representations of the Defendants and were not aware that the representations were false.

33.    The Plaintiffs' reliance of Defendants' representations was a substantial factor in causing Plaintiffs' damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1.    That proper process issue and be served upon the Defendants and

the Defendants be required to appear and answer this Complaint

7

within the time required by law;

2. That the Plaintiff be awarded fair and reasonable compensatory damages not to exceed $250,000;

3. That the Plaintiffs be awarded treble damages under the Tennessee Consumer Protection Act;

4. That the Plaintiffs be awarded punitive damages to punish Defendants and deter future similar wrongful conduct;

5. That the Plaintiffs be awarded the costs of trying this action, including their attorney's fees;

6. That this action be heard by a jury;

7. That costs of this action be taxed to the Defendants;

8. That prejudgment interest be awarded to the Plaintiffs for economic damages;

9. That the Plaintiffs be awarded all and any such other and further relief as the Court deems proper; and,

10. That Plaintiffs' right to amend this Complaint to conform to the evidence be reserved.