# U.S. Bankruptcy Court
## MIDDLE DISTRICT OF TENNESSEE (Nashville)
### Adversary Proceeding #: 3:20–ap–90002

*Assigned to:* Charles M Walker
*Lead BK Case:* 19–07235
*Lead BK Title:* CUMMINGS MANOOKIAN, PLLC
*Lead BK Chapter:* 7
*Demand:* $1350000
    *Nature[s] of Suit:*

*Date Filed:* 01/08/20

    13 Recovery of money/property – 548 fraudulent transfer
    11 Recovery of money/property – 542 turnover of property
    14 Recovery of money/property – other
    91 Declaratory judgment
    72 Injunctive relief – other

*Plaintiff*
————————————————

**Jeanne Ann Burton**
95 White Bridge Road, Ste 512
Nashville, TN 37205

represented by **RONALD G STEEN, JR**
Thompson Burton PLLC
6100 Tower Circle
Suite 200
Franklin, TN 37067
615–465–6010
Fax : 615–807–3048
Email: ronn.steen@thompsonburton.com

**PHILLIP G YOUNG**
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067
615–465–6008
Fax : 931–381–0058
Email: phillip@thompsonburton.com

V.

*Defendant*
————————————————

**Hagh Law PLLC**
c/o Afsoon Hagh, Managing Member
45 Music Square W
Nashville, TN 37203

represented by **CRAIG VERNON GABBERT, JR**
BASS, BERRY & SIMS PLC
150 THIRD AVENUE SOUTH
SUITE 2800
NASHVILLE, TN 37201
615–742–6277
Fax : 615–742–0465
Email: cgabbert@bassberry.com

**GLENN BENTON ROSE**
BASS, BERRY & SIMS PLC
150 THIRD AVENUE SOUTH

SUITE 2800
NASHVILLE, TN 37201
615–742–6273
Fax : 615–742–0464
Email: grose@bassberry.com

**JOHN T. SPRAGENS**
SPRAGENS LAW PLC
311 22ND AVE N
NASHVILLE, TN 37203
615–983–8900
Fax : 615–682–8533
Email: JOHN@SPRAGENSLAW.COM

*Defendant*
————————————————

**Afsoon Hagh**                              represented by **CRAIG VERNON GABBERT, JR**
45 Music Square W                                          (See above for address)
Nashville, TN 37203

**GLENN BENTON ROSE**
(See above for address)

**JOHN T. SPRAGENS**
(See above for address)

*Defendant*
————————————————

**Manookian PLLC**                           represented by **JOHN T. SPRAGENS**
c/o Brian Manookian, Managing Member                       (See above for address)
45 Music Square W
Nashville, TN 37203

*Defendant*
————————————————

**First–Citizens Bank and Trust Company**    represented by **First–Citizens Bank and Trust**
ATTN Frank B. Holding, Jr., CEO                             **Company**
4300 Six Forks Road                                         PRO SE
#FCC22
Raleigh, NC 27609
*TERMINATED: 01/29/2020*

| Filing Date | # | Docket Text |
|---|---|---|
| 01/08/2020 | 1 | Adversary case 3:20–ap–90002.  Complaint by Jeanne Ann Burton against Hagh Law PLL... Bank and Trust Company. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred... AP Cover Sheet) Nature of Suit: (13 (Recovery of money/property – 548 fraudulent transfe... of property)) (YOUNG, PHILLIP) (Entered: 01/08/2020) |
| 01/08/2020 | 2 | *Expedited* Motion for *Turnover*. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # ... G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M ... 1/8/20. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: ... |
| 01/08/2020 | 3 | Expedited Submitted Order *Scheduling Hearing on Motion for Turnover* Filed on the behal... document(s)2). (YOUNG, PHILLIP) (Entered: 01/08/2020) |
| 01/09/2020 | 4 | |

| | | | |
|---|---|---|---|
| | | | Order Setting Expedited Hearing *on Plaintiff's Motion for Turnover of Funds. The Deadlin...* *4:00pm* (RE: Related Doc#: 2). Hearing scheduled 1/15/2020 at 01:30 PM at Courtroom 2, Nashville, TN 37203. Signed on 1/9/2020. (anm) (Entered: 01/09/2020) |
| 01/11/2020 | | 5 | BNC Certificate of Notice. (RE: related document(s)4 Order Setting Expedited Hearing) No... 01/11/2020) |
| 01/13/2020 | | 6 | Exhibit and Witness List Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related d... 01/13/2020) |
| 01/14/2020 | | 7 | Objection to *Plaintiff's Expedited Motion for Turnover of Funds.* (Attachments: # 1 Exhibit behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)2). (SPRAG... |
| 01/14/2020 | | 8 | Notice *of Filing Amended Certificate of Service and Counsel Signature Block* Filed on the ... PLLC (RE: related document(s)7). (SPRAGENS, JOHN) (Entered: 01/14/2020) |
| 01/14/2020 | | 9 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of... (SPRAGENS, JOHN) (Entered: 01/14/2020) |
| 01/14/2020 | | 10 | *Plaintiff's* Reply to *Objection of Hagh Law PLLC and Afsoon Hagh.* Filed on the behalf of: document(s)2, 7). (YOUNG, PHILLIP) (Entered: 01/14/2020) |
| 01/14/2020 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeann... (YOUNG, PHILLIP) (Entered: 01/14/2020) |
| 01/15/2020 | | 11 | Motion for *Order Striking Plaintiff's Reply Brief.* (Attachments: # 1 Proposed Order)Certifi... behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. (SPRAGENS, JOHN) (Entered: 01/... |
| 01/15/2020 | | 12 | Summons Issued to Plaintiff for Service on First–Citizens Bank and Trust Company of AT... Hagh Law PLLC of c/o Afsoon Hagh, Managing Member ; Manookian PLLC of c/o Brian ... **Conference is scheduled for 3/10/2020 at 09:15 AM in Courtroom 2, 2nd Floor Custom... Case judge is Charles M Walker.** (RE: related documents 1 Complaint). (lel) (Entered: 0... |
| 01/16/2020 | | 13 | Witness and Exhibit List from trial or Hearing *from Hearing Held 1/15/20* (RE: related doc... (Entered: 01/16/2020) |
| 01/16/2020 | | 14 | Expedited Submitted Order *On Plaintiff's Motion for Turnover of Funds* Filed on the behal... document(s)2). (YOUNG, PHILLIP) (Entered: 01/16/2020) |
| 01/16/2020 | | 15 | *Order on Plaintiff's Expedited Motion for Turnover of Funds and* Order Scheduling Hearin... *submitted order has been modified by the Court)* (RE: Related Doc#: 2, 7, 10, 11). Hearing ... 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. Signed on 1/16/2020. (sd... (tca). (Entered: 01/16/2020) |
| 01/18/2020 | | 16 | BNC Certificate of Notice. (RE: related document(s)15 Order Scheduling Hearing) Notice ... |
| 01/21/2020 | | 17 | Receipt of Registry Funds – $715000.00 by PM. Receipt Number 623768. (admin) (Entere... |
| 01/22/2020 | | 18 | Request for Transcript. Fee Amount is $31.00. *Request for Transcript of January 15, 2020* ... Hagh, Hagh Law PLLC. (SPRAGENS, JOHN) (Entered: 01/22/2020) |
| 01/22/2020 | | 19 | Receipt of Request for Transcript(3:20−ap−90002) [misc,tsreq] ( 31.00). Receipt number 1... Treasury) (Entered: 01/22/2020) |
| 01/25/2020 | | 21 | Certificate of Service mailed on 1/17/20 *Return on Summons Hagh Law* Filed on the behal... PHILLIP) (Entered: 01/25/2020) |

| 01/25/2020 | | 22 | Certificate of Service mailed on 1/17/20 *Return on Summons Afsoon Hagh* Filed on the beh PHILLIP) (Entered: 01/25/2020) |
|---|---|---|---|
| 01/25/2020 | | 23 | Certificate of Service mailed on 1/17/20 *Return on Summons Manookian PLLC* Filed on th PHILLIP) (Entered: 01/25/2020) |
| 01/25/2020 | | 24 | Certificate of Service mailed on 1/17/20 *Return on Summons First–Citizens* Filed on the be PHILLIP) (Entered: 01/25/2020) |
| 01/28/2020 | | 25 | Notice of Voluntary Dismissal of Party in Adversary Proceeding. *(First–Citizens Bank & T* Jeanne Ann Burton (RE: related document(s)1). (YOUNG, PHILLIP) (Entered: 01/28/2020 |
| 01/30/2020 | | 26 | ORDER by Judge *Walker* : With regard to docket entry # 11, *The motion located at Dkt. #1* *at Dkt. #15.* (RE: related document(s) 11) (lel) (Entered: 01/30/2020) |
| 01/31/2020 | | 27 | Certificate of Mailing for Order (RE: related document(s) 26 Docket Order) (Intake1) (Ente |
| 01/31/2020 | | 28 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of (GABBERT, CRAIG) (Entered: 01/31/2020) |
| 02/03/2020 | | 29 | *Plaintiff's* Exhibit and Witness List *for February 5, 2020 Hearing* Filed on the behalf of: Pl (Entered: 02/03/2020) |
| 02/04/2020 | | 30 | Notice of Appearance and Request for Service pursuant to Rule 2002 Filed on the behalf of (ROSE, GLENN) (Entered: 02/04/2020) |
| 02/06/2020 | | 31 | Submitted Order *on Plaintiff's Expedited Motion for Turnover of Funds* Filed on the behalf document(s)2). (YOUNG, PHILLIP) (Entered: 02/06/2020) |
| 02/13/2020 | | 32 | Order Resolving Turnover of Property. Re: *Plaintiff's Expedited Motion for Turnover of Fu* on 2/13/2020. (anm) (Entered: 02/13/2020) |
| 02/15/2020 | | 33 | BNC Certificate of Notice. (RE: related document(s)32 Order on Turnover of Property – B (Entered: 02/15/2020) |
| 02/24/2020 | | 34 | Motion Requesting Entry of Default from Clerk in Adversary Proceeding. Certificate of Se Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 02/24/2020) |
| 02/24/2020 | | 35 | Submitted Entry of Default for entry by the Clerk Filed on the behalf of: Plaintiff Jeanne A PHILLIP) (Entered: 02/24/2020) |
| 02/24/2020 | | 36 | ENTRY of Default by U.S. Bankruptcy Court Clerk *Against HAGH LAW PLLC, AFSOON* documents 34 Motion Requesting Entry of Default from Clerk – AP Motion). (Intake4) (En |
| 03/02/2020 | | 37 | Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann Burton |
| 03/02/2020 | | 38 | Submitted Order *Granting Motion to Continue Pretrial Conference* Filed on the behalf of: document(s)37). (YOUNG, PHILLIP) (Entered: 03/02/2020) |
| 03/04/2020 | | 39 | Order Granting *Plaintiff's* Motion to Continue Pre–Trial Conference (RE: Ref Doc #37), B **Conference is scheduled for 3/24/2020 at 09:15 AM in Courtroom 2, 2nd Floor Custom** **Case judge is Charles M Walker.** (anm) (Entered: 03/04/2020) |
| 03/04/2020 | | 40 | Certificate of Mailing for Order (RE: related document(s)39 Order to Continue Pre–Trial C |
| 03/06/2020 | | 41 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Notice. (RE: related document(s)<u>39</u> Order to Continue Pre–Trial Confe<br>03/06/2020) |
| 03/16/2020 | | <u>42</u> | Answer to Complaint Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. ( |
| 03/16/2020 | | <u>43</u> | Answer to Complaint Filed on the behalf of: Defendant Manookian PLLC. (SPRAGENS, J |
| 03/17/2020 | | <u>44</u> | Notice *of Withdrawal of Entry of Default* Filed on the behalf of: Plaintiff Jeanne Ann Burto<br>PHILLIP) (Entered: 03/17/2020) |
| 03/18/2020 | | <u>45</u> | Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann Burton |
| 03/18/2020 | | <u>46</u> | Submitted Order *Granting Motion to Continue Pretrial Conference* Filed on the behalf of: I<br>document(s)<u>45</u>). (YOUNG, PHILLIP) (Entered: 03/18/2020) |
| 03/20/2020 | | <u>47</u> | Order Granting *Plaintiff's* Motion to Continue Pre–Trial Conference (RE: Ref Doc #<u>45</u>), B'<br>**Conference is scheduled for 4/21/2020 at 01:00 PM in Courtroom 2, 2nd Floor Custom**<br>**Case judge is Charles M Walker.** (anm) (Entered: 03/20/2020) |
| 03/22/2020 | | <u>48</u> | BNC Certificate of Notice. (RE: related document(s)<u>47</u> Order to Continue Pre–Trial Confe<br>03/22/2020) |
| 04/14/2020 | | <u>49</u> | *Third* Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann I |
| 04/14/2020 | | <u>50</u> | Submitted Order *Granting Motion to Continue Pretrial Conference* Filed on the behalf of: I<br>document(s)<u>49</u>). (YOUNG, PHILLIP) (Entered: 04/14/2020) |
| 04/15/2020 | | <u>51</u> | Order Granting *Plaintiff's* Motion to Continue Pre–Trial Conference . *Hearing will take pla*<br>*Access Code 7250422) pursuant to Judge Walker's CH7 & 11 Tuesday Docket Procedures*<br>*website at:*<br>*http://www.tnmb.uscourts.gov/coronavirus–disease–covid–19–information–relating–cou*<br>(RE: Ref Doc #<u>49</u>), BY THE COURT: Judge Charles M. Walker **Pretrial Conference is s**<br>**Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. Case ju**<br>04/15/2020) |
| 04/17/2020 | | <u>52</u> | BNC Certificate of Notice. (RE: related document(s)<u>51</u> Order to Continue Pre–Trial Confe<br>04/17/2020) |
| 05/15/2020 | | <u>53</u> | *Fourth* Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann<br>05/15/2020) |
| 05/15/2020 | | <u>54</u> | Submitted Order *Granting Motion to Continue Pretrial Conference* Filed on the behalf of: I<br>document(s)<u>53</u>). (YOUNG, PHILLIP) (Entered: 05/15/2020) |
| 05/18/2020 | | <u>55</u> | Order Granting *Plaintiff's* Motion to Continue Pre–Trial Conference (RE: Ref Doc #<u>53</u>), B'<br>**Conference is scheduled for 6/30/2020 at 10:15 AM in Courtroom 2, 2nd Floor Custom**<br>**Case judge is Charles M Walker.** (anm) (Entered: 05/18/2020) |
| 05/20/2020 | | <u>56</u> | BNC Certificate of Notice. (RE: related document(s)<u>55</u> Order to Continue Pre–Trial Confe<br>05/20/2020) |
| 06/29/2020 | | <u>57</u> | Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann Burton |
| 06/29/2020 | | <u>58</u> | Expedited Submitted Order *Granting Motion to Continue Pretrial Conference* Filed on the<br>document(s)<u>57</u>). (YOUNG, PHILLIP) (Entered: 06/29/2020) |

| | | | | |
|---|---|---|---|---|
| 06/29/2020 | | 59 | Order Granting *Plaintiff's* Motion to Continue Pre–Trial Conference . *Hearing Shall be He* 888–363–4749, Access Code 7250422#) (RE: Ref Doc #57), BY THE COURT: Judge Cha **for 8/18/2020 at 10:15 AM in Courtroom 2, 2nd Floor Customs House, 701 Broadway,** Walker. (anm) (Entered: 06/29/2020) |
| 07/01/2020 | | 60 | BNC Certificate of Notice. (RE: related document(s)59 Order to Continue Pre–Trial Confe 07/01/2020) |
| 08/17/2020 | | 61 | *Joint* Pretrial Statement Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHI |
| 08/17/2020 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeann (YOUNG, PHILLIP) (Entered: 08/17/2020) |
| 08/18/2020 | | 62 | Submitted Order *Continuing Pretrial Conference* Filed on the behalf of: Plaintiff Jeanne A 08/18/2020) |
| 08/19/2020 | | 63 | Order To Continue Pretrial Conference – (RE: Related Doc#: 59). **Pretrial Conference is s Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203. Case ju** (anm) (Entered: 08/19/2020) |
| 08/20/2020 | | 64 | Clerk's Remark – The related document has the following defect(s): – The Notice located a extinguish the Default entered by the Clerk of Court. Such action can only be effectuated b Notice *of Withdrawal of Entry of Default* Filed on the behalf of: Plaintiff Jeanne Ann Burto 08/20/2020) |
| 08/21/2020 | | 65 | BNC Certificate of Notice. (RE: related document(s)63 Order to Continue Pretrial Confere 08/21/2020) |
| 01/12/2021 | | 66 | Order Continuing Hearing Re: (related document(s): 59 Order to Continue Pre–Trial Confe **Hearing has been rescheduled for 04/13/2021 at 10:15 AM Telephonically. The call–in 7250422# for Judge Walker.** (lel) (Entered: 01/12/2021) |
| 02/24/2021 | | 67 | Order Continuing Hearing Re: (related document(s): 59 Order to Continue Pre–Trial Confe **Hearing has been rescheduled for 04/16/2021 at 11:00 AM Telephonically. The call–in 7250422# for Judge Walker.** (lel) (Entered: 02/24/2021) |
| 03/03/2021 | | 68 | Motion for *Stay of All Discovery*. (Attachments: # 1 Exhibit A)Certificate of Service maile Ann Burton. (YOUNG, PHILLIP) (Entered: 03/03/2021) |
| 03/05/2021 | | 69 | Notice of Hearing on Motion – AP Motion. *Motion for Stay of All Discovery. RESPONSE* **11:00 AM Telephonically. The call–in number is 1–888–363–4749; Access Code is 725** 68 Motion – AP Motion). (lel) (Entered: 03/05/2021) |
| 03/07/2021 | | 70 | BNC Certificate of Notice. (RE: related document(s)69 Notice of Hearing) Notice Date 03/ |
| 03/28/2021 | | 71 | *Adversary Proceeding Defendants'* Response to *Trustee's Motion to Stay*. Filed on the beha Manookian PLLC (RE: related document(s)68). (SPRAGENS, JOHN) (Entered: 03/28/202 |
| 04/07/2021 | | 72 | Submitted Order *Granting Motion to Stay Discovery and Continuing Pretrial Conference* F (RE: related document(s)68). (YOUNG, PHILLIP) (Entered: 04/07/2021) |
| 04/08/2021 | | 73 | *Order Granting Plaintiff's Motion to Stay Discovery and* Order Scheduling Hearing *to Con Matter and Continuing Pretrial Conference.* (RE: Related Doc#: 68, 71). **Hearing schedul call–in number is 1–888–363–4749; Access Code is 7250422# for Judge Walker.** Signe |
| 04/08/2021 | | 74 | Pretrial Conference Set – (Order Scheduling Hearing) **Pretrial Conference is scheduled fo call–in number is 1–888–363–4749; Access Code is 7250422# for Judge Walker.** Case |

| | | | |
|---|---|---|---|
| | | | document(s)73 Order Scheduling Hearing) (anm) (Entered: 04/08/2021) |
| 04/10/2021 | | 75 | BNC Certificate of Notice. (RE: related document(s)73 Order Scheduling Hearing) Notice |
| 04/10/2021 | | 76 | BNC Certificate of Notice. (RE: related document(s)74 Pretrial Conference Set (Bk Motion 04/10/2021) |
| 05/26/2021 | | 77 | Order Continuing Hearing Re: (related document(s): 73 Order Scheduling Hearing) **Hearing AM Telephonically. The call–in number is 1–888–363–4749; Access Code is 7250422#** |
| 05/26/2021 | | 78 | Order Continuing Hearing Re: (related document(s): 74 Pretrial Conference Set (Bk Motion **at 11:00 AM Telephonically. The call–in number is 1–888–363–4749; Access Code is 7** 05/26/2021) |
| 05/26/2021 | | 79 | Submitted Order *Further Staying Discovery and Continuing Pretrial Conference* Filed on t (YOUNG, PHILLIP) (Entered: 05/26/2021) |
| 05/27/2021 | | 80 | Order *Further Staying Discovery and Continuing Pretrial Conference*. (RE: Related Doc#: 05/27/2021) |
| 07/20/2021 | | 81 | *Emergency* Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne 07/20/2021) |
| 07/20/2021 | | 82 | Expedited Submitted Agreed Order *Continuing Pretrial Conference* Filed on the behalf of: document(s)81). (YOUNG, PHILLIP) (Entered: 07/20/2021) |
| 07/20/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeann (YOUNG, PHILLIP) (Entered: 07/20/2021) |
| 07/20/2021 | | 83 | *Agreed* Order Granting *Trustee/Plaintiff's Emergency* Motion to Continue Pre–Trial Confe THE COURT: Judge Charles M. Walker. **Pretrial Conference is scheduled for 8/11/2021 number is 1–888–363–4749; Access Code is 7250422# for Judge Walker.** Case judge is |
| 08/05/2021 | | 84 | Motion to Continue Pretrial Conference Filed on the behalf of: Plaintiff Jeanne Ann Burton |
| 08/05/2021 | | 85 | Submitted Agreed Order *Continuing Pretrial Conference* Filed on the behalf of: Plaintiff Je (YOUNG, PHILLIP) (Entered: 08/05/2021) |
| 08/09/2021 | | 86 | *Agreed* Order Granting *Trustee/Plaintiff's* Motion to Continue Pre–Trial Conference (RE: I Walker. **Pretrial Conference is scheduled for 9/17/2021 at 11:00 AM; via Zoom video f www.tnmb.uscourts.gov.** Case judge is Charles M Walker. (anm) (Entered: 08/09/2021) |
| 08/11/2021 | | 87 | BNC Certificate of Notice. (RE: related document(s)86 Order to Continue Pre–Trial Confe 08/11/2021) |
| 09/17/2021 | | 88 | Order Continuing Hearing Re: (related document(s): 86 Order to Continue Pre–Trial Confe **09/29/2021 at 01:00 PM; via Zoom video for Nashville; For details please see www.tnn** |
| 10/14/2021 | | 89 | Motion for *Scheduling Pretrial Conference or to Enter Pretrial Order*. (Attachments: # 1 E Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 10/14/2021) |
| 10/18/2021 | | 90 | Order Setting Expedited Hearing *on Plaintiff's Motion to Set Hearing on Pretrial Conferen* **10/20/2021 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnn** *https://www.zoomgov.com/j/16086357633. The Meeting ID is 160 8635 7633. The Audioco 833–568–8864.* Signed on 10/18/2021. (rww) (Entered: 10/18/2021) |

| | | | |
|---|---|---|---|
| 10/19/2021 | | 91 | Response to *Trustee's Motion for Scheduling Conference or to Enter Pretrial Order*. Filed related document(s)89). (SPRAGENS, JOHN) (Entered: 10/19/2021) |
| 10/19/2021 | | | Email Judge Charles M. Walker of Late Filed Matter. *Response to Trustee's Motion for Sch Order* Filed on the behalf of: Defendant Manookian PLLC (RE: related document(s)91). (S |
| 10/20/2021 | | 92 | Submitted Order *Pretrial Order* Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOU |
| 10/29/2021 | | 93 | *Pretrial Order and* Order Setting Pretrial Conference – *Dispositive Motions Shall Be Filed Shall be Filed by 7/8/2022. Reply Briefs Addressing Only New Matters Set Forth in Respon* Doc#: 89, 91). **Pretrial Conference is scheduled for 2/2/2022 at 11:00 AM; via Zoom vi www.tnmb.uscourts.gov.** *Judge Walker's Zoom Link is https://www.zoomgov.com/j/16086* (Entered: 10/29/2021) |
| 10/31/2021 | | 94 | BNC Certificate of Notice. (RE: related document(s)93 Order Setting Pretrial Conference) 10/31/2021) |
| 12/21/2021 | | 95 | Motion and Notice to Compel *Discovery Responses from Manookian, PLLC* (Attachments: Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne 12/21/2021) |
| 12/21/2021 | | 96 | Motion and Notice to Compel *Discovery Responses from Hagh Law, PLLC* (Attachments: 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne Ann Bu |
| 12/21/2021 | | 97 | Motion and Notice to Compel *Discovery Responses from Afsoon Hagh* (Attachments: # 1 E Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG. |
| 12/22/2021 | | 98 | Notice of Hearing on Motion and Notice to Compel – AP Motion, Motion and Notice to Compel – AP Motion, Motion and Notice to Compel – AP Motion. **Hearing scheduled 1/5/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)95, 96, 97) (lel) (Entered: 12/22/2021) |
| 12/23/2021 | | 99 | *Joint* Motion to Continue Hearing On *Motions to Compel* Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. (GABBERT, CRAIG) (Entered: 12/23/2021) |
| 12/23/2021 | | 100 | Submitted Agreed Order *to Continue Hearing on Motions to Compel* Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)98, 99). (GABBERT, CRAIG) (Entered: 12/23/2021) |
| 12/24/2021 | | 101 | BNC Certificate of Notice. (RE: related document(s)98 Notice of Hearing) Notice Date 12/24/2021. (Admin.) (Entered: 12/24/2021) |
| 12/29/2021 | | 102 | Order *Granting* Continuance of Hearing *On Motion to Compel. Response Deadline to the Motion to Compel is January 26, 2022.* (RE: Related Doc#: 95, 96, 97, 99). **Hearing has been rescheduled for 2/2/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** Signed on 12/29/2021. (mlh) Modified on 12/30/2021 to correct scrivener error (tca). (Entered: 12/29/2021) |
| 12/31/2021 | | 103 | BNC Certificate of Notice. (RE: related document(s)102 Order to Continue Hearing) Notice Date 12/31/2021. (Admin.) (Entered: 12/31/2021) |
| 01/19/2022 | | 104 | *Manookian PLLC's* Motion and Notice to Compel *Plaintiff Trustee Jeanne Burton to Respond to Interrogatories* (Attachments: # 1 Exhibit |

| | | | |
|---|---|---|---|
| | | | Defendant Manookian PLLC's Interrogatories and Responses # 2 Exhibit Meet and Confer Letter)Filed on the behalf of: Defendant Manookian PLLC. (SPRAGENS, JOHN) (Entered: 01/19/2022) |
| 01/20/2022 | | 105 | Notice of Hearing on Motion and Notice to Compel – AP Motion. *Manookian PLLC's Motion and Notice to Compel Plaintiff Trustee Jeanne Burton to Respond to Interrogatories* **Hearing scheduled 2/16/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)104) (lel) (Entered: 01/20/2022) |
| 01/22/2022 | | 106 | BNC Certificate of Notice. (RE: related document(s)105 Notice of Hearing) Notice Date 01/22/2022. (Admin.) (Entered: 01/22/2022) |
| 01/26/2022 | | 107 | Response to *Plaintiff's Motion to Compel*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)104, 105). (GABBERT, CRAIG) (Entered: 01/26/2022) |
| 01/26/2022 | | 108 | Response to *Trustee's Motion to Compel Discovery Responses*. Filed on the behalf of: Defendant Manookian PLLC (RE: related document(s)95). (SPRAGENS, JOHN) (Entered: 01/26/2022) |
| 01/27/2022 | | 109 | *Manookian PLLC's* Motion for *Court to Determine Sufficiency of Plaintiffs Responses to Requests for Admission, or, Alternatively, to Deem Admitted*. (Attachments: # 1 Exhibit RFA Responses # 2 Exhibit Meet and Confer Letter)Filed on the behalf of: Defendant Manookian PLLC. (SPRAGENS, JOHN) (Entered: 01/27/2022) |
| 01/31/2022 | | 110 | Notice of Hearing on Motion – AP Motion. *Manookian PLLC's Motion for Court to Determine Sufficiency of Plaintiffs Responses to Requests for Admission, or, Alternatively, to Deem Admitted.* **Hearing scheduled 2/16/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)109) (lel) (Entered: 01/31/2022) |
| 01/31/2022 | | 111 | Order Continuing Hearing Re: (related document(s): 89 Motion – AP Motion filed by Jeanne Ann Burton, 91 Response filed by Manookian PLLC, 93 Order Setting Pretrial Conference) **Hearing has been rescheduled for 02/16/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (lel) (Entered: 01/31/2022) |
| 01/31/2022 | | 112 | Order Continuing Hearing Re: (related document(s): 95 Motion and Notice to Compel – AP Motion filed by Jeanne Ann Burton, 96 Motion and Notice to Compel – AP Motion filed by Jeanne Ann Burton, 97 Motion and Notice to Compel – AP Motion filed by Jeanne Ann Burton, 99 Motion to Continue – Reschedule Hearing filed by Afsoon Hagh, Hagh Law PLLC, 102 Order to Continue Hearing) **Hearing has been rescheduled for 02/16/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (lel) (Entered: 01/31/2022) |
| 01/31/2022 | | 113 | Submitted Agreed Order *Protective Order* Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 01/31/2022) |
| 02/01/2022 | | 114 | Motion and Notice to Compel *Marty Fitzgerald to Comply with Subpoena for Production of Documents* (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)Certificate of Service mailed on 2/1/22. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: |

| | | | |
|---|---|---|---|
| | | | 02/01/2022) |
| 02/01/2022 | | [115](#) | Notice of Hearing on Motion and Notice to Compel – AP Motion. *Motion and Notice to Compel Marty Fitzgerald to Comply with Subpoena for Production of Documents* **Hearing scheduled 2/16/2022 at 11:00 AM; via Zoom video for Nashville; For details please see www.tnmb.uscourts.gov.** (RE: related document(s)[114](#)) (lel) (Entered: 02/01/2022) |
| 02/02/2022 | | [116](#) | *Protective* Order . Signed on 2/2/2022. (anm) (Entered: 02/02/2022) |
| 02/02/2022 | | [117](#) | BNC Certificate of Notice. (RE: related document(s)[110](#) Notice of Hearing) Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/03/2022 | | [118](#) | BNC Certificate of Notice. (RE: related document(s)[115](#) Notice of Hearing) Notice Date 02/03/2022. (Admin.) (Entered: 02/03/2022) |
| 02/04/2022 | | [119](#) | BNC Certificate of Notice. (RE: related document(s)[116](#) Order) Notice Date 02/04/2022. (Admin.) (Entered: 02/04/2022) |
| 02/09/2022 | | [120](#) | *Trustee's* Response to *Manookian PLLC's Motion to Compel and Motion to Determine Sufficiency of Responses to Requests for Admission.* (Attachments: # [1](#) Exhibit A) Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[104](#), [109](#)). (YOUNG, PHILLIP) (Entered: 02/09/2022) |
| 02/14/2022 | | [121](#) | Submitted Agreed Order *Revised Protective Order*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 02/14/2022) |
| 02/14/2022 | | [122](#) | *Manookian PLLC's* Reply to *Plaintiff's Response in Opposition to Motion to Compel and Motion to Determine the Sufficiency of Responses to Requests for Production.* Filed on the behalf of: Defendant Manookian PLLC (RE: related document(s)[109](#), [120](#)). (SPRAGENS, JOHN) (Entered: 02/14/2022) |
| 02/15/2022 | | [123](#) | *Revised Protective* Order . (RE: Related Doc#: [116](#)). Signed on 2/15/2022. (anm) (Entered: 02/15/2022) |
| 02/16/2022 | | [124](#) | Submitted Order *Continuing Hearings and Pretrial Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[95](#), [96](#), [97](#), [109](#), [114](#)). (YOUNG, PHILLIP) (Entered: 02/16/2022) |
| 02/17/2022 | | [129](#) | BNC Certificate of Notice. (RE: related document(s)[123](#) Order) Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 02/18/2022 | | [130](#) | Order *Granting* Continuance of Hearing*(s) and Pretrial Conference*. (RE: Related Doc#: [93](#), [95](#), [96](#), [97](#), [104](#), [109](#), [114](#)). **Hearing has been rescheduled for 3/17/2022 at 08:30 AM, Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.** Signed on 2/18/2022. (kmw) (Entered: 02/18/2022) |
| 03/09/2022 | | [131](#) | Expedited Submitted Agreed Order *Protective Order*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 03/09/2022) |
| 03/09/2022 | | [132](#) | *Protective* Order . Signed on 3/9/2022. (jtd) (Entered: 03/09/2022) |

| | | | |
|---|---|---|---|
| 03/15/2022 | | 133 | Prehearing Statement*Trustee's Status Report in Advance of March 17 Hearing*. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 03/15/2022) |
| 03/15/2022 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)133). (YOUNG, PHILLIP) (Entered: 03/15/2022) |
| 03/18/2022 | | 134 | Request for Audio CD. Fee Amount is $32.00. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC (RE: related document(s)130). (SPRAGENS, JOHN) (Entered: 03/18/2022) |
| 03/18/2022 | | 135 | Receipt of Request for CD( 3:20–ap–90002) [misc,cdreq] ( 32.00). Receipt number A17464401. Fee amount $ 32.00. (re:Doc# 134) (U.S. Treasury) (Entered: 03/18/2022) |
| 03/18/2022 | | 136 | Request for Audio CD. Fee Amount is $32.00. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 03/18/2022) |
| 03/21/2022 | | 137 | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC (RE: related document(s)130). (SPRAGENS, JOHN) (Entered: 03/21/2022) |
| 03/21/2022 | | 138 | Receipt of Request for Transcript( 3:20–ap–90002) [misc,tsreq] ( 32.00). Receipt number A17467281. Fee amount $ 32.00. (re:Doc# 137) (U.S. Treasury) (Entered: 03/21/2022) |
| 03/23/2022 | | 140 | Transcript regarding Hearing Held 3/17/22. Remote electronic access to the transcript is restricted until 06/21/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Access Transcripts, telephone number 855–873–2223. Deadline to file Notice of Intent to Request Redaction is 3/30/2022. Deadline to file Request for Redaction is 04/13/2022. Redacted transcript due by 04/25/2022.. (WATSON, ILENE) (Entered: 03/23/2022) |
| 03/25/2022 | | 141 | Notice *Regarding Motions to Compel Order*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 03/25/2022) |
| 03/25/2022 | | 142 | Expedited Submitted Order *Regarding Motions to Compel Discovery Responses*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 03/25/2022) |
| 03/25/2022 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)141). (YOUNG, PHILLIP) (Entered: 03/25/2022) |
| 03/28/2022 | | 143 | Order Granting *(Regarding) Plaintiff's* Motion to Compel *Discovery Responses*. (RE: Ref Doc # 114), (Related Doc#: 95, 96, 97, 104, 107, 108, 109, 120, 122, 141). BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 03/28/2022) |
| 03/30/2022 | | 144 | BNC Certificate of Notice. (RE: related document(s)143 Order to Compel – AP Order) Notice Date 03/30/2022. (Admin.) (Entered: 03/30/2022) |
| 04/08/2022 | | 145 | |

| | | | |
|---|---|---|---|
| | | | Notice *of Depositions of Jeanne Burton and Phillip Young*. Filed on the behalf of: Defendant Manookian PLLC (RE: related document(s)143). (SPRAGENS, JOHN) (Entered: 04/08/2022) |
| 04/08/2022 | | 146 | *Defendant Hagh Law, PLLC's* Notice *of Deposition of Jeanne Ann Burton and Phillip Young*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (GABBERT, CRAIG) (Entered: 04/08/2022) |
| 04/11/2022 | | 147 | *Expedited* Motion for *Schedule Pretrial Conference and to Continue Depositions and Other Deadlines*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 04/11/2022) |
| 04/11/2022 | | 148 | Expedited Submitted Order *Setting Expedited Pretrial Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)147). (YOUNG, PHILLIP) (Entered: 04/11/2022) |
| 04/14/2022 | | 149 | *Order Regarding Discovery Matters and* Order Denying *Plaintiffs Expedited* Motion *for Pretrial Conference and to Continue Depositions and Other Deadlines* . (RE: Ref Doc # 147), (Related Doc#: 143). BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 04/14/2022) |
| 04/16/2022 | | 150 | BNC Certificate of Notice. (RE: related document(s)149 Order on Generic Motion – AP Order) Notice Date 04/16/2022. (Admin.) (Entered: 04/16/2022) |
| 04/25/2022 | | 151 | Notice *of Deposition of Afsoon Hagh and Hagh Law, PLLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 04/25/2022) |
| 04/25/2022 | | 152 | Notice *of Deposition of Brian Manookian, Manookian, PLLC, and Cummings Manookian, PLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 04/25/2022) |
| 04/26/2022 | | 153 | *Joint* Motion for *Reschedule Deposition of Afsoon Hagh and Hagh Law, PLLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 04/26/2022) |
| 04/26/2022 | | 154 | Submitted Agreed Order *Rescheduling Deposition of Afsoon Hagh and Hagh Law, PLLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)153). (YOUNG, PHILLIP) (Entered: 04/26/2022) |
| 04/29/2022 | | 155 | *Agreed* Order Granting *Joint* Motion *Rescheduling Deposition of Afsoon Hagh and Hagh Law, PLLC* . (RE: Ref Doc # 153), (Related Doc#: 143). BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 04/29/2022) |
| 04/30/2022 | | 156 | *Amended* Notice *of Deposition of Afsoon Hagh and Hagh Law, PLLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)151). (YOUNG, PHILLIP) (Entered: 04/30/2022) |
| 05/01/2022 | | 157 | BNC Certificate of Notice. (RE: related document(s)155 Order on Generic Motion – AP Order) Notice Date 05/01/2022. (Admin.) (Entered: 05/01/2022) |
| 05/05/2022 | | 158 | Notice *of Deposition of Ronette McCarthy*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/05/2022) |

| 05/05/2022 | | [159] | Notice *of Deposition of Brian Cummings*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/05/2022) |
|---|---|---|---|
| 05/05/2022 | | [160] | Notice *of Deposition of Marty Fitzgerald*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/05/2022) |
| 05/05/2022 | | [161] | Motion to Recuse Judge*Charles M. Walker*. (Attachments: # [1] Exhibit Hearing Transcript # [2] Exhibit Young Deposition Excerpt # [3] Exhibit Deposition Instructions)Filed on the behalf of: Defendant Manookian PLLC. (SPRAGENS, JOHN) (Entered: 05/05/2022) |
| 05/11/2022 | | [162] | Notice *Proof of Service of Subpoena on Ronette McCarthy*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/11/2022) |
| 05/11/2022 | | [163] | Notice *Proof of Service of Subpoena on Brian Cummings*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/11/2022) |
| 05/11/2022 | | [164] | Notice *Proof of Service of Subpoena on Marty Fitzgerald*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/11/2022) |
| 05/11/2022 | | [165] | Order Scheduling Hearing *and Setting Response/Objection Deadline on Motion to Disqualify Bankruptcy Judge*. (RE: Related Doc#: [161]). **Hearing scheduled 6/29/2022 at 01:00 PM, Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.** Objections due by 5/27/2022. Signed on 5/11/2022. (jtd) (Entered: 05/11/2022) |
| 05/17/2022 | | [166] | *Second Revised* Notice *of Deposition of Afsoon Hagh and Hagh Law, PLLC*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 05/17/2022) |
| 05/17/2022 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[166]. (YOUNG, PHILLIP) (Entered: 05/17/2022) |
| 05/19/2022 | | [167] | *Defendants' Unopposed* Motion for *to Continue Third Party Depositions and Reset Certain Other Deadlines*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. (GABBERT, CRAIG) (Entered: 05/19/2022) |
| 05/19/2022 | | [168] | Submitted Order *Granting Defendants' Unopposed Motion to Continue Third Party Depositions and Resetting Certain Other Deadlines*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)[167]. (GABBERT, CRAIG) (Entered: 05/19/2022) |
| 05/25/2022 | | [169] | *Expedited* Motion for *to Set Telephonic Hearing on Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. (GABBERT, CRAIG) (Entered: 05/25/2022) |
| 05/25/2022 | | [170] | Expedited Submitted Order *on Motion to Set Telephonic Hearing on Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadlines*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)[169]. (GABBERT, CRAIG) (Entered: 05/25/2022) |

| | | | |
|---|---|---|---|
| 05/25/2022 | | <u>171</u> | ORDER by Judge *Walker* : With regard to docket entry <u>168</u>, *The Submitted Order located at Dkt. #168 will not be entered by the Court as the related motion at Dkt. #167 is DENIED. The Courts previous order entered March 28, 2022 at Dkt. #143 paragraph 9 renders the motion as unnecessary and therefore, is moot. The issue related to any deadlines will be addressed at the emergency hearing on May 25, 2022 at 1:00 p.m.* (RE: related document(s) <u>168</u>) (leq) Modified on 5/25/2022 (leq). Modified on 5/25/2022 (leq). (Entered: 05/25/2022) |
| 05/25/2022 | | <u>172</u> | *Expedited* Order Setting Expedited Hearing *(Telephonic Hearing) on Defendants' Unopposed Motion to Continue Third Party Depositions and Reset Certain Other Deadline*. (RE: Related Doc#: <u>169</u>). **Hearing scheduled 5/25/2022 at 01:00 PM; Refer to www.tnmb.uscourts.gov for details (Nashville).** Signed on 5/25/2022. (anm) (Entered: 05/25/2022) |
| 05/27/2022 | | <u>173</u> | *Defendants Afsoon Hagh and Haugh Law, PLLC's* Response to *Manookian's Motion to Disqualify*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)<u>161</u>). (GABBERT, CRAIG) (Entered: 05/27/2022) |
| 05/27/2022 | | <u>174</u> | *Plaintiff's* Response to *Brian Manookian and Manookian PLLC's Motion to Disqualify Bankruptcy Judge Charles Walker*. (Attachments: # <u>1</u> Exhibit Full Deposition Transcript) Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)<u>161</u>). (YOUNG, PHILLIP) (Entered: 05/27/2022) |
| 05/27/2022 | | <u>175</u> | BNC Certificate of Notice. (RE: related document(s)<u>172</u> Order Setting Expedited Hearing) Notice Date 05/27/2022. (Admin.) (Entered: 05/27/2022) |
| 05/27/2022 | | <u>176</u> | BNC Certificate of Notice. (RE: related document(s)<u>171</u> Docket Order) Notice Date 05/27/2022. (Admin.) (Entered: 05/27/2022) |
| 05/31/2022 | | <u>177</u> | Notice *of Deposition of Judge Charles M. Walker*. Filed on the behalf of: Defendant Manookian PLLC (SPRAGENS, JOHN) (Entered: 05/31/2022) |
| 06/01/2022 | | <u>178</u> | Order *Quashing Notice of Deposition*. (RE: Related Doc#: <u>177</u>). Signed on 6/1/2022. (leq) (Entered: 06/01/2022) |
| 06/02/2022 | | <u>179</u> | *Revised* Notice *of Deposition of Ronette McCarthy*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/02/2022) |
| 06/03/2022 | | <u>180</u> | *Revised* Notice *of Deposition of Brian Cummings*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/03/2022) |
| 06/04/2022 | | <u>181</u> | BNC Certificate of Notice. (RE: related document(s)<u>178</u> Order) Notice Date 06/04/2022. (Admin.) (Entered: 06/04/2022) |
| 06/06/2022 | | <u>182</u> | *Amended* Notice *of Deposition of Marty Fitzgerald*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/06/2022) |
| 06/09/2022 | | <u>183</u> | Notice *Proof of Service of Subpoena on Marty Fitzgerald*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/09/2022) |
| 06/14/2022 | | <u>184</u> | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 06/28/2022. Filed on the behalf |

| | | | |
|---|---|---|---|
| | | | of: Interested Party BRIAN MANOOKIAN, Defendant Manookian PLLC (RE: related document(s)178). (SPRAGENS, JOHN) (Entered: 06/14/2022) |
| 06/14/2022 | | 185 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( 3:20−ap−90002) [appeal,ntcapl] ( 298.00). Receipt number A17596237. Fee amount $ 298.00. (re:Doc# 184) (U.S. Treasury) (Entered: 06/14/2022) |
| 06/24/2022 | | 186 | Certificate of Service mailed on 6/24/2022 *on Notice of Appeal and Statement of Election* (RE: related document(s)184). (leq) (Entered: 06/24/2022) |
| 06/24/2022 | | 187 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)184). (leq) (Entered: 06/24/2022) |
| 06/24/2022 | | 188 | *Defendants'* Motion For Summary Judgment. (Attachments: # 1 Exhibit Statement of Undisputed Material Facts # 2 Exhibit Exhibits to Statement of Undisputed Material Facts)Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC. (SPRAGENS, JOHN) (Entered: 06/24/2022) |
| 06/28/2022 | | 189 | *Expedited* Motion for *Status Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 06/28/2022) |
| 06/28/2022 | | 190 | Expedited Submitted Order *Setting Expedited Status Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)189). (YOUNG, PHILLIP) (Entered: 06/28/2022) |
| 06/28/2022 | | | Email Judge Charles M. Walker of Late Filed Matter. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)189, 190). (YOUNG, PHILLIP) (Entered: 06/28/2022) |
| 06/28/2022 | | 191 | *Expedited* Order To Continue Pretrial Conference − *(Status Conference). Responses Due by 7/7/2022*. (RE: Related Doc#: 189). **Pretrial Conference is scheduled for 7/13/2022 at 11:00 AM, Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.** Signed on 6/28/2022. (anm) (Entered: 06/28/2022) |
| 06/29/2022 | | 192 | Acknowledgement of Receipt of Appeal from District Court. Case info: District Court Case #3:22−cv−00474. . (leq) (Entered: 06/29/2022) |
| 06/29/2022 | | 193 | Request for Audio CD. Fee Amount is $32.00. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/29/2022) |
| 06/29/2022 | | 194 | Receipt of Request for CD( 3:20−ap−90002) [misc,cdreq] ( 32.00). Receipt number A17617065. Fee amount $ 32.00. (re:Doc# 193) (U.S. Treasury) (Entered: 06/29/2022) |
| 06/29/2022 | | 195 | *Appellants'* Statement *of Issues on Appeal and Designation of Record*. Filed on the behalf of: Interested Party BRIAN MANOOKIAN, Defendant Manookian PLLC (SPRAGENS, JOHN) (Entered: 06/29/2022) |
| 06/30/2022 | | 196 | Notice *Regarding Deposition of Marty Fitzgerald*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 06/30/2022) |

| | | | |
|---|---|---|---|
| 06/30/2022 | | [197](#) | Motion to Withdraw Pleading in Adversary Proceeding. (Related Document(s): [189](#) Motion – AP Motion filed by Plaintiff Jeanne Ann Burton) *(And to Cancel Status Conference)* Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[189](#)). (YOUNG, PHILLIP) (Entered: 06/30/2022) |
| 06/30/2022 | | [198](#) | Submitted Order *Canceling Status Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[197](#)). (YOUNG, PHILLIP) (Entered: 06/30/2022) |
| 06/30/2022 | | [199](#) | BNC Certificate of Notice. (RE: related document(s)[191](#) Order to Continue Pretrial Conference) Notice Date 06/30/2022. (Admin.) (Entered: 06/30/2022) |
| 07/01/2022 | | [200](#) | ORDER by Judge *Walker* : With regard to docket entry # [198](#), *The Court will take no action regarding the Submitted Order at Dkt. #198 as a motion is properly withdrawn via Notice.* (RE: related document(s) [198](#)) (leq) (Entered: 07/01/2022) |
| 07/01/2022 | | [201](#) | Notice *of Withdrawal of Expedited Motion for Status Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[189](#)). (YOUNG, PHILLIP) (Entered: 07/01/2022) |
| 07/03/2022 | | [202](#) | BNC Certificate of Notice. (RE: related document(s)[200](#) Docket Order) Notice Date 07/03/2022. (Admin.) (Entered: 07/03/2022) |
| 07/15/2022 | | [203](#) | *Defendants'* Motion for *Entry of Unopposed Summary Judgment on All Claims & Notice of Filing Proposed Order*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC. (SPRAGENS, JOHN) (Entered: 07/15/2022) |
| 07/15/2022 | | [204](#) | Submitted Order *Granting Summary Judgment to Defendants on All Claims [Proposed]*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC (RE: related document(s)[203](#)). (SPRAGENS, JOHN) (Entered: 07/15/2022) |
| 07/15/2022 | | [205](#) | *Plaintiff/Trustee's* Response to *Defendants' Motion for Entry of Unopposed Summary Judgment on all Claims and Notice of Filing Proposed Order*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)[203](#)). (STEEN, RONALD) (Entered: 07/15/2022) |
| 07/19/2022 | | [206](#) | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Defendant Manookian PLLC (SPRAGENS, JOHN) (Entered: 07/19/2022) |
| 07/19/2022 | | 207 | Receipt of Request for Transcript( [3:20–ap–90002](#)) [misc,tsreq] ( 32.00). Receipt number A17644125. Fee amount $ 32.00. (re:Doc# [206](#)) (U.S. Treasury) (Entered: 07/19/2022) |
| 07/22/2022 | | [209](#) | Motion for *Stay of All Deadlines Pending Resolution of Appeal*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 07/22/2022) |
| 07/22/2022 | | [210](#) | Motion and Notice to Compel*Marty Fitzgerald to Comply with Subpoena for Testimony*. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C)Certificate of Service mailed on 7/22/22. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 07/22/2022) |
| 07/22/2022 | | [211](#) | |

| | | | |
|---|---|---|---|
| | | | Notice *of Opposition to Motion Seeking Ex Parte Relief and Request for Opportunity to Respond*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC (RE: related document(s)209). (SPRAGENS, JOHN) (Entered: 07/22/2022) |
| 07/22/2022 | | 212 | Transcript regarding Hearing Held 06/29/22. Remote electronic access to the transcript is restricted until 10/20/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Access Transcripts, telephone number (855) 873–2223. Deadline to file Notice of Intent to Request Redaction is 7/29/2022. Deadline to file Request for Redaction is 08/12/2022. Redacted transcript due by 08/22/2022.. (WATSON, ILENE) (Entered: 07/22/2022) |
| 07/25/2022 | | 213 | Order Denying *Defendants'* Motion for Summary Judgment */ Entry of Unopposed Summary Judgment on All Claims*. (RE: Ref Doc #188) (Related Doc #1, 161, 177, 178, 184, 203), BY THE COURT: Judge Charles M. Walker. (ko). Related document(s) 205 Response filed by Plaintiff Jeanne Ann Burton. Modified on 7/26/2022 to add linkage (cdw). (Entered: 07/25/2022) |
| 07/28/2022 | | 214 | Response to *Motion to Stay Deadlines*. (Attachments: # 1 Exhibit Manookian Second RFAs) Filed on the behalf of: Defendant Manookian PLLC (RE: related document(s)209). (SPRAGENS, JOHN) (Entered: 07/28/2022) |
| 07/28/2022 | | 215 | Reply to *Defendant's Response to Plaintiff's Untimely Motion to Stay Already Expired Deadlines*. (Attachments: # 1 Exhibit A # 2 Exhibit B) Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)209, 214). (YOUNG, PHILLIP) (Entered: 07/28/2022) |
| 07/29/2022 | | 216 | Notice *of Intent to File Motion for Partial Summary Judgment*. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 07/29/2022) |
| 08/12/2022 | | 217 | *Plaintiff's* Objection to *Defendants Afsoon Hagh, Hagh Law, PLLC and Manookian PLLC's Joint Motion for Summary Judgment and Memorandum in Support Thereof*. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15) Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)188). (YOUNG, PHILLIP) (Entered: 08/12/2022) |
| 02/16/2023 | | 218 | Order By District Court Judge Aleta A. Trauger, Re: Appeal on Civil Action Number: 3:22–cv–00474, The court finds that the Order the appellants seek to appeal is not a "final order" that the appellants have an automatic right to appeal. The court, therefore, construes the Notice of Appeal as incorporating a motion for leave to appeal an interlocutory order. That motion is DENIED, for the reasons set forth herein. (RE: Related Doc#: 184, 192 ). Signed on 2/16/2023. (leq) (Entered: 02/16/2023) |
| 02/18/2023 | | 219 | BNC Certificate of Notice. (RE: related document(s)218 Order District Court re: Appeal – SA Order) Notice Date 02/18/2023. (Admin.) (Entered: 02/18/2023) |
| 03/10/2023 | | 220 | Order Scheduling Hearing *on Motion to Disqualify Bankruptcy Judge*. (RE: Related Doc#: 161, 173, 174). **Hearing scheduled 3/28/2023 at** |

| Date | | | Description |
|---|---|---|---|
| | | | **01:00 PM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Signed on 3/10/2023. (anm) (Entered: 03/10/2023) |
| 03/12/2023 | | 221 | BNC Certificate of Notice. (RE: related document(s)220 Order Scheduling Hearing) Notice Date 03/12/2023. (Admin.) (Entered: 03/13/2023) |
| 03/27/2023 | | 222 | *Emergency* Motion to Continue Hearing On *Motion to Disqualify Bankruptcy Judge* Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC. (GABBERT, CRAIG) (Entered: 03/27/2023) |
| 03/27/2023 | | | Email Judge Charles M. Walker of Late Filed Matter. *Emergency Motion to Continue Hearing* Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC (RE: related document(s)222). (GABBERT, CRAIG) (Entered: 03/27/2023) |
| 03/27/2023 | | 223 | Order *Granting Emergency Motion for* Continuance of Hearing. (RE: Related Doc#: 222). Hearing has been rescheduled for 4/4/2023 at 08:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203. Signed on 3/27/2023. (leq) (Entered: 03/27/2023) |
| 03/29/2023 | | 224 | BNC Certificate of Notice. (RE: related document(s)223 Order to Continue Hearing) Notice Date 03/29/2023. (Admin.) (Entered: 03/29/2023) |
| 04/03/2023 | | 225 | Exhibit and Witness List. Filed on the behalf of: Interested Party BRIAN MANOOKIAN, Defendant Manookian PLLC (RE: related document(s)223). (SPRAGENS, JOHN) (Entered: 04/03/2023) |
| 04/04/2023 | | 226 | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Plaintiff Jeanne Ann Burton (YOUNG, PHILLIP) (Entered: 04/04/2023) |
| 04/04/2023 | | 227 | Receipt of Request for Transcript( 3:20−ap−90002) [misc,tsreq] ( 32.00). Receipt number A18024993. Fee amount $ 32.00. (re:Doc# 226) (U.S. Treasury) (Entered: 04/04/2023) |
| 04/05/2023 | | 229 | Order Denying Motion to Recuse Judge *Walker*.. (RE: Ref Doc # 161) ( Related Doc#: 173, 174, 222), BY THE COURT: Judge Charles M. Walker. (jtd) (Entered: 04/05/2023) |
| 04/11/2023 | | 230 | Motion for *Scheduling Pretrial Conference*. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP) (Entered: 04/11/2023) |
| 04/18/2023 | | 231 | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 05/2/2023. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC, Interested Party BRIAN MANOOKIAN (RE: related document(s)229). (SPRAGENS, JOHN) (Entered: 04/18/2023) |
| 04/18/2023 | | 232 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( 3:20−ap−90002) [appeal,ntcapl] ( 298.00). Receipt number A18047791. Fee amount $ 298.00. (re:Doc# 231) (U.S. Treasury) (Entered: 04/18/2023) |
| 04/20/2023 | | 233 | Certificate of Service mailed on 4/20/2023 *on Notice of Appeal and Statement of Election* (RE: related document(s)231). (leq) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/20/2023) |
| 04/20/2023 | | 234 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)231). (leq) (Entered: 04/20/2023) |
| 04/24/2023 | | 235 | Acknowledgement of Receipt of Appeal from District Court. Case info: 3:23−cv−00392. (leq) (Entered: 04/24/2023) |
| 05/05/2023 | | 236 | Statement of Issues on Appeal,*and Designation of Record*. Filed on the behalf of: Defendants Afsoon Hagh, Hagh Law PLLC, Manookian PLLC, Interested Party BRIAN MANOOKIAN (RE: related document(s) 234 ). (SPRAGENS, JOHN) (Entered: 05/05/2023) |
| 05/05/2023 | | 237 | Transcript regarding Hearing Held 4/4/23. Remote electronic access to the transcript is restricted until 08/3/2023. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Access Transcripts, telephone number (855) 873−2223. Deadline to file Notice of Intent to Request Redaction is 5/12/2023. Deadline to file Request for Redaction is 05/26/2023. Redacted transcript due by 06/5/2023.. (WATSON, ILENE) (Entered: 05/05/2023) |
| 06/01/2023 | | 238 | Certified Record on Appeal Transmitted to District Court Case Number 23−cv−00392. (leq) (Entered: 06/01/2023) |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                         )

                                )

**CUMMINGS MANOOKIAN, PLLC,** )   **Case No. 3:19-bk-07235**

     **Debtor.** )   **Chapter 7**

                                )   **Judge Walker**

**JEANNE ANN BURTON, TRUSTEE,** )

     **Plaintiff,** )

                                )

**v.** )

                                )

**HAGH LAW, PLLC; AFSOON HAGH;** )

**MANOOKIAN, PLLC; and FIRST-** )

**CITIZENS BANK & TRUST** )

**COMPANY,** )

     **Defendants.** )

                                )   **Adv. Proc. No. _____**

                                )

                                )

                                )

                                )

## <u>COMPLAINT</u>

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendants, for conversion, fraudulent transfer, tortious interference with contract, successor liability/alter ego, turnover, declaratory judgment, injunctive relief, and related relief, and would further state:

<u>PARTIES</u>

1.     Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the Estate of Cummings Manookian, PLC[1] (the "Debtor" or "CM"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendants.

---

[1] The Debtor is incorrectly named "Cummings Manookian, PLLC" in the petition.

2. Defendant Hagh Law, PLLC ("Hagh Law") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Afsoon Hagh, at 45 Music Square W, Nashville, TN 37203.

3. Defendant Afsoon Hagh ("Hagh") is, on information and belief, a resident of Davidson County, Tennessee and may be served with process at 45 Music Square W, Nashville, TN 37203.

4. Defendant Manookian, PLLC ("Manookian PLLC") is, on information and belief, a professional limited liability company organized under the laws of Tennessee and may be served with process upon its managing member, Brian Manookian, at 45 Music Square W, Nashville, TN 37203.

5. Defendant First-Citizens Bank and Trust Company ("First Citizens") is, on information and belief, a commercial bank chartered under the laws of North Carolina and may be served with process via certified United States mail upon its Chief Executive Officer, Frank B. Holding, Jr. at 4300 Six Forks Road, #FCC22, Raleigh, NC 27609, or upon its registered agent for service of process, CT Corporation System at 300 Montvue Road, Knoxville, TN 37919.

<u>JURISDICTION AND VENUE</u>

6. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

7. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

2

9.     The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541, 542, 544, 548, 550 and 551, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*

## BACKGROUND

10.     Upon information and belief, CM was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Brian Cummings withdrew from CM. Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

11.     After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters.  Mr. Cummings and another attorney, Mark Hammervold, assisted with the completion of a number of CM case files. Upon information and belief, Mr. Cummings, Mr. Hammervold and CM reached an agreement concerning the division of fees between CM and these other attorneys.  CM received a substantial portion of the fees of each such CM case.

12.     Not all CM files were outsourced to other counsel after December 2018.  CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh.  Hagh is a licensed attorney, is the wife of Manookian, and provided legal services to CM on certain cases both before and after December 2018.

13.     From December 2018 through at least March 2019, Hagh filed pleadings, under the firm name of CM, in certain cases.  For example, in the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), Hagh filed pleadings under

3

the firm designation of CM through February 2019, then filed more pleadings with no firm designation but using a CM email address in March 2019.

14.     In fact, in the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 13, 2018, though he never submitted an order approving his withdrawal.  The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs".  That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

15.     On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC with the Tennessee Secretary of State.  The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

16.     Sometime after March 25, 2019, Hagh began filing pleadings in the Fitzgerald Case and certain other CM cases with a signature block of "Hagh Law PLLC".  Hagh filed no notice of substitution of counsel, nor did she file any notice of address changes in any of the CM cases in which she was continuing to provide services.  Rather, she simply changed the firm name on her signature block from CM to Hagh Law.

17.     Upon information and belief, Afsoon Hagh, now doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.  Neither Afsoon Hagh nor Hagh Law compensated CM for use of CM's property or client files.

18.     Similarly, on January 14, 2019, Brian Manookian formed Manookian PLLC with the Tennessee Secretary of State, with a delayed effective date of February 1, 2019.  The information filed with the Secretary of State shows that Manookian PLLC had one member and

4

its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

19.     Sometime after May 17, 2019, after Brian Manookian's law license had been reinstated, Manookian began filing pleadings and/or taking depositions in the Fitzgerald Case and certain other CM cases with a signature block of "Manookian PLLC". Manookian filed no notice of substitution of counsel, nor did he file any notice of address changes in any of the CM cases in which he was continuing to provide services. Rather, he simply changed the firm name on his signature block from CM to Manookian PLLC.

20.     Upon information and belief, beginning on or after May 17, 2019, Manookian PLLC began utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files. Neither Brian Manookian nor Manookian PLLC compensated CM for use of CM's property or client files.

<u>THE RECEIVERSHIP</u>

21.     On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM and Hammervold PLC. In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

22.     On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action. Among the powers granted by the court to the Receiver was: "The right to file notices of

attorney'*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

23.     In furtherance of this directive, the Receiver filed attorneys' liens in the following cases (the "CM Cases"):

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

24.     The Receiver has received from Brian Cummings CM's portion of fees and expenses in the *Thompson v. Sidrys* case, plus CM's portion of fees and expenses in two cases that settled prior to the Receiver's filing of attorneys' liens (*Hanna* and *Long*).    The Trustee has received from Brian Cummings CM's portion of fees and expenses in the *Ruffino v. Archer* case.[2]

---

[2] The Trustee received one-third of the feed in the *Ruffino* case plus one-half of the expense reimbursement in that case.  The Trustee has reserved all rights regarding whether CM is entitled to more than one-half of the expenses in that case, pending further investigation by the Trustee.

FITZGERALD CASE

25.     Upon information and belief, the Fitzgerald Case was a case in which CM was expecting a large fee.  Neither Brian Cummings' new law firm nor Mark Hammervold's law firm participated with CM in the representation of the plaintiffs.

26.     The Fitzgerald Case settled on August 19, 2019.  Pursuant to the non-confidential settlement agreement, the defendant in that case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

27.     According to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case. Based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees.

28.     The Receiver made demand on the defendant's counsel to remit $1,350,000.00 to the Receiver.  The defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC.

29.     Brian Manookian, as counsel for Hagh Law, argued that CM was entitled to no fees for two reasons:  (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.  According to Manookian, CM waived its rights to attorney fees to allow the plaintiffs to retain new counsel in the case since Manookian had been suspended by the Board of Professional Responsibility.

30.     The engagement agreement between CM and the plaintiffs did not, in fact, specify that CM was entitled to no attorneys' fees if CM withdrew from representation.

7

31.     Furthermore, even though CM allegedly notified the plaintiffs on December 7, 2018 that it was withdrawing as counsel and that it was waiving its rights to any attorneys' fees, CM never formally withdrew as counsel in the Fitzgerald Case and it kept representing the plaintiffs through attorney Afsoon Hagh.

32.     At least through March 2019, Hagh continued to file pleadings in the Fitzgerald Case on behalf of CM.  From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

33.     Because the defendant's counsel in the Fitzgerald Case refused to turn funds over to the Receiver, the Receiver sought and was granted a temporary restraining order on August 23, 2019 (the "First TRO").  The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

34.     Ultimately, Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019.  Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law.  The $590,000 released to Hagh Law were, in fact, fees earned by CM.

35.     In October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC".  That account was maintained at First-Citizens Bank & Trust Company.

8

36. According to Manookian, Hagh and/or Manookian moved the Trust Funds because they were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account. So, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

37. Upon learning of the unilateral movement of the Trust Funds, and in order to protect the Receiver's interest in the Trust Funds, the Receiver filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court.

38. The court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019. That same day Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a competing order prior to November 12, 2019. However, on November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law, citing a new suspension of his license by the Board of Professional Responsibility.

39. Ultimately, the court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

40. The Trust Funds had not been deposited with the court as of November 18, 2019. Therefore, the Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court.

41.     On December 10, 2019, the court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds.  On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction.  All of the parties and the state court acknowledged that, due to the filing of this bankruptcy case, this Court was the appropriate forum to make a decision regarding the disposition of the Trust Funds.

## FIRST CLAIM FOR RELIEF

### (Conversion)

### (As to Defendants Afsoon Hagh,  Hagh Law and Manookian PLLC)

42.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

43.     Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully appropriated property of CM, exercised control over that property, and committed the tort of conversion.

44.     More specifically, Afsoon Hagh, Hagh Law and/or Manookian PLLC have taken leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs (the "Property") in excess of $1,350,000, and exercised control over that property to the exclusion of CM.

45.     The Trustee, on behalf of CM, is entitled to judgment against Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be shown at trial, plus pre- and post-judgment interest, attorneys' fees, and the costs of this action.  Further, because Afsoon Hagh, Hagh Law and Manookian PLLC acted wrongfully, maliciously, and oppressively, the Trustee is entitled to exemplary and punitive damages in an amount to be shown at trial.

## SECOND CLAIM FOR RELIEF

### (State Law Fraudulent Transfer)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

46.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

47.     Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully took the Property of CM in an attempt to hinder, delay and defraud creditors of CM.

48.     Afsoon Hagh, Hagh Law and Manookian PLLC received substantial Property of CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

49.     The Trustee, on behalf of CM, is entitled to avoid, and recover back, all such fraudulent transfers, pursuant to, among other things, Tennessee's law against fraudulent conveyances, T.C.A. § 66-3-101, *et seq.*, and Tennessee's codification of the Uniform Fraudulent Transfers Act, T.C.A. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b). The Trustee is further entitled to damages in an amount of all such fraudulent transfers, to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC

11

50.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

51.     Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers from CM for the purposes of hindering, delaying, and defrauding creditors.

52.     Further, on information and belief, Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial transfers form CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

53.     At all relevant times, creditors of CM existed who had the right to assert a claim for fraudulent transfer or avoidance based on such transfers.

54.     Without limitation, the fraudulent transfers consisted of all property, funds, and transfers of any kind received by Afsoon Hagh, Hagh Law and/or Manookian PLLC which belonged to CM (including the Property described above), whether Afsoon Hagh,  Hagh Law and/or Manookian PLLC received such transfers as initial, mediate, or intermediate transferees.

55.     Plaintiff is entitled to avoid, and recover back, on behalf of CM, all such fraudulent transfers, pursuant to, among other things, the United States Bankruptcy Code's Section prohibiting fraudulent transfers, 11 U.S.C. § 548.

56.     Pursuant to 11 U.S.C. §§ 550 and 551, Plaintiff is entitled to recover back the avoided property or the value thereof, and such avoidances are recovered for the benefit of the estate.  The Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Contract)

### (As to Defendants Afsoon Hagh and Hagh Law)

57.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

58.     CM had a binding contractual relationship with the plaintiffs in the Fitzgerald Case. More specifically, CM had an engagement agreement with the plaintiffs in which CM agreed to represent the plaintiffs in the Fitzgerald Case in exchange for one-third of the monetary recovery.

59.     Upon information and belief, Afsoon Hagh and Hagh Law had actual knowledge of the engagement agreement between the Fitzgerald Case plaintiffs and CM, intended to interfere with CM's contractual rights pursuant to that engagement agreement, and actually interfered with CM's contractual rights by coercing the Fitzgerald Case defendants from remitting to CM $1,350,000 in attorneys' fees.

60.     Afsoon Hagh and Hagh Law's interference with CM's contract with the Fitzgerald Case plaintiffs continues, as CM and the Trustee have been denied access to $1,350,000 in attorneys' fees to which CM is entitled to recover.

61.     Afsoon Hagh and Hagh Law's interference with the contract between CM and the Fitzgerald Case plaintiffs is improper and, as a result, the Plaintiff, on behalf of CM, has incurred damages in an amount of $1,350,000, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Successor Liability and Alter Ego)

### (As to Defendants Hagh Law and Manookian PLLC)

13

62.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

63.     Hagh Law, Manookian PLLC and CM are all one and the same entity, and Hagh Law and/or Manookian PLLC are a mere continuation of CM.  Many of the clients and vendors of CM are the same or are vastly similar to the clients and vendors of Hagh Law and Manookian PLLC.  Brian Manookian held 100% of the membership interests of CM, and he and Afsoon Hagh were the only attorneys who rendered services on behalf of CM after September 2018.  Brian Manookian is also the 100% owner of the membership interests of Manookian PLLC and Afsoon Hagh is the 100% owner of the membership interests of Hagh Law.

64.     As outlined in *RXAR Co., LLC v. Rheumatology Assoc., P.A.,* the United States District Court for the Middle District of Tennessee (citing Tennessee law), stated that a successor entity is a mere continuation if;

> 1) The predecessor "transferred its assets" to the successor, 2) the successor company "pays less than adequate consideration for the assets", 3) the successor company continues the predecessor's business, 4) both companies "share one common officer who was instrumental in the transfer", and 5) the predecessor company "is left incapable of paying its creditors."

*RXAR Co., LLC v. Rheumatology Assoc., P.A.,* 2017 U.S. Dist. LEXIS 64354 (M.D. Tenn. 2017).

65.     Hagh Law and/or Manookian PLLC provide services to many of the same clients as CM and use the same vendors as CM.  They occupy the same leased real estate as CM (without a new lease), utilize the same computers and equipment as CM, and utilize some of the same telephone numbers as CM.

66.     No funds were transferred to CM as compensation for the transfer of any of these assets; in fact, funds have been diverted from CM to Hagh Law.

14

67.     CM provided legal services to personal injury and medical malpractice plaintiffs; both Hagh Law and Manookian PLLC provide the exact same services, and to many of the same clients.

68.     Both CM and Manookian PLLC were, or are still, 100% owned by Brian Manookian.  For several months, Afsoon Hagh was the only practicing attorney who represented CM's clients and Afsoon Hagh continues representing CM's clients through Hagh Law, which is 100% owned by Afsoon Hagh.  Brian Manookian and/or Afsoon Hagh made all decisions regarding the transfer or use of CM's assets, the creation of Hagh Law and Manookian PLLC, and the filing of CM's bankruptcy petition.  Brian Manookian, the 100% owner of CM, represented Hagh Law in diverting and instructing third parties to divert attorneys' fees owing CM to Hagh Law and/or Afsoon Hagh.

69.     According to the schedules and claims filed in this bankruptcy, CM has over $1,000,000 in liabilities but only $70,000 in assets; accordingly, due to the transfer of over $1,000,000 in CM's accounts receivable to Hagh Law and/or Afsoon Hagh, CM could not pay its debts as they came due.

70.     Brian Manookian, Afsoon Hagh, Hagh Law and Manookian, PLLC sought to shift any valuable assets away from CM and leave all debt in the corporate shell of CM, in an attempt to hinder, delay, and defraud CM's creditors.

71.     Given that Hagh Law and Manookian PLLC are nothing more than a mere continuation and alter ego of CM, Plaintiff requests that the court enter a judgment against Hagh Law and Manookian PLLC, jointly and severally, in the full amount of the indebtedness owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action.

<u>SIXTH CLAIM FOR RELIEF</u>

(Turnover)

(As to Defendants Afsoon Hagh, Hagh Law and First Citizens)

72.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

73.     Plaintiff is entitled to the turnover of $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh pursuant to 11 U.S.C. §542.  The $715,000 is the product of the settlement of the Fitzgerald Case, for which CM has a contractual and/or equitable right to payment of fees in the amount of $1,350,000.

74.     Moreover, Plaintiff is entitled to the turnover of an additional $635,000 from Hagh Law and/or Afsoon Hagh.  This is the amount of the Fitzgerald Case settlement funds that have been released to Hagh Law and/or Afsoon Hagh.

75.     This Court should find that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh, that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

76.     Additionally, this Court should find that the $635,000 that was released to Hagh Law and/or Afsoon Hagh, but that is the product of the settlement of the Fitzgerald Case, is property of the estate and that the Plaintiff is entitled to turnover of that property pursuant to 11 U.S.C. §542.

<u>SEVENTH CLAIM FOR RELIEF</u>

(Declaratory Judgment)

(As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

16

77.     Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

78.     Pursuant to 11 U.S.C. §541 and Rule 7001 of the Rules of Bankruptcy Procedure, the Court can determine the extent of the estate's interest in property.

79.     CM has a legal and/or equitable interest in the attorneys' fees generated by each of the CM Cases, listed herein.

80.     The Court should determine the extent of CM's portion of the fees and expenses generated by each of the CM cases, and find that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion.

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

A.  Granting Plaintiff a monetary judgment against Defendants Afsoon Hagh, Hagh Law and Manookian PLLC in an amount to be proven at trial;

B.  Granting Plaintiff a judgment against Afsoon Hagh, Hagh Law and Manookian PLLC for the conversion of property of CM, in an amount to be proven at trial;

C.  Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. § 544(b) and T.C.A. §§ 66-3-101 *et seq.* and 66-3-301 *et seq.*;

D.  Avoiding the pre-petition fraudulent transfers to Defendants Afsoon Hagh and Hagh Law pursuant to 11 U.S.C. §§ 548, 550 and 550;

E.  Granting Plaintiff a judgment against Afsoon Hagh and Hagh Law, in an amount to be shown at trial, for tortious interference of a contract between CM and the plaintiffs in the Fitzgerald Case;

17

F.  Finding that Hagh Law and Manookian PLLC are a mere continuation of CM and, as such, are jointly and severally liable for all debts owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, pursuant to Tennessee state law on successor liability;

G.  Finding that the $715,000 held in a First Citizens bank account in the name of Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

H.  Finding that the $635,000 from the Fitzgerald Case settlement funds that were released to Hagh Law and/or Afsoon Hagh is property of this estate, and ordering the turnover of those funds to the Trustee pursuant to 11 U.S.C. §542;

I.  Finding that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion of the fees and expenses generated by each of the CM Cases.

J.  Granting pre- and post-judgment interest, attorneys fees, the costs of this action, treble damages, and punitive damages as appropriate; and

K.  Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

18

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeanne Ann Burton, Trustee | Hagh Law, PLLC<br>Afsoon Hagh<br>Manookian, PLLC<br>First-Citizens Bank & Trust Company |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Phillip G. Young, Jr.<br>Thompson Burton PLLC<br>6100 Tower Circle, Suite 200<br>Franklin, TN 37067<br>(615) 465-6000 | ATTORNEYS (If Known)<br>John Spragens<br>1200 16th Ave. South<br>Nashville, TN 37212<br>(615) 983-8900<br>Attorney for Hagh Law PLLC |

PARTY (Check one box only) ☐    1 U.S. PLAINTIFF    ☐    2 U.S. DEFENDANT    ■    3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for conversion, fraudulent transfer, tortious interference with contract, successor liability / alter ego, turnover, declaratory judgment, Injunctive relief, and related relief

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ■ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or other interest in property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

ORIGIN OF PROCEEDINGS

(Check one box only.)

■ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND<br>$1,300 | OTHER RELIEF SOUGHT<br>Injunctive relief and declaratory judgment | ☐ JURY DEMAND |
|---|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Cummings Manookian PLLC | BANKRUPTCY CASE NO.<br>3:19-bk-07235 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISIONAL OFFICE<br>Nashville | NAME OF JUDGE<br>Charles Walker |
|---|---|---|

RELATED ADVERSARY PROCEEDING (IF ANY) ☐ YES ■ NO

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

FILING FEE    (Check one box only.)    ☐ FEE ATTACHED    ☐ FEE NOT REQUIRED    ■ FEE IS DEFERRED

| DATE<br>January 8, 2020 | PRINT NAME<br>Phillip G. Young, Jr. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Phillip G. Young, Jr. |
|---|---|---|

B-104
(Rev. 8/87)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties**. The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action**. Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit**. Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings**. Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed form a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand**. On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000 enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000 enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises**. Enter the name of the debtor and the docket number of the bankruptcy case form which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings**. State the names of the parties and the six digit adversary proceeding number form and adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee**. Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government of the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds i the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON** | ) | |
| **HAGH; MANOOKIAN, PLLC; and** | ) | |
| **FIRST-CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Comes now the Plaintiff, Jeanne Ann Burton, Trustee, (the "Plaintiff" or "Trustee")

by and through special counsel and pursuant to 11 U.S.C. §542, and Local Rule 9075-1,

and moves this Court for an expedited order directing Afsoon Hagh ("Hagh"), Hagh Law

PLLC ("Hagh Law") and First-Citizens Bank & Trust Company ("First Citizens") to

immediately turn over to the Trustee, or alternatively to pay into the Court, $715,000.00

currently being held in a bank account at First Citizens in the name of Hagh Law and/or

Hagh.

## NECESSITY FOR EXPEDITED RELIEF

1.      By this Expedited Motion and pursuant to Local Rule 9075-1, the Trustee seeks entry of an Order (1) shortening the notice for responding to the Motion and establishing a response deadline of January 14, 2020 at 5:00 p.m. and (2) expediting a hearing on the Motion and scheduling such hearing for January 15, 2020 at 1:30 p.m. (the "Hearing").

2.      The Trustee seeks to have the Motion decided on an expedited basis because the funds at issue in this matter are at risk of dissipation by midnight on January 17, 2020. Currently, Hagh Law, Hagh and First Citizens are enjoined from transferring the $715,000 at issue in this matter until midnight on January 17, 2020 by virtue of a Preliminary Injunction issued by the Williamson County Circuit Court.  The injunction expires on January 17, 2020 and, based upon Hagh Law's violation of two prior state court orders regarding the safe-keeping of the funds, they will be immediately in jeopardy of dissipation upon the expiration of the injunction.

3.      Notice of this Motion is being provided via the Court's electronic case filing system to all parties having filed a notice in the adversary proceeding, and is being sent by email to the United States Trustee's office, attorney John Spragens (who has informed undersigned counsel that he will be representing Defendant Hagh Law in this matter), counsel for the Debtor, and Defendant Afsoon Hagh.  Notice will also be sent via Federal Express to Defendant First Citizens to the branch manager of its Franklin branch, to its Tennessee agent for service of process, and to the CEO of First Citizens. The Trustee submits that the notice of the Motion as provided for herein constitutes good and adequate notice of the Hearing.

2

4.    The Trustee asks that the Court establish a response deadline of January 14, 2020 at 5:00 p.m., and that it set a hearing for January 15, 2020 at 1:30 p.m.

## MOTION FOR TURNOVER OF FUNDS

1.    This matter involves the safekeeping of $715,000 that the Trustee believes is property of this estate.

2.    Upon information and belief, Cummings Manookian PLC ("CM" or the "Debtor") was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases. In September 2018, Brian Cummings withdrew from CM. Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

3.    After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters.

4.    Not all CM files were outsourced to other counsel after December 2018. CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh. Hagh is a licensed attorney, is the wife of Manookian, and provided legal services to CM on certain cases both before and after December 2018.

5.    On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC with the Tennessee Secretary of State. The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM). *See* Secretary of State Screenshot, attached hereto as Exhibit A.

3

6.      On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM and Hammervold PLC.  The Receivership Motion is attached hereto as Exhibit B.  In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

7.      On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action.  The Receivership Order is attached hereto as Exhibit C.  Among the powers granted by the court to the Receiver was:  "The right to file notices of attorney'*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

8.      In furtherance of this directive, the Receiver filed attorneys' liens in a number of cases, including the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), in which CM had served as plaintiffs' counsel.

9.  The Fitzgerald Case settled on August 19, 2019.  Pursuant to the non-confidential settlement agreement, the defendant in that case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

10.  According to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case.  Based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees.[1]

11.  The Receiver made demand on the defendant's counsel to remit $1,350,000.00 to the Receiver.  The defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC.  *See* August 21, 2019 email from Steven Meisner, attached hereto as Exhibit D.

12.  Brian Manookian, as counsel for Hagh Law, argued that CM was entitled to no fees for two reasons:  (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.[2]  According to Manookian, CM waived its rights to attorney fees to allow the plaintiffs to retain new counsel in the case since Manookian had been suspended by the Board of Professional Responsibility.

13.  The engagement agreement between CM and the plaintiffs did not, in fact, specify that CM was entitled to no attorneys' fees if CM withdrew from representation.

---

[1] There is some question as to whether the engagement letter is subject to any privilege.  The Trustee will bring a copy of this agreement to the Hearing for possible in camera inspection, should the Court so desire.
[2] Again, there is some question as to whether this December 7, 2018 letter is subject to any privilege.  The Trustee will bring a copy of this letter to the Hearing for possible in camera inspection.

14.    Furthermore, even though CM allegedly notified the plaintiffs on December 7, 2018 that it was withdrawing as counsel and that it was waiving its rights to any attorneys' fees, CM never formally withdrew as counsel in the Fitzgerald Case and it kept representing the plaintiffs through attorney Afsoon Hagh.  In fact, in the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 7, 2018, though he never submitted an order approving his withdrawal.  The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs".   The motion to withdraw is attached hereto as <u>Exhibit E</u>.  That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

15.    At least through March 2019, Hagh continued to file pleadings in the Fitzgerald Case on behalf of CM.  *See* Fitzgerald Case Pleadings, attached hereto as collective <u>Exhibit F</u>.  From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Brian Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

16.    Because the defendant's counsel in the Fitzgerald Case refused to turn funds over to the Receiver, the Receiver sought and was granted a temporary restraining order on August 23, 2019 (the "First TRO").  A copy of the First TRO is attached hereto as <u>Exhibit G</u>.  The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

17.    Ultimately, Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019.  The

Agreed Order is attached hereto as <u>Exhibit H.</u>  Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law.  The $590,000 released to Hagh Law were, in fact, fees earned by CM.

18.     In October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC".  That account was maintained at First-Citizens Bank & Trust Company.

19.     According to Manookian, Hagh and/or Manookian moved the Trust Funds because they were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account.  So, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

20.     Upon learning of the unilateral movement of the Trust Funds, and in order to protect the Receiver's interest in the Trust Funds, the Receiver filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court.  That motion is attached hereto as <u>Exhibit I.</u>

21.     The court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019.  That same day Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a

competing order prior to November 12, 2019. *See* November 5, 2019 email from Brian Manookian, attached hereto as Exhibit J. However, on November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law. *See* Notice of Withdrawal, attached hereto as Exhibit K.

22. Ultimately, the court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. That order is attached hereto as Exhibit L. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

23. The Trust Funds had not been deposited with the court as of November 18, 2019. Therefore, the Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. The Second TRO is attached hereto as Exhibit M. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court. The Second TRO was clarified and was extended in order to meet practical concerns and scheduling of the parties.

24. On December 10, 2019, the court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds. On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction. The Injunction is attached hereto as Exhibit N. All of the parties and the state court acknowledged that, due to the filing of this

8

bankruptcy case, this Court was the appropriate forum to make a decision regarding the disposition of the Trust Funds.

25.    11 U.S.C. §541 defines what is considered property of the bankruptcy estate. Property of the estate is defined very broadly by the Bankruptcy Code, as including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).

26.    The Trustee has a legal and/or equitable interest in the $715,000.00 being held by First Citizens in an account for the benefit of Hagh and/or Hagh Law.

27.    The estate has a legal interest in the $715,000.00 by virtue of the engagement agreement between CM and the Fitzgerald Case plaintiffs, dated May 23, 2018. While Brian Manookian, on behalf of CM, allegedly attempted to withdraw from representing those plaintiffs and disclaim any rights to fees on December 7, 2018, the court records from the Fitzgerald Case show that CM did not withdraw as counsel. In fact, Afsoon Hagh, explicitly on behalf of CM, continued filing pleadings and making appearances in the case. No counsel was ever substituted for CM nor did Afsoon Hagh or Brian Manookian ever file a notice of firm change or address change in the Fitzgerald Case. Simply put, the actions of Manookian and Hagh belie their attempt to paper a fraudulent transfer of the Fitzgerald Case fees from CM to their newly-created law firms.

28.    Even if CM did not have a legal interest in the fees generated by the Fitzgerald Case, it has an equitable interest in those fees. Tennessee courts have found that a law firm is entitled to quantum meruit compensation for its services if the following elements are met: (1) there is no existing, enforceable contract between the parties involving the same subject; (2) the party seeking compensation proves that it provided

valuable goods and services; (3) the other party benefitted from the goods and services; (4) the parties to the transaction should have reasonably understood that the person providing the goods and services expected to be compensated; and (5) the circumstances demonstrate that it would be unjust to refuse the party compensation. *See, e.g., Johnson v. Hunter,* 1999 Tenn. App. LEXIS 783, *22 (Tenn. Ct. App. 1999) (citations omitted). A law firm that voluntarily resigns from a case does not necessarily forfeit its right to quantum meruit compensation. *See id.* (Two law firms had an agreement to serve as co-counsel and share fees; the relationship between the two firms broke down, causing one firm to withdraw; the court found that, even though the fee sharing agreement was unenforceable, the withdrawing firm was nonetheless entitled to quantum meruit compensation). Therefore, even if the CM engagement agreement was found to have been terminated, CM would nonetheless be entitled to some portion of the Fitzgerald Case fees on a quantum meruit calculation.

29.     This Court has the statutory authority to determine whether property is, or might be, property of a bankruptcy estate, and to take all appropriate steps to safeguard that property: "These sections of Title 28 grant the Court statutory jurisdiction to determine property of a debtor's bankruptcy estate and to enforce the protections the Bankruptcy Code affords such property interests." *Sexton v. Dep't of Treasury, IRS,* 508 B.R. 646, 650 (Bankr. W.D. Va. 2014).

30.     The Trustee has a legal or equitable interest in the $715,000 being held in the Hagh Law/Afsoon Hagh bank account at First Citizens, though it might take a trial of this adversary proceeding to fully determine the extent of those rights.

31.     Hagh Law has demonstrated, by its willful violation of at least two prior court orders, that it cannot be trusted to safeguard these funds. It moved funds from a trust account to a regular bank account in contravention of a court order and it refused to deposit funds into the Williamson County Circuit Court, despite a court order to do so.

32.     Based upon the facts of this case, First Citizens, Hagh Law and Afsoon Hagh should be ordered to turnover the $715,000.00 to the Trustee, where it can be safely deposited and held in the Trustee account established for this case pending the conclusion of this adversary proceeding or further order of this Court, pursuant to 11 U.S.C. §542. Alternatively, the Court should order First Citizens, Hagh Law and Afsoon Hagh to turnover the $715,000.00 to the Clerk of this Court for safekeeping, pending the conclusion of this adversary proceeding.

WHEREFORE, pursuant to LBR 9075-1, the Trustee respectfully requests the Court to enter an order (i) establishing a response deadline of January 14, 2020 at 5:00 p.m., (ii) setting a hearing in this matter for January 15, 2020 at 1:30 p.m., (iii) ordering First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Trustee for deposit in the Trustee's account, pending the conclusion of this adversary proceeding or further order of this Court, (iv) alternatively, ordering First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Clerk of this Court to hold, pending the conclusion of this adversary proceeding or further order of this Court, and (v) for such other and further relief as the Court deems equitable and appropriate under the circumstances.

11

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been
served this 8th day of January, 2020, upon all parties of record requesting notice through
the Court's electronic filing system, and the following individuals by email and/or Federal
Express:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

Afsoon Hagh
afsoon@haghlaw.com

First Citizens Bank & Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609
(Via FedEx)

First Citizens Bank & Trust Company
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919
 (Via FedEx)

First Citizens Bank & Trust Company
ATTN Branch Manager
228 S. Royal Oaks Blvd.
Franklin, TN 37064
(Via FedEx)

/s/ Phillip G. Young
Phillip G. Young



**Division of Business Services**
**Department of State**
**State of Tennessee**
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

Tre Hargett
Secretary of State

# Filing Information

Name: **Hagh Law PLLC**

## General Information

| | | | |
|---|---|---|---|
| **SOS Control #** | **001019109** | Formation Locale: | TENNESSEE |
| Filing Type: | Limited Liability Company - Domestic | Date Formed: | 03/25/2019 |
| | 03/25/2019 9:50 AM | Fiscal Year Close | 12 |
| Status: | Active | Member Count: | 1 |
| Duration Term: | Perpetual | | |
| Business Type: | Professional Limited Liability Company | | |
| Managed By: | Director Managed | | |

**Registered Agent Address**
Hagh Law PLLC
45 MUSIC SQ W
NASHVILLE, TN 37203-3205

**Principal Address**
45 MUSIC SQ W
NASHVILLE, TN 37203-3205

The following document(s) was/were filed in this office on the date(s) indicated below:

| Date Filed | Filing Description | Image # |
|---|---|---|
| 03/25/2019 | Initial Filing | B0676-1561 |

| **Active Assumed Names (if any)** | **Date** | **Expires** |
|---|---|---|

## IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT NASHVILLE

FILED
WILLIAMSON COUNTY
CIRCUIT COURT
2019 APR 25 PM 3: 36

ENTERED

COPY

| | | |
|---|---|---|
| DEAN CHASE; SANDRA CHASE; and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | **2019-221** |
| v. | ) ) | No. _____ |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF

Come the Plaintiffs, Dean Chase, Sandra Chase and D.F. Chase, by and through counsel, and (a) pursuant to Tenn. Code Ann. § 26-4-101 *et.seq*. respectfully move this Court for an order compelling the identification, preventing the transfer to third parties, and compelling the turnover to Plaintiffs (or a receiver) of certain property as set forth herein, (b) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, respectfully move the Court to issue a *Writ of Execution and Distringas/Fieri Facias* on the assets of defendants Cummings Manookian PLC and Hammervold PLC and appoint a receiver for the collection of their choses in action; and (c) pursuant to Tenn. Code Ann. §29-1-102 and

Tenn. R. Civ. Proc. 65.04, respectfully move the court to enter a temporary injunction that prohibits all Defendants from:

a.      Disbursing any monies due to, or on behalf of, any of the Sanctions Judgment Debtors (as defined below), their officers, directors, agents, heirs, successor or assigns;

b.      Entering into any agreements for payments by any third parties for fees and expenses due to any of the Sanctions Judgment Debtors; and

c.      Interfering with any actions undertaken by any receiver appointed by the Court.

In support of this Motion, Plaintiffs state as follows:

## I.  FACTS

### A.      The Events Leading to the Sanctions Judgment

1.      As set forth in the July 20, 2018 Order entered by this Court and attached as **Exhibit 1** (the "**July 20 Sanctions Order**") Mr. Manookian, acting through and on behalf of his law firm Cummings Manookian PLLC ("**Cummings Manookian**"), and Mr. Hammervold, acting through and on behalf of his law firm Hammervold PLC, entered appearances in 2015 as counsel for several defendants in *David Chase v. Chris Stewart, et al.* Williamson County, Tennessee Circuit Court, docket no. 2015-200 (the "**David Chase Action**").

2.      In the course of the David Chase Action, Mr. Manookian caused subpoenas to be served on Dean Chase, Sandra Chase, and DF Chase, who were not at that time parties to the David Chase Action. The subpoenas sought certain documents and commanded the

2

Chases, both individually and on behalf of D.F. Chase, to give depositions. (See **Exhibit 1**, p. 9). Subsequently, Mr. Manookian and the Chases entered into an agreed protective order (the "**Protective Order**"), which allowed them to designate documents that they were turning over pursuant to the subpoenas as confidential, and to designate deposition testimony is confidential. (See *Id.*, pp. 9-11). The Protective Order was eventually filed and entered by this Court. (See *Id.*, pp. 12-13).

3.     After Mr. Manookian requested authority to provide News Channel 4 WSMV with copies of Sandra Chase's deposition, which had been deemed confidential by Ms. Chase's counsel, counsel for Plaintiff David Chase filed an Expedited Motion for Sanctions, Protective Orders and Other Relief, which led to the Court ordering that all of the deposition testimony and documents that had been deemed confidential be placed under seal pending the entry of the Protective Order. (See *Id.,* pp. 14-15).

4.     Ultimately, the videotaped transcripts of deposition testimony and copies of certain documents designated as confidential were disclosed to several local news outlets. (See *Id.*, pp. 20-25). Additionally, the Court found that some of the confidential materials surfaced as exhibits to separate lawsuit filed by Mr. Manookian and Mr. Hammervold in the Circuit Court for Davidson County, Tennessee. (See *Id.*, pp. 18-20). As a result, Plaintiffs Dean Chase, Sandra Chase and D.F. Chase were granted permission by this Court to intervene in the David Chase Action, and they filed motions to hold Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC in contempt for violating the Protective Order. (See *Id.*, p. 25).

3

5.      After a series of hearings and follow-up motions that spanned more than two years, Judge Binkley of this Court found that Mr. Manookian had knowingly, willfully, and intentionally violated the Protective Order and, *inter alia,* attempted "to mislead the Court from uncovering his violations of the Court's Orders by any means necessary." (See *Id.*, pp. 31, 85-95). Judge Binkley also found that Mr. Hammervold had knowingly, willfully, and intentionally violated the Protective Order. (See *Id.*, pp. 93-94).

6.      Finding that Messrs. Manookian and Hammervold had (a) abused the discovery process, (b) failed to maintain candor with this court, (c) continuously violated the Agreed Protective Order, and (d) attempted to defraud the court for over two years, this Court imposed monetary sanctions on Mr. Manookian, Cummings Manookian, Mr. Hammervold, and Hammervold PLC (the "**Sanctions Judgment Debtors**"). (See *Id.*, pp.116-122).

7.      Specifically, the Court ruled that Plaintiffs Dean Chase, Sandra Chase and D.F. Chase (as well as certain corporate entities owned or controlled by Dean Chase) should be awarded their attorneys' fees as sanctions. (See *Id*). In the July 20 Sanctions Order and in a supplemental Order entered on September 27, 2018 attached as **Exhibit 2** (the "**Supplemental Sanctions Order**"), this Court awarded monetary sanctions against the Sanctions Judgment Debtors, jointly and severally, in favor of Dean Chase, Sandra Chase, and D.F. Chase, Inc. in the total amount of $748,769.21 (the "**Sanctions Judgment**"). (See **Exhibit 2**). Included within the amount awarded in the Sanctions Judgment, this Court held that certain companies owned or controlled by Dean Chase- CK

4

Global, LLC and NV Music Row, LLC- were entitled to share in that amount to the extent of $638,105.82. (See *Id.*).

8. Pursuant to Tenn. R. App. P. 4(a), the Sanctions Judgment became final on October 27, 2018.

9. Mr. Manookian, Mr. Hammervold and Hammervold PLC have appealed the Sanctions Judgment, but none of them have filed a supersedeas bond to stay execution thereon. Mr. Hammervold and Hammervold PLC have filed a "Motion to Stay Proceedings Pending Expedited Rule 10B Appeal" in the David Chase Action. However, it does not appear that they have set the motion for hearing, and no stay has been granted by this court as of the filing of this Complaint.

10. The initial attempt to satisfy the Sanctions Judgment was unsuccessful, as evidenced by the returns thereon attached hereto as **Exhibit 3**.

11. As such, the Sanctions Judgment remains wholly unsatisfied and the current balance of the judgment, including statutory post-judgment interest through April 24, 2019, was $778,751.52. The Sanctions Judgment balance increases by $143.60 every day due to the accumulation of post-judgment interest.

**B. The Indefinite Suspension of Mr. Manookian From the Practice of Law and its Effect on Pending Cummings Manookian Litigation**

12. At the time of its formation in 2014, Cummings Manookian had two members, Mr. Cummings and Mr. Manookian, as shown on the attached **Exhibit 4**.

5

13.     In September 2018, the Tennessee Supreme Court suspended Mr. Manookian from the practice of law, upon a finding that he poses a threat of substantial harm to the public. A copy of the suspension order is attached as **Exhibit 5**. Per its order of February 27, 2019 attached hereto as **Exhibit 6**, Mr. Manookian remains suspended indefinitely and is, *inter alia*, prohibited from maintaining any presence where the practice of law is conducted. By virtue of his suspension from the practice of law, Mr. Manookian cannot legally be a member of Cummings Manookian. *See* Tenn. Code Ann. § 48-249-1109.

14.     Likewise, sometime between September 20, 2018 and January 14, 2019, Mr. Cummings formally withdrew as a member from Cummings Manookian, as evidenced by the following facts:

a.     On September 20, 2018, Mr. Cummings formed Cummings Law, as reflected by the filings with the Tennessee Secretary of State attached as **Exhibit 7**;

b.     On or about September 26, 2018, Mr. Cummings filed at least six Notices of Change of Address & Firm Affiliation in pending cases, which reflected that he was then practicing by and through his new law firm, Cummings Law, as shown on **Exhibit 8**;

c.     On December 19, 2018, Mr. Cummings filed with the Tennessee Secretary of State paperwork removing himself as registered agent for Cummings Manookian, as shown by attached **Exhibit 9**; and

d.     On January 14, 2019, Mr. Manookian filed, on behalf of Cummings Manookian, its 2018 annual report showing that the number of members had dropped from two to one, as shown on attached **Exhibit 10**.

6

15.     However, notwithstanding Mr. Cummings withdrawal as a member, and the fact that Mr. Manookian cannot legally be that sole remaining member, Cummings Manookian continues to operate as a single member PLLC law practice.  The identity of that new member is not shown in the above referenced January 14, 2019 annual report filed with the Tennessee Secretary of State by Mr. Manookian.  On information and belief, that sole member now operating Cummings Manookian as a law practice is Mr. Manookian's wife, Ms. Hagh, as evidenced by the fact that *since* January 14, 2019, Ms. Hagh appears as counsel or co-counsel of record acting by and on behalf of Cummings Manookian. Attached as **Collective Exhibit 11** is a collection of docket sheets showing pending cases known to Plaintiffs as of the time of filing this Motion, in which Ms. Hagh continues to appear as counsel of record, along with copies of the recent pleadings or motions filed in those cases.  As shown in Exhibit 11, in one of these cases, Ms. Hagh's signature block does not use the name "Cummings Manookian" but does use the same address and the email address of "cummingsmanookian.com."   In the others, the name Cummings Manookian remains in her signature block.

16.     There are also many pending lawsuits that were initiated by one or more attorneys acting by and on behalf of Cummings Manookian and that, since Mr. Manookian's suspension and Mr. Cumming's departure from the firm, are now being handled exclusively either by former Cummings Manookian attorneys acting by and on behalf of other law firms, or by co-counsel in that litigation, or both. Some of these cases are being handled by Mr. Cummings on behalf of Cummings Law and/or Mr. Hammervold on behalf of Hammervold PLC and others are being handled by Ms. Hagh, possibly as a

7

sole practitioner. (See above referenced Exhibit 11). Attached as **Exhibit 12** is a list of such pending cases known to Plaintiffs at the time of filing this action. These are only the known cases to Plaintiffs at this time based on available online court records in various jurisdictions, and there well may be other cases in other jurisdictions.

17. The cases still being handled by Ms. Hagh on behalf of Cummings Manookian and the cases initiated by Cummings Manookian and now being handled by Mr. Cummings and/or Mr. Hammervold are referred to herein collectively as the "**Pending Cummings Manookian Litigation**."

18. Cummings Manookian is, and has been known primarily as, a plaintiff's medical malpractice firm, and the overwhelming majority of the cases comprising the Pending Cummings Manookian Litigation are healthcare liability cases. It is therefore highly likely that the fee arrangements for Cummings Manookian in these cases is a contingency fee. In any event, to the extent that professional fees owed under the fee agreements entered into with clients in the Pending Cummings Manookian Litigation are still due, in the form of delayed fixed fee payments, delayed hourly payments, contingency fees or otherwise, Cummings Manookian is entitled to such fees when and as due. Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to, along with other rights discussed herein, as the "**Cummings Manookian Choses in Action**.

## C.   The Cummings Manookian "Jeweler Agreements"

19.     In addition to the fees owed to Cummings Manookian related to the Pending Cummings Manookian Litigation, it appears that Cummings Manookian may be owed substantial amounts of money pursuant to "Consulting/Engagement Agreements" entered into with one or more jewelers, as discussed below.

20.     In 2016, Mr. Manookian, Mr. Cummings, Cummings Manookian, Mr. Hammervold, and Hammervold PLC were sued by Diamond Consortium, Inc. d/b/a The Diamond Doctor (the "**Diamond Doctor**") in the United States District Court for the Eastern District of Tennessee (the "**Texas Lawsuit**"). A copy of the Consolidated Amended Complaint in the Texas Lawsuit is attached as **Exhibit 13**.

21.     In the Texas Lawsuit, the Diamond Doctor alleged that Mr. Manookian was engaged in a scheme of extortion whereby he would target jewelers with internet and social media campaigns in which Cummings Manookian would create websites that accused the target jeweler of cheating their customers through the sale of "overgraded" diamonds, and post messages on the newsfeed of the jeweler's Facebook page making accusations about cheating customers.  (See **Exhibit 13**, pp. 4-5, 7-10).  According to the complaint, Mr. Manookian would then contact the target jeweler and tell them that the campaign against the jeweler would stop if the jeweler would "engage" Cummings Manookian as its outside legal counsel for several years. (See *Id.*).  The Diamond Doctor alleged that Mr. Manookian proposed that the Diamond Doctor pay Cummings Manookian $25,000 a month over a 10-year period or an aggregate fee of $3 million.  (See *Id.* p. 10).

9

22.     The Diamond Doctor also alleged that after the initial conversation between Mr. Manookian and the owner of The Diamond Doctor, Mr. Manookian sent the Diamond Doctor a proposed Consulting/Engagement Agreement, which, according to the complaint, "was a version another jeweler . . . supposedly executed with critical information concerning the payment terms and length redacted." (See **Exhibit 13**., p. 26 19-20). According to the Texas Lawsuit, a copy of the proposed agreement is attached as **Exhibit 14**.

23.     Mr. Manookian and all of the other defendants in the Texas Lawsuit denied wrongdoing, and the case was ultimately resolved with an injunction that that prohibited the parties from disparaging each other.  However, Mr. Manookian, Mr. Cummings, and Cummings Manookian did not deny the allegations that Cummings Manookian had entered into retainer agreements with a number of jewelers.

24.     For example, the complaint in the Texas Lawsuit alleges that "several" jewelers had agreed to engage Cummings Manookian as their outside counsel.  (See **Exhibit 13**, p. 9).  Attached as an exhibit to that complaint was the transcript of a conversation between Mr. Manookian and the owner of the Diamond Doctor.  An excerpt of this transcript is attached as **Exhibit 15**.  In this conversation, Mr. Manookian states that Cummings Manookian "represents twenty or twenty-five stores, total." (See **Exhibit 15**, pp. 1, 3). In their answer, Mr. Manookian and Cummings Manookian admitted that Mr. Manookian had made this statement.  (See **Exhibit 16**, p. 21).

10

25.     According to an article in the *Dallas Morning News*, Genesis Diamonds of Nashville and/or its owner, Boaz Ramon, entered into an engagement agreement with Cummings Manookian. As the article states:

> After Manookian's law partner filed three customer lawsuits for overgraded diamonds against Genesis, Ramon hired Cummings Manookian to represent him and his store. That creates an attorney-client relationship that precludes Manookian and the firm from representing unhappy customers in legal actions against the jeweler.

(See **Exhibit 17**). [1]   In his conversation with the owner of The Diamond Doctor, Mr. Manookian confirmed that Cummings Manookian now represented Genesis Diamonds, which is owned by Ramon Boaz.  (See **Exhibit 15**, p. 2).  Mr. Boaz has been subpoenaed for a deposition by disciplinary counsel for the Tennessee Board of Professional Responsibility in one of the disciplinary actions currently being prosecuted against Mr. Manookian.  (See **Exhibit 18**).

26.     If the alleged agreement with Genesis Diamonds and the other twenty or more jewelers (the "**Jeweler Agreements**") is similar to the agreement proposed by Mr. Manookian to The Diamond Doctor, they are all generating many thousands of dollars per month in income, and if the jeweler terminates the agreement, it must pay Cummings Manookian the fees owed for the remainder of the term in one lump sum payment.

27.     Cummings Manookian's right to payments under these agreements are likewise choses in action under Tennessee law, and therefore part of the Cummings Manookian Choses in Action.

---

[1] The complaint also specifically identifies Solomon Brothers in Atlanta Georgia as having entered into an agreement to pay Cummings Manookian $20,000 per month for a period of five years, totaling $1.2 million. (See **Exhibit 13**, p. 10).

**D.   Mr. Hammervold and Hammervold PLC**

28.   Mr. Hammervold is a resident of the state of Illinois.   He maintains a residence in Chicago.

29.   Hammervold PLC is listed with the Tennessee Secretary of State as a single member Tennessee limited liability company, with a principal place of business in Tennessee. (See **Exhibit 19**).   However, in addition to the fact that Mr. Hammervold does not reside in Tennessee, there is every reason to think that this is a "phantom" address, based on the following facts:

a.   The principal address given for Hammervold PLC is in fact a "virtual office" space known as "Intelligent Office" located in downtown Nashville, at Suite 1550 of the UBS Tower, 315 Deaderick Street. (See **Exhibit 20**).

b.   Some customers lease space at this facility by leasing permanent offices, and others have the option of leasing generic spaces available to all tenants in hourly or daily increments.  (See **Exhibit 21**).

c.   Moreover, in the most recent annual report filed with the Secretary of State, Mr. Hammervold changed to the mailing address for Hammervold PLC to 1758 N. Artesian Ave, Chicago, Illinois, Mr. Hammervold's permanent residential address since at least 2012. (See **Exhibit 22**).

30.   Notwithstanding the absence of a genuine physical presence in Tennessee through which to operate its assets, Mr. Hammervold, acting by and through Hammervold PLC, is counsel or co-counsel of record in a number of cases pending in Tennessee. Attached as **Exhibit 23** is a chart showing such cases as are known to Plaintiffs at the time

12

of filing this lawsuit based on available online court records, in which Mr. Hammervold, acting by and on behalf of Hammervold PLC, is counsel of record (the "**Hammervold Pending Litigation**"). The exhibit also contains copies of the complaints in these lawsuits. As shown on **Exhibit 23**, the amount claimed in those lawsuits exceeds $25 Million. There may very well be other cases in other jurisdictions.

31. Hammervold PLC is entitled to the entirety of the compensation for the legal services and expenses rendered by its agents (whether those services were provided by Mr. Mr. Hammervold or other agents) in the Hammervold Pending Litigation, either in the form of a fixed fee, hourly billable rate, contingency fee based on percentage of recovery for the client(s), or some other calculation. Such rights to payment, and any other rights to payment from any source, constitute choses in action under Tennessee law, and are herein referred to as the "**Hammervold PLC Choses in Action**".

E.     **Manookian PLLC**

32. On January 14, 2019, after his indefinite suspension from the practice of law, Mr. Manookian created Manookian, PLLC, a single member entity with the same address as Cummings Manookian. (See **Exhibit 24**). Although the entity was created on January 14, 2019, it had a delayed effective date of February 1, 2019. Mr. Manookian cannot lawfully own or be a member of a PLLC as a result of his suspension from the practice of law, and since he holds no other professional license in Tennessee.  (See **Exhibit 25**)[2].

---

[2] Although Exhibit 25 only references a search under one category of professional licenses, all professional licenses of any type were searched.

Therefore, Mr. Manookian cannot himself legally be a member of Manookian, PLLC. See, e.g., Tenn. Code Ann. §48-249-1101 et. seq. The reason for the creation of Manookian PLLC is therefore unclear. However, the circumstances of this case- the formation of a PLLC by Mr. Manookian bearing his name, on the same date that he filed the new annual report of Cummings Manookian reducing its members from two to one, and the use of the same address as Cummings Manookian- raise a legitimate concern that the entity was created as a vehicle for the deposit of fees owed to Cummings Manookian.

## F.   MR. MANOOKIAN'S HISTORY OF VIOLATING COURT ORDERS

33.    In addition to the multiple violations of court orders that led to the Sanctions Judgment, Mr. Manookian has demonstrated in other litigation a willingness to defy court orders. On August 3, 2017, Mr. Manookian was sanctioned by the United States District Court in the Texas Lawsuit after the Court found that Mr. Manookian had "acted in bad faith and disrupted the litigation process." (**See Exhibit 26**). The Magistrate Judge found that Mr. Manookian had "engaged in a pattern of obfuscation," had failed "to provide credible explanations" about matters before the court, and had engaged in conduct that "essentially amounted to a flouting the Court's Orders." (See *Id.*). The Magistrate's Report and Recommendation was subsequently approved by the District Court Judge. (See **Exhibit 27**).

34.    Mr. Cummings was also counsel of record in *Shao v. HCA Health Services*, No. 16C2469, in which the Davidson County Circuit Court found that Mr. Manookian "has repeatedly ignored the clear directives of this Court and, at best, conducted himself in a

reckless manner." A copy of the Order imposing the sanctions and suspending Mr. Manookian practicing in Davidson County is attached as **Exhibit 28**.

## II. ARGUMENT

**A.      This Motion is Appropriate Even in this Early Stage of the Litigation**

Ordinarily, as judgment creditors against the Judgment Debtors as a result of the Sanctions Judgment in the David Chase Action, Plaintiffs would have filed this as a post-judgment motion in that case, as the Court has the inherent power to enter appropriate orders necessary for enforcement of the Court's judgment. *See, e.g. Cantrell v. Tolley*, No. W2010-02019-COA-R3-CV, 2011 Tenn. App. LEXIS 433, at *20 (Ct. App. Aug. 11, 2011). However, in *First American Trust Co. v. Franklin-Murray Development Company, L.P.*, 59 S.W.3d 135 (Tenn. Ct. App. 2001), the Tennessee Court of Appeals held that a trial court lacks jurisdiction to appoint a receiver for the collection of a judgment while a case is on appeal, even where the defendant has not filed a supersedeas bond or otherwise obtained a stay of execution. The *First American* court suggested that in order to have a receiver appointed while the case is on appeal, a judgment creditor should file a new lawsuit. *See Id.*, 59 S.W.3d at 142 n.10. Accordingly, Plaintiffs have no choice but to file a separate lawsuit to seek the relief that, absent an appeal, would be available by post-judgment motion in the Prior Lawsuit.

However, while the relief must, under the circumstances, be initially sought via this separate lawsuit, there is nothing that would prohibit this court from granting the entirety of the relief on motion, just as it could if filed under the caption of the David Chase Action

15

but for the pending appeal. Since no additional monetary damages are sought at this time as to any of the defendants in this lawsuit, no aspect of the relief sought in the complaint requires a trial to determine the rights or remedies available to Plaintiffs. The rights and remedies sought herein are, as set forth below, rights and remedies afforded to Judgment Creditors as a matter of statutory law. Judgment execution efforts otherwise normally effectuated by motion do not lose that character merely by being sought in a separate lawsuit. Likewise, the injunctive relief sought herein is available at any stage of litigation pursuant to Tenn. R. Civ. Proc. 65.

**B.** **The Court Should Issue a *Writ of Execution and Distringas/Fieri Facias* and Appoint a Receiver to Collect on the Choses of Action of Cummings Manookian and Hammervold PLC**

In aid of execution, this Court can issue a *Writ of Distringas* pursuant to Tenn. Code Ann. § 26-1-105, which provides that:

> The party, in whose favor a judgment or decree is rendered against a corporation, may sue out a distringas or fieri facias, to be levied as well on the choses in action as on the goods, chattels, lands, and tenements of the corporation, and, in case of a levy on choses in action, the court may appoint a receiver to collect the same.

As the text of Tenn. Code Ann. § 26-1-105 plainly states, the Court is authorized to appoint a receiver to collect the choses in action and other assets of a corporate judgment debtor. Additional authority supporting the court's power to appoint a receiver to collect corporate assets as a form of judgment execution levy is found at Tenn. Code Ann. § 26-3-103, which states:

16

An execution against a corporation may be levied on its choses in action, as well as on the goods and chattels, lands and tenements, of such corporation; and in case of a levy on choses in action, the court may appoint a receiver to collect or conserve the same.

The cases interpreting these statutes are few, and thus there is little guidance from the courts regarding the circumstances supporting the availability of a *writ of distringas* and a receiver under the statutes. On their face, the statutes appear to justify a writ and a receiver whenever there is a corporate judgment debtor with any assets, which is certainly the case here. Though the text of this section only specifically references such a remedy against corporations, that is because other forms of limited liability entities did not exist at the times that statute was enacted, and courts have regularly contemplated its use in recent years as to other types of limited liability vehicles. See, e.g., *First American Trust Co.* v. *Franklin-Murray Development Co., L.P.*, 59 S.W.3d 135, 142, fn.9 (Tenn. Ct. App. 2001)(contemplating receivership for effectuating distringas warrant as to limited partnership) and *D-Med, Inc., et al. v. Mid America Energy, Inc.*, et al, No. 3:07-cv-419 (M.D. Tenn. 2008)(allowing distringas warrant and appointment of receiver as to multiple entities in same action, including LLCs and LLPS).

There are many circumstances in the instant action that justify the issuance of a *Writ of Distringas/Fieri facias* and the appointment of a receiver to collect, keep safe, manage and distribute the Choses in Action of the corporate Sanctions Judgment Debtors. These circumstances include the following:

1.     Judgment execution efforts against each of the Sanctions Judgment Debtors have been returned, which efforts have not satisfied the Sanctions Judgment in full or even in part.

17

2.      The primary assets of Cummings Manookian and Hammervold PLC appear to be their Choses in Action, as set forth above.  The receiver requested in this matter, or an alternative receiver with equal qualifications appointed by this court, is necessary to ensure that these assets are properly collected and administered, to wit:

(a)      Although Plaintiffs also request injunctive relief in this motion, Mr. Manookian and Mr. Hammervold have demonstrated a clear willingness to violate court orders. Injunctive relief, therefore, is not sufficient by itself to protect Plaintiffs' interests;

(b)      Based on the nature of the Pending Cummings Manookian Litigation and Hammervold Pending Litigation, and the business model of law firms that tend to practice in these practice areas, it is reasonable to assume that a substantial portion- if not all- of the Pending Litigation is being handled on a contingency fee basis, in which the law firm receives its fee based on a percentage of amounts recovered for clients, and only at the conclusion of the litigation;

(c)      The potential recovery to Cummings Manookian and Hammervold PLC in their Pending Litigation is substantial;

(d)      Regardless of whether Cummings Manookian and Hammervold PLC are being compensated on an hourly basis or a contingency fee basis, absent the appointment of a receiver to control any payments on these Choses in Action, there is a substantial risk that payments arising out of fees earned in the pending lawsuits could be redirected in such a way as to circumvent payment

18

Case 3:23-cv-00961   Document 6   Filed 10/04/23   Page 71 of 694 PageID #: 2293

71

to Plaintiffs of the Sanctions Judgment. This risk is accentuated given the ongoing participation in many of these lawsuits by Mr. Cummings, acting by and through his law firm, Cummings Law as co-counsel, neither of which are Sanctions Judgment Debtors. As the former law partner of Mr. Manookian, and a long term colleague of both Mr. Manookian and Mr. Hammervold as shown by the number of cases in which they have appeared as co-counsel, it is reasonable to believe that there is a serious risk that any monies to be received as legal fees in any of these cases could be redirected among the lawyers by agreement in such a way as to be paid entirely to Mr. Cummings and/or Cummings Law, who could in turn remit to any of the Sanctions Judgment Debtors their portion of the fees, outside the purview of this court;

(e)     Likewise, the Jeweler Agreements, to the extent that they exist, are potentially generating hundreds of thousands of dollars of monthly income to Cummings Manookian or Mr. Manookian. It is also necessary that a receiver be appointed to determine the existence of any Jeweler Agreements, to make sure that Cummings Manookian is performing its obligations under the agreements, and to properly collect and account for the fees generated by such agreements, for the benefit of Plaintiffs.

A receiver is therefore necessary to preserve the rights of Cummings Manookian and Hammervold PLC in these Choses in Action, for the benefit of Plaintiffs. However, that receiver must necessarily be an attorney who would otherwise qualify as receiver for

19

an impaired, suspended or disbarred attorney under Tenn. S. Ct. Rule 9, § 29.[3] That is because, in order to review the documentation necessary to prepare for filing any such notices of attorneys' liens and take other necessary actions to collect any fees due Cummings Manookian and Hammervold PLC in all pending litigation, and to protect and enforce the rights of Cummings Manookian under the Jeweler Agreements and any other agreements, the receiver would necessarily have to review certain of records containing privileged attorney-client communications or other confidential information.

35. Accordingly, Plaintiffs request not only request the issuance of a Writ of Execution and Distringas/Fieri Facias as to the Cummings Manookian and Hammervold PLC Choses in Action, and also as to all other goods, chattels, lands and tenements of Cummings Manookian and Hammervold PLC as are allowed under Tenn. Code Ann. §26-6-105, but also here the appointment of a receiver to collect on all choses in action, said receiver to be vested with the usual powers, duties, rights of receivers appointed in similar cases, including specifically the following:

   a.   On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC have not yet received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler

---

[3] Tenn. Sup. Ct. Rule 9, §29 is not directly applicable in this case and is therefore not invoked as the basis for requesting a receiver here, since it provides the guidelines by which a court may appoint a receiver to protect primarily the interests of the *clients* of a lawyer no longer able to practice, whether by reason of disbarment, suspension, impairment or other similar reason. Nonetheless, it provides persuasive guidance in the factors that a court should consider in terms of the appointment of a receiver in this case.

Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b.      On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c.      The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d.      The right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian were or are engaged including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.      The right to make demand on any obligee owing money to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

21

f.   The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g.   The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Plaintiffs propose as the Receiver Mr. Phillip Young, a Williamson County attorney in good standing, who would qualify as a receiver for an attorney if this matter were presented under Tenn. S. Ct. Rule 9, §29. Mr. Young has agreed to serve in this role and has substantial experience in receiverships generally, and specific experience in the context of representing the bankruptcy equivalent of a receivership for an attorney. Mr. Young's resume is attached hereto as **Exhibit 29**. Mr. Young's hourly rate would be $325 per hour.

## C.   Injunctive Relief is Necessary to Prevent Interference with the Receiver's Duties in Aid of the Execution of this Court's Final Judgment

As already shown, Plaintiffs are entitled to the issuance of a *Writ of Execution and Distringas/Fieri Facias* and the immediate appointment of a receiver. The purpose of the preliminary injunction is to provide the receiver with the means for implementing the purposes of the receivership - execution of this Court's Judgment.

Rule 65.04 the Tennessee Rules of Civil Procedure provide that a temporary injunction is available where "the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the

22

adverse party will tend to render such final judgment ineffectual." In addition to these factors, Tennessee courts generally hold that when determining whether to grant injunctive relief, the trial court should consider such factors as the adequacy of other remedies, the benefit to the plaintiff, the harm to the defendant, and the public interest. *See, e.g. Humphries v. Minbiole*, No. M2011-00008-COA-R3-CV, 2012 Tenn. App. LEXIS 776, at *15 (Ct. App. Nov. 8, 2012). These factors weigh heavily in favor of granting injunctive relief in the instant case.

### 1.    **Irreparable Harm/Effectiveness of Final Judgment**

In this case, Plaintiffs can show that immediate and irreparable harm is likely to occur without the issuance of a preliminary injunction, and/or the acts or omissions of Defendants will tend to render the Sanctions Judgment ineffectual. Plaintiffs are suffering irreparable harm because the assets of Judgment Defendants, including cash and the proceeds of such assets, may be dissipated, concealed, or removed from this Court's jurisdiction. The findings of fact made in the Sanctions Judgment alone demonstrate a legitimate concern about whether Messrs. Manookian and Hammervold will abide by court orders in this case any more than they have abided by prior court orders. As such, it is necessary that this court likewise grant injunctive relief against *all* of the defendants in this case, in order to prevent effectuation of this order by any of the other persons under the control or influence of Messrs. Manookian and Hammervold. Absent injunctive relief against all Defendants in this lawsuit, Plaintiffs' ability to collect the Sanctions Judgment will be substantially impaired, thus rendering the Sanctions Judgment ineffectual.

23

2.  **Adequacy of Other Remedies**

There are no other adequate remedies. The receiver cannot adequately perform the receiver's duties if the Defendants interfere with the receiver or usurp the receiver's authority by collecting fees and not turning them over to the receiver.

3. **Harm to Defendants and the Public Interest**

There is no foreseeable harm to Defendants from injunctive relief or appointment of the receiver. A preliminary injunction and receivership merely will maintain the status quo. More importantly, the granting of temporary injunctive relief and appointment of a receiver will protect Plaintiffs' and the public's interests, including those of other creditors, in the assets of the Sanctions Judgment Debtors - the only means of satisfaction of the Judgment awarded Plaintiffs. It is likely that the assets will be irretrievably transferred and substantially greater harm will occur if the Receiver is not appointed or sufficiently fortified with the authority necessary to make safe, collect, manage and dispose of the property of the Sanctions Judgment Debtors than may occur if the injunctive relief or receiver are granted.

Most significantly, injunctive relief and a receiver will substantially benefit the public interest. The Sanctions Judgment - against two lawyers and their firms – resulted from conduct consisting not only knowing, willful, and intentional violations of this Court's orders, but a prolonged effort to "defraud" this Court. It was primarily the cover-up by the Sanctions Judgment Debtors that caused Plaintiffs to spend more than $700,000 in attorneys' fees. The Court should employ whatever powers are available to make the

24

consequences of this type of conduct tangible, as a deterrent to future misconduct by lawyers practicing in this – or any – Court.

**D.      The Court Should Grant the Rights Available to Plaintiffs under Tenn. Code Ann. § 26-4-101 *et. seq.***

Tennessee law provides for a remedy designed for situations just like the one presented by this case, in the form of what is known as a "Bill to Subject Property." Specifically, Tenn. Code Ann. § 26-4-101 et. seq. provides:

> The creditor whose execution has been returned unsatisfied, in whole or in part, may proceed in the court granting the judgment, or may file a complaint in a court of general jurisdiction against the defendant in the execution and any other person, to compel the discovery of any property, including stocks, choses in action or money due such defendant, or the defendant's interest in property held in a trust for the defendant, except when the trust is exempt from the claims of the defendant's creditors under §§ 35-15-501 -- 35-15-509 of the Tennessee Uniform Trust Code.

A request for such a Bill to Subject has been made in this Lawsuit.  Upon filing of a Creditor's Bill, Tenn. Code Ann. § 26-4-102 provides that

> The court has power to compel the discovery, and to prevent the transfer, payment, or delivery of the property, and to subject the same to the satisfaction of the judgment or decree, whether such property could, if in the defendant's possession or with the title vested in the defendant, be levied upon by execution or not.

Furthermore, pursuant to Tenn. Code Ann. § 26-4-103, "[t]he Court is empowered to order all such bonds and other instruments to be executed by either the complainant or

defendant, and all such transfers to be may be necessary to carry the jurisdiction into complete effect."

Pursuant to this statutory authority, Plaintiffs request, as to each and every Defendant, an order: (1) compelling the defendant to identify and turn over to Plaintiffs (or, as appropriate to any Receiver appointed by this Court) all documents related to any property encompassed within Tenn. Code. Ann. § 26-4-101 in which any of the Sanctions Judgment Debtors have an interest; (2) preventing the transfer, payment or delivery of said property to anyone else; and (3) ordering the immediate transfer of that property to Plaintiffs or, as deemed appropriate, to a receiver appointed by the court.

***THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF FILED IN THIS MATTER***

26

Respectfully submitted,

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

Gregory H. Oakley, BPR #16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

Counsel for Plaintiffs

**THIS MOTION IS SET TO BE HEARD ON** _May 21, 2019_
**AT** _9:00_ **O'CLOCK (AM/PM] ON THE CIRCUIT COURT MOTION
DOCKET HEARD AT THE WILLIAMSON COUNTY COURTHOUSE. IF NOT
WRITTEN RESPONSE TO THIS MOTION IS FILED AND SERVED IN THE
TIME SET BY THE LOCAL RULES OF PRACTICE, THIS MOTION MAY BE
GRANTED WITHOUT A HEARING.**

27

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document is being served on the following via hand delivery, along with the summons and complaint in this action:

Cummings Manookian PLC
c/o Cummings Manookian PLC
45 Music Square West
Nashville, TN 37203

Manookian PLLC
c/o Manookian PLLC
45 Music Square West
Nashville, TN 37203

Hammervold PLC
c/o Incorp Services, Inc., Registered Agent
216 Centerview Dr Ste 317
Brentwood TN 37027

Brian Philip Manookian
2016 Sunset Hills Terrace
Nashville TN 37215

Mark Hammervold
1758 N Artesian Ave
Chicago IL 60647

Cummings Law, LLC
c/o Brian Cummings, Registered Agent
1901 Wildwood Avenue
Nashville TN 37212

Brian Cummings
4235 Hillsboro Pike Ste 300
Nashville TN 37215

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville TN 37215

Dated: April 25, 2019

Greg Oakley

28

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 MAY 30 PM 2: 20

ENTERED 6-20-19

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

DEAN CHASE; SANDRA CHASE;                    )
and D.F. CHASE, INC.,                        )
                                             )
        Plaintiffs,                          )
                                             )
v.                                           )    No. 2019-221
                                             )
CUMMINGS MANOOKIAN PLC;                      )
MANOOKIAN PLLC; BRIAN                        )
PHILIP MANOOKIAN;                            )
HAMMERVOLD PLC; MARK                         )
HAMMERVOLD; CUMMINGS LAW                     )
LLC; BRIAN CUMMINGS;                         )
and AFSOON HAGH,                             )
                                             )
        Defendants.                          )

---

## ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFFS' MOTION TO SUBJECT PROPERTY, ISSUE WRITS OF EXECUTION AND DISTRINGAS/FIERI FACIAS, APPOINT RECEIVER AND GRANT INJUNCTIVE RELIEF

---

This matter came before this court on May 23, 2019 on the Motion of Plaintiffs (a) pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103, for the issuance of *Writs of Execution and Distringas/Fieri Facias* on the assets of defendants Cummings Manookian PLC and Hammervold PLC and to appoint a receiver for the collection of their choses in action (Counts I and II of the complaint); (b) for Relief pursuant to Tenn. Code Ann.§ 26-4-101 *et.seq.* (Count III of the Complaint), and (c) for temporary injunctive relief pursuant Tenn. R. Civ. Proc. 65.04 (Count IV of the Complaint) (hereinafter the "Plaintiffs' Motion"). The Court having first considered and denied in full the separate motions of defendant Hammervold PLC to dismiss the above captioned lawsuit and to disqualify Plaintiffs' counsel, as reflected by separate orders entered

contemporaneously herewith, and having thereafter further considered the merits of the Plaintiffs' Motion[1], the responses in objection filed thereto, and the arguments of all counsel at the hearing on this matter, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

<u>**COUNTS I AND II OF THE PLAINTIFF'S COMPLAINT**</u>

The Court **GRANTS** the relief requested in Plaintiffs' Motion as reflected in Counts I and II of the complaint, with certain conditions set forth herein to address: (a) the specific concerns of defendants Brian Cummings and Cummings Law concerning contacts with their clients, as raised in their written objection to Plaintiff's Motion and presented in oral argument at the hearing of this matter; and (b) to address one particular concern raised by defendant Brian Manookian concerning past settlements of cases where funds have already been released, as raised in oral argument of this matter.

Specifically, the Court finds it is necessary and appropriate to issue the requested writs and appoint a receiver pursuant to Tenn. Code Ann. §§ 26-1-105 and 26-3-103 in order to enable Plaintiffs to levy on the choses in action of Cummings Manookian PLC and Hammervold PLC, specifically any rights to money, or property of any kind, from any third party, including without limitation, from clients, counsel or co-counsel, and the contract or other rights arising under the Jeweler Agreements as referenced in Plaintiffs' Motion. The Court hereby appoints Phillip Young receiver of Cummings Manookian and Hammervold PLC for purposes of collecting all Choses of Action of these two entities, vesting in Mr. Young all of the usual powers and duties of a receiver under Tennessee law, including the following as requested in Plaintiffs' Motion and as modified herein:

---

[1] To the extent that capitalized terms are not otherwise defined herein, the Court incorporates the definitions for such capitalized terms used in Plaintiffs' Motion.

2

a. On-sight viewing (in native format) and making copies of all records of Cummings Manookian and Hammervold PLC related to any and all cases in which Cummings Manookian and/or Hammervold PLC had not yet, as of 1:00 p.m. on May 23, 2019 (hereinafter the **"Order Effective Date"**) received all compensation they are owed, including but not limited to the specifically identified Pending Litigation of both, and the Jeweler Agreements and any other contract, as the Receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC, or anyone else;

b. On sight viewing (in native format) and making copies of all contracts and financial records of Cummings Manookian and Hammervold PLC as the receiver, in his sole discretion, deems appropriate, from time to time, on demand and without advance notice to agents of Cummings Manookian, Hammervold PLC or anyone else;

c. The right to file notices of attorney' liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation, and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership;

d. Except as set forth below as concerns cases in which Brian Cummings or Cummings Law are sole or co-counsel, the right to contact clients, co-counsel, or opposing counsel of Cummings Manookian and Hammervold PLC to discuss any and all issues related to the matters in which Cummings Manookian or Hammervold PLC, acting by or through any of their agents, were or are engaged

3

including, but not limited to, status of proceedings, status of settlement discussions, fees structure and fees owed;

e.      The right to make demand on any obligee owing money or property of any kind to Cummings Manookian and/or Hammervold PLC for any reason, and to collect said money or property, by judicial action, if necessary, in the name of Cummings Manookian and/or Hammervold PLC.

f.      The right to hire such consultants, accountants and other agents as the receiver, in his reasonable discretion, deems necessary to perform his duties; and

g.      The right of the receiver to collect his hourly rate for services from proceeds collected, upon application made to this court after appropriate notice to all interested parties.

Notwithstanding the foregoing, and in order to address the concerns raised by Brian Cummings and Cummings Law in their response, absent further court order, the Receiver is specifically ordered not to contact clients of Mr. Cummings or Cummings Law, and though no receiver has been requested in Plaintiffs' Motion as to Cummings Law, the court clarifies that the Receiver shall have no right to inspect the books and records of Cummings Law, absent further order of this Court.      However, this restriction, and for that matter any other restriction on the receiver's rights under this order, or any other term of this order, shall not in any way impair the right of Plaintiffs to engage in such discovery in this action as it is entitled under the Tennessee Rules of Civil Procedure, Tenn. Code Ann. § 26-4-101 et. seq., and any other basis at law or in equity, or from otherwise executing on the Sanctions Judgment against any of the Sanctions Judgment Debtors.

4

To the extent deemed necessary and appropriate in the exercise of his discretion, the Receiver may apply directly to the Clerk of this Court, and the Clerk is hereby directed to issue to the Receiver, all such writs of Execution, Distringas, and/or Fieri Facias as the Receiver deems appropriate to carry out the Receiver's duties. The Receiver is hereby authorized to carry out said writs to take possession of the proceeds of any Choses in Action of Cummings Manookian and or Hammervold PLC as would the sheriff if the writs had been issued to the sheriff, to the same extent as set forth in Title 26 of the Tennessee Code and in Tenn. R. Civ. Proc. 69.

In order to avoid the risk of Plaintiffs recovering any amount in excess of the Sanctions Judgment Balance plus accrued interest thereon at that time, the Receiver is ordered to not distribute any money collected in this matter, either in the form of payments to the Receiver or payments to Plaintiffs, pending further order of this court. Likewise, and for the same reason, to the extent that Plaintiffs recover any portion of the Sanctions Judgment Balance via judgment execution efforts undertaken in the underlying case in which the Sanctions Judgment was rendered, Plaintiffs shall timely report same to the Receiver and to this court in order to allow the Receiver to avoid recovering an amount greater than the Sanctions Judgment Balance plus accrued post-judgment interest through that date.

### COUNT III OF LAWSUIT

The Court **GRANTS** Plaintiffs' request for relief pursuant to Tenn. Code Ann. § 26-4-101 *et. seq.* as requested in Count III of the Lawsuit filed in the above captioned matter. Specifically, the court **ORDERS** that, within 30 days of the Order Effective Date (as that term is defined above), each Defendant[2] shall file with this court, and provide to Plaintiff, (a) a sworn statement identifying

---

[2] Other than Mark Hammervold in his individual capacity, since Mr. Hammervold has not been personally served with the lawsuit at this time

5

all rights or interest in property, of any kind, tangible or intangible, matured or unmatured (including but not limited to cash, stocks, choses in action or money due), and known by Defendant to be, or believed by Defendant to be, owned in whole or in part by any of the Sanctions Judgment Debtors, or held in trust for any of the Sanctions Judgment Debtors (unless held in a trust that is exempt from the claims of creditors pursuant to Tenn. Code Ann. §35-15-501 through 509), regardless of whether such property could be levied upon by execution or not, (b) the last known location and holder of said property, and (c) all documents on which the foregoing belief is based. It is further **ORDERED** that all Defendants are (except as specifically provided below) prohibited from transferring, paying or delivering said property to anyone else; or consenting to, or participating in, the transfer, payment or delivery of said property to anyone else, and to the extent said defendant has possession or control of said property, the Defendant shall act as follows: (i) to the extent that the property in question constitutes proceeds of any chose in action of Cummings Manookian and/or Hammervold PLC (including but not limited to fees, expenses or other compensation due from any source) said proceeds shall be immediately remitted by the Defendant to the Receiver in such manner as directed by the Receiver in writing, and (ii) to the extent that the property in question is any other type of property, the Defendant is instructed to hold said property in trust for the benefit of Plaintiffs, pending further order of this court.

## COUNT IV OF LAWSUIT

Plaintiffs' separate request for injunctive relief pursuant to Tenn. R. Civ. Proc. 65 is DENIED.

Any relief sought in Plaintiffs' Motion not addressed specifically herein, and all relief sought in Plaintiffs' Motion as to Mark Hammervold personally, is reserved for future ruling by this Court.

6

**IT IS SO ORDERED.**

_Judge David Allen_

Submitted for Entry:

Daniel H. Puryear, No. 18190
Puryear Law Group
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
(615) 630-6601 – Telephone
(615) 630-6602 – Facsimile
dpuryear@puryearlawgroup.com

Gregory H. Oakley; No. 16237
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
(615) 209-9814
goakley@oakley-law.com

_Counsel for Plaintiffs_

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, a true and correct copy of the foregoing has been served by: first class mail, postage prepaid, except where indicated below, to:

Brian Manookian, Esq.,
45 Music Square West
Nashville, TN 37203

*Pro se and Counsel for Cummings Manookian,*
*PLC, Manookian PLLC, and Afsoon Hagh*

Mark Hammervold, Esq.
1758 N. Artesian Ave.,
Chicago, IL 60647-5311

Mark Hammervold, Esq.
315 Deaderick St., Suite 1550
Nashville TN 37238

*Counsel for Hammervold, PLC*

Brian Cummings, Esq. **(via email only)**
4235 Hillsboro Pike, Suite 300
Nashville TN 37215
brian@cummingsinjurylaw.com

*Pro se and as Counsel for Cummings Law,*
*LLC*

Daniel H. Puryear

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.
6/20/19        _____ PC
Date            Circuit Court

8



Phillip Young <phillip@thompsonburton.com>

---

## Fitzgerald v. Osburn

**Steve Meisner** <smeisner@bkblaw.com>    Wed, Aug 21, 2019 at 10:22 AM
To: Phillip Young <phillip@thompsonburton.com>
Cc: Leslie Scales <lscales@bkblaw.com>

Phillip –

The settlement check in this case will be made payable to the plaintiffs and Hagh Law, PLC. As you can see from the attached, Brian Manookian filed the lawsuit under Cummings Manookian PLC, but was suspended for period of time during the pendency of this case. After he was reinstated, I do not believe he filed anything under Cummings & Manookian. The Court file would be the best source in this regard. As you can see from the attached transcript, Brian took three deposition on July 24, 2019 on behalf of the plaintiffs. And, as I previously stated, Brian and Afsoon both participate in the mediation on Monday. The settlement agreement is binding and requires my client to pay plaintiff and Hagh Law, PLC. I do not see that the order you sent to me addresses Hagh Law, PLC or Mr. Manookian, individually. I am in the office today of we need to discuss further.

Respectfully,

**Steve Meisner**

Attorney at Law



545 Mainstream Drive, Suite 101, Nashville, Tennessee 37228-1209

Website: www.bkblaw.com

Direct: 615-630-7727 Fax: 615-256-8985

https://mail.google.com/mail/u/0?ik=e8a2bb4762&view=pt&search=all&permmsgid=msg-f%3A1642490481328524306&simpl=msg-f%3A1642490481328524306

*NOTICE: This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail so that our address record can be corrected.*

**From:** Phillip Young <phillip@thompsonburton.com>
**Sent:** Tuesday, August 20, 2019 4:20 PM
**To:** Steve Meisner <smeisner@bkblaw.com>
**Subject:** Fitzgerald v. Osburn

Mr. Meisner,

[Quoted text hidden]

## Thompson Burton PLLC

*Redefining the Art of Law.*

_____

**Phillip Young**

One Franklin Park

6100 Tower Circle, Suite 200

Franklin, TN 37067

Direct Dial: (615) 465-6008

phillip@thompsonburton.com

www.thompsonburton.com

[Quoted text hidden]

**4 attachments**

 **ER Honda Fitzgerald Complaint 180625.pdf**
1455K

 **ER Honda Fitzgerald Mot Withdraw 190226.pdf**
89K

 **ER Honda Fitzgerald Resp in Opposition to Defendants Motion for Order of Protection 190627.pdf**
365K

 **ER Honda Fitzgerald Depo Transcript Osborn 190724.pdf**
481K



# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

MARTY FITZGERALD and MELISSA )
FITZGERALD, individually, as husband )
and wife, and on behalf of their deceased )
child, MEGAN FITZGERALD, )
)
Plaintiffs, )
)
v. )  NO. 2018-311
)  JURY DEMAND
JAMES WOODROW OSBORN and )
OSBORN ENTERPRISES, INC., II, and )
OSBORN ENTERPRISES, INC., III, )
)
Defendant. )

FILED

DEC 1 3 2018

Debbie McMillan Barrett
Circuit Court

---

## MOTION TO WITHDRAW

---

Pursuant to Section 28 of Rule 9 of the Tennessee Supreme Court, Brian Manookian moves

to withdraw as counsel in this matter.  Afsoon Hagh continues to represent the Plaintiffs.

Respectfully submitted,

Brian P. Manookian, #26455
Afsoon Hagh, #28393
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(615) 266-3333 (phone)
(615) 266-0250 (fax)

*Attorneys for the Plaintiffs*

1

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, a true and correct copy of the foregoing was proved by US Mail to the following:

Steve Meisner
Brewer Krause Books & Chastain
545 Mainstream Drive
Nashville, Tennessee 37228
T: 615.630.7727
F: 615.256.8985
smeisner@bkblaw.com

Brian P. Manookian

2

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

ORIGINAL

COPY

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **MARTY FITZGERALD** and **MELISSA FITZGERALD**, individually, as husband and wife, and on behalf of their deceased child, **MEGAN FITZGERALD**, | ) ) ) ) ) | 2019 JAN 22 PM 3: 54<br><br>ENTERED _____ |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **NO. 2018-311** |
| **JAMES WOODROW OSBORN** and **OSBORN ENTERPRISES, INC., II,** and **OSBORN ENTERPRISES, INC., III,** | ) ) ) ) | **JURY DEMAND** |
| **Defendant.** | ) ) | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY AND COMPARATIVE FAULT

Comes now Plaintiffs, Marty Fitzgerald and Melissa Fitzgerald, by and through counsel, and pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, and hereby move this Court for an order granting summary judgment against Defendant James Osborn in favor of the Plaintiffs on the issues of Defendant Osborn's liability and Defendant's Osborn's comparative fault defense.

The Plaintiffs would show that there is no genuine issue as to any material fact and that they are entitled to summary judgment against Defendant Osborn on the issue of liability and comparative fault as a matter of law.

The Plaintiffs rely upon their Memorandum of Law, their Rule 56.03 Statement of Undisputed facts, and the exhibit(s) thereto, all filed contemporaneously with this Motion.

Respectfully submitted,

Afsoon Hagh #28393
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(T) 615.266-3333
(F) 615.266-0250
afsoon@cummingsmanookian.com

*Attorney for the Plaintiffs*

## REQUEST FOR HEARING

**PURSUANT TO RULE 5.03(b) OF THE LOCAL RULES OF COURT, THE PLAINTIFFS HEREBY MOVE THIS COURT FOR A DATE CERTAIN FOR HEARING OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT.**

## CERTIFICATE OF SERVICE

I certify that on January 22, 2019, a true and correct copy of this document was provided by U.S. Mail, postage pre-paid and facsimile to the following:

Mr. Steve Meisner
Brewer Krause Books & Chastain
545 Mainstream Drive
Nashville, Tennessee 37228
T: 615.630.7727
F: 615.256.8985

*Attorney for the Defendants*

Afsoon Hagh

2

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

MARTY FITZGERALD and MELISSA
FITZGERALD, individually, as husband
and wife, and on behalf of their deceased
child, MEGAN FITZGERALD,

    Plaintiffs,

v.

JAMES WOODROW OSBORN and
OSBORN ENTERPRISES, INC., II, and
OSBORN ENTERPRISES, INC., III,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 2018-311
JURY DEMAND

COPY

---

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF LIABILITY AND COMPARATIVE FAULT

---

    The Plaintiffs, Marty Fitzgerald and Melissa Fitzgerald, by and through undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion for Partial Summary Judgment on the Issues of Liability and Comparative Fault.

### INTRODUCTION

    This is a clear-liability wrongful death case. Defendant James Osborn admits that he is responsible the death of the Decedent, Megan Fitzgerald:

Q.    You killed Megan Fitzgerald. Correct?

A.    Yes.

Q.    You are responsible for Megan Fitzgerald's death. Correct?

A.    Yes.[1]

---

[1] Osborn Depo. Pg. 10:13-17.

The Decedent, Megan Fitzgerald, was the seventeen (17) year old daughter of Plaintiffs Marty and Melissa Fitzgerald.[2] On May 9, 2018, Megan Fitzgerald was bicycling when Defendant Osborn approached her in his truck and ran her over, thereby causing her death.

The pleadings and discovery in this case have shown that there is no genuine of material fact that the Defendant is legally 100% at fault for Megan Fitzgerald's death. As such, the Plaintiffs ask this Court to enter summary judgment in favor of the Plaintiffs on this issue.

Entry of partial summary judgment in favor of the Plaintiffs on liability is proper under Tenn. R. Civ. P. 56.01. The relief sought by Plaintiffs will serve the interest of judicial economy by permitting the Parties to focus their proof, and the jury's attention, on the only genuinely disputed issue at trial: the amount and extent of damages Defendant Osborn caused when he ran over and killed Megan Fitzgerald on May 9, 2018.

## SUMMARY JUDGMENT STANDARD

A claimant may move for summary judgment as soon as thirty (30) days after service of the Complaint. Tenn. R. Civ. P. 56.01. Summary judgment "shall be rendered" in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial." *Byrd v. Hall*, 847 SW 2d 208, 211 (Tenn. 1993). The purpose of Rule 56 is to provide a means for accelerating litigation of issues that are not disputed, or which cannot be genuinely disputed by the parties. *Byrd*, 847 SW 2d at 210.

---

[2] Plaintiffs' Statement of Undisputed Material Facts, ¶ 1 (hereinafter "P's SUMF, ¶   "); Answer ¶ 1.

Summary judgment motions are often used to determine "whether a defendant owes a duty to a plaintiff in a particular circumstance because questions involving the existence and extent of one's legal duty to prevent harm to others is a question of law for the courts." *Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003). Although the elements of "breach" and "causation" are typically questions of fact requiring trial by a jury, "these questions may be decided at the summary judgment stage if the evidence is uncontroverted and if the facts and the inferences drawn reasonably from the facts permit reasonable persons to draw only one conclusion." *Rains*, 124 S.W.3d at 588.

Since the Plaintiffs have the burden to prove the prima facie elements of liability (duty, breach and causation), the Plaintiffs must present affirmative evidence to establish these elements. *See Byrd*, 847 SW 2d at 215, n. 5. Once this occurs, the burden of production shifts to Defendant Osborn to show that a genuine dispute of material fact exists as to one or more of these elements. *Id.*

The portion of this motion for partial summary judgment directed towards Defendant Osborn's comparative fault defense is governed by Tenn. Code Ann.§ 20-16-101. As to Defendant's affirmative defense(s), the Plaintiffs need only show that Defendant's evidence is insufficient and the Defendant must come forward with sufficient evidence to show a genuine issue of material fact for trial. *Id.*

## STATEMENT OF FACTS

On May 9, 2018, Megan Fitzgerald was riding her bicycle on the right-hand side of a straight part of Coleman Road in Franklin, Williamson County, Tennessee.[3] There was nothing illegal, improper or inappropriate about the fact or manner that Megan Fitzgerald was riding a bicycle on Coleman Road in May of 2018.[4]

---

[3] P's SUMF ¶ 2; Answer ¶ 12; Osborn Depo. p. 20:19.
[4] P's SUMF ¶ 3; Osborn Depo. p. 10:18-11:12.

On the same day and at the same time, Defendant James Osborn ("Osborn") was traveling in his truck on Coleman Road.[5]

Osborn approached Megan Fitzgerald from behind and struck her with his truck while she was on her bike.[6] The Accident Report provided the following demonstrative of the collision:



There is no dispute that Megan Fitzgerald's death was caused by Defendant Osborn striking her with his truck.[7]

Defendant Osborn also admits that he is 100% responsible for Megan Fitzgerald's death.[8] During his deposition, Osborn testified as follows:

Q.    You killed Megan Fitzgerald.  Correct?

A.    Yes.

Q.    You are responsible for Megan Fitzgerald's death.  Correct?

A.    Yes.

*****

[5] P's SUMF ¶ 4; Answer ¶ 11.
[6] P's SUMF ¶ 5; Answer ¶ 12.
[7] P's SUMF ¶ 6; Answer, ¶¶ 5, 14, 16, 27, 31.
[8] P's SUMF ¶¶ 7-8; Osborn Depo. pp. 10:13-17; 63:15-17.

Q. Do you take responsibility for what occurred?

A. 100%[9]

Defendant Osborn admitted during his deposition that there was no excuse for his conduct that led to Megan Fitzgerald's death.[10] He testified as follows:

Q. ...There is no excuse for your conduct that led to Megan Fitzgerald's death. Correct?

A. Yes.[11]

Defendant Osborn clearly should have seen Megan Fitzgerald on the road, but he did not.[12] Nothing about the weather, road conditions, or anything else outside of Osborn's control prevented him from seeing Megan Fitzgerald on May 9, 2018.[13]

If Defendant Osborn had been paying attention and had seen Megan Fitzgerald, he could have passed her in a safe manner without striking her.[14] However, Defendant Osborn took no action to try to avoid striking Megan Fitzgerald with his truck.[15]

When Defendant Osborn was approaching Megan Fitzgerald to pass her, Tennessee law *required* him to provide her at least three (3) feet of clearance.[16] The purpose of this requirement under Tennessee law was for her safety — to protect bicyclists against the risk of the motorist striking the bicyclist.[17] Defendant Osborn violated this safety rule: he did not give Megan Fitzgerald three (3) feet of space as his truck passed and collided with her on May 9, 2018.[18]

---

[9] P's SUMF ¶ 8; Osborn Depo. pp. 10:13-17; 63:15-17.
[10] P's SUMF ¶ 9; Osborn Depo. p. 12:10-15.
[11] P's SUMF ¶ 10; Osborn Depo. p. 12:10-15.
[12] P's SUMF ¶ 11; Osborn Depo. pp. 23:10-14; 24:9-13.
[13] P's SUMF ¶ 12; Osborn Depo. pp. pp. 22:10-23:9, 23:10-14; 24:9-13.
[14] P's SUMF ¶ 14; Osborn Depo. p. 56:9-57:10.
[15] P's SUMF ¶ 13; Osborn Depo. p. 32:22-33:3.
[16] P's SUMF ¶ 15; Tenn. Code Ann. § 55-8-175(c)(2); Osborn Depo. p. 69:4-15.
[17] P's SUMF ¶ 16; Osborn Depo. p. 70:10-15.
[18] P's SUMF ¶ 17; Osborn Depo. p. 70:16-22.

Despite pleading comparative fault in his Answer, Defendant Osborn does <u>not</u> blame Megan Fitzgerald "at all" for her death.[19] During his deposition, Defendant Osborn testified:

Q.      Do you take responsibility for what occurred?

A.      100%

Q.      You don't blame Megan Fitzgerald at all for what occurred, do you?

A.      No. Not at all.[20]

Coleman road is not unsuitable for bicycle traffic.[21] Defendant Osman admits that Megan Fitzgerald was not doing anything wrong by bicycling on Coleman Road at the time.[22] On this point, Osborn testified:

Q.      It's not your position that Megan Fitzgerald should not have been bicycling on Coleman Road at the time and in the manner she was doing so on May 9, 2018. Correct?

A.      No, I'm not saying she was doing anything wrong.

Q.      You don't blame Megan Fitzgerald at all for what occurred, do you?

A.      No. Not at all.[23]

Likewise, Defendant Osborn does not blame the Plaintiffs "at all" for their daughter, Megan Fitzgerald's death.[24]

## ARGUMENT

To prevail on a negligence claim, a plaintiff must prove the elements of (1) duty, (2) breach and (3) causation. *King v. Anderson Cnty,* 419 S.W.3d 232, 246–47 (Tenn. 2013). The Court should grant summary judgment in favor of the Plaintiffs because there can be no dispute as to any of these elements of the Plaintiffs' negligence / wrongful death claim against Defendant Osborn.

---

[19] P's SUMF ¶ 18; Osborn Depo. p. 61:15-20.
[20] P's SUMF ¶ 19; Osborn Depo. p. 61:15-20.
[21] P's SUMF ¶ 21; Osborn Depo. p. 10:11-11:12.
[22] P's SUMF ¶ 22; Osborn Depo. p. 66:7-13-19.
[23] P's SUMF ¶ 23; Osborn Depo. p. 66:7-13-19.
[24] P's SUMF ¶ 20; Osborn Depo. p. 62:7-12.

## I. The Plaintiffs are Entitled to Summary Judgment on the Element of Duty.

With respect to the element of duty, it is undisputed that Defendant Osborn owed a duty to the Decedent during the time in question to exercise due care and to follow traffic laws, including the statutory requirement that motorists such as Defendant Osborn provide at least three (3) feet of clearance when overtaking a bicycle on the road.

Duty is a question of law for the court to determine. *Rains*, 124 S.W.3d at 588. In Tennessee, the existence and scope of a defendant's duty may arise from the common law and/or by statute. *Id.* at 588-591.

Under the common law, every driver on any road in Tennessee owes a duty of care to others on or near the road to drive with due care. The Tennessee Pattern Jury Instructions describe this duty as follows:

> Each driver is under a duty to maintain a reasonably safe rate of speed; to keep the automobile [vehicle] under reasonable control; to keep a proper lookout under the existing circumstances; to see and be aware of what is in that driver's view; [and] to use reasonable care to avoid an accident [and to obey the traffic laws].

T.P.I.-CIVIL 5.0l, Duty of Driver, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 5.01 (2015 ed.).

Tennessee law also imposes a statutory duty on motorists, including the Defendant, with respect to the exact situation at issue in this case. Motorists like Defendant Osborn must provide bicyclists, like the Decedent, at least three (3) feet of clearance when overtaking a bicycle.[25]

On May 9, 2018, Tenn. Code Ann. § 55-8-175(c)(2) required as follows:

> The operator of a motor vehicle, when overtaking and passing a bicycle proceeding in the same direction on the roadway, shall leave a safe distance between the motor vehicle and the bicycle of not less than three feet (3') and shall maintain the clearance until safely past the overtaken bicycle.

This statutory requirement is known as "Jeff Roth and Brian Brown Bicycle Protection Act of 2007." Tenn. Code Ann. § 55-8-175(c)(1). Both Jeff Roth and Brian Brown were hit and killed

---

[25] P's SUMF ¶ 15; Tenn. Code Ann. § 55-8-175(c)(2); Osborn Depo. p. 69:4-15.

from passing motorists while bicycling. This statute was specifically enacted to to protect bicyclists like them, and like Megan Fitzgerald from being hit by motorists like Defendant Osborn.[26]

In his Answer, Defendant Osborn admits that he had a duty to other individuals on the road on May 9, 2018, including bicyclists such as Megan Fitzgerald, (1) to follow the traffic laws; and (2) to exercise due care to avoid causing injuries to others. Answer, ¶ 28. In his deposition, Defendant Osborn specifically agreed that he had a duty to provide a bicyclist such as Megan Fitzgerald at least three (3) feet when passing:

> Q:     Having observed and passed hundreds of bicyclists on the road over the last decade in Williamson County in your motor vehicle, you were aware of the risk of failing to leave enough room for a bicyclist as you passed them. Correct?
>
> A:     Yes. Three feet.
>
> Q:     You're aware that you're required to provide three feet as you pass a bicyclist. Correct?
>
> A:     Yes.
>
> Q:     You were aware of that on May 9, 2018, and before that time. Correct?
>
> A:     Yes.[27]

As a matter of law – and undisputed fact – Defendant Osborn owed a duty to the Decedent on May 9, 2018 to exercise due care to avoid causing the Megan Fitzgerald injuries, and this duty required the Defendant to provide the Megan Fitzgerald at least three (3) feet when he approached her bicycling while he was in his truck on Coleman Road. As such, this Court should enter summary judgment in favor of the Plaintiffs on the element of duty.

---

[26] P's SUMF ¶ 16; Osborn Depo. p. 70:10-15.
[27] Deposition of Osborn, p. 69:4-15 (emphasis added).

## II.    The Plaintiff is Entitled to Summary Judgment on the Element of Breach.

The evidence also supports only one conclusion as to the element of "breach" in this case. The Defendant failed to exercise due care as a matter of law – and undisputed fact – when he hit and killed Megan Fitzpatrick on May 9, 2018.

The Plaintiffs are entitled to summary judgment of the element of breach because (a) Defendant Osborn was negligent *per se* in violation of Tenn. Code Ann. § 55-8-175(c)(2) when he struck Megan Fitzgerald; and (b) Defendant Osborn admits he was responsible for causing Megan Fitzgerald's because he should have seen her bicycling and has no excuse for striking her.

### a.    The Defendant was Negligent *Per Se* (as a Matter of Law) because He Failed to Provide the Decedent at Least Three (3) Feet When Overtaking Her, in Violation Tenn. Code Ann. § 55-8-175(c)(2).

The doctrine of negligence *per se* "enables the courts to mold standards of conduct in penal statutes into rules of civil liability." *Rains*, 124 S.W.3d at 589. When a defendant is negligent *per se*, the defendant is "negligent as a matter of law." *Id.* "[A] person whose conduct is negligent *per se* cannot escape liability by attempting to prove that he or she acted reasonably under the circumstances." *Id.* For the doctrine of negligence *per se* to apply, the following conditions must be present:

a.    There must be a causal connection between the statutory violation and the injury; and

b.    The plaintiff must be a person whom the law was intended to protect/benefit.

*Bennett v. Putnam County*, 47 S.W.3d 438 (Tenn. App. 2000); *Alex v. Armstrong*, 215 Tenn. 276, 385 S.W.2d 110 (1964).

Tenn. Code Ann. § 55-8-175(c)(2) satisfies these requirements because its requirement that motorists give bicyclists at least three (3) feet of clearance exists precisely to protect bicyclists like Megan Fitzgerald from the exact type of hazard and injury she ultimately sustained.[28]

---

[28] P's SUMF ¶ 16; Osborn Depo. p. 70:10-15.

Defendant Osborn is negligent as a matter of law because Tenn. Code Ann. § 55-8-175(c)(2) required him to give Megan Fitzgerald at least (3) feet of clearance when he approached her on Coleman Road on May 9, 2018,[29] but he failed to do so.[30]

### b. Defendant Osborn is Negligent as a Matter of Undisputed Fact because he Has No Excuse for his Conduct and Admits that He is Responsible for Her Death.

Defendant Osborn also agrees – as a matter of undisputed material fact – that he was responsible for Fitzgerald's death, including because he has no excuse for not seeing and not striking Megan Fitzgerald on May 9, 2018.

During his deposition, Defendant Osborn admitted that he is 100% responsible for Megan Fitzgerald's death.[31] Defendant Osborn was correct on this point.

Tennessee law recognizes a presumption that a motorist exercising reasonable care should be able to avoid a collision with a vehicle ahead of him/her unless that vehicle stops suddenly and unexpectedly. *Ewing v. Birthright*, 60 Tenn. App. 454, 460 (Tenn. Ct. App. 1969).

That was the situation in this case. Defendant Osborn approached Megan Fitzgerald from behind and struck her.[32] There were no extraordinary circumstances excusing this conduct.

Tennessee drivers have a duty "to see and be aware of what is in that driver's view." T.P.I.-CIVIL 5.01, Duty of Driver, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 5.01 (2015 ed.). Defendant Osborn breached this duty because he failed to see Megan Fitzgerald in his plain view before he ran her over.[33] He has no excuse for this,[34] including because nothing about the weather, road conditions or anything else outside of Osborn's control prevented or obstructed him from seeing Megan Fitzgerald on May 9, 2018 as he approached her and just ran her over.[35]

---

[29] P's SUMF ¶ 15; Tenn. Code Ann. § 55-8-175(c)(2); Osborn Depo. p. 69:4-15.
[30] P's SUMF ¶ 17; Osborn Depo. p. 70:16-22.
[31] P's SUMF ¶¶ 7-8; Osborn Depo. pp. 10:13-17; 63:15-17.
[32] P's SUMF ¶ 5; Answer ¶ 12.
[33] P's SUMF ¶ 11; Osborn Depo. pp. 23:10-14; 24:9-13.
[34] P's SUMF ¶ 9; Osborn Depo. p. 12:10-15.
[35] P's SUMF ¶ 12; Osborn Depo. pp. pp. 22:10-23:9, 23:10-14; 24:9-13.

Defendant Osborn could have and should have seen Megan Fitzgerald on the road and maneuvered his truck in a safe manner without striking her. [36] Instead, he took no action to try to avoid striking Megan Fitzgerald as he approached and ultimately ran her over.[37]

Even without the specific guidance of Tenn. Code Ann. § 55-8-175(c)(2), it remains clear from the Defendant Osborn's own admissions that he breached his duty to exercise reasonable care when he failed to see and ran over Megan Fitzgerald on May 9, 2018.[38]

### III.    The Plaintiff is Entitled to Summary Judgment on Causation.

This Court should enter summary judgment in favor of the Plaintiffs on the element of causation because Defendant Osborn admits that he caused Megan Fitzgerald's death.[39] He repeatedly admitted this in his Answer,[40] as well as in his deposition:

Q.    You struck Megan Fitzgerald on Coleman Road on May 9, 2018 with your truck. Correct?

A.    Yes.

Q.    You don't deny that striking Megan Fitzgerald with your truck on May 9, 2018 caused her death. Correct?

A. No, I don't deny that.[41]

There can be no dispute that causation was "proximate" because Defendant Osborn was specifically aware that motorists need to give bicyclists sufficient clearance so they are not injured in a collision.[42]

---

[36] P's SUMF ¶ 14; Osborn Depo. p. 56:9-57:10.
[37] P's SUMF ¶ 13; Osborn Depo. p. 32:22-33:3.
[38] P's SUMF ¶ 17; Osborn Depo. p. 70:16-22.
[39] P's SUMF ¶ 6; Answer, ¶¶ 5, 14, 16, 27, 31.
[40] Answer, ¶¶ 5, 14, 16, 27, 31.
[41] Osborn Depo. p. 17:12-18.
[42] P's SUMF ¶ 16; Osborn Depo. p. 70:10-15.

## IV. The Plaintiffs are Entitled to Summary Judgment on the Defendant Osborn's Comparative Fault Defense.

Defendant Osborn's Answer asserts comparative fault against Megan Fitzgerald. Answer, p. 5, ¶ 1. In support of this defense, Defendant summarily alleges: "Ms. Fitzgerald was riding a bike on a road unsuitable for bicycle traffic without appropriate safety equipment or clothing."

In his deposition, Defendant Osborn admitted that his comparative fault defense has no merit. Defendant Osborn testified that he does <u>not</u> blame Megan Fitzgerald "at all" for her death.[43] He admitted that he is 100% responsible and she is 0% responsible:

> Q. Do you take responsibility for what occurred?
>
> A. 100%
>
> Q. You don't blame Megan Fitzgerald at all for what occurred, do you?
>
> A. No. Not at all.[44]

Defendant Osman admitted that Megan Fitzgerald was not doing anything wrong by bicycling on Coleman Road at the time, including the "manner she was doing so":

> Q. It's not your position that Megan Fitzgerald should not have been bicycling on Coleman Road at the time and in the manner she was doing so on May 9, 2018. Correct?
>
> A. No, I'm not saying she was doing anything wrong.
>
> Q. You don't blame Megan Fitzgerald at all for what occurred, do you?
>
> A. No. Not at all.[45]

Defendant Osborn also admitted that the Plaintiffs are not responsible "at all" for their daughter's untimely death.[46]

---

[43] P's SUMF ¶ 18; Osborn Depo. p. 61:15-20.
[44] P's SUMF ¶ 19; Osborn Depo. p. 61:15-20.
[45] P's SUMF ¶ 22-23; Osborn Depo. p. 66:7-13-19.
[46] P's SUMF ¶ 20; Osborn Depo. p. 62:7-12.

Regarding the specific allegation that Coleman Road was "unsuited" for bicycle traffic, Defendant Osborn disagreed in his deposition, admitting it was "entirely appropriate" for Megan Fitzgerald to be riding her bicycle on Coleman Road on May 9, 2018.[47]

Likewise, Defendant Osborn does not have any evidence to support a defense of comparative fault against Megan Fitzgerald based on a supposed failure to wear a helmet.[48]

Since no evidence supports Defendant Osborn's comparative fault defense as against the Decedent or the Plaintiffs, the Court should grant summary judgment in favor of the Plaintiffs on that issue.[49]

## CONCLUSION

For the foregoing reasons, the Plaintiffs, Marty Fitzgerald and Melissa Fitzgerald, respectfully request that this Court grant their Motion for Partial Summary Judgment and enter judgment in Plaintiffs' favor on the issue of Defendant Osborn's liability for their deceased daughter's wrongful death, including Defendant Osborn's comparative fault affirmative defense.

---

[47] P's SUMF ¶ 21; Osborn Depo. p. 10:11-11:12.
[48] P's SUMF ¶ 24-25.
[49] P's SUMF ¶ 20; Osborn Depo. p. 62:7-12.

Respectfully submitted,

Afsoon Hagh, #28393
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(T) 615.266-3333
(F) 615.266-0250
afsoon@cummingsmanookian.com

*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2019, a true and correct copy of this document was provided by U.S. Mail, postage pre-paid and facsimile to the following:

Mr. Steve Meisner
Brewer Krause Books & Chastain
545 Mainstream Drive
Nashville, Tennessee 37228
T: 615.630.7727
F: 615.256.8985

*Attorney for the Defendants*

Afsoon Hagh

14

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 JAN 22 PM 3: 54

ENTERED

ORIGINAL

COPY

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

MARTY FITZGERALD and MELISSA
FITZGERALD, individually, as husband
and wife, and on behalf of their deceased
child, MEGAN FITZGERALD,

       Plaintiffs,

v.

JAMES WOODROW OSBORN and
OSBORN ENTERPRISES, INC., II, and
OSBORN ENTERPRISES, INC., III,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 2018-311
JURY DEMAND

---

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF LIABILITY AND COMPARATIVE FAULT

---

Pursuant to Tenn. R. Civ. P. 56.03, the Plaintiffs, Marty Fitzgerald and Melissa Fitzgerald, hereby submit this Statement of Undisputed Material Facts in support of their Motion for Partial Summary Judgment on the Issues of Liability and Comparative Fault.[1]

The following undisputed facts are material to Plaintiffs' entitlement to partial summary judgment on the issues of liability and Defendant Osborn's comparative fault defense:

1) **On May 9, 2018, Megan Fitzgerald was the seventeen (17) year-old daughter of Marty and Melissa Fitzgerald.**

    <u>Source</u>: Answer, ¶ 1.

    <u>RESPONSE</u>:

---

[1] A copy of Defendant Osborn's deposition is attached hereto as **Exhibit 1**.

2) **On May 9, 2018, Megan Fitzgerald was riding her bicycle on the righthand side of a straight part of Coleman Road in Franklin, Williamson County, Tennessee.**

   <u>SOURCE</u>: Answer ¶ 13; Osborn Depo. p. 20:18-21:11.

   <u>RESPONSE</u>:

3) **There was nothing illegal, improper or inappropriate about Megan Fitzgerald riding a bicycle on Coleman Road in May of 2018.**

   <u>SOURCE</u>: Osborn Depo. p. 10:18-11:12.

   <u>RESPONSE</u>:

4) **On the same day and at the same time James Osborn was traveling in a truck the same direction (westbound) on Coleman Road on May 9, 2018.**

   <u>SOURCE</u>: Answer, ¶ 11.

   <u>RESPONSE</u>:

5) **Osborn approached Megan Fitzgerald from behand and struck her with his vehicle while she was on her bike.**

   <u>SOURCE</u>: Answer, ¶ 12; Osborn Depo. p. 17:12-18.

   <u>RESPONSE</u>:

6) **Megan Fitzgerald's death was caused by Defendant Osborn striking her with his truck.**

   <u>SOURCE</u>: Answer, ¶¶ 5, 14, 16, 27, 31; Osborn Depo. p. 17:12-18.

   <u>RESPONSE</u>:

7) **Osborn admits that he is 100% responsible for Megan Fitzgerald's death.**

   <u>SOURCE</u>: Osborn Depo. pp. 10:13-17; 63:15-17.

   <u>RESPONSE</u>:

2

8) During his deposition, Osborn testified as follows:

> Q.    You killed Megan Fitzgerald.  Correct?
>
> A.    Yes.
>
> Q.     You are responsible for Megan Fitzgerald's death.  Correct?
>
> A.     Yes.
>
>                    *****
> Q.    Do you take responsibility for what occurred?
>
> A.    100%

SOURCE: Osborn Depo. p. 10:13-17; 63:15-17

RESPONSE:

9) Osborn admitted during his deposition that there was no excuse for his conduct that led to Megan Fitzgerald's death.

SOURCE: Osborn Depo. p. 12:10-15.

RESPONSE:

10) During his deposition, Osborn testified as follows:

> Q.    …There is no excuse for your conduct that led to Megan Fitzgerald's death. Correct?
>
> A.    Yes.

SOURCE: Osborn Depo. p. 12:10-15.

RESPONSE:

11) Osborn states that he did not see Megan Fitzgerald on the road, but he admits that he "should" have seen her.

SOURCE: Osborn Depo. pp. 23:10-14; 24:9-13.

RESPONSE:

3

12) Nothing about the weather, road conditions or anything else outside of Osborn's control prevented or obstructed Defendant from seeing Megan Fitzgerald on May 9, 2018.

SOURCE: Osborn Depo. pp. 22:10-23:9, 23:10-14; 24:9-13.

RESPONSE:

13) Osborn took no action to try to avoid striking Megan Fitzgerald with his truck.

SOURCE: Osborn Depo. p. 32:22-33:3.

RESPONSE:

14) If Osborn had been paying attention and had seen Megan Fitzgerald, he could have passed her in a safe manner without striking her.

SOURCE: Osborn Depo. p. 56:9-57:10

RESPONSE:

15) When Osborn was approaching Megan Fitzgerald on her bicycle to pass her, Tennessee law *required* him to provide her at least three (3) feet.

SOURCE: Tenn. Code Ann. § 55-8-175(c)(2); Osborn Depo. p. 69:4-15.

RESPONSE:

16) The purpose of the requirement under Tennessee law for motorists to provide bicyclists at least three (3) feet is to protect the bicyclist against the risk of the motorist striking the bicyclist.

SOURCE: Osborn Depo. p. 70:10-15.

RESPONSE:

4

17) Defendant Osborn did <u>not</u> give Megan Fitzgerald three (3) feet of space as his truck passed and collided with her on May 9, 2018.

<u>SOURCE</u>: Osborn Depo. p. 70:16-22.

<u>RESPONSE</u>:

18) Defendant Osborn does not blame Megan Fitzgerald "at all" for her death.

<u>SOURCE</u>: Osborn Depo. p. 61:15-20.

<u>RESPONSE</u>:

19) During his deposition, Defendant Osborn testified as follows:

    Q.      Do you take responsibility for what occurred?

    A.      100%

    Q.      You don't blame Megan Fitzgerald at all for what occurred, do you?

    A.      No. Not at all.

<u>SOURCE</u>: Osborn Depo. p. 61:15-20.

<u>RESPONSE</u>:

20) Defendant Osborn does not blame the Plaintiffs "at all" for Megan Fitzgerald's death.

<u>SOURCE</u>: Osborn Depo. p. 62:7-12.

<u>RESPONSE</u>:

21) Coleman Road is not unsuitable for bicycle traffic.

<u>SOURCE</u>: Osborn Depo. p. 10:11-11:12.

<u>RESPONSE</u>:

5

22) Defendant Osman admitted that Megan Fitzgerald was not doing anything wrong by bicycling on Coleman Road at the time.

SOURCE: Osborn Depo. p. 66:13-19.

RESPONSE:

23) During his deposition, Osborn testified as follows:

Q.     It's not your position that Megan Fitzgerald should not have been bicycling
              on Coleman Road at the time and in the manner she was doing so on May 9, 2018. Correct?

A.     No, I'm not saying she was doing anything wrong.

Q.     You don't blame Megan Fitzgerald at all for what occurred, do you?

A.     No. Not at all.

SOURCE: Osborn Depo. p. 66:13-19.

RESPONSE:

24) Defendant Osborn does not have any information to believe that Megan Fitzgerald was not wearing a helmet on May 9, 2018.

SOURCE: Answer, ¶ 9.

RESPONSE:

25) Even if Megan Fitzgerald was not wearing a helmet on May 9, 2018, Defendant Osborn cannot say whether it would have affected the outcome in any way.

SOURCE: Osborn Depo pp. 64:16-65:9.

RESPONSE:

6

Respectfully submitted,

Afsoon Hagh, #28393
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(T) 615.266-3333
(F) 615.266-0250
afsoon@cummingsmanookian.com

*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2019, a true and correct copy of this document was provided by U.S. Mail, postage pre-paid and facsimile to the following:

Mr. Steve Meisner
Brewer Krause Books & Chastain
545 Mainstream Drive
Nashville, Tennessee 37228
T: 615.630.7727
F: 615.256.8985

*Attorney for the Defendants*

Afsoon Hagh

7

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

MARTY FITZGERALD and MELISSA        )
FITZGERALD individually, as         )
Husband and wife, and o/b/o their   )
deceased child, MEGAN FITZGERALD,   )
                                    )
        Plaintiffs,                 )
                                    )        NO. 2018-311
v.                                  )
                                    )        (JURY DEMAND)
JAMES OSBORN, OSBORN                )
ENTERPRISES, INC., II and           )
OSBORN ENTERPRISES, INC., III,      )
                                    )        COPY
        Defendants.                 )

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

---

Come now the Plaintiffs' and submit the following Responses to Defendants' Statement of

Material Facts in support of their Motion for Partial Summary Judgment.

1.      This is a wrongful death action arising out of an automobile that occurred on May 9,

2018. (Complt. ¶¶ 1, 8-14.)

**RESPONSE:**

**Admitted.**

2.      Megan Fitzgerald ("Megan") was riding a bicycle on Coleman Road at the same time

Defendant Osborn was traveling in the same direction heading toward his residence located at 3235

Kennard Springs Road in Franklin, Tennessee. (Complt. ¶¶ 2, 8-14; EXHIBIT 1 - Osborn Res.

Interrog. No. 8.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

3.     Prior to the accident, Mr. Osborn was working in the morning, had lunch with his wife and was headed home for the day. (EXHIBIT 1 - Osborn Res. Interrog. No. 8.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

4.     At the time of the accident, Mr. Osborn was driving his personal vehicle, a Silverado pick-up truck registered and titled in his name. (EXHIBIT 7 – Title to Vehicle, Osborn Res. RFP; Plfs. Res. Request Admissions; Police Report.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

5.     In addition to Plaintiffs' claims for negligence and negligence *per se*, Plaintiffs also assert "recklessness and punitive damages" and that the "Osborn Enterprises" are "vicariously liable" for the conduct of Mr. Osborn.  In this regard, Plaintiff asserts the following:

> The Osborn Enterprises are vicariously liable for the negligent driving of their owner, director, agent, employee, and/or servant, Defendant James Osborn who was acting within the scope of his agency with the Osborn Enterprises at the time he struck Megan Fitzgerald.

> (Complt. ¶ 30.)

**RESPONSE:**

**Admitted.**

6.     Defendants deny Mr. Osborn was acting in the course and scope of his employment at the time of the accident. (Complt. ¶ 30.)

2

**RESPONSE:**

**Denied. The citation to the record does not support the purported fact.**

7. In response to Defendant's Interrogatories, Plaintiffs stated the following:

Regarding the allegations in paragraph six (6) of your Complaint, please state every basis upon which you claim Osborn Enterprises, Inc. II and/or Osborn Enterprises, Inc., III is vicariously liable for the actions of James Osborn.

**ANSWER:**

James Osborn was acting within the course and scope of his employment at the time he struck Megan with his truck. This has been expressly confirmed by Erie Insurance on behalf of the Osborn Enterprises (including Honda of Cool Springs, the name under which it does business), who within days of the incident, began contacting us asking us to speak with them about Megan's death and to provide the Osborn Enterprises with Megan's confidential medical records in order to evaluate a settlement and mediation.

To our knowledge, the truck with which James Osborn struck Megan Fitzgerald was not owned by Osborn Enterprises, but by James Osborn individually. Erie Insurance has nevertheless repeatedly confirmed that James Osborn's act and conduct in striking Megan with his personal truck is a "covered event" under the Osborn Enterprises' commercial policy. Under a standard hired, non-owed vehicle, Commercial Policy or rider, James Osborn would only be covered by the Osborn Enterprises Commercial Policy if he had been acting in the course and scope at the time of the wreck. Erie Insurance, on behalf of Osborn Enterprises, has confirmed to our attorney that this was the case. This is an admission of vicarious liability on behalf of Osborn Enterprises.

(EXHIBIT 2 - Plf. Res. Interrog. No 30.)

**RESPONSE:**

**Admitted.**

8. The Osborn Enterprises do business as "Honda of Cool Springs." (EXHIBIT 3-Osborn Dep. 12:17-21.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

3

9.    Mr. Osborn owns 50% of the Osborn Enterprises.  (EXHIBIT 3- Osborn Dep. 12:22-25.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

10.    On the date of the accident, Mr. Osborn left work at approximately 11:30 a.m. to have lunch with his wife. (EXHIBIT 3 - Osborn Dep. 13:1-14:6-12.)

**RESPONSE:**

**Admitted.**

11.    Prior to the accident, Mr. Osborn left lunch at noon and drove from Cool Springs to his personal residence in Franklin, Tennessee.  (EXHIBIT 3 - Osborn Dep. 15:6-16.)

**RESPONSE:**

**Denied. Mr. Osborn left lunch 15-20 minutes after 12. See, Osborn Depo.15:11-12.**

12.    After lunch on the date of the incident, Mr. Osborn's plans for the remainder of the afternoon consisted of house related activities. (EXHIBIT 3 - Osborn Dep. 15:13-17:11.)

**RESPONSE:**

**The Plaintiff does not have sufficient information to admit or deny, therefore it is denied.**

13.    Mr. Osborn was driving his personal vehicle to his residence when the incident occurred. (EXHIBIT 1 - Osborn Res. Interrog. No. 15.)

**RESPONSE:**

**Admitted.**

14.  Tara Seaborn was a passenger in a vehicle behind Mr. Osborn before the accident. (EXHIBIT 4 - Seaborn Dep. 6-10.)

4

**RESPONSE:**

Denied. Tara Seaborn was a passenger in a vehicle behind another vehicle that was directly behind Mr. Osborn's truck. See, Seaborn Depo. 10:13-15.

15.     Ms. Seaborn testified all the vehicles traveling the speed limit, including the vehicle driven by Mr. Osborn. (EXHIBIT 4 - Seaborn Dep. 10:10-23.)

**RESPONSE:**

Objection -- lack of foundation and improper lay opinion testimony under Tenn. R. Evid. 701. There are two methods of determining another car's speed: (1) clocking with a radar device; and (2) pacing. Pacing requires a trained motorist to follow a suspected speedster for a sufficient distance at a constant speed, and then using his/her own speedometer to estimate the speed of the violator. There is no foundation that Ms. Seaborn was employing either of these methods on the day in question, much less, employing them in a manner consistent with the predicates of Tenn. R. Evid. 702-703 for her opinion to be admissible.

16.     Mr. Osborn did not attempt to brake or swerve prior to the accident. (EXHIBIT 4 - Seaborn Dep. 11:14-12:24.)

**RESPONSE:**

Admitted.

17.     Megan was not wearing a helmet or other typical safety gear typically worn by "bicycle people." (EXHIBIT 4 - Seaborn Dep. 38:4-39:10.)

**RESPONSE:**

It is admitted Megan was not wearing a helmet. However, this fact is not material. The Defendant has not and cannot show how Megan's wearing or not wearing helmet would have affected whether Defendant Osborn ran her over, or otherwise somehow serves to excuse Defendant Osborn's role in causing Megan's death. Osborn Depo pp. 64:16-65:9. The Defendant has admitted that Megan's injuries were caused by the collision and has not introduced any medical proof that Megan would have survived being hit by a car that made no effort to brake if she had been wearing a helmet. Otherwise, the statement is impermissibly vague, and not supported by admissible record proof. The cited testimony is improper opinion testimony and, in any event, does not establish that Megan was not wearing any "other safety gear typically worn by 'bicycle people.'" Even if this fact could be established from the cited testimony, it would not be not material. The Defendant has not and cannot show how Megan's

5

wearing or not wearing some other unspecified "other safety gear" would have affected whether Defendant Osborn ran her over, or otherwise somehow serves to excuse Defendant Osborn's role in causing Megan's death.

18.     In observing Mr. Osborn's vehicle, Ms. Seaborn testified Mr. Osborn was not driving in any erratic or unusual manner, having no difficulties navigating his vehicle within his lane of traffic, did not cross over the center lane into oncoming traffic, veer off onto the shoulder of the road or otherwise behave in any unusual manner prior to the accident. (EXHIBIT 4 - Seaborn Dep. 40:3-25.)

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only. Ms. Seaborn testified that Defendant did not *appear* to be driving in an erratic or unusual manner from her vantage point. This fact is not material because it does not establish that the Defendant somehow complied with the standard of care applicable to him when he overtook and ran over Megan on the day in question.

19.     Ms. Seaborn testified Coleman Road was not suitable for bicycle traffic because, in her words:

It's curvy; there are no shoulders; there is not a bike lane; it's unpredictable how fast anyone would be going down that road; it's a side road; I've been, you know, passed by cars going way too fast; I drive on it all the time; there's no good shoulder; I mean, just no.

(EXHIBIT 4 - Seaborn Dep. 41:1-11.)

**RESPONSE:**

The Plaintiffs do not deny that Ms. Seaborn testified, in part, as Defendant block-quoted. However, Plaintiffs deny Defendant's characterization of this testimony as evidence that "Coleman Road was not suitable for bicycle traffic," including for the following reasons:

1. Any opinion by Ms. Coleman that the Coleman road was not suitable for bicycle traffic is improper opinion testimony.
2. Nothing about the road prevented the Defendant from seeing Megan Fitzgerald and not running her over on May 9, 2018. Osborn Depo. p. 22:21-23:1.

6

3. According to the Defendant himself, Coleman Road is not unsuitable for bicycle traffic. Osborn Depo. p. 10:11-11:12, 66:13-19.
4. Defendant has conceded that Megan Fitzgerald has a legal right to ride her bicycle on Coleman Road. Defendant's Response to P's SUMF ¶ 6.

20. Based on Ms. Seaborn's observations, there was no indication Mr. Osborn intentionally struck Megan. (EXHIBIT 4 - Seaborn Dep. 43:2-22.)

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only that Ms. Seaborn testified she did not believe Mr. Osborn intentionally struck Megan. However, this "fact" is neither admissible, nor material to Plaintiffs' Motion for Partial Summary Judgment.

21. Mr. Osborn admitted he made no attempt to pass Megan because he did not see her until just prior to impact - it was too late to avoid the collision. (EXHIBIT 3 - Osborn Dep. 24:14-18.)

**RESPONSE:**

It is denied that Mr. Osborn was not "overtaking and passing" Megan for purposes of Tenn. Code Ann. § 55-8-175(c)(2) when he approached her from behind and struck her on May 9, 2018, including because "Overtake" means "to come or catch up with in a course of motion," *Ringwald v. Beene*, 92 S.W.2d 411, 413 (Tenn. 1935), and "Pass" means "to move in a path so as to approach and continue beyond something."[1] Defendant Osborn admitted that he did not comply with Tenn. Code Ann. § 55-8-175(c)(2):

| Mr. Manookian: | You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct? |
|---|---|
| Mr. Osborn: | That is correct. I didn't.[2] |

22. Mr. Osborn did not attempt to overtake and pass Megan. (EXHIBIT 3 - Osborn Dep. 24:14-18.)

---

[1] Merriam Webster's Dictionary, attached as **Exhibit 1** hereto.
[2] Osborn Depo, p. 70:16-22.

7

**RESPONSE:**

It is denied that Mr. Osborn was not "overtaking and passing" Megan for purposes of Tenn. Code Ann. § 55-8-175(c)(2) when he approached her from behind and struck her on May 9, 2018, including because "Overtake" means "to come or catch up with in a course of motion," *Ringwald v. Beene*, 92 S.W.2d 411, 413 (Tenn. 1935), and "Pass" means "to move in a path so as to approach and continue beyond something."[3] Defendant Osborn admitted that he did not comply with Tenn. Code Ann. § 55-8-175(c)(2):

Mr. Manookian:       You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct?

Mr. Osborn:       That is correct. I didn't.[4]

23.     Mr. Osborn could not testify why he did not see Megan. (EXHIBIT 3 - Osborn Depo. 23:10-18.)

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.

24.     Mr. Osborn noted, however, that there was a strong sun glare on his windshield that may have affected his ability to see. (EXHIBIT 3 - Osborn Dep. 21:25-22:8; 65:11-23.)

**RESPONSE:**

Denied. Defendant Osborn rejected the notion that he could not see Megan Fitzgerald due to it being too bright out. Osborn Depo, p. 23:10-14.

25.     Mr. Osborn surrendered his vehicle and gave a written statement to the police following the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 6.)

**RESPONSE:**

Denied.

---

[3] Merriam Webster's Dictionary, attached as **Exhibit 1** hereto.
[4] Osborn Depo, p. 70:16-22.

8

26. Prior to the incident, he had only been involved in two (2) motor vehicle accidents: one in 1999 and the second approximately five (5) years prior to the accident at issue. (EXHIBIT 1 - Osborn Res. Interrog. No. 9.)

**RESPONSE:**

**Objection, this fact is improper character evidence.** *See* **Tenn. R. Evid. 404. Further, denied as stated.** *See***, Def's Exhibit 1: Mr. Osborn only recalls having been involved in two motor vehicle incidents prior to the incident that is the subject of this action. Additionally, this fact is not material because it does not mean that the Defendant was not negligent on May 9, 2018.**

27. There is no evidence Mr. Osborn consumed alcohol prior to the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 11.)

**RESPONSE:** .

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

28. Mr. Osborn had no prior difficulties operating the vehicle he was driving on the date of the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 14.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

29. There is no evidence Mr. Osborn was talking or texting on his phone at the time the incident occurred. (EXHIBIT 1 - Osborn Res. Interrog. 19-20.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

30. No criminal charges have been brought against Mr. Osborn arising out of the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 27.)

9

**RESPONSE:**

Denied. *See*, Defs' Exhibit 1: The criminal investigation is still pending.

31.     Coleman Road is dangerous for bicyclists because it is a hilly, curvy, country road with no shoulder for bicycle traffic. (EXHIBIT 3 - Osborn Dep. 9:6-25; EXHIBIT 4 - Seaborn Dep. 19:8-18.)

**RESPONSE:**

Denied.

32.     Coleman Road is simply not suitable for bicycle traffic. (EXHIBIT 4 - Seaborn Dep. 41:1-11.)

**RESPONSE:**

Denied, including for the following reasons:

1. Any opinion by Ms. Coleman that the Coleman road was not suitable for bicycle traffic is improper opinion testimony.
2. Nothing about the road prevented the Defendant from seeing Megan Fitzgerald and not running her over on May 9, 2018. Osborn Depo. p. 22:21-23:1.
3. According to the Defendant himself, Coleman Road is not unsuitable for bicycle traffic. Osborn Depo. p. 10:11-11:12, 66:13-19.
4. Defendant has conceded that Megan Fitzgerald has a legal right to ride her bicycle on Coleman Road. Defendant's Response to P's SUMF ¶ 6.

33.     Megan's parents were surprised she had gone so far on Coleman Road. (EXHIBIT 5 - Melissa Fitzgerald Dep. 19:17-24; EXHIBIT 6 - Marty Fitzgerald Dep. 36-40.)

**RESPONSE:**

This is not a material fact. The referenced testimony is not supported by the cited depositions; however, Melissa Fitzgerald testified at 19:12: "I was surprised she had gone that far."

34.     Megan was not an avid bicyclist. (EXHIBIT 5 - Melissa Fitzgerald Dep. 19:17-24; EXHIBIT 6 - Marty Fitzgerald Dep. 36-40.)

10

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only. This is not a material fact, including because the issue is that Defendant did not see the Decedent and ran her over from behind. Megan Fitzgerald was not responsible for her death because she rode her bicycle without being an "avid bicyclist."

35.    At the time of the accident, Megan was not riding as close as possible to the right side of the road and was not wearing a safety helmet or appropriate clothing to warn others of her presence on the road. (EXHIBIT 3 - Osborn Dep. 27:14-16; 31:6-15; 61:23-62:6; EXHIBIT 4 - Seaborn Dep. 16:12-16; 38:13-29:4; EXHIBIT 5 - Melissa Fitzgerald Dep. 8:17-25; EXHIBIT 6 - Marty Fitzgerald Dep. 83:13-16.)

**RESPONSE:**

It is admitted that Megan was not wearing a helmet. All other facts are denied because they are not supported by the cited testimony. Megan Fitzgerald was riding her bicycle in the middle of the day. There is no evidence about clothing she should have been wearing to make herself more visible in those conditions. Defendant Osborn's testimony that Megan was not riding as close as possible to the right side of the road is negated by his claim that he did not see her until he struck her. Osborn Deposition, p. 54:20-55:3.

11

Respectfully submitted,

Afsoon Hagh, B.P.R. 028393
45 Music Square West
Nashville, Tennessee 37203
(615) 549-5519 telephone
(615) 266-0250 facsimile
afsoon@cummingsmanookian.com
*Attorney for the Plaintiffs*

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the Plaintiffs' Responses to Defendants' Statement of Undisputed Material Facts in Support of their Motion for Partial Summary Judgment has been served by e-mail and facsimile upon the following on this 19ᵗʰ day of March, 2019:

**STEVEN J. MEISNER**
**CAROLINE C. MILLER**
Attorney for James Osborn,
Osborn Enterprises, Inc., II and Osborn Enterprises, Inc., III
**BREWER KRAUSE BROOKS &**
**CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228-1209
E-mail: smeisner@bkblaw.com

**AFSOON HAGH**

13

# Definition of pass

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

🔵 merriam-webster.com/dictionary/pass

## pass

<u>verb</u>

\ 'pas 🔘 \

passed; passing; passes

(Entry 1 of 4)

<u>intransitive verb</u>

1

2a : to go away : <u>DEPART</u> the fright passes almost immediately— Fred Majdalany
b : <u>DIE</u> —often used with *on* Her parents have passed on.
3a : to move in a path so as to approach and continue beyond something : move past especially : to move past another vehicle going in the same direction glowered at the other driver as we passed

b : to run the normal course
—used of time or a period of time the hours pass quickly

4a : to go or make one's way through

allow no one to pass

b : to go uncensured, unchallenged, or seemingly unnoticed

let the remark pass

5 : to go from one quality, state, or form to another

passes from a liquid to a gaseous state

6a : to sit in inquest (see <u>INQUEST sense 1</u>) or judgment
b(1) : to render a decision, verdict, or opinion

the court passed on the legality of wiretapping

(2) : to become legally rendered

judgment passed for the plaintiff

> EXHIBIT
> **1**

7 : to go from the control, ownership, or possession of one person or group to that of another

the throne passed to the king's son title passes to the buyer upon payment in full

8a : <u>HAPPEN</u>, <u>OCCUR</u> commenting freely on the transactions as they pass— W. L. Sperry
b : to take place or be exchanged as or in a social, personal, or business interaction

words passed

9a : to become approved by a legislature or body empowered to sanction or reject

the proposal passed

b : to undergo an inspection, test, or course of study successfully

took the examination and passed

10a : to serve as a medium of exchange

b : to be accepted or regarded

drivel that passes for literature

c : to identify oneself or be identified as something one is not

tried to pass as an adult Mom could pass as my sister

11a obsolete : to make a pass (see <u>PASS entry 3 sense 5</u>) in fencing
b : to throw or hit a ball or puck to a teammate
—often used with *off* took the ball and quickly passed off to a teammate

12a(1) : to decline to bid, double, or redouble in a card game

Her bridge partner passed.

(2) : to withdraw from the current poker pot

b : to let something go by without accepting or taking advantage of it

thanks for the offer, but I'll pass —often used with *on* passed on the cheesecake

<u>transitive verb</u>

1 : to go beyond: such as

a : <u>SURPASS</u>, <u>EXCEED</u> passes all expectations
b : to advance or develop beyond

c : to go past (one moving in the same direction)

passed a slower moving car

2a : to go by : proceed or extend beyond

pass the school on their way to work

(2) : to omit a regularly scheduled declaration and payment of (a dividend)

3a : to go across, over, or through : CROSS
b : to live through (something, such as an experience or peril) : UNDERGO
c : to go through (something, such as a test) successfully

passed the final exams of his courses

4a : to secure the approval of

the bill passed the Senate

b : to cause or permit to win approval or legal or official sanction

pass a law

c : to give approval or a passing grade to

pass the students
5a : to let (time or a period of time) go by especially while involved in a leisure activity

I'll read to pass the time

b : to let go unnoticed : OVERLOOK, DISREGARD his commander quietly passed his likes
or dislikes— George Meredith
6a : PLEDGE had passed his word that he would repay the debt
b : to transfer the right to or property in

pass title to a house

7a : to put in circulation

pass bad checks

b(1) : to transfer or transmit from one to another

pass the salt passing the savings on to customers

(2) : to relay or communicate (something, such as information) to another

c : to cause or enable to go : <u>TRANSPORT</u> waited till the soldiers and wounded were all passed over— Walt Whitman
d : to throw or hit (a ball or puck) especially to a teammate
—often used with *off* passed the ball off to his teammate

8a : to pronounce (something, such as a sentence or opinion) especially judicially

passed sentence on the convicted man

b : <u>UTTER</u> passed a cutting remark
9a : to cause or permit to go past or through a barrier

passed the detectives to view the crime scene

b : to move or cause to move in a particular manner or direction

passed my hand over my face pass the rope through the loop

c : to cause to march or go by in order

pass the troops in review

10 : to emit or discharge from a bodily part and especially the bowels

11a : to give a base on balls to

passed two batters

b : to hit a ball past (an opponent) in a game (such as tennis)

pass muster
: to gain approval or acceptance

His cooking could *pass muster* in an expensive French restaurant.

pass the buck
: to shift a responsibility to someone else

Stop trying to *pass the buck* and take responsibility for what you did.

pass the hat
: to take up a collection for money

*passed the hat* for families affected by the disaster

pass the time of day

: to exchange greetings or engage in pleasant conversation

*passed the time of day* with friends in the park

pass

noun (1)
Definition of *pass* (Entry 2 of 4)

1 : a means (such as an opening, road, or channel) by which a barrier may be <u>passed</u> or access to a place may be gained especially : a low place in a mountain range
2 : a position to be held usually against odds

pass

noun (2)
Definition of *pass* (Entry 3 of 4)

1 : <u>REALIZATION</u> brought his dream to pass

3 : a usually distressing or bad state of affairs

what has brought you to such a pass?

4a : a written permission to move about freely in a place or to leave or enter it

b : a written leave of absence from a military post or station for a brief period

c : a permit or ticket allowing free transportation or free admission

5 archaic : a thrust or lunge in fencing

6a : a transference of objects by sleight of hand or other deceptive means

b : a moving of the hands over or along something

7 archaic : an ingenious sally (as of wit)

8 : the passing of an examination or course of study also : the mark or certification of such passing

9 : a single complete mechanical operation also : a single complete cycle of operations (as for processing, manufacturing, or printing)

10a(1) : a transfer of a ball or a puck from one player to another on the same team

(2) : a ball or puck so transferred

b : <u>PASSING SHOT</u>
11 : <u>BASE ON BALLS</u>

12 : an election not to bid, bet, or draw an additional card in a card game

13 : a throw of dice in the game of craps that wins the bet for the shooter

14 : a single passage or movement (as of an airplane) over a place or toward a target
b : a sexually inviting gesture or approach

16 : PASE
pass

abbreviation
Definition of *pass* (Entry 4 of 4)

passenger

## Other Words from *pass*

Verb

passer noun

## Synonyms for *pass*

Synonyms: Verb

Visit the Thesaurus for More

## Examples of *pass* in a Sentence

Verb

The boat was too tall to *pass* beneath the bridge.
A flock of geese were *passing* overhead.
See More

## First Known Use of *pass*

Verb

13th century, in the meaning defined at intransitive sense 1

Noun (1)

14th century, in the meaning defined at sense 1

Noun (2)

15th century, in the meaning defined at sense 1

## History and Etymology for *pass*

**Verb and Noun (2)**

Middle English, from Anglo-French *passer*, from Vulgar Latin *\*passare*, from Latin *passus* step — more at <u>pace</u>

**Noun (1)**

Middle English, from Anglo-French *pas*, from Latin *passus*

## Learn More about *pass*

From the Editors at Merriam-Webster

<u>Keeping Up with 'Passed' and 'Past'</u>

More Definitions for *pass*

pass

<u>*verb*</u>


## English Language Learners Definition of *pass*

: to move past someone or something

: to move past someone or something that is moving more slowly in the same direction

: to move or go into or through a particular place

<u>See the full definition for *pass* in the English Language Learners Dictionary</u>

pass

<u>verb</u>
\ 'pas  \
passed; passing

## Kids Definition of *pass*

(Entry 1 of 3)

1 : <u>MOVE entry 1 sense 1</u>, <u>PROCEED</u> The airplane *passed* out of sight.

2 : to go away

The pain will soon *pass*.

3 : to go by or move past

*Pass* that car.

4 : to go or allow to go across, over, or through

They let me *pass*.

5 : to transfer or throw to another person

Please *pass* the salt. *Pass* me the football!

6 : to go successfully through an examination or inspection

7 : to cause or permit to elapse

We *passed* the time playing cards.

8 : <u>HAPPEN sense 1</u> The day *passed* without any problems.
9 : to move from one place or condition to another

The business has *passed* to new ownership.

10 : to be or cause to be approved

The Senate *passed* the bill.

11 : to be or cause to be identified or recognized

She tried to *pass* for an expert.

12 : <u>DIE entry 1 sense 1</u>
pass away
: <u>DIE entry 1 sense 1</u>
pass out
: to become unconscious : <u>FAINT</u>
pass up
: to let go by : <u>REFUSE</u> It was an offer too good to *pass up*.
Other Words from *pass*

passer noun

pass

<u>noun</u>
Kids Definition of *pass* (Entry 2 of 3)

1 : an opening or way for going along or through

2 : a gap in a mountain range

pass

<u>noun</u>
Kids Definition of *pass* (Entry 3 of 3)

1 : the act or an instance of moving

The plane made two *passes* over the area.

2 : the act or an instance of throwing or transferring (as a ball) to another person

3 : a written permit to go or come

I got some movie *passes* for my birthday.

4 : <u>SITUATION sense 1</u> Things have come to a strange *pass*.
pass

<u>transitive verb</u>
\ 'pas  \

# Medical Definition of *pass*

pass

<u>intransitive verb</u>

# Legal Definition of *pass*

1a : to issue a decision, verdict, or opinion

the Supreme Court passed on a statute

b : to be legally issued

judgment passed by default

2 : to go from the control, ownership, or possession of one person or group to that of another

title passes to the buyer

<u>transitive verb</u>

1 : to omit a regularly scheduled declaration and payment of (a dividend)

2a : to get the approval of

the bill passed the House

b : to give approval or legal sanction to

the House passed the bill

3 : to transfer the right to or interest in

the sale passes the title to the goods

4 : to put in circulation

pass bad checks — compare <u>UTTER</u>

5 : to pronounce (as a sentence or judgment) judicially

Comments on *pass*

## Love words? Need even more definitions?

Subscribe to America's largest dictionary and get thousands more definitions and advanced search—ad free!

<u>Merriam-Webster unabridged</u>

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

FILED
WILLIAMSON COUNTY

2019 MAR 19 PM 2: 24

ENTERED

COPY

| | | |
|---|---|---|
| MARTY FITZGERALD and MELISSA FITZGERALD, individually, as husband and wife, and on behalf of their deceased child, MEGAN FITZGERALD, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | NO. 2018-311 JURY DEMAND |
| JAMES WOODROW OSBORN and OSBORN ENTERPRISES, INC., II, and OSBORN ENTERPRISES, INC., III, | ) ) ) ) | |
| Defendant. | ) ) | |

---

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF LIABILITY AND COMPARATIVE FAULT

---

The Plaintiffs, Marty Fitzgerald and Melissa Fitzgerald, by and through undersigned counsel, respectfully submit this Reply in support of their Motion for Partial Summary Judgment on the Issues of Liability and Comparative Fault.

## ARGUMENT

### I. Plaintiffs are Entitled to Partial Summary Judgment on the Issue of Liability.

The Plaintiffs are entitled to partial summary judgment on the issue of liability because there are no genuine disputes of fact material to the issues of breach of duty or causation. As a matter of law and/or undisputed fact, Defendant Osborn breached a duty and caused Megan Fitzgerald's death when he approached her from behind and drove into her without braking.

1

### a. The Plaintiffs are Entitled to Summary Judgment on the Issue of Breach of Duty.

#### i. The Defendant was *Per Se* Negligence because his Undisputed Conduct Violated Tenn. Code Ann. § 55-8-175(c)(2) as a Matter of Law.

A defendant is negligent *per se*, and "negligent as a matter of law," when the defendant's conduct violates a statute that existed to protect the plaintiff/decedent from suffering the manner and type of harm for which the plaintiff is seeking redress.

The Plaintiffs' Motion for Partial Summary Judgment detailed the reasons that the "Jeff Roth and Brian Brown Bicycle Protection Act of 2007" existed to protect Megan Fitzgerald from the exact manner and type of injury she sustained and to proscribe the Defendants undisputed conduct at issue in this case.

Tenn. Code Ann. § 55-8-175(c)(2) provides: "The operator of a motor vehicle, when overtaking and passing a bicycle proceeding in the same direction on the roadway, shall leave a safe distance between the motor vehicle and the bicycle of not less than three feet (3') and shall maintain the clearance until safely past the overtaken bicycle."

In his Response, the Defendant concedes: "the 'Jeff Roth and Brian Brown Bicycle Protection Act of 2007' was enacted to protect bicyclists from accidents that occur when vehicles do not give adequate space while attempting to pass bicyclists on the road." Response, pp. 8-9. But incredibly, the Defendant claims he did not violate Tenn. Code Ann. § 55-8-175(c)(2) because he did not see Megan when he approached her from behind and drove into her. Response, p. 9. The Defendant claims this means he did not attempt to "overtake and pass" Megan, such that Tenn. Code Ann. § 55-8-175(c)(2) does not apply. This argument cannot be supported by either the plain language or intent of Tenn. Code Ann. § 55-8-175(c)(2).

2

Statutory interpretation is an issue of law appropriate for summary judgment. When interpreting a statute, courts must apply its "plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Lanier v. Rains*, 229 S.W.3d 656, 661 (Tenn. 2007). "If the language of the statute is ambiguous, the court must examine the entire statutory scheme and the relevant legislative history to ascertain and give effect to the legislative intent." *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 826 (Tenn. 2003).

"Overtake" means "to come or catch up with in a course of motion." *Ringwald v. Beene*, 92 S.W.2d 411, 413 (Tenn. 1935). "Pass" means "to move in a path so as to approach and continue beyond something."[1]

It is apparent that the Defendant Osborn "overtook and passed" Megan Fitzgerald on May 9, 2018 because it is undisputed both Defendant and Megan were traveling in the same direction on the same stretch of road when the Defendant approached, hit, and continued *past* her in his vehicle. P's SUMF ¶¶ 4-5. To his credit, Defendant Osborn admitted that he did not comply with Tenn. Code Ann. § 55-8-175(c)(2) in his deposition:

> Mr. Manookian:  You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct?
>
> Mr. Osborn:  That is correct. I didn't.[2]

### ii. The Defendant Has Not Produced Any Admissible Evidence Demonstrating a Genuine Dispute of Fact on the Breach of Duty Issue.

The Plaintiffs are also entitled to summary judgment on the breach of care issue because reasonable minds cannot disagree that Defendant Osborn breached his common law duty to

---

[1] Merriam Webster's Dictionary, attached as **Exhibit 1** hereto.
[2] Osborn Depo, p. 70:16-22.

3

exercise reasonable care to avoid causing injuries to others when driving his car on Coleman Road on May 9, 2018.

The Defendant fails to address that Tennessee law recognizes a presumption that a motorist exercising reasonable care should be able to avoid a collision with a vehicle ahead of him/her unless that vehicle stops suddenly and unexpectedly, *Ewing v. Birthright*, 60 Tenn. App. 454, 460 (Tenn. Ct. App. 1969), and fails to offer evidence that might cause a reasonable fact-finder to determine that Defendant was exercising reasonable care.

Tennessee drivers have a duty "to see and be aware of what is in that driver's view." T.P.I.-CIVIL 5.01, Duty of Driver, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 5.01 (2015 ed.). Defendant Osborn breached this duty because he should have, but did not see Megan Fitzgerald in his plain view before he ran her over:

| Mr. Manookian: | I'm asking you whether or not you concede that you should have seen [Megan Fitzgerald on her bicycle on May 9, 2018. |
| --- | --- |
| Mr. Osborn: | I probably should have seen her, but I didn't.[3] |

The Defendant attempts to obfuscate this straightforward and on-point testimonial admission by intimating that the road and possible "glare" on his windshield excused Defendant Osborn's failure to "see and be aware of" Megan Fitzgerald bicycling on the road in front of him, but the record evidence simply is not supportive.

Defendant Osborn testified that nothing about the road itself interfered with him seeing Megan Fitzgerald on May 9, 2018:

| Mr. Manookian: | And there was nothing about the road, itself, that would have interfered with you seeing Megan Fitzgerald on her bicycle on May 9, 2018. Correct? |
| --- | --- |

---

[3] Osborn Depo. p. 24:9-1 (emphasis added). In his Response to P's SUMF ¶ 11, Defendant misstates the record testimony, claiming "Mr. Osborn could not say one way or another whether he 'should' have seen Megan Fitzgerald."

4

Mr. Osborn:          I don't think the road was a factor in me not seeing her.[4]

Mr. Osborn also directly testified that he had "no explanation" for why he did not see Megan Fitzgerald before striking her, and he specifically declined to testify that he did not see Megan due to excessive brightness or glare:

Mr. Manookian:       Is it your testimony that it was actually too bright on May 9, 2018?

Mr. Osborn:          I really don't know why I didn't see her quicker than I did. I don't have an explanation for that. I don't know.[5]

### b. The Plaintiffs are Entitled to Summary Judgment on the Issue of Causation.

The Plaintiffs are entitled to partial summary judgment on the issue of causation because the Plaintiffs have presented uncontroverted proof that the Defendant's conduct caused Megan Fitzgerald's death, and the Defendant has not identified or produced any record evidence demonstrating a genuine dispute of fact material to this issue.

Plaintiffs' Undisputed Material Fact #6 was that "Megan Fitzgerald's death was caused by Defendant Osborn striking her with his truck." Plaintiffs supported this statement with direct judicial admissions from Defendants' Answer (*see e.g.*, ¶5 "Defendants admit Ms. Fitzgerald died because of the accident"), as well as an on-point testimonial admission from Defendant Osborn's deposition:

Q.       You struck Megan Fitzgerald on Coleman Road on May 9, 2018 with your truck. Correct?

A.       Yes.

Q.       You don't deny that striking Megan Fitzgerald with your truck on May 9, 2018 caused her death. Correct?

A.       No, I don't deny that.[6]

---

[4] Osborn Depo. p. 22:21-23:1.
[5] Osborn Depo. p. 23:10-14.
[6] Osborn Depo. p. 17:12-18.

5

Responding to SUMF #6, Defendant admitted: "Defendant admits the accident caused Megan's injuries and death," but then purported to qualify it with a series of non-responsive and unsupported statements relating to to the independent issue of Defendant's comparative fault affirmative defense. While this Court should also grant partial summary judgment in favor of the Plaintiffs on the Defendant's comparative fault defense (for the reasons discussed in Section II below), a potential factual issue as to Defendant's comparative fault affirmative defense does not impede Plaintiffs' entitlement to judgment on the causation element of their prima facie case.

## II. Plaintiffs are Entitled to Partial Summary Judgment on Defendant's Comparative Fault Defense.

Since the Defendant has the burden to establish the elements of his comparative fault affirmative defense at trial, the Defendant must "put up or shut up" by producing sufficient evidence to support each element of his comparative fault defense. Tenn. Code Ann.§ 20-16-101. It is not sufficient for the Defendant to simply challenge the sufficiency of Plaintiffs' efforts to negate that defense. *See id.*

The Plaintiff is entitled to partial summary judgment because the Defendant directly admitted in his deposition that he is 100% at fault for Megan Fitzgerald's death, and the Defendant has not produced evidence demonstrating that anything Megan Fitzgerald caused the Defendant to strike and kill her with his vehicle.

During his deposition, Defendant Osborn testified that he was 100% responsible for striking and killing Megan Fitzgerald:

Q. Do you take responsibility for what occurred?

A. 100%

Q. You don't blame Megan Fitzgerald at all for what occurred, do you?

6

A.    No. Not at all.[7]

This proof alone satisfied Plaintiffs' initial burden of production and required Defendant Osborn to come forward with sufficient evidence to support every element of his comparative fault defense against Megan Fitzgerald.

The Defendant's Response to Plaintiff's Motion for Partial Summary Judgment does not establish any evidentiary basis upon which a reasonable fact-finder could apportion fault to Megan Fitzgerald.

Defendant first argues that Megan should be blamed for the Defendant striking and killing her because Coleman Road was "simply not suitable for bicycle traffic." This comparative fault defense has no merit in light of Defendant's admission that Megan had a legal right to ride her bicycle on Coleman Road as a matter of law. Defendant's Response to P's SUMF, ¶ 3. A motorist who approaches and runs over a bicyclist cannot assert comparative fault against that bicyclist simply for being on a road when it is lawful for the bicyclist to use that road:

> Two other fundamental principles defeat Mills' alternative ground for the submission of a comparative fault instruction. By statute, a bicyclist in Iowa is subject to the rules of the road and "has all the rights and duties . . . applicable to the driver of a vehicle." Iowa Code § 321.234(2). Mills attempts to fault Vasconez for riding on a county road instead of a bike path, riding alone (thereby reducing his visibility), and riding in a westerly direction near sunset. However none of this conduct is illegal. And ascribing negligence to such choices would be ludicrous if applied to any other motorist. Given the legislative policy implicit in section 321.234(2), we find no basis for the claim that such choices constitute negligence for a bicyclist.
>
> Second, Vasconez was entitled to assume that others using the road would obey the law until the circumstances reasonably revealed otherwise. Iowa R. App. P. 6.14(6)(i). Under the law, Vasconez was entitled to assume that a vehicle approaching him from behind would see him and respond appropriately. Mills testified that there were no vehicles coming toward her in the opposite lane that would have impeded her ability to easily pass Vasconez, had she seen him. Under these facts, Vasconez had no reason--or duty--to take evasive action.

---

[7] P's SUMF ¶ 19; Osborn Depo. p. 61:15-20.

7

The district court aptly summed up the record and the law this way:

> The only evidence is that plaintiff was riding a bicycle on a road and that's all. There is no evidence that the plaintiff did anything other than ride his bike on a sunny day in a westerly direction. That, to me, does not present substantial evidence on which to base [a] comparative fault instruction with respect to liability.

> We agree with the court's conclusion and, accordingly, reject Mills' claim for reversal on this ground.

*Vasconez v. Mills*, 651 N.W.2d 48, 52-53 (Iowa 2002).

As in *Vasconez*, Megan Fitzgerald had the legal right to ride her bicycle on Coleman Road. Megan not only had the right to be on Coleman road, approaching motorists were required to give her at least three (3) feet clearance when overtaking and passing. Tenn. Code Ann. § 55-8-175(c)(2). As such, it was even more reasonable for Megan Fitzgerald to assume that a vehicle approaching her from behind would see her and respond appropriately.

Additionally, Defendant Osborn conceded that nothing about the road itself prevented him from seeing Megan Fitzgerald and not running her over:

| Mr. Manookian: | And there was nothing about the road, itself, that would have interfered with you seeing Megan Fitzgerald on her bicycle on May 9, 2018. Correct? |
| --- | --- |
| Mr. Osborn: | I don't think the road was a factor in me not seeing her.[8] |

Defendant also argues that Megan can be blamed for the Defendant striking and killing her on the basis that Megan was "not wearing appropriate safety clothing to alert vehicle operators of her presence on the road." This argument has absolutely no merit, including because Megan was riding her bicycle in the middle of the day. While bike riders might, for example, wear reflective clothing when riding in the dark, the Defendant has not and cannot identify what clothing Megan

---

[8] Osborn Depo. p. 22:21-23:1.

8

had a duty to wear during the middle of the day on May 9, 2018 to alert the Defendant to her presence, so that he would not strike and kill her with his vehicle.

Finally, while the Defendant argues in his brief that Megan can be blamed for the Defendant striking and killing her because she was not wearing a helmet, no evidence supports this defense. The Defendant has not and cannot show how Megan's wearing or not wearing a helmet would have affected whether Defendant Osborn ran her over in his vehicle. The Defendant conceded that he could not say one way or the other whether wearing a helmet would have affected the outcome for Megan in any way. P's SUMF ¶ 25. The Defendant has not introduced any medical proof that Megan would have survived being hit by a car. The Defendant's testimony that a helmet "may have" changed the outcome is not admissible and not sufficient to establish a comparative fault defense blaming Megan for her death.

### III.    Plaintiffs' Motion for Partial Summary Judgment Should Not be Denied or Postponed Due to Tenn. R. Civ. P. 56.07.

The Plaintiffs' Motion for Partial Summary Judgment should not be denied or postponed due to a claimed need for additional discovery because the Defendant has not shown a specific inability to "present by affidavit facts essential to justify the opposition" in the manner required by Tenn. R. Civ. P. 56.07.

Once a movant files a properly-supported motion for summary judgment, the non-moving party "must set forth *specific facts* showing that there is a genuine issue of material fact for trial." *Byrd v. Hall*, 847 S.W.2d 208, 210-211 (Tenn. 1993) (emphasis in original). The non-moving party must identify *specific facts* that are (a) genuinely disputed and (b) material to resolution of each element of liability. TENN. R. CIV. P. 56.04. The Defendant *cannot* rely on the pleadings to show these facts are genuinely disputed, but must either produce affidavit testimony, or explain why

9

additional targeted discovery is necessary to substantiate those specific facts. *See Byrd*, 847

S.W.2d at 210-211; TENN. R. CIV. P. 56.07.

Under Tenn. R. Civ. P. 56.07, a non-moving party has the burden to "explain[] the necessity

for further discovery." *McCarley v. West Quality Food Service*, 960 SW 2d 585, 588 (Tenn.1998).

Tennessee and federal courts recognize that an opposition to summary judgment based on Rule

56.07, or its federal equivalent, Rule 56(f), must *affirmatively* identify the *specific* facts that a party

will substantiate through discovery and explain how such discovery will ultimately permit the

party to create a genuine issue of disputed *material* fact:

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment
> without even the slightest showing by the opposing party that his opposition is
> meritorious. A party invoking its protections must do so in good faith by
> affirmatively demonstrating why he cannot respond to a movant's affidavits as
> otherwise required by Rule 56(e) and how postponement of a ruling on the motion
> will enable him, by discovery or other means, to rebut the movant's showing of the
> absence of a genuine issue of fact. Where, as here, a party fails to carry his burden
> under Rule 56(f), postponement of a ruling on a 357*357 motion for summary
> judgment is unjustified.

*Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F. 2d 289, 297 (8th Cir. 1975). The

non-moving party must "identify what, if any, facts [a]re within [another party's] exclusive control

and how, if at all, discovery would assist them in bringing those facts to light." *Id.*

An affidavit demonstrating a need for further discovery must 1) identify the specific

discovery that the party contends is necessary, 2) explain why the discovery has not been

conducted, and 3) show how the discovery bears upon the issues presented by the motion for

summary judgment. A plaintiff must "identify what, if any, facts [a]re within [another party's]

exclusive control and how, if at all, discovery would assist them in bringing those facts to light."

*Willmar Poultry*, 520 F. 2d at 297. An affidavit fails this requirement if it contains "general and

conclusory statements regarding the need for more discovery." *Ironside v. Simi Valley Hosp.*, 188

10

F. 3d 350, 354 (6th Cir. 1999).. A party is required to demonstrate the "adequacy of the efforts to obtain an opposing affidavit after the summary judgment motion was filed." *Grisham v. McLaughlin,* 2006 WL 1627274, *7, No. M2004-1662-COA-R3-CV (Tenn. Ct. App. June 12, 2006) (emphasis added). The affidavit must describe the steps the non-moving party has "taken to obtain the desired information pursuant to the discovery procedures under the Rules." *Ironside,* 188 F. 3d at 294. Defendant must also demonstrate how the additional discovery will permit the Defendant to create a material issue of disputed fact. *Ironside,* 188 F. 3d at 354 ("The court did not abuse its discretion in granting the motion for summary judgment before plaintiff completed discovery. Plaintiff's affidavit . . . does not show how an extension of time would have allowed information related to the truth or falsity of the letter to be discovered.").

The Defendant has not complied with the specific requirements of Rule 56.07, but rather, appears to be relying on Rule 56.07 as a generic fallback if Defendant's proof is deemed to be insufficient. Mr. Meisner's affidavit does not identify any specific facts "essential" to Defendant's opposition to summary judgment that the Defendant has not been able to present in the exercise of reasonable diligence. Instead, Mr. Meisner indicates that Defendant wishes to depose Madison Heathcock, Ronald Hurst, and Josh Balboa "to fully understand the facts and circumstances leading up to the accident." Mr. Meisner does not indicate how these individual's testimony might bear upon any specific fact that could be material to issues presented in Plaintiffs' Motion, only that "their testimony will undoubtedly affect liability in this case." Mr. Meisner also indicates that Defendant has retained an "accident reconstructionist expert," but does not explain why Defendant was unable to produce an affidavit from this retained expert, or why an affidavit from this expert is necessary to create a genuine dispute of some specific fact that would be material to one or more issue(s) raised by Plaintiff's Motion.

11

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment should be granted.

Respectfully submitted,

Afsoon Hagh, B.P.R. 028393
45 Music Square West
Nashville, Tennessee 37203
(615) 549-5519 telephone
(615) 266-0250 facsimile
afsoon@cummingsmanookian.com

*Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the Plaintiffs' ~~Responses to Defendants'~~ Reply in Support ~~Additional Statement of Undisputed Material Facts in Support of their Opposition to Plaintiffs'~~ of their Motion for Partial Summary Judgment has been served by e-mail and facsimile upon the following on this 19th day of March, 2019:

**STEVEN J. MEISNER**
**CAROLINE C. MILLER**
Attorney for James Osborn,
Osborn Enterprises, Inc., II and Osborn Enterprises, Inc., III
**BREWER KRAUSE BROOKS &**
**CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228-1209
E-mail: smeisner@bkblaw.com

AFSOON HAGH

12

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

MARTY FITZGERALD and MELISSA )
FITZGERALD individually, as )
Husband and wife, and o/b/o their )
deceased child, MEGAN FITZGERALD, )
)
    Plaintiffs, )
) NO. 2018-311
v. )
) (JURY DEMAND)
JAMES OSBORN, OSBORN )
ENTERPRISES, INC., II and )
OSBORN ENTERPRISES, INC., III, )
)
    Defendants. )

---

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Comes now the Plaintiffs, by and through the undersigned counsel, and pursuant to Rule 56 of the Tennessee Rules of Civil Procedure and in opposition to Defendants' Motion for Partial Summary Judgment responds as follows:

### I.    SUMMARY JUDGMENT STANDARD

This case is governed by the legislative summary judgment standard set forth by our legislature at Tenn. Code Ann. § 20-16-101.

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; Byrd v. Hall, 84 S.W.2d 208, 214 (Tenn. 1993). In Byrd, the Tennessee Supreme Court set out the basic principles involved in determining whether a motion for summary judgment should the granted. The

moving party has the ultimate burden of persuading the Court that there are no disputed, material facts creating a genuine issue for trial and that he is entitled to a judgment as a matter of law. Byrd, 84 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the non-moving party to show that a genuine issue of material fact exists. Id. To meet its burden of production and shift the burden to the non-moving party, the moving party must either affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense. Id. at 215 n.5.

Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 88 (Tenn. 2000); McCarley v. W. Quality Food Serv., 960 S.W.2d 585, 588 (Tenn. 1998).

The Tennessee Supreme Court in McCleran v. Mid-South Stone, Inc., 695 S.W.2d 181,182 (Tenn. 1985) held that if material facts are not in dispute, and it is apparent from the record that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Id at 181. Summary Judgment is appropriate when the facts and legal conclusions drawn from the facts reasonably permit only one conclusion. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

## II.     LAW AND ARGUMENT

**A.     Defendants' Motion for Partial Summary Judgment on the issue of vicarious liability should be denied because a genuine dispute regarding a material fact- whether Osborn was acting in the course and scope of his employment- exist.**

The Plaintiffs' do not dispute that Mr. Osborn testified:

    1)  He concluded his work activities at the time he hit Megan Fitzgerald;

2

2) Osborn Enterprises owns Hondo of Cool Springs;

3) Osborn owns 50% of Osborn Enterprises.

Defendants' did not provide any testimony, by affidavit or otherwise, from Osborn Enterprises, Inc., II and/or Osborn Enterprises, Inc., III (collectively "Osborn Enterprises"), Hondo of Cool Springs, the other 50% stake owner of Osborn Enterprises or from Mr. Osborn to (1) establish that Mr. Osborn was not acting in the course and scope of his employment; (2) establish that Mr. Osborn is authorized to speak on behalf of Osborn Enterprises; (3) establish that Mr. Osborn is authorized to speak on behalf of Hondo of Cool Springs;(4) establish that Mr. Osborn was not on the business of Osborn Enterprises and/or Hondo of Cool Springs at the time of the incident; (5) establish Mr. Osborn's role and duties with Osborn Enterprises and Hondo of Cool Springs such that he was not on their business at the time of the incident.

The only proof in the record that Mr. Osborn was not acting in the course and scope of his employment is his testimony that he was on his was home for the day when the incident occurred. That testimony alone does not establish that Mr. Osborn was not acting in the course and scope of his employment. Even more, a jury may consider Mr. Osborn's credibility on self-serving testimony and may reject that assertion. Therefore, at this time, Defendants' Motion for Partial Summary Judgment on the issue of acting in the course and scope of his employment should be denied.

3

**B.**  **Defendant Osborn's Motion for Partial Summary Judgment on Plaintiffs' Claim for Punitive Damages should be denied because Mr. Osborn's testimony and admissions establish he was reckless on May 9, 2018.**

Punitive damages are awarded to punish wrongful conduct and to deter others from engaging in similar conduct in the future. Flax v. DamilerChrysler Corp., 272 S.W. 3d 521 (Tenn. 2008). In 1992, the Tennessee Supreme Court set forth circumstances in which punitive damages could be awarded and prescribed procedures to assure that punitive damages were not arbitrarily awarded. Hodges v. S.C. Toof & Co., 833, S.W.2d 896 (Tenn. 1992).

These procedures include: (1) a bifurcated trial, (2) a heightened burden of proof, (3) specific instructions, and (4) independent judicial oversight over punitive damage awards. A party seeking punitive damages must present "clear and convincing evidence" that the defendant's acts were intentional, fraudulent, malicious or reckless. Hodges, at 901.

A person acts recklessly, when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. Id. (citing T.C.A. 39-11-302(c)(1991)). Therefore, to succeed on a punitive damages claim based on a defendant acting recklessly, the jury must have a firm believe or conviction regarding the truth of the facts sought to be established.

The clear and convincing standard is easily met in this case because James Osborn admitted that on May 9, 2018:

4

A. He knew the rules of the road;

B. He had more knowledge than members of the general public about the rules and laws related to the operation of motor vehicles;

C. He was aware the law required him to leave three (3) feet of space as he passed a bicyclist;

D. He was aware of the risk associated with failing to leave enough for a bicyclist when passing;

E. He was aware the risk in failing to abide by the rule to leave three (3) feet of space as he passed a bicyclist is that he could strike the bicyclist.

Specifically, Mr. Osborn testified as follows:

Q: Having observed and passed hundreds of bicyclists on the road over the last decade in Williamson County in your motor vehicle, you were aware of the risk of failing to leave enough room for a bicyclist as you passed them. Correct?

A: Yes. Three feet.

Q: You're aware that you're required to provide three feet as you pass a bicyclist. Correct?

A: Yes.

Q: You were aware of that on May 9, 2018 and before that time. Correct?

A: Yes.

Q: Because of your position and employment in the power-sports industry, you are more aware than, probably, members of the general public about rules and laws related to the operation of motor vehicles, motorcycles, ATVs, and jet skis. Correct?

A: Yeah, I'm pretty knowledgeable about it. Fairly knowledgeable.

Q: You knew of the risk of failing to provide the required 3 feet of space as you pass a bicyclist on May 9, 2018. Correct?

5

MR. MEISNER: Objection. Form.

THE WITNESS: I'm aware of the rule, yes.

Q: And you are aware of the risk inherent in failing to abide by that rule. Correct?

A: Yeah, I'm — yes.

Q: The risk in failing to abide by the rule to leave 3 feet of space as you pass a bicyclist is that you could strike the bicyclist. Correct?

A: Well, if you don't give them 3 feet, yes; that's correct.

Q: You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct?

MR. MEISNER: Objection to form.

THE WITNESS: That is correct. I didn't.

(Osborn Depo. 67:24–69:13)

Based on Mr. Osborn's testimony and admissions, he was aware at the time of conduct, May 9, 2018, that the risk of someone getting hurt as a result of failing to abide by the rules of the road in giving Megan Fitzgerald three (3) feet of space as he passed her bicycle was great. Further, Mr. Osborn repeatedly testified that he could not explain why he struck Megan Fitzgerald with his truck or how he could have failed to see her. As a result, he has affirmatively declined to take a position on that point and a jury may decide, in his absence of testimony, whether his conduct was merely negligent or rises to the level or recklessness. Defendant Osborn's candid acknowledgment that he is unable to take a position on that point renders him incapable of securing summary judgment on the same. Mr. Osborn's testimony and admissions create a genuine dispute of a material fact, namely, whether his conduct was reckless.

6

## III.    __CONCLUSION__

Based on the foregoing, the Plaintiffs' respectfully request this Court deny Defendants' Motion for Partial Summary Judgment on the issue of vicarious liability and punitive damages.

Respectfully submitted,

**Afsoon Hagh, B.P.R. 028393**
45 Music Square West
Nashville, Tennessee 37203
(615) 549-5519 telephone
(615) 266-0250 facsimile
afsoon@cummingsmanooklan.com

*Attorney for the Plaintiffs*

**7**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the Plaintiffs' Responses to Defendants' ₳ Motion for Partial Summary Judgment has been served by e-mail and facsimile upon the following on this 19th day of March, 2019:

**STEVEN J. MEISNER**
**CAROLINE C. MILLER**
Attorney for James Osborn,
Osborn Enterprises, Inc., II and Osborn Enterprises, Inc., III
**BREWER KRAUSE BROOKS &**
**CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228-1209
E-mail: smeisner@bkblaw.com

AFSOON HAGH

**8**

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

MARTY FITZGERALD and MELISSA )
FITZGERALD individually, as )
Husband and wife, and o/b/o their )
deceased child, MEGAN FITZGERALD, )
                   )
         **Plaintiffs,** )
                   )    **NO. 2018-311**
**v.** )
                   )    **(JURY DEMAND)**
JAMES OSBORN, OSBORN )
ENTERPRISES, INC., II and )
OSBORN ENTERPRISES, INC., III, )
                   )
         **Defendants.** )

COPY

## PLAINTIFFS' RESPONSES TO OSBORN'S STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF HIS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiffs', by and through counsel, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, and hereby submits the following responses to Defendants Osborn's additional facts in opposition to Plaintiffs' Motion for Partial Summary Judgment:

1.      This is a wrongful death action arising out of an automobile accident that occurred on May 9, 2018. (Complt. ¶¶ 1, 8-14.)

**RESPONSE:**

**Admitted.**

2.      Megan Fitzgerald ("Megan") was riding a bicycle on Coleman Road at the same time Defendant Osborn was traveling in the same direction heading toward his residence located at 3235 Kennard Springs Road in Franklin, Tennessee. (Complt. ¶¶ 2, 8-14; EXHIBIT 1 - Osborn Res. Interrog. No. 8.)

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.

3.      Prior to the accident, Mr. Osborn was working in the morning, had lunch with his wife and was headed home for the day. (EXHIBIT 1 - Osborn Res. Interrog. No. 8.)

RESPONSE:

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.

4.      At the time of the accident, Mr. Osborn was driving his personal vehicle, a Silverado pick-up truck registered and titled in his name. (EXHIBIT 6 – Title to Vehicle, Osborn Res. RFP; Plfs. Res. Request Admissions; Police Report.)

RESPONSE:

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.

5. Tara Seaborn was a passenger in a vehicle behind Mr. Osborn before the accident. (EXHIBIT 3 - Seaborn Dep. 6-10.)

RESPONSE:

Denied. Tara Seaborn was a passenger in a vehicle behind another vehicle that was directly behind Mr. Osborn's truck. See, Seaborn Depo. 10:13-15.

6.      Ms. Seaborn testified all the vehicles were traveling the speed limit, including the vehicle driven by Mr. Osborn.  (EXHIBIT 3 - Seaborn Dep. 10:10-23.)

RESPONSE:

Objection – lack of foundation and improper lay opinion testimony under Tenn. R. Evid. 701. There are two methods of determining another car's speed: (1) clocking with a radar device; and (2) pacing. Pacing requires a trained motorist to follow a suspected speedster for a sufficient distance at a constant speed, and then using his/her own speedometer to estimate the speed of the violator. There is no foundation that Ms. Seaborn was employing either of these methods on the day in question, much less, employing them in a manner consistent with the predicates of Tenn. R. Evid. 702-703 for her opinion to be admissible.

2

7.     Mr. Osborn did not attempt to brake or swerve prior to the accident. (EXHIBIT 3 -

Seaborn Dep. 11:14-12:24.)

**RESPONSE:**

**Admitted.**

8.     Megan was not wearing a helmet or other safety gear typically worn by "bicycle

people." (EXHIBIT 3 - Seaborn Dep. 38:4-39:10.)

**RESPONSE:**

**It is admitted Megan was not wearing a helmet. However, this fact is not material.
The Defendant has not and cannot show how Megan's wearing or not wearing helmet
would have affected whether Defendant Osborn ran her over, or otherwise somehow
serves to excuse Defendant Osborn's role in causing Megan's death. Osborn Depo pp.
64:16-65:9. The Defendant has admitted that Megan's injuries were caused by the
collision and has not introduced any medical proof that Megan would have survived
being hit by a car that made no effort to brake if she had been wearing a helmet.
Otherwise, the statement is impermissibly vague, and not supported by admissible
record proof. The cited testimony is improper opinion testimony and, in any event,
does not establish that Megan was not wearing any "other safety gear typically worn
by 'bicycle people.'" Even if this fact could be established from the cited testimony, it
would not be not material. The Defendant has not and cannot show how Megan's
wearing or not wearing some other unspecified "other safety gear" would have
affected whether Defendant Osborn ran her over, or otherwise somehow serves to
excuse Defendant Osborn's role in causing Megan's death.**

9.     In observing Mr. Osborn's vehicle, Ms. Seaborn testified Mr. Osborn was not

driving in any erratic or unusual manner, having no difficulties navigating his vehicle within his

lane of traffic, did not cross over the center lane into oncoming traffic, veer off onto the shoulder

of the road or otherwise behave in any unusual manner prior to the accident. (EXHIBIT 3 - Seaborn

Dep. 40:3-25.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for
summary judgment only. Ms. Seaborn testified that Defendant did not *appear* to be
driving in an erratic or unusual manner from her vantage point. This fact is not
material because it does not establish that the Defendant somehow complied with the**

3

standard of care applicable to him when he overtook and ran over Megan on the day in question.

10.     Ms. Seaborn testified Coleman Road was not suitable for bicycle traffic because, in her words:

> It's curvy; there are no shoulders; there is not a bike lane; it's unpredictable how fast anyone would be going down that road; it's a side road; I've been, you know, passed by cars going way too fast; I drive on it all the time; there's no good shoulder; I mean, just no.

(EXHIBIT 3 - Seaborn Dep. 41:1-11.)

**RESPONSE:**

The Plaintiffs do not deny that Ms. Seaborn testified, in part, as Defendant block-quoted. However, Plaintiffs deny Defendant's characterization of this testimony as evidence that "Coleman Road was not suitable for bicycle traffic," including for the following reasons:
1. Any opinion by Ms. Coleman that the Coleman road was not suitable for bicycle traffic is improper opinion testimony.
2. Nothing about the road prevented the Defendant from seeing Megan Fitzgerald and not running her over on May 9, 2018. Osborn Depo. p. 22:21-23:1.
3. According to the Defendant himself, Coleman Road is not unsuitable for bicycle traffic. Osborn Depo. p. 10:11-11:12, 66:13-19.
4. Defendant has conceded that Megan Fitzgerald has a legal right to ride her bicycle on Coleman Road. Defendant's Response to P's SUMF ¶ 6.

11.     Based on Ms. Seaborn's observations, there was no indication Mr. Osborn intentionally struck Megan. (EXHIBIT 3 - Seaborn Dep. 43:2-22.)

**RESPONSE:**

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only that Ms. Seaborn testified she did not believe Mr. Osborn intentionally struck Megan. However, this "fact" is neither admissible, nor material to Plaintiffs' Motion for Partial Summary Judgment.

12.     Mr. Osborn admitted he made no attempt to pass Megan because he did not see her until just prior to impact - it was too late to avoid the collision. (EXHIBIT 2 - Osborn Dep. 24:14-18.)

4

**RESPONSE:**

It is denied that Mr. Osborn was not "overtaking and passing" Megan for purposes of Tenn. Code Ann. § 55-8-175(c)(2) when he approached her from behind and struck her on May 9, 2018, including because "Overtake" means "to come or catch up with in a course of motion," *Ringwald v. Beene*, 92 S.W.2d 411, 413 (Tenn. 1935), and "Pass" means "to move in a path so as to approach and continue beyond something."[1] Defendant Osborn admitted that he did not comply with Tenn. Code Ann. § 55-8-175(c)(2):

| Mr. Manookian: | You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct? |
|---|---|
| Mr. Osborn: | That is correct. I didn't.[2] |

13.    Mr. Osborn did not attempt to overtake and pass Megan. (EXHIBIT 2 - Osborn Dep. 24:14-18.)

**RESPONSE:**

It is denied that Mr. Osborn was not "overtaking and passing" Megan for purposes of Tenn. Code Ann. § 55-8-175(c)(2) when he approached her from behind and struck her on May 9, 2018, including because "Overtake" means "to come or catch up with in a course of motion," *Ringwald v. Beene*, 92 S.W.2d 411, 413 (Tenn. 1935), and "Pass" means "to move in a path so as to approach and continue beyond something."[3] Defendant Osborn admitted that he did not comply with Tenn. Code Ann. § 55-8-175(c)(2):

| Mr. Manookian: | You did not give Megan Fitzgerald 3 feet of space as your car passed and collided with her on May 9, 2018. Correct? |
|---|---|
| Mr. Osborn: | That is correct. I didn't.[4] |

14.    Mr. Osborn could not testify why he did not see Megan. (EXHIBIT 2 - Osborn Depo. 23:10-18.)

**RESPONSE:**

---

[1] Merriam Webster's Dictionary, attached as **Exhibit 1** hereto.
[2] Osborn Depo, p. 70:16-22.
[3] Merriam Webster's Dictionary, attached as **Exhibit 1** hereto.
[4] Osborn Depo, p. 70:16-22.

5

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.

15.    Mr. Osborn noted, however, that there was a strong sun glare on his windshield that may have affected his ability to see. (EXHIBIT 2 - Osborn Dep. 21:25-22:8; 65:11-23.)

**RESPONSE:**
**Denied. Defendant Osborn rejected the notion that he could not see Megan Fitzgerald due to it being too bright out. Osborn Depo, p. 23:10-14.**

16.    Mr. Osborn surrendered his vehicle and gave a written statement to the police following the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 6.)

**RESPONSE:**
**Denied.**

17.    Prior to the incident, he had only been involved in two (2) motor vehicle accidents: one in 1999 and the second approximately five (5) years prior to the accident at issue. (EXHIBIT 1 - Osborn Res. Interrog. No. 9.)

**RESPONSE:**
**Objection, this fact is improper character evidence.** *See* **Tenn. R. Evid. 404. Further, denied as stated.** *See,* **Def's Exhibit 1: Mr. Osborn only recalls having been involved in two motor vehicle incidents prior to the incident that is the subject of this action. Additionally, this fact is not material because it does not mean that the Defendant was not negligent on May 9, 2018.**

18.    There is no evidence Mr. Osborn consumed alcohol prior to the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 11.)

**RESPONSE:**
**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

19. Mr. Osborn had no prior difficulties operating the vehicle he was driving on the date of the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 14.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

20. There is no evidence Mr. Osborn was talking or texting on his phone at the time the incident occurred. (EXHIBIT 1 - Osborn Res. Interrog. 19-20.)

**RESPONSE:**

**Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only.**

21. No criminal charges have been brought against Mr. Osborn arising out of the incident. (EXHIBIT 1 - Osborn Res. Interrog. No. 27.)

**RESPONSE:**

**Denied.**

22. Coleman Road is dangerous for bicyclists because it is a hilly, curvy, country road with no shoulder for bicycle traffic. (EXHIBIT 2 - Osborn Dep. 9:6-25; EXHIBIT 3 - Seaborn Dep. 19:8-18.)

**RESPONSE:**

**Denied.**

23. Coleman Road is simply not suitable for bicycle traffic. (EXHIBIT 3 - Seaborn Dep. 41:1-11.)

**RESPONSE:**

**Denied, including for the following reasons:**
1. **Any opinion by Ms. Coleman that the Coleman road was not suitable for bicycle traffic is improper opinion testimony.**

7

2. Nothing about the road prevented the Defendant from seeing Megan Fitzgerald and not running her over on May 9, 2018. Osborn Depo. p. 22:21-23:1.
3. According to the Defendant himself, Coleman Road is not unsuitable for bicycle traffic. Osborn Depo. p. 10:11-11:12, 66:13-19.
4. Defendant has conceded that Megan Fitzgerald has a legal right to ride her bicycle on Coleman Road. Defendant's Response to P's SUMF ¶ 6.

24.    Megan's parents were surprised she had gone so far on Coleman Road. (EXHIBIT 4 - Melissa Fitzgerald Dep. 19:17-24; EXHIBIT 5 - Marty Fitzgerald Dep. 36-40.)

RESPONSE:

This is not a material fact. The referenced testimony is not supported by the cited depositions; however, Melissa Fitzgerald testified at 19:12: "I was surprised she had gone that far."

25.    Megan was not an avid bicyclist. (EXHIBIT 4 - Melissa Fitzgerald Dep. 19:17-24; EXHIBIT 5 - Marty Fitzgerald Dep. 36-40.)

RESPONSE:

Pursuant to T.R.C.P 56.03, Admitted for purposes of ruling on the motion for summary judgment only. This is not a material fact, including because the issue is that Defendant did not see the Decedent and ran her over from behind. Megan Fitzgerald was not responsible for her death because she rode her bicycle without being an "avid bicyclist."

26.    At the time of the accident, Megan was not riding as close as possible to the right side of the road and was not wearing a safety helmet or appropriate clothing to warn others of her presence on the road. (EXHIBIT 2 - Osborn Dep. 27:14-16; 31:6-15; 61:23-62:6; EXHIBIT 3 - Seaborn Dep. 16:12-16; 38:13-29:4; EXHIBIT 4 - Melissa Fitzgerald Dep. 8:17-25; EXHIBIT 5 - Marty Fitzgerald Dep. 83:13-16.)

RESPONSE:

It is admitted that Megan was not wearing a helmet. All other facts are denied because they are not supported by the cited testimony. Megan Fitzgerald was riding her bicycle in the middle of the day. There is no evidence about clothing she should have

8

been wearing to make herself more visible in those conditions. Defendant Osborn's testimony that Megan was not riding as close as possible to the right side of the road is negated by his claim that he did not see her until he struck her. Osborn Deposition, p. 54:20-55:3.

Respectfully submitted,

Afsoon Hagh, B.P.R. 028393
45 Music Square West
Nashville, Tennessee 37203
(615) 549-5519 telephone
(615) 266-0250 facsimile
afsoon@cummingsmanookian.com
*Attorney for the Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the Plaintiffs' Responses to Defendants' Additional Statement of Undisputed Material Facts in Support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment has been served by e-mail and facsimile upon the following on this 19th day of March, 2019:

**STEVEN J. MEISNER**
**CAROLINE C. MILLER**
Attorney for James Osborn,
Osborn Enterprises, Inc., II and Osborn Enterprises, Inc., III
**BREWER KRAUSE BROOKS &**
**CHASTAIN, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228-1209
E-mail: smeisner@bkblaw.com

AFSOON HAGH

**10**



IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

FILED
WILLIAMSON COUNTY
CIRCUIT COURT

2019 AUG 23 PM 3: 43

ENTERED_____

DEAN CHASE, SANDRA CHASE,　）
and D.F. CHASE, INC.,　）
　　　）
　　Plaintiffs,　）
　　　）
v.　）　　No. 2019-221
　　　）
CUMMINGS MANOOKIAN PLC;　）
MANOOKIAN PLLC; BRIAN　）
PHILIP MANOOKIAN;　）
HAMMERVOLD PLC; MARK　）
HAMMERVOLD; CUMMINGS　）
LAW  LLC; BRIAN CUMMINGS;　）
and AFSOON HAGH,　）
　　　）
　　Defendants.　）

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the

"Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the

"Receiver").   In the Motion, the Receiver requests, among other things that Brian

Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks &

Chastain, PLLC, and James Osborne (the "Restrained Parties"), as well as those persons or

entities in active concert or participation with any of them, be restrained from directly or

indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the settlement

funds related to the resolution of *Marty Fitzgerald, et al. v. James Osborne* (the "Fitzgerald

Case"), a case pending in the Circuit Court for Williamson County, Tennessee.   The

Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the

Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining

Order (the "Memo of Law") in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.  Based upon the sworn allegations contained in the Affidavit, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. In the TRO Papers the Receiver sets forth allegations which, if proven true, give the Receiver a substantial likelihood of succeeding on his claims to some or all of the attorneys' fees earned by plaintiffs' counsel in the Fitzgerald Case.

2.  In the absence of a restraining order, the Receiver and this receivership estate face the prospect of losing a substantial source of recovery, namely some portion of the Fitzgerald Case settlement funds. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.  It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.  The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from delivering the Fitzgerald Case settlement funds to Hagh Law, PLLC not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.  For all of the foregoing reasons, this Order is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.      The Motion is hereby granted in its entirety.

B.      Brian Manookian, Afsoon Hagh, Hagh Law, PLLC, Steve Meisner, Brewer, Krause, Brooks & Chastain, PLLC, and James Osborne, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly delivering to Hagh Law, PLLC, Brian Manookian or Afsoon Hagh the 1/3 the $4,050,000.00 representing the attorneys' fees ($1,336,500.00) related to the resolution of the Fitzgerald Case.

C.      The bond is hereby set in the amount of $10,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on August 30, 2019, at 9:00, a.m. in the Circuit Court for Maury County, Tennessee.

Entered this _23_ day of August, 2019, at _1_ :_53_, _p_ .m.


_____

Judge David Allen

SUBMITTED FOR ENTRY:

Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

CLERK'S CERTIFICATE
I hereby certify that a true and exact copy of
foregoing has been mailed or delivered to
all parties or counsel of record.
8-23-19      A. Williams
Date          Circuit Court

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold
315 Deaderick Street, Suite 1550
Nashville, TN 37238

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228

This 23rd day of August, 2019.

Phillip G. Young, Jr.

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

DEAN CHASE, SANDRA CHASE,　　　)
and D.F. CHASE, INC.,　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　 )　　　No. 2019-221
　　　　　　　　　　　　　　　　　)
CUMMINGS MANOOKIAN PLC;　　 )
MANOOKIAN PLLC; BRIAN　　　　　)
PHILIP MANOOKIAN;　　　　　　　　)
HAMMERVOLD PLC; MARK　　　　　 )
HAMMERVOLD; CUMMINGS　　　　　)
LAW  LLC; BRIAN CUMMINGS;　　　 )
and AFSOON HAGH,　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## AGREED ORDER REGARDING TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Receiver's Motion to Approve Agreed Order Regarding Fitzgerald Case TRO (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). As evidenced by the signatures below, the Receiver and all parties (the "Restrained Parties") restrained by the Temporary Restraining Order entered by this Court on August 23, 2019 (the "TRO") have agreed to dissolve the TRO subject to certain terms and conditions. Based upon the agreement of the Receiver and the Restrained Parties, as evidenced by the signatures below, the Court finds as follows:

　　　　1.　The Motion should be and hereby is GRANTED.

　　　　Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

　　　　A.　　　The TRO issued on August 23, 2019 is hereby dissolved.

B.     James Osborn, Steve Meisner, and/or Brewer, Krause, Brooks & Chastain, PLLC may deliver settlement funds pursuant to the terms of the settlement agreement reached in the case of *Marty Fitzgerald et al. v. James Osborn* (the "Fitzgerald Case").

C.     Nothing herein or in the dissolved TRO shall in any way impact the terms of the settlement agreement in the Fitzgerald Case.

D.     Nothing herein or in the dissolved TRO is an admission or indication that Cummings Manookian is entitled to any portion of the settlement funds in the Fitzgerald Case.

E.     Hagh Law PLLC has agreed to and shall therefore deposit and hold $760,000.00 from the Fitzgerald Case settlement funds in the IOLTA trust account belonging to Hagh Law PLLC in order to permit the Receiver a reasonable period of time to investigate whether he believes Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds.

F.     If the Receiver claims that Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds, he may file a motion with this Court – or bring an action in any other Court of competent jurisdiction – within thirty (30) days. If the Receiver alleges that he has not been provided sufficient information to make such a determination, then the Receiver may file a motion with this Court seeking an extension of time within which to ask for disposition of the funds. If an extension of time is granted, Hagh Law PLLC shall deliver to the Receiver, at his request but not less than

monthly, redacted account statements for the Hagh Law PLLC IOLTA trust account so that the Receiver may confirm that the $760,000.00 remains on deposit.

G.    The hearing on a preliminary injunction previously scheduled for August 30, 2019 is hereby canceled, as the matter is now moot.

H.    The TRO bond is hereby canceled and released.

I.    Nothing in this Agreed Order is an admission by any Defendant as to the Receiver's rights to any portion of the proceeds of any settlement in the Fitzgerald Case, with the Defendants dispute.

J.    Nothing in this Agreed Order prevents or waives any rights by any Defendant to seek relief in this case as to the $760,000.00 held pursuant to this Order including through declarative or injunctive action.

K.    Nothing in this Agreed Order waives any causes of actions or claims belonging to Marty Fitzgerald, Melissa Fitzgerald, or James Osborn.

This 29th day of August, 2019.

_David J. Allen_
Judge David Allen

SUBMITTED FOR ENTRY:

_(signature)_

Phillip G. Young Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

_Steven Meisner (w/ permission by Phillip G Y)_

Steven Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 630-7727 (phone)
smeisner@bkblaw.com

Counsel for James Osborn

_Brian Manookian (w/ permission by Phillip G Y)_

Brian Manookian
45 Music Square West
Nashville, TN 37203
(615) 266-3333 (phone)
brian@tntriallawyers.com

Counsel for Hagh Law, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com

Mark Hammervold
1758 N. Artesian Ave.
Chicago, IL 60647-5311
mark@hammervoldlaw.com

Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
ameisner@bkblaw.com

James Osborne
c/o Steve Meisner
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
smeisner@bkblaw.com

Brewer, Krause, Brooks & Chastain, PLLC
ATTN Parks Chastain, Registered Agent
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
pchastain@bkblaw.com

This 28th day of August, 2019.

Phillip G. Young, Jr.



# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE AT FRANKLIN

DEAN CHASE, SANDRA CHASE,  )
and D.F. CHASE, INC.,  )
                            )
     Plaintiffs,  )
                            )
v.  )      No. 2019-221
                            )
CUMMINGS MANOOKIAN PLC;  )
MANOOKIAN PLLC; BRIAN  )
PHILIP MANOOKIAN;  )
HAMMERVOLD PLC; MARK  )
HAMMERVOLD; CUMMINGS  )
LAW  LLC; BRIAN CUMMINGS;  )
and AFSOON HAGH,  )
                            )
     Defendants.  )

## RECEIVER'S MOTION FOR ORDER DIRECTING HAGH LAW, PLLC TO DEPOSIT FUNDS INTO COURT OR, IN THE ALTERNATIVE, GRANTING ADDITIONAL TIME TO FILE A MOTION REGARDING FUNDS

       Phillip G. Young, Jr. (the "Receiver"), the court-appointed receiver in this matter, purusuant to Tennessee Rules of Civil Procedure 67.01 and 67.02, hereby moves for an order directing Hagh Law, PLLC ("Hagh Law") to deposit into this Court $760,000.00 (the "Funds") it is holding from the settlement of the *Marty Fitzgerald et al. v. James Osborn* matter (the "Fitzgerald Case"). Alternatively, were the Court to deny that request, the Receiver requests additional time to file a motion regarding ownership and distribution of the Funds. In support of this Motion, the Receiver states as follows:

       1.      On August 29, 2019, the Court entered an *Agreed Order Regarding Temporary Restraining Order* (the "Order"). In the Order, the Court directed Hagh Law to retain $760,000.00 in its IOLTA trust account pending further order of this Court. More

specifically, the Court provided in the Order: "If the Receiver claims that Cummings Manookian is entitled to any portion of the Fitzgerald Case settlement proceeds, he may file a motion with this Court – or bring an action in any other Court of competent jurisdiction – within thirty (30) days. If the Receiver alleges that he has not been provided sufficient information to make such a determination, then the Receiver may file a motion with this Court seeking an extension of time within which to ask for disposition of the funds. If an extension of time is granted, Hagh Law PLLC shall deliver to the Receiver, at his request but not less than monthly, redacted account statements for the Hagh Law PLLC IOLTA trust account so that the Receiver may confirm that the $760,00.00 remains on deposit."

2.      On September 24, 2019, the Court entered an *Order Granting Receiver's Request for Additional Time to File a Motion Regarding the Fitzgerald Settlement Funds and Directing Hagh Law, PLLC to Provide Proof of Funds* (the "September 24 Order"). That order extended the time in which the Receiver had to file a motion regarding the ownership and distribution of the Funds to October 28, 2019.

3.      Since the September 24 Order, Hagh Law has, in fact, provided the Receiver with proof that $760,000.00 is being held in an account. However, it is unclear whether the account in which the Funds are being held are an IOLTA trust account or a normal checking account.[1] Brian Manookian, as counsel for Hagh Law, has informed the Receiver that the Tennessee Board of Professional Responsibility advised Hagh Law that it could not hold the Funds in an IOLTA trust account because the case that generated the Funds

---

[1] The bank account statement provided to the Receiver lacks any IOLTA or trust account designation.

had been concluded. Therefore, the Receiver was informed that Hagh Law had, or would soon be, transferring funds from an IOLTA trust account to a regular checking account in the name of Hagh Law.

4. The Order required that the Funds be held in Hagh Law's IOLTA trust account. The Receiver agreed to this provision because of the protected nature of trust accounts and because the Receiver believed that maintaining the Funds in a trust account removed any perception of misconduct. While the Receiver does not want to ask Hagh Law to violate an ethical prohibition from the Board of Professional Conduct, he believes that the Funds need to be better protected than the protections offered by a normal checking account.

5. Moreover, while the Receiver has received certain documents from Mr. Manookian and Hagh Law regarding the ownership of the Funds, he has yet to receive all documents that the Receiver believes are necessary for the determination of ownership and distribution of the Funds. Specifically, the Receiver has requested a copy of an alleged agreement between the *Fitzgerald* plaintiffs and Hagh Law, as well as a list of expenses incurred by Cummings Manookinan, PLC in relation to cases that Mr. Manookian claims were taken over by Hagh Law. The process of gaining access to these relevant documents has taken longer than the Receiver anticipated, and he does not want to file a motion with this Court each month asking for further extensions of time to make a determination about the ownership and distribution of the Funds.

6. Accordingly, pursuant to Tenn. R. Civ. Proc. 67.01 and 67.02, the Receiver respectfully requests that the Court order Hagh Law to deposit the Funds into this Court. Depositing the Funds with the Court will give all parties more protection (both in

perception and reality) than holding the Funds in a normal checking account, and will prevent the judicial inefficiency caused by the Receiver filing monthly motions to extend time until all relevant documents are produced.

7.       Alternatively, if the Court is not inclined to order Hagh Law to deposit the Funds into the Court, the Receiver requests that he be granted an extension through December 31, 2019 to file a motion with this Court concerning the disbursement of the Fitzgerald Case settlement funds, pursuant to the provisions of the *Agreed Order Regarding Temporary Restraining Order* entered on August 29, 2019.

WHEREFORE, the Receiver respectfully moves this Court to grant this Motion and enter an order as follows:

A.       Directing Hagh Law, PLLC to immediately deposit $760,000.00 into the Court, pending a further order of this Court regarding the ownership and distribution of those funds; or

B.       Alternatively, granting the Receiver an extension until December 31, 2019 to file a motion with this Court concerning the disbursement of Funds, pursuant to the provisions of the *Agreed Order Regarding Temporary Restraining Order* entered on August 29, 2019; and

C.       Granting such other relief as the Court deems appropriate.

Respectfully submitted,

Phillip G. Young, Jr.,
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

**THIS MOTION IS EXPECTED TO BE HEARD ON NOVEMBER 5, 2019 AT 11:00 A.M. IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com

Mark Hammervold
mark@hammervoldlaw.com
(email only upon request)

This 28th day of October, 2019.

Phillip G. Young, Jr.

**From:** **Brian Manookian** brian@tntriallawyers.com 
**Subject:** Fwd: Chase v. Cummings Manookian: Update on November 5 Hearing
**Date:** November 5, 2019 at 2:06 PM
**To:** Michele Bedingfield legulsec@bellsouth.net, Phillip Young phillip@thompsonburton.com

Ms. Bedingfield,

Pursuant to Local Rule 11.01, I will be filing a proposed alternative order within seven (7) days.

—————————————————————

**Brian Manookian**
**45 Music Square West | Nashville, Tennessee 37203**
**T: 615.266.0226 | F: 615.266.0250**

---------- Forwarded message ---------
From: **Phillip Young** <phillip@thompsonburton.com>
Date: Tue, Nov 5, 2019 at 1:24 PM
Subject: Chase v. Cummings Manookian: Update on November 5 Hearing
To: Brian Manookian <brian@tntriallawyers.com>, Brian Cummings <brian@cummingsinjurylaw.com>, Mark Hammervold
<mark@hammervoldlaw.com>, Dan Puryear <dpuryear@puryearlawgroup.com>

All,

I appeared in court at 11:00 this morning on the motion I had previously filed requesting that the Court order the deposit of $760,000 into the court. Mr. Manookian and I had exchanged emails this morning in which he told me that he was unavailable today, but that the funds were being transferred back to a trust account. He asked that I pass along a request to continue this matter to Friday, a time at which he could appear. I passed along that request and stated that I did not oppose a brief continuance to Friday to allow Mr. Manookian to appear.

The Court denied the requested continuance and said that, regardless of the funds being transferred back into a trust account, he was concerned that the funds were ever transferred out without an amendment to the prior order. He said he considered that to be a violation of the prior order, no matter the reason for the transfer. He ordered the funds to be paid into court by Noon on November 12, 2019, and directed me to prepare an order. I have prepared such an order, which is attached. I have submitted this draft order to the Court's secretary.

## Thompson Burton PLLC

*Redefining the Art of Law.*

———————————————————

**Phillip Young**
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Direct Dial: (615) 465-6008
phillip@thompsonburton.com
www.thompsonburton.com

*Please refer to our email disclaimer page for important disclosures regarding this electronic communication.



Order Requiring
Payme...rt.pdf

Payme...art.pdf

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| D.F. CHASE, INC. et al., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     NO. 2019-221 |
| _____ | )     **JURY DEMAND** |
| **CUMMINGS MANOOKIAN PLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## NOTICE OF WITHDRAWAL

---

Brian Manookian gives notice of his withdrawal as counsel in this case.


Respectfully submitted,


_____
**Brian P. Manookian**
45 Music Square West
Nashville, Tennessee 37203
(615) 266-3333 (phone)
(615) 266-0250 (fax)

1

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, a true and correct copy of this document was provided, via facsimile, to the following:

Greg Oakley, Esq.

Phillip Young, Esq.

Brian P. Manookian

2

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
|    Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW  LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
|    Defendants. | ) ) | |

## ORDER DIRECTING HAGH LAW. PLLC TO DEPOSIT FUNDS INTO COURT

This matter came before the Court on November 5, 2019 for a hearing on the Receiver's Motion for Order Directing Hagh Law, PLLC to Deposit Funds into Court or, in the Alternative, Granting Additional Time to File a Motion Regarding Funds (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). The Receiver appeared at the hearing and explained the facts leading up to the filing of the Motion. The Receiver also informed the Court that Brian Manookian, defendant herein and counsel for Hagh Law, PLLC, had emailed the Receiver on the morning of November 5, 2019, informing him that Hagh Law, PLLC was moving, or had moved, $760,000.00 (the "Funds") into a new trust account, and requesting a continuance of this matter to November to November 8, 2019 due to a scheduling conflict preventing Mr. Manookian's appearance. The Receiver informed the Court that he had no objection

Case 3:23-cv-00961    Document 6    Filed 10/04/23    Page 193 of 694 PageID #: 2415

193

to the requested continuance to allow Mr. Manookian's participation, though he expressed some continuing concern about the safe-keeping of the Funds without proof that the Funds had already been transferred into trust. Based upon the Motion, the prior pleadings filed with this Court, and the statements of the Receiver at the November 5, 2019 hearing, the Court finds as follows:

1.   The Court is concerned that the Funds were moved by Hagh Law, PLLC and/or Mr. Manookian without a motion to alter or amend the Court's prior order requiring that the Funds be held in the Hagh Law, PLLC IOLTA trust account, and in contravention of the Court's prior order.

2.   The Court finds that the relief sought in the Motion does not affect the substantive rights of any party; rather, it simply seeks to move the Funds from one sheltered account to a different sheltered account pending a decision regarding ownership of the Funds.

3.   Good cause exists to grant the relief sought in the Motion.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.   Mr. Manookian's request for a continuance of the hearing on the Motion is denied.

B.   Hagh Law, PLLC is hereby ordered to deposit $760,000.00 with the Circuit Court for Williamson County, Tennessee by no later than Noon on November 12, 2019.

C. The Circuit Court for Williamson County, Tennessee shall hold the Funds on deposit pending further order of this Court.

November 12, 2019.

David L.

Judge David Allen

SUBMITTED FOR ENTRY:

Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and electronic mail to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205
dpuryear@puryearlawgroup.com

Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com

Afsoon Hagh
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203

brian@tntriallawyers.com

Hagh Law PLLC
c/o Brian Manookian
45 Music Square West
Nashville, TN 37203
brian@tntriallawyers.com


Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215
brian@cummingsinjurylaw.com


Mark Hammervold
By Email Only
mark@hammervoldlaw.com

This 5th day of November, 2019.

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW  LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Motion for Temporary Restraining Order (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver").  In the Motion, the Receiver requests, among other things that Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company (the "Restrained Parties"), as well as those persons or entities in active concert or participation with any of them, be restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.  The Receiver relies on the Affidavit of Phillip G. Young, Jr. (the "Affidavit") and the Memorandum of Law in Support of the Receiver's Motion for Temporary Restraining Order (the "Memo of Law")

in support of the Motion. Based upon the Motion, the Affidavit, and the Memo of Law (collectively, the "TRO Papers"), the Court finds as follows:

1.     Based upon the sworn allegations contained in the Affidavit and the record herein, there is a substantial likelihood that the Receiver will succeed on the merits of the claims he has asserted. The Court has previously ordered Hagh Law, PLLC to deposit $760,000.00 with the Clerk of this Court, but it has failed to do so.

2.     In the absence of a restraining order, the Receiver, this receivership estate, and/or the newly created bankruptcy estate of Cummings Manookian, PLC face the prospect of losing a substantial source of recovery, all or some part of the $760,000.00 that Hagh Law, PLLC was ordered to pay into this Court. Such an injury is the kind of irreparable harm contemplated under Tennessee Rule of Civil Procedure 65.03.

3.     It further appears that the harm to the Receiver and this receivership estate in the absence of a temporary restraining order is greater than any harm that may befall the Restrained Parties after the entry of such an order.

4.     The public has a strong interest in deterring attempts to circumvent court orders and diversion of funds from their rightful recipients, such as alleged by the Receiver here. An order restraining the Restrained Parties from dissipating $760,000.00 not only prevents wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the terms of a court order.

5.     For all of the foregoing reasons, this Motion is well taken and is being granted without notice to the Restrained Parties.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED as follows:

A.     The Motion is hereby granted in its entirety.

B.      Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are restrained from directly or indirectly allowing the withdrawal or transfer of funds in the amount of $760,000.00 from any account at First-Citizens Bank & Trust Company maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

C.      The bond is hereby set in the amount of $50,000.00 and this Order shall be effective upon submission of the surety bond to the Clerk of Court.

This Temporary Restraining Order shall expire fourteen (14) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to grant a temporary injunction on November 25, 2019, at 1:00, p.m. in the Circuit Court for Lawrence County, Tennessee.

Entered this _18th_ _2 02 0_

_David J._

Judge David Allen

SUBMITTED FOR ENTRY:

_____
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, and personal service to:

Dan Puryear
Puryear Law Group
104 Woodmont Blvd., Suite 201
Nashville, TN 37205

Brian Manookian
45 Music Square West
Nashville, TN 37203

Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Hagh Law PLLC
c/o Afsoon Hagh
45 Music Square West
Nashville, TN 37203

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

Mark Hammervold (mail only)
1758 N. Artesian Ave.
Chicago, IL 60647-5311

First-Citizens Bank & Trust Company (mail only)
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

First-Citizens Bank & Trust Company
ATTN: Branch Manager
228 South Royal Oaks Blvd.
Franklin, TN 37064

This 18th day of November, 2019

_____
Phillip G. Young, Jr.

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

| | | |
|---|---|---|
| DEAN CHASE, SANDRA CHASE, and D.F. CHASE, INC., | ) ) ) | |
|     Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2019-221 |
| CUMMINGS MANOOKIAN PLC; MANOOKIAN PLLC; BRIAN PHILIP MANOOKIAN; HAMMERVOLD PLC; MARK HAMMERVOLD; CUMMINGS LAW  LLC; BRIAN CUMMINGS; and AFSOON HAGH, | ) ) ) ) ) ) ) ) ) | |
|     Defendants. | ) | |

## TEMPORARY INJUNCTION

This matter is before the Court on the Receiver's Motion for Temporary Restraining Order and Temporary Injunction (the "Motion") filed by Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"). The Court conducted a hearing on this matter at which the following individuals appeared: the Receiver; Ronn Steen, counsel for the Receiver; John Spragens, counsel for non-party Hagh Law, PLLC; Brian Manookian, *pro se*; and Jeanne Ann Burton, Chapter 7 Trustee for the bankruptcy estate of Cummings Manookian, PLC (collectively, the "Parties"). No evidence was heard, and the parties resolved their dispute by negotiating an agreement with one open term that was decided by the Court based on the pleadings and arguments presented in open court.

Accordingly, based on the agreement of the parties, it is ORDERED, ADJUDGED, AND DECREED as follows:

1.     Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount totaling up to $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC.

2.     This Order does not restrict Afsoon Hagh and/or Hagh Law, PLLC from moving, withdrawing and/or transferring any amount from the aforementioned account, provided the account balance remains at least $715,000.00. Nor does this Order does freeze any other funds of Afsoon Hagh individually or Hagh Law, PLLC.

3.     This Temporary Injunction shall expire at 11:59 p.m. C.S.T. on January 17, 2020, absent a further order of this Court or another Court of competent jurisdiction.

Entered this _____ day of December, 2019.


_____

Judge David Allen

APPROVED FOR ENTRY:


_____

Phillip G. Young, Jr., as Receiver
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6008 (phone)
phillip@thompsonburton.com

Receiver

and

Ronald G. Steen, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN  37067
(615) 465-6010 (phone)
Ronn@thompsonburton.com

Counsel to the Receiver

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## EXPEDITED ORDER SETTING HEARING
## ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Upon consideration of the Request for Expedited Proceeding on the *Plaintiff's Expedited Motion for Turnover of Funds* **(the "Motion")**, and the Court finding good cause therefor,

IT IS ORDERED that:

1.    The Request for Expedited Proceeding is granted; and

2.    The deadline to object to the relief south in the motion shall be January ___, 2020, at ___:___ __.m.

3.      The Expedited Hearing on the Motion is scheduled for January ___, 2020, at ___:___

___.m in Courtroom Two, Customs House, 701 Broadway, Nashville, TN 37203.

> This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served this 8th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, and the following individuals by email and/or Federal Express:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

Afsoon Hagh
afsoon@haghlaw.com

First Citizens Bank & Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609
(Via FedEx)

First Citizens Bank & Trust Company
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919
 (Via FedEx)

First Citizens Bank & Trust Company
ATTN Branch Manager
228 S. Royal Oaks Blvd.
Franklin, TN 37064
(Via FedEx)

/s/ Phillip G. Young
Phillip G. Young



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 1/9/2020

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **CUMMINGS MANOOKIAN, PLLC,** ) | **Case No. 3:19-bk-07235** |
| Debtor. ) | **Chapter 7** |
| ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** ) | |
| **MANOOKIAN, PLLC; and FIRST-** ) | |
| **CITIZENS BANK & TRUST** ) | |
| **COMPANY,** ) | |
| Defendants. ) | |
| ) | **Adv. Proc. No. 3:20-ap-90002** |
| ) | |
| ) | |
| ) | |
| ) | |

## EXPEDITED ORDER SETTING HEARING
## ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Upon consideration of the Request for Expedited Proceeding on the *Plaintiff's Expedited Motion for Turnover of Funds* **(the "Motion")**, and the Court finding good cause therefor,

IT IS ORDERED that:

1.      The Request for Expedited Proceeding is granted; and

2.      The deadline to object to the relief south in the motion shall be January 14, 2020, at 4:00 p.m.

3.     The Expedited Hearing on the Motion is scheduled for January 15, 2020, at 1:30

p .m in Courtroom Two, Customs House, 701 Broadway, Nashville, TN 37203.

This Order was signed and entered electronically as indicated at the top of this page.


**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served this 8th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, and the following individuals by email and/or Federal Express:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

Afsoon Hagh
afsoon@haghlaw.com

First Citizens Bank & Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609
(Via FedEx)

First Citizens Bank & Trust Company
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919
 (Via FedEx)

First Citizens Bank & Trust Company
ATTN Branch Manager
228 S. Royal Oaks Blvd.
Franklin, TN 37064
(Via FedEx)

                                        /s/ Phillip G. Young
                                        Phillip G. Young

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

United States Bankruptcy Court
Middle District of Tennessee

Burton,
      Plaintiff                             Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3     User: anm0611       Page 1 of 1            Date Rcvd: Jan 09, 2020
                       Form ID: pdf001     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 11, 2020.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla         +E-mail/Text: jeanne.burton@comcast.net Jan 10 2020 02:57:22     Jeanne Ann Burton,
          95 White Bridge Road, Ste 512,   Nashville, TN 37205-1490
                                                               TOTAL: 1

        ***** BYPASSED RECIPIENTS *****
NONE.                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 11, 2020                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 9, 2020 at the address(es) listed below:
        PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                  TOTAL: 1


Charles M. Walker
U.S. Bankruptcy Judge
Dated: 1/9/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | ) **Case No. 3:19-bk-07235** |
| Debtor. | ) **Chapter 7** |
| | ) **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) |
| **MANOOKIAN, PLLC; and FIRST-** | ) |
| **CITIZENS BANK & TRUST** | ) |
| **COMPANY,** | ) |
| Defendants. | ) |
| | ) **Adv. Proc. No. 3:20-ap-90002** |
| | ) |
| | ) |
| | ) |
| | ) |

## EXPEDITED ORDER SETTING HEARING
## ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Upon consideration of the Request for Expedited Proceeding on the *Plaintiff's Expedited Motion for Turnover of Funds* **(the "Motion")**, and the Court finding good cause therefor,

IT IS ORDERED that:

1. The Request for Expedited Proceeding is granted; and

2. The deadline to object to the relief south in the motion shall be January 14, 2020, at 4:00 p.m.

3.     The Expedited Hearing on the Motion is scheduled for January <u>15</u>, 2020, at <u>1</u>:<u>30</u> <u>p</u>.m in Courtroom Two, Customs House, 701 Broadway, Nashville, TN 37203.

| This Order was signed and entered electronically as indicated at the top of this page. |
|---|

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 8th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, and the following individuals by email and/or Federal Express:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com

Afsoon Hagh
afsoon@haghlaw.com

First Citizens Bank & Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609
(Via FedEx)

First Citizens Bank & Trust Company
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919
 (Via FedEx)

First Citizens Bank & Trust Company
ATTN Branch Manager
228 S. Royal Oaks Blvd.
Franklin, TN 37064
(Via FedEx)

<div style="text-align: right;">

/s/ Phillip G. Young
Phillip G. Young

</div>

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| | ) | Hearing Date: January 15, 2020 |
| | ) | at 1:30 p.m. |

## TRUSTEE JEANNE ANN BURTON'S WITNESS AND EXHIBIT LIST FOR JANUARY 15, 2020 HEARING ON EXPEDITED MOTION FOR TURNOVER OF FUNDS

Comes now Movant, Jeanne Ann Burton, by and through undersigned counsel, and hereby gives notice of the witnesses she may call, and exhibits she may introduce, at the January 15, 2020 hearing on the Plaintiff's Expedited Motion for Turnover of Funds (Doc. 2) and any objection thereto:

### WITNESS LIST

1.  <u>Jeanne Burton</u>. If called to testify, Ms. Burton will testify regarding documents produced to her as trustee that evidence communications between the Debtor and the plaintiffs in the Williamson County Circuit Court case, *Fitzgerald v. Osborne*.

2.    <u>Afsoon Hagh</u>.  If called to testify, Ms. Hagh will testify regarding her representation of the *Fitzgerald* plaintiffs, deposit of funds into bank accounts, current status of bank accounts, and her compliance or non-compliance with prior court orders.

3.    <u>Designated Representative of Hagh Law, PLLC</u>.  If called to testify, a representative of Hagh Law, PLLC will testify regarding its representation of the *Fitzgerald* plaintiffs, deposit of funds into bank accounts held by it, current status of bank accounts, and its compliance or non-compliance with prior court orders.

4.    The Trustee reserves the right to call the witnesses identified by any objecting party, any other witnesses needed to rebut evidence offered by any objecting party, and/or any other witnesses needed to address issues raised in any objection.

## EXHIBIT LIST

5.    All documents previously filed with the Court in this matter and the Cummings Manookian bankruptcy case.

6.    All documents attached as exhibits to the Motion.

7.    Correspondence between the Debtor and the plaintiffs in the Williamson County Circuit Court case, *Fitzgerald v. Osborne*, including the engagement letter and a letter from the Debtor to the plaintiffs on December 7, 2018 (both of which were referenced in the Motion).

8.    All statements for any bank account held in the name of Afsoon Hagh, Hagh Law PLLC, and/or Cummings Manookian PLC.

9.    The Trustee reserves the right to introduce any exhibits identified by any objecting party, any exhibits needed to rebut evidence offered by any objecting party, and/or any other exhibits needed to address issues raised in any objection.

DATED:  January 13, 2020

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:      (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

## HAGH LAW, PLLC AND AFSOON HAGH'S OBJECTION AND RESPONSE TO PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

---

## I.     INTRODUCTION

Plaintiff seeks the turnover of funds (hereinafter "the Fitzgerald Fee") that are the rightful property of, and in possession of, third party Hagh Law, PLLC ("Hagh Law"). Plaintiff seeks to do so through an unsworn motion, filed concurrently with an unverified complaint, on less than four (4) business days' notice.

Plaintiff's motion should be denied. Turnover is a permitted remedy only as to undisputed property of a bankruptcy estate. The Fitzgerald Fee is simply not property of the bankruptcy estate. To the extent Plaintiff alleges otherwise, that claim is vigorously

1

disputed by Hagh Law and Afsoon Hagh, and, as a result, turnover is wholly unavailable to the Plaintiff under Section 542.

Plaintiff's own filings conclusively demonstrate that the Fitzgerald Fee is not undisputed property of the bankruptcy estate. Likewise, Plaintiff cites no authority for the proposition that disputed property may be expropriated from a third party via turnover motion, while simultaneously omitting the uniform and overwhelming body of law holding to the contrary.

Plaintiff's turnover motion should be viewed for what it is: an improper attempted end-run around the heightened substantive, jurisdictional, and procedural protections inherent in the actual litigation of a disputed sum. The Plaintiff has only filed its adversary Complaint within the last week and has yet to even serve it. If the Trustee truly believes a defunct law firm is entitled to some portion of a fee that it not only did not earn, but also directly disclaimed, the Trustee should litigate the matter in the normal course in the correct forum.

## II.    <u>FACTUAL BACKGROUND</u>

Debtor Cummings Manookian, PLLC ("Cummings Manookian") was a Tennessee law firm formed by Brian Cummings and Brian Manookian in January 2015.[1] Cummings Manookian focused on Plaintiff's side law with a particular specialty in medical malpractice cases.[2]

---

[1] Declaration of Brian Manookian at Para. 2.  Exhibit 1.
[2] *Id*.

In May of 2018, Brian Manookian was asked by the Fitzgerald family to represent them in a case involving the death of their seventeen-year-old daughter in a motor vehicle accident.[3]  Mr. Manookian agreed to do so, and the parties entered into a standard Cummings Manookian engagement agreement retaining him as their lawyer.[4]

The engagement agreement provided that both the client and Cummings Manookian had the independent right to terminate their relationship.[5]  In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.[6]  Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.[7]

On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian.[8]  On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.[9]  Concurrently, on September 21, 2018, Brian Manookian was suspended from the practice of law with an effective date of

---

[3] Declaration of Brian Manookian at Para. 3.  Exhibit 1.
[4] *Id*.
[5] Declaration of Brian Manookian at Para. 4.  Exhibit 1.
[6] *Id*.
[7] *Id*.
[8] Declaration of Brian Manookian at Para. 5.  Exhibit 1.
[9] *Id*.

3

December 7, 2018.[10]  Pursuant to applicable Rules of Professional Conduct, he promptly moved to withdraw as counsel in the Fitzgerald matter.[11]

Because Brian Cummings had left the firm, and Brian Manookian was suspended from the practice of law, Cummings Manookian ceased operating as a law firm, and its cases were transferred to other firms and attorneys capable of handling those specific matters.[12]  A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field.[13]

On December 7, 2018, Cummings Manookian gave written notice to the Fitzgeralds of its termination of representation, and to request in writing that they obtain another firm or attorney to represent them.[14]  Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to reimbursement for all advanced costs and expenses, which it estimated to be less than three thousand dollars ($3,000).[15]

The Fitzgeralds elected to retain Afsoon Hagh of Hagh Law to pursue their case.[16] Afsoon Hagh has significant experience handling and trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.[17]

---

[10] Declaration of Brian Manookian at Para. 6.  Exhibit 1.
[11] *Id.*
[12] Declaration of Brian Manookian at Para. 8.  Exhibit 1.
[13] *Id.*
[14] Declaration of Brian Manookian at Para. 7.  Exhibit 1.
[15] *Id.*
[16] Declaration of Brian Manookian at Para. 8.  Exhibit 1.
[17] *Id.*

4

At no time during Cummings Manookian's representation of the Fitzgeralds was an offer to settle the matter received.[18]   Cummings Manookian did not effectuate any settlement of the case or the payment of monies to the Fitzgeralds.[19] Cummings Manookian did not secure any recovery for the Fitzgeralds.[20]

Hagh Law subsequently settled the Fitzgerald case on behalf of the Fitzgeralds.[21] The Fitzgeralds paid Hagh Law a percentage of their recovery as compensation for services it provided in securing a recovery.[22]   The Fitzgeralds did not pay any portion of the settlement to Cummings Manookian, and they did not consent to any portion of the settlement funds being paid to Cummings Manookian.[23]   Cummings Manookian has never been in possession of any portion of the Fitzgerald Fee.[24]

## III.   <u>ARGUMENT</u>

The Trustee argues that Cummings Manookian is entitled to turnover of the Fitzgerald Fee on contractual, quasi-contractual, and various other grounds.  The Trustee makes those claims despite: (1) the plain language of the engagement agreement precluding Cummings Manookian from receiving any portion of the Fitzgerald Fee; (2) any such controversy between Cummings Manookian and these Defendants consisting of a "non-

---

[18] Declaration of Brian Manookian at Para. 10.  Exhibit 1.
[19] *Id*.
[20] *Id*.
[21] Declaration of Brian Manookian at Para. 11.  Exhibit 1.
[22] *Id*.
[23] *Id*.
[24] *Id*.

core" matter within the exclusive jurisdiction of the Tennessee state Courts;[25] and (3) the fundamentally disputed nature of the funds sought to be "turned over."

For purposes of this Response, the final point is dispositive. Plaintiff simply may not seek or receive turnover of property whose ownership is subject to dispute. For that reason alone, Plaintiff's motion must be denied.

### A. Turnover Claims Only Apply to Property of the Estate.

The Bankruptcy Code's "turnover" provision (Section 542) is captioned "Turnover of property to the estate" and provides, in relevant part:

> (a)     . . . an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
>
> (b)     . . . an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(a)-(b).

Under Section 542(a), "turnover of property may be sought and obtained by what is in substance a federal right of replevin – a right to recover the estate's property in kind, with the ability to get the value of the property as a substitute." Bell v. Soundview

---

[25] *See,* Collier on Bankruptcy ¶ 542.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("An action for turnover is a core proceeding because it is a substantive right created under federal bankruptcy law. However, where title to the property sought to be turned over to the bankruptcy estate is in dispute, such an action can only constitute, at the most, non-core rather than core proceedings, given that such actions are not true turnover actions."). Defendants reserve and do not waive any rights or ability to challenge jurisdiction, forum, and any other objections they may have to the concurrent adversary proceeding. Defendants have not raised any such objections at this time as they have yet to even be served with the Complaint and summons in this matter.

6

Composite Ltd. (In re Soundview Elite Ltd.), 543 B.R. 78, 97 (Bankr. S.D.N.Y. 2016).

Section 542(b), on the other hand, "provides what is in substance a mechanism for

monetizing a receivable that is property of the estate." *Id.*

Thus, a trustee may only seek the turnover of property when the property is subject

to administration by the trustee (e.g., the trustee may use, sell, or lease the property under

§ 363) or the property may be exempted by the debtor. "In more simplistic terms, this

requirement means that the property to be turned over must be estate property." In re

Mobley, 2012 Bankr. LEXIS 5658, *5 (Bankr. N.D. Ohio Dec. 6, 2012) (emphasis added);

*see also* In re Richard Osterwalder, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008) ("Thus,

although not specifically stated in § 542, fundamental to the concept of 'Turnover' is that

the asset to be turned over must be property of the debtor's bankruptcy estate.") (emphasis

added). Similarly, Section 542(b) provides that, subject to the exceptions in § 542(c)

and (d) and to offset under § 553, "an entity that owes a debt that is property of the estate and

that is matured, payable on demand, or payable on order, shall pay such debt to, or on the

order of, the trustee." 11 U.S.C. § 542(b) (emphasis added). When properly invoked,

turnover "is simply an effort to recover property – or on property – that is already property

of the estate." In re Soundview Elite Ltd., supra, 543 B.R. at 97 (emphases in original).

### B. <u>Disputed Funds, Like the Fitzgerald Fee, are not Property of the Estate.</u>

Turnover under Section 542 "is a remedy available to debtors to obtain what is

acknowledged to be property of the bankruptcy estate." Asousa P'ship v. Pinnacle Foods,

Inc. (In re Asousa P'ship), 264 B.R. 376, 384 (Bankr. E.D. Penn 2001). But that is not

7

what Plaintiff is doing here. As set forth above, Hagh Law vehemently disputes that it owes or is in possession of any money belonging to Cummings Manookian. Therefore, Plaintiff is not actually seeking property acknowledged to be estate property but is instead seeking turnover of funds involving a disputed contractual or quasi-contractual debt.

It is well settled that "where the amount to be turned over is subject to dispute, an action for turnover is improper." VML Co., LLC v. Meguir's Inc. (In re VML Co., LLC), 2017 Bankr. LEXIS 4625, *33 (Bankr. W.D. Tenn Mar. 10, 2017); *see also* In re Mobley, 2012 Bankr. LEXIS 5658, *8-9 (Bankr. N.D. Ohio Dec. 6, 2012) ("[A]n action brought under § 542 for turnover cannot be used as a method to determine disputed rights of parties to property; rather, turnover is a limited remedy for a trustee to obtain what is acknowledged to be property of the bankruptcy estate.") (emphasis added).

Turnover "is not a remedy available to recover claimed debts which remain unliquidated and/or in dispute." In re Hechinger Inv. Co. of Del., Inc., 282 B.R. 149, 162 (Bankr. D. Del. 2002) (collecting cases); *see also* In re Asousa P'ship, supra, 264 B.R. at 384 ("[Turnover under § 542] cannot be used to determine the rights of parties in legitimate contract disputes.") *see also* United States v. Inslaw, Inc., 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.").

As the Court in In re Soundview Elite Ltd., supra, explained:

The turnover power can be improperly invoked, especially when it is used as a Trojan Horse for bringing garden variety contract claims; when the property in question is not already the property of the estate; or when the turnover statute is used to recover assets with disputed title when the estate's

8

claim of ownership is legitimately debatable.  <u>It is well established that the turnover power may not be used for such purposes.</u>

*Id.* at 97 (emphases added).

Here, Plaintiff is not seeking to recover property that undisputedly belongs to the estate but rather property it alleges is owned by or owed to Cummings Manookian as a result of the breach of some contractual or quasi-contractual duty.  The Hagh Parties dispute that they owe any amount of monies to Plaintiff; and until Cummings Manookian can establish all the elements of its claims, it is not entitled to obtain, in advance, its purported damages by recasting its breach of contract and other state law claims as ones for turnover.  *See* <u>In re VML Co., LLC</u>, supra, at *33 ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.").

With respect to Section 542(b), these Defendants dispute that they owe any debt to Cummings Manookian or that they have ever entered into any contract or arrangement with Cummings Manookian that could give rise to a valid or enforceable debt.  On that point, the plain language of § 542(b) "creates a strong textual inference that an action should be regarded as a turnover only when there is no legitimate dispute over what is owed the debtor."  <u>In re VML Co., LLC</u>, supra, at *33 (citation omitted).

In light of the plain dispute over the funds which Cummings Manookian seeks, Plaintiff's turnover claim cannot succeed as a matter of law and should be denied.

**C.** **<u>Plaintiff is attempting an improper end-run around Defendants' jurisdictional, procedural, and substantive objections, safeguards, and defenses.</u>**

9

The timing and substance of Plaintiff's Motion for Turnover reveals its true purpose. Plaintiff seeks to relieve itself of its burden of actually demonstrating entitlement to funds from these Defendants by sufficiently proving up liability and damages in the course of orderly and scheduled litigation.

Instead, Plaintiff has essentially asked this Court for a money judgment against a non-debtor party, by motion, on less than four business days' notice of hearing without the heightened procedural protections afforded by service of a summons and a complaint with the requisite thirty (30) days to response and a schedule of pretrial proceedings. Defendants have been required to quickly marshal resources at significant time and expense for a turnover motion regarding knowingly disputed property that lacks even the slightest shred of bases in law. United States v. Inslaw, Inc., 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute."); *see also* In re VML Co., LLC, 2017 Bankr. LEXIS 4625, *33 (Bankr. W.D. Tenn Mar. 10, 2017) ("[W]here the amount to be turned over is subject to dispute, an action for turnover is improper.").

## IV.    **CONCLUSION**

Because the Fitzgerald Fee is disputed and is not property of the estate, Plaintiff's request for turnover must be denied.

10

Respectfully submitted,

**John Spragens**
*Attorney for Hagh Law PLLC and Afsoon Hagh*

## CERTIFICATE OF SERVICE

I certify that on January 14, 2020, a true and correct copy of this document was served

upon all parties of record requesting notice through the Court's electronic filing system.

**John Spragens**

11

**EXHIBIT**

**1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

---

## DECLARATION OF BRIAN MANOOKIAN

---

Pursuant to 28 U.S. Code § 1746, Brian Manookian declares as follows.

1.      I am an adult over the age of eighteen and am competent to make this declaration. I have personal knowledge of the matters stated herein.

2.      In January of 2015, I formed the law firm Cummings Manookian with Brian Cummings. The firm consisted of two lawyers – Brian Manookian and Brian Cummings – who served as partners in the firm. Cummings Manookian focused on plaintiff's side law with a particular specialty in medical malpractice cases.

3.      In May of 2018, I was asked by Marty and Melissa Fitzgerald to represent them in a case involving the death of their seventeen-year-old daughter in a motor vehicle accident. I

1

agreed to do so, and they entered into a standard Cummings Manookian engagement agreement retaining me as their lawyer.

4. The engagement agreement provided that both the client and Cummings Manookian had the independent right to terminate their relationship.

    a. In the event that the client terminated the relationship, the client remained responsible for all costs and expenses incurred prior to the termination, and Cummings Manookian would be entitled to receive from the proceeds of any recovery a reasonable fee for the work performed based upon the amount of time required, the complexity of the matter, the time frame within which the work was performed, and the results obtained.

    b. Conversely, if Cummings Manookian terminated the relationship, the engagement agreement provided that Cummings Manookian would only be entitled to receive advanced costs.

5. On September 4, 2018, Brian Cummings provided written notice of his voluntary withdrawal as a member of Cummings Manookian. On October 4, 2018, Brian Cummings formally left the firm as a member, partner, and attorney.

6. On September 21, 2018, I was temporarily suspended from the practice of law with an effective date of December 7, 2018. Pursuant to applicable Rules of Professional Conduct, on October 11, 2018, I moved to withdraw as counsel in the Fitzgerald matter.

7. On December 7, 2018, Cummings Manookian gave written notice to the Fitzgeralds of its termination of representation, and to request in writing that they obtain another firm or attorney to represent them. Pursuant to the terms of the engagement agreement, Cummings Manookian specifically disclaimed any portion of an attorney's fee, but exercised its right to

2

reimbursement for all advanced costs and expenses, which I estimated to be less than three thousand dollars ($3,000).

8. Because Brian Cummings had left the firm, and I was suspended from the practice of law, Cummings Manookian ceased operating as a law firm and its cases were transferred to other firms and attorneys capable of handling those specific matters. A number of the medical malpractice cases were taken on by Brian Cummings with Cummings Law given his expertise and experience in the field. The Fitzgeralds elected not to retain Brian Cummings and instead retained Afsoon Hagh of Hagh Law to pursue their case. Afsoon Hagh has significant experience in trying motor vehicle accident cases (such as the Fitzgerald matter) to juries in Tennessee.

9. Afsoon Hagh and Hagh Law subsequently settled the Fitzgerald case on behalf of the Plaintiffs.

10. At no time during Cummings Manookian's representation of the Fitzgeralds was an offer to settle the matter received. Cummings Manookian did not effectuate any settlement of the case or the payment of monies to the Fitzgeralds. Cummings Manookian did not secure any recovery for the Fitzgeralds.

11. Hagh Law subsequently settled the Fitzgerald case on behalf of the Fitzgeralds. The Fitzgeralds paid Hagh Law a percentage of their recovery as compensation for services it provided in securing a recovery. The Fitzgeralds did not pay any portion of the settlement to Cummings Manookian, and they did not consent to any portion of the settlement funds being paid to Cummings Manookian. Cummings Manookian has never been in possession of any portion of the Fitzgerald Fee.

3

I declare under penalty of perjury the foregoing is true and correct.
Executed on January 13, 2020.

_____

Brian Manookian

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | **Adv. Proc. No. 3:20-ap-90002** |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

---

## HAGH LAW, PLLC AND AFSOON HAGH'S NOTICE OF FILING
## AMENDED CERTIFICATE OF SERVICE AND SIGNATURE BLOCK

---

Hagh Law, PLLC and Afsoon Hagh hereby give notice of filing an amended Certificate of Service that conforms with Local Bankruptcy Rule 9013-3. Additionally, undersigned counsel hereby corrects his signature block to include his full address, which was inadvertently omitted from the Objection filed by Hagh Law, PLLC and Afsoon Hagh on January 14, 2020.

1

Date: January 14, 2020         Respectfully submitted,

**John Spragens, TN Bar No. 31445**
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
P (615) 983-8900
F (615) 682-8533
*Attorney for Hagh Law, PLLC and Afsoon Hagh*

2

## CERTIFICATE OF SERVICE

I certify that on January 14, 2020, a true and correct copy of Hagh Law, PLLC and Afsoon Hagh's Objection and Response in Opposition to Plaintiff's Expedited Motion for Turnover and this Notice were served upon all parties of record requesting notice through the Court's electronic filing system.

**Notice was electronically mailed to:**

PHILLIP G YOUNG on behalf of Plaintiff Jeanne Ann Burton
phillip@thompsonburton.com

**Notice will be delivered via FedEx to:**

First-Citizens Bank and Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609

**Notice will be delivered via hand delivery to:**

Manookian PLLC
c/o Brian Manookian, Managing Member
45 Music Square W
Nashville, TN 37203

John Spragens

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANNE BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | **Adv. Proc. No. 3:20-ap-90002** |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

## NOTICE OF APPEARANCE

---

The undersigned counsel hereby gives notice of his appearance on behalf of Defendants Hagh Law, PLLC and Afsoon Hagh.

Date: January 14, 2020               Respectfully submitted,

**John Spragens, TN Bar No. 31445**
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
P (615) 983-8900
F (615) 682-8533
john@spragenslaw.com
*Attorney for Hagh Law, PLLC and Afsoon Hagh*

1

## CERTIFICATE OF SERVICE

I certify that on January 14, 2020, a true and correct copy of this Notice was served upon all parties of record.

**Notice was electronically mailed to:**

PHILLIP G YOUNG on behalf of Plaintiff Jeanne Ann Burton
phillip@thompsonburton.com

**Notice will be delivered via FedEx to:**

First-Citizens Bank and Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609

**Notice will be delivered via hand delivery to:**

Manookian PLLC
c/o Brian Manookian, Managing Member
45 Music Square W
Nashville, TN 37203

**John Spragens**

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
|     Debtor. | ) Chapter 7 |
| | ) Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON | ) |
| HAGH; MANOOKIAN, PLLC; and | ) |
| FIRST-CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
|     Defendants. | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## PLAINTIFF'S REPLY TO HAGH LAW, PLLC
## AND AFSOON HAGH'S OBJECTION AND RESPONSE
## TO PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

Comes now the Plaintiff, Jeanne Ann Burton, Trustee, (the "Plaintiff" or "Trustee")

by and through special counsel and files this Reply (the "Reply") to Hagh Law, PLLC and

Afsoon Hagh's Objection and Response to Plaintiff's Expedited Motion for Turnover of

Funds (the "Objection"), and in further support of her Expedited Motion for Turnover of

Funds (the "Motion").

Defendants Hagh Law, PLLC and Afsoon Hagh (the "Defendants") argue in their

Objection that 11 U.S.C. §542 does not authorize the relief sought in the Motion because

the ownership of the $715,000 is in "dispute." While the Trustee acknowledges that the

Defendants assert some claim to the $715,000, the Trustee does not believe that the Defendants' claim to those funds is a legitimate, good faith claim. They allege that, because the Debtor allegedly withdrew from representation of the Fitzgerald plaintiffs in December 2018, the Defendants are entitled to 100% of the more than $1,300,000 generated by the resolution of the Fitzgerald case. The Defendants ignore the fact that, despite the alleged disengagement letter, pleadings continued to be filed under the firm name of "Cummings Manookian PLC" for months after December 2018. They ignore the fact that no substitution of counsel or notice of change of address was ever filed in the Fitzgerald case. Finally, they have offered no evidence that either of the Defendants are entitled to a fee, despite multiple requests of any proof of the Defendants' alleged engagement. At best, they have offered evidence that the Defendants might be entitled to some quantum meruit claim to a portion of the Fitzgerald fees (since the Defendants have produced no engagement letter with the Fitzgerald plaintiffs); and the Defendants have already received more than $600,000 from those fees. For all these reasons, there is no good faith dispute that the remaining $715,000 are not property of the estate, both as a matter of law and equity. Any "dispute" to the ownership of the funds is only the result of the shell game that the Defendants are attempting to play with this Court; that is, because the Defendants were the alter ego of the Debtor.

However, even if the Court were to accept the Defendants' argument that there is a good faith dispute as to the ownership of the $715,000 currently subject to a state court injunction, this Court could still fashion injunctive relief under Rule 7065 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §105(a) that protects those funds.

Should the Court determine that injunctive relief is more appropriate than relief under §542, the issuance of an injunction rests within the trial court's discretion. *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). When determining whether to grant injunctive relief, the trial court should consider the following four factor test: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *PACCAR, Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 249 (6th Cir. 2003). Courts typically find that these are factors to be balanced and are "not prerequisites that must be met." *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1480 (6th Cir. 1995) (quotation omitted).

Here, Movant satisfies the four-factor test as follows: (1) Cummings Manookian PLC ( "Cummings Manookian" or the "Debtor") is entitled to all or some of the attorneys' fees earned as part of the settlement of the Fitzgerald Case (as that term is defined in the Motion); (2) this bankruptcy estate will suffer irreparable harm without injunctive relief; (3) the potential harm to Afsoon Hagh ("Hagh") and/or Hagh Law PLLC ("Hagh Law") does not outweigh the substantial harm that is likely to be suffered by this bankruptcy estate; and (4) the public interest will benefit from restraining parties from attempting to circumvent orders of courts and from dissipating assets in which a bankruptcy estate holds a substantial interest.

**A. The Debtor is likely to be found to be entitled to all, or the largest portion of, the attorneys' fees earned from the settlement of the Fitzgerald Case.**

By virtue of the engagement letter between the Debtor and the plaintiffs in the Fitzgerald Case, the Debtor (and now the Trustee) has a claim in law to its contractual share of the funds paid to resolve the Fitzgerald Case, in satisfaction of its attorneys' fees. No other engagement letter with any other party has been produced. However, even if the engagement agreement with Cummings Manookian was replaced with a subsequent engagement agreement with other counsel, and even if Brian Manookian's withdrawal had some legal effect, at the very least Cummings Manookian would be entitled to a recovery of attorneys' fees on the equitable basis of *quantum meruit*. *See also Gupton v.* Davis, 2012 Tenn. App. LEXIS 668, *23-29 (Tenn. Ct. App. 2012); *Castelli v. Lien*, 910 S.W. 2d 420, 427 (Tenn. Ct. App. 1995). Even viewing this in a light most favorable to Afsoon Hagh, and/or Hagh Law, PLLC (that Cummings Manookian ceased its representation of the plaintiffs when Hagh Law, PLLC was formed in March 2019), Cummings Manookian would be entitled to a share of the attorneys' fees earned in the Fitzgerald Case for its work performed prior to March 29, 2019. Therefore, the Trustee is likely to prevail, at law or on a theory of *quantum meruit*, in a claim to all or a portion of the attorneys' fees earned as part of the Fitzgerald Case settlement.[1]

Moreover, the state court entered an order on November 12, 2019 directing Hagh Law, PLLC to deposit with the clerk of the court $760,000.00 by Noon on November 12,

---

[1] Afsoon Hagh has already received over $600,000 from the Fitzgerald Case fees; $715,000 remain frozen pursuant to a state court injunction.

4

2019. No such deposit was made. The state court then, in considering these same facts, granted a temporary injunction. Therefore, the "likely to succeed on the merits" portion of the temporary restraining order has already been heard and decided; that is, the state court has already determined and ordered that the $715,000.00 must be safeguarded.[2]

**B. Without turnover or an injunction preventing the withdrawal or transfer of these funds, the Trustee and this bankruptcy estate face the prospect of losing a substantial source of income that might be due the Debtor; therefore, irreparable harm is likely.**

The following facts lead the Trustee to believe that Hagh Law, PLLC and/or Afsoon Hagh are likely to dissipate the $715,000.00 if it is not immediately frozen:

- Despite commencing the Fitzgerald Case (from which the $715,000.00 originates) and providing months of legal services to the Fitzgerald plaintiffs, Cummings Manookian was excluded from the payment of fees;

- Brian Manookian failed to disclose in the receivership that Cummings Manookian had represented the plaintiffs in the Fitzgerald Case;

- The settlement agreement that resolved the Fitzgerald Case specifically directed the defendant and his counsel to make the settlement funds payable to the plaintiffs and Hagh Law, PLLC, without any mention of Cummings Manookian;

---

[2] Note that the state court issued the injunction through January 17, 2020 only because all parties agreed that this Court was the appropriate forum to determine the long-term plan for these funds. It was anticipated that this Court would determine whether to order turnover, extend the injunction, or issue some other relief.

- Shortly after the Receiver filed an attorneys' lien in the Fitzgerald Case, Brian Manookian began demanding the immediate turnover of the Fitzgerald Case settlement funds, according to counsel for the defendant in that case;

- Hagh Law violated a prior order of the state court that required the $760,000.00 to be maintained in an IOLTA trust account; and

- Hagh Law violated a prior order of the state court that required it to deposit $760,000.00 with the clerk of the court.

This Court has the authority to Afsoon Hagh, Hagh Law, PLLC and its banking institution to turnover the funds in question or, in the alternative, to restrain their dissipation, and such action is the only way that the Court can safeguard these funds in which this estate has an interest.

## C. The potential harm to Afsoon Hagh and/or Hagh Law, PLLC does not outweigh the substantial harm that is likely to be suffered by the Trustee and this bankruptcy estate.

As discussed above, the bankruptcy estate faces the irreparable harm of losing some or all of the $715,000.00 that was previously ordered to be deposited with the state court, and which has been the subject of a state court injunction. As outlined in the Motion, there is ample evidence that Cummings Manookian is entitled to some or all of the $760,000.00 at issue. There is no harm or very little harm that would be caused by maintaining the status quo and protecting $715,000.00 pending further determination as to its rightful owner. At most, this would cause a slight delay in the distribution of these funds while preserving the bankruptcy estate's claims to its legal or equitable portion of those funds.

**D. The public interest is best served by preventing Afsoon Hagh and/or Hagh Law PLLC from allowing the withdrawal or transfer of $715,000.00, thus preventing continued violations of court orders.**

The State Court appointed a receiver to collect debts owed to Cummings Manookian and Hammervold PLLC. By separate order, it ordered all defendants to that action (including Brian Manookian and Afsoon Hagh) not to attempt to transfer or divert assets of Cummings Manookian. Mr. Manookian and/or Ms. Hagh previously attempted to have all attorneys' fees due from the settlement of the Fitzgerald Case paid to Hagh Law, PLLC, to the exclusion of Cummings Manookian, which constituted an attempt to violate or circumvent a clear and direct order of the state court. Then, the state court ordered Hagh Law to maintain $760,000.00 in an IOLTA trust account which it violated by moving funds into a checking account. Subsequently, the state court ordered Hagh Law to deposit with the Court $760,000.00 for safekeeping, which it refused to do. Cummings Manookian then filed this bankruptcy in an attempt to divest the state court with authority to enforce its orders, though the state court did enter an injunction to freeze $715,000.00 temporarily in order to give this Court an opportunity to take action. It serves the public interest for a Court to take any and all necessary actions to ensure that other court orders are not violated. It also serves the public interest to preserve assets of a bankruptcy estate for distribution to a debtor's creditors. Safeguarding these funds, and thereby preserving assets that might be paid to creditors, furthers the public policy goal behind the Bankruptcy Code. Therefore, entry of a turnover order or a temporary injunction in this case is in furtherance of a public interest.

WHEREFORE, whether the Court considers the relief sought in the Motion a request for injunctive relief or a motion for turnover, the Court should enter an order (a) directing First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Trustee for deposit in the Trustee's account, pending the conclusion of this adversary proceeding or further order of this Court; (b) directing First Citizens, Afsoon Hagh and Hagh Law to turnover $715,000.00 to the Clerk of this Court to hold, pending the conclusion of this adversary proceeding or further order of this Court; or, (c) at the very least, enjoining First Citizens, Afsoon Hagh and Hagh Law from withdrawing, transferring or otherwise removing the $715,000 currently on deposit with First Citizens.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton,
Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served this 14th day of January, 2020, upon all parties of record requesting notice through the Court's electronic filing system, including the following:

Natalie Cox, United States Trustee
Natalie.Cox@usdoj.gov

John Spragens, counsel for Hagh Law PLLC
john@spragenslaw.com

Steve Lefkovitz, counsel for the Debtor
slefkovitz@lefkovitz.com


/s/ Phillip G. Young
Phillip G. Young

9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

---

## HAGH LAW, PLLC AND AFSOON HAGH'S MOTION TO STRIKE
---

On the evening of January 14, 2020, the Trustee filed what she styled as a "Reply" to Defendants' Response to Plaintiff's Expedited Motion for Turnover of Funds. (Doc. 10.) The Trustee's "Reply" is not a reply in any commonly recognized sense of the word. It is a completely new motion requesting an injunction. That injunctive request is made on less than 24 hours' notice as a "Reply" to an already expedited motion that the Trustee has apparently now abandoned. The "Reply" should be stricken for the following reasons.

1.    Plaintiff has raised entirely new issues in its Reply brief that were never argued in its initial motion. Those issues cannot be raised now. <u>Hancock v. Soc. Sec. Admin.</u>, No. 3:18-cv-00220 (M.D. Tenn. Jan. 15, 2019) (Crenshaw, J.) ("[B]ecause this

1

latter argument was not raised until [the movant's] reply brief, the Magistrate Judge properly found the argument waived.") (citing <u>Kuhn v. Washentaw Cnty</u>., 709 F.3d 612, 624 (6th Cir. 2013) (an argument is waived if not raised in the initial brief)); <u>accord Sanborn v. Parker</u>, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held ... that arguments made to us for the first time in a reply brief are waived."); <u>Laporte v. City of Nashville</u>, No. 3:18-CV-00282, 2019 WL 845413, at *4, n. 8 (M.D. Tenn. Feb. 21, 2019) (declining to consider argument that was raised "for the first time in her reply brief"); <u>In re First Energy Corp. Sec. Litig.</u>, 316 F. Supp. 2d 581, 599 (N.D. Ohio 2004) ("It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in the opposition.") (collecting cases).

2.    The Court did not invite a Reply Brief on Plaintiff's already expedited motion, nor do the Local Bankruptcy Rules contemplate a reply under these circumstances, much less one that requests entirely different relief, requiring entirely different analysis, briefing, and a substantial evidentiary showing.

3.    To the extent the Plaintiff seeks to pursue injunctive relief, it should make that claim expressly and appropriately in a stand-alone motion.

For the above reasons, Plaintiff's improper "Reply" should be stricken.

2

Date: January 15, 2020                    Respectfully submitted,


**John Spragens, TN Bar No. 31445**
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
P (615) 983-8900
F (615) 682-8533
john@spragenslaw.com
*Attorney for Hagh Law PLLC and Afsoon Hagh*

3

## CERTIFICATE OF SERVICE

I certify that on January 15, 2020, a true and correct copy of this Motion to Strike was served upon all parties of record.

**Notice was electronically mailed to:**

PHILLIP G YOUNG on behalf of Plaintiff Jeanne Ann Burton
phillip@thompsonburton.com

**Notice will be delivered via FedEx to:**

First-Citizens Bank and Trust Company
ATTN Frank B. Holding, Jr., CEO
4300 Six Forks Road
#FCC22
Raleigh, NC 27609

**Notice will be delivered via hand delivery to:**

Manookian PLLC
c/o Brian Manookian, Managing Member
45 Music Square W
Nashville, TN 37203

**John Spragens**

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANNE BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | Adv. Proc. No. 3:20-ap-90002 |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

_____

## [PROPOSED] ORDER STRIKING PLAINTIFF'S REPLY
_____

For good cause shown, Plaintiff's Reply (Doc. 10) is hereby stricken.

It is SO ORDERED.

_____
HON. CHARLES M. WALKER

1

United States Bankruptcy Court
Middle District of Tennessee

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | CASE NO. 3:19-bk-07235 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | ) | |
| JEANNE ANN BURTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 320-90002 |
| | ) | |
| HAGH LAW PLLC | ) | |
| AFSOON HAGH | ) | |
| MANOOKIAN PLLC | ) | |
| FIRST-CITIZENS BANK AND TRUST COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
IN AN ADVERSARY PROCEEDING**

<u>To the Defendant(s)</u>: YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> UNITED STATES BANKRUPTCY COURT
> MIDDLE DISTRICT OF TENNESSEE
> 701 BROADWAY, ROOM 170
> NASHVILLE, TN 37203

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> PHILLIP G YOUNG
> Thompson Burton PLLC
> One Franklin Park
> 6100 Tower Circle, Suite 200
> FRANKLIN, TN 37067

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF TENNESSEE 701 BROADWAY, SECOND FLOOR NASHVILLE, TN 37203 | COURTROOM TWO |
| | **DATE & TIME 3/10/2020 9:15 A.M.** |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

To the Plaintiff(s): You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

1/15/2020                    /s/     Teresa C. Azan

Issuance Date                  Clerk of the Bankruptcy Court

By:    /s/     Lauren Langston

                 Courtroom Deputy Clerk



## CERTIFICATE OF SERVICE

I, _____ certify that service of this summons and a copy of the complaint was made _____ by:

☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

☐ If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____          Signature _____

Print Name: _____

Business Address: _____

_____

United States Bankruptcy Court
Middle District of Tennessee

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | CASE NO. 3:19-bk-07235 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | ) | |
| JEANNE ANN BURTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 320-90002 |
| | ) | |
| HAGH LAW PLLC | ) | |
| AFSOON HAGH | ) | |
| MANOOKIAN PLLC | ) | |
| FIRST-CITIZENS BANK AND TRUST COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY PRETRIAL ORDER**

The party responsible for serving the summons shall, along with the summons, serve a copy of this Preliminary Pretrial Order on all parties.

**COUNSEL FOR ALL PARTIES ARE ORDERED** to confer with all opposing counsel and pro se parties at least seven (7) days before the pretrial conference, and together prepare in writing and file **no less than five (5) days prior to the pretrial conference**, a **JOINT DOCUMENT**, captioned **"PRETRIAL STATEMENT"** containing the following:

**FOR PLAINTIFF**

1.      A brief statement of each claim or cause of action.
2.      A brief summary of plaintiff's contentions of fact in support of each claim or cause of action and the evidence to be relied upon to establish those facts.

**FOR DEFENDANT**

1.      A brief statement of each defense.
2.      A brief summary of defendant's contentions of fact in support of each defense and the evidence to be relied upon to establish those facts.

**FOR THE INTERVENOR(S), THIRD-PARTY PLAINTIFF(S), (DEFENDANTS), ETC.**

    1.      A brief statement of each claim, cause of action or defense.

    2.      A brief summary of facts in support of each claim, cause of action or defense, and the evidence to be relied upon to establish those facts.

**FOR ALL PARTIES**

    1.      A statement of all admitted or uncontested facts.

    2.      Each party's brief statement of contested facts.

    3.      Each party's brief statement of contested legal issues.

All of the above is to be incorporated in one document which is to be signed by all attorneys and pro se parties prior to the filing. **Failure to comply with this order may result in dismissal of the action, default, the assessment of costs and attorneys' fees or other appropriate remedies.**

ORDERED this 15th day of January, 2020.

/s/ Charles M. Walker
  U.S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

Exhibit/Witness List

Burton Jeanne Ann                                          CASE NO: 3:19-bk-07235

vs.              Plaintiff

Hagh Law PLLC                                              ADV NO: 3:20-ap-90002
Hagh Afsoon
Manookian PLLC
First-Citizens Bank and Trust Company

              Defendant

| Presiding Judge | | Plaintiff's/Movant's Attorney | Defendant's/Respondent's Attorney |
|---|---|---|---|
| Charles M Walker | | PHILLIP G YOUNG | JOHN TATE SPRAGENS |
| Trial/Hearing Date(s) | | Court Reporter | Courtroom Deputy |
| 1/14/2020 - 1/14/2020 | | Autumn McNeese | Lauren Langston |

| Pltf./Mov. | Def./Resp. | Date Offered | Marked | Stipulated | Admitted | DESCRIPTION OF EXHIBITS * and WITNESSES |
|---|---|---|---|---|---|---|
| x | | 1/15/2020 | 1001 | | x | Engagement Letter |
| x | | 1/15/2020 | 1002 | | x | Dec 7 Letter |
| x | | 1/15/2020 | 1003 | | x | Fitzgerald Mtn to Withdraw |
| x | | 1/15/2020 | 1004 | | x | Fitzgerald Stmt of Facts |
| x | | 1/15/2020 | 1005 | | x | Fitzgerald Memo of Law for MSJ |
| x | | 1/15/2020 | 1006 | | x | Fitzgerald MSJ |
| x | | 1/15/2020 | 1007 | | x | Fitzgerald Response to Addl Stmt Facts |
| x | | 1/15/2020 | 1008 | | x | Fitzgerald Plaintiffs Reply |
| x | | 1/15/2020 | 1009 | | x | Fitzgerald Plaintiffs Opposition to MSJ |
| x | | 1/15/2020 | 1010 | | x | Receivership Motion |
| x | | 1/15/2020 | 1011 | | x | Receivership Order |
| x | | 1/15/2020 | 1012 | | x | First TRO |
| x | | 1/15/2020 | 1013 | | x | Agreed Order re TRO |
| x | | 1/15/2020 | 1014 | | x | Order to pay funds into court |
| x | | 1/15/2020 | 1015 | | x | Second TRO |
| x | | 1/15/2020 | 1016 | | x | Injunction |
| x | | 1/16/2020 | | | | Jeanne Ann Burton; Sworn Witness |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS</u>

This matter came before the Court for hearing on January 15, 2020 (the "Hearing"), on

*Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection filed

by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), the Reply filed by

Plaintiff (Doc. 10) (the "Reply), and the Motion to Strike Reply filed by Defendants Hagh Law,

PLLC and Afsoon Hagh (Doc. 11) (the "Motion to Strike"); and Phillip Young and Ronn Steen

appearing at the Hearing on behalf of the Plaintiff; and John Spragens appearing at the Hearing on

behalf of Afsoon Hagh and Hagh Law, PLLC; and Shane Ramsey appearing at the Hearing on

behalf of First-Citizens Bank & Trust Company; and the Court finding that service of the Motion was effective and appropriate under the circumstances; and based upon the pleadings in this matter, the evidence offered at the Hearing, and the statements of counsel at the Hearing; and for the reasons stated orally on the record, which are incorporated herein by reference pursuant to Rules of Fed. Bankr. P. Rule 7052,

IT IS ORDERED that:

1.      The Temporary Injunction issued on December 13, 2019, by the Circuit Court for Williamson County, Tennessee in *Dean Chase, et al. v. Cummings Manookian PLC, et al.* (Case No. 2019-221) is hereby extended to 11:59 p.m. on January 21, 2020.

2.      Except as expressly set forth in Paragraph 3 of this Order, Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount totaling up to $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC (the "Bank Account") until 11:59 p.m. on January 21, 2020.

3.      Before 11:59 p.m. on January 21, 2020, First-Citizens Bank & Trust Company shall deposit $715,000.00 from the Bank Account with the Clerk of this Court, to be held by the Clerk of this Court in an interest-bearing account.  First-Citizens Bank & Trust Company is directed to contact Teresa Azan, Clerk of the United States Bankruptcy Court for the Middle District of Tennessee, to make arrangements for this transfer.

4.      The Clerk of this Court shall hold the $715,000.00 in an interest-bearing account pending further order of this Court.

5.      Unless the parties agree that such hearing is no longer necessary, and so notify the Court, the Court shall conduct a final hearing on this matter on _____, 2020 at __:__ _.m. in Courtroom 2, 701 Broadway, Nashville, TN 37203.

This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 1/16/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| | ) | **Chapter 7** |
| Debtor. | ) | **Judge Walker** |
| | ) | |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

This matter came before the Court for hearing on January 15, 2020 (the "Hearing"), on

*Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection filed

by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), and the Reply filed

by Plaintiff (Doc. 10) (the "Reply), and Phillip Young and Ronn Steen appearing at the Hearing

on behalf of the Plaintiff; and John Spragens appearing at the Hearing on behalf of Afsoon Hagh

and Hagh Law, PLLC; and Shane Ramsey appearing at the Hearing on behalf of First-Citizens

Bank & Trust Company; and the Court finding that service of the Motion was effective and appropriate under the circumstances; and based upon the pleadings in this matter, the evidence offered at the Hearing, and the statements of counsel at the Hearing; and for the reasons stated orally on the record, which are incorporated herein by reference pursuant to Rules of Fed. Bankr. P. Rule 7052,

IT IS ORDERED that:

1.     The Injunction Provisions issued on December 13, 2019, by the Circuit Court for Williamson County, Tennessee in *Dean Chase, et al. v. Cummings Manookian PLC, et al.* (Case No. 2019-221) are hereby extended to 11:59 p.m. on January 21, 2020.

2.     Except as expressly set forth in Paragraph 3 of this Order, Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount resulting in an account balance of less than $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC (the "Bank Account") until 11:59 p.m. on January 21, 2020.

3.     Before 11:59 p.m. on January 21, 2020, First-Citizens Bank & Trust Company shall deposit $715,000.00 from the Bank Account with the Clerk of this Court, to be held by the Clerk of this Court in an interest-bearing account.  First-Citizens Bank & Trust Company is charged with effectuating the transfer of $715,000 from the Bank Account to the Registry of the United States Bankruptcy Court for the Middle District of Tennessee in compliance with its applicable Administrative Orders and procedures.

4.     The Clerk of this Court shall hold the $715,000.00 in an interest-bearing account under the designation of this adversary proceeding pending further order of this Court.

5.      Unless the parties agree that such hearing is no longer necessary, and so notify the

Court, the Court shall conduct a final hearing on this matter on February 5, 2020 at 1:00 p.m. in

Courtroom 2, 701 Broadway, Nashville, TN 37203.

This Order was signed and entered electronically as indicated at the top of this page.

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

United States Bankruptcy Court
Middle District of Tennessee

Burton,
     Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
     Defendant

## CERTIFICATE OF NOTICE

District/off: 0650-3     User: sdt7475     Page 1 of 1     Date Rcvd: Jan 16, 2020
                         Form ID: pdf001     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2020.
dft        +First-Citizens Bank and Trust Company,   ATTN Frank B. Holding, Jr., CEO,   4300 Six Forks Road,
          #FCC22,   Raleigh, NC 27609-5718
dft        +Manookian PLLC,   c/o Brian Manookian, Managing Member,   45 Music Square W,
          Nashville, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla        +E-mail/Text: jeanne.burton@comcast.net Jan 17 2020 03:03:31   Jeanne Ann Burton,
          95 White Bridge Road, Ste 512,   Nashville, TN 37205-1490
                                                   TOTAL: 1

        ***** BYPASSED RECIPIENTS *****
NONE.                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2020                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
          JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS   on behalf of Defendant  Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                TOTAL: 3

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 1/16/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | ) **Case No. 3:19-bk-07235** |
| | ) **Chapter 7** |
| Debtor. | ) **Judge Walker** |
| | ) |
| **JEANNE ANN BURTON, TRUSTEE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Adv. No. 3:20-ap-90002** |
| | ) |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) |
| **MANOOKIAN, PLLC; and FIRST-** | ) |
| **CITIZENS BANK & TRUST** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

This matter came before the Court for hearing on January 15, 2020 (the "Hearing"), on
*Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection filed
by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), and the Reply filed
by Plaintiff (Doc. 10) (the "Reply), and Phillip Young and Ronn Steen appearing at the Hearing
on behalf of the Plaintiff; and John Spragens appearing at the Hearing on behalf of Afsoon Hagh
and Hagh Law, PLLC; and Shane Ramsey appearing at the Hearing on behalf of First-Citizens

Bank & Trust Company; and the Court finding that service of the Motion was effective and appropriate under the circumstances; and based upon the pleadings in this matter, the evidence offered at the Hearing, and the statements of counsel at the Hearing; and for the reasons stated orally on the record, which are incorporated herein by reference pursuant to Rules of Fed. Bankr. P. Rule 7052,

IT IS ORDERED that:

1.     The Injunction Provisions issued on December 13, 2019, by the Circuit Court for Williamson County, Tennessee in *Dean Chase, et al. v. Cummings Manookian PLC, et al.* (Case No. 2019-221) are hereby extended to 11:59 p.m. on January 21, 2020.

2.     Except as expressly set forth in Paragraph 3 of this Order, Afsoon Hagh, Hagh Law, PLLC, and First-Citizens Bank & Trust Company, as well as those persons or entities in active concert or participation with any of them, are hereby enjoined from directly or indirectly allowing the withdrawal or transfer of funds in any amount resulting in an account balance of less than $715,000.00 from First-Citizens Bank & Trust Company account ********3873 maintained in the name of Afsoon Hagh and/or Hagh Law, PLLC (the "Bank Account") until 11:59 p.m. on January 21, 2020.

3.     Before 11:59 p.m. on January 21, 2020, First-Citizens Bank & Trust Company shall deposit $715,000.00 from the Bank Account with the Clerk of this Court, to be held by the Clerk of this Court in an interest-bearing account. First-Citizens Bank & Trust Company is charged with effectuating the transfer of $715,000 from the Bank Account to the Registry of the United States Bankruptcy Court for the Middle District of Tennessee in compliance with its applicable Administrative Orders and procedures.

4.     The Clerk of this Court shall hold the $715,000.00 in an interest-bearing account under the designation of this adversary proceeding pending further order of this Court.

5.      Unless the parties agree that such hearing is no longer necessary, and so notify the

Court, the Court shall conduct a final hearing on this matter on February 5, 2020 at 1:00 p.m. in

Courtroom 2, 701 Broadway, Nashville, TN 37203.

| This Order was signed and entered electronically as indicated at the top of this page. |
| --- |

```
This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.
```

# UNITED STATES BANKRUPTCY COURT
## - MIDDLE DISTRICT OF TENNESSEE -

### TRANSCRIPT REQUEST FORM

Please complete one form for each trial or hearing, attach payment (search fee only),

and deliver to Clerk's office at: 701 BROADWAY, ROOM 170, NASHVILLE, TN 37203

or file electronically through CM/ECF.

| | |
|---|---|
| **1. NAME OF PARTY REQUESTING TRANSCRIPT**<br><br>Hagh Law, PLLC | **2. DATE OF ORDER**<br><br>January 22, 2020 |
| **3. EMAIL ADDRESS**<br>john@spragenslaw.com | **4. PHONE NUMBER**<br>615-983-8900 |

**5. MAILING ADDRESS**       Spragens Law PLC, 311 22nd Ave. N., Nashville, TN 37203

Spragens Law PLC, 311 22nd Ave. N., Nashville, TN 37203

| **6. CASE NUMBER**<br>3:20-ap-90002 | **7. CASE NAME**<br>Burton v. Hagh Law, PLLC, et al. | **8. JUDGE**<br>Walker |
|---|---|---|

**9. DATE(S) OF HEARING/TRIAL** (If hearing/trial was on multiple days, please fill in all days hearing/trial held)

**From** 1/15/2020_____   to _____

**10. ORDER IS FOR**

☐APPEAL          ☐BANKRUPTCY          ☑ADVERSARY

☐OTHER:_____

**11. PORTIONS REQUESTED** (Indicate the portion of the hearing/trial requested)

☑Entire Hearing/Trial          ☐Court Ruling Only

☐Voir Dire          ☐Testimony of (Specify Name):

☐Opening Statement (Plaintiff)          _____

☐Opening Statement (Defendant)          _____

☐Closing Statement (Plaintiff)          _____

☐Closing Statement (Defendant)   ☐Other: _____

**12. REQUESTED TURNAROUND TIME**

☐Daily (24-Hour)          ☑7-Day Expedited

☐14-Day Expedited          ☐Standard (30-Day)

**13. NUMBER OF COPIES REQUESTED** (Transcript request includes 1 copy for the Court)   1

*By signing below, I certify that I will pay all charges for the preparation of the transcript, including search fee, deposit, and any additional charges as specified by the assigned transcriptionist.*

s/ John Spragens                    January 22, 2020

_____          _____

Signature of Person Ordering          Date

| FOR COURT USE ONLY | DATE | BY |
|---|---|---|
| ORDER RECEIVED BY INTAKE | | |
| SEARCH FEE PAID | | |
| FILE(S) UPLOADED | | |

Form B 250B (12/09)

United States Bankruptcy Court
Middle District of Tennessee

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | CASE NO.  3:19-bk-07235 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | ) | |
| JEANNE ANN BURTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 320-90002 |
| | ) | |
| HAGH LAW PLLC | ) | |
| AFSOON HAGH | ) | |
| MANOOKIAN PLLC | ) | |
| FIRST-CITIZENS BANK AND TRUST COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
IN AN ADVERSARY PROCEEDING**

<u>To the Defendant(s)</u>: YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

<div style="border:1px solid black; padding:10px; text-align:center;">

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
701 BROADWAY, ROOM 170
NASHVILLE, TN 37203

</div>

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

<div style="border:1px solid black; padding:10px; text-align:center;">

PHILLIP G YOUNG
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067

</div>

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>701 BROADWAY, SECOND FLOOR<br>NASHVILLE, TN 37203 | COURTROOM TWO |
| | **DATE & TIME**<br>**3/10/2020**<br>**9:15 A.M.** |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

<u>To the Plaintiff(s)</u>: You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

| | |
|---|---|
| 1/15/2020 | /s/    Teresa C. Azan |
| Issuance Date | Clerk of the Bankruptcy Court |
| | By:   /s/    Lauren Langston |
| | Courtroom Deputy Clerk |



## CERTIFICATE OF SERVICE

I, <u>Phillip G. Young, Jr.</u>                              certify that service of this summons and a copy of
the complaint was made <u>January 17, 2020</u>              by:

X  Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
    Hagh Law, PLLC
    ATTN: Afsoon Hagh, Managing Member
    45 Music Square W.
    Nashville, TN 37203

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail
    addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of , as follows: [Describe
    briefly]

☐ If service was made by personal service, by residence service, or pursuant to state law, I further certify
    that I am, and at all times during the service of process was, not less than 18 years of age and not a party
    to the matter concerning which service of process was made.

        Under penalty of perjury, I declare that the foregoing is true and correct.


Date <u>January 25, 2020</u>              Signature <u>/s/ Phillip G. Young, Jr.</u>


    Print Name:              <u>Phillip G. Young, Jr.</u>

    Business Address:        <u>6100 Tower Circle, Suite 200; Franklin, TN 37067</u>

United States Bankruptcy Court
Middle District of Tennessee

IN RE:                                              )
                                                    )
CUMMINGS MANOOKIAN, PLLC,                            )          CASE NO.  3:19-bk-07235
                                                    )          CHAPTER 7
            Debtor.                                 )          JUDGE WALKER
                                                    )
                                                    )
JEANNE ANN BURTON                                   )
                                                    )
            Plaintiff,                              )
                                                    )
v.                                                  )          ADV. NO. 320-90002
                                                    )
HAGH LAW PLLC                                       )
AFSOON HAGH                                         )
MANOOKIAN PLLC                                      )
FIRST-CITIZENS BANK AND TRUST COMPANY               )
                                                    )
            Defendants.                             )


## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

To the Defendant(s): YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

<div style="border:1px solid">

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
701 BROADWAY, ROOM 170
NASHVILLE, TN 37203

</div>

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

<div style="border:1px solid">

PHILLIP G YOUNG
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067

</div>

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.
YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>701 BROADWAY, SECOND FLOOR<br>NASHVILLE, TN 37203 | |
| | COURTROOM TWO |
| | **DATE & TIME**<br>**3/10/2020**<br>**9:15 A.M.** |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

To the Plaintiff(s): You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

1/15/2020                /s/     Teresa C. Azan
Issuance Date                Clerk of the Bankruptcy Court

By:   /s/     Lauren Langston
           Courtroom Deputy Clerk



## CERTIFICATE OF SERVICE

I, <u>Phillip G. Young, Jr.</u>certify that service of this summons and a copy of
the complaint was made <u>January 17, 2020</u>by:

X  Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

      Afsoon Hagh
      45 Music Square W.
      Nashville, TN 37203

□ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

□ Residence Service: By leaving the process with the following adult at:

□ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail
   addressed to the following officer of the defendant at:

□ Publication: The defendant was served as follows: [Describe briefly]

□ State Law: The defendant was served pursuant to the laws of the State of , as follows: [Describe
   briefly]

□ If service was made by personal service, by residence service, or pursuant to state law, I further certify
   that I am, and at all times during the service of process was, not less than 18 years of age and not a party
   to the matter concerning which service of process was made.

      Under penalty of perjury, I declare that the foregoing is true and correct.

Date <u>January 25, 2020</u>      Signature  <u>/s/ Phillip G. Young, Jr.</u>

     Print Name:             Phillip G. Young, Jr.

     Business Address:     6100 Tower Circle, Suite 200; Franklin, TN 37067

United States Bankruptcy Court
Middle District of Tennessee

IN RE:                                          )
                                                )
CUMMINGS MANOOKIAN, PLLC,                        )          CASE NO.  3:19-bk-07235
                                                )          CHAPTER 7
        Debtor.                                )          JUDGE WALKER
                                                )
                                                )
JEANNE ANN BURTON                                )
                                                )
        Plaintiff,                             )
                                                )
v.                                              )          ADV. NO. 320-90002
                                                )
HAGH LAW PLLC                                    )
AFSOON HAGH                                      )
MANOOKIAN PLLC                                   )
FIRST-CITIZENS BANK AND TRUST COMPANY            )
                                                )
        Defendants.                            )


**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
IN AN ADVERSARY PROCEEDING**


<u>To the Defendant(s)</u>: YOU ARE SUMMONED and required to file a motion or answer to the
complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days
after the date of issuance of this summons, except that the United States and its offices and agencies
shall file a motion or answer to the complaint within 35 days.

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
701 BROADWAY, ROOM 170
NASHVILLE, TN 37203

---

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

---

PHILLIP G YOUNG
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067

---

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.
YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>701 BROADWAY, SECOND FLOOR<br>NASHVILLE, TN 37203 | COURTROOM TWO |
| | **DATE & TIME**<br>**3/10/2020**<br>**9:15 A.M.** |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

To the Plaintiff(s): You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

1/15/2020                              /s/     Teresa C. Azan
Issuance Date                                  Clerk of the Bankruptcy Court

                              By:   /s/     Lauren Langston
                                           Courtroom Deputy Clerk



## CERTIFICATE OF SERVICE

I, <u>Phillip G. Young, Jr.</u>                                    certify that service of this summons and a copy of
the complaint was made <u>January 17, 2020</u>           by:

X  Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
   Manookian, PLLC
   ATTN: Brian Manookian, Managing Member
   45 Music Square W.
   Nashville, TN 37203

☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:


☐ Residence Service: By leaving the process with the following adult at:


☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail
   addressed to the following officer of the defendant at:



☐ Publication: The defendant was served as follows: [Describe briefly]


☐ State Law: The defendant was served pursuant to the laws of the State of , as follows: [Describe
   briefly]


☐ If service was made by personal service, by residence service, or pursuant to state law, I further certify
   that I am, and at all times during the service of process was, not less than 18 years of age and not a party
   to the matter concerning which service of process was made.

        Under penalty of perjury, I declare that the foregoing is true and correct.


Date <u>January 25, 2020</u>              Signature  <u>/s/ Phillip G. Young, Jr.</u>


        Print Name:                        <u>Phillip G. Young, Jr.</u>

        Business Address:           <u>6100 Tower Circle, Suite 200; Franklin, TN 37067</u>

                                      _____

United States Bankruptcy Court
Middle District of Tennessee

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | CASE NO.  3:19-bk-07235 |
| | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WALKER |
| | ) | |
| | ) | |
| JEANNE ANN BURTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 320-90002 |
| | ) | |
| HAGH LAW PLLC | ) | |
| AFSOON HAGH | ) | |
| MANOOKIAN PLLC | ) | |
| FIRST-CITIZENS BANK AND TRUST COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
IN AN ADVERSARY PROCEEDING**

To the Defendant(s): YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
701 BROADWAY, ROOM 170
NASHVILLE, TN 37203

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

PHILLIP G YOUNG
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF TENNESSEE 701 BROADWAY, SECOND FLOOR NASHVILLE, TN 37203 | |
| | COURTROOM TWO |
| | **DATE & TIME** **3/10/2020** **9:15 A.M.** |

**If you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint.**

To the Plaintiff(s): You must serve this Summons and Notice of Pretrial Conference together with the complaint no later than 7 days after the issuance date shown below. If more than 7 days pass before service is completed, a new summons must be requested and served.

1/15/2020                /s/     Teresa C. Azan

Issuance Date                 Clerk of the Bankruptcy Court

By:   /s/     Lauren Langston

                Courtroom Deputy Clerk



## CERTIFICATE OF SERVICE

I, <u>Phillip G. Young, Jr.</u>_____certify that service of this summons and a copy of the complaint was made <u>January 17, 2020</u>_____by:

   Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

□ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

□ Residence Service: By leaving the process with the following adult at:

   X  Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

      First-Citizens Bank & Trust Company
      ATTN: Frank B. Holding, Jr., CEO
      4300 Six Forks Road, #FCC22
      Raleigh, NC 27609

      First-Citizens Bank & Trust Company
      c/o CT Corporation System
      300 Montvue Road
      Knoxville, TN 37919

□ Publication: The defendant was served as follows: [Describe briefly]


□ State Law: The defendant was served pursuant to the laws of the State of , as follows: [Describe briefly]


□ If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

      Under penalty of perjury, I declare that the foregoing is true and correct.


Date <u>January 25, 2020</u>_____        Signature  <u>/s/ Phillip G. Young, Jr.</u>_____


    Print Name:          <u>   Phillip G. Young, Jr.        </u>

    Business Address:      <u> 6100 Tower Circle, Suite 200; Franklin, TN 37067 </u>

                                     _____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON** | ) | |
| **HAGH; MANOOKIAN, PLLC; and** | ) | |
| **FIRST-CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

**NOTICE OF VOLUNTARY DISMISSAL OF**
**DEFENDANT FIRST-CITIZENS BANK & TRUST COMPANY**

Plaintiff Jeanne Ann Burton, Trustee (the "Plaintiff"), hereby gives notice of the voluntary dismissal of FIRST-CITIZENS BANK & TRUST COMPANY ("First Citizens") without prejudice of its claims and causes of action in the above-captioned matter. This Notice of Voluntary Dismissal (without prejudice) is to First Citizens only, and should not be construed to dismiss any other defendants, with or without prejudice.

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
phillip@thompsonburton.com

Attorneys for the Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203
**Adversary Proceeding No.: <u>3:20−ap−90002</u>**
**Related Bankruptcy Proceeding No.: <u>3:19−bk−07235</u>**

In re: Debtor : CUMMINGS MANOOKIAN, PLLC

Plaintiff : Jeanne Ann Burton

    vs

Defendant : Hagh Law PLLC

### CERTIFICATE OF MAILING

    I hereby certify a true copy of the Order was mailed postage prepaid to the party or parties listed below, on 1/31/20.

MANOOKIAN PLLC
CO BRIAN MANOOKIAN MANAGING MEMBER
45 MUSIC SQUARE W
NASHVILLE TN 37203

Dated: 1/31/20

                                    TERESA C. AZAN
                                      Clerk, U.S. Bankruptcy Court

                                      BY: /s/ amd
                                      Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

Pursuant to Rules 2002, 4001 and 9010 of the Federal Rules of Bankruptcy Procedure and any other applicable provisions of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code or Local Rules, the undersigned attorney who represents Afsoon Hagh and Hagh Law, PLLC hereby requests that any notice that must be or is sent to any creditor, any official committee or any other party in interest in or related to this case (whether sent by the Court, the U.S. Trustee, the Trustee or any person or other entity involved in the case) also be sent to the following:

> Craig V. Gabbert, Jr. (BPR 004702)
> Bass, Berry & Sims PLC
> 150 Third Ave. S., Suite 2800
> Nashville, TN 37201
> (615) 742-6277
> cgabbert@bassberry.com

This request includes, without limitation, all orders, proposed orders, notices (including notices of any and all proposed abandonments, sales of property or other actions), applications, motions, petitions, pleadings, requests, complaints, demands, plans and disclosure statements, whether formal, informal, written or oral.

Pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, it is further requested that the names and addresses of said party in interest and attorneys be used and added to the Court's master mailing list(s).

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6277
cgabbert@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 31, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

27764010.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| | ) | Hearing Date: February 5, 2020 |
| | ) | at 1:00 p.m. |

**TRUSTEE JEANNE ANN BURTON'S WITNESS AND EXHIBIT LIST FOR
FEBRUARY 5, 2020 HEARING ON INJUNCTION**

Comes now Movant, Jeanne Ann Burton, by and through undersigned counsel, and hereby gives notice of the witnesses she may call, and exhibits she may introduce, at the February 5, 2020 hearing on the injunction issued by the Court:

**WITNESS LIST**

1.  <u>Jeanne Burton</u>.  If called to testify, Ms. Burton will testify regarding documents produced to her as trustee that evidence communications between the Debtor and the plaintiffs in the Williamson County Circuit Court case, *Fitzgerald v. Osborne.*

2.      The Trustee reserves the right to call the witnesses identified by any other party, any other witnesses needed to rebut evidence offered by any other party, and/or any other witnesses needed to address issues raised in any objection.

### EXHIBIT LIST

3.      All documents previously filed with the Court in this matter and the Cummings Manookian bankruptcy case.

4.      All documents attached as exhibits to the Plaintiff's Expedited Motion for Turnover of Funds (the "Motion") (Doc. 2).

5.      Correspondence between the Debtor and the plaintiffs in the Williamson County Circuit Court case, *Fitzgerald v. Osborne*, including the engagement letter and a letter from the Debtor to the plaintiffs on December 7, 2018 (both of which were referenced in the Motion and introduced into evidence at the January 15, 2020 hearing).

6.      All statements for any bank account held in the name of Afsoon Hagh, Hagh Law PLLC, and/or Cummings Manookian PLC.

7.      The Trustee reserves the right to introduce any exhibits identified by any objecting party, any exhibits needed to rebut evidence offered by any objecting party, and/or any other exhibits needed to address issues raised in any objection.

2

DATED: February 3, 2020

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:     (615) 465-6000
phillip@thompsonburton.com

Special Counsel for Chapter 7 Trustee

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## NOTICE OF APPEARANCE AND REQUEST FOR NOTICE

---

Pursuant to Rules 2002, 4001 and 9010 of the Federal Rules of Bankruptcy Procedure and any other applicable provisions of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code or Local Rules, the undersigned attorney who represents Afsoon Hagh and Hagh Law, PLLC hereby requests that any notice that must be or is sent to any party or any other party in interest in or related to this adversary proceeding (whether sent by the Court, the U.S. Trustee, the Trustee or any person or other entity involved in the case) also be sent to the following:

> Glenn B. Rose (BPR 10598)
> Bass, Berry & Sims PLC
> 150 Third Ave. S., Suite 2800
> Nashville, TN 37201
> (615) 742-6200
> grose@bassberry.com

This request includes, without limitation, all orders, proposed orders, notices, applications, motions, petitions, pleadings, requests, complaints, demands, plans and disclosure statements, whether formal, informal, written or oral.

Pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, it is further requested that the names and addresses of said party in interest and attorneys be used and added to the Court's master mailing list(s).

Respectfully submitted,


/s/ Glenn B. Rose
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 010598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*


## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed February 4, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.


/s/ Glenn B. Rose

27765599.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

This matter came before the Court for final hearing on February 5, 2020 (the "Hearing"),

on *Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection

filed by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), the Reply

filed by Plaintiff (Doc. 10) (the "Reply), the Motion to Strike Reply filed by Defendants Hagh

Law, PLLC and Afsoon Hagh (Doc. 11) (the "Motion to Strike"), and the *Order on Plaintiff's*

*Expedited Motion for Turnover of Funds* (Doc. 15); and Ronn Steen appearing at the Hearing on

behalf of the Plaintiff. Counsel for Plaintiff represented to the Court, that after conferring with

counsel for Defendants Hagh Law, PLLC and Afsoon Hagh, the Defendants are not currently contesting the disputed funds remaining on deposit with the Clerk of Court; and based upon the absence of any other party contesting the relief sought by Plaintiff,

**IT IS ORDERED that the Clerk of this Court shall continue to hold the $715,000.00 deposited with the Clerk by First-Citizens Bank in an interest-bearing account pending further order of this Court.**

This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

This matter came before the Court for final hearing on February 5, 2020 (the "Hearing"),

on *Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection

filed by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), the Reply

filed by Plaintiff (Doc. 10) (the "Reply), the Motion to Strike Reply filed by Defendants Hagh

Law, PLLC and Afsoon Hagh (Doc. 11) (the "Motion to Strike"), and the *Order on Plaintiff's*

*Expedited Motion for Turnover of Funds* (Doc. 15); and Ronn Steen appearing at the Hearing on

behalf of the Plaintiff. Counsel for Plaintiff represented to the Court, that after conferring with

counsel for Defendants Hagh Law, PLLC and Afsoon Hagh, the Defendants are not currently contesting the disputed funds remaining on deposit with the Clerk of Court; and based upon the absence of any other party contesting the relief sought by Plaintiff,

**IT IS ORDERED that the Clerk of this Court shall continue to hold the $715,000.00 deposited with the Clerk by First-Citizens Bank in an interest-bearing account pending further order of this Court.**

This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Case 3:23-cv-00961    Document 6    Filed 10/04/23    Page 294 of 694 PageID #: 2516

294

Burton,
      Plaintiff                                          Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3        User: anm0611         Page 1 of 1             Date Rcvd: Feb 13, 2020
                        Form ID: pdftop        Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2020.

```
ust          +DAVID ALEXANDER DARCY,   ASKOUNIS & DARCY PC,   444 N MICHIGAN AVE,   STE 3270,
               CHICAGO, IL 60611-3906
ust          +MADALYN GREENWOOD,   OFFICE OF THE US TRUSTEE,   200 JEFFERSON AVE,   SUITE 400,
               MEMPHIS, TN 38103-2374
ust          +NATALIE MARIE COX,   US DEPARTMENT OF JUSTICE,   OFFICE OF THE UNITED STATES TRUSTEE,
               701 BROADWAY,   SUITE 318,   NASHVILLE, TN 37203-3966
ust          +U.S. Trustee,   Office of the U.S. Trustee,   One Memphis Place,
               200 Jefferson Avenue, Suite 400,   Memphis, TN 38103-2383
ust          +United States Trustee,   Historic U.S. Courthouse,   31 E. Eleventh Street,   Fourth Floor,
               Chattanooga, TN 37402-4205
dft          +Hagh Law PLLC,   c/o Afsoon Hagh, Managing Member,   45 Music Square W,
               Nashville, TN 37203-3205
dft          +Manookian PLLC,   c/o Brian Manookian, Managing Member,   45 Music Square W,
               Nashville, TN 37203-3205
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
ust          +E-mail/Text: bknotices@clacorp.com Feb 14 2020 03:12:13     MARIE RENEE RICHO,
               TENNESSEE TITLE LOANS INC,   COMMUNITY LOANS OF AMERICA INC,   C/O BANKRUPTCY DEPARTMENT,
               8601 DUNWOODY PLACE STE 406,   ATLANTA, GA 30350-2550
ust           E-mail/Text: ustpregion21.hr.ecf@usdoj.gov Feb 14 2020 03:11:26     MONSITA LECAROZ ARRIBAS,
               OFFICE OF THE US TRUSTEE (UST),   OCHOA BUILDING,   500 TANCA STREET  SUITE 301,
               SAN JUAN, PR  00901
ust          +E-mail/Text: ustpregion09.gr.ecf@usdoj.gov Feb 14 2020 03:11:25     Michael V. Maggio,
               Trial Attorney,   Office of the US Trustee,   The Ledyard Building, 2nd Floor,
               125 Ottawa NW, Suite 200R,   Grand Rapids, MI 49503-2865
ust           E-mail/Text: ustpregion08.na.ecf@usdoj.gov Feb 14 2020 03:11:41     US TRUSTEE,
               OFFICE OF THE UNITED STATES TRUSTEE,   701 BROADWAY STE 318,   NASHVILLE, TN  37203-3966
                                                                                      TOTAL: 4


             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust           CARRIE
ust           KALISIA SCHAEFFER,   REVENUE ASSSURANCE PROFESSIONALS,   1350 CONCOURSE AVE SUITE 600
ust           STEVEN EDWARD ANDERSON,   ANDERSON & REYNOLDS PLC
ust           testtrust
ust           worr robinson
                                                               TOTALS: 5, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2020                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 13, 2020 at the address(es) listed below:

```
          CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR   on behalf of Defendant  Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
          JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                                               TOTAL: 7
```



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 2/13/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR TURNOVER OF FUNDS

This matter came before the Court for final hearing on February 5, 2020 (the "Hearing"),

on *Plaintiff's Expedited Motion for Turnover of Funds* (Doc. 2) (the "Motion"), the Objection

filed by Defendants Hagh Law, PLLC and Afsoon Hagh (Doc. 7) (the "Objection"), the Reply

filed by Plaintiff (Doc. 10) (the "Reply"), the Motion to Strike Reply filed by Defendants Hagh

Law, PLLC and Afsoon Hagh (Doc. 11) (the "Motion to Strike"), and the *Order on Plaintiff's*

*Expedited Motion for Turnover of Funds* (Doc. 15); and Ronn Steen appearing at the Hearing on

behalf of the Plaintiff. Counsel for Plaintiff represented to the Court, that after conferring with

counsel for Defendants Hagh Law, PLLC and Afsoon Hagh, the Defendants are not currently contesting the disputed funds remaining on deposit with the Clerk of Court; and based upon the absence of any other party contesting the relief sought by Plaintiff,

**IT IS ORDERED that the Clerk of this Court shall continue to hold the $715,000.00 deposited with the Clerk by First-Citizens Bank in an interest-bearing account pending further order of this Court.**

This Order was signed and entered electronically as indicated at the top of this page.

**APPROVED FOR ENTRY:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION FOR ENTRY OF DEFAULT AGAINST
## DEFENDANTS HAGH LAW, PLLC, AFSOON HAGH AND MANOOKIAN, PLLC

Jeanne Ann Burton, chapter 7 trustee herein (the "Plaintiff" or "Trustee"), hereby moves this Court for entry of a default against Defendants Hagh Law, PLLC ("Hagh Law"), Afsoon Hagh ("Hagh") and Manookian, PLLC ("Manookian") (Hagh Law, Hagh and Manookian, collectively the "Defendants"). In support of this motion, the Plaintiff states as follows:[1]

1.    Summons were issued in this matter on January 15, 2020. On January 17, 2020, service was made by summons in accordance with Federal Rule of Bankruptcy Procedure 7004 on the Defendants by serving each of the Defendants, by United States First Class Mail, as follows:

---

[1] All capitalized terms not assigned a definition herein shall have the definition given them in the Complaint.

a. Hagh Law was served via its managing member, Afsoon Hagh, at its principal place of business listed with the Tennessee Secretary of State: Hagh Law, PLLC; ATTN: Afsoon Hagh, Managing Member; 45 Music Square W.; Nashville, TN 37203.

b. Afssoon Hagh was served at her usual place of business: Afsoon Hagh; 45 Music Square W.; Nashville, TN 37203.

c. Manookian was served via its managing member, Brian Manookian, at its principal place of business listed with the Tennessee Secretary of State: Manookian, PLLC; ATTN: Brian Manookian, Managing Member; 45 Music Square W.; Nashville, TN 37203.

2. Affidavits of service were filed on January 25, 2020.

3. No extension of time was sought by the Defendants.

4. As reflected in the Court's records as of the date of this Motion, none of the Defendants have filed an answer or other responsive pleading and the deadline to file an answer or other responsive pleading has passed pursuant to Fed. R. Bankr. P. 7012(a).

5. None of the Defendants is an incompetent or an infant.

6. None of the Defendants is serving in military service.

7. The Plaintiff further relies upon the Affidavit of Jeanne Ann Burton attached hereto.

Dated:    February 24, 2020

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
Email: phillip@thompsonburton.com

Attorneys for Trustee

3

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system upon all parties having entered appearances therein, and via United States mail, postage prepaid, upon the following, this the 24th day of February, 2020:


Hagh Law, PLLC
c/o Afsoon Hagh, Managing Member
45 Music Square W.
Nashville, TN 37203

Afsoon Hagh
45 Music Square W.
Nashville, TN 37203

Manookian, PLLC
c/o Brian Manookian, Managing Member
45 Music Square W.
Nashville, TN 37203


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY,** | ) ) ) ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

### AFFIDAVIT OF JEANNE ANN BURTON IN
### SUPPORT OF MOTION FOR ENTRY OF DEFAULT

STATE OF TENNESSEE      )
COUNTY OF DAVIDSON     )

Jeanne Ann Burton, being duly sworn, deposes and states:

1.      The Plaintiff is the duly appointed Trustee of the bankruptcy estate of Cummings Manookian, PLLC, (the "Debtor" or "CM") and is currently serving in that capacity.

2.      On November 6, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division (the "Bankruptcy Court"), instituting bankruptcy case No. 3:19-bk-07235.

2

3.      All factual statements contained in the Complaint are true and correct to the best of my knowledge.

4.      Summons were issued in this matter on January 15, 2020.  On January 17, 2020, service was made by summons in accordance with Federal Rule of Bankruptcy Procedure 7004 on the Defendants by serving each of the Defendants, by United States First Class Mail, as follows:

      a.      Hagh Law, PLLC was served via its managing member, Afsoon Hagh, at its principal place of business listed with the Tennessee Secretary of State:  Hagh Law, PLLC; ATTN: Afsoon Hagh, Managing Member; 45 Music Square W.; Nashville, TN 37203.

      b.      Afssoon Hagh was served at her usual place of business:  Afsoon Hagh; 45 Music Square W.; Nashville, TN 37203.

      c.      Manookian, PLLC was served via its managing member, Brian Manookian, at its principal place of business listed with the Tennessee Secretary of State: Manookian, PLLC; ATTN: Brian Manookian, Managing Member; 45 Music Square W.; Nashville, TN 37203.

5.      Affidavits of service were filed on January 25, 2020.

6.      No extension of time was sought by the Defendants.

7.      As reflected in the Court's records as of the date of this Affidavit, none of the Defendants have filed an answer or other responsive pleading and the deadline to file an answer or other responsive pleading has passed pursuant to Fed. R. Bankr. P. 7012(a).

8.      None of the Defendants is an incompetent or an infant.

9.      None of the Defendants is serving in military service.

Further affiant sayeth not.

/s/ Jeanne Ann Burton
Jeanne Ann Burton

Chapter 7 Trustee for Cummings Manookian, PLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ENTRY OF DEFAULT

It appears from the record that the following defendants failed to plead or otherwise defend in this case as required by law:

HAGH LAW, PLLC

AFSOON HAGH

MANOOKIAN, PLLC

Therefore, default is entered against the defendants as authorized by Federal Rule of Bankruptcy Procedure 7055.

_____
Clerk of the Bankruptcy Court

_____
Date

By:_____
Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
|     Debtor. | ) Chapter 7 |
| | ) Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
|     Defendants. | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |

ENTRY OF DEFAULT

It appears from the record that the following defendants failed to plead or otherwise

defend in this case as required by law:

HAGH LAW, PLLC

AFSOON HAGH

MANOOKIAN, PLLC

Therefore, default is entered against the defendants as authorized by Federal Rule of Bankruptcy

Procedure 7055.

_____
Clerk of the Bankruptcy Court

_2/24/2020_____
Date

By: _____
Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO CONTINUE PRETRIAL CONFERENCE

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference to March 24, 2020 at 9:15 a.m..  Presently the pretrial conference is scheduled for March 10, 2020 at 9:15 a.m.  As grounds for this Motion, the Trustee states that:

1.      None of the Defendants have filed an answer to date.  Upon request of the Trustee, the Clerk of the Court entered a default against all Defendants on February 24, 2020.

2.      The Trustee has received communications from all Defendants (or counsel for the Defendants) indicating that they intend to file an answer to the Complaint on or before March 16, 2020.

3.      The Trustee has agreed that, if answers are filed by March 16, 2020, she will withdraw the default and the parties will proceed with a pretrial conference on March 24, 2020.

4.      Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for March 10, 2020 at 9:15 a.m. be continued to March 24, 2020 at 9:15 a.m..

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 2nd day of March


/s/ Phillip G. Young, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

**ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE**

       Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

       IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March

10, 2020 is hereby continued until _____, 2020 at _____ ___.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

<div style="border:1px solid black; text-align:center;">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

</div>

Submitted for entry:

/s/ Phillip G. Young, Jr.

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

0120235.0579953   4823-8037-6603v1

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/3/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## <u>ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE</u>

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March

10, 2020 is hereby continued until <u>March 24</u>, 2020 at <u>9:15</u> a.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:


/s/ Phillip G. Young, Jr.
_____

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

0120235.0579953  4823-8037-6603v1

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203
## Adversary Proceeding No.: <u>3:20−ap−90002</u>
## Related Bankruptcy Proceeding No.: <u>3:19−bk−07235</u>

In re: Debtor : CUMMINGS MANOOKIAN, PLLC

Plaintiff : Jeanne Ann Burton

    vs

Defendant : Hagh Law PLLC

## CERTIFICATE OF MAILING

    I hereby certify a true copy of the Order was mailed postage prepaid to the party or parties listed below, on 3/4/20.

MANOOKIAN PLLC
C O BRIAN MANOOKIAN MANAGING MEMBER
45 MUSIC SQUARE W
NASHVILLE TN 37203

Dated: 3/4/20

                             TERESA C. AZAN
                             Clerk, U.S. Bankruptcy Court

                             BY: /s/ pjm
                             Deputy Clerk

Burton,
      Plaintiff                                         Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3        User: anm0611           Page 1 of 1            Date Rcvd: Mar 04, 2020
                            Form ID: pdf001       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 06, 2020.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla       +E-mail/Text: jeanne.burton@comcast.net Mar 05 2020 01:46:23     Jeanne Ann Burton,
              95 White Bridge Road, Ste 512,   Nashville, TN 37205-1490
                                                           TOTAL: 1

        ***** BYPASSED RECIPIENTS *****
NONE.                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2020                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 4, 2020 at the address(es) listed below:
        CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
         bankr@bassberry.com;delores.walker@bassberry.com
        CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
         bankr@bassberry.com;delores.walker@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
         bankr@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
        JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
        JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
        PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                           TOTAL: 7

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/3/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | ) **Case No. 3:19-bk-07235** |
| Debtor. | ) **Chapter 7** |
| | ) **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) |
| **MANOOKIAN, PLLC; and FIRST-** | ) |
| **CITIZENS BANK & TRUST** | ) |
| **COMPANY,** | ) |
| Defendants. | ) |
| | ) **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March

10, 2020 is hereby continued until ___March 24___, 2020 at _9:15_ _a_.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
> INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
_____
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

0120235.0579953   4823-8037-6603v1

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ANSWER AND AFFIRMATIVE DEFENSES OF
## HAGH LAW, PLLC AND AFSOON HAGH

---

Come now Defendants Hagh Law, PLLC ("Hagh Law") and Afsoon Hagh ("Hagh" collectively "Defendants"), by and through counsel, and for their Answer to the Complaint filed by Plaintiff Jeanne Ann Burton states as follows:

## **PARTIES**

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants deny that there exists any statutory predicate which would entitle Plaintiff to relief as alleged in Paragraph 9 of the Complaint.

## BACKGROUND

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except that they admit that Hagh is a licensed attorney and the spouse of Manookian. Defendants affirmatively state that CM ceased to be able to conduct business in December 2018. Defendant Hagh provided legal services individually and through Hagh Law when it was formed.

13. Defendants admit that Hagh filed at least one pleading that continued to contain the firm name of CM, but affirmatively state that as a matter of law, these filings must be deemed to be in her individual professional capacity because CM was no longer authorized to conduct business after the date on which the suspension of Manookian became effective.

14. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, other than admitting that Manookian filed one or more motions to withdraw as counsel in the Fitzgerald case at some point in

time.

15. Defendants admit the allegations in Paragraph 15 of the Complaint

16. Defendants admit the allegations in the first sentence of paragraph 16 of the Complaint, and affirmatively state that the pleadings in in the various cases speak for themselves. Defendants deny that either Hagh or Hagh Law is a successor entity to CM as implied in paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 19 of the Complaint and affirmatively state that the pleadings filed in the various cases speak for themselves. Defendants deny that Manookian PLLC is a successor entity to CM as implied in paragraph 19 of the Complaint. The records in the various case files will speak for themselves.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

**THE RECEIVERSHIP**

21. Defendants neither admit nor deny the allegations in Paragraph 21 of the Complaint. The case files in the subject lawsuit will speak for themselves.

22. Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint. The case files in the subject lawsuit speak for themselves, but Defendants deny that the receivership action created any right to collect amounts owed to CM beyond those rights existing as of December 2018 upon dissolution of CM.

23. Defendants are without knowledge or information sufficient to admit or deny the filing

of attorneys' liens as alleged in paragraph 23 of the Complaint, but deny that CM is entitled to anything other than cost advances in the cases pursued by the Receiver.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

## **FITZGERALD CASE**

25. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint as to the truth of the first sentence, however, the second sentence is admitted.

26. Defendants deny the case settled on August 19, 2019 as alleged in paragraph 26 of the Complaint and assert that the Settlement Agreement in this case speaks for itself.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the substance of the allegations in Paragraph 29 of the Complaint. Defendants affirmatively state that in addition to the position set forth by Manookian, applicable law precluded CM from recovering any fee other than costs advanced.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny that Defendant Hagh did anything in these cases on behalf of CM as alleged in paragraph 32 of the Complaint, but Defendants admit Hagh was retained by the Fitzgeralds.

33. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint. The documents in the Receivership

action speak for themselves.

34. The documents in the Receivership action speak for themselves. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint but suggest the record will speak for itself.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, other than to admit that Manookian license was suspended..

39. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint, but affirmatively state that the record in the receivership case speaks for itself.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint, except Defendants admit that none of the Fitzgerald settlement proceeds have been deposited with the court clerk in the receivership case, and Defendants' affirmatively state that the record in the receivership case speaks for itself.

41. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and affirmatively state that the record in the receivership action speaks for itself.

## FIRST CLAIM FOR RELIEF

### (Conversion)

42. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (State Law Fraudulent Transfer)

46. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

50. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(Tortious Interference with Contract)

(As to Defendants Afsoon Hagh and Hagh Law)

57. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

(As to Defendants Hagh Law and Manookian PLLC)

62. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. The case quoted in paragraph 64 of the Complaint speaks for itself, but Defendants deny it is applicable in this matter.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants admit that CM provided legal services as described, but deny the remaining allegations in Paragraph 67 of the Complaint.

68. Defendants are without knowledge or information sufficient to admit or deny the first sentence in Paragraph 68 of the Complaint. Defendants deny the second sentence in Paragraph 68 of the Complaint, except to state that certain clients of CM are now clients of Hagh and/or Hagh Law. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69. Defendants affirmatively state that the schedules and claims filed in this bankruptcy speak for themselves and note that neither establishes the validity of any debt or asset of CM. Defendants deny the allegation in paragraph 69 of the Complaint that there were any transfers of CM's account receivables to Defendants and also denies that any action of Defendants had any effect on the ability of CM to pay its obligations as they came due.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Turnover)

### (As to Defendants Afsoon Hagh, Hagh Law and First Citizens)

72. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment)

### (As to Defendants Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Defendants incorporate their responses to the Paragraphs above as if fully set forth herein.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny all relief requested by Plaintiff in the "WHEREFORE, the Plaintiff requests that the Court enter a judgment" section of the Complaint and all its subparts and Defendants deny any and all allegations not addressed or expressly admitted above.

82. Defendants hereby deny all allegations in the Complaint to which they have not directly responded.

## AFFIRMATIVE DEFENSES

1. *Failure to State a Claim*.  Plaintiff's claims should be dismissed to the extent Plaintiff fails to state a claim upon which relief can be granted.

2. *Failure to Plead Fraud with Particularity*.  Plaintiffs' claims should be dismissed for failure to plead fraud with the particularity required by Tennessee Rule Civ. P. 9.02.

3. *Reservation of Right to Assert Additional Affirmative Defenses*.  Defendants reserve the right to assert any additional affirmative defenses allowed by applicable law and rules depending upon any evidence discovered in their defense of the Complaint.

WHEREFORE, Defendants respectfully request that the Court dismiss this lawsuit with prejudice, award Defendants their attorneys' fees and costs of this action to the extent provided by law, and grant such further relief as is just.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 16, 2020, and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Craig V. Gabbert, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## MANOOKIAN, PLLC

Comes now Defendant Manookian PLLC, by and through counsel, and for its Answer to the Complaint filed by Plaintiff Jeanne Ann Burton states as follows:

### **PARTIES**

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant is without knowledge sufficient to admit or denies the allegations in Paragraph 5 of the Complaint.

1

## JURISDICTION AND VENUE

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies that there exists any statutory predicate which would entitle Plaintiff to relief as alleged in Paragraph 9 of the Complaint.

## BACKGROUND

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint, with the exception of Defendant admits that Afsoon Hagh is a licensed attorney.

13. Defendant admits that Hagh filed certain pleadings that continued to contain the firm name of CM, but affirmatively state that as a matter of law, these filings must be deemed to be in her individual professional capacity because CM was no longer authorized to conduct business after the date on which the suspension of Manookian became effective.

14. The allegations of Paragraph 14 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint.

2

15. Defendant admits the allegations in Paragraph 15 of the Complaint, upon information and belief.

16. Defendant admits the allegations in the first sentence of paragraph 16 of the Complaint, and affirmatively states that the pleadings in in the various cases speak for themselves.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Admitted that Brian Manookian and Manookian PLLC were retained as counsel in certain cases from which CM had withdrawn as a result of Brian Cummings' withdrawal and Brian Manookian's suspension, and the resulting termination of CM's existence. Denied that Brian Manookian was required to file any notice of substitution of counsel or address changes. Denied that Brian Manookian "simply changed the firm name on his signature block."

20. Denied that CM had office space, furnishings, equipment, or client files on or after May 17, 2019. Denied that Manookian PLLC has "used" any CM property or case files such that compensation would be required. By law and rules governing professional conduct, the case files are owned by the client, not CM or Manookian PLLC.

**THE RECEIVERSHIP**

21. Defendant neither admits nor denies the allegations in Paragraph 21 of the Complaint. The case files in the subject lawsuit will speak for themselves.

22. Defendant neither admits nor denies the allegations in Paragraph 22 of the Complaint. The case files in the subject lawsuit speak for themselves, but Defendant denies that the receivership action created any right to collect amounts owed to CM beyond those rights existing as of December 2018 upon dissolution of CM.

3

23. Defendant is without knowledge or information sufficient to admit or deny the filing of attorneys' liens as alleged in Paragraph 23 of the Complaint but denies that CM is entitled to anything other than cost advances in the cases pursued by the Receiver. Moreover, the case files speak for themselves as to their content.

24. The allegations of Paragraph 24 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

**<u>FITZGERALD CASE</u>**

25. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint as to the truth of the first sentence, however, the second sentence is admitted.

26. Defendant denies the case settled on August 19, 2019 as alleged in Paragraph 26 of the Complaint and assert that the Settlement Agreement in this case speaks for itself.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 are not directed to this Defendant, and this Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies that Defendant Hagh did anything in these cases on behalf of CM as alleged in paragraph 32 of the Complaint, but Defendant admits Hagh Law and

4

Manookian PLLC were retained by the Fitzgeralds and that both Manookian Hagh filed pleadings and made appearances in the case.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint. The documents in the Receivership action speak for themselves.

34. The documents in the Receivership action speak for themselves. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint but suggest the record will speak for itself.

38. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, other than to admit that Manookian license was suspended.

39. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint, but affirmatively state that the record in the receivership case speaks for itself.

40. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint, except Defendant admits that none of the Fitzgerald settlement proceeds had been deposited with the court clerk in the receivership case, and Defendant affirmatively states that the record in the receivership

case speaks for itself.

41. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and affirmatively state that the record in the receivership action speaks for itself.

## FIRST CLAIM FOR RELIEF

### (Conversion)

42. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (State Law Fraudulent Transfer)

46. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code)

### (As to Defendant Afsoon Hagh, Hagh Law and Manookian PLLC)

50. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

6

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

## FOURTH CLAIM FOR RELIEF

(Tortious Interference with Contract)

(As to Defendant Afsoon Hagh and Hagh Law)

57. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

## FIFTH CLAIM FOR RELIEF

(Successor Liability and Alter Ego)

(As to Defendant Hagh Law and Manookian PLLC)

62. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. The case quoted in paragraph 64 of the Complaint speaks for itself, but Defendant denies it is applicable in this matter.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits that CM provided legal services as described but denies the remaining allegations in Paragraph 67 of the Complaint.

68. Admitted that Brian Manookian is the 100% owner of Manookian PLLC. Denied that

Afsoon Hagh continues representing CM's clients, as CM has no clients. The remaining allegations of this paragraph are denied.

69. Defendant affirmatively state that the schedules and claims filed in this bankruptcy speak for themselves and note that neither establishes the validity of any debt or asset of CM. Defendant denies the allegation in paragraph 69 of the Complaint that there were any transfers of CM's account receivables to Defendant and also denies that any action of Defendant had any effect on the ability of CM to pay its obligations as they came due.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Turnover)

### (As to Defendant Afsoon Hagh, Hagh Law and First Citizens)

72. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment)

### (As to Defendant Afsoon Hagh, Hagh Law and Manookian PLLC)

77. Defendant incorporates its responses to the Paragraphs above as if fully set forth herein.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

8

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies all relief requested by Plaintiff in the "WHEREFORE, the Plaintiff requests that the Court enter a judgment" section of the Complaint and all its subparts and Defendant denies any and all allegations not addressed or expressly admitted above.

82. Defendant hereby denies all allegations in the Complaint to which they have not directly responded.

## **AFFIRMATIVE DEFENSES**

1. *Failure to State a Claim*.  Plaintiff's claims should be dismissed to the extent Plaintiff fails to state a claim upon which relief can be granted.

2. *Failure to Plead Fraud with Particularity*.  Plaintiffs' claims should be dismissed for failure to plead fraud with the particularity required by Tennessee Rule Civ. P. 9.02.

3. *Reservation of Right to Assert Additional Affirmative Defenses*.  Defendant reserve the right to assert any additional affirmative defenses allowed by applicable law and rules depending upon any evidence discovered in their defense of the Complaint.

WHEREFORE, Defendant respectfully request that the Court dismiss this lawsuit with prejudice, award Defendant their attorneys' fees and costs of this action to the extent provided by law and grant such further relief as is just.

Respectfully submitted,

/s/ John Spragens
John Spragens, TN Bar No. 031445
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 16, 2020 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ John Spragens

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## NOTICE OF WITHDRAWAL OF ENTRY OF DEFAULT AGAINST DEFENDANTS HAGH LAW, PLLC, AFSOON HAGH AND MANOOKIAN, PLLC

Jeanne Ann Burton, chapter 7 trustee herein (the "Plaintiff" or "Trustee"), hereby gives notice of her withdrawal of the entry of default entered against Defendants Hagh Law, PLLC, Afsoon Hagh and Manookian, PLLC

Dated:    March 17, 2020

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
Email: phillip@thompsonburton.com

Attorneys for Trustee

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system upon all parties having entered appearances therein.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## MOTION TO CONTINUE PRETRIAL CONFERENCE

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference scheduled in this matter to April 21, 2020. Presently, the pretrial conference is scheduled for March 24, 2020 at 9:15 a.m. As grounds for this Motion, the Trustee states that:

1.       Trustee's special counsel has conferred with counsel for Afsoon Hagh and Hagh Law, PLLC, Craig Gabbert, and with counsel for Manookian, PLLC, John Spragens. All counsel are in agreement that, with the uncertainty currently existing due to the COVID-19 pandemic, it would be difficult to set a meaningful trial schedule in this matter.

2.       All counsel agree that a thirty (30) day continuance of the pretrial conference is in the best interest of all parties and best promotes judicial economy.

3.      Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for March 24, 2020 at 9:15 a.m. be continued to April 21, 2020.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 18th day of March, 2020.


/s/ Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March 24, 2020 is hereby continued until _____, 2020 at _____ __.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/19/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March 24, 2020 is hereby continued until <u>April 21</u>, 2020 at <u>1:00</u> p.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

United States Bankruptcy Court
Middle District of Tennessee

Burton,
     Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
     Defendant

## CERTIFICATE OF NOTICE

District/off: 0650-3     User: anm0611     Page 1 of 1     Date Rcvd: Mar 20, 2020
                       Form ID: pdf001     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 22, 2020.
dft        +Afsoon Hagh,   45 Music Square W,   Nashville, TN 37203-3205
dft        +Hagh Law PLLC,   c/o Afsoon Hagh, Managing Member,   45 Music Square W,
              Nashville, TN 37203-3205
dft        +Manookian PLLC,   c/o Brian Manookian, Managing Member,   45 Music Square W,
              Nashville, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2020                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 20, 2020 at the address(es) listed below:
        CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
        bankr@bassberry.com;delores.walker@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
        bankr@bassberry.com
        JOHN TATE SPRAGENS   on behalf of Defendant   Manookian PLLC JOHN@SPRAGENSLAW.COM
        JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
        JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM
        PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                        TOTAL: 8

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 3/19/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
|     Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
|     Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for March 24, 2020 is hereby continued until April 21 , 2020 at 1:00 p .m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## THIRD MOTION TO CONTINUE PRETRIAL CONFERENCE

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference scheduled in this matter to May 19, 2020. Presently, the pretrial conference is scheduled for April 21, 2020 at 1:00 p.m. As grounds for this Motion, the Trustee states that:

1.    Trustee's special counsel has conferred with counsel for Afsoon Hagh and Hagh Law, PLLC, Craig Gabbert, and with counsel for Manookian, PLLC, John Spragens. All counsel are in agreement that, with the uncertainty continuing to exist due to the COVID-19 pandemic, it would be difficult to set a meaningful trial schedule in this matter.

2.    All counsel agree that a thirty (30) day continuance of the pretrial conference is in the best interest of all parties and best promotes judicial economy.

3.      Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for April 21, 2020 at 1:00 p.m. be continued to May 19, 2020.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 14th day of April, 2020.


/s/ Phillip G. Young, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for April

21, 2020 is hereby continued until _____, 2020 at _____ __.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

<div style="border:1px solid black; padding:10px; text-align:center">

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

</div>

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/15/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for April

21, 2020 is hereby continued until ___May 19_____, 2020 at ___10:15___ _a_.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> ## THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
> ## INDICATED AT THE TOP OF THE FIRST PAGE

hearing will take place telephonically (Phone number 888-363-4749 Access Code 7250422 ) pursuant to Judge
Walker's CH7 & 11 Tuesday Docket Procedures after March 25, 2020 located on the Court's website at: http://
www.tnmb.uscourts.gov/coronavirus-disease-covid-19-information-relating-court-operations-intake-department-
closed-public

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

```
                    United States Bankruptcy Court
                    Middle District of Tennessee
```

Burton,
        Plaintiff                                    Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
        Defendant

# CERTIFICATE OF NOTICE

```
District/off: 0650-3        User: anm0611         Page 1 of 1          Date Rcvd: Apr 15, 2020
                            Form ID: pdf001        Total Noticed: 1
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 17, 2020.
   NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla          +E-mail/Text: jeanne.burton@comcast.net Apr 16 2020 02:40:36     Jeanne Ann Burton,
               95 White Bridge Road, Ste 512,   Nashville, TN 37205-1490
                                                                             TOTAL: 1

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 15, 2020 at the address(es) listed below:
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant     Hagh Law PLLC cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant     Hagh Law PLLC grose@bassberry.com,
           bankr@bassberry.com
          JOHN TATE SPRAGENS    on behalf of Defendant    Manookian PLLC JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant     Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                                             TOTAL: 8
```


Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/15/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

### ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for April

21, 2020 is hereby continued until ___May 19___, 2020 at _10:15_ _a_.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

hearing will take place telephonically (Phone number 888-363-4749 Access Code 7250422 ) pursuant to Judge Walker's CH7 & 11 Tuesday Docket Procedures after March 25, 2020 located on the Court's website at: http://www.tnmb.uscourts.gov/coronavirus-disease-covid-19-information-relating-court-operations-intake-department-closed-public

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

---

**FOURTH MOTION TO CONTINUE PRETRIAL CONFERENCE**

---

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference scheduled in this matter to June 30, 2020. Presently, the pretrial conference is scheduled for May 19, 2020 at 10:00 a.m. As grounds for this Motion, the Trustee states that:

1.    Trustee's special counsel has conferred with counsel for Afsoon Hagh and Hagh Law, PLLC, Craig Gabbert, and with counsel for Manookian, PLLC, John Spragens. All counsel are in agreement that, with the uncertainty continuing to exist due to the COVID-19 pandemic (and, more specifically, the continued unavailability of in-person depositions), it would be difficult to set a meaningful trial schedule in this matter.

2.    All counsel agree that a continuance of the pretrial conference is in the best interest of all parties and best promotes judicial economy.

3.      Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for May 19, 2020 at 10:00 a.m. be continued to June 30, 2020.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 15th day of May, 2020.


/s/ Phillip G. Young, Jr.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for May 19, 2020 is hereby continued until _____, 2020 at _____ __.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/18/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for May

19, 2020 is hereby continued until ___June 30___, 2020 at _10:15_ _a_.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

United States Bankruptcy Court
Middle District of Tennessee

Burton,
     Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
     Defendant

## CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: anm0611 | Page 1 of 1 | Date Rcvd: May 18, 2020 |
|---|---|---|---|
| | Form ID: pdf001 | Total Noticed: 2 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 20, 2020.
```
dft            +Afsoon Hagh,   45 Music Square W,   Nashville, TN 37203-3205
dft            +Hagh Law PLLC,   c/o Afsoon Hagh, Managing Member,   45 Music Square W,
                Nashville, TN 37203-3205
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2020              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 18, 2020 at the address(es) listed below:
```
          CRAIG VERNON GABBERT, JR    on behalf of Defendant    Hagh Law PLLC cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          CRAIG VERNON GABBERT, JR    on behalf of Defendant Afsoon   Hagh cgabbert@bassberry.com,
           bankr@bassberry.com;delores.walker@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant Afsoon   Hagh grose@bassberry.com,  bankr@bassberry.com
          GLENN BENTON ROSE   on behalf of Defendant    Hagh Law PLLC grose@bassberry.com,
           bankr@bassberry.com
          JOHN TATE SPRAGENS    on behalf of Defendant    Manookian PLLC JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant Afsoon   Hagh JOHN@SPRAGENSLAW.COM
          JOHN TATE SPRAGENS    on behalf of Defendant    Hagh Law PLLC JOHN@SPRAGENSLAW.COM
          PHILLIP G YOUNG    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                                          TOTAL: 8
```

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/18/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for May 19, 2020 is hereby continued until __June 30__, 2020 at __10:15__ __a__.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:


 /s/ Phillip G. Young, Jr.
 Phillip G. Young, Jr.
 Thompson Burton PLLC
 6100 Tower Circle, Suite 200
 Franklin, TN 37067
 Tel: (615) 465-6000
 phillip@thompsonburton.com

 Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                                    )
                                          )
CUMMINGS MANOOKIAN, PLLC,                 )    **Case No. 3:19-bk-07235**
    Debtor.            )    **Chapter 7**
                                          )    **Judge Walker**
JEANNE ANN BURTON, TRUSTEE,               )
    Plaintiff,         )
                                          )
v.                                        )
                                          )
HAGH LAW, PLLC; AFSOON HAGH;              )
MANOOKIAN, PLLC; and FIRST-               )
CITIZENS BANK & TRUST                     )
COMPANY,                                  )
    Defendants.        )
                                          )    **Adv. Proc. No. 3:20-ap-90002**

---

## FIFTH MOTION TO CONTINUE PRETRIAL CONFERENCE

---

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference scheduled in this matter to August 18, 2020. Presently, the pretrial conference is scheduled for May 19, 2020 at 10:15 a.m. As grounds for this Motion, the Trustee states that:

1.  Trustee's special counsel has conferred with counsel for Afsoon Hagh and Hagh Law, PLLC, Craig Gabbert, and with counsel for Manookian, PLLC, John Spragens. All counsel are in agreement that, with the uncertainty continuing to exist due to the COVID-19 pandemic (and, more specifically, the continued unavailability of in-person depositions), it would be difficult to set a meaningful trial schedule in this matter. Additionally, opposing counsel have had some unforeseen conflicts arise with the currently scheduled hearing.

2.    All counsel agree that a continuance of the pretrial conference is in the best interest of all parties and best promotes judicial economy.

3.    Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for June 30, 2020 at 10:15 a.m. be continued to August 18, 2020.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 29th day of June, 2020.


/s/ Phillip G. Young, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for June

30, 2020 is hereby continued until _____, 2020 at _____ __.m. in Courtroom

Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 6/29/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

### ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for June

30, 2020 is hereby continued until ___AUGUST 18___, 2020 at ___10:15 A.M.___.m. in ~~Courtroom~~

~~Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.~~ via AT&T telephonic

hearing by calling, 888-363-4749, Access Code 7250422#.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Burton,
     Plaintiff                                               Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
     Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3       User: anm0611         Page 1 of 1                 Date Rcvd: Jun 29, 2020
                          Form ID: pdf001       Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 01, 2020.
dft        +Afsoon Hagh,   45 Music Square W,   Nashville, TN 37203-3205
dft        +Hagh Law PLLC,   c/o Afsoon Hagh, Managing Member,   45 Music Square W,
         Nashville, TN 37203-3205
dft        +Manookian PLLC,   c/o Brian Manookian, Managing Member,   45 Music Square W,
         Nashville, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                       TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2020                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 29, 2020 at the address(es) listed below:
       CRAIG VERNON GABBERT, JR   on behalf of Defendant Afsoon  Hagh cgabbert@bassberry.com,
       bankr@bassberry.com;delores.walker@bassberry.com
       CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
       bankr@bassberry.com;delores.walker@bassberry.com
       GLENN BENTON ROSE   on behalf of Defendant Afsoon  Hagh grose@bassberry.com,  bankr@bassberry.com
       GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
       bankr@bassberry.com
       JOHN TATE SPRAGENS   on behalf of Defendant   Manookian PLLC JOHN@SPRAGENSLAW.COM,
       4950469420@filings.docketbird.com
       JOHN TATE SPRAGENS   on behalf of Defendant Afsoon  Hagh JOHN@SPRAGENSLAW.COM,
       4950469420@filings.docketbird.com
       JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM,
       4950469420@filings.docketbird.com
       PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                      TOTAL: 8

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 6/29/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER GRANTING MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for June

30, 2020 is hereby continued until ____AUGUST 18____, 2020 at ___10:15 A.M.__.m. in ~~Courtroom~~

~~Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.~~ via AT&T telephonic

hearing by calling, 888-363-4749, Access Code 7250422#.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:


 /s/ Phillip G. Young, Jr.
 Phillip G. Young, Jr.
 Thompson Burton PLLC
 6100 Tower Circle, Suite 200
 Franklin, TN 37067
 Tel: (615) 465-6000
 phillip@thompsonburton.com

 Special Counsel to Jeanne Ann Burton, Trustee

2

```
This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT PRETRIAL STATEMENT

Plaintiff, Jeanne Ann Burton, chapter 7 trustee herein ("Plaintiff" or "Trustee"), and Hagh Law, PLLC, Afsoon Hagh, and Manookian, PLLC ("Defendants")[1] respectfully submit this Joint Pretrial Statement, pursuant to Fed.R.Civ. Pro. ("Rule") 16 and the Preliminary Pretrial Order entered by the Court on January 15, 2020, applicable to this adversary proceeding.

## I.

## PLAINTIFF'S STATEMENT OF THE CASE

The Defendants in this matter are attempting to play a shell game to defraud this Court and the creditors of Cummings Manookian, PLC (the "Debtor"). The Debtor was a law firm formed in 2015 by attorneys Brian Cummings ("Cummings") and Brian Manookian ("Manookian"). The Debtor specialized in representing plaintiffs in personal injury and medical malpractice cases. Cummings and Manookian were the only partners of the Debtor, though

---

[1] Defendant First-Citizens Bank & Trust Company has been dismissed from this action.

Manookian's wife, Defendant Afsoon Hagh ("Hagh"), an attorney who also specialized in personal injury cases, would assist on cases from time to time. In September 2018, Cummings withdrew from the Debtor. Shortly thereafter, in December 2018, Manookian was suspended from the practice of law.

Upon the withdrawal of Cummings and the suspension of Manookian from the practice of law, Hagh continued representing clients of the Debtor in pending cases. She signed pleadings on behalf of the Debtor's clients as a representative of the Debtor; she continued working from the Debtor's offices; she continued utilizing the Debtor's computers, files and equipment; and she continued using the Debtor's email addresses, telephone number, and physical address.

In March 2019, with creditors beginning to circle the Debtor, Hagh formed a new entity, Hagh Law, PLLC ("Hagh Law"). However, the only thing that changed at that juncture was the firm designation on her signature block. She continued representing clients of the Debtor, and she continued using the Debtor's offices, computers, files and equipment, all without compensating the Debtor. Similarly, when Manookian's law license was reinstated, he formed Manookian, PLLC ("Manookian PLLC"). Like Hagh Law, Manookian PLLC provided services to the Debtor's clients, operated from the Debtor's offices, utilized the Debtor's computers, files and equipment, and continued to use the Debtor's email addresses, telephone numbers and physical address. Manookian PLLC did not compensate the Debtor for its use of the Debtor's property.

This scheme came to light when, in August 2019, Hagh and/or Manookian settled the *Fitzgerald v. Osborn* case for just over $4,000,000. Pursuant to an engagement letter between the Fitzgeralds and the Debtor, the Debtor was entitled to receive $1,350,000 in fees. However, Manookian and Hagh directed the Defendant's counsel to pay all fees to Hagh Law, claiming that the Debtor had no legal interest in the fees. The Receiver over the Debtor's business was

2

successful in getting an order restraining the distribution of the fees to Hagh Law. Later, an agreed order was entered in the state court matter allowing Hagh Law a partial distribution of the fees, but requiring it to hold $760,000 in an IOLTA account. Hagh Law violated that order by moving the funds into a regular checking account, at which time the state court ordered Hagh Law to deposit the $760,000 with the court. Hagh Law also violated that court order and never deposited the funds. Ultimately, $715,000 of the *Fitzgerald* fees were deposited with this Court by Hagh Law's depository institution, upon an order of this Court.

The Defendants are attempting to convert the Debtor's accounts receivable, intellectual property, and other property without any compensation to the Debtor or its creditors. They essentially seek to raid the coffers of the Debtor, while leaving the creditors to look to an insolvent corporate shell. The complaint alleges causes of action for conversion, fraudulent transfer (both under state law and the Bankruptcy Code), tortious interference with contract, successor liability / alter ego, turnover and declaratory judgment. The Trustee expects this to be a very fact-intensive matter that will likely require several depositions, written discovery, and subpoenas to third parties. However, the full extent of discovery is unknown at this time because the Debtor has failed to turn over certain documents to the Trustee, which is the subject of a pending motion to compel. The full extent of necessary discovery may be unknown until the Trustee is given full access to the Debtor's documents and records.

3

## II.

### DEFENDANTS HAGH LAW, PLLC AND AFSOON HAGH'S
### STATEMENT OF THE CASE

CM's right to conduct business ceased on the date that Brian Manookian, its sole remaining member, had his licensed suspended. Contrary to the position of the Trustee, no one could continue to conduct any business on CM's behalf after that date. Tennessee's limited liability acts expressly provide that when there is no remaining member of a PLLC, it is deemed to be dissolved, and upon dissolution, it must cease all business operations and can thereafter simply wind up its affairs.

The proof will show that at the point in time of its forced dissolution, CM's only "property" were the contract rights available to it under CM's engagement letters with its clients. The engagement letters at issue in this litigation plainly provide that if CM withdraws from the engagement, then the client only owes CM for any costs advanced. CM had no right to sell its clients or demand consideration beyond reimbursement of costs advanced. For this reason, all of the Trustee's claims fail. No one has interfered with CM's right to recover costs advanced – those still exist. Furthermore, given that Hagh was never a member of CM, there is absolutely no basis to argue that she or Hagh Law are the "alter-ego" or a "mere continuation" of CM. Finally, all of the Trustee's avoidance claims fail because no property of CM was transferred to anyone.

## III.

### DEFENDANT MANOOKIAN PLLC'S STATEMENT OF THE CASE

Manookian PLLC adopts the statement of Afsoon Hagh and Hagh Law, PLLC. Additionally, the proof will show that Manookian PLLC ("MP") has never received any fee in any case in which Cummings Manookian participated. MP has never received or made use of any property belonging to Cummings Manookian. MP is not an appropriate defendant in this

matter, and the Trustee lacks the slightest shred of legal or factual bases to have made her unsupported and unsworn allegations against MP.

If not voluntarily dismissed, MP anticipates filing and prevailing on a Motion for Summary Judgment precisely because no person can offer sworn testimony that supports the Trustee's allegations. The Trustee is wholly unable to identify any specific item, asset, payment, or service received by MP that belongs to Cummings Manookian. Indeed, that is the reason why the allegations against MP are so broad and non-specific. For example, the Trustee alleges that MP has improperly converted Cummings Manookian's "intellectual property" without ever identifying what that intellectual property consists of. The Trustee's other allegations against MP are equally unfounded and incapable of both the specificity and sworn support required to actually maintain an action. MP believes it was named as a Defendant in this matter solely to harass, intimidate, and cause needless expense by Trustee's Counsel, Phillip Young, who holds significant personal animus against Brian Manookian for opposing a fee application Mr. Young is currently pursuing in State Court, adversely to Cummings Manookian, in which Mr. Young seeks to be paid roughly $70,000 of Cummings Manookian fees while simultaneously serving as Counsel to the Trustee in Cummings Manookian's bankruptcy matter.

## IV.

## JOINT STATEMENT OF UNCONTESTED FACTS

1.    Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the Estate of Cummings Manookian, PLC[2] (the "Debtor" or "CM").

2.    The Trustee brought the Complaint in her capacity as trustee, on behalf of the Debtor, for its claims against Defendants.

---

[2] The Debtor is incorrectly named "Cummings Manookian, PLLC" in the petition.

5

3.     CM was a law firm founded by Brian Cummings and Brian Manookian ("Manookian") in 2015 that specialized in representing plaintiffs in personal injury and medical malpractice cases.

4.     In September 2018, Brian Cummings withdrew from CM.

5.     Subsequently, on December 2018, Brian Manookian's law license was temporarily suspended by the Tennessee Board of Professional Responsibility.

6.     After the withdrawal of Brian Cummings from CM, Mr. Cummings took over as primary counsel of record (through his new law firm) on certain CM matters.

7.     Mr. Cummings and another attorney, Mark Hammervold, assisted with the completion of a number of CM case files.

8.     Mr. Cummings, Mr. Hammervold and CM reached an agreement concerning the division of fees between CM and these other attorneys.

9.     CM received a portion of the fees of each such CM case.

10.     Afsoon Hagh ("Hagh") is a licensed attorney and the wife of Manookian.

11.     From December 2018 through at least March 2019, Hagh filed pleadings, under the firm name of CM, in certain cases.  For example, in the case of *Fitzgerald v. Osborne*, Williamson County Circuit Court Case No. 2018-CV-311 (the "Fitzgerald Case"), Hagh filed pleadings under the firm designation of CM through February 2019, then filed more pleadings with no firm designation but using a CM email address in March 2019.

12.     In the Fitzgerald Case, Brian Manookian filed a motion to withdraw as counsel of record on December 13, 2018.

6

13.     The motion to withdraw filed by Brian Manookian specifically stated, "Afsoon Hagh continues to represent the Plaintiffs".  That motion was signed by Brian Manookian, but included Afsoon Hagh's name, as attorneys for Cummings Manookian.

14.     On March 25, 2019, Afsoon Hagh formed Hagh Law PLLC ("Hagh Law") with the Tennessee Secretary of State.  The information filed with the Secretary of State shows that Hagh Law had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

15.     Sometime after March 25, 2019, Hagh began filing pleadings in the Fitzgerald Case and certain other CM cases with a signature block of "Hagh Law PLLC".

16.     On January 14, 2019, Brian Manookian formed Manookian PLLC with the Tennessee Secretary of State, with a delayed effective date of February 1, 2019.  The information filed with the Secretary of State shows that Manookian PLLC had one member and its principal place of business was listed as "45 Music SQ W, Nashville, TN 37203 (the same address as the office of CM).

17.     Sometime after May 17, 2019, after Brian Manookian's law license had been reinstated, Manookian began filing pleadings and/or taking depositions in the Fitzgerald Case and certain other CM cases with a signature block of "Manookian PLLC".

18.     Manookian filed no notice of substitution of counsel, nor did he file any notice of address changes in any of the CM cases in which he was continuing to provide services.

19.     On April 25, 2019, Dean Chase, Sandra Chase and D.F. Chase, Inc. (the "Chase Plaintiffs") filed a motion (the "Receivership Motion") in the Williamson County Circuit Court asking the court to appoint a receiver to assist the Chase Plaintiffs in collecting a $750,000 sanctions award rendered jointly and severally against Brian Manookian, Mark Hammervold, CM

7

and Hammervold PLC. In the Receivership Motion, the Chase Plaintiffs asked the court to appoint a receiver for the purpose of levying on choses in action belonging to CM and Hammervold PLC.

20. On June 20, 2019, the Williamson County Circuit Court granted the Receivership Motion and entered an order (the "Receivership Order") appointing Phillip G. Young (the "Receiver") as receiver for the purposes of collecting the CM and Hammervold PLC choses in action. Among the powers granted by the court to the Receiver was: "The right to file notices of attorney'*[sic]* liens in any pending lawsuits and to collect payment of any amounts due Cummings Manookian and/or Hammervold PLC, their agents, assignees and assigns, from any pending litigation and to deposit same in a trust account established by the receiver and held for said purposes related to the scope of the receivership. . . ."

21. The Receiver filed attorneys' liens in the cases listed in Paragraph 23 of the Complaint (the "CM Cases").

22. The Receiver represents he has received from Brian Cummings CM's portion of fees and expenses in the *Thompson v. Sidrys* case, plus CM's portion of fees and expenses in two cases that settled prior to the Receiver's filing of attorneys' liens (*Hanna* and *Long*). The Trustee states he has received from Brian Cummings CM's portion of fees and expenses in the *Ruffino v. Archer* case.[3]

23. Neither Brian Cummings' new law firm nor Mark Hammervold's law firm participated with CM in the representation of the *Fitzgerald* plaintiffs.

24. Pursuant to the non-confidential settlement agreement, the defendant in the Fitzgerald case agreed to pay the plaintiffs $4,050,000.00 to settle the matter.

---

[3] The Trustee received one-third of the feed in the *Ruffino* case plus one-half of the expense reimbursement in that case. The Trustee has reserved all rights regarding whether CM is entitled to more than one-half of the expenses in that case, pending further investigation by the Trustee.

8

25.     Brian Manookian, as counsel for Hagh Law, argued, among other things, that CM was entitled to no fees in the Fitzgerald Case for two reasons: (1) because the engagement agreement between CM and the plaintiffs did not allegedly allow CM to receive any fees if it withdrew from representation; and (2) Brian Manookian, on behalf of CM, allegedly sent a letter to the plaintiffs on December 7, 2018 in which CM withdrew from representing the plaintiffs and disclaimed any rights to fees.

26.     From March 2019 through the settlement of the Fitzgerald Case in August 2019, Hagh filed pleadings and/or made appearances through her new firm, Hagh Law, and Manookian filed pleadings and/or made appearances through his new firm, Manookian PLLC.

27.     The Receiver sought, ex parte, and was granted a temporary restraining order on August 23, 2019 (the "First TRO").

28.     The First TRO prevented the defendant in the Fitzgerald Case from delivering any attorneys' fees to Hagh Law.

29.     Manookian and the Receiver entered into an Agreed Order Regarding Temporary Restraining Order (the "Agreed Order") on August 29, 2019.

30.     Pursuant to the terms of the Agreed Order, Hagh Law was ordered to hold $760,000 (the "Trust Funds") in an IOLTA trust account pending the Receiver's and/or the court's determination of the ownership of the Trust Funds; the remaining attorneys' fees from the Fitzgerald Case (totaling approximately $590,000) were released to Hagh Law.

31.     The Receiver later filed a motion asking the court to order that the Trust Funds be paid into the Williamson County Circuit Court.

9

32. On November 8, 2019, Manookian withdrew as counsel for both Hagh and Hagh Law in the Williamson County Circuit Court action, citing a new suspension of his license by the Board of Professional Responsibility.

33. The Williamson County Circuit Court entered an Order Directing Hagh Law PLLC to Deposit Funds into Court on November 12, 2019. Pursuant to the terms of that order, Hagh Law was required to deposit the Trust Funds with the clerk of the Williamson Court Circuit Court by no later than noon on November 12, 2019.

34. The Trust Funds had not been deposited with the court as of November 18, 2019.

35. The Receiver sought and was granted a temporary restraining order (the "Second TRO") on November 18, 2019. Pursuant to the terms of the Second TRO, Afsoon Hagh, Hagh Law and First Citizens were each restrained from moving the Trust Funds or allowing the Trust Funds to be moved, pending further order of the court.

36. On December 10, 2019, the Williamson County Circuit Court held a hearing on the Receiver's request to enjoin the disposition of the Trust Funds. On December 13, 2019, the court entered a Temporary Injunction (the "Injunction") in which it enjoined Hagh, Hagh Law and/or First Citizens from transferring $715,000 of the Trust Funds until January 17, 2020 absent a further order of a court of competent jurisdiction.

37. Both CM and Manookian PLLC were, or are still, 100% owned by Brian Manookian.

38. According to the schedules and claims filed in this bankruptcy, CM has over $1,000,000 in liabilities but only $70,000 in assets.

10

## V.

## JOINT STATEMENT OF CONTESTED FACTS

39.     Whether all CM files were outsourced to other counsel after December 2018.

40.     Whether CM continued providing legal services to some existing clients until at least March 2019, through Afsoon Hagh.

41.     Whether Hagh provided legal services to CM on certain cases after December 2018.

42.     Whether Afsoon Hagh, doing business as Hagh Law, continued utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.

43.     What property, if any, did CM own at the time of Manookian's suspension of practice in December 2018?

44.     Whether any property of CM was transferred to defendants.

45.     Whether Afsoon Hagh or Hagh Law compensated CM for use of CM's property or client files.

46.     Whether Manookian PLLC began utilizing CM's office space, CM's furnishings and equipment, CM's telephone numbers and email addresses, all to work on CM's client files.

47.     Whether Manookian PLLC compensated CM for use of CM's property or client files.

48.     Whether the Fitzgerald Case settled on August 19, 2019.

49.     Whether, according to the engagement agreement between the plaintiffs and CM dated May 23, 2018, CM was to receive one-third of the fees from the settlement of the Fitzgerald Case.

11

50.     Whether, based upon the settlement amount and the engagement agreement, CM was entitled to receive $1,350,000.00 in fees from the Fitzgerald Case.

51.     Whether the Receiver made demand on the defendant's counsel in the Fitzgerald case to remit $1,350,000.00 to the Receiver, and whether the defendant's counsel refused, stating that Brian Manookian had directed him to remit the funds to Hagh Law PLLC.

52.     Whether the engagement agreement between CM and the Fitzgerald plaintiffs specified that CM was entitled to no attorneys' fees if CM withdrew from representation.

53.     Whether CM waived its rights to attorney fees in the Fitzgerald Case to allow the plaintiffs to retain new counsel in the case after Manookian had been suspended by the Board of Professional Responsibility.

54.     Whether CM ever formally withdrew as counsel in the Fitzgerald Case, and whether it kept representing the plaintiffs through attorney Afsoon Hagh.

55.     Whether, in October 2019, Brian Manookian, as counsel for Hagh Law, informed the Receiver that the Trust Funds had been moved from Hagh Law's IOLTA trust account to a regular checking account in the name of "Afsoon Hagh d/b/a Hagh Law PLLC".

56.     Whether, without leave of court, Hagh and/or Manookian transferred the Trust Funds out of the Hagh Law IOLTA trust account.

57.     Whether Hagh and/or Manookian were instructed by the Board of Professional Responsibility that it was unethical for Hagh Law to continue holding the Trust Funds in its trust account.

58.     Whether the Williamson County Circuit Court issued an oral ruling on November 5, 2019 requiring Afsoon Hagh and/or Hagh Law to deposit the Trust Funds with the clerk of the Williamson County Circuit Court by noon on November 12, 2019.

12

59.     Whether, on November 5, 2019, Brian Manookian, as counsel for Hagh and Hagh Law, informed the court's assistant that he planned to submit a competing order prior to November 12, 2019.

60.     Whether Afsoon Hagh, Hagh Law and/or Manookian PLLC have taken leased premises, furniture, equipment, intellectual property, attorneys' fees, and reimbursement of costs (the "Property") in excess of $1,350,000, and exercised control over that property to the exclusion of CM.

61.     Whether Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully took the Property of CM in an attempt to hinder, delay and defraud creditors of CM.

62.     Whether Afsoon Hagh, Hagh Law and/or Manookian PLLC received substantial Property of CM without giving reasonably equivalent value, and such transfers caused or were during the insolvency of CM, rendered CM insolvent or unable to pay its debts when due, or were taken when CM was engaged in or about to be engaged in transactions for which CM had unreasonably small capital.

63.     Whether Afsoon Hagh, Hagh Law and/or Manookian PLLC received other transfers from CM for the purposes of hindering, delaying, and defrauding creditors.

64.     Whether, at all relevant times, creditors of CM existed who had the right to assert a claim for fraudulent transfer or avoidance based on such transfers.

65.     Whether Afsoon Hagh, Hagh Law and/or Manookian PLLC received transfers of property which belonged to CM (including the Property described in the Complaint), whether Afsoon Hagh,  Hagh Law and/or Manookian PLLC received such transfers as initial, mediate, or intermediate transferees.

13

66.     Whether Afsoon Hagh and/or Hagh Law had actual knowledge of the engagement agreement between the Fitzgerald Case plaintiffs and CM, intended to interfere with CM's contractual rights pursuant to that engagement agreement, and actually interfered with CM's contractual rights by coercing the Fitzgerald Case defendants from remitting to CM $1,350,000 in attorneys' fees.

67.     Whether Afsoon Hagh and Hagh Law's interference with CM's contract with the Fitzgerald Case plaintiffs continues.

68.     Whether CM and the Trustee have been denied access to $1,350,000 in attorneys' fees to which CM is entitled to recover.

69.     Whether many of the clients and vendors of CM are the same or are vastly similar to the clients and vendors of Hagh Law and Manookian PLLC.

70.     Whether Brian Manookian held 100% of the membership interests of CM, and whether he and Afsoon Hagh were the only attorneys who rendered services on behalf of CM after September 2018.

71.     Whether Brian Manookian is also the 100% owner of the membership interests of Manookian PLLC and whether Afsoon Hagh is the 100% owner of the membership interests of Hagh Law.

72.     Whether Hagh Law and/or Manookian PLLC provide services to many of the same clients as CM and use the same vendors as CM.

73.     Whether Hagh Law and/or Manookian PLLC occupy the same leased real estate as CM (without a new lease), utilize the same computers and equipment as CM, and utilize some of the same telephone numbers as CM.

14

74.     Whether any funds were transferred to CM as compensation for the transfer of any of these assets, and whether funds have been diverted from CM to Hagh Law.

75.     Whether Hagh Law and/or Manookian PLLC provide the exact same services as CM, and to many of the same clients.

76.     Whether, for several months, Afsoon Hagh was the only practicing attorney who represented CM's clients and whether Afsoon Hagh continues representing CM's clients through Hagh Law.

77.     Whether Brian Manookian and/or Afsoon Hagh made all decisions regarding the transfer or use of CM's assets, the creation of Hagh Law and Manookian PLLC, and the filing of CM's bankruptcy petition.

78.     Whether Brian Manookian, the 100% owner of CM, represented Hagh Law in diverting and instructing third parties to divert attorneys' fees owing CM to Hagh Law and/or Afsoon Hagh.

79.     Whether, due to the transfer of over $1,000,000 in CM's accounts receivable to Hagh Law and/or Afsoon Hagh, CM could not pay its debts as they came due.

80.     Whether Brian Manookian, Afsoon Hagh, Hagh Law and/or Manookian, PLLC sought to shift any valuable assets away from CM and leave all debt in the corporate shell of CM, in an attempt to hinder, delay, and defraud CM's creditors.

## VI.

### JOINT STATEMENT OF CONTESTED LEGAL ISSUES

81.     Whether his Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

82.     Whether this adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

15

83.     Whether, as a matter of law, CM was able to conduct business after the date on which the suspension of Manookian became effective.

84.     Whether CM was dissolved as of the date Manookian was suspended from practice?

85.     Whether CM was authorized to conduct any on-going business after the date Manookian was suspended from practice.

86.     Whether CM had any right after the date Manookian was suspended to sell or obtain value for its previously existing client relationships.

87.     Whether Hagh was required to file a notice substitution of counsel or notice of address changes in any of the CM cases in which she was continuing to provide services.

88.     Whether Afsoon Hagh or Hagh Law were legally required to compensate CM for use of CM's property or client files.

89.     Whether Manookian PLLC was required to file a notice substitution of counsel or notice of address changes in any of the CM cases in which Manookian was continuing to provide services.

90.     Whether Manookian PLLC was legally required to compensate CM for use of CM's property or client files.

91.     Whether the Plaintiff has any right to collect amounts owed to CM beyond any rights that existed as of December 2018.

92.     Whether CM is entitled to any compensation other than the cost advances in the CM Cases.

93.     Whether funds from the settlement of the Fitzgerald Case that have been released to Hagh Law were, in fact, fees earned by CM.

16

94.     Whether Afsoon Hagh, Hagh Law and/or Manookian PLLC wrongfully appropriated property of CM, exercised control over that property, and committed the tort of conversion.

95.     Whether the Trustee is entitled to exemplary and punitive damages for conversion.

96.     Whether Afsoon Hagh, Hagh Law and Manookian PLLC wrongfully took the Property of CM in an attempt to hinder, delay and defraud creditors of CM.

97.     Whether the Trustee, on behalf of CM, is entitled to avoid, and recover back, all such fraudulent transfers, pursuant to, among other things, Tennessee's law against fraudulent conveyances, T.C.A. § 66-3-101, *et seq.*, and Tennessee's codification of the Uniform Fraudulent Transfers Act, T.C.A. § 66-3-301, *et seq.*, which include strong-arm provisions of the Trustee pursuant to 11 U.S.C. § 544(b).

98.     Whether Plaintiff is entitled to avoid, and recover back, on behalf of CM, all such fraudulent transfers, pursuant to, among other things, the United States Bankruptcy Code's Section prohibiting fraudulent transfers, 11 U.S.C. § 548.

99.     Whether, pursuant to 11 U.S.C. §§ 550 and 551, Plaintiff is entitled to recover back the avoided property or the value thereof, and such avoidances are recovered for the benefit of the estate, and whether the Trustee is further entitled to recover pre- and post-judgment interest, attorneys' fees, and the costs of this action.

100.    Whether CM had a binding contractual relationship with the plaintiffs in the Fitzgerald Case based upon an engagement agreement with the plaintiffs in which CM agreed to represent the plaintiffs in the Fitzgerald Case in exchange for one-third of the monetary recovery.

101.    Whether Afsoon Hagh and Hagh Law's alleged interference with the contract between CM and the Fitzgerald Case plaintiffs is improper and, whether, as a result, the Plaintiff,

17

on behalf of CM, has incurred damages in an amount of $1,350,000, plus pre- and post-judgment interest, attorneys' fees and the costs of this action.

102.     Whether Hagh Law, Manookian PLLC and CM are all one and the same entity, and Hagh Law and/or Manookian PLLC are a mere continuation of CM.

103.     Whether Plaintiff is entitled to a judgment against Hagh Law and Manookian PLLC, jointly and severally, in the full amount of the indebtedness owed by CM, plus all attorneys' fees and costs incurred by the Trustee and the estate for the pursuit of this action, because Hagh Law and Manookian PLLC are nothing more than a mere continuation and alter ego of CM.

104.     Whether Plaintiff is entitled to turnover of $715,000 held by the Clerk of this Court pursuant to 11 U.S.C. §542.

105.     Whether Plaintiff is entitled to the turnover of an additional $635,000 from Hagh Law and/or Afsoon Hagh pursuant to 11 U.S.C. §542.

106.     Whether CM has a contractual and/or equitable right to payment of fees from the Fitzgerald Case in the amount of $1,350,000.

107.     Whether, pursuant to 11 U.S.C. §541 and Rule 7001 of the Rules of Bankruptcy Procedure, the Court can determine the extent of the estate's interest in property.

108.     Whether CM has a legal and/or equitable interest in the attorneys' fees generated by each of the CM Cases, listed in the Complaint.

109.     Whether the Court should determine the extent of CM's portion of the fees and expenses generated by each of the CM cases.

110.     Whether the Court should find that this estate, and not Afsoon Hagh, Hagh Law or Manookian PLLC, is entitled to receive CM's portion of fees.

18

RESPECTFULLY SUBMITTED:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6008
Email: phillip@thompsonburton.com

Special Counsel for Plaintiff

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Glenn B. Rose
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
Tel: (615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

Attorneys for Defendants Afsoon Hagh and Hagh
Law, PLLC

/s/ John Spragens
John Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.com

Attorneys for Defendant Manookian PLLC

19

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a pretrial conference on August 18, 2020; and

appearances at the pretrial conference having been made by Phillip G. Young on behalf of the

Trustee, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of Manookian, PLLC; and based upon the statements of counsel at the pretrial conference;

IT IS HEREBY ORDERED that the pretrial conference in this matter is hereby continued until _____, 2021 at _____ __.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

```
┌─────────────────────────────────────────────────────────────┐
│       THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS     │
│           INDICATED AT THE TOP OF THE FIRST PAGE              │
└─────────────────────────────────────────────────────────────┘
```

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/19/2020



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a pretrial conference on August 18, 2020; and

appearances at the pretrial conference having been made by Phillip G. Young on behalf of the

Trustee, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of Manookian, PLLC; and based upon the statements of counsel at the pretrial conference;

IT IS HEREBY ORDERED that the pretrial conference in this matter is hereby continued until January 12, 2021 at 10:15 a.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE
### Case No. <u>3:20−ap−90002</u>
### Adversary Case

Related Bankruptcy Proceeding No.: 3:19−bk−07235

Plaintiff : Jeanne Ann Burton

   vs

Defendant : Hagh Law PLLC

---

### CLERK'S REMARK

---

Clerk's Remark – The related document has the following defect(s): – The Notice located at Dkt. #44 is not an effective mechanism to extinguish the Default entered by the Clerk of Court. Such action can only be effectuated by motion practice.. (RE: related document(s)44 Notice of Withdrawal of Entry of Default Filed on the behalf of: Plaintiff Jeanne Ann Burton (RE: related document(s)36).) (lel)

Dated: <u>8/20/20</u>

                                      <u>TERESA C. AZAN</u>
                                      Court Clerk

United States Bankruptcy Court
Middle District of Tennessee

Burton,
     Plaintiff                                          Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,
     Defendant

# CERTIFICATE OF NOTICE

District/off: 0650-3      User: anm0611      Page 1 of 1      Date Rcvd: Aug 19, 2020
                            Form ID: pdf001      Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 21, 2020.
dft      +Afsoon Hagh,   45 Music Square W,   Nashville, TN 37203-3205
dft      +Hagh Law PLLC,   c/o Afsoon Hagh, Managing Member,   45 Music Square W,
          Nashville, TN 37203-3205
dft      +Manookian PLLC,   c/o Brian Manookian, Managing Member,   45 Music Square W,
          Nashville, TN 37203-3205

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
pla      +E-mail/Text: jeanne.burton@comcast.net Aug 20 2020 02:12:41    Jeanne Ann Burton,
          95 White Bridge Road, Ste 512,   Nashville, TN 37205-1490
                                                             TOTAL: 1

         ***** BYPASSED RECIPIENTS *****
NONE.                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2020                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 19, 2020 at the address(es) listed below:
        CRAIG VERNON GABBERT, JR   on behalf of Defendant   Hagh Law PLLC cgabbert@bassberry.com,
          bankr@bassberry.com;delores.walker@bassberry.com
        GLENN BENTON ROSE   on behalf of Defendant   Hagh Law PLLC grose@bassberry.com,
          bankr@bassberry.com
        JOHN TATE SPRAGENS   on behalf of Defendant   Hagh Law PLLC JOHN@SPRAGENSLAW.COM,
          4950469420@filings.docketbird.com
        PHILLIP G YOUNG   on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com
                                                    TOTAL: 4

Charles M. Walker
U.S. Bankruptcy Judge
    Dated: 8/19/2020



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
|     Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## ORDER CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a pretrial conference on August 18, 2020; and

appearances at the pretrial conference having been made by Phillip G. Young on behalf of the

Trustee, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of Manookian, PLLC; and based upon the statements of counsel at the pretrial conference;

IT IS HEREBY ORDERED that the pretrial conference in this matter is hereby continued until __January 12_____, 2021 at __10:15____ a.m. in Courtroom Two, Second Floor Customs House, 701 Broadway, Nashville, Tennessee.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |

---

## MOTION TO STAY ALL DISCOVERY

---

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to stay all discovery and discovery-related issues in this matter pending further order of this Court. As grounds for this Motion, the Trustee states that:

1.      Cummings Manookian, PLC (the "Debtor") filed a voluntary Chapter 7 Petition with this Court on November 6, 2019 (the "Petition Date"). The Trustee was appointed to serve as the Chapter 7 Trustee for the Debtor on the same day, and continues to serve in that regard.

2.      On January 8, 2020, the Trustee initiated this matter by filing her Complaint against Hagh Law, PLLC ("Hagh Law"), Afsoon Hagh ("Hagh"), Manookian, PLLC ("Manookian Law") and First-Citizens Bank & Trust Company (the "Bank").

3.      At the onset of this matter, the Trustee asked the Court to order the turnover of $715,000.00 being held by the Bank to the Clerk of the Court. These funds were disputed fees

from a case in which the Debtor had represented the plaintiffs, referred to in the Complaint as the "*Fitzgerald* case". The Court conducted a hearing on this matter and, on January 16, 2020, ordered the Bank to turnover the disputed funds to the Clerk for safekeeping. The Trustee dismissed the Complaint as to the Bank on January 28, 2020 after the Bank, pursuant to the Court's order, deposited $715,000.00 with the Clerk of the Bankruptcy Court.

4.      As to the three remaining Defendants, the Complaint alleges several causes of action including: conversion, state law fraudulent transfers, fraudulent transfers pursuant to 11 U.S.C. § 548, tortious interference with contract, successor liability and alter ego, turnover, and declaratory judgment.

5.      At the beginning stages of this case, in January 2020, counsel for Hagh and Hagh Law asked the Court to proceed with this case expeditiously. The Trustee agreed and, in compliance with that request, immediately sought documents from the Debtor's representative that were relevant to this adversary proceeding. The Trustee was forced to file a motion to compel responses to those requests and, even to this day, has not received adequate and appropriate responses. Further to the request that the Trustee proceed expeditiously, throughout 2020 the Trustee inquired of the Court regarding its preferences about conducting depositions. The Defendants consistently asked the Court to delay depositions of the Defendants due to (a) the pandemic or (b) the pending appeal of the Chase judgment (discussed more fully below).[1] The Trustee agreed to postpone the taking of all depositions, agreeing with the Court's health concerns; in fact, the only reason the Trustee sought to take depositions during 2020 was because the Defendants had insisted that this matter proceed as expeditiously as possible.

---

[1] Most recently, at a pretrial conference conducted by the Court on January 12, 2021, counsel for Hagh and Hagh Law reiterated their reluctance to participate in any depositions at this time.

6.     While depositions were held in abeyance, and in addition to her attempts to collect records from the Debtor's representative, the Trustee sent written discovery to the Defendants on November 24, 2020.  The Defendants responded to this written discovery between January 26, 2021 to January 28, 2021, after having requested additional time from the Trustee.  In addition to serving its responses, Defendant Manookian PLLC also served the Trustee with two sets of interrogatories and requests for production, in addition to 85 requests for admission.  The Trustee has provided responses to this written discovery.

7.     Meanwhile, in the main case, the claims bar date was set for April 1, 2020. As of the date of this Motion, the following claims have been filed in the Debtor's bankruptcy case:

| Claim No. | Claimant | Amount | Priority |
|:---------:|:--------:|:------:|:--------:|
| 1 | Insbank | $963,951.62 | Secured |
| 2 | Grant, Konvalinka & Harrison, P.C. | $295,305.27 | Unsecured |
| 3 | George Robertson, M.D. | $35,000.00 | Unsecured |
| 4 | Toby Smith, M.D. | $54,190.99 | Unsecured |
| 5 | Dean Chase et al. | $806,927.04 | Unsecured |
| 6 | Ronette Leal McCarthy, Esq. | $337,500.00 | Unsecured |

8.     While the Trustee has not completed a formal review of all of the claims filed in this case, few of these claims appear to be valid claims that will ultimately be payable by this estate.  For example:

- Claim No. 1, filed by Insbank, is based upon the Debtor's guaranty of a commercial mortgage. The commercial mortgage is secured by certain real estate that, upon information and belief, likely has equity over and beyond the amount of the indebtedness. Therefore, it seems unlikely that this will result in a valid claim against this estate.

- Claim No. 3, filed by George Robertson, M.D., appears to be a claim against Brian Manookian individually, and not one against the Debtor. As such, it seems unlikely this is a valid claim against this estate.

- Claim No. 4, filed by Toby Smith M.D., appears to be a claim against Brian Manookian individually, and not one against the Debtor. As such, it seems unlikely this is a valid claim against this estate.

- Claim No. 6, filed by Ronettee Leal McCarthy, appears to be a claim based upon an alleged oral agreement between the claimant and Brian Manookian to split the fees from the *Fitzgerald* case. Because oral agreements to share legal fees are unenforceable in the State of Tennessee, it seems unlikely that this is a valid claim against this estate.

9.  If the Trustee's initial impressions of these claims prove correct, that leaves only two potentially valid unsecured claims against this estate: Claim No. 2 filed by Grant, Konvalinka, & Harrison, P.C. (the "Grant Konvalinka Claim") and Claim No. 5 filed by Dean Chase et al. (the "Chase Claim"). The Grant Konvalinka Claim is based upon a default judgment entered against the Debtor and Brian Manookian, jointly and severally, in a Hamilton County court. Based upon the Trustee's initial review of the Grant Konvalinka Claim, it appears that this claim is likely allowable as an unsecured claim in the amount shown on the proof of claim.

10.     The Chase Claim is much more complex and has been the subject of much discussion before this Court.  As the Court may recall, the Chase Claim is based upon a judgment entered against the Debtor, Brian Manookian, and other third parties, jointly and severally, for sanctions exceeding $750,000 issued by a Williamson County court.  The judgment underlying the Chase Claim has been on appeal during the entire pendency of this bankruptcy matter.  In fact, the Court may recall that, on numerous occasions, counsel for one or more of the Defendants have asked the Court to slow down this adversary proceeding in order to allow the Tennessee Court of Appeals to issue a decision on this appeal.

11.     On February 4, 2021, the Tennessee Court of Appeals issued an opinion in which it vacated the Chase judgment and remanded it for rehearing by the Williamson County court.  A true and correct copy of that opinion is attached hereto as Exhibit A.  Based upon the Trustee's interpretation of this opinion, the Tennessee Court of Appeals did not overturn the sanctions judgment; rather, it vacated the judgment and ordered that a different judge determine what, if any, sanctions are appropriate.  In other words, this matter remains undecided despite the order from the appellate court.

12.     As a result of the Tennessee Court of Appeals decision, in the Trustee's view, the single largest unsecured claim against this estate has shifted from an "allowable claim" to a "contingent/unliquidated claim".  Until the Williamson County court conducts a new hearing in front of a different judge and issues a new judgment, it is unclear whether the Chase Claim will be disallowed, will be allowed at the original amount of $806,927.04, or will be allowed as some other amount between $0 and $806,927.04 (or perhaps a greater amount).

13.     The ultimate determination of the Chase Claim has a very significant impact, both practically and legally, on this adversary proceeding.  The Clerk of the Court is currently holding

$715,000.00 (a portion of the fees from the settlement of the *Fitzgerald* case) pending the outcome of this matter. If the Chase Claim is ultimately disallowed because the Williamson County court finds that no sanctions are appropriate (or if the court substantially reduces sanctions), and the Trustee's initial review of the other claims in this case proves accurate, then the total amount of unsecured claims in this case could total less than the amount being currently held by the Clerk. If this is the ultimate outcome, neither the Court nor the parties to this adversary proceeding need delve into any matter or allegation of the adversary proceeding other than whether the estate has a claim to the $715,000 being held by the Court from the *Fitzgerald* settlement.

14. If this adversary proceeding ultimately involves only the rights to the *Fitzgerald* fees, the scope of discovery, pretrial motions, and topics for trial will be significantly curtailed. The Trustee believes that a decision as to the legal and equitable rights to the $715,000 currently being held by the Clerk would involve limited discovery, followed by cross motions for summary judgment. If, on the other hand, the Trustee and the other parties must proceed with discovery concerning other receivables, whether the Defendants converted other property of the estate and/or whether one or more of the Defendants is operating as a successor-in-interest to the Debtor, the estate will spend significant fees, and the Court will spend significant time, on matters that might prove moot. In summary, the Williamson County court's ultimate decision regarding the Chase judgment might have a significant effect on how this matter proceeds, its scope, and its complexity.

15. The change in status of the Chase Claim should cause the litigants to this adversary proceeding to proceed with more deliberation. However, despite the fact that the Defendants' counsel have over the last year repeatedly asked this Court to delay discovery due to pandemic concerns and/or the pending Chase appeal, now that there is valid reason to proceed more deliberately the Defendants are demanding to immediately proceed with depositions. Despite the

changed circumstances that now make it sensible to proceed through discovery with some restraint, counsel for Manookian PLLC is demanding a *two-day* deposition of the Trustee in the next 30-60 days.

16.     It is illogical and a waste of estate assets to proceed with discovery, as the Defendants wish, at this time.  First, as described above, the changed circumstances involving the Chase Claim should result in some pause.  If the Chase sanctions verdict is eliminated or even significantly reduced, it could cut down the scope of discovery by as much as two-thirds, thus saving all parties and the Court significant time and resources.  Second, little has changed about the public health situation in this country to warrant moving forward with depositions at this time. Defendants' counsel have repeatedly asked the Court to delay any depositions by the Trustee due to the pandemic.  The Trustee has respected the Court's instruction to avoid any situation that would necessitate any face-to-face meeting, which leads to the Trustee's third point:  if and when depositions are scheduled, it should be the Trustee who is first allowed to schedule depositions, since she sought to depose the Defendants nearly a year ago.  It would be patently inequitable to allow the Defendants to delay the Trustee's discovery efforts for a year, only to push through their discovery efforts when they unilaterally decide it is convenient to do so.

17.     Finally, but importantly, if discovery proceeds at this juncture in the case, the Trustee expects that this Court will be required to expend a significant amount of time deciding discovery disputes that might very well be moot.  The Trustee has already highlighted the looming issues concerning the scheduling of depositions, but written discovery is also likely to be a significant problem.  Despite having already filed a motion to compel and receiving from this Court an order compelling production of documents, the documents produced by Brian Manookian, the corporate representative of the Debtor, remain wholly unsatisfactory.  Moreover,

the responses to written discovery that the Trustee has received recently from all three Defendants in this matter were likewise inadequate.[2]  In light of the changed circumstances with the Chase Claim, the Trustee has made the decision to "hit pause" on these disputes concerning the adequacy of written discovery rather than following the process under the Federal Rules of Civil Procedure to bring those issues before this Court for an immediate determination.  It makes no sense to try discovery disputes until it becomes apparent that are relevant.

18.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  While the Trustee acknowledges that she bears the burden of showing that such a stay is in the best interest of the Court and the litigants, she submits that this Court has already determined that the interest of public health outweighs the need for expeditious discovery in this case.  The public health concern still exists and now, as a result of the decision in the Chase appeal, an additional issue has arisen concerning the scope and necessity of certain proceedings, including discovery.

19.     For all of these reasons, the Trustee submits that this Court should stay all discovery in this matter for some period of time.[3]  The Trustee would suggest that the Court stay all further

---

[2] For example, the responses from all three Defendants to any request for engagement or disengagement letters, which is an important element of this case, were the same:  "Defendant believes these materials may be attorney-client privileged.  Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can be easily reached by agreement."  The Defendants provided no privilege log, they offered no proposed protective order, and they offered only to *permit inspection*, knowing that the Trustee and her counsel likely would be uncomfortable with a face-to-face meeting during the current health crisis.

[3] Trustee's counsel has sought to resolve these issues with Defendants' counsel, without Court intervention, to no avail.  There exists a fundamental disagreement among the parties about how to proceed:  the Trustee believes discovery should continue to be held in abeyance (as it has for the past year) pending some resolution of the Chase Claim, while Defendants' counsel suddenly wish to immediately begin taking depositions.

discovery and discovery-related issues in this adversary proceeding until such time as the Chase Claim has been liquidated, with all parties reserving all rights regarding discovery issues until that time. The Trustee believes this course of action best serves the goal of judicial economy and best preserves estate assets for potential creditors. Alternatively, the Trustee would suggest that the Court stay all discovery and discovery-related issues at least through April 16, 2021, the date on which this Court has scheduled a pretrial conference, at which time the parties can discuss with the Court an appropriate discovery schedule.

WHEREFORE, the Trustee respectfully requests that this Court enter an order (a) staying all discovery and discovery-related issues in this case until such time as the Chase Claim has been liquidated, or (b) alternatively, staying all discovery and discovery-related issues in this case through the pretrial conference scheduled in this matter for April 16, 2021, at which time the Court can set an appropriate discovery schedule, and (c) granting such other and further relief as the Court deems equitable and appropriate under the circumstances.

Respectfully submitted,


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 3rd day of March, 2021.


/s/ Phillip G. Young, Jr.

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 7, 2020 Session

## DAVID CHASE v. CHRIS STEWART ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 2015-200          Michael Binkley, Judge**

_____

### No. M2018-01991-COA-R3-CV
_____

A trial court held two attorneys in contempt, assessing damages and sanctions against them. Shortly before another hearing in which the court was to consider a supplemental award of attorney's fees, the judge of the trial court made comments in an unrelated case about one of the attorneys held in contempt. That attorney moved to recuse based, in part, on the judge's comments. The trial court denied the motion to recuse and later entered a supplemental order of damages against the attorneys. Because the judge's comments provide a reasonable basis for questioning his impartiality, we reverse the denial of the motion to recuse. And because retroactive recusal is appropriate, we also vacate the contempt and damages orders.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Brian P. Manookian, Nashville, Tennessee, pro se appellant.

Mark Andrew Hammervold, Elmhurst, Illinois, pro se appellant.

Brian P. Manookian, Nashville, Tennessee, for the appellant, Cummings Manookian PLC.

Mark Andrew Hammervold, Elmhurst, Illinois, for the appellant, Hammervold Law, PLC.

Gayle I. Malone, Jr., Charles I. Malone, and Beau C. Creson, Nashville, Tennessee, for the appellees, Dean Chase, Sandra Chase, and D.F. Chase, Inc.

Marcus M. Crider and Heath H. Edwards, Nashville, Tennessee, for the appellees, CK Global, LLC and NV Music Row, LLC.

## OPINION

### I.

#### A.

In this consolidated appeal, we review the trial court's denial of a motion to recuse and its orders holding in contempt and sanctioning two attorneys, Brian Manookian and Mark Hammervold, and their respective law firms, Cummings Manookian PLC[1] and Hammervold Law, PLC. The orders on appeal arise from, but have little to do with, a case filed by David Chase ("Plaintiff") against multiple defendants. Mr. Manookian and Mr. Hammervold represented several of the defendants. Purportedly to defeat an element of the malicious prosecution claim brought by Plaintiff and to prove Plaintiff had not suffered reputational harm, Mr. Manookian subpoenaed individuals and entities that were not parties to the case. The non-parties included Plaintiff's parents, Dean Chase and Sandra Chase; and entities to which Plaintiff had some connection, D.F. Chase, Inc.; CK Global, LLC; and NV Music Row, LLC. Mr. Manookian also sought deposition testimony from Plaintiff's parents.

Wanting to protect confidential information, Dean Chase; Sandra Chase; D.F. Chase, Inc.; CK Global, LLC; and NV Music Row, LLC (collectively, "Petitioners") proposed an agreed protective order before responding to the subpoenas or submitting to the depositions. And, after negotiations, counsel reached an agreement on the terms of the protective order. Among other things, the proposed order defined confidential information, provided methods for both designating information as "confidential" and challenging such designations, and restricted the indiscriminate or mass designation of information as "confidential."

Counsel for Petitioners then proposed that the document production could proceed provided that Mr. Manookian would agree that the production was subject to the protective order despite it not being entered by the court. Mr. Manookian responded: "I agree that the Order is binding on me and my clients at the time it is signed with permission as opposed to entered by the Court." So counsel for Petitioners filed the proposed agreed protective order with the court. The same day, Petitioners produced

---

[1] After briefing in this appeal, Cummings Manookian PLC filed a voluntary bankruptcy petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Tennessee. Late last year, the Chapter 7 Trustee reported that "it is unforeseeable that the bankruptcy case will be resolved before April, 2021, at the earliest."

2

over 78,000 pages of documents in response to the subpoenas. Petitioners designated all of the documents as "confidential" under the proposed agreed protective order. In a cover letter, counsel for Petitioners stated that, while they "realize[d] that the Protective Order cautioned against mass designation of documents as 'confidential' . . . it would have been unduly burdensome upon our clients to review each of the . . . documents . . . ." Counsel for Petitioners offered to conduct a page-by-page review if Mr. Manookian's clients would pay for it. Counsel alternatively suggested that Mr. Manookian's clients could challenge any "confidential" designation to a specific document or documents.

Mr. Manookian objected to the mass designation and, in a filing with the court, withdrew his consent to the proposed agreed protective order. But, a few days later, he made another filing requesting that the court enter the proposed agreed protective order. Petitioners then filed a motion requesting the entry of a protective order and that the court sustain its confidentiality designations. They set the motion for hearing on October 30, 2015.

Before the hearing took place, Mr. Manookian filed documents and excerpts from the deposition transcripts of Dean and Sandra Chase, all of which had been designated as "confidential," in response to a motion filed by Plaintiff. Counsel for Petitioners appeared at an October 20, 2015 hearing on Plaintiff's motion and made an oral motion. Counsel requested that the court treat as confidential all documents already produced by Petitioners, as well as the deposition testimony of Dean and Sandra Chase. Counsel also requested that the response filed by Mr. Manookian, including the exhibits, be kept under seal. The court granted the oral motion.

At the October 30, 2015 hearing, the court again ruled in favor of Petitioners and ordered that "all pleadings or documents containing, attaching, or referencing documents, testimony, or information designated as confidential . . . were to be filed under seal." And the court "adopted,"[2] with modifications, the proposed agreed protective order. The court ordered that documents designated as "confidential" be protected consistent with the terms of the agreed protective order. The court's oral rulings at the October 20 and October 30 hearings were reflected in written orders entered on November 7, 2015, and November 6, 2015, respectively.

## B.

On February 25, 2016, Dean Chase, Sandra Chase, and D.F. Chase, Inc. moved for sanctions. They claimed that, on February 3, 2016, confidential materials, including video recordings of Dean Chase's and Sandra Chase's deposition testimony, were

---

[2] It is unclear if the court entered the proposed agreed protective order.

3

featured on two television news broadcasts and were also published online. And other media outlets had published stories using the same materials.

While the motion did not specifically allege that either Mr. Manookian or Mr. Hammervold provided the confidential materials to the media, it blamed the pair for use of confidential documents in separate litigation they had filed on behalf of another client against Dean Chase. The motion asked the court to identify who had violated its previous orders and to hold those parties or counsel in contempt and award costs, attorney's fees, and other expenses.

Following a hearing on the motion for sanctions, the court entered an order identifying four attorneys "whose actions in this matter strongly indicate violations of Tennessee Rule of Civil Procedure 37.02 and possible contempt of the orders of th[e] Court." The court granted leave to those "affected by alleged violations of Tennessee Rule of Civil Procedure 37.02 and violations of the corresponding Court Orders [to] file appropriate pleadings for sanctions, listing specifically each violation alleged to have occurred and the specific injury inflicted upon each party." Petitioners did so against three attorneys, including Mr. Manookian and Mr. Hammervold and their respective law firms.

After the hearing, the trial court found Mr. Manookian and Mr. Hammervold in contempt. The court found Mr. Manookian in contempt for using confidential materials in preparing, strategizing, and negotiating the separate lawsuit and in attaching a confidential document to a pleading in that lawsuit. And the trial court also found that Mr. Manookian had disclosed confidential materials to the media after the court had ordered that such documents not be disclosed. The trial court found Mr. Hammervold in contempt for allowing the filing of the confidential document in the separate lawsuit. Though Mr. Manookian made the filing, Mr. Hammervold was his co-counsel. As such, the court held that Mr. Hammervold was responsible as well.

The trial court also sanctioned Mr. Manookian and Mr. Hammervold under Tennessee Rule of Civil Procedure 37.02. The trial court first sanctioned both attorneys for the same actions for which it had found them in contempt. The court then found other actions of the two attorneys sanctionable. As to Mr. Manookian, the trial court sanctioned him for disclosing confidential materials to law enforcement and three attorneys not involved in the case before the court issued any ruling on the protective order. The court categorized those actions as an abuse of discovery. The court also found that he was not candid with the court and attempted to defraud the court. As to Mr. Hammervold, the trial court sanctioned him for Mr. Manookian's disclosure to the media. The court found that Mr. Hammervold "had knowledge of and was complicit in concealing the improper disclosure" from the court. The court reasoned that Mr. Hammervold had also abused the discovery process, failed to be candid with the court, and attempted to defraud the court.

4

Based on its finding of contempt—and, alternatively, its finding of sanctionable conduct—the trial court awarded damages to Petitioners in the form of attorney's fees and expenses against Mr. Manookian and Mr. Hammervold and their respective law firms. Considering affidavits filed by Petitioners' attorneys, the court awarded Petitioners $622,696.12. The trial court also granted counsel for Petitioners leave to supplement their affidavits with fees incurred for time spent preparing for the contempt hearing through the date of the contempt order.

C.

About a month after the contempt order and before the hearing on the supplemental fee request, the judge of the trial court referenced Mr. Manookian while presiding over a hearing in the case of *Elite Emergency Services, LLC v. Nesmith*. In open court, the judge said

> There was a lawyer, Mr. Brian Manookian, who I have released a one-hundred-twenty-two page memorandum and order on, who, among many, many other things, submitted a false and fake package, along with another person, to the Board of Professional Responsibility and the Court of the Judiciary.

> Well, come to find out that it was fake. And it was wrong. Channel 4 News picked it up and made it a headline . . . . Totally false. Totally false.

> The Board of Professional Responsibility saw what it was and said, "We're not going to investigate it, Judge Binkley." And I said, "Oh, please do. I'm begging you to investigate because you know how people are. They'll read half the story and say, 'Ah, that was a put-up. They're helping Judge Binkley out.'"

> I don't want that. I hired a lawyer and I said, "Let's do it right." Full investigation, dismissed, and it should've been. Now, Channel 4 News published it as if it were true. Now, what do I do when I'm sitting there watching that, and my family is watching it, and all of my friends are watching it?

> And as a judge it's probably good that I don't say a word. It's very difficult. But my day will come. And it's just about here . . . . I feel like it's necessary for me to be crystal clear, transparent and clear. I did not like what Mr. Manookian did at all, and my day will come.

5

After the trial court made these comments, Mr. Manookian, on behalf of himself and his law firm, moved to recuse the judge.[3]  In his recusal motion, Mr. Manookian argued, among other things, that the above comments showed the court's bias against him.  The trial court denied the recusal motion, finding the statements made in open court "irrelevant to the issues in the present case."

Two days after the denial of Mr. Manookian's recusal motion, the trial court awarded Petitioners $126,073.09 in supplemental attorney's fees in a separate order.  In total, then, the trial court held Mr. Manookian, Mr. Hammervold, and their respective law firms jointly and severally liable for $748,769.21.  The trial court designated the original order of contempt and damages and the supplemental order of damages together as a final judgment under Tennessee Rule of Civil Procedure 54.02.

## II.

Mr. Manookian petitioned for an accelerated interlocutory appeal of the denial of his third recusal motion.  *See* TENN. SUP. CT. R. 10B, § 2.01.  And Mr. Manookian and Mr. Hammervold appealed the final judgment of contempt and damages.  We consolidated the interlocutory appeal with the appeal of the final judgment.

The parties' arguments focus both on whether the trial judge should have recused himself and on the merits of the contempt and damages orders.  We find the recusal issue dispositive.  As to that issue, the parties argue over various possible grounds for recusal.  We focus on the trial court's comments about Mr. Manookian in the unrelated proceeding.

## A.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case."  TENN. SUP. CT. R. 10B.  When a trial court denies a motion to recuse, a party can either take an interlocutory appeal or raise the issue in an appeal after entry of final judgment.  *Id.* § 2.01.  In both scenarios, we review a trial court's ruling on a motion to recuse de novo.  *Id.*

In Tennessee, litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'"  *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see Kinard v. Kinard*, 986

---

[3] The previous year Mr. Manookian filed two recusal motions, which were denied.  He sought accelerated interlocutory review of the denial of his first recusal motion.  *See* TENN. SUP. CT. R. 10B, § 2.01.  We affirmed the denial of that motion.  *Chase v. Stewart*, No. M2017-01192-COA-T10B-CV, 2017 WL 3738466, at *4 (Tenn. Ct. App. Aug. 29, 2017).  Mr. Manookian did not seek interlocutory review of his second recusal motion.

6

S.W.2d 220, 227 (Tenn. Ct. App. 1998) (reasoning that litigants "are entitled to the 'cold neutrality of an impartial court'" (quoting *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967))); *see also* TENN. CONST. art. VI, § 11. It "goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998).

Tennessee has long recognized that "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001); *see In re Cameron*, 151 S.W. 64, 76 (Tenn. 1912) ("[I]t is of immense importance, not only that justice shall be administered . . . , but that [the public] shall have no sound reason for supposing that it is not administered."). Of course, a judge should recuse when they have "any doubt as to [their] ability to preside impartially in [a] case." *Davis*, 38 S.W.3d at 564. But a judge must also "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." TENN. SUP. CT. R. 10, Rule 2.11(A). This test is "an objective one." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). It requires recusal "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis*, 38 S.W.3d at 564-65 (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

A party seeking disqualification or recusal must support a recusal motion with an affidavit or declaration and "other appropriate materials." TENN. SUP. CT. R. 10B, § 1.01. When a party brings forward a trial court's comments as evidence to support a recusal motion, we must determine whether the comments "indicate that the judge has prejudged factual issues." *Alley*, 882 S.W.2d at 822. "Any comments made by the trial court must be construed in the context of all the facts and circumstances to determine whether a reasonable person would construe those remarks as indicating partiality on the merits of the case." *Id.*

Here, Mr. Manookian submitted the declaration of Samuel Clemmons. In this declaration, Mr. Clemmons detailed the comments that the trial judge made about Mr. Manookian in the *Elite Emergency Services* case, to which Mr. Clemmons was a party.[4] Petitioners challenge Mr. Clemmons's declaration as "inherently suspect, at best." We disagree. Courts instead presume that testimony provided under oath and

---

[4] Petitioners argue that Mr. Manookian waived the right to seek recusal of the trial judge based on the judge's comments. A party waives the right "to question a judge's impartiality" if the party does not assert the grounds for recusal "in a timely manner." *Kinard*, 986 S.W.2d at 228 (citations omitted). A one-year delay in asserting grounds for recusal constitutes waiver. *Chase*, 2017 WL 3738466, at *3; *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *6 (Tenn. Ct. App. Aug. 31, 2016). Here, Mr. Manookian filed the third recusal motion twenty-two days after the judge's comments. Under the circumstances, we find that Mr. Manookian acted in a timely manner.

7

penalty of perjury is true. *See, e.g., Hogue v. Kroger Co.*, 356 S.W.2d 267, 271 (Tenn. 1962) ("This court certainly will not ascribe to the oath-taker the infamy of a perjurious mind. We think, with every presumptive support, that people normally are honest and tell the truth." (citation omitted)). In its order denying the recusal motion, the trial court treated the comments as if they had been made, so we do also.

In his comments, the judge claimed that Mr. Manookian "submitted a false and fake package . . . to the Board of Professional Responsibility and the Court of the Judiciary." The media ultimately "picked it up" and published a "[t]otally false" story about the judge. But, the judge continued, the media published the story "as if it were true." So, the judge wondered, "what do I do when I'm sitting there watching that, and my family is watching it, and all of my friends are watching it?"

The gist of the comments is that the judge blamed Mr. Manookian for the court's exposure to negative publicity, possibly drawing the scrutiny of the judge's family and friends. The judge was "crystal clear" and "transparent" about not liking that "at all." The court also did not like "many, many other things" Mr. Manookian had done. And the judge envisaged that "my day will come."

Taken in context, "a reasonable person would construe th[e] remarks as indicating" that the judge may have sought retribution against Mr. Manookian for a perceived wrongdoing unrelated to the contempt charges.[5] *See Alley*, 882 S.W.2d at 822. This possible motivation provides "a reasonable basis for questioning the judge's impartiality." *See Davis*, 38 S.W.3d at 564; *see also State v. Cobbins*, No. E2012-02025-CCA-10B-DD, 2012 WL 5266427, at *22-23 (Tenn. Crim. App. Oct. 25, 2012) (recusal warranted based, in part, on trial court's comments that it was "[m]y time" and "my day had finally come").

Petitioners insist that the trial court was "impartial and entirely fair" to Mr. Manookian and Mr. Hammervold.[6] The record reflects that the judge showed

---

[5] In the order denying the motion to recuse, the trial court provided more context. The judge explained that Mr. Manookian had been providing information about the judge to Mr. Clemmons. Mr. Clemmons then used this information to file a complaint with the Board of Judicial Conduct. That complaint was later dismissed. In the judge's view, Mr. Manookian and Mr. Clemmons "have obviously worked together for the sole purpose of . . . attempt[ing] to publicly embarrass or ridicule the Court."

[6] Petitioners argue that Mr. Hammervold did not properly preserve the recusal issue for appeal. In response to our order directing the parties to respond to Mr. Manookian's Rule 10B petition for recusal appeal, *see* TENN. SUP. CT. R. 10B, § 2.05, Mr. Hammervold, on behalf of himself and his law firm, joined the petition. And as a party, he was entitled to raise the denial of the recusal motion in his brief, which he did. *See* Tenn. R. App. P. 3(h) (broadly allowing any party to raise any issue "upon the filing of a single notice of appeal"). Although Mr. Hammervold did not join Mr. Manookian's recusal motion in the trial court, the Rules of the Supreme Court of Tennessee speak of recusal as to proceedings, not as to parties. *See* TENN. SUP. CT. R. 10, Rule 2.11(A).

8

extraordinary patience and was thorough in his review of serious allegations against Mr. Manookian and Mr. Hammervold. We do not conclude that the judge was actually partial. But that is not the standard for recusal. *See Kinard*, 986 S.W.2d at 228 ("[T]he public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial."). Under Tennessee's objective standard, the judge's impartiality might reasonably be questioned. So the judge should have recused himself. *See Cook v. State*, 606 S.W.3d 247, 255 (Tenn. 2020) (reasoning that Tennessee's objective standard "'may sometimes bar trial by judges who have no actual bias'" (quoting *In re Murchison*, 349 U.S. 133, 136 (1955))).

Petitioners also contend that, because the judge made the comments after the contempt order, the comments cannot be evidence of any predisposition against Mr. Manookian. *See Alley*, 882 S.W.2d at 821. We again disagree. The unfavorable news story for which the judge claimed Mr. Manookian was responsible ran in February 2017. And the trial court issued the contempt order in July 2018. So the impetus for the judge's thoughts about Mr. Manookian may have existed for almost a year and a half before the court entered the contempt order.[7] That the judge did not air those thoughts until after entry of the contempt order misses the point.

## B.

Having determined that recusal was appropriate, we must consider the impact on the final judgment of contempt and damages. Retroactive recusal generally is not the appropriate remedy. *See Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1193 (Colo. App. 2011) ("Recusal provides prospective relief; it does not necessarily invalidate orders previously entered."); 46 AM. JUR. 2D *Judges* § 210, Westlaw (database updated Nov. 2020). But, in *Liljeberg v. Health Services Acquisition Corp.*, the United States Supreme Court set forth a test to determine whether retroactive recusal is appropriate under the federal recusal statute. 486 U.S. 847, 863-64 (1988). We find it appropriate to apply the *Liljeberg* test here. Tennessee courts "may look to federal interpretation of similar federal laws for guidance in enforcing [Tennessee] statutes." *Van Tran v. State*, 66 S.W.3d 790, 821 (Tenn. 2001) (Barker, J., concurring in part and dissenting in part); *see Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000) (interpreting Tennessee anti-discrimination laws), *abrogated on other grounds by Gossett v. Tractor Supply Co.*, 320 S.W.3d 777 (Tenn. 2010); *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 & n.2 (Tenn. 1996) (interpreting the Tennessee Uniform Arbitration Act); *Thomas v. Oldfield*, 279 S.W.3d 259, 261-62 & n.3 (Tenn. 2009) (interpreting the

---

[7] Although one of the two hearing dates on the contempt petition occurred before the media story ran, there is still a "reasonable basis for questioning" whether partiality may have affected the trial court's contempt order. *See Davis*, 38 S.W.3d at 564.

9

Tennessee Rules of Civil Procedure); *State v. Clayton*, 131 S.W.3d 475, 478 (Tenn. Crim. App. 2003) (interpreting the Tennessee Rules of Criminal Procedure). Tennessee's recusal standard is identical to the federal standard, save for noun and pronoun usage. *Compare* TENN. SUP. CT. R. 10, Rule 2.11(A), *with* 28 U.S.C. § 455(a) (2018). And Tennessee courts have often cited the United States Supreme Court with approval on recusal issues. *See State v. Griffin*, 610 S.W.3d 752, 760 (Tenn. 2020) (citing *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1907-09 (2016)); *Cook*, 606 S.W.3d at 255 (citing *In re Murchison*, 349 U.S. at 136); *Bailey v. Blount Cty. Bd. of Educ.*, 303 S.W.3d 216, 239 (Tenn. 2010) (citing *Chapman v. California*, 386 U.S. 18, 23 n.8 (1967)); *Kinard*, 986 S.W.2d at 228 (citing *Offutt v. United States*, 348 U.S. 11, 14 (1954)); *Alley*, 882 S.W.2d at 821 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

The *Liljeberg* test "consider[s] the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864. As to the parties in this case, the purpose of the right to impartiality "is to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion." *State v. Benson*, 973 S.W.2d 202, 205 (Tenn. 1998) (citing *Chumbley v. People's Bank & Tr. Co.*, 57 S.W.2d 787, 788 (Tenn. 1933)).

As noted above, the basis for the judge's thoughts about Mr. Manookian may have existed for nearly a year and a half before the July 2018 contempt order. It likely existed at least since May 23, 2017, when the trial court entered the order denying an earlier recusal motion filed by Mr. Manookian. That order indicates that, by then, the judge suspected that Mr. Manookian was behind the news story and unfounded complaints about the judge made to the Board of Professional Responsibility and the Court of the Judiciary. The contempt order itself references the Board of Professional Responsibility complaint in an adverse credibility finding against Mr. Manookian. So once the court revealed its thoughts about Mr. Manookian in open court, one might reasonably question whether the court "had reached a prejudged conclusion" as to the contempt order. *See Benson*, 973 S.W.2d at 205. Although the contempt order is the product of over two years of litigation, under these circumstances "there is a greater risk of unfairness in upholding the judgment in favor of [Petitioners] than there is in allowing a new judge to take a fresh look at the issues." *See Liljeberg*, 486 U.S. at 868; *see also Olerud v. Morgan*, No. M2010-01248-COA-R3-CV, 2011 WL 607113, at *2-3 (Tenn. Ct. App. Feb. 18, 2011) (vacating orders of the trial court entered before a recusal motion was filed when the basis for recusal "was discovered . . . after the court entered critical rulings in the case").

Second, to deny retroactive relief could cause injustice in other cases. Our supreme court has cautioned judges about inappropriate remarks. *See Cook*, 606 S.W.3d at 257 (admonishing Tennessee judges "to refrain from [making] inappropriate

10

comments"); *see also Leighton*, 414 S.W.2d at 420 ("[T]he judge must be careful not to give an expression to any thought, or to infer what his opinion would be in favor or against either of the parties in the trial."). Allowing a remedy for inappropriate remarks even late in the proceedings would encourage judges to reflect on possible grounds for recusal through all phases of a case. *See Liljeberg*, 486 U.S. at 868 (Retroactive enforcement "may prevent a substantive injustice in some future case by encouraging a judge . . . to more carefully examine possible grounds for disqualification and to promptly disclose them when discovered.").

Third, allowing the contempt order to stand risks undermining public confidence in the judiciary. Surely, "'justice must satisfy the appearance of justice.'" *Liljeberg*, 486 U.S. at 864 (quoting *In re Murchison*, 349 U.S. at 136); *Cook*, 606 S.W.3d at 255 (quoting same). Here, when the judge mused that "my day will come," the judge also said that day is "just about here"—less than a month before awarding supplemental damages and finalizing the contempt order. And the judge mentioned that he had "released a one-hundred-twenty-two page memorandum and order on" Mr. Manookian, which was the order holding him in contempt. So the basis upon which it is reasonable to question the judge's impartiality is directly connected to the contempt order.

Because the trial court's impartiality might reasonably be questioned, the court should have recused itself. And under the circumstances of this case, retroactive recusal is warranted. In finding retroactive recusal warranted, we express no opinion on the merits of the contempt proceeding.

### III.

We reverse the denial of the third motion to recuse. And we vacate the contempt and damages order of July 20, 2018, and the order awarding supplemental attorney's fees and expenses of September 27, 2018. This case is remanded for reassignment and further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

11

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

Adversary Proceeding No.  3:20−ap−90002
Related Bankruptcy Proceeding No.  3:19−bk−07235

Judge  Charles M Walker

In Re:

Plaintiff/Movant : Jeanne Ann Burton

    vs

Defendant/Respondent : Hagh Law PLLC

PLEASE TAKE NOTICE that a hearing will be held Telephonically.:

The call−in number is 1−888−363−4749, Access Code 7250422# on 4/7/21 at 11:00 AM

to consider and act upon the following:

Motion for Stay of All Discovery. − RESPONSE DUE BY 3/28/2021

Dated: 3/5/21                          /s/ TERESA C. AZAN
                                         Clerk, U.S. Bankruptcy Court

Burton,

    Plaintiff

                                  Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: leq0323 | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 05, 2021 | Form ID: hrgnot2 | Total Noticed: 17 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 07, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | CRAIG VERNON GABBERT, JR, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | + | GLENN BENTON ROSE, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | + | JOHN TATE SPRAGENS, SPRAGENS LAW PLC, 311 22ND AVE N, NASHVILLE, TN 37203-1843 |
| aty | + | PHILLIP G YOUNG, Thompson Burton PLLC, One Franklin Park, 6100 Tower Circle, Suite 200, FRANKLIN, TN 37067-1465 |
| ust | + | DAVID ALEXANDER DARCY, ASKOUNIS & DARCY PC, 444 N MICHIGAN AVE, STE 3270, CHICAGO, IL 60611-3906 |
| ust | + | MADALYN GREENWOOD, OFFICE OF THE US TRUSTEE, 200 JEFFERSON AVE, SUITE 400, MEMPHIS, TN 38103-2374 |
| ust | + | MARIE RENEE RICHO, TENNESSEE TITLE LOANS INC, COMMUNITY LOANS OF AMERICA INC, C/O BANKRUPTCY DEPARTMENT, 8601 DUNWOODY PLACE STE 406 ATLANTA, GA 30350-2550 |
| ust | + | NATALIE MARIE COX, US DEPARTMENT OF JUSTICE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY, SUITE 318 NASHVILLE, TN 37203-3966 |
| ust | + | U.S. Trustee, Office of the U.S. Trustee, One Memphis Place, 200 Jefferson Avenue, Suite 400, Memphis, TN 38103-2383 |
| ust | + | United States Trustee, Historic U.S. Courthouse, 31 E. Eleventh Street, Fourth Floor, Chattanooga, TN 37402-4205 |
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | | Email/Text: ustpregion21.hr.ecf@usdoj.gov | Mar 06 2021 02:00:00 | MONSITA LECAROZ ARRIBAS, OFFICE OF THE US TRUSTEE (UST), OCHOA BUILDING, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901 |
| ust | + | Email/Text: ustpregion09.gr.ecf@usdoj.gov | Mar 06 2021 02:00:00 | Michael V. Maggio, Trial Attorney, Office of the US Trustee, The Ledyard Building, 2nd Floor, 125 Ottawa NW, Suite 200R, Grand Rapids, MI 49503-2865 |
| ust | | Email/Text: ustpregion08.na.ecf@usdoj.gov | Mar 06 2021 02:00:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + | Email/Text: jeanne.burton@comcast.net | Mar 06 2021 02:00:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | | CARRIE |
| ust | | KALISIA SCHAEFFER, REVENUE ASSSURANCE PROFESSIONALS, 1350 CONCOURSE AVE SUITE 600 |
| ust | | STEVEN EDWARD ANDERSON, ANDERSON & REYNOLDS PLC |
| ust | | testtrust |

ust                                  worr robinson

TOTAL: 5 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2021                    Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 5, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | |
| | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com |
| GLENN BENTON ROSE | |
| | on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com |
| JOHN TATE SPRAGENS | |
| | on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM  4950469420@filings.docketbird.com |
| PHILLIP G YOUNG | |
| | on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com |

TOTAL: 4

Form hrgnot2

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

Adversary Proceeding No.  3:20−ap−90002
Related Bankruptcy Proceeding No.  3:19−bk−07235

Judge  Charles M Walker

In Re:

Plaintiff/Movant : Jeanne Ann Burton

    vs

Defendant/Respondent : Hagh Law PLLC

PLEASE TAKE NOTICE that a hearing will be held Telephonically.:

The call−in number is 1−888−363−4749, Access Code 7250422# on 4/7/21 at 11:00 AM

to consider and act upon the following:

Motion for Stay of All Discovery. − RESPONSE DUE BY 3/28/2021

Dated: 3/5/21                                              /s/ TERESA C. AZAN
                                                          Clerk, U.S. Bankruptcy Court

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

---

## ADVERSARY PROOCEEDING DEFENDANTS' OPPOSITION TO TRUSTEE'S MOTION TO STAY

---

Manookian PLLC, Hagh Law PLLC, and Afsoon Hagh (collectively "the Adversary Proceeding Defendants") jointly file this Response in Opposition to the Trustee's attempts to delay the progression of the matter the Trustee initiated but altogether refuses to prosecute.

1.      This is an adversary proceeding brought by the Trustee in the name of Cummings Manookian, PLLC ("Cummings Manookian") well over a year ago. Cummings Manookian is a now-defunct law firm.

2.      As part of the adversary proceeding, the Trustee sued two law firms and one lawyer making various not only unfounded claims, but claims that are demonstrably false, not subject to reasonable disagreement, and factually impossible.

1

3.     For example, the Trustee has sued Afsoon Hagh for purportedly using the furniture and equipment at Cummings Manookian's former office building since November of 2019.  But Ms. Hagh has not even been on the premises of that building since the birth of her first child in July of 2018.  This is provable through years of surveillance video footage, key card swipe records, and on-site network logins.  The Trustee's claims to the contrary are baseless and, to the present day, entirely unsupported.

4.     As another example, the Trustee has alleged that Manookian PLLC has both made and received "fraudulent transfers."  But the Trustee refuses to identify any such transfer by date, parties, or property.  This is likely the case because Manookian PLLC has never made nor received a transfer of any kind, nor has it ever even held a bank account.  The Trustee's claims are simply not based in fact.

5.     The Trustee additionally variously alleges that:

   a.     The Adversary Proceeding Defendants have done some undisclosed thing with some undisclosed "intellectual property" belonging to Cummings Manookian.  But the Trustee will not identify that purported intellectual property or what the Defendants are alleged to have done with it.

   b.     The Adversary Proceeding Defendants owe Cummings Manookian some undisclosed amount of money for some unspecified work.  But the Trustee will not detail what she is even asking for from the Adversary Proceeding Defendants or the grounds on which she would be entitled to such relief.

6.     The Adversary Proceeding Defendants have posed extensive written discovery to the Trustee in an effort to determine what exactly she is alleging and what mistaken set of facts upon

which her allegations rest. The Trustee has "responded" by objecting to, or otherwise refusing to answer, practically every Request for Admission, Interrogatory, and Request for Production.

7.     The Trustee, for example, refuses to answer what furniture or equipment was used by Ms. Hagh; state what funds were supposedly improperly sent or received by Manookian PLLC; provide even a general description of the purported "intellectual property" supposedly taken from Cummings Manookian; or even describe the nature of any work of any kind done by Cummings Manookian that would somehow entitle it to relief from any of the Adversary Proceeding Defendants.

8.     Against this backdrop, the Trustee simultaneously refuses to sit for a deposition such that the Adversary Proceeding Defendants can even attempt to ascertain where her factual allegations come from or why they were sued in this case. To that end, Counsel for Manookian PLLC has requested dates for the Trustee's deposition over half a dozen times; those requests have been ignored.

9.     In short, the Trustee was quick to make vague but highly inflammatory allegations—sounding in fraud—against an impeccably credentialed lawyer and two law firms, but when asked to provide evidence in support of her claims, she refuses.

10.     This is an untenable situation for the Adversary Proceeding Defendants. The Trustee bolstered her meritless claims into a restraining order that has resulted in over $700,000 of money earned by and belonging to Hagh Law being held in escrow for over a year. Moreover, having been sued for fraud (among other causes of action sounding in deceit and duplicitous financial behavior), Hagh Law and Afsoon Hagh have had and continue to have significant reputational and other fallout impacting the Defendants' banking relationships and ability to acquire professional liability insurance.

11.     There is no basis for a stay of these proceedings.  To the contrary, it is past time for the Trustee to come forward with her evidence or dismiss her claims with an acknowledgement to the Adversary Proceeding Defendants that they had no basis in fact.

12.     The Trustee initiated this lawsuit against innocent third parties, including holding hostage hundreds of thousands of dollars prior to proving a single element of a single claim.  She cannot now ask for the simultaneous privilege of not having to prosecute her action.

13.     The Adversary Proceeding Defendants respectfully request that the Court deny the Trustee's request to stay the proceeding so that the case may proceed toward a resolution on the merits.

14.     The Adversary Proceeding Defendants further request an order from the Court directing the Trustee to submit to a deposition within the next forty-five days at a time and place convenient to all parties.

15.     Finally, the Adversary Proceeding Defendants request that a trial date be set for the final hearing of this matter.


Date:   March 28, 2021                                  Respectfully submitted,


                                                        _/s/ John Spragens_____
                                                        John Spragens (TN Bar No. 31445)
                                                        Spragens Law PLC
                                                        311 22nd Ave. N.
                                                        Nashville, TN 37203
                                                        T: (615) 983-8900
                                                        F: (615) 682-8533
                                                        john@spragenslaw.com

                                                        *Attorney for Manookian PLLC*

                                                        Craig V. Gabbert (TN Bar No. 4702)
                                                        Glenn B. Rose (TN Bar No. 10598)
                                                        Bass, Berry & Sims PLC

4

150 Third Ave. S., Suite 2800
Nashville, TN 37201
T: (615) 742-6200
F: (615) 742-0465
cgabbert@bassberry.com
grose@bassberry.com

*Attorneys for Hagh Law PLLC and Afsoon Hagh*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed March 28, 2021 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO STAY DISCOVERY
## AND CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a hearing on the Plaintiff's Motion to Stay All

Discovery (Doc. 68) (the "Motion to Stay") on April 7, 2021; and appearances at the pretrial

conference having been made by Phillip G. Young on behalf of the Jeanne Ann Burton, Chapter 7

Trustee and Plaintiff in this matter, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC,

and John Spragens on behalf of Manookian, PLLC; and based upon the Motion to Stay, the

objection thereto filed by the Defendants, and arguments made by counsel at the hearing on April 7, 2021;

**IT IS HEREBY FOUND:**

      A.    Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts the findings and conclusions stated orally at the hearing on April 7, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

      1.    The Motion to Stay is granted, in part, as described herein.

      2.    All discovery in this matter shall be stayed through May 26, 2021.

      3.    The Court shall consider whether to further stay all discovery in this matter at a hearing to be held on May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

      4.    The pretrial conference currently set in this matter for April 16, 2021, is hereby continued to and rescheduled for May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

2

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/8/2021

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO STAY DISCOVERY
## AND CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a hearing on the Plaintiff's Motion to Stay All

Discovery (Doc. 68) (the "Motion to Stay") on April 7, 2021; and appearances at the pretrial

conference having been made by Phillip G. Young on behalf of the Jeanne Ann Burton, Chapter 7

Trustee and Plaintiff in this matter, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC,

and John Spragens on behalf of Manookian, PLLC; and based upon the Motion to Stay, the

objection thereto filed by the Defendants, and arguments made by counsel at the hearing on April 7, 2021;

**IT IS HEREBY FOUND:**

A.       Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts the findings and conclusions stated orally at the hearing on April 7, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.       The Motion to Stay is granted, in part, as described herein.

2.       All discovery in this matter shall be stayed through May 26, 2021.

3.       The Court shall consider whether to further stay all discovery in this matter at a hearing to be held on May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

4.       The pretrial conference currently set in this matter for April 16, 2021, is hereby continued to and rescheduled for May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

3

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE
### Case No. 3:20−ap−90002
### Adversary Case

Related Bankruptcy Proceeding No.: 3:19−bk−07235

Plaintiff : Jeanne Ann Burton

   vs

Defendant : Hagh Law PLLC

---

### PRO SE PARTY NOTICE OF FILING

---

Pretrial Conference Set − (Order Scheduling Hearing) Pretrial Conference is scheduled for 5/26/2021 at 11:00 AM Telephonically. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker. Case judge is Charles M Walker. (RE: related document(s)73 Order Scheduling Hearing) (anm)

Dated: 4/8/21

Burton,

    Plaintiff

Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: anm0611 | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 08, 2021 | Form ID: pdf001 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| pla | + Email/Text: jeanne.burton@comcast.net | | Apr 08 2021 23:45:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 10, 2021        Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 8, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com |
| GLENN BENTON ROSE | on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com |
| JOHN T. SPRAGENS | |

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

TOTAL: 4

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 4/8/2021



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | ) **Case No. 3:19-bk-07235** |
| Debtor. | ) **Chapter 7** |
| | ) **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Adv. Proc. No. 3:20-ap-90002** |
| | ) |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) |
| **MANOOKIAN, PLLC; and FIRST-** | ) |
| **CITIZENS BANK & TRUST** | ) |
| **COMPANY,** | ) |
| Defendants. | ) |
| | ) |

## <u>ORDER GRANTING MOTION TO STAY DISCOVERY</u>
## <u>AND CONTINUING PRETRIAL CONFERENCE</u>

This matter came before the Court for a hearing on the Plaintiff's Motion to Stay All

Discovery (Doc. 68) (the "Motion to Stay") on April 7, 2021; and appearances at the pretrial

conference having been made by Phillip G. Young on behalf of the Jeanne Ann Burton, Chapter 7

Trustee and Plaintiff in this matter, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC,

and John Spragens on behalf of Manookian, PLLC; and based upon the Motion to Stay, the

objection thereto filed by the Defendants, and arguments made by counsel at the hearing on April 7, 2021;

**IT IS HEREBY FOUND:**

      A.     Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts the findings and conclusions stated orally at the hearing on April 7, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

      1.     The Motion to Stay is granted, in part, as described herein.

      2.     All discovery in this matter shall be stayed through May 26, 2021.

      3.     The Court shall consider whether to further stay all discovery in this matter at a hearing to be held on May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

      4.     The pretrial conference currently set in this matter for April 16, 2021, is hereby continued to and rescheduled for May 26, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

2

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

3

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Burton,

    Plaintiff                                                                                           Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: anm0611 | Page 1 of 2 |
| --- | --- | --- |
| Date Rcvd: Apr 08, 2021 | Form ID: prosenot | Total Noticed: 17 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 10, 2021:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| aty | + | CRAIG VERNON GABBERT, JR, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | + | GLENN BENTON ROSE, BASS, BERRY & SIMS PLC, 150 THIRD AVENUE SOUTH, SUITE 2800, NASHVILLE, TN 37201-2017 |
| aty | + | JOHN T. SPRAGENS, SPRAGENS LAW PLC, 311 22ND AVE N, NASHVILLE, TN 37203-1843 |
| aty | + | PHILLIP G YOUNG, Thompson Burton PLLC, One Franklin Park, 6100 Tower Circle, Suite 200, FRANKLIN, TN 37067-1465 |
| ust | + | DAVID ALEXANDER DARCY, ASKOUNIS & DARCY PC, 444 N MICHIGAN AVE, STE 3270, CHICAGO, IL 60611-3906 |
| ust | + | MADALYN GREENWOOD, OFFICE OF THE US TRUSTEE, 200 JEFFERSON AVE, SUITE 400, MEMPHIS, TN 38103-2374 |
| ust | + | MARIE RENEE RICHO, TENNESSEE TITLE LOANS INC, COMMUNITY LOANS OF AMERICA INC, C/O BANKRUPTCY DEPARTMENT, 8601 DUNWOODY PLACE STE 406 ATLANTA, GA 30350-2550 |
| ust | + | NATALIE MARIE COX, US DEPARTMENT OF JUSTICE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY, SUITE 318 NASHVILLE, TN 37203-3966 |
| ust | + | U.S. Trustee, Office of the U.S. Trustee, One Memphis Place, 200 Jefferson Avenue, Suite 400, Memphis, TN 38103-2383 |
| ust | | United States Trustee, Historic U.S. Courthouse, 31 E. Eleventh Street, Fourth Floor, Chattanooga, TN 37402-4205 |
| dft | | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| ust | | Email/Text: ustpregion21.hr.ecf@usdoj.gov | Apr 08 2021 23:45:00 | MONSITA LECAROZ ARRIBAS, OFFICE OF THE US TRUSTEE (UST), OCHOA BUILDING, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901 |
| ust | + | Email/Text: ustpregion09.gr.ecf@usdoj.gov | Apr 08 2021 23:45:00 | Michael V. Maggio, Trial Attorney, Office of the US Trustee, The Ledyard Building, 2nd Floor, 125 Ottawa NW, Suite 200R, Grand Rapids, MI 49503-2865 |
| ust | | Email/Text: ustpregion08.na.ecf@usdoj.gov | Apr 08 2021 23:45:00 | US TRUSTEE, OFFICE OF THE UNITED STATES TRUSTEE, 701 BROADWAY STE 318, NASHVILLE, TN 37203-3966 |
| pla | + | Email/Text: jeanne.burton@comcast.net | Apr 08 2021 23:45:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
| --- | --- | --- |
| ust | | CARRIE |
| ust | | KALISIA SCHAEFFER, REVENUE ASSSURANCE PROFESSIONALS, 1350 CONCOURSE AVE SUITE 600 |
| ust | | STEVEN EDWARD ANDERSON, ANDERSON & REYNOLDS PLC |
| ust | | testtrust |

ust                          worr robinson

TOTAL: 5 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 10, 2021                    Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 8, 2021 at the address(es) listed below:**

**Name**                          **Email Address**

CRAIG VERNON GABBERT, JR
                    on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com  bankr@bassberry.com;delores.walker@bassberry.com

GLENN BENTON ROSE
                    on behalf of Defendant Hagh Law PLLC grose@bassberry.com  bankr@bassberry.com

JOHN T. SPRAGENS
                    on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM  spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG
                    on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

TOTAL: 4

# United States Bankruptcy Court

## MIDDLE DISTRICT OF TENNESSEE
**Case No. <u>3:20−ap−90002</u>**
**Adversary Case**

Related Bankruptcy Proceeding No.: 3:19−bk−07235

Plaintiff : Jeanne Ann Burton

   vs

Defendant : Hagh Law PLLC

---

### PRO SE PARTY NOTICE OF FILING

---

Pretrial Conference Set − (Order Scheduling Hearing) Pretrial Conference is scheduled for 5/26/2021 at 11:00 AM Telephonically. The call−in number is 1−888−363−4749; Access Code is 7250422# for Judge Walker. Case judge is Charles M Walker. (RE: related document(s)73 Order Scheduling Hearing) (anm)

Dated: <u>4/8/21</u>

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER FURTHER STAYING DISCOVERY
## AND CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a pretrial conference on May 26, 2021; and appearances at the pretrial conference having been made by Phillip G. Young on behalf of the Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in this matter, Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of Manookian, PLLC; and based upon the prior pleadings in this matter and arguments made by counsel at the pretrial conference on May 26, 2021;

**IT IS HEREBY FOUND:**

A. Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts the findings and conclusions stated orally at the hearing on May 26, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. All discovery in this matter shall continue to be stayed through July 21, 2021.

2. The Court shall conduct an additional pretrial conference to be held on July 21, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/27/2021



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER FURTHER STAYING DISCOVERY
## AND CONTINUING PRETRIAL CONFERENCE

This matter came before the Court for a pretrial conference on May 26, 2021; and

appearances at the pretrial conference having been made by Phillip G. Young on behalf of the

Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in this matter, Craig Gabbert on behalf of

Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of Manookian, PLLC; and based

upon the prior pleadings in this matter and arguments made by counsel at the pretrial conference

on May 26, 2021;

**IT IS HEREBY FOUND:**

A.      Pursuant to Federal Bankruptcy Rule 7052, the Court hereby incorporates and adopts the findings and conclusions stated orally at the hearing on May 26, 2021.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      All discovery in this matter shall continue to be stayed through July 21, 2021.

2.      The Court shall conduct an additional pretrial conference to be held on July 21, 2021, at 11:00 a.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

2

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

---

### EMERGENCY MOTION TO CONTINUE PRETRIAL CONFERENCE

---

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to continue the pretrial conference scheduled in this matter to August 11, 2021. Presently, the pretrial conference is scheduled for July 21, 2021 at 11:00 a.m. As grounds for this Motion, the Trustee states that Craig Gabbert, counsel for Afsoon Hagh and Hagh Law, PLLC, notified undersigned counsel this afternoon that the funeral for a close friend was scheduled at the same time as this pretrial conference. Mr. Gabbert asked if undersigned counsel and John Spragens, counsel for Manookian, PLLC, would consent to a continuance of the pretrial conference. Both other counsel agreed, and the parties agreed to continue this matter to the Court's August 11, 2021 docket, pending approval by this Court. Undersigned counsel agreed to draft this Motion and the accompanying agreed order.

Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for July 21, 2021 at 11:00 a.m. be continued to August 11, 2021.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 20th day of July, 2021.

/s/ Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## AGREED ORDER GRANTING
## EMERGENCY MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Emergency Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and by agreement of the parties as indicated by the signatures of counsel below, and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for July 21, 2021 is hereby continued until _____, 2021 at _____ ___.m. via AT&T Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/ John T. Spragens
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 7/20/2021



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## AGREED ORDER GRANTING
## EMERGENCY MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Emergency Motion to Continue Pretrial Conference filed by Jeanne Ann Burton,

Trustee and Plaintiff ("Trustee"), and by agreement of the parties as indicated by the signatures of

counsel below, and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for July

21, 2021 is hereby continued until  August 11 , 2021 at  11:00  a.m. via AT&T

Conference Line, Call-In Number 1-888-363-4749, Access Code 7250422#.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:


/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/ John T. Spragens
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | )    Case No. 3:19-bk-07235 |
|      Debtor. | )    Chapter 7 |
| | )    Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; | ) |
| MANOOKIAN, PLLC; and FIRST- | ) |
| CITIZENS BANK & TRUST | ) |
| COMPANY, | ) |
|      Defendants. | ) |
| | )    Adv. Proc. No. 3:20-ap-90002 |

## MOTION TO CONTINUE PRETRIAL CONFERENCE

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who

respectfully moves to continue the pretrial conference scheduled in this matter to September 17,

2021. Presently, the pretrial conference is scheduled for August 11, 2021 at 11:00 a.m. As grounds

for this Motion, the Trustee states that John Spragens, counsel for Manookian PLLC, notified

undersigned counsel that he would not be in town on August 11, 2021, and asked that the pretrial

conference be continued. Subsequently, Mr. Spragens informed undersigned counsel that he

would also be out of town on August 18, 2021, and had a deposition scheduled on September 8,

2021. Therefore, September 17, 2021 was the first docket date on which Mr. Spragens was

available. He asked that the Trustee and Craig Gabbert, counsel for Afsoon Hagh and Hagh Law,

PLLC, consent to continuing this pretrial conference to that date. Both counsel agreed, and the

parties have agreed to continue this matter to the Court's September 17, 2021 docket, pending

approval by this Court. Undersigned counsel agreed to draft this Motion and the accompanying agreed order as a matter of convenience.

Given the above considerations, the Trustee respectfully requests that the pretrial conference presently scheduled for August 11, 2021 at 11:00 a.m. be continued to September 17, 2021.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 2nd day of August, 2021.

/s/ Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## AGREED ORDER GRANTING
## MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and by agreement of the parties as indicated by the signatures of counsel below, and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for August 11, 2021 is hereby continued until _____, 2021 at _____ __.m. via _____.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/ John T. Spragens
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/8/2021



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## AGREED ORDER GRANTING
## MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and

Plaintiff ("Trustee"), and by agreement of the parties as indicated by the signatures of counsel

below, and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for August

11, 2021 is hereby continued until ___September 17___, 2021 at __11:00__ __a__.m. via

Zoom - please see http://www.tnmb.uscourts.gov/zoomgov-videoaudio-information for video link

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

---

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/ John T. Spragens
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Burton,

    Plaintiff                                                                  Adv. Proc. No. 20-90002-CMW

Hagh Law PLLC,

    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0650-3 | User: anm0611 | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 09, 2021 | Form ID: pdf001 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2021                         Signature:          /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 9, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com |
| GLENN BENTON ROSE | on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com |
| JOHN T. SPRAGENS | on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM spragenslaw@ecf.courtdrive.com |
| PHILLIP G YOUNG | on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com |

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 8/8/2021



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## AGREED ORDER GRANTING
## MOTION TO CONTINUE PRETRIAL CONFERENCE

Upon the Motion to Continue Pretrial Conference filed by Jeanne Ann Burton, Trustee and Plaintiff ("Trustee"), and by agreement of the parties as indicated by the signatures of counsel below, and good cause having been shown,

IT IS HEREBY ORDERED that the pretrial conference scheduled in this matter for August 11, 2021 is hereby continued until ___September 17___, 2021 at __11:00__ _a_.m. via _Zoom - please see http://www.tnmb.uscourts.gov/zoomgov-video_audio-information for video link

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

Submitted for entry:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/ John T. Spragens
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

2

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## MOTION TO SCHEDULE PRETRIAL CONFERENCE
## OR TO ENTER PRETRIAL ORDER

Comes now Jeanne Ann Burton, Trustee and Plaintiff in this matter (the "Trustee"), who respectfully moves to schedule a pretrial conference in this matter on or after October 20, 2021 or, in the alternative, to enter a pretrial order.  As grounds for this Motion, the Trustee states that:

1.      This Court held a hearing in this matter on September 29, 2021.  At the conclusion of the hearing, the Trustee suggested to the Court certain pretrial dates for discovery and dispositive motions.  The Court instructed the parties to discuss those proposed dates and either submit an agreed pretrial order or file a motion to schedule a pretrial conference if the parties could reach no agreement.  Unfortunately, the parties have been unable to reach an agreement on pretrial dates and deadlines.

2.      The Trustee first circulated a pretrial order in the form and substance as the one attached hereto as Exhibit A, which incorporated the dates mentioned by the Trustee at the

September 29 hearing.  In response, counsel for Hagh Law, PLLC and Afsoon Hagh (collectively, "Hagh") asked the Trustee to extend all of the proposed dates by approximately sixty (60) days.  Counsel for Manookian, PLLC ("Manookian") concurred with the requested date extensions.

3.    The Trustee agreed to amend the proposed dates as requested by Hagh and Manookian and circulated a proposed order attached hereto as <u>Exhibit B</u>.  In response to this proposed order, counsel for Manookian indicated that he wanted the dates for responses to dispositive motions to be two weeks from the filing of dispositive motions, as opposed to a date certain set for responses.  Counsel for Manookian explained that his client anticipates filing a motion for summary judgment prior to the deadline for such a filing and wants responses due immediately thereafter.  Counsel for Hagh concurred with Manookian's requested change.

4.    The Trustee would not agree to this requested change for three reasons.  First, based on the experience of the Trustee and her counsel, this Court seems to set dates certain for filing and responding to dispositive motions in its pretrial orders, and the Trustee wants to submit an acceptable order.  Second, neither the Trustee nor her counsel have known this Court to consider a dispositive motion before the close of discovery.  Finally, but relatedly, the Trustee believes that Manookian and/or Hagh intend to file a motion for summary judgment, before properly responding to the Trustee's outstanding written discovery or appearing for a deposition, in their continued attempt to conceal relevant facts from the Trustee and the Court.

5.    Given the above considerations, the Trustee respectfully requests that the Court schedule a pretrial conference on or after October 20, 2021 to discuss these matters or, alternatively, to enter its own pretrial order that addresses these issues.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent to all parties requesting notice via CM/ECF Electronic Filing on the 14th day of October, 2021.

/s/ Phillip G. Young, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## AGREED PRETRIAL ORDER

This matter came before the Court on September 29, 2021 for a Pretrial Conference.

Appearances were made at the Pretrial Conference by Phillip Young on behalf of the Trustee,

Craig Gabbert on behalf of Afsoon Hahg and Hagh Law, PLLC, and John Spragens on behalf of

Manookian, PLLC.  The parties being in agreement, as indicated by the signatures of counsel

below, on certain pretrial deadlines, and good cause having been shown, it is hereby **ORDERED**

that :

1.      Written discovery shall be completed by November 30, 2021.

2.      Depositions may commence on December 1, 2021 and shall be completed
        by March 31, 2022.

3.      All dispositive motions shall be filed no later than April 22, 2022.

4.      All responses to the dispositive motions are to be filed no later than May
        6, 2022.

5.      All replies are to be filed no later than May 13, 2022.

6.      Oral argument on dispositive motions will be set at the Court's discretion
        and set by separate order.

7.      A Pretrial Conference is set for _____,
        at _____:_____ __.m., via Zoom video. Judge Walker's Zoom link is
        https://www.zoomgov.com/j/16086357633 and Meeting ID is 160 8635
        7633. Please visit the Court's website at www.tnmb.uscourts.gov for
        further information regarding Judge Walker's Procedures Regarding
        Attorney Participation prior to the hearing date.

**IT IS SO ORDERED.**

---

This order was signed and entered electronically as indicated at the top of the first page.

---

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

<u>**AGREED PRETRIAL ORDER**</u>

This matter came before the Court on September 29, 2021 for a Pretrial Conference.

Appearances were made at the Pretrial Conference by Phillip Young on behalf of the Trustee,

Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of

Manookian, PLLC. The parties being in agreement, as indicated by the signatures of counsel

below, on certain pretrial deadlines, and good cause having been shown, it is hereby **ORDERED**

that :

1. Written discovery shall be completed by January 31, 2022.

2. Depositions may commence on February 1, 2022 and shall be completed by May 31, 2022.

3. All dispositive motions shall be filed no later than June 24, 2022.

4. All responses to the dispositive motions are to be filed no later than July 8, 2022.

5. All replies are to be filed no later than July 15, 2022.

6. Oral argument on dispositive motions will be set at the Court's discretion and set by separate order.

7. A Pretrial Conference is set for _____, at ____:_____ __.m., via Zoom video. Judge Walker's Zoom link is https://www.zoomgov.com/j/16086357633 and Meeting ID is 160 8635 7633. Please visit the Court's website at www.tnmb.uscourts.gov for further information regarding Judge Walker's Procedures Regarding Attorney Participation prior to the hearing date.

**IT IS SO ORDERED.**

---

This order was signed and entered electronically as indicated at the top of the first page.

---

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.como

Counsel to Manookian PLLC

3

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/18/2021



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No: 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No.: 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST – | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO SET HEARING ON PRETRIAL CONFERENCE

This matter comes before the Court on the Plaintiff's Motion to Schedule Pretrial

Conference or to Enter Pretrial Order (Docket Entry 89). Since the parties are unable to come to

an agreement on a schedule for pretrial dates for discovery and dispositive motions,

IT IS HEREBY ORDERED that a hearing will be held on October 20, 2021, at 11:00

a.m. by Zoom. The Videoconference URL is: https://www.zoomgov.com/j/16086357633  The

Meeting ID is 160 8635 7633. The Audioconference Telephone Number U.S. Toll-free: 833-

568-8864.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE**

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No. 3:19-bk-07235** |
| **CUMMINGS MANOOKIAN, PLLC,** ) | **Chapter 7** |
| ) | **Judge Walker** |
| **Debtor.** ) | |
| ) | |

## MANOOKIAN PLLC'S RESPONSE TO TRUSTEE'S MOTION TO SCHEDULE PRETRIAL CONFERENCE OR TO ENTER PRETRIAL ORDER

Manookian PLLC responds as follows to the Trustee's request for a Pretrial Conference to narrow the contested issues and additionally correct various misstatements made therein. This matter is set for expedited hearing on October 20, 2021, at 11:00 a.m.

## <u>BACKGROUND</u>

1. This is an adversary proceeding that has been pending since January 8, 2020.

2. The Trustee instituted this action against two law firms and one lawyer making serious, significant, and scandalous claims against the AP Defendants. The Trustee simultaneously requested, and received, turnover of more than $700,000 in funds that do not belong to the Debtor; funds which, to date, remain escrowed with the Court.

3. Having instituted the action, the Trustee then promptly refused to litigate it. Instead, she has requested continuance after stay after continuance, all in an effort to avoid prosecuting her own claims.

4. The reason for her reticence is simple: the claims lack the slightest shred of factual or legal merit. In fact, many of the allegations are not only demonstrably false, but factually impossible.

5.     For example, the Trustee has sued Afsoon Hagh for purportedly using the furniture and equipment at Cummings Manookian's former office building since November of 2019. <u>But Ms. Hagh has not utilized that building since the birth of her first child in July of 2018</u>. This is provable through years of surveillance video footage, key card swipe records, and on-site network logins. The Trustee's claims to the contrary are baseless and, to the present day, entirely unsupported. The Trustee simply made them up.

6.     As another example, the Trustee has alleged that Manookian PLLC has both made and received "fraudulent transfers." But the Trustee refuses to identify any such transfer by date, parties, or property. <u>This is likely the case because Manookian PLLC has never made nor received a transfer of any kind, nor has it ever even held a bank account.</u> The Trustee's claims are not based in fact. Rather, again, they were simply made up.

7.     The Trustee additionally variously alleged that:

   a.     The Adversary Proceeding Defendants have done some undisclosed thing with some undisclosed "intellectual property" belonging to Cummings Manookian. <u>But the Trustee will not identify that purported intellectual property or what the Defendants are alleged to have done with it.</u>

   b.     The Adversary Proceeding Defendants owe Cummings Manookian some undisclosed amount of money for some unspecified work. <u>But the Trustee will not detail what she is even asking for from the Adversary Proceeding Defendants or the grounds on which she would be entitled to such relief</u>.

8.     These are serious claims against a lawyer and two law firms. They have serious consequences each day they remain outstanding.

9.     In an effort to determine even the slightest bases for the Trustee's claims, the Adversary Proceeding Defendants have posed extensive written discovery to reveal what exactly she is alleging and upon what mistaken set of facts her allegations rest.

10.    The Trustee has "responded" by objecting to, or otherwise refusing to answer, practically every Request for Admission, Interrogatory, and Request for Production.

11.    The Trustee, for example, refuses to:

a.  Identify what furniture or equipment was used by Ms. Hagh;

b.  state what funds were supposedly improperly sent or received by Manookian PLLC;

c.  provide even a general description of the purported "intellectual property" supposedly taken from Cummings Manookian; or

d.  even describe the nature of any work of any kind done by Cummings Manookian that would somehow entitle it to relief from any of the Adversary Proceeding Defendants.

12.    Against this backdrop, the Trustee has simultaneously refused to sit for a deposition such that the Adversary Proceeding Defendants can even attempt to ascertain where her factual allegations come from or why the AP Defendants were sued in this case. To that end, Counsel for Manookian PLLC requested dates for the Trustee's deposition over half a dozen times; those requests have been ignored.

13.    In short, the Trustee was quick to make vague but highly inflammatory allegations—sounding in fraud—against an impeccably credentialed lawyer and two law firms, but when asked to provide evidence in support of her claims, she refuses.

3

14.     This is an untenable situation for the Adversary Proceeding Defendants.   The Trustee bolstered her meritless claims into a restraining order that has resulted in over $700,000 of money earned by and belonging to Hagh Law being held in escrow for over a year.

15.     Moreover, having been sued for fraud (among other causes of action sounding in deceit and duplicitous financial behavior), Manookian PLLC, Hagh Law and Afsoon Hagh have had and continue to have significant reputational and other fallout impacting the Defendants' banking relationships and ability to acquire professional liability insurance.

## THE LIMITED CURRENT DISPUTE

16.     The Parties have attempted to agree on a Pretrial Order laying out dates for discovery in an effort to move this long-pending case – with significant ongoing costs to the AP Defendants – to resolution.

17.     The Parties are in agreement as to almost all dates and issues.  There is primarily one point of disagreement.

18.     The Trustee does not want to be required to respond to any Motions for Summary Judgment, regardless of when they are filed, until the last possible date under the Pretrial Order, up to seven months from now in July of 2022.

19.     The AP Defendants, conversely, anticipate filing prompt Motions for Summary Judgment given that the claims against them are frivolous, without factual support, and incapable of factual support.

20.     The Trustee's position is that she must first take discovery in order to determine if support exists for her claims.  Then, and only then, should she be required to respond to any challenges to her Complaint.

4

21.     But that is not how this works.  *See generally* Fed. R. Civ. P. 56.  The Trustee has filed suit making various significant and scandalous allegations.  Rule 11 required that she already have a good faith factual and legal basis for such claims.

22.     Moreover, neither Rule 56 nor Bankruptcy Rule 7056 limits the time when a party can file summary judgment.

23.     Rule 56(d), however, addresses precisely the concern the Trustee raises.  To the extent "a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition, the court may:

     a.   Defer considering the motion or deny it;

     b.   Allow time to obtain affidavits or declaration to take discovery; or

     c.   Issue any other appropriate order."  Fed. R. Civ. P. 56(d)

24.     And that is precisely what should occur here.  There should be no limitation on when the AP Defendants may file Motions for Summary Judgment.  The Trustee should then be required to respond in opposition, or, alternatively, show by affidavit or declaration, under Rule 56(d), why she cannot respond.

25.     Trustee, should not, however, be permitted to continue prolonging a frivolous adversary proceeding which has tied up significant funds for approaching two years, by preventing hearing on AP Defendant's forthcoming Motions for Summary Judgment <u>for another seven (7) months</u>.

For all of the foregoing reasons, Manookian PLLC requests the Court enter a Pretrial Order containing the discovery deadlines proffered by Manookian PLLC, and rejecting the Trustees' request to delay any hearing on summary judgment, unless and until she prevails on a Rule 56(d) motion.

5

Date: October 19, 2021               Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Manookian PLLC and Brian Manookian*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed October 19, 2021 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

*/s/ John Spragens*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## PRETRIAL ORDER

This matter came before the Court on September 29, 2021 for a Pretrial Conference.

Appearances were made at the Pretrial Conference by Phillip Young on behalf of the Trustee,

Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of

Manookian, PLLC. The matter again came before the Court on October 20, 2021, with the same

participants appearing, after the parties were unable to agree on certain pretrial dates. The Court

having considered the arguments of the parties regarding the proposed pretrial dates, and good cause having been shown, it is hereby **ORDERED** that :

1. Written discovery shall be completed by January 31, 2022.

2. Depositions may commence on February 1, 2022 and shall be completed by May 31, 2022.

3. All dispositive motions shall be filed no later than June 24, 2022.

4. All responses to the dispositive motions are to be filed no later than July 8, 2022.

5. All replies are to be filed no later than July 15, 2022.

6. Oral argument on dispositive motions will be set at the Court's discretion and set by separate order.

7. A Pretrial Conference is set for _____, at ____:____ __.m., via Zoom video. Judge Walker's Zoom link is https://www.zoomgov.com/j/16086357633 and Meeting ID is 160 8635 7633. Please visit the Court's website at www.tnmb.uscourts.gov for further information regarding Judge Walker's Procedures Regarding Attorney Participation prior to the hearing date.

**IT IS SO ORDERED.**

| |
|---|
| This order was signed and entered electronically as indicated at the top of the first page. |

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

3



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/28/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## PRETRIAL ORDER

This matter came before the Court on September 29, 2021 for a Pretrial Conference.

Appearances were made at the Pretrial Conference by Phillip Young on behalf of the Trustee,

Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of

Manookian, PLLC. The matter again came before the Court on October 20, 2021, with the same

participants appearing, after the parties were unable to agree on certain pretrial dates. The Court

having considered the arguments of the parties regarding the proposed pretrial dates, and good cause having been shown, it is hereby **ORDERED** that :

1. Written discovery shall be completed by January 31, 2022.

2. Depositions may commence on February 1, 2022 and shall be completed by May 31, 2022.

3. All dispositive motions shall be filed no later than June 24, 2022.

4. All responses to the dispositive motions are to be filed no later than July 8, 2022.

5. All replies are to be filed no later than July 15, 2022.

6. Oral argument on dispositive motions will be set at the Court's discretion and set by separate order.

7. A Pretrial Conference is set for ___February 2, 2022_____, at _11_ : _00_ _a_ .m., via Zoom video. Judge Walker's Zoom link is https://www.zoomgov.com/j/16086357633 and Meeting ID is 160 8635 7633. Please visit the Court's website at www.tnmb.uscourts.gov for further information regarding Judge Walker's Procedures Regarding Attorney Participation prior to the hearing date.

**IT IS SO ORDERED.**

> This order was signed and entered electronically as indicated at the top of the first page.

2

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

Burton,

    Plaintiff

Hagh Law PLLC,

    Defendant

Adv. Proc. No. 20-90002-CMW

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0650-3 | User: anm0611 | Page 1 of 2 |
| Date Rcvd: Oct 30, 2021 | Form ID: pdf001 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Afsoon Hagh, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Hagh Law PLLC, c/o Afsoon Hagh, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |
| dft | + | Manookian PLLC, c/o Brian Manookian, Managing Member, 45 Music Square W, Nashville, TN 37203-3205 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| pla | + | Email/Text: jeanne.burton@comcast.net | Oct 30 2021 07:34:00 | Jeanne Ann Burton, 95 White Bridge Road, Ste 512, Nashville, TN 37205-1490 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2021                Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CRAIG VERNON GABBERT, JR | |
| | on behalf of Defendant Hagh Law PLLC cgabbert@bassberry.com bankr@bassberry.com;delores.walker@bassberry.com |
| GLENN BENTON ROSE | |
| | on behalf of Defendant Hagh Law PLLC grose@bassberry.com bankr@bassberry.com |

JOHN T. SPRAGENS

on behalf of Defendant Hagh Law PLLC JOHN@SPRAGENSLAW.COM  spragenslaw@ecf.courtdrive.com

PHILLIP G YOUNG

on behalf of Plaintiff Jeanne Ann Burton phillip@thompsonburton.com

TOTAL: 4



Charles M. Walker
U.S. Bankruptcy Judge
Dated: 10/28/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **CUMMINGS MANOOKIAN, PLLC,** ) | **Case No. 3:19-bk-07235** |
| Debtor. ) | **Chapter 7** |
| ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** ) | |
| **MANOOKIAN, PLLC; and FIRST-** ) | |
| **CITIZENS BANK & TRUST** ) | |
| **COMPANY,** ) | |
| Defendants. ) | |
| ) | **Adv. Proc. No. 3:20-ap-90002** |

## PRETRIAL ORDER

This matter came before the Court on September 29, 2021 for a Pretrial Conference.

Appearances were made at the Pretrial Conference by Phillip Young on behalf of the Trustee,

Craig Gabbert on behalf of Afsoon Hagh and Hagh Law, PLLC, and John Spragens on behalf of

Manookian, PLLC. The matter again came before the Court on October 20, 2021, with the same

participants appearing, after the parties were unable to agree on certain pretrial dates. The Court

having considered the arguments of the parties regarding the proposed pretrial dates, and good cause having been shown, it is hereby **ORDERED** that :

1.      Written discovery shall be completed by January 31, 2022.

2.      Depositions may commence on February 1, 2022 and shall be completed by May 31, 2022.

3.      All dispositive motions shall be filed no later than June 24, 2022.

4.      All responses to the dispositive motions are to be filed no later than July 8, 2022.

5.      All replies are to be filed no later than July 15, 2022.

6.      Oral argument on dispositive motions will be set at the Court's discretion and set by separate order.

7.      A Pretrial Conference is set for __February 2, 2022_____, at _11_ : _00_ _a_.m., via Zoom video. Judge Walker's Zoom link is https://www.zoomgov.com/j/16086357633 and Meeting ID is 160 8635 7633. Please visit the Court's website at www.tnmb.uscourts.gov for further information regarding Judge Walker's Procedures Regarding Attorney Participation prior to the hearing date.

**IT IS SO ORDERED.**

| This order was signed and entered electronically as indicated at the top of the first page. |
| --- |

APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

3

This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON** | ) | |
| **HAGH; MANOOKIAN, PLLC; and** | ) | |
| **FIRST-CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## MOTION TO COMPEL
## DISCOVERY RESPONSES FROM MANOOKIAN, PLLC

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Manookian, PLLC (the "Interrogatories") and Plaintiff's First Requests for Production of Documents Propounded to Defendant Manookian, PLLC (the "Requests") propounded to Manookian, PLLC ("Manookian Law") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Manookian Law.[1] Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

December 24, 2020. Due to the holidays, and upon request by counsel for Manookian Law, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 26, 2021, Manookian Law served responses to the Interrogatories, Requests, and the requests for admission. The responses are attached as collective <u>Exhibit 2.</u> The Trustee deemed Manookian Law's responses to the requests for admission adequate, but viewed Manookian Law's responses to the Interrogatories and Requests as seriously deficient. Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Manookian Law's responses to the Interrogatories and Requests until October 29, 2021. On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Manookian Law identifying the deficiencies in the responses to the Interrogatories and Requests. A copy of the Meet and Confer Letter is attached hereto as <u>Exhibit 3.</u> Notably, because Manookian Law had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Interrogatories and Requests by November 12, 2021. On November 12, 2021, counsel for Manookian Law responded to the Meet and Confer Letter in writing (the "Response"). The Response is attached hereto as <u>Exhibit 4.</u> In essence, the Response made clear that Manookian Law stands by its prior discovery responses, declined to provide any updated responses, but invited the Trustee's counsel to initiate a conference call with counsel for Manookian Law and Brian Manookian, individually. Counsel of the Trustee replied to the Response on

November 16, 2021 (the "Reply"). In the Reply, the Trustee declined the invitation to conduct a call with counsel for Manookian Law and his client, but expressed a willingness to conduct a call involving counsel only. Despite requesting a response by November 29, 2021, counsel for Manookian Law did not respond until December 3, 2021. In an email dated December 3, 2021, counsel for Manookian Law agreed to have a telephone call that involved counsel only. On December 7, 2021, counsel for the Trustee initiated that call and explained more fully the deficiencies with Manookian Law's responses. Counsel for Manookian Law agreed to consult with his client and inform the Trustee's counsel of their position. As of the date of this motion, no further communication has been received by the Trustee or her counsel

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Manookian Law's responses to the Interrogatories and Requests remain deficient. More specifically, the Trustee identifies the following continuing deficiencies with the amended responses:

- Interrogatory 5: Interrogatory 5 asks Manookian Law to identify from which specific cases it claims entitlement to some attorneys' fee, and in what amount. Manookian Law's response to Interrogatory 5 states that no fee is due it from most of the listed cases but states that the fees are "to be determined" in two cases, *Fitzgerald v. Osborn* and *Shoemaker v. Vanderbilt Medical.* Both of those cases have now settled and the Trustee is entitled to know whether Manookian Law claims entitlement to any fees therefrom. Manookian Law should be compelled to fully respond to

Interrogatory 5 and specifically identify in what fees, if any, it claims an interest.

- Interrogatory 8: Interrogatory 8 asks Manookian Law to state the legal and/or factual support for its claims to fees in certain cases identified in the responses to Interrogatory 5. Interrogatory 8 specifically requests "reference to any communication establishing the amounts to which the Defendant claims entitlement." Manookian Law does not identify the legal or factual support for any claim to fees, nor does it identify any documents. Manookian Law should be compelled to specifically identify the communications with clients or other counsel that are responsive to this interrogatory.

- Request 1: Request 1 seeks production of any document or communication that Manookian Law alleges supports the denials in its answer. Despite Manookian Law's repeated allegations that it is in possession of information that would disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Manookian Law has refused to provide any documents in response to this Request. Manookian Law should be compelled to respond to this Request and, to the extent it does not, it should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between

Manookian Law and plaintiffs to certain cases identified specifically in the Requests and Interrogatories. Manookian Law has refused to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged). Manookian Law offers to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Manookian Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 4: Request 4 seeks the production of documents or communications that evidence the termination of any attorney/client relationship between Manookian Law and any party to the cases specifically identified in the Requests. Manookian Law has refused to produce these documents on the grounds of attorney-client privilege (although disengagement letters are not privileged). Manookian Law offers to produce these communications "subject to entry of a suitable protective order", which the Trustee has provided. Manookian Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports its response to Interrogatory 5, namely the percentage of fees to which Manookian Law claims an interest in certain cases. Again, Manookian Law has refused to produce these documents. If Manookian Law's objection is one of privilege, the Trustee has proposed a protective order but Manookian

Law has not responded. Manookian Law should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Manookian Law objects, noting that "[t]he entity Manookian PLLC did not correspond with counsel for the Defendants in the Fitzgerald matter." Manookian Law seems to take the position in this case that it, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Manookian Law and counsel for the Defendants. Since Manookian Law was formed in January 2019, and the Fitzgerald matter was settled in August 2019, there should be a finite set of documents that are responsive to this request. Manookian Law should be compelled to produce all documents responsive to this request without hiding behind a false distinction between Manookian Law as an entity and Brian Manookian, its sole member. Manookian Law also claims that correspondence with defense counsel in that matter might be privileged; the Trustee is unaware of any privilege that would extend to communications between opposing counsel. Manookian Law should be compelled to produce the requested documents.

For the reasons outlined above, the Trustee requests that the Court compel Manookian Law to respond to the outstanding Interrogatories and Requests listed in this

Motion.[2]  The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[3]  Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties.  Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

> Respectfully Submitted,
>
> */s/ Phillip G. Young, Jr.*
> Phillip G. Young, Jr.
> Thompson Burton PLLC
> One Franklin Park
> 6100 Tower Circle, Suite 200
> Franklin, TN 37067
> Tel:    615.465.6008
> Fax:    615.807.3048
> Email: phillip@thompsonburton.com
>
> Special Counsel to Trustee

---

[2] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[3] *See* Fed. R. Civ. P. 37(a)(5)(A).

**RULE 37 CERTIFICATION**

I certify that I, in good faith, conferred or attempted to confer with Manookian

Law's counsel in an effort to obtain discovery responses without court action.

Specifically, on October 29, 2021 I sent counsel for Manookian Law a detailed "Meet

and Confer Letter". Further written correspondence between counsel occurred on

November 12, 2021, November 16, 2021, and December 3, 2021. I telephoned

Manookian Law's counsel on December 7, 2021 attempting to resolve this dispute.

Despite these attempts, and despite conversations regarding necessary discovery over the

past year, Manookian Law has failed to adequately respond to the discovery as detailed in

this Motion.

/s/ Phillip G. Young, Jr.

**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has

been served via electronic notice/ECF and/or United States Mail, first class, postage

prepaid, to the following persons:

John Spragens
Spragens Law, PLC
311 22nd Avenue, North
Nashville, TN 37203

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.

# THOMPSON BURTON PLLC

### ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

November 24, 2020

VIA U.S. MAIL AND ELECTRONIC MAIL

John Tate Spragens
Spragens Law PLC
311 22nd Ave N
Nashville, TN 37203
John@spragenslaw.com

Re:     ***Burton v. Hagh Law, PLLC et al.***
        **Discovery Propounded to Manookian, PLLC**

Dear John:

Please find enclosed discovery propounded to your client, Manookian, PLLC, by my client, Jeanne Ann Burton, Trustee. Please contact me with any questions.

Sincerely,

1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT MANOOKIAN, PLLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Interrogatories (the "Interrogatories") to Defendant Manookian, PLLC ("Defendant") and requests that Defendant respond to the following Interrogatories, separately and fully, under oath and within the time provided by law.

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

2

E.     *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

F.     *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.     *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.     *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.     *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.     *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.     *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the

3

business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

      L.        *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

      M.        *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

      N.        *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

      O.        *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

      P.        *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

4

Q.    *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## INSTRUCTIONS

1.    When asked to identify a document, state: (a) its location; (b) the location of all copies of the documents that are not identical duplicates of the original; (c) the name and title of each person presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's content and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document. If the document is available only in machine-readable form, state the form in which the document is available and the type of machine required to read the document. If the document was, but no longer is, in your possession, custody or control, state or identify: (a) what disposition was made of the document; (b) the date of the disposition, and (c) each person that either authorized or has knowledge of the disposition.

2.    When asked to identify a natural person, state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; (f) present or last known home and/or mobile telephone number. If the person no longer is employed by the person for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employment of the person and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.

3.    When asked to identify a non-natural person, state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of

5

business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding; and (f) the name, address and phone number of any attorney who has contacted the Defendants or the Defendants' agents on behalf of said entity.

4.      When asked to identify a transfer of property, state: (a) the date and amount (in dollars if made in cash or as a measure of the fair market value of other property transferred, if other than cash) of the transfer; (b) the mode of the transfer (such as by check, cash, other property, memorandum, book entry or other method of transfer); (c) each person who has or is believed to have first-hand knowledge of the transfer; (d) the account the property was transferred from; and (e) identify each document relating to the transfer pursuant to the above Instruction No. 1.

5.      When asked to identify a communication, state: (a) the date, time and place of the communication; (b) the form of the communication (such as memorandum, letter, or conversation); (c) each person who has or is believed to have first-hand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

6.      Whenever appropriate, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to outside their scope.

7.      When asked to state each and every basis for a given proposition or allegation, state or identify; (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or which supports

or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

8.      With respect to each document or communication that the Defendant does not produce or divulge based upon any claim or privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name and address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom a copy of the document was directed or sent; (e) the name and address of each person to whom has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j)  a general description or the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy of it bears; and (m) the reason the document or communication was not produced.

9.      You shall make any objections you might have to this discovery request in writing and deliver those written objections to the offices of Thompson Burton, PLLC, ATTN: Phillip Young, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such place as may be agreed upon by the parties, on or before 30 days of the date of this discovery was served.

10.     You are asked to state each and every basis to support the answers to the Interrogatories set forth below.

7

11.     These Interrogatories are intended to be continuing and you are obligated to amend your responses to them on a timely basis as more information becomes available to you or your counsel to the full extent required by applicable rules and case law.

## INTERROGATORIES

1.      Identify each person that provided any information used to answer these Interrogatories.

**Response:**

2.      Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response:**

3.      Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

4.      Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

8

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:**


6.      List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response:**


7.      List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response:**


8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response:**


9

9.      Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response:**

10.      Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:**

11.      For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:**

Dated this 24th day of November, 2020.

By:      /s/ Phillip G. Young, Jr.
         Phillip G. Young, Jr. (021087)
         Thompson Burton PLLC
         6100 Tower Circle, Suite 200
         Franklin, Tennessee 37067
         Tel:    (615) 465-6008
         Fax:    (615) 807-3048
         phillip@thompsonburton.com

         Attorneys for Jeanne Ann Burton, Trustee

10

## OATH

STATE OF TENNESSEE

COUNTY OF DAVIDSON

_____, as the corporate representative of Manookian PLLC, being first duly sworn, states that the responses to the foregoing Interrogatories are true and correct to the best of his/her knowledge, information and belief.

_____

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand and official seal at _____, Tennessee, this the ____ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

11

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

John Tate Spragens
Spragens Law PLC
311 22nd Ave N
Nashville, TN 37203
john@spragenslaw.com

*Attorneys for Manookian, PLLC*

By:     /s/ Phillip G. Young, Jr.
          Phillip G. Young, Jr.

12

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO DEFENDANT MANOOKIAN, PLLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton,

Trustee ("Trustee"), propounds these Requests for Production of Documents (the "Requests") to

Defendant Manookian, PLLC ("Defendant").

**DEFINITIONS**

In construing these discovery requests, the following definitions shall apply:

A.       *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of these discovery requests any information that might

otherwise be construed as outside their scope.

B.       *"Answer"* means the Answer filed by Defendant in this matter and/or any

amendments to it.

C.     *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.     *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

E.     *"Complaint"* means the Complaint filed by Trustee in this matter and/or any amendments to it.

2

F.  *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.  *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.  *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.  *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.  *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.  *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or

3

formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L. *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M. *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N. *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O. *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P. *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q. *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

4

# INSTRUCTIONS

1.     As required by law, your responses should supply documents not only in your possession, custody, or control, but also such information and documents which are available to all other persons acting on your behalf in this case.

2.     If you claim privilege for any document or any communication encompassed by this discovery, set forth the basis for such claim of privilege and give a sufficient description to identify, specifically, each document or communication, the authors and the persons to whom it was addressed and/or copies, and the basis for your claim of privilege.

3.     When this discovery calls for a document which, while known to you, is not in your possession or control, identify its present location and custodian if known, or otherwise its last known location and custodian.

4.     Where the context in the discovery makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.     This discovery is continuing in nature, and you are requested to supplement your response to any request promptly after receiving or obtaining any further documents responsive to any request herein. You are also requested to produce additional responsive documents within fourteen (14) days upon discovery of said documents.

5

## REQUESTS FOR PRODUCTION

1.      Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response:**


2.      Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:**


3.      Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:**


4.      Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters..

**Response:**


5.      Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

6

**Response:**


6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.


**Response:**


7.      Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.


**Response:**


8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.


**Response:**


9.      Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.


**Response:**


7

10.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response:**

11.     Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:**

Dated this 24th day of November, 2020.

By:     /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr. (021087)
        Thompson Burton PLLC
        6100 Tower Circle, Suite 200
        Franklin, Tennessee 37067
        Tel:    (615) 465-6008
        Fax:    (615) 807-3048
        phillip@thompsonburton.com

        Attorneys for Jeanne Ann Burton, Trustee

8

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

John Tate Spragens
Spragens Law PLC
311 22nd Ave N
Nashville, TN 37203
john@spragenslaw.com

*Attorneys for Manookian, PLLC*

By:   /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

<u>**REQUESTS FOR ADMISSION PROPOUNDED TO MANOOKIAN, PLLC**</u>

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Admission (the "Requests") to Defendant Manookian, PLLC ("Defendant").

<u>**DEFINITIONS**</u>

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.     *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.     *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

D.     *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

E.     *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

F.     *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

G.     *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

H.     *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

2

I. *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

J. *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

K. *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

L. *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

M. *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

3

N.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

O.     *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

P.     *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action this is additionally responsive or necessary to maintain the accuracy of answers previously served.

2.     If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to any admission, the matter with respect to which an admission is requested will be deemed admitted.

3.     In accordance with Federal Rule of Civil Procedure 36, you must supply an answer to any request for admission not unequivocally admitted that specifically denies the matter or sets forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. If only a portion of the request for admission should, in good faith, be denied, you must specify so much of the matter that is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

4

1.      Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


2.      Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


3.      Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**


4.      Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


5.      Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**

5

6.    Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**


7.    Admit that Brian Manookian is Defendant's only member.

**Response:**


Dated this 24th day of November, 2020.


By:    /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr. (021087)
        Thompson Burton PLLC
        6100 Tower Circle, Suite 200
        Franklin, Tennessee 37067
        Tel:    (615) 465-6008
        Fax:    (615) 807-3048
        phillip@thompsonburton.com

        Attorneys for Jeanne Ann Burton, Trustee

6

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF _____

_____, as corporate representative of Manookiann PLLC, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of his/her knowledge, information and belief.

_____

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

7

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

John Tate Spragens
Spragens Law PLC
311 22nd Ave N
Nashville, TN 37203
john@spragenslaw.com

*Attorneys for Manookian, PLLC*

By:    /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr.

8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, | ) | Case No. 3:19-bk-07235 |
| PLLC, | ) | Chapter 7 |
|     Debtor. | ) | Judge Walker |
| | ) | |
| JEANNE ANN BURTON, | ) | |
| TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; | ) | |
| and FIRST-CITIZENS BANK & | ) | |
| TRUST COMPANY, | ) | Adv. Proc. No. 3:20-ap-90002 |
|     Defendants. | ) | |

## MANOOKIAN, PLLC'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    Identify each person that provided any information used to answer these Interrogatories.

    **Response:  Brian Manookian**

2.     Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response:   Objection, this interrogatory is overly broad.  To the extent the Plaintiff wishes to identify specific contentions, denials, or defenses, Defendant is happy to address them on an individual basis.  Otherwise, Brian Manookian generally has knowledge of the matters addressed in the Answer.**

3.     Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:   Objection.  This interrogatory is so absurdly overbroad as to defy response.  To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant is happy to do so.**

4.     Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:  Objection.  This interrogatory is so absurdly overbroad as to defy response.  To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant is happy**

2

to do so.  Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.

5.     State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:   Manookian PLLC disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client.  To the extent Plaintiff is inquiring into Manookian PLLC's entitlement to payment from the following cases, Manookian PLLC answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | To be determined. |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | None |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | None |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

3

6.     List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response: Manookian PLLC does not utilize a website, email addresses, telephone numbers, or a physical address as it is not an operating entity.**

7.     List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response: Brian Manookian (1/14/2019 -10/06/2020)**

8.     State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Manookian PLC as an entity has no contractual relationship with or did no work for the Plaintiff.  For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or Manookian PLC may be entitled to some portion of a fee but has not made a claim to it.**

4

9.    Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response:  Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10.    Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:  Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

5

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:    Objection.    This is not an appropriate interrogatory. Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true.    If Plaintiff would like Defendant to expound on any particular denial, Defendant is happy to do so upon submission of a specific interrogatory.**

Respectfully Submitted,

/s John Spragens                /

John Spragens

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

> Phillip G. Young, Jr. (021087)
> Thompson Burton PLLC
> 6100 Tower Circle, Suite 200
> Franklin, Tennessee 37067
> Tel:   (615) 465-6008
> Fax:  (615) 807-3048
> phillip@thompsonburton.com
> Attorneys for Jeanne Ann Burton, Trustee

/s John Spragens          /

JOHN SPRAGENS

7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CUMMINGS MANOOKIAN, PLLC, | ) Case No. 3:19-bk-07235 |
| | ) Chapter 7 |
| Debtor. | ) Judge Walker |
| | ) |
| JEANNE ANN BURTON, TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAGH LAW, PLLC; AFSOON HAGH; MANOOKIAN, PLLC; and FIRST-CITIZENS BANK & TRUST COMPANY, | ) |
| | ) |
| | ) |
| | ) Adv. Proc. No. 3:20-ap-90002 |
| Defendants. | ) |

## MANOOKIAN, PLLC'S RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: Objection. This Request is absurdly overly broad and so general in nature as to defy good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2. Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: Defendant has no documents or materials responsive to this request.**

3. Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Objection. Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection and related activities upon entry of a suitable protective order which Defendant believes can easily be reached by agreement.**

4. Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: Objection. Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit**

2

inspection and related activities upon entry of a suitable protective order which Defendant believes can easily be reached by agreement.

5.    Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Objection.    This Request is overly broad and unduly burdensome.  Defendant will nevertheless attempt to respond.  For the cases in which Manookian PLLC does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Manookian PLLC did no work on the matter and/or had no contractual relationship with the client.  In fact, Manookian PLLC does not recognize certain of the cases and believes it may have never even interacted with the client.  To the extent any non-privileged, responsive documents exist, inspection and related activities will be permitted as requested.**

6.    Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response:  Manookian PLLC has not advanced any expenses on any case to its knowledge.**

3

7.    Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response: Objection.   This Request is overly broad, unduly burdensome, and impossibly vague.   Every document and communication "related" to the "operation" of Manookian PLLC would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.   Notwithstanding the foregoing objection, documents related to the creation and formation of Manookian PLLC are available directly from the Tennessee Secretary of State.   For other non-privileged, responsive materials such as articles of incorporation, inspection and related activities will be permitted as requested.**

8.    Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

4

**Response:** Objection. This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine. Notwithstanding the foregoing, the pleadings in the *Fitzgerald* matter are available from the Williamson County Circuit Court Clerk. The entity Manookian PLLC did not correspond with counsel for the Defendants in the *Fitzgerald* matter.

9.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:**     Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal.

10.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

5

**Response:** Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.

11.    Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:** Defendant did not reference any document in its responses to Plaintiff's First Set of Interrogatories, therefore no production is required in response to this Request.

Respectfully Submitted,

/s John Spragens            /

John Spragens

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

> Phillip G. Young, Jr. (021087)
> Thompson Burton PLLC
> 6100 Tower Circle, Suite 200
> Franklin, Tennessee 37067
> Tel:   (615) 465-6008
> Fax:   (615) 807-3048
> phillip@thompsonburton.com
> Attorneys for Jeanne Ann Burton, Trustee

/s John Spragens          /

JOHN SPRAGENS

7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, | ) | Case No. 3:19-bk-07235 |
| PLLC, | ) | Chapter 7 |
|     Debtor. | ) | Judge Walker |
| | ) | |
| JEANNE ANN BURTON, | ) | |
| TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; | ) | |
| and FIRST-CITIZENS BANK & | ) | |
| TRUST COMPANY, | ) | Adv. Proc. No. 3:20-ap-90002 |
|     Defendants. | ) | |

## MANOOKIAN PLLC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

1.    Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.    Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED,**

4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN OR HAVE ANY OWNERSHIP INTEREST IN 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203. THAT PROPERTY IS OWNED BY 45 MSW PARTNERS.**

5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED, AS MANOOKIAN PLLC HAS NOT USED ANY FURNITURE, EQUIPMENT, COMPUTERS OR OTHER PROPERTY BELONGINING TO CUMMINGS MANOOKIAN, PLC LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESEE 37203.**

2

6.      Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:  ADMITTED, AS MANOOKIAN PLLC HAS NOT USED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN, PLC.**

7.      Admit that Brian Manookian is Defendant's only member.

**Response:  ADMITTED**

Respectfully Submitted,

/s John Spragens          /

John Spragens

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served by fax on the following on January 26, 2021:

Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6008
Fax: (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee

/s John Spragens          /

JOHN SPRAGENS

4

# THOMPSON BURTON PLLC

ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

October 29, 2021

John Spragens
Spragens Law, PLC
311 22nd Avenue, North
Nashville, TN 37203
john@spragenslaw.com

    Re: ***Burton v. Hagh Law PLLC et al.***
       **United States Bankruptcy Court for the Middle District of Tennessee**
       **Case No. 3:20-ap-90002**

Dear John:

   As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. I am sending this letter pursuant to Rule 37 of the Federal Rule of Civil Procedures as a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.

   On or about January 26, 2021, you sent me Manookian PLLC's Responses to Plaintiff's First Requests for Production ("Request for Production Responses") and Manookian PLLC's Responses to Plaintiff's First Set of Interrogatories ("Interrogatory Responses") (collectively, "Discovery Responses"). I have had an opportunity to review your Discovery Responses with the Trustee. Unfortunately, they are deficient in several important respects.

   More specifically, Manookian PLLC has failed to adequately respond to the following Interrogatories: Nos. 5 & 8. The Trustee is entitled to know what percentage fee, if any, that Manookian PLLC is seeking with regard to each case listed in Interrogatory No. 5 and the basis for any such claim. Additionally, Manookian PLLC's Request for Production Responses to the following Requests were deficient: 1, 3, 4, 5, and 8. To the extent that Manookian PLLC claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

   By this letter, the Trustee requests that you more fully, completely and appropriately address these issues by no later than November 12, 2021. If you have failed to appropriately

1

supplement your responses by that date, the Trustee will have no choice but to file a motion to compel responses with the Court.

The Trustee intends to respond to your letter dated October 21, 2021, by separate letter prior to November 5, 2021.

Sincerely,

Phillip G. Young, Jr.

cc:     Jeanne Ann Burton, Trustee

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PROTECTIVE ORDER

Plaintiff Jeanne Ann Burton, Trustee and Defendants Hagh Law, PLLC, Afsoon Hagh, and

Manookian, PLLC (each of the foregoing, a "Party," and collectively, the "Parties") anticipate that

certain of their confidential business and/or client records, as well as those of non-parties, may be

produced in discovery in the above-captioned action (the "Action") and that such confidential

records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure

26(c), made applicable to this matter by Bankruptcy Rule 7026, the Court finds good cause for entry

of this Stipulated Protective Order ("Protective Order") to provide such protection according to the

terms and conditions set forth below. To expedite the flow of discovery material and the litigation

of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1. This Protective Order shall apply to all documents, electronically stored information (ESI), materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules, including without limitation, documents and data produced by any Party or non-party, answers to interrogatories, responses to requests for production, responses to requests for admission, expert disclosures, and deposition testimony.

2. As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

3. As used in this Protective Order, "Confidential Information" is information that the designating Party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial, or personal information, such as confidential business or client information.

4. Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format. For a multi-page document, each page containing Confidential Information shall be stamped separately.

5. All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

6.      Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

(i)     the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(ii)    counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

(iii)   expert witnesses and consultants, such as e-discovery vendors, who are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

(iv)    the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action; and

(v)     other persons by written agreement of the Parties or by order of the Court.

7.      Prior to disclosing any Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents and other information produced by non-parties shall be treated as Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential Information by letter to all other Parties in the Action.

9.      Deposition transcripts in this Action shall be treated as Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential Information by letter to all other Parties in the Action. Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential Information during the recording of such deposition. No person shall be present during portions of the depositions designated as "CONFIDENTIAL" unless such person is an authorized recipient of Confidential Information pursuant to this Protective Order.

10.      A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot consensually resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.   In connection with a motion filed under this provision, the Party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

11.      All Confidential Information designated as such that is contained within any document, including without limitation pleadings, briefs, deposition transcripts, and deposition exhibits, shall, if possible and feasible, be redacted by the Party seeking to file such prior to filing the document with the Court or, in the alternative, filed under seal, unless the Parties otherwise

4

agree. In the event that any Confidential Information is filed with the Court by any Party, including pages from motions, briefs, memorandum, or other pleadings containing or referencing (in such manner that the Confidential Information may be revealed thereby), the Confidential Information shall be redacted by the filing Party or, upon motion and with leave of Court, filed under seal unless otherwise agreed by the Parties. If a Party believes Confidential Information has been mistakenly filed with or in a pleading, such Party may, at the Party's own cost and expense, move that it be filed under seal.

12.     Except as provided in paragraph 11, material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed under seal. The Party wishing to file any Confidential Information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local rules.

13.     Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" (and any copies thereof) or destroy them. Upon written request, counsel for each Party shall furnish a certificate of compliance that all Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

14.     The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information that is received or disclosed pursuant to this Protective Order.

15.     The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production

5

as privileged or otherwise protected from discovery. In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s). If the Receiving Party discovers an obviously privileged document, in particular one containing counsel of record in this case as a sender or recipient, it will immediately notify the Producing Party of the document and return or destroy all copies of the document. If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information. The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request. If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed. Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

6

16.     Nothing in this Protective Order shall affect the admissibility of any evidence at a trial or hearing in this case.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

---

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

**AGREED:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.com

Counsel to Manookian PLLC

7

# SPRAGENS LAW

November 12, 2021

**Via email to: phillip@thompsonburton.com**

Phillip G. Young, Jr., Esq.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067

Dear Phillip:

I write to respond to your October 29, 2021 letter, in which you ask Manookian PLLC to supplement its responses to interrogatory nos. 5 & 8 and request for production nos. 1, 3, 4, 5, & 8.

We have reviewed our responses in good faith and believe that they fully reflect the information available to Manookian PLLC with respect to each interrogatory or request. That said—and in the spirit of satisfying our obligations to meet and confer about any discovery disputes—I would suggest we schedule a telephone call to discuss your requests, and our responses and objections thereto, so that we can explain our position on each interrogatory and request. I will have Mr. Manookian on the call to respond to any questions you have in furtherance of this dispute resolution process. Hopefully we can resolve, or at least narrow the scope of, our discovery dispute before seeking court intervention.

We can be available for such a call any weekday between November 16 and 23. Please let us know what suits your schedule.

Very truly yours,

John Spragens

311 22nd Ave. N., Nashville, TN 37203
P (615) 983-8900 | F (615) 682-8533 | spragenslaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CUMMINGS MANOOKIAN, PLLC,** | ) **Case No. 3:19-bk-07235** |
| Debtor. | ) **Chapter 7** |
| | ) **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HAGH LAW, PLLC; AFSOON** | ) |
| **HAGH; MANOOKIAN, PLLC; and** | ) |
| **FIRST-CITIZENS BANK & TRUST** | ) |
| **COMPANY,** | ) |
| Defendants. | ) |
| | ) **Adv. Proc. No. 3:20-ap-90002** |

---

## MOTION TO COMPEL DISCOVERY RESPONSES FROM HAGH LAW, PLLC

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Hagh Law, PLLC (the "Interrogatories") and Plaintiff's First Requests for Production of Documents Propounded to Defendant Hagh Law, PLLC (the "Requests") propounded to Hagh Law, PLLC ("Hagh Law") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Hagh Law.[1] Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

December 24, 2020.  Due to the holidays, and upon request by counsel for Hagh Law, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 28, 2021, Hagh Law served responses to the Interrogatories, Requests, and the requests for admission.  The responses are attached as collective Exhibit 2.  The Trustee deemed Hagh Law's responses to the requests for admission adequate, but viewed Hagh Law's responses to the Interrogatories and Requests as seriously deficient.  Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Hagh Law's responses to the Interrogatories and Requests until October 29, 2021.  On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Hagh Law identifying the deficiencies in the responses to the Interrogatories and Requests.  A copy of the Meet and Confer Letter is attached hereto as Exhibit 3. Notably, because Hagh Law had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Interrogatories and Requests by November 12, 2021.  On November 4, 2021, counsel for Hagh Law asked for additional time to respond to the Meet and Confer Letter.  Counsel for the Trustee agreed to an extension to November 30, 2021.  On November 30, 2021, Hagh Law served amended responses to the Interrogatories and Requests on the Trustee.  Those amended responses are attached hereto as Exhibit 4.

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Hagh Law's responses to the Interrogatories and Requests

remain deficient.[2]  More specifically, the Trustee identifies the following continuing deficiencies with the amended responses:

- Interrogatory 8:  Interrogatory 8 asks Hagh Law to state the legal and/or factual support for its claims to fees in certain cases identified in the responses to Interrogatory 5.  Interrogatory 8 specifically requests "reference to any communication establishing the amounts to which the Defendant claims entitlement."  Hagh Law's amended responses does not specifically identify those communications, instead choosing to broadly reference "written engagement letters" and agreements for fee sharing.  It concludes:  "Copies of these documents will be made available for inspection upon entry of an appropriate protective order."  The responses fail to specifically identify any communications which give rise to a right to compensation in the cases identified in the amended response to Interrogatory 5.  Moreover, despite being provided with a draft protective order, Hagh Law has failed to produce the communications responsive to this Interrogatory and Request 5.  Hagh Law should be compelled to specifically identify the communications with clients or other counsel that are responsive to this interrogatory.

- Request 1:  Request 1 seeks production of any document or communication that Hagh Law alleges supports the denials in its answer.  Despite Hagh Law's repeated allegations that it is in possession of information that would

---

[2] The amended responses to the Interrogatories did resolve the Trustee's issues regarding Interrogatory 5, and the amended responses to the Requests resolved the Trustee's issues regarding Requests 2, 4 and 7.

disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Hagh Law has refused to provide any documents in response to this Request. Hagh Law should be compelled to respond to this Request and, to the extent it does not, it should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between Hagh Law and plaintiffs to certain cases identified specifically in the Requests and Interrogatories. Hagh Law has repeatedly alleged that it has written engagement letters with these parties, but has repeatedly refused to produce them. In response to Request 3, Hagh Law again refuses to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged) and/or because the request is unduly burdensome (even though the Request identifies specific cases). Hagh Law again offers to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Hagh Law should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports its response to Interrogatory 5, namely the percentage of fees to which Hagh Law claims an interest in certain cases. Again, Hagh Law refuses to produce these documents without a "suitable protective order", which the

Trustee has proposed but to which Hagh Law has not responded. Hagh Law should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Hagh Law objects, noting that "[t]he entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter." Hagh Law has repeatedly taken the position in this case that it, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh Law and counsel for the Defendants. Since Hagh Law was formed in March 2019, and the Fitzgerald matter was settled in August 2019, there should be a finite set of documents that are responsive to this request. Hagh Law should be compelled to produce all documents responsive to this request without drawing a false distinction between Hagh Law as an entity and Afsoon Hagh, its sole member.

- Request 9: Request 9 seeks banks statements that show where funds from the settlement of the Fittzgerald matter were deposited, transferred or held since August 1, 2019. Hagh Law objects, claiming that Trustee's counsel is in possession of all such statements. However, the Trustee and her counsel are only in possession of a highly redacted bank statement that was previously produced by Brian Manookian, not by the account holder Hagh Law. The Trustee believes she is entitled to an unredacted copy of this bank

statement, to be produced by Hagh Law, so that she can ensure its veracity.

Hagh Law should be compelled to produce all responsive documents.

For the reasons outlined above, the Trustee requests that the Court compel Hagh Law to respond to the outstanding Interrogatories and Requests listed in this Motion.[3] The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[4] Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties. Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
Fax:    615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

---

[3] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv)).
[4] *See* Fed. R. Civ. P. 37(a)(5)(A).

**RULE 37 CERTIFICATION**

I certify that I, in good faith, conferred or attempted to confer with Hagh Law's

counsel in an effort to obtain discovery responses without court action. Specifically, on

October 29, 2021 I sent counsel for Hagh Law a detailed "Meet and Confer Letter".

Despite this attempt, and despite conversations regarding necessary discovery over the

past year, Hagh Law has failed to adequately respond to the discovery as detailed in this

Motion.

/s/ Phillip G. Young, Jr.


**Certificate of Service**

The undersigned hereby certifies that a true and exact copy of the foregoing has

been served via electronic notice/ECF and/or United States Mail, first class, postage

prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

This 20th day of December, 2021.

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

959307.2   13164-004 7

# THOMPSON BURTON PLLC

ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

November 24, 2020

VIA U.S. MAIL AND ELECTRONIC MAIL

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** ***Burton v. Hagh Law, PLLC et al.***
> **Discovery Propounded to Afsoon Hagh and Hagh Law, PLLC**

Dear Craig:

Please find enclosed discovery propounded to your clients, Afsoon Hagh and Hagh Law, PLLC, by my client, Jeanne Ann Burton, Trustee. Please contact me with any questions.

Sincerely,

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### PROPOUNDED TO DEFENDANT HAGH LAW, PLLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Interrogatories (the "Interrogatories") to Defendant Hagh Law, PLLC ("Defendant") and requests that Defendant respond to the following Interrogatories, separately and fully, under oath and within the time provided by law.

### DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.   *"Answer"* means the Answer by Defendant in this matter and/or any amendments

to it.

C.   *"CM Cases"* means the following lawsuits initiated by Cummings Manookian,

PLC as counsel for the plaintiffs:

| Case Name | Court |
| --- | --- |
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.   *"Communication(s)"* includes any transfer of information, ideas, opinions or

thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and

memoranda to file, any written letter, memorandum, or other document that was sent by one or

more individuals to another or others; any telephone calls between one or more individuals and

another or others, whether or not the call was by chance or prearranged, formal or informal; and

any conversation or meeting between one or more individuals and another, whether or not the

contact was by chance or prearranged, formal or informal.

2

E.	*"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

F.	*"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.	*"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.	*"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.	*"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.	*"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.	*"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the

3

business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.      *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.      *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.      *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.      *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.      *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

4

Q. *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## **INSTRUCTIONS**

1. When asked to identify a document, state: (a) its location; (b) the location of all copies of the documents that are not identical duplicates of the original; (c) the name and title of each person presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's content and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document. If the document is available only in machine-readable form, state the form in which the document is available and the type of machine required to read the document. If the document was, but no longer is, in your possession, custody or control, state or identify: (a) what disposition was made of the document; (b) the date of the disposition, and (c) each person that either authorized or has knowledge of the disposition.

2. When asked to identify a natural person, state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; (f) present or last known home and/or mobile telephone number. If the person no longer is employed by the person for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employment of the person and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.

3. When asked to identify a non-natural person, state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of

5

business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding; and (f) the name, address and phone number of any attorney who has contacted the Defendants or the Defendants' agents on behalf of said entity.

4.    When asked to identify a transfer of property, state: (a) the date and amount (in dollars if made in cash or as a measure of the fair market value of other property transferred, if other than cash) of the transfer; (b) the mode of the transfer (such as by check, cash, other property, memorandum, book entry or other method of transfer); (c) each person who has or is believed to have first-hand knowledge of the transfer; (d) the account the property was transferred from; and (e) identify each document relating to the transfer pursuant to the above Instruction No. 1.

5.    When asked to identify a communication, state: (a) the date, time and place of the communication; (b) the form of the communication (such as memorandum, letter, or conversation); (c) each person who has or is believed to have first-hand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

6.    Whenever appropriate, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to outside their scope.

7.    When asked to state each and every basis for a given proposition or allegation, state or identify; (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or which supports

6

or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

8.      With respect to each document or communication that the Defendant does not produce or divulge based upon any claim or privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name and address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom a copy of the document was directed or sent; (e) the name and address of each person to whom has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description or the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy of it bears; and (m) the reason the document or communication was not produced.

9.      You shall make any objections you might have to this discovery request in writing and deliver those written objections to the offices of Thompson Burton, PLLC, ATTN: Phillip Young, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such place as may be agreed upon by the parties, on or before 30 days of the date of this discovery was served.

10.     You are asked to state each and every basis to support the answers to the Interrogatories set forth below.

11.     These Interrogatories are intended to be continuing and you are obligated to amend your responses to them on a timely basis as more information becomes available to you or your counsel to the full extent required by applicable rules and case law.

## **INTERROGATORIES**

1.     Identify each person that provided any information used to answer these Interrogatories.

    **Response:**


2.     Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

    **Response:**


3.     Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

    **Response:**


4.     Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

    **Response:**

8

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response:**


6.      List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response:**


7.      List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response:**


8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response:**

9

9.    Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response:**

10.    Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:**

12.    State the date on which the Defendant was formed.

**Response:**

10

Dated this 24th day of November, 2020.

By:  /s/ Phillip G. Young, Jr.
     Phillip G. Young, Jr. (021087)
     Thompson Burton PLLC
     6100 Tower Circle, Suite 200
     Franklin, Tennessee 37067
     Tel:    (615) 465-6008
     Fax:   (615) 807-3048
     phillip@thompsonburton.com

     Attorneys for Jeanne Ann Burton, Trustee

11

## OATH

STATE OF TENNESSEE

COUNTY OF DAVIDSON

_____, as the corporate representative of Hagh Law PLLC, being first duly sworn, states that the responses to the foregoing Interrogatories are true and correct to the best of his/her knowledge, information and belief.

_____

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

12

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By:    /s/ Phillip G. Young, Jr.
       Phillip G. Young, Jr.

13

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO DEFENDANT HAGH LAW, PLLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Production of Documents (the "Requests") to Defendant Hagh Law, PLLC ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A. *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B. *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

E.    *"Complaint"* means the Complaint filed by Trustee in this matter and/or any amendments to it.

2

F.    *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.    *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.    *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.    *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.    *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.    *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or

3

formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.  *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.  *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.  *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.  *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.  *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.  *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

4

## INSTRUCTIONS

1.      As required by law, your responses should supply documents not only in your possession, custody, or control, but also such information and documents which are available to all other persons acting on your behalf in this case.

2.      If you claim privilege for any document or any communication encompassed by this discovery, set forth the basis for such claim of privilege and give a sufficient description to identify, specifically, each document or communication, the authors and the persons to whom it was addressed and/or copies, and the basis for your claim of privilege.

3.      When this discovery calls for a document which, while known to you, is not in your possession or control, identify its present location and custodian if known, or otherwise its last known location and custodian.

4.      Where the context in the discovery makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.      This discovery is continuing in nature, and you are requested to supplement your response to any request promptly after receiving or obtaining any further documents responsive to any request herein. You are also requested to produce additional responsive documents within fourteen (14) days upon discovery of said documents.

5

## REQUESTS FOR PRODUCTION

1.      Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response:**


2.      Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:**


3.      Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:**


4.      Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters..

**Response:**


5.      Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

6

**Response:**


6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.


**Response:**


7.      Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.


**Response:**


8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.


**Response:**


9.      Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.


7

**Response:**

10.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:**

11.      For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response:**

12.     Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:**

8

Dated this 24th day of November, 2020.

By:    /s/ Phillip G. Young, Jr.
       Phillip G. Young, Jr. (021087)
       Thompson Burton PLLC
       6100 Tower Circle, Suite 200
       Franklin, Tennessee 37067
       Tel:   (615) 465-6008
       Fax:   (615) 807-3048
       phillip@thompsonburton.com

       Attorneys for Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing

document has been forwarded by United State Mail, first class, with sufficient postage, on this the

24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By:    /s/ Phillip G. Young, Jr.
       Phillip G. Young, Jr.

9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## REQUESTS FOR ADMISSION PROPOUNDED TO HAGH LAW, PLLC

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Admission (the "Requests") to Defendant Hagh Law, PLLC ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.     *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.     *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

D.  *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

E.  *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

F.  *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

G.  *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

H.  *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

2

I.      *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

J.      *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

K.      *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

L.      *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

M.      *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

3

N.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

O.     *"Relate", "relating to", "refer to", "referencing", "regarding", "pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

P.     *"You"* or *"Your"* means Defendant and its members, agents, employees or representatives.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action this is additionally responsive or necessary to maintain the accuracy of answers previously served.

2.     If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to any admission, the matter with respect to which an admission is requested will be deemed admitted.

3.     In accordance with Federal Rule of Civil Procedure 36, you must supply an answer to any request for admission not unequivocally admitted that specifically denies the matter or sets forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. If only a portion of the request for admission should, in good faith, be denied, you must specify so much of the matter that is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

4

1.     Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


2.     Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**


4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


5

6. Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**


7. Admit that Afsoon Hagh is Defendant's only member.

**Response:**


Dated this 24th day of November, 2020.


By:     /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr. (021087)
        Thompson Burton PLLC
        6100 Tower Circle, Suite 200
        Franklin, Tennessee 37067
        Tel:     (615) 465-6008
        Fax:     (615) 807-3048
        phillip@thompsonburton.com

        Attorneys for Jeanne Ann Burton, Trustee

6

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF _____

_____, as corporate representative of Hagh Law PLLC, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of his/her knowledge, information and belief.

_____

      Personally appeared before me, the undersigned, a Notary Public in and for said County and State, _____, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he/she executed the within instrument for the purposes therein contained.

      Witness my hand and official seal at _____, Tennessee, this the ___ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

7

**CERTIFICATE OF SERVICE**

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Hagh Law, PLLC*

By:   /s/ Phillip G. Young, Jr.
      Phillip G. Young, Jr.

8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:                                    )
                                          )   **Case No. 3:19-bk-07235**
CUMMINGS MANOOKIAN, PLLC,                 )   **Chapter 7**
                                          )   **Judge Walker**
    Debtor.           )
                                          )
JEANNE ANN BURTON, TRUSTEE,               )
                                          )
    Plaintiff,        )
                                          )
v.                                        )   **Adv. Proc. No. 3:20-ap-90002**
                                          )
HAGH LAW, PLLC; AFSOON HAGH;              )
MANOOKIAN, PLLC; and FIRST-               )
CITIZENS BANK & TRUST COMPANY,            )
                                          )
    Defendants.       )

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PPC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.    Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.    Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.    Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.    Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.    Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8.    Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.　　Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

<div align="center">

**SPECIFIC RESPONSES**

</div>

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

<div align="center">

**INTERROGATORIES**

</div>

1.　　Identify each person that provided any information used to answer these Interrogatories.

**Response: Afsoon Hagh**

2.　　Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Afsoon Hagh, Brian Manookian, Phillip Young, Jeanne Burton**

3.　　Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

Response: Objection. This interrogatory is so overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.

4. Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

Response: Objection. This interrogatory is so absurdly overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests. Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.

5. State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

Response: Hagh Law disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | To be determined |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | To be determined. |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |

| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

6.     List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant since January 1, 2018, and include the dates of the Defendant's use.

**Response: Hagh Law does not have a website. Hagh Law does not have an email address. Afsoon Hagh utilizes the email address afsoon@haghlaw.com. Hagh Law utilizes the phone number 615-266-3653 and the fax number 615-266-3655. Hagh Law utilizes Afsoon Hagh's residence for all work. Hagh Law receives mail at 45 Music Square West, Nashville, Tennessee 37203 by permission of its owner 45 MSW Partners. Hagh Law has never physically occupied or utilized office space, furniture, or fixtures at 45 Music Square West.**

7.     List all members and employees of the Defendant, and include the dates of each individual's involvement with the Defendant.

**Response: Afsoon Hagh, sole member since formation of Hagh Law**

8.     State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," Hagh Law as an entity has no contractual relationship with or did no work for the Plaintiff. For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or Hagh Law secured a settlement or payment for the client.**

9. Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10. Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection. This is not an appropriate interrogatory. Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true. If Plaintiff would like Defendant to expound on any particular denial, Defendant will consider that request after it is received. Without waiving the foregoing, Defendant incorporates herein its response to interrogatory 6 above and Defendants' theory of the case set forth in the Joint Pretrial Statement.**

12.    State the date on which the Defendant was formed.

**Response: 03/25/2019**

               Respectfully submitted,

               /s/ Craig V. Gabbert, Jr.
               Craig V. Gabbert, Jr. (BPR 004702)
               Glenn B. Rose (BPR 10598)
               Bass, Berry & Sims PLC
               150 Third Ave. S., Suite 2800
               Nashville, TN 37201
               (615) 742-6200
               cgabbert@bassberry.com
               grose@bassberry.com

               *Attorney for Afsoon Hagh and*
               *Hagh Law, PLLC*

<div align="center"><u>OATH</u></div>

    Afsoon Hagh, as the corporate representative of Hagh Law PLLC, hereby declares under penalty of perjury that that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709360.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9. Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

### SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

### REQUESTS FOR PRODUCTION

1. Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy a good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2. Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: No documents responsive to this request.**

3.      Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome.**

4.      Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: There are no documents responsive to this request.**

5.      Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome. Without waiving the foregoing objection, for the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or**

had no contractual relationship with the client. In fact, Defendant does not recognize certain of the cases and believes it may have never even interacted with the client.

6.    Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response: Attached.**

7.    Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:  Objection.  This Request is overly broad, unduly burdensome, and impossibly vague.  Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.  Notwithstanding the foregoing objection, documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State.  For other non-privileged, responsive materials such as articles of incorporation, inspection and related activities will be permitted as requested.**

8.    Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Moreover, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.**

9.     Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response: Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court. Any other documentation is irrelevant to this case.**

10.    Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response: Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal. All exhibits will be identified in compliance with the applicable federal and local rules.**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response: Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.**

12.    Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:** Subject to the entry of an appropriate protective order, Defendant will produce any documents referenced in its responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709439.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT HAGH LAW, PLLC'S RESPONSE TO
## REQUESTS FOR ADMISSION

---

Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Request for Admission.

1.    Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.    Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED**.

4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TENNESSEE 37203.**

6.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response: ADMITTED, AS DEFENDANT HAS NOT USED UTILIZED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN PLC.**

7.     Admit that Afsoon Hagh is Defendant's only member.

**Response: ADMITTED.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29502521.1

# THOMPSON BURTON PLLC

A T T O R N E Y S   A T   L A W
A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

October 29, 2021

Craig Gabbert
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** ***Burton v. Hagh Law PLLC et al.***
> **United States Bankruptcy Court for the Middle District of Tennessee**
> **Case No. 3:20-ap-90002**

Dear Craig:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. I am sending this letter pursuant to Rule 37 of the Federal Rule of Civil Procedures as a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.

On or about January 28, 2021, you sent me Defendant Hagh Law, PLLC's Response to Plaintiff's First Request for Production of Documents ("Hagh Law Request for Production Responses") and Defendant Hagh Law, PLLC's Response to Plaintiff's First Set of Interrogatories ("Hagh Law Interrogatory Responses") (collectively, "Hagh Law Discovery Responses"). You also sent me Defendant Afsoon Hagh's Response to Plaintiff's First Request for Production of Documents ("Afsoon Request for Production Responses") and Defendant Afsoon Hagh's Response to Plaintiff's First Set of Interrogatories ("Afsoon Interrogatory Responses") (collectively, "Afsoon Discovery Responses"). I have had an opportunity to review the Hagh Law Discovery Responses and Afsoon Discovery Responses with the Trustee. Unfortunately, they are deficient in several important respects.

More specifically, Hagh Law, PLLC has failed to adequately respond to the following Interrogatories: Nos. 5 & 8. The Trustee is entitled to know what percentage fee, if any, that Hagh Law is seeking with regard to each case listed in Interrogatory No. 5 and the basis for any such claim. Additionally, Hagh Law's Request for Production Responses to the following Requests were deficient: 1, 3, 5, 7, 8 and 9. To the extent that Hagh Law, PLLC claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

1

Similarly, Afsoon Hagh's Request for Productions Responses to the following Requests were deficient: 1, 3, 5, 8 and 9. To the extent that Afsoon Hagh claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

By this letter, the Trustee requests that you more fully, completely and appropriately address these issues by no later than November 12, 2021. If you have failed to appropriately supplement your responses by that date, the Trustee will have no choice but to file a motion to compel responses with the Court.

Sincerely,

Phillip G. Young, Jr.

cc:     Jeanne Ann Burton, Trustee

2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CUMMINGS MANOOKIAN, PLLC,** | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **HAGH LAW, PLLC; AFSOON HAGH;** | ) | |
| **MANOOKIAN, PLLC; and FIRST-** | ) | |
| **CITIZENS BANK & TRUST** | ) | |
| **COMPANY,** | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

---

## PROTECTIVE ORDER

---

Plaintiff Jeanne Ann Burton, Trustee and Defendants Hagh Law, PLLC, Afsoon Hagh, and

Manookian, PLLC (each of the foregoing, a "Party," and collectively, the "Parties") anticipate that

certain of their confidential business and/or client records, as well as those of non-parties, may be

produced in discovery in the above-captioned action (the "Action") and that such confidential

records must be protected from further disclosure.  Pursuant to Federal Rule of Civil Procedure

26(c), made applicable to this matter by Bankruptcy Rule 7026, the Court finds good cause for entry

of this Stipulated Protective Order ("Protective Order") to provide such protection according to the

terms and conditions set forth below.  To expedite the flow of discovery material and the litigation

of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1.     This Protective Order shall apply to all documents, electronically stored information (ESI), materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules, including without limitation, documents and data produced by any Party or non-party, answers to interrogatories, responses to requests for production, responses to requests for admission, expert disclosures, and deposition testimony.

2.     As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

3.     As used in this Protective Order, "Confidential Information" is information that the designating Party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial, or personal information, such as confidential business or client information.

4.     Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format.  For a multi-page document, each page containing Confidential Information shall be stamped separately.

5.     All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

2

6.      Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

(i)     the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(ii)    counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

(iii)   expert witnesses and consultants, such as e-discovery vendors, who are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

(iv)    the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action; and

(v)     other persons by written agreement of the Parties or by order of the Court.

7.      Prior to disclosing any Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Documents and other information produced by non-parties shall be treated as Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential Information by letter to all other Parties in the Action.

3

9.      Deposition transcripts in this Action shall be treated as Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential Information by letter to all other Parties in the Action.  Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential Information during the recording of such deposition.  No person shall be present during portions of the depositions designated as "CONFIDENTIAL" unless such person is an authorized recipient of Confidential Information pursuant to this Protective Order.

10.     A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot consensually resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party objecting to the designation of the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.   In connection with a motion filed under this provision, the Party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

11.     All Confidential Information designated as such that is contained within any document, including without limitation pleadings, briefs, deposition transcripts, and deposition exhibits, shall, if possible and feasible, be redacted by the Party seeking to file such prior to filing the document with the Court or, in the alternative, filed under seal, unless the Parties otherwise

4

agree. In the event that any Confidential Information is filed with the Court by any Party, including pages from motions, briefs, memorandum, or other pleadings containing or referencing (in such manner that the Confidential Information may be revealed thereby), the Confidential Information shall be redacted by the filing Party or, upon motion and with leave of Court, filed under seal unless otherwise agreed by the Parties. If a Party believes Confidential Information has been mistakenly filed with or in a pleading, such Party may, at the Party's own cost and expense, move that it be filed under seal.

12.     Except as provided in paragraph 11, material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed under seal. The Party wishing to file any Confidential Information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local rules.

13.     Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" (and any copies thereof) or destroy them. Upon written request, counsel for each Party shall furnish a certificate of compliance that all Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

14.     The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information that is received or disclosed pursuant to this Protective Order.

15.     The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production

5

as privileged or otherwise protected from discovery.  In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s).  If the Receiving Party discovers an obviously privileged document, in particular one containing counsel of record in this case as a sender or recipient, it will immediately notify the Producing Party of the document and return or destroy all copies of the document.  If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information.  The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request.  If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed.  Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

6

16.     Nothing in this Protective Order shall affect the admissibility of any evidence at a trial or hearing in this case.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

**AGREED:**

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: (615) 465-6000
phillip@thompsonburton.com

Special Counsel to Jeanne Ann Burton, Trustee

/s/
Craig V. Gabbert, Jr.
Bass, Berry & Sims, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6277
cgabbert@bassberry.com

Counsel to Afsoon Hagh and Hagh Law, PLLC

/s/
John T. Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
Tel: (615) 983-8900
john@spragenslaw.com

Counsel to Manookian PLLC

7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:

CUMMINGS MANOOKIAN, PLLC,

    Debtor.

JEANNE ANN BURTON, TRUSTEE,

    Plaintiff,

v.

HAGH LAW, PLLC; AFSOON HAGH;
MANOOKIAN, PLLC; and FIRST-
CITIZENS BANK & TRUST COMPANY,

    Defendants.

Case No. 3:19-bk-07235
Chapter 7
Judge Walker

Adv. Proc. No. 3:20-ap-90002

---

## DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NUMBERS 5 AND 8

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to interrogatories 5 and 8 to Plaintiff's First Set of Interrogatories Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.    Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3. Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5. Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6. Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7. Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control. Defendant will disclose information that is within its possession, custody or control.

8. Defendant does not waive any of its general objections by providing specific answers or responses below. That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.      Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

<div align="center">

**SPECIFIC RESPONSES**

</div>

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

<div align="center">

**INTERROGATORIES**

</div>

5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges it is entitled to from each of the CM Cases.

**Response: Hagh Law disputes that there are "CM Cases" to the extent that Plaintiff asserts that an individual's right of action belongs to law firms or lawyers as opposed to the individual client. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33.33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |

| | |
|---|---|
| Miller v. Vanderbilt Medical | 33.33% |
| Ruffino v. Archer | None |
| Salas v. Rosdeutscher et al | 16.66% |
| Shoemaker v. Vanderbilt Medical | 23.11% |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

8.    State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: Every individual has a right to counsel of his or her choice. Defendant's entitlement to a fee in those cases where one is claimed is based on written engagement letters that defendant has with each of specified clients pursuant to which defendant was retained by the client to pursue the client's claim in exchange for specified compensation. Defendant has also agreed to share a portion of her recovery with other attorneys working on some of these cases. Copies of these documents will be made available for inspection upon entry of an appropriate protective order.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## DECLARATION UNDER PENALTY OF PERJURY

Afsoon Hagh, as the representative of Hagh Law PLLC, under penalty for perjury, hereby states that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____
Afsoon Hagh

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HAGH LAW, PLLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Hagh Law, PLLC ("Hagh Law" or "Defendant") hereby submits its supplemental responses to Plaintiff's First Requests for Production of Documents Propounded to Hagh Law, PLLC. Defendant reserves its right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.      Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.      Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.      Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.      Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.      Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.      Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.     Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

<p align="center">SPECIFIC RESPONSES</p>

Subject to and without waiving and of its foregoing general objections, Hagh Law provides the following further objections and responses to these interrogatories and requests for production:

<p align="center">REQUESTS FOR PRODUCTION</p>

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis. To date, the Plaintiff has declined do so; moreover, this requests would encompass all pleadings which are publicly available to the trustee as well as all attorney-client and work-product privileged materials which belong directly to the client and for which Defendant has no ability to waive.**

2.      Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response:  No documents responsive to this request.**

3.      Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response:   Objection. Defendant believes these materials may be attorney-client privilege and the request for every Document or Communication is unreasonably burdensome. Without waiving the foregoing, to the extent they have not already been provided, Defendant will produce engagement letters with the clients subject to entry of a suitable protective order.**

4.      Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response:  No documents responsive to this request.**

5.      Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response:  Objection.  For the cases in which Hagh Law does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or had no contractual relationship with the client.  For the other matters, this Request is overly broad and unduly burdensome.**

**Without waiving the foregoing, to the extent any non-privileged, responsive documents exist, see response to RFPD No. 3.**

7.     Please produce copies of all Documents and Communications that relate to the creation, operation, or corporate structure of Defendant, including but not limited to corporate formation documents and operating agreements.

**Response:  Objection.  This Request is overly broad, unduly burdensome, and impossibly vague.  Every document and communication "related" to the "operation" of Hagh Law would conceivably comprise of every piece of mail, incoming or outgoing, received by Defendant at any time and for any purpose.  Without waiving the foregoing objection, Defendant will produce documents directly related to the formation of Hagh Law and its ownership structure.  Defendant further notes that some documents related to the creation and formation of Hagh Law are available directly from the Tennessee Secretary of State and that it has no written operating agreement.**

8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Notwithstanding the foregoing, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.  The entity Hagh Law did not correspond with counsel for the Defendants in the Fitzgerald matter. Afsoon Hagh communicated with counsel for defendants in the Fitzgerald matter on innumerable**

occasions over a number of years on a host of topics ranging from discovery disputes, to the logistics of scheduling depositions; to the extent Plaintiff can identify key words, topics or dates of correspondence that the trustee seeks, Defendant will make a good faith effort to locate and produce for such correspondence.

9.      Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:   Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 30th day of November 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Case No. 3:19-bk-07235** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON | ) | |
| HAGH; MANOOKIAN, PLLC; and | ) | |
| FIRST-CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |
| | ) | **Adv. Proc. No. 3:20-ap-90002** |

---

## <u>MOTION TO COMPEL DISCOVERY RESPONSES FROM AFSOON HAGH</u>

Pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7037, Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff herein (the "Trustee"), respectfully moves to compel responses to Plaintiff's First Requests for Production of Documents Propounded to Defendant Afsoon Hagh (the "Requests") propounded to Afsoon Hagh ("Hagh") on November 24, 2020.

On November 24, 2020, the Trustee served interrogatories, requests for document production, and requests for admission on Hagh.[1]  Pursuant to the Federal Rules of Civil Procedure and the Bankruptcy Rules, responses to this discovery were due on December

---

[1] Those documents are attached as collective <u>Exhibit 1</u>.

24, 2020.  Due to the holidays, and upon request by counsel for Hagh, the Trustee extended the response deadline for this written discovery to January 28, 2021.

On January 28, 2021, Hagh served responses to the Requests, interrogatories, and the requests for admission.  The responses are attached as collective <u>Exhibit 2.</u>  The Trustee deemed Hagh's responses to the interrogatories and requests for admission adequate, but viewed Hagh's responses to the Requests as seriously deficient.  Because the Court had stayed discovery in this matter for a number of months, the Trustee took no action on the deficiencies in Hagh's responses to the Requests until October 29, 2021.  On that day, the Trustee sent a letter (the "Meet and Confer Letter") to counsel for Hagh identifying the deficiencies in the responses to the Requests.  A copy of the Meet and Confer Letter is attached hereto as <u>Exhibit 3.</u>  Notably, because Hagh had previously taken the position that certain documents would not be produced absent a protective order, the Trustee included a proposed protective order with the Meet and Confer Letter.

The Trustee sought more full and adequate responses to the Requests by November 12, 2021.  On November 4, 2021, counsel for Hagh asked for additional time to respond to the Meet and Confer Letter.  Counsel for the Trustee agreed to an extension to November 30, 2021.  On November 30, 2021, Hagh Law, PLlC served amended responses to the discovery but Hagh individually served no supplemental responses.

Unfortunately, despite the passage of over thirteen (13) months and despite a Meet and Confer letter, several of Hagh's responses to the Requests remain deficient.  More specifically, the Trustee identifies the following continuing deficiencies with the Request responses:

- Request 1: Request 1 seeks production of any document or communication that Hagh alleges supports the denials in her answer. Despite Hagh's repeated allegations that she is in possession of information that would disprove the Trustee's allegations (such as, for example, video from the law offices of the Debtor and data regarding key swipes at the offices of the Debtor), Hagh has refused to provide any documents in response to this Request. Hagh should be compelled to respond to this Request and, to the extent she does not, she should be prohibited from producing any such document or information as evidence before this Court.

- Request 3: Request 3 seeks every document or communication that evidences the creation of an attorney/client relationship between Hagh and plaintiffs to certain cases identified specifically in the Requests and the related interrogatories. Hagh has repeatedly alleged that she or her law frim has written engagement letters with these parties, but has repeatedly refused to produce them. In response to Request 3, Hagh again refuses to produce these documents on the grounds of attorney-client privilege (although engagement letters are not privileged) and/or because the request is unduly burdensome (even though the Request identifies specific cases). Hagh has offered to produce these engagement letters "subject to entry of a suitable protective order", which the Trustee has provided. Hagh should be compelled to produce these requested documents and communications with certain former clients of the Debtor.

- Request 5: Request 5 seeks the production of every document that supports her response to Interrogatory 5, namely the percentage of fees to which Hagh claims an interest in certain cases. Again, Hagh refuses to produce these documents without a "suitable protective order", which the Trustee has proposed but to which Hagh has not responded. Hagh should be compelled to produce all documents responsive to Request 5.

- Request 8: Request 8 seeks the production of all documents and communications that relate or refer to the *Fitzgerald v. Osborn* case, including correspondence with defense counsel in that case. Hagh objects, vaguely claiming a privilege but failing to produce a privilege log. Hagh has repeatedly taken the position in this case that she and/or her law firm, and not the Debtor, performed substantial services on behalf of the plaintiff in that matter. In order to prove or disprove that allegation, the Trustee is entitled to review all documents and communications between Hagh and counsel for the Defendants. Hagh should be compelled to produce all documents responsive to this request.

- Request 9: Request 9 seeks banks statements that show where funds from the settlement of the Fitzgerald matter were deposited, transferred or held since August 1, 2019. Hagh objects, claiming that Trustee's counsel is in possession of all such statements. However, the Trustee and her counsel are only in possession of a highly redacted bank statement that was previously produced by Brian Manookian, not by the account holder Hagh Law or Hagh individually. The Trustee believes she is entitled to an

unredacted copy of this bank statement, to be produced by Hagh or Hagh Law, so that she can ensure its veracity. Hagh should be compelled to produce all responsive documents.

For the reasons outlined above, the Trustee requests that the Court compel Hagh to respond to the outstanding Requests listed in this Motion.[2] The Trustee further requests that the Court award the estate its attorney's fees incurred in connection with this Motion.[3] Since this is not an emergency matter, the Trustee asks the Court to set a hearing on this matter after January 1, 2022 in order to accommodate the holiday schedules of all parties. Alternatively, if the Court prefers, the Trustee would be amenable to discussing this issue at the pretrial conference currently scheduled in this matter on February 2, 2022.

Dated: December 20, 2021

Respectfully Submitted,

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:    615.465.6008
Fax:    615.807.3048
Email: phillip@thompsonburton.com

Special Counsel to Trustee

**RULE 37 CERTIFICATION**

---

[2] *See* Fed. R. Civ. P 37(a)(3)(B)(iii) & (iv).
[3] *See* Fed. R. Civ. P. 37(a)(5)(A).

959307.2  13164-0045

I certify that I, in good faith, conferred or attempted to confer with Hagh's counsel in an effort to obtain discovery responses without court action. Specifically, on October 29, 2021 I sent counsel for Hagh a detailed "Meet and Confer Letter". Despite this attempt, and despite conversations regarding necessary discovery over the past year, Hagh has failed to adequately respond to the discovery as detailed in this Motion.

/s/ Phillip G. Young, Jr.

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid, to the following persons:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201

This 20th day of December, 2021.

*/s/ Phillip G. Young, Jr.*
Phillip G. Young, Jr.

# THOMPSON BURTON PLLC

## ATTORNEYS AT LAW
### A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

November 24, 2020

VIA U.S. MAIL AND ELECTRONIC MAIL

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

> **Re:** ***Burton v. Hagh Law, PLLC et al.***
> **Discovery Propounded to Afsoon Hagh and Hagh Law, PLLC**

Dear Craig:

Please find enclosed discovery propounded to your clients, Afsoon Hagh and Hagh Law, PLLC, by my client, Jeanne Ann Burton, Trustee. Please contact me with any questions.

Sincerely,

1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANT AFSOON HAGH

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Interrogatories (the "Interrogatories") to Defendant Afsoon Hagh ("Defendant") and requests that Defendant respond to the following Interrogatories, separately and fully, under oath and within the time provided by law.

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian, PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

2

E.      *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

F.      *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.      *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.      *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.      *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.      *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.      *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the

3

business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.     *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.     *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.     *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.     *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.     *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

4

**INSTRUCTIONS**

1.     When asked to identify a document, state: (a) its location; (b) the location of all copies of the documents that are not identical duplicates of the original; (c) the name and title of each person presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's content and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document. If the document is available only in machine-readable form, state the form in which the document is available and the type of machine required to read the document. If the document was, but no longer is, in your possession, custody or control, state or identify: (a) what disposition was made of the document; (b) the date of the disposition, and (c) each person that either authorized or has knowledge of the disposition.

2.     When asked to identify a natural person, state his or her: (a) name; (b) title or position; (c) present or last known business address; (d) present or last known home address; (e) present or last known business telephone number; (f) present or last known home and/or mobile telephone number. If the person no longer is employed by the person for which he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employment of the person and his/her title or position when he/she engaged in the activity that is the subject of the interrogatory.

3.     When asked to identify a non-natural person, state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the

5

organization with respect to the subject matter stated in the interrogatory; and (e) the relationship of the entity to the parties to this proceeding; and (f) the name, address and phone number of any attorney who has contacted the Defendants or the Defendants' agents on behalf of said entity.

4.      When asked to identify a transfer of property, state: (a) the date and amount (in dollars if made in cash or as a measure of the fair market value of other property transferred, if other than cash) of the transfer; (b) the mode of the transfer (such as by check, cash, other property, memorandum, book entry or other method of transfer); (c) each person who has or is believed to have first-hand knowledge of the transfer; (d) the account the property was transferred from; and (e) identify each document relating to the transfer pursuant to the above Instruction No. 1.

5.      When asked to identify a communication, state: (a) the date, time and place of the communication; (b) the form of the communication (such as memorandum, letter, or conversation); (c) each person who has or is believed to have first-hand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

6.      Whenever appropriate, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these requests any matter which might otherwise be construed to outside their scope.

7.      When asked to state each and every basis for a given proposition or allegation, state or identify; (a) each person who has or purports to have knowledge of the facts underlying the proposition or allegation; (b) each document used or relied upon to formulate, or which supports or substantiates, the allegation or proposition; and (c) the rationale and each fact supporting the allegation or proposition.

6

8.    With respect to each document or communication that the Defendant does not produce or divulge based upon any claim or privilege or for any other reason, state: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name and address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom a copy of the document was directed or sent; (e) the name and address of each person to whom has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description or the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy of it bears; and (m) the reason the document or communication was not produced.

9.    You shall make any objections you might have to this discovery request in writing and deliver those written objections to the offices of Thompson Burton, PLLC, ATTN: Phillip Young, 6100 Tower Circle, Suite 200, Franklin, Tennessee 37067, or at such place as may be agreed upon by the parties, on or before 30 days of the date of this discovery was served.

10.    You are asked to state each and every basis to support the answers to the Interrogatories set forth below.

11.    These Interrogatories are intended to be continuing and you are obligated to amend your responses to them on a timely basis as more information becomes available to you or your counsel to the full extent required by applicable rules and case law.

7

## INTERROGATORIES

      1.      Identify each person that provided any information used to answer these Interrogatories.

**Response:**

      2.      Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response:**

      3.      Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

      4.      Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response:**

      5.      State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges she is entitled to from each of the CM Cases.

**Response:**

<div align="center">8</div>

6.      List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant for business purposes since January 1, 2018, and include the dates of the Defendant's use.

**Response:**

7.      List all employees of the Defendant since January 1, 2018, and include the dates of each individual's involvement with the Defendant.

**Response:**

8.      State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response:**

9.      Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

9

**Response:**

10.     Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response:**

11.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response:**

12.     State your relationship with Cummings Manookian, PLC from January 1, 2018 through present, whether you were an employee, independent contractor or had no relationship with Cummings Manookian, PLC. If your relationship with Cummings Manookian, PLC changed during this time, please indicate the dates of each such relationship.

**Response:**

13.     List all amounts you were paid by Cummings Manookian, PLC since January 1, 2018. For each payment, list the date of payment, amount of payment, and consideration for such payment.

10

**Response:**

Dated this 24th day of November, 2020.

By:    /s/ Phillip G. Young, Jr.
            Phillip G. Young, Jr. (021087)
            Thompson Burton PLLC
            6100 Tower Circle, Suite 200
            Franklin, Tennessee 37067
            Tel:    (615) 465-6008
            Fax:    (615) 807-3048
            phillip@thompsonburton.com

            Attorneys for Jeanne Ann Burton, Trustee

11

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF DAVIDSON

     Afsoon Hagh, an individual, being first duly sworn, states that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____

     Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Afsoon Hagh, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes therein contained.

     Witness my hand and official seal at _____, Tennessee, this the \_\_\_ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

12

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:    /s/ Phillip G. Young, Jr.
       Phillip G. Young, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT AFSOON HAGH

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Production of Documents (the "Requests") to Defendant Afsoon Hagh ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.     *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.     *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"CM Cases"* means the following lawsuits initiated by Cummings Manookian,

PLC as counsel for the plaintiffs:

| Case Name | Court |
|---|---|
| Bailey v. HCA | Davidson Circuit |
| Balay v. Hutson et al | Davidson Circuit |
| Beckworth v. LBMC | Williamson Circuit |
| Brooks v. Reinking | Davidson Circuit |
| Dyer v. Vanderbilt Imaging | Davidson Circuit |
| Fitzgerald v. Osborn | Williamson Circuit |
| Knapp v. Ripley | Davidson Circuit |
| Manookian v. Pennsylvania Higher Education et al | Davidson Circuit |
| Miller v. Vanderbilt Medical | Davidson Circuit |
| Ruffino v. Archer | M.D. Tenn. |
| Salas v. Rosdeutscher et al | Davidson Circuit |
| Shoemaker v. Vanderbilt Medical | Davidson Circuit |
| Thompson v. Sidrys | Putnam Circuit |
| Waldron v. Monroe County | Monroe Circuit |
| Wheeler Bonding Co. v. Parks | Davidson Circuit |
| Wolf v. Mid-Cumberland Resources Agency | Rutherford Circuit |

D.    *"Communication(s)"* includes any transfer of information, ideas, opinions or

thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and

memoranda to file, any written letter, memorandum, or other document that was sent by one or

more individuals to another or others; any telephone calls between one or more individuals and

another or others, whether or not the call was by chance or prearranged, formal or informal; and

any conversation or meeting between one or more individuals and another, whether or not the

contact was by chance or prearranged, formal or informal.

E.    *"Complaint"* means the Complaint filed by Trustee in this matter and/or any

amendments to it.

2

F.  *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

G.  *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

H.  *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

I.  *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

J.  *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

K.  *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or

3

formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

L.     *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

M.     *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

N.     *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

O.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

P.     *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

Q.     *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

4

## INSTRUCTIONS

1.      As required by law, your responses should supply documents not only in your possession, custody, or control, but also such information and documents which are available to all other persons acting on your behalf in this case.

2.      If you claim privilege for any document or any communication encompassed by this discovery, set forth the basis for such claim of privilege and give a sufficient description to identify, specifically, each document or communication, the authors and the persons to whom it was addressed and/or copies, and the basis for your claim of privilege.

3.      When this discovery calls for a document which, while known to you, is not in your possession or control, identify its present location and custodian if known, or otherwise its last known location and custodian.

4.      Where the context in the discovery makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

5.      This discovery is continuing in nature, and you are requested to supplement your response to any request promptly after receiving or obtaining any further documents responsive to any request herein. You are also requested to produce additional responsive documents within fourteen (14) days upon discovery of said documents.

## REQUESTS FOR PRODUCTION

1.     Please produce every Document or Communication that you allege supports your denials in the Answer.

    **Response:**

2.     Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

    **Response:**

3.     Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

    **Response:**

4.     Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters..

    **Response:**

5.     Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

6

**Response:**


6.      Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.


**Response:**


7.      Please produce copies of all Documents and Communications that relate to any compensation paid by Cummings Manookian PLC to Defendant in the last four (4) years.


**Response:**


8.      Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.


**Response:**


9.      Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:**


10.     Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.


**Response:**


11.     For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.


**Response:**


12.     Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.


**Response:**


8

Dated this 24th day of November, 2020.

By:   /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    (615) 465-6008
Fax:    (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing

document has been forwarded by United State Mail, first class, with sufficient postage, on this the

24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:    /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

9

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
|     Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST | ) | |
| COMPANY, | ) | |
|     Defendants. | ) | |
| | ) | Adv. Proc. No. 3:20-ap-90002 |

## REQUESTS FOR ADMISSION PROPOUNDED TO AFSOON HAGH

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Jeanne Ann Burton, Trustee ("Trustee"), propounds these Requests for Admission (the "Requests") to Defendant Afsoon Hagh ("Defendant").

## DEFINITIONS

In construing these discovery requests, the following definitions shall apply:

A.    *"And"* as well as *"or"* shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed as outside their scope.

B.    *"Answer"* means the Answer filed by Defendant in this matter and/or any amendments to it.

C.    *"Communication(s)"* includes any transfer of information, ideas, opinions or thoughts by any means, written, oral or otherwise, at any time or place under any circumstances

and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file, any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone calls between one or more individuals and another or others, whether or not the call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether or not the contact was by chance or prearranged, formal or informal.

D.    *"Complaint"* means the Complaint filed by the Trustee in this matter and/or any amendments to it.

E.    *"Court"* means the United States Bankruptcy Court for the Middle District of Tennessee.

F.    *"Date"* means the exact year, month and date, if known, or, if not known, your best approximation of the year, month and date.

G.    *"Document"* means the original and each non-identical copy of any writing, tape, disk, recording or other item on which or from which information, communications or data may be perceived or obtained, including, but not limited to, financial statements, tax returns, correspondence, notes memoranda, reports, work papers, phone messages, analysis, books, records, real estate tax bills, real estate assessment letters, surveys, appraisals, journals, statements, invoices, computer programs, computer printouts, canceled checks, bank statements, court pleadings, mortgages, guarantees, promissory notes, and any other writings, recordings, photographs, originals, and duplicates, however produced or reproduced, and all drafts, versions, and copies of these documents.

H.    *"Including"* means "including, but not limited", *"includes"* means "includes, but not limited to."

2

I.    *"Identity"*, when used with respect to a person, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, the person's name; last-known residence address and telephone number; and occupation, employer, business address, and telephone number.

J.    *"Identify"*, when used with respect to a business entity, requires you to provide information sufficient to allow the service of a subpoena, including, but not limited to, stating the business entity's name; last-known address and telephone number; and those persons employed or formerly employed by the business entity and believed to be the most knowledgeable about the business entity.

K.    *"Identify"*, when used with respect to a fact or event, requires you to state the fact or event with reasonable particularity, its date, the identity of each person believed to be the most knowledgeable with respect to the fact or event, and the identity of any other person believed to be the most knowledgeable with respect to the fact or event.

L.    *"Identify"*, when used with respect to a document requires you to provide a description of the document with sufficient particularity so as to provide the basis for a request for production or a subpoena; a description of the type or document, a description of the general subject matter of the document; the date of the document; all authors, addresses and recipients of the document, and the location of the document. It is sufficient to produce the document itself if you identify the Interrogatory to which it relates and its location.

M.    *"Persons"* means, without limiting the generality of its meaning, natural persons, groups of natural persons (such as committee or board of directors), corporations, partnerships, associations, joint ventures, and any other unincorporated business, governmental, public, or societal entity.

3

N.     *"Property"* means any and all property, real or personal, tangible or intangible or any right, title or interest in any property.

O.     *"Relate"*, *"relating to"*, *"refer to"*, *"referencing"*, *"regarding"*, *"pertain"* and *"pertaining to"* means to be legally, logically, factually, or in any way connected to, in whole or in part, the matter discussed.

P.     *"You"* or *"Your"* means Defendant and her agents, employees or representatives.

## INSTRUCTIONS

1.     These Requests shall be deemed continuing and you shall promptly supply, by way of supplemental answers, any and all information that may become known prior to the trial of this action this is additionally responsive or necessary to maintain the accuracy of answers previously served.

2.     If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to any admission, the matter with respect to which an admission is requested will be deemed admitted.

3.     In accordance with Federal Rule of Civil Procedure 36, you must supply an answer to any request for admission not unequivocally admitted that specifically denies the matter or sets forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. If only a portion of the request for admission should, in good faith, be denied, you must specify so much of the matter that is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

1.     Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

4

**Response:**


2.     Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response:**


3.     Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response:**


4.     Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


5.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response:**


6.     Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response:**


5

Dated this 24th day of November, 2020.

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (021087)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6008
Fax: (615) 807-3048
phillip@thompsonburton.com

Attorneys for Jeanne Ann Burton, Trustee

6

## <u>OATH</u>

STATE OF TENNESSEE

COUNTY OF _____

     Afsoon Hagh, in her individual capacity, being first duly sworn, states that the answers to the foregoing Requests for Admission are true and correct to the best of her knowledge, information and belief.

_____

     Personally appeared before me, the undersigned, a Notary Public in and for said County and State, Afsoon Hagh, the within name person, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that she executed the within instrument for the purposes therein contained.

     Witness my hand and official seal at _____, Tennessee, this the ____ day of _____, 2020.

_____
Notary Public
My Commission Expires: _____

7

## CERTIFICATE OF SERVICE

As is evidenced by my signature below, I certify that a true and exact copy of the foregoing document has been forwarded by United State Mail, first class, with sufficient postage, on this the 24th day of November, 2020, to the following parties:

Craig V. Gabbert, Jr.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

*Attorneys for Afsoon Hagh*

By:     /s/ Phillip G. Young, Jr.
        Phillip G. Young, Jr.

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

### DEFENDANT AFSOON HAGH'S RESPONSE TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Afsoon Hagh ("Hagh" or "Defendant") hereby submits her responses to Plaintiff's First Set of Interrogatories Propounded to Afsoon Hagh. Defendant reserves her right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.  Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.  Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.     Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.     Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.     Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.     Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.     Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9.  Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

### SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Afsoon Hagh provides the following further objections and responses to these interrogatories and requests for production:

### INTERROGATORIES

1.  Identify each person that provided any information used to answer these Interrogatories.

**Response: Afsoon Hagh**

2.  Identify each person that has knowledge of any of the contentions, denials and/or defenses alleged in the Answer.

**Response: Afsoon Hagh, Brian Manookian, Phillip Young, Jeanne Burton**

3.  Identify each document that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection.  This interrogatory is so overbroad as to defy response. To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.**

4.     Identify each written or oral communication that relates in any way to the contentions, denials and/or defenses in the Answer.

**Response: Objection.   This interrogatory is so absurdly overbroad as to defy response.  To the extent the Plaintiff wishes Defendant to expound upon a specifically identified "contention, denial, and / or defense," Defendant will consider those specific requests.  Additionally, this interrogatory calls for the disclosure of attorney-client communications and communications that would be subject to the work-product privilege.**

5.     State what amounts (by dollar amount or percentage of recovery) that the Defendant alleges she is entitled to from each of the CM Cases.

**Response: Hagh Law disputes that there are "CM Cases" to the extent the Plaintiff mistakenly believes that plaintiff's cases or plaintiff's rights of actions belong to law firms or lawyers as opposed to the client. Furthermore, Defendant is not personally entitled to a fee on any of these cases. To the extent Plaintiff is inquiring into Hagh Law's entitlement to payment from the following cases, Hagh Law answers as follows:**

| Case Name | |
|---|---|
| Bailey v. HCA | None |
| Balay v. Hutson et al | None |
| Beckworth v. LBMC | None |
| Brooks v. Reinking | None |
| Dyer v. Vanderbilt Imaging | None |
| Fitzgerald v. Osborn | 33% |
| Knapp v. Ripley | None |
| Manookian v. Pennsylvania Higher Education et al | None |
| Miller v. Vanderbilt Medical | To be determined |
| Ruffino v. Archer | None |

| Salas v. Rosdeutscher et al | To be determined. |
| Shoemaker v. Vanderbilt Medical | To be determined. |
| Thompson v. Sidrys | None |
| Waldron v. Monroe County | None |
| Wheeler Bonding Co. v. Parks | None |
| Wolf v. Mid-Cumberland Resources Agency | None |

6.     List all telephone numbers, websites, email addresses, and physical addresses used by the Defendant for business purposes since January 1, 2018, and include the dates of the Defendant's use.

**Response: No website. From January 2018-June 2018, 45 Music Sq West Nashville, TN 37203. afsoon@cummingsmanookian.com. From July 2018- present work from home. Telephone number is my cell phone. No website. Continued to use afsoon@cummingsmanookian.com. Since February/March 2019 email is afsoon@haghlaw.com**

7.     List all employees of the Defendant since January 1, 2018, and include the dates of each individual's involvement with the Defendant.

**Response: Afsoon Hagh does not have any employees.**

8.     State the legal and/or factual support for the Defendant's response to Interrogatory No. 5 including, without limitation, reference to any communication establishing the amounts to which the Defendant claims entitlement.

**Response: For the cases in which Defendant answered "none," neither Defendant individually or Hagh Law as an entity has any contractual relationship with and did no work for the Plaintiff. For the remaining cases, the cases either has not concluded and thus the contingency upon which payment is conditioned has not occurred, or, with respect to Fitzgerald, Hagh Law secured the settlement or payment for the client.**

9.    Identify each person or entity whom the Defendant expects to call as an expert witness at a trial in this matter, and state the subject matter on which the expert is expected to testify, the substance of that expert's opinions, and a summary of the grounds for each opinion.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

10.    Identify each person or entity whom the Defendant expects to call as a fact witness at a trial in this matter, and state the subject matter on which such witness is expected to testify, and provide the contact information for each such witness.

**Response: Defendant has not made decisions yet as to who it expects to call at trial and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the bases for their claims and allegations and the testimony necessary to rebut Plaintiff's proof, if any.**

11.    For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please state all facts upon which you base your answer.

**Response: Objection.   This is not an appropriate interrogatory.   Generally, if Defendant denied a Request for Admission, the basis for the denial is that the proffered fact was not true.   If Plaintiff would like Defendant to expound on any particular denial, Defendant is happy to do so upon submission of a specific interrogatory.   Without waiving the foregoing, Defendant incorporates herein its response to interrogatory 6 above and Defendants' theory of the case set forth in the Joint Pretrial Statement.**

12. State your relationship with Cummings Manookian, PLC from January 1, 2018 through present, whether you were an employee, independent contractor or had no relationship with Cummings Manookian, PLC. If your relationship with Cummings Manookian, PLC changed during this time, please indicate the dates of each such relationship.

**Response: I was co-counsel from January 1, 2018 until Cummings Manookian's withdrawal from the cases.**

13. List all amounts you were paid by Cummings Manookian, PLC since January 1, 2018. For each payment, list the date of payment, amount of payment, and consideration for such payment.

**Response: None.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and*
*Hagh Law, PLLC*

## OATH

I, Afsoon Hagh, hereby declare under penalty of perjury that that the responses to the foregoing Interrogatories are true and correct to the best of her knowledge, information and belief.

_____

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709255.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT AFSOON HAGH'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Afsoon Hagh ("Hagh" or "Defendant") hereby submits her responses to Plaintiff's First Requests for Production of Documents Propounded to Afsoon Hagh. Defendant reserves her right to amend or supplement these responses as discovery proceeds.

### GENERAL OBJECTIONS

1.     Defendant objects to Plaintiff's definitions and instructions to the extent they seek to impose obligations beyond those specifically required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

2.     Defendant objects to each interrogatory and each request for production that seeks to invade the attorney-client privilege, the work product doctrine, or any other privilege.

3.      Defendant objects to each interrogatory and each request for production to the extent it seeks information not relevant to the claims or defenses of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Any disclosure of information or documents protected by the attorney-client privilege or the work product doctrine should be considered inadvertent and will not act as a waiver of the attorney-client privilege or the work product doctrine.

5.      Defendant objects to each interrogatory and each request for production to the extent that it is overly broad, unduly burdensome, vexatious, designed to harass or to annoy, vague and ambiguous, lacks particularity, is premature, not limited to the subject matter of the proceeding, seeks impermissible expert disclosure, seeks discovery of material that is neither material nor necessary to the prosecution or defense of this action or calls for the production of information which is publicly available or is otherwise as easily obtained from other sources by Plaintiff as by Defendant.

6.      Defendant objects to each interrogatory and each request for production to the extent that it seeks information that is available through another less burdensome discovery device.

7.      Defendant objects to each interrogatory and each request for production to the extent that it purports to require Defendant to disclose information outside of its possession, custody or control.  Defendant will disclose information that is within its possession, custody or control.

8.      Defendant does not waive any of its general objections by providing specific answers or responses below.  That Defendant answers to a particular interrogatory or request for production shall not be interpreted as implying that Defendant acknowledges the appropriateness

of the request, nor shall the answering of request be construed as a waiver of any objection to the use or admissibility of such response in this or any other proceeding.

9. Defendant has responded to these interrogatories and requests for production after making a good-faith inquiry into all of the requested information and believes this information is true and correct at this time. Defendant's investigation into this matter is ongoing, however, and Defendant reserves the right to supplement these responses should it become aware of additional or different information responsive to these requests for production. Each of the following responses incorporates these General Objections, whether or not specifically referenced in the response. The responses below are provided without waiver of any of the objections stated herein.

## SPECIFIC RESPONSES

Subject to and without waiving and of its foregoing general objections, Afsoon Hagh provides the following further objections and responses to these interrogatories and requests for production:

## REQUESTS FOR PRODUCTION

1. Please produce every Document or Communication that you allege supports your denials in the Answer.

**Response: This Request is overly broad and so general in nature as to defy a good-faith response. To the extent that Plaintiff chooses to identify a specific denial for which it seeks documentary support, the Defendant will evaluate such on a request-by-request basis.**

2. Please produce every Document or Communication that evidences any lease of real property by which Defendant is tenant.

**Response: There are no documents responsive to this request.**

3.     Please produce every Document or Communication that evidences the creation of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to engagement letters.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome.**

4.     Please produce every Document or Communication that evidences the termination of an attorney/client relationship between Defendant and any party to the CM Cases, including but not limited to disengagement letters.

**Response: There are no documents responsive to this request.**

5.     Please produce every Document or Communication that supports your response to Interrogatory 5, served contemporaneously herewith.

**Response: Defendant believes these materials may be attorney-client privileged. Subject to that objection, Defendant will permit inspection of responsive documents upon entry of a suitable protective order which Defendant believes can easily be reached by agreement. Defendant further objects to the extent that the request seeks every Document or Communication on the grounds that trying to locate every such item would be unduly burdensome. Without waiving the foregoing objection, for the cases in which Hagh Law**

does not claim entitlement to a fee, there would be no document or communication supporting that contention precisely because Hagh Law did no work on the matter and/or had no contractual relationship with the client. In fact, Defendant does not recognize certain of the cases and believes she may have never even interacted with the client.

6.     Please produce copies of every Document or Communication that evidences an expense advanced by Defendant in any of the CM Cases.

**Response:  Defendant does not believe there are any such documents, as all advances would have been made by Defendant Hagh Law.**

7.     Please produce copies of all Documents and Communications that relate to any compensation paid by Cummings Manookian PLC to Defendant in the last four (4) years.

**Response: Defendant received no compensation from Cummings Manookian PLC in the last four years, so there are no responsive documents.**

8.     Please produce copies of all Documents and Communications that relate or refer to the *Fitzgerald v. Osborn* case in the Circuit Court for Williamson County, Tennessee, including but not limited to correspondence between you and counsel for the defendants in that matter.

**Response: Objection.  This Request is overly broad, unduly burdensome, and further requests materials that are attorney-client privileged and confidential under the work-product doctrine.  Moreover, the pleadings in the Fitzgerald matter are available from the Williamson County Circuit Court Clerk.**

9.     Please produce any and all bank statements for any account in which funds from the settlement of *Fitzgerald v. Osborn* was deposited, transferred, or held, including any trust account or operating account maintained by Defendant at Citizens Bank & Trust Company, since August 1, 2019.

**Response:** Objection. Phillip Young is already in possession of the statement evidencing the funds ordered to be held by the Court. Any other documentation is irrelevant to this case.

10. Please produce any and all Documents you intend to introduce as exhibits at the trial of this matter.

**Response:** Defendant has not made determinations as to which documents it intends to introduce as exhibits in the trial of this matter and likely will not do so until after deposing Jeanne Burton and Phillip Young to determine the adequacy of Plaintiff's proof that requires rebuttal. All exhibits will be identified in compliance with the applicable federal and local rules.

11. For each Request for Admission (served concurrently) that you do not answer with an unqualified admission, please produce any and all Documents that support your response.

**Response:** Objection. This is not an appropriate Request. To the extent Plaintiff seeks documentary support for a specific denial, Plaintiff is able to evaluate the same on a request by request basis.

12. Please produce any Document referenced in your responses to Plaintiff's First Set of Interrogatories Propounded to Defendant, to the extent not already produced in response to other Requests for Production.

**Response:** Subject to the entry of an appropriate protective order, Defendant will produce any documents referenced in its responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29709608.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:19-bk-07235 |
| CUMMINGS MANOOKIAN, PLLC, | ) | Chapter 7 |
| | ) | Judge Walker |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:20-ap-90002 |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT AFSOON HAGH'S RESPONSE TO
## REQUESTS FOR ADMISSION

---

Defendant Afsoon Hagh ("Hagh" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Request for Admission.

1.     Admit that you maintained a law office at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

2.     Admit that you utilized furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203 from at least December 1, 2018 to present.

**Response: DENIED.**

3.    Admit that you utilized websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC from at least December 1, 2018 to present.

**Response: DENIED.**

4.    Admit that you have paid no rent to Cummings Manookian, PLC for use of the office space at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203.**

5.    Admit that you have paid no consideration to Cummings Manookian, PLC for use of furniture, equipment, computers and other property belonging to Cummings Manookian, PLC located at 45 Music Square West, Nashville, Tennessee 37203.

**Response: ADMITTED. CUMMINGS MANOOKIAN, PLC DOES NOT OWN PROPERTY LOCATED AT 45 MUSIC SQUARE WEST, NASHVILLE, TN 37203.**

6.    Admit that you have paid no consideration to Cummings Manookian, PLC for use of websites, email addresses and telephone numbers belonging to Cummings Manookian, PLC.

**Response: ADMITTED, AS DEFENDANT HAS NOT USED UTILIZED ANY WEBSITE, EMAIL ADDRESS, OR TELEPHONE NUMBER BELONGING TO CUMMINGS MANOOKIAN PLC.**

Respectfully submitted,

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr. (BPR 004702)
Glenn B. Rose (BPR 10598)
Bass, Berry & Sims PLC
150 Third Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
cgabbert@bassberry.com
grose@bassberry.com

*Attorney for Afsoon Hagh and
Hagh Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via U.S. Mail, postage prepaid, on this 28th day of January 2021 to the following:

Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067

/s/ Craig V. Gabbert, Jr.
Craig V. Gabbert, Jr.

29502498.1

# THOMPSON BURTON PLLC

### ATTORNEYS AT LAW
##### A PROFESSIONAL LIMITED LIABILITY COMPANY

One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
www.thompsonburton.com

Phillip G. Young
phillip@thompsonburton.com

Direct Dial: 615-465-6008

October 29, 2021

Craig Gabbert
Bass, Berry & Sims PLC
150 Third Ave. South, Suite 2800
Nashville, TN 37201
cgabbert@bassberry.com

Re: **_Burton v. Hagh Law PLLC et al._**
**United States Bankruptcy Court for the Middle District of Tennessee**
**Case No. 3:20-ap-90002**

Dear Craig:

As you know, this firm represents Jeanne Ann Burton, Chapter 7 Trustee and Plaintiff in the above-referenced matter. I am sending this letter pursuant to Rule 37 of the Federal Rule of Civil Procedures as a good faith attempt to resolve discovery disputes prior to the filing of a motion to compel.

On or about January 28, 2021, you sent me Defendant Hagh Law, PLLC's Response to Plaintiff's First Request for Production of Documents ("Hagh Law Request for Production Responses") and Defendant Hagh Law, PLLC's Response to Plaintiff's First Set of Interrogatories ("Hagh Law Interrogatory Responses") (collectively, "Hagh Law Discovery Responses"). You also sent me Defendant Afsoon Hagh's Response to Plaintiff's First Request for Production of Documents ("Afsoon Request for Production Responses") and Defendant Afsoon Hagh's Response to Plaintiff's First Set of Interrogatories ("Afsoon Interrogatory Responses") (collectively, "Afsoon Discovery Responses"). I have had an opportunity to review the Hagh Law Discovery Responses and Afsoon Discovery Responses with the Trustee. Unfortunately, they are deficient in several important respects.

More specifically, Hagh Law, PLLC has failed to adequately respond to the following Interrogatories: Nos. 5 & 8. The Trustee is entitled to know what percentage fee, if any, that Hagh Law is seeking with regard to each case listed in Interrogatory No. 5 and the basis for any such claim. Additionally, Hagh Law's Request for Production Responses to the following Requests were deficient: 1, 3, 5, 7, 8 and 9. To the extent that Hagh Law, PLLC claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

1

Similarly, Afsoon Hagh's Request for Productions Responses to the following Requests were deficient: 1, 3, 5, 8 and 9. To the extent that Afsoon Hagh claims that any documents should be subject to a protective order, a proposed protective order is enclosed herewith.

By this letter, the Trustee requests that you more fully, completely and appropriately address these issues by no later than November 12, 2021. If you have failed to appropriately supplement your responses by that date, the Trustee will have no choice but to file a motion to compel responses with the Court.

Sincerely,

Phillip G. Young, Jr.

cc:    Jeanne Ann Burton, Trustee

2

Form hrgnot

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF TENNESSEE

701 Broadway Room 170
Nashville, TN 37203

---

Adversary Proceeding No. 3:20–ap–90002
Related Bankruptcy Proceeding No. 3:19–bk–07235

Judge Charles M Walker

In Re:

Plaintiff/Movant : Jeanne Ann Burton

    vs

Defendant/Respondent : Hagh Law PLLC

---

PLEASE TAKE NOTICE that a hearing will be held :

; via Zoom video; For details, please see www.tnmb.uscourts on 1/5/22 at 11:00 AM

to consider and act upon the following:

*95* – Motion and Notice to Compel Discovery Responses from Manookian, PLLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP)

*96* – Motion and Notice to Compel Discovery Responses from Hagh Law, PLLC (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP)

*97* – Motion and Notice to Compel Discovery Responses from Afsoon Hagh (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)Certificate of Service mailed on 12/20/21. Filed on the behalf of: Plaintiff Jeanne Ann Burton. (YOUNG, PHILLIP)

Dated: 12/22/21

                /s/ TERESA C. AZAN
                Clerk, U.S. Bankruptcy Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 3:19-bk-07235** |
| CUMMINGS MANOOKIAN, PLLC, | ) | **Chapter 7** |
| | ) | **Judge Walker** |
| Debtor. | ) | |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 3:20-ap-90002** |
| | ) | |
| HAGH LAW, PLLC; AFSOON HAGH; | ) | |
| MANOOKIAN, PLLC; and FIRST- | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO CONTINUE HEARING

Come now Defendants Hagh Law, PLLC ("Hagh Law"), Afsoon Hagh ("Ms. Hagh") and Mannokian, PLLC ("Manookian", collectively "Defendants"), by and through counsel, and respectfully move to continue the hearings on the Motions to Compel against Hagh Law, Ms. Hagh and Manookian scheduled in this matter on January 5, 2022 at 11:00 am to February 2, 2022 with a response deadline of January 26, 2022. As grounds for this Motion, the Defendants state that Ms. Hagh is currently awaiting the birth of her baby and counsel for the Defendants and the Trustee are in agreement to continue the hearing until February 2, 2022.