# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CUMMINGS MANOOKIAN, PLLC, | ) | Case No. 3:19-bk-07235 |
| Debtor. | ) | Chapter 7 |
| | ) | Judge Walker |
| BRIAN CUMMINGS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 3:23-ap-90036 |
| | ) | |
| BRETTON KEEFER; JEANNE | ) | |
| BURTON, TRUSTEE; and AFSOON | ) | |
| HAGH, | ) | |
| Defendants. | ) | |

## APPELLEE BRIAN CUMMINGS' DESIGNATION OF
## ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL

Comes now, Appellee Brian Cummings, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, and hereby designates the following additional items to be included in the record on Bretton Keefer and Afsoon Hagh's appeal of the Bankruptcy Court's Order Denying Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh (Doc. 20) entered in the above captioned case on September 6, 2023.

## DESIGNATION OF ADDITIONAL ITEMS
## TO BE INCLUDED IN THE RECORD OF APPEAL

| Case No. | Date | Docket No. | Description |
|---|---|---|---|
| 23-ap-90036 | 3/13/23 | 1 | District Court Order referring case to United States Bankruptcy Court for the Middle District of Tennessee |
| 23-ap-90036 | 3/30/23 | 5 | Record transferred from United State District Court for the Middle District of Tennessee |
| 23-ap-90036 | 4/3/23 | 7 | Notice of Brett Keefer and Afsoon Hagh of Objection to Remand and Intent to Seek Relief |

| 23-ap-90036 | 5/4/23 | 9 | Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh |
|---|---|---|---|
| 23-ap-90036 | 5/25/23 | 10 | Order Scheduling Evidentiary Hearing Regarding Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh |
| 23-ap-90036 | 8/2/23 | 12 | Response in Opposition to Motion to Dismiss |
| 23-ap-90036 | 8/16/23 | 13 | Brian Cummings' Witness and Exhibit List for August 30, 2023 Hearing on Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh |
| 23-ap-90036 | 9/6/23 | 20 | Order Denying Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh |
| 23-ap-90036 | | | Transcript (forthcoming) of August 30, 2023 Hearing on Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh |
| 20-ap-90002 | 1/8/20 | 1 | Complaint |

Respectfully Submitted,

**NEAL & HARWELL, PLC**

By:    /s/ Elizabeth S. Tipping
        Elizabeth S. Tipping, No. 023066
        1201 Demonbreun Street, Suite 1000
        Nashville, TN 37203
        (615) 244-1713
        etipping@nealharwell.com

        *Counsel for Appellee Brian Cummings*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed and served via the Court's ECF system this, the 3rd day of October, 2023.

        /s/ Elizabeth S. Tipping
        Elizabeth S. Tipping,

# U.S. Bankruptcy Court
## MIDDLE DISTRICT OF TENNESSEE (Nashville)
### Adversary Proceeding #: 3:23−ap−90036

*Assigned to:* Charles M Walker                                    *Date Filed:* 03/13/23
*Lead BK Case:* 19−07235
*Lead BK Title:* CUMMINGS MANOOKIAN, PLLC
*Lead BK Chapter:* 7
*Demand:*
  *Nature[s] of Suit:*  02 Other (e.g. other actions that would have been brought in state court if unrelated to
                    bankruptcy)

*Plaintiff*
─────────────────────────
**BRIAN CUMMINGS**                                    represented by **KRISTEN M SHIELDS**
                                                      COTNEY CONSTRUCTION LAW LLP
                                                      NASHVILLE
                                                      3201 TREVOR ST
                                                      SUITE 300
                                                      NASHVILLE, TN 37209
                                                      (615) 657−4107
                                                      Fax : (813) 902−7612
                                                      Email: kristen@counterpointlaw.com
                                                      *LEAD ATTORNEY*

                                                      **ELIZABETH SARA TIPPING**
                                                      Neal & Harwell, PLC
                                                      1201 Demonbreun Street
                                                      Ste 1000
                                                      Nashville, TN 37203
                                                      615−244−1713
                                                      Email: etipping@nealharwell.com
                                                      *LEAD ATTORNEY*

V.

*Defendant*
─────────────────────────
**BRETTON KEEFER**                                    represented by **JOHN T. SPRAGENS**
on behalf of the deceased Chesta                      SPRAGENS LAW PLC
Shoemaker                                             311 22ND AVE N
                                                      NASHVILLE, TN 37203
                                                      615−983−8900
                                                      Fax : 615−682−8533
                                                      Email: JOHN@SPRAGENSLAW.COM
                                                      *LEAD ATTORNEY*

*Defendant*
─────────────────────────
**JEANNE BURTON**                                    represented by **PHILLIP G YOUNG**

as Trustee on behalf of Cummings
Manookian PLC

Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
FRANKLIN, TN 37067
615−465−6008
Fax : 931−381−0058
Email: phillip@thompsonburton.com

**PHILLIP G YOUNG, JR**
THOMPSON BURTON PLLC
1801 WEST END AVENUE
SUITE 1550
NASHVILLE, TN 37203
(615) 465−6008
Fax : (615) 807−3048
Email: phillip@thompsonburton.com
*LEAD ATTORNEY*

*Defendant*
_____

**AFSOON HAGH**                           represented by **JOHN T. SPRAGENS**
                                          (See above for address)
                                          *LEAD ATTORNEY*

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/13/2023 | | 1 | Adversary case 3:23−ap−90036.  Complaint by BRIAN CUMMINGS against BRETTON KEEFER, JEANNE BURTON, AFSOON HAGH. Fee Amount is $350.00. Filed By Trustee, Fees will be deferred. BRIAN CUMMINGS. (Attachments: # 1 State Court Documents # 2 Docket) Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (knh) (Entered: 03/13/2023) |
| 03/13/2023 | | 2 | *United States District Court Order Referring Civil Case No. 3:22−cv−00301 to Bankruptcy Judge Charles M. Walker.* (tca) (Entered: 03/13/2023) |
| 03/13/2023 | | 3 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Defendant JEANNE BURTON. (YOUNG, PHILLIP) (Entered: 03/13/2023) |
| 03/22/2023 | | 4 | Notice of Appearance and Request for Service pursuant to Rule 2002. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, ELIZABETH) (Entered: 03/22/2023) |
| 03/30/2023 | | 5 | IT IS HEREBY ORDERED that the entire record from TNMD 3:22−cv−00301 is incorporated into and made part of the record of these proceedings. (Attachments: # 1 1−1. Attachment − State Court Pleadings # 2 1−2. Attachment − Civil Cover Sheet # 3 2. Main Document − Motion to Remand Case to Bankruptcy Court # 4 2−1. Attachment Proposed Order # 5 3. Notice of Administrative Order No. 217 # 6 4. Notice_Information regarding Consent of the Parties to Magistrate Judge # 7 5. Notice of Intial Case Management Conference by Telephone # 8 6. Order_Case Referred to Magistrate Judge # 9 7. Certificate of Service filed by Jeanne Burton # 10 8. Order of Recusal_Magistrate Judge # 11 9. Notice of Intitial Case Management Conference by Telephone # 12 10. Notice of Alias Summons to be Issued as to Asfoon Hagh # 13 11. Summons Reissued as to Afsoon Hagh # 14 11. Summons Reissued as to Afsoon Hagh # 15 12−1. Attatchment − Complaint # 16 12−2. Attachment − Case Management |

Order # 17 13. Motion to Continue by Brian Cummings # 18 14. Response in Support filed by Jeanne Burton # 19 15. Order_Case Management Conference set June 28 2022 Continued # 20 16. Summons issued as to Bretton Keefer # 21 17. Certificate of Service filed by Jeanne Burton # 22 18. Motion for Extension of Time to File Service of Process by Brian Cummings # 23 18. Motion for Extension of Time to File Service of Process by Brian Cummings # 24 20. Order granting Motion for Extension of Time for Service of Process # 25 21. Summons returned executed by Brian Cummings # 26 22. Notice of Change of Address by James William Price Jr # 27 23. Motion to Continue Case Management Conference by Brian Cummings # 28 24. Motion for Leave to Service of Process by U.S. Marshal by Brian Cummings # 29 25. Main Document − Declaration of James W. Price Jr # 30 25−1. Attachment − Letter from Attorney Spragens # 31 25−1. Attachment − Letter from Attorney Spragens # 32 27. Order_Motion for Service of Process on Defendant by U.S. Marshal filed by Cummings Denied without Prejudice # 33 28. Main Document − Declaration of James W Price Jr # 34 28−1. Exhibit − Circuit Court Order # 35 28−2. Exhibit − Circuit Court Order # 36 29. Motion for Service of Process on Defendant by U.S. Marshal and for an Additional 90 days for Service # 37 30. Order_Cummings Ordered to File a Notice by September 21, 2022 # 38 31. Motion for Leave for Additional Time for Service of Process by Brian Cummings # 39 32. Main Document − Notice by Brian Cummings of Service Efforts # 40 32−1. Exhibit − Order # 41 33. Declaration of James W Price Jr filed by Brian Cummings # 42 34. Notice of Appearance by Elizabeth S. Tiping on behalf of Brian Cummings # 43 35. Order_Cumings Motion to Extend Deadline for Service of Process on Keefer and Hagh Granted in Part # 44 36. Summons Reissued as to Afsoon Hagh # 45 37. Notice of Alias Summons to be Issued as to Bretton Keefer # 46 38. Alias Summons Issued as to Bretton Keefer # 47 39. Summons Returned Unexecuted as to Afsoon Hagh # 48 40. Motion to Withdraw as Attorney by Brian Cummings # 49 41. Summons returned executed by Brian Cummings # 50 42. Order_Granting Motion to Withdraw as Attorney. Attorney James William Price Jr. Terminated # 51 43. Main Document − Motion Deem Service Effective # 52 43−1. Exhibit 1 − Plaintiff's Notice of Attorney's Lien # 53 43−2. Exhibit 2 − Plaintiff's Notice of Attorney's Lien # 54 43−3. Exhibit 3 − Amended Order of Dismissal # 55 43−4. Exhibit 4 − Motion for Status Conference # 56 43−5. Exhibit 5 − Response to Motion for Status Conference # 57 43−6. Exhibit 6 − Reply to Response on Motion for Status Conference # 58 43−7. Exhibit 7 − Surreply on Motion for Status Conference # 59 43−8. Exhibit 8 − Order Altering or Amending Dec 16 2021 Order # 60 43−9. Exhibit 9 − Order of Voluntary Dismissal filed by Defendant Hagh # 61 43−10. Exhibit 10 − Complaint filed by Defendant Hagh # 62 43−11. Attachment − Ali v. Mid−Atlantic Settlement # 63 43−12. Attachment − Boles v. Lewis # 64 43−13. Attachment − Dixie Rests v. Philips Consumer # 65 43−14. Attachment − US v. Granger # 66 44. Declaration of Elizabeth S. Tipping filed by Brian Cummings # 67 45. Main Document − Declaration of Robert Capus # 68 45−1. Attachment − Certificate of Service # 69 46. Order_Cummings Motion to deem service effective is Denied Without Prejudice # 70 47. Motion for Entry of Default as to Bretton Keefer # 71 48. Main Document − Declaration of Elizabeth S. Tipping # 72 48−1. Exhibit 1 − Defense Manpower Data Center Certificate # 73 49. Motion for Entry of Default as to Afsoon Hagh # 74 50. Main Document − Memorandum in Support of Motion for Entry of Default as to Afsoon Hagh # 75 50−1. Attachment − Ali v. Mid−Atlantic # 76 50−2. Attachment − Am Clothing v. Cloudflare # 77 50−3. Attachment − Boles v. Lewis # 78 50−4. Attachment − Dixie Restaurants v. Philips # 79 50−5. Attachment − US v. Granger # 80 50−6. Attachment − Willie McCormick v. Lakeshore # 81 51. Main Document − Declaration of Elizabeth S. Tipping filed by Brian Cummings # 82 51−1. Exhibit A − Defense Manpower Data Center Certificate # 83 51−2. Exhibit B − BPR Manookian Attorney Details # 84 51−3. Exhibit C − Notice of Attorney's

3

| | | | |
|---|---|---|---|
| | | | Lien # <u>85</u> 51−4. Exhibit D − Motion for Status Conference # <u>86</u> 51−5. Exhibit E − Keefer Response # <u>87</u> 51−6. Exhibit F − Cummings Reply # <u>88</u> 51−7. Exhibit G − Keefer Sur−Reply # <u>89</u> 51−8. Exhibit H − Jan 18 2022 Order # <u>90</u> 51−9. Exhibit I − Shahgoli Order # <u>91</u> 51−10. Exhibit J − Linthicum Complaint # <u>92</u> 51−11. Exhibit K − BPR Hagh Attorney Details # <u>93</u> 51−12. Exhibit L − Manookian Judgment # <u>94</u> 51−13. Exhibit M − Order Reinstating Temporary Suspension # <u>95</u> 51−13. Exhibit M − Order Reinstating Temporary Suspension # <u>96</u> 52−1. Attachment − Proposed Agreed Order # <u>97</u> 53. Agreed Order terminating Motion for Entry of Default 47_49_ Granting 52 Joint Motion Entry of Agreed Order # <u>98</u> 54. Order_of Referral to Bankruptcy Judge Charles Walker filed by Defendanst Jeanne Burton Trustee # <u>99</u> 55. Order_Granting Burton's as to 2 Motion) (tms) (Entered: 03/30/2023) |
| 04/01/2023 | | <u>6</u> | BNC Certificate of Notice. (RE: related document(s)<u>5</u> Order) Notice Date 04/01/2023. (Admin.) (Entered: 04/01/2023) |
| 04/03/2023 | | <u>7</u> | Notice *of Objection to Remand and Intent to Seek Relief*. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (SPRAGENS, JOHN) (Entered: 04/03/2023) |
| 04/11/2023 | | <u>8</u> | Motion for *Scheduling Pretrial Conference*. Filed on the behalf of: Defendant JEANNE BURTON. (YOUNG, PHILLIP) (Entered: 04/11/2023) |
| 05/04/2023 | | <u>9</u> | Motion to Dismiss Adversary Proceeding. (Attachments: # <u>1</u> Exhibit Exhibit1−7)Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER. (SPRAGENS, JOHN) (Entered: 05/04/2023) |
| 05/25/2023 | | <u>10</u> | Order Scheduling *Evidentiary* Hearing *Regarding Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh*. (RE: Related Doc#: <u>9</u>). **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** Objections due by 7/19/2023. Signed on 5/25/2023. (anm) (Entered: 05/25/2023) |
| 05/27/2023 | | <u>11</u> | BNC Certificate of Notice. (RE: related document(s)<u>10</u> Order Scheduling Hearing) Notice Date 05/27/2023. (Admin.) (Entered: 05/27/2023) |
| 08/02/2023 | | <u>12</u> | Response to *Motion to Dismiss*. (Attachments: # <u>1</u> Exhibit 1 − Trustee Notice of Lien # <u>2</u> Exhibit 2 − Price to Hagh 2−1−22 # <u>3</u> Exhibit 3 − Hagh to Price 2−11−22 # <u>4</u> Exhibit 4 − Price to Hagh 2−14−22 # <u>5</u> Exhibit 5 − Price to Hagh 2−15−22 # <u>6</u> Exhibit 6 − Hagh to Price 2−21−22 # <u>7</u> Index 7 − Price to Hagh 3−8−22 # <u>8</u> Exhibit 8 − Spragens to Price 7−22−22 # <u>9</u> Exhibit 9 − Price to Spragens 8−8−22 # <u>10</u> Exhibit 10 − Tipping to Spragens 2−24−23 # <u>11</u> Appendix In re Project Restore # <u>12</u> Appendix Property Mgmt. Connection v. Consumer Fin.) Filed on the behalf of: Plaintiff BRIAN CUMMINGS (RE: related document(s)<u>9</u>). (TIPPING, ELIZABETH) (Entered: 08/02/2023) |
| 08/16/2023 | | <u>13</u> | Exhibit and Witness List. Filed on the behalf of: Plaintiff BRIAN CUMMINGS (TIPPING, ELIZABETH) (Entered: 08/16/2023) |
| 08/28/2023 | | <u>14</u> | Notice of Hearing on Motion − AP Motion.*for Scheduling Pretrial Conference* **Hearing scheduled 8/30/2023 at 11:00 AM, Courtroom 2 (Virtual hearing if allowed; see website for details); 701 Broadway, Nashville, TN 37203.** (RE: related document(s)<u>8</u>) (leq) (Entered: 08/28/2023) |

| Date | | No. | Description |
|---|---|---|---|
| 08/30/2023 | | [15](#) | BNC Certificate of Notice. (RE: related document(s)[14](#) Notice of Hearing) Notice Date 08/30/2023. (Admin.) (Entered: 08/30/2023) |
| 09/01/2023 | | [16](#) | Submitted Order *Denying Motion to Dismiss or, in the Alternative, to Stay Pending Mediation and Arbitration*. Filed on the behalf of: Plaintiff BRIAN CUMMINGS (RE: related document(s)[9](#)). (TIPPING, ELIZABETH) (Entered: 09/01/2023) |
| 09/01/2023 | | [17](#) | Request for Transcript. Fee Amount is $32.00. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, ELIZABETH) (Entered: 09/01/2023) |
| 09/01/2023 | | 18 | Receipt of Request for Transcript( [3:23−ap−90036](#)) [misc,tsreq] ( 32.00). Receipt number A18257108. Fee amount $ 32.00. (re:Doc# [17](#)) (U.S. Treasury) (Entered: 09/01/2023) |
| 09/06/2023 | | [20](#) | Order Denying Motion to Dismiss Adversary Proceeding *or in the Alternative, to Stay Pending Mediation and Arbitration Filed on Behalf of Defendants Bretton Keefer and Afsoon Hagh*. (RE: Ref Doc #[9](#), BY THE COURT: Judge Charles M. Walker. (anm) (Entered: 09/06/2023) |
| 09/08/2023 | | [21](#) | Notice of Appeal and Statement of Election to District Court. Fee Amount is $298.00. Appellant Designation due by 09/22/2023. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (RE: related document(s)[20](#)). (SPRAGENS, JOHN) (Entered: 09/08/2023) |
| 09/08/2023 | | 22 | Receipt of Notice or Amended Notice of Appeal and Statement of Election( [3:23−ap−90036](#)) [appeal,ntcapl] ( 298.00). Receipt number A18265238. Fee amount $ 298.00. (re:Doc# [21](#)) (U.S. Treasury) (Entered: 09/08/2023) |
| 09/08/2023 | | [23](#) | Certificate of Service mailed on September 8, 2023 *on Notice of Appeal and Statement of Election* (RE: related document(s)[21](#)). (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | 24 | Transmittal of Notice of Appeal and Documents Related to Appeal (Rules 8003(d), 8005(b)) to District Court. (RE: related document(s)[21](#)). (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | 25 | Acknowledgement of Receipt of Appeal from District Court. Case info: 3:23−cv−00961. . (leq) (Entered: 09/08/2023) |
| 09/08/2023 | | [26](#) | BNC Certificate of Notice. (RE: related document(s)[20](#) Order on Motion to Dismiss Adversary Proceeding − AP Order) Notice Date 09/08/2023. (Admin.) (Entered: 09/08/2023) |
| 09/13/2023 | | [27](#) | Notice to CORRECT party information Re: Correct Information: Elizabeth S. Tipping, Neal & Harwell, PLC, 1201 Demonbreun St. #1000, Nashville, TN 37203. The Reason for Correction: Changed law firm. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, ELIZABETH) (Entered: 09/13/2023) |
| 09/22/2023 | | [28](#) | Statement of Issues on Appeal,*and Designation of Record*. Filed on the behalf of: Defendants AFSOON HAGH, BRETTON KEEFER (RE: related document(s)[21](#)). (SPRAGENS, JOHN) (Entered: 09/22/2023) |
| 10/03/2023 | | [29](#) | Appellee's Designation of Contents for Inclusion in Record of Appeal. Filed on the behalf of: Plaintiff BRIAN CUMMINGS. (TIPPING, |

| | | | ELIZABETH) (Entered: 10/03/2023) |
|---|---|---|---|

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | **No. 3:22-cv-00301** |
| **deceased, CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and JEANNE** | ) | |
| **BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

For the reasons stated in this Court's most recent Order (Doc. No. 54) and absent timely objection by any party, Burton's Motion (Doc. No. 2) is **GRANTED**. This case hereby is **REFERRED** to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **NO. _____** |
| **v.** ) | |
| ) | |
| **BRETTON KEEFER, on behalf of the deceased,** ) | |
| **CHESTA SHOEMAKER, and JEANNE** ) | |
| **BURTON, Trustee on behalf of CUMMINGS** ) | |
| **MANOOKIAN, PLC,** ) | |
| ) | |
|     **Defendants.** ) | |

## COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.    The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.    The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.    The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

COPY

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

    4.    Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

    5.    Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

    6.    Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

    7.    The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

    8.    Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

2

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

9.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

10.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

COPY

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

15.    Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

16.    In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

17.    In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

18.    On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.



19.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

5

28.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

6

32.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

14

COPY

41. By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42. Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43. To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44. At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45. The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46. John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47. Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48. At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

8

15

49.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

9

COPY

53. Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54. Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55. The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56. While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1. That the Defendants be served and required to answer as required by law.

2. That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3. For general relief.

COPY

Respectfully submitted,

/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

11

18

COPY

CIRCUIT COURT SUMMONS                                                              NASHVILLE, TENNESSEE

Service ID 285093

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20 ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

                                                              Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                                              Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By:  _Jaugnok_

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

19

COPY

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 285093

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____


_____

Sheriff/Process Server


To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 285094

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

BRIAN CUMMINGS

                                        Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                        Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
1
NASHVILLE, TN 37201

## NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2018

21

COPY



RICHARD R. ROOKER, CLERK

By: 4M Jaugnor          D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **NO. 22C546** |
| **v.** | ) |
| | ) |
| **BRETTON KEEFER, on behalf of the deceased,** | ) |
| **CHESTA SHOEMAKER, AFSOON HAGH,** | ) |
| **and JEANNE BURTON, Trustee on behalf of** | ) |
| **CUMMINGS MANOOKIAN, PLC,** | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.     The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.     The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.     The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

COPY

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.      Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5.      Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6.      Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7.      Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8.      The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9.      Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

EFILED 03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained. Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

3

15.    Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.    Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.    In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.    In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

4

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

19.     On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

5

COPY

27. Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28. Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29. Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30. Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31. After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

6

32.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

COPY

42.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.     To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.     The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

8

50. Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51. During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52. At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53. Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54. When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55. In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

9

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.     In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.     The only attorney who signed the Manookian agreement was Mr. Manookian.

59.     The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.     Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.     The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.     The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.     The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

10

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64. When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65. The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66. Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67. During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68. During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69. It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70. Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

11

34

71.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.    Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.    Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.    The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.    That Defendants be served and required to answer as required by law.

2.    That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

12

3.    That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.    For general relief.

Respectfully submitted,

<u>/s/   James W. Price, Jr.</u>
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

13

# COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286122

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____     D.C.



 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

37

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286122

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, AFSOON HAGH . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

38

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 286123

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

Plaintiff

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

Service ID 286123

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., STE 1800
NASHVILLE, TN 37219

### NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION

STATE OF TENNESSEE    }
COUNTY OF DAVIDSON    }

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**rev. 09/01/2018**

COPY

RICHARD R. ROOKER, CLERK

By: ꓵꓷ Jausnok   D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 286123

rev. 09/01/2018

**COPY**

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

Service ID 286123

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

Service ID 286123

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 286124

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ™ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By:  _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVE. N., STE 1800
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 286124

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

COPY

**CIRCUIT COURT SUMMONS**

NASHVILLE, TENNESSEE

Service ID 285094

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 22nd day of $March$, $2022$ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the 28th day of $March$, $2022$ I received the return receipt for said registered or certified mail, which had been signed by $B. Wood$ on the 25th day of $March$, $2022$ Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
29th DAY OF $March$

NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____ $5-5-2$

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Service ID 285094

EFILED 03/29/22 10:29 AM CASE NO. 22C546 Richard R. Rooker, Clerk

COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, #200
Franklin, TN 37067

9590 9402 3459 7275 7326 13

2. Article Number (Transfer from service label)

7014 1820 0000 3466 3566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☒ Addressee

B. Received by (Printed Name)  |  C. Date of Delivery
   BWood                       |  3·25·22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EFILED 03/29/22 10:29 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

**BRIAN CUMMINGS**

Plaintiff

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Personal Service

VS.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___22___ day of ___MARCH___ , 20_22_ I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

___X___ failed to serve this Summons within 90 days after its issuance because _BRETTON KEEFER_
_WAS NOT FOUND IN COURT!_

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Confidential Courier Service
& Private Process Service
611 Priscilla Ct Madison, TN 37115
Alex B. Frierson

rev. 09/01/2018

COPY EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**                          NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _29th_ day of _March_ 2022, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _2nd_ day of _April_, 2022, I received the return receipt for said registered or certified mail, which had been signed by _B. Wood_ on the _31st_ day of _March_, 2022 Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_4th_ DAY OF _April_, 20_22_

AUTHORIZED BY STATUTE TO SERVE PROCESS

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

NOTARY PUBLIC or ____ DEPUTY CLERK
MY COMMISSION EXPIRES: _5-5-25_

My Commission Expires
MAY 05, 2025
To request an accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

Sandra Ull 286123

EFILED 04/14/22 10:09 AM CASE NO. 22C546 Richard R. Rooker, Clerk

COPY

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Phillip Young
6100 Tower Circle, #200
Franklin, TN 37067

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X [] Agent
  [] Addressee

B. Received by (Printed Name)     C. Date of Delivery
  B.Wood                          3.31.22

D. Is delivery address different from item 1?  [] Yes
   If YES, enter delivery address below:        [] No

3. Service Type
  [X] Certified Mail®    [] Priority Mail Express®
  [] Registered         [] Return Receipt for Merchandise
  [] Insured Mail       [] Collect on Delivery

4. Restricted Delivery? (Extra Fee)   [] Yes

Article Number
(Transfer from service label)

7014 1820 0000 3466 3771

PS Form 3811, July 2013     Domestic Return Receipt

UNITED STATES POSTAL SERVICE
NASHVILLE TN 370

2 APR 2022 PM 6 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave., N., Ste. 1800
Nashville, TN 37219

Query    Reports    Utilities    Help    What's New    Log Out

CASE-CLOSED,NEWBERN

# U.S. District Court
# Middle District of Tennessee (Nashville)
# CIVIL DOCKET FOR CASE #: 3:22-cv-00301

Cummings v. Keefer et al                        Date Filed: 04/26/2022
Assigned to: Chief Judge Waverly D. Crenshaw, Jr    Date Terminated: 03/13/2023
Referred to: Magistrate Judge Alistair Newbern    Jury Demand: None
Case in other court: Davidson County Circuit Court, 22C546    Nature of Suit: 190 Contract: Other
Cause: 28:1442 Notice of Removal- Breach of Contract    Jurisdiction: Federal Question

**Plaintiff**

**Brian Cummings**                represented by    **Elizabeth S. Tipping**
                                                    Counterpoint Legal, PLC
                                                    Nashville
                                                    2689 Union Hill Rd
                                                    Joelton, TN 37080
                                                    615-425-5566
                                                    Email: liz@counterpointlaw.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James William Price , Jr.**
                                                    James W. Price, JR.
                                                    214 2nd Ave. N.
                                                    Suite 205
                                                    Nashville, TN 37201
                                                    615-244-5772
                                                    Fax: 615-244-5821
                                                    Email: jprice@pricehillkolarich.com
                                                    *TERMINATED: 11/04/2022*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kristen M. Shields**
                                                    Cotney Construction Law LLP
                                                    Nashville
                                                    3201 Trevor St.
                                                    Suite 300
                                                    Nashville, TN 37209
                                                    (615) 657-4107
                                                    Fax: (813) 902-7612
                                                    Email: kristen@counterpointlaw.com
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bretton Keefer**
*on behalf of the deceased Chesta*
*Shoemaker*

**Defendant**

**Jeanne Burton**                    represented by **Phillip G. Young , Jr.**
*as Trustee on behalf of Cummings*                Thompson Burton PLLC
*Manookian, PLC*                                   1801 West End Avenue
                                                   Suite 1550
                                                   Nashville, TN 37203
                                                   (615) 465-6008
                                                   Fax: (615) 807-3048
                                                   Email: phillip@thompsonburton.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Afsoon Hagh**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2022 | 1 | NOTICE OF REMOVAL by Jeanne Burton from Davidson County Circuit Court, case number 22C546. ( Filing fee $ 402 receipt number ATNMDC-3583537) (Attachments: # 1 Attachment - State Court Pleadings, # 2 Attachment - Civil Cover Sheet)(kc) (Entered: 04/26/2022) |
| 04/26/2022 | 2 | MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* by Jeanne Burton. (Attachments: # 1 Attachment Proposed Order)(Young, Phillip) (Entered: 04/26/2022) |
| 04/27/2022 | 3 | NOTICE OF ADMINISTRATIVE ORDER NO. 217 to parties re obligation of counsel to keep Court apprised of current contact information. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 4 | NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (kc) (Entered: 04/27/2022) |
| 04/27/2022 |  | TN State Bar status verified as active for Phillip G. Young, Jr and James William Price, Jr **admitted to this court**. (kc) (Entered: 04/27/2022) |
| 04/27/2022 | 5 | NOTICE of Initial Case Management Conference by Telephone is set for 6/6/2022 at 9:30 AM before Magistrate Judge Barbara D. Holmes. (kc) (Entered: 04/27/2022) |
| 04/28/2022 | 6 | ORDER: This case is REFERRED to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). Lead counsel for the parties shall attend the initial case management conference. Signed by Chief Judge Waverly D. Crenshaw, Jr on 4/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 04/28/2022) |
| 05/05/2022 | 7 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 3 Notice of Admin Order 217, 2 MOTION to Remand to Bankruptcy Court *(Motion to Refer Case to Bankruptcy Court and Supporting Brief)* filed by Jeanne Burton, 5 Notice of Case |

| | | Management Conference, 1 Notice of Removal filed by Jeanne Burton, 6 Order, 4 NOTICE/INFORMATION regarding Consent of the Parties to the Magistrate Judge. (Young, Phillip) (Entered: 05/05/2022) |
|---|---|---|
| 05/12/2022 | 8 | ORDER OF RECUSAL: I hereby recuse myself from further proceedings in this case. Accordingly, the Clerk is directed to reassign this matter to another Magistrate Judge. The initial case management conference scheduled for June 6, 2022 is cancelled to be reset by the newly assigned Magistrate Judge. (Case randomly reassigned to Magistrate Judge Alistair Newbern by the Clerk's Office for all further proceedings.) Signed by Magistrate Judge Barbara D. Holmes on 5/12/2022. (kc) (Entered: 05/13/2022) |
| 05/16/2022 | 9 | NOTICE of Initial Case Management Conference by Telephone is set for 6/28/2022 at 10:30 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 05/16/2022) |
| 05/16/2022 | 10 | NOTICE of Alias Summons to be Issued as to Afsoon Hagh. (Price, James) (Entered: 05/16/2022) |
| 05/17/2022 | 11 | Summons Reissued as to Afsoon Hagh. (Service pages returned to counsel by regular mail.) (kc) (Entered: 05/17/2022) |
| 06/21/2022 | 12 | NOTICE of Summons to be Issued as to Bretton Keefer. (Attachments: # 1 Attachment Complaint, # 2 Attachment Case Management Order)(Price, James) (Entered: 06/21/2022) |
| 06/23/2022 | 13 | MOTION to Continue by Brian Cummings. (Price, James) (Entered: 06/23/2022) |
| 06/23/2022 | 14 | RESPONSE in Support re 13 MOTION to Continue filed by Jeanne Burton. (Young, Phillip) (Entered: 06/23/2022) |
| 06/24/2022 | 15 | ORDER: On June 23, 2022, Plaintiff Brian Cummings filed a motion to continue the initial case management conference set on June 28, 2022. (Doc. No. 13 ). Defendant Jeanne Burton does not oppose the motion. (Doc. No. 14 .) Accordingly, the motion is GRANTED. The initial case management conference is CONTINUED to August 29, 2022, at 9:30 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 6/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(ln) (Entered: 06/24/2022) |
| 06/24/2022 | | Reset Hearing: The Initial Case Management Conference by Telephone is reset for 8/29/2022 at 9:30 AM before Magistrate Judge Alistair Newbern. (ln) (Entered: 06/24/2022) |
| 06/24/2022 | 16 | Summons issued as to Bretton Keefer. Service copies will be returned to counsel by mail. (mg) (Entered: 06/24/2022) |
| 06/27/2022 | | NOTICE TO FILER re DE# 14 : Pursuant to Local Rule 5.01, Certificates of Service shall identify by name the person served, what was served, the method of service, and date of service. Counsel did not include all Counsel on the certificate of service. Please FILE a conformed Certificate of Service for this document. (mg) (Entered: 06/27/2022) |
| 06/27/2022 | 17 | CERTIFICATE Certificate of Service filed by Jeanne Burton re 14 Response in Support of Motion filed by Jeanne Burton. (Young, Phillip) (Entered: 06/27/2022) |
| 06/27/2022 | 18 | MOTION for Extension of Time to File *Service of Process* by Brian Cummings. (Price, James) (Entered: 06/27/2022) |

| | | |
|---|---|---|
| 06/27/2022 | 19 | DECLARATION of James W. Price, Jr. filed by Brian Cummings re: 18 MOTION for Extension of Time to File *Service of Process*. (Price, James) (Entered: 06/27/2022) |
| 06/28/2022 | 20 | ORDER granting 18 Motion for Extension of Time for Service of Process. Service of process due by 9/27/2022. Signed by Magistrate Judge Alistair Newbern on 6/28/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 06/28/2022) |
| 07/05/2022 | 21 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 6/30/2022. (Price, James) (Entered: 07/05/2022) |
| 07/25/2022 | 22 | NOTICE of Change of Address by James William Price, Jr (Price, James) (Entered: 07/25/2022) |
| 08/23/2022 | 23 | MOTION to Continue *Case Management Conference* by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 24 | MOTION for Leave to Service of Process by U.S. Marshal by Brian Cummings. (Price, James) (Entered: 08/23/2022) |
| 08/23/2022 | 25 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Attachment Letter from Attorney Spragens)(Price, James) (Entered: 08/23/2022) |
| 08/24/2022 | 26 | ORDER: The motion to continue the initial case management conference 23 is GRANTED. The initial case management conference is CONTINUED to October 4, 2022, at 10:00 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate. Signed by Magistrate Judge Alistair Newbern on 8/24/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 08/24/2022) |
| 08/24/2022 | | Reset Hearing per Order 26 : Initial Case Management Conference by Telephone is set for 10/4/2022 at 10:00 AM before Magistrate Judge Alistair Newbern. (kc) (Entered: 08/24/2022) |
| 09/12/2022 | 27 | ORDER: Because it is not clear from Cummings's "Motion for Service of Process on Defendant By U.S. Marshal" which defendant or defendants he wants the Marshal to serve and what steps he has already taken to effect service on those defendants, Cummings's motion 24 is DENIED WITHOUT PREJUDICE to refiling. If Cummings elects to file a second motion, he should ensure that it clearly identifies the relief he requests and the reasons why that relief is appropriate. Signed by Magistrate Judge Alistair Newbern on 9/12/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/12/2022) |
| 09/13/2022 | 28 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Attachments: # 1 Exhibit Circuit Court Order, # 2 Exhibit Circuit Court Order)(Price, James) (Entered: 09/13/2022) |
| 09/13/2022 | 29 | MOTION FOR SERVICE OF PROCESS ON DEFENDANT BY U.S. MARSHAL AND FOR AN ADDITIONAL 90 DAYS FOR SERVICE re 28 Declaration by Brian Cummings. (Price, James) Modified on 9/14/2022 (kc). (Entered: 09/13/2022) |
| 09/15/2022 | 30 | ORDER: Plaintiff Brian Cummings has filed a renewed motion asking the Court to order the U.S. Marshals Service to effect service of process on Defendant Afsoon Hagh under Federal Rule of Civil Procedure 4(c)(3) and to extend the deadline for service of process under Rule 4(m). 29 . Cummings is ORDERED to file a notice by September |

| | | |
|---|---|---|
| | | 21, 2022, addressing whether his service attempts on Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and Federal Rule of Civil Procedure 4(e)(1). Signed by Magistrate Judge Alistair Newbern on 9/15/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/15/2022) |
| 09/21/2022 | 31 | MOTION for Leave to Additional Time for Service of Process by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 32 | NOTICE by Brian Cummings *of Service Efforts* (Attachments: # 1 Exhibit Order) (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 33 | DECLARATION of James W. Price, Jr. filed by Brian Cummings. (Price, James) (Entered: 09/21/2022) |
| 09/21/2022 | 34 | NOTICE of Appearance by Elizabeth S. Tipping on behalf of Brian Cummings (Tipping, Elizabeth) (Entered: 09/21/2022) |
| 09/22/2022 | | TN State Bar status verified as active for Kristen M. Shields, Elizabeth S. Tipping **admitted to this court**. (kc) (Entered: 09/22/2022) |
| 09/30/2022 | 35 | ORDER: Cummings's motions to extend the deadline for service of process on Keefer and Hagh (Doc. Nos. 29 , 31 are GRANTED IN PART. The deadline to effect service of process on Keefer and Hagh is EXTENDED to November 28, 2022. Cummings's motion for an order directing the Marshals Service to effect service of process on Hagh 29 is GRANTED. The Clerk of Court is DIRECTED to reissue a summons to Hagh at the address provided above and forward the summons and a copy of Cummings's pleadings (Doc. No. 1 -1) to the Marshals Service for service of process. The initial case management conference in this matter is set on October 4, 2022. Because it appears that neither Keefer nor Hagh will have appeared in the action by that date, the conference is CANCELLED. Cummings is ORDERED to move to reset the initial case management conference no later than 7 days after Keefer and Hagh have appeared in the action. Signed by Magistrate Judge Alistair Newbern on 9/30/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 09/30/2022) |
| 10/03/2022 | 36 | Summons Reissued as to Afsoon Hagh. (Service packet put in USM's box at intake.) (kc) (Entered: 10/03/2022) |
| 10/17/2022 | 37 | NOTICE of Alias Summons to be Issued as to Bretton Keefer. (Tipping, Elizabeth) (Entered: 10/17/2022) |
| 10/20/2022 | 38 | ALIAS SUMMONS ISSUED as to Bretton Keefer. (Service pages returned to counsel by regular mail.) (kc) (Entered: 10/20/2022) |
| 10/25/2022 | 39 | Summons Returned Unexecuted as to Afsoon Hagh. (kc) (Entered: 10/25/2022) |
| 10/27/2022 | 40 | MOTION to Withdraw as Attorney by Brian Cummings. (Price, James) (Entered: 10/27/2022) |
| 11/04/2022 | 41 | SUMMONS returned executed by Brian Cummings. Bretton Keefer served on 11/1/2022. (Tipping, Elizabeth) (Entered: 11/04/2022) |

| | | |
|---|---|---|
| 11/04/2022 | 42 | ORDER granting 40 Motion to Withdraw as Attorney. Attorney James William Price, Jr terminated. Signed by Magistrate Judge Alistair Newbern on 11/4/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 11/07/2022) |
| 11/16/2022 | 43 | MOTION Deem Service Effective re 39 Summons Returned Unexecuted by Brian Cummings. (Attachments: # 1 Exhibit 1 - Plaintiff's Notice of Attorney's Lien, # 2 Exhibit 2 - Trustee's Notice of Attorney's Lien, # 3 Exhibit 3 - Amended Order of Dismissal, # 4 Exhibit 4 - Motion for Status Conference, # 5 Exhibit 5 - Response to Motion for Status Conference, # 6 Exhibit 6 - Reply to Response on Motion for Status Conference, # 7 Exhibit 7 - Surreply on Motion for Status Conference, # 8 Exhibit 8 - Order Altering or Amending 12/16/21 Order, # 9 Exhibit 9 - Order of Voluntary Dismissal filed by Defendant Hagh, # 10 Exhibit 10 - Complaint filed by Defendant Hagh, # 11 Attachment Ali v. Mid-Atlantic Settlement, # 12 Attachment Boles v. Lewis, # 13 Attachment Dixie Rests. v. Philips Consumer, # 14 Attachment US v. Granger) (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/16/2022 | 44 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Tipping, Elizabeth) (Entered: 11/16/2022) |
| 11/25/2022 | 45 | DECLARATION of Robert Capus filed by Brian Cummings re: 43 MOTION Deem Service Effective re 39 Summons Returned Unexecuted . (Attachments: # 1 Attachment Certificate of Service)(Tipping, Elizabeth) (Entered: 11/25/2022) |
| 12/27/2022 | 46 | ORDER: Cummings's motion to deem service effective 43 is DENIED WITHOUT PREJUDICE. Cummings may file a motion for entry of default under Rule 55(a) for the Clerk of Court's consideration or another motion authorized by the Federal Rules. Signed by Magistrate Judge Alistair Newbern on 12/27/2022. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 12/27/2022) |
| 02/10/2023 | 47 | MOTION for Entry of Default as to Bretton Keefer by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 48 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 47 MOTION for Entry of Default as to Bretton Keefer. (Attachments: # 1 Exhibit 1 - Defense Manpower Data Center Certificate)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 49 | MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 50 | MEMORANDUM in Support of 49 MOTION for Entry of Default as to Afsoon Hagh filed by Brian Cummings . (Attachments: # 1 Attachment Ali v Mid-Atlantic, # 2 Attachment Am Clothing v Cloudflare, # 3 Attachment Boles v Lewis, # 4 Attachment Dixie Restaurants v Philips, # 5 Attachment US v Granger, # 6 Attachment Willie McCormick v Lakeshore)(Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/10/2023 | 51 | DECLARATION of Elizabeth S. Tipping filed by Brian Cummings re: 49 MOTION for Entry of Default as to Afsoon Hagh. (Attachments: # 1 Exhibit A - Defense Manpower Data Center Certificate, # 2 Exhibit B - BPR Manookian Attorney Details, # 3 Exhibit C - Notice of Attorney's Lien, # 4 Exhibit D - Motion for Status Conference, # 5 Exhibit E - Keefer Response, # 6 Exhibit F - Cummings Reply, # 7 Exhibit G - Keefer Sur-Reply, # 8 Exhibit H - Jan 18 2022 Order, # 9 Exhibit I - Shahgoli Order, # 10 Exhibit J |

| | | |
|---|---|---|
| | | - Linthicum Complaint, # 11 Exhibit K - BPR Hagh Attorney Details, # 12 Exhibit L - Manookian Judgment, # 13 Exhibit M - Order Reinstating Temporary Suspension) (Tipping, Elizabeth) (Entered: 02/10/2023) |
| 02/24/2023 | 52 | Joint MOTION Entry of Agreed Order re 47 MOTION for Entry of Default as to Bretton Keefer, 49 MOTION for Entry of Default as to Afsoon Hagh by Brian Cummings. (Attachments: # 1 Attachment Proposed Agreed Order)(Tipping, Elizabeth) (Entered: 02/24/2023) |
| 02/27/2023 | 53 | AGREED ORDER terminating 47 Motion for Entry of Default; terminating 49 Motion for Entry of Default; granting 52 Joint MOTION Entry of Agreed Order. Signed by Magistrate Judge Alistair Newbern on 2/27/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 02/27/2023) |
| 03/03/2023 | 54 | ORDER: On April 26, 2022, Defendant Jeanne Burton, Trustee for the Estate of Cummings Manookian, PLC, moved for the referral of this case to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. 2 . The parties may file individual responsive briefs of no more than 5 pages no later than noon on March 10, 2023. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/3/2023. **(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)**(kc) (Entered: 03/03/2023) |
| 03/13/2023 | 55 | ORDER: For the reasons stated in this Court's most recent Order 54 and absent timely objection by any party, Burton's Motion 2 is GRANTED. This case hereby is REFERRED to the Honorable Charles M. Walker of the United States Bankruptcy Court for the Middle District of Tennessee. The Clerk shall close this case. Signed by Chief Judge Waverly D. Crenshaw, Jr on 3/10/2023. (kc) (Entered: 03/13/2023) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS,                                 ) | |
|                                                 ) | |
|     Plaintiff,              ) | |
|                                                 ) | |
| V.                                              )  | Case No. _____ |
|                                                 ) | |
| BRETTON KEEFER, on behalf of the  ) | |
| deceased, CHESTA SHOEMAKER,    ) | |
| AFSOON HAGH, and                    ) | |
| JEANNE BURTON, Trustee on behalf  ) | |
| Of CUMMINGS MANOOKIAN, PLC,   ) | |
|                                                 ) | |
|     Defendants.            ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452, *et seq.*, defendant Jeanne Ann Burton, Chapter 7 Trustee for Cummings Manookian, PLC ("Trustee"), hereby gives notice of the removal of the above-referenced case from the Circuit Court of Davidson County, Tennessee. In support hereof, Trustee states as follows:

1.      On or about March 22, 2022, Brian Cummings ("Plaintiff") filed a *Complaint* against, Trustee and Bretton Keefer on behalf of the deceased, Chesta Shoemaker ("Complaint") in the Circuit Court of Davidson County, Tennessee (the "State Court"). Subsequently, on March 29, 2022, Plaintiff filed an Amended Complaint ("Amended Complaint") that added Afsoon Hagh as a defendant. The Amended Complaint sough a determination from the State Court concerning the rights to fees among

attorneys related to a wrongful death lawsuit brought by Defendant Keefer.[1]

    2.    This action is properly removable under 28 U.S.C. § 1452, and venue in this division is proper, because the United States District Court, Middle District of Tennessee, has original jurisdiction of this case under 28 U.S.C. § 1334.  Trustee is being sued in her capacity as the bankruptcy trustee for Cummings Manookian, PLLC; moreover, there is a pending adversary proceeding before the United States Bankruptcy Court for the Middle District of Tennessee involving the Trustee, as plaintiff, and Afsoon Hagh, as defendant, to determine the rights to these same disputed fees (Adv. Proc. No. 20-ap-90002).

    3.    Attached hereto are all pleadings and other papers filed in Davidson County Circuit Court as of the date of this notice.

    WHEREFORE, Trustee respectfully requests that this Court take jurisdiction of this action and issue all necessary orders to remove this matter from the Davidson County, Tennessee Circuit Court to the United States District Court for the Middle District of Tennessee.

April 26, 2022                Respectfully submitted,

                                  s/ Phillip G. Young, Jr.
                                  Phillip G. Young, Jr. (21087)
                                  THOMPSON BURTON PLLC
                                  6100 Tower Circle, Suite 200
                                  Franklin, TN 37067
                                  (615) 465-6008
                                  Email: phillip@thompsonburton.com
                                  *Special Counsel for Jeanne Burton, Trustee*

---

[1] The *Barton* doctrine provides that a court-appointed fiduciary, such as a bankruptcy trustee, may only be sued in the Court that appointed the trustee.  Since the Amended Complaint does not seek a judgment against the Trustee, but rather seemingly names the Trustee as a party only because the bankruptcy estate also claims an interest in the fees at issue herein, the Trustee has not invoked the *Barton* doctrine protections.  The Trustee hereby reserves all rights to invoke the *Barton* doctrine in the future if any party seeks a judgment against the Trustee.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, the foregoing *Notice of Removal* was served via first-class U.S. Mail, postage prepaid, upon the following:

Brian Cummings
c/o James W. Price, Esq.
201 4th Avenue N., Suite 1800
Nashville, TN 37219

Bretton Keefter O/B/O Chesta Shoemaker (Deceased)
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
1906 Glen Echo Road
Nashville, TN 37215

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO. _____ |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | |
| **CHESTA SHOEMAKER, and JEANNE** | ) | |
| **BURTON, Trustee on behalf of CUMMINGS** | ) | |
| **MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, for this attorney's lien cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.      The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.      The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.      The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.      Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian.  The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

5.      Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

6.      Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

7.      The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed attorney Afsoon Hagh ("Ms. Hagh") as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

8.      Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

2

9.      Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

**FACTS AND CLAIMS**

10.      Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

11.      Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

12.      Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

13.      Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

14.      Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to

3

withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

15. Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

16. In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

17. In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

18. On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

19.     On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

20.     Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

21.     According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

22.     The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

23.     Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

24.     Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

25.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

26.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

27.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

28.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

29.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

30.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

31.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

6

32.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

33.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

34.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

35.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

36.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

37.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

38.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

40.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

41.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

42.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

43.     To date, Mr. Cummings has not been paid  or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

44.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

45.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

46.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

47.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

48.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

49.    Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

50.    In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

51.    Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

52.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

9

53.     Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

54.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

55.     The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

56.     While the award amount of the settlement is unknown and confidential, Mr. Cummings is entitled to a fee for his involvement in the Keefer matter, including pursuant to his timely-filed Notice of Attorney's Lien and pursuant to the common law issues, including based on equity and unjust enrichment to Ms. Hagh.

Plaintiff's prayers for relief are:

1.     That the Defendants be served and required to answer as required by law.

2.     That Plaintiff be granted a hearing and that when it becomes known what the amount of the settlement is, Plaintiff be granted a judgment of 40% of the total attorneys' fee of 33% of the settlement calculated prior to litigation expenses being deducted in that settlement accounting.

3.     For general relief.

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

Respectfully submitted,


/s/ James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

11

EFILED 03/22/22 09:19 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                              NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285093

| | |
|---|---|
| BRIAN CUMMINGS | CIVIL ACTION<br>DOCKET NO. 22C546<br>Method of Service:<br>  Personal Service |
| Plaintiff | |
| vs. | |
| BRETTON KEEFER OBO CHESTA (DECEASED)<br>SHOEMAKER<br>5960 PUMPKINTOWN LANE<br>LAFAYETTE, TN 37083 | |
| Defendant | |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: ᴍ ᴊᴀᴜɢɴᴏᴋ

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285093

BRIAN CUMMINGS

                                  Plaintiff

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                  Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Personal Service

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____
                         Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

*rev. 09/01/2018*

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 285094

| | |
|---|---|
| BRIAN CUMMINGS | CIVIL ACTION |
| | DOCKET NO. 22C546 |
| Plaintiff | Method of Service: |
| | Certified Mail |
| vs. | |
| JEANNE (TRUSTEE) BURTON OBO CUMMINGS | |
| MANOOKIAN, PLC | |
| C/O PHILLIP YOUNG | |
| 6100 TOWER CIRCLE, #200 | |
| FRANKLIN, TN 37067 | |
| Defendant | |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/22/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
1
NASHVILLE, TN 37201

---

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

rev. 09/01/2018

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk



RICHARD R. ROOKER, CLERK

By: _____     D.C.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 285094

rev. 09/01/2018

COPY

EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Certified Mail

                                                        Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                                        Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 22C546 |
| v. | ) | |
| | ) | |
| BRETTON KEEFER, on behalf of the deceased, | ) | |
| CHESTA SHOEMAKER, AFSOON HAGH, | ) | |
| and JEANNE BURTON, Trustee on behalf of | ) | |
| CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

### PARTIES, VENUE, AND JURISDICTION

1.     The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.     The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.     The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter").  The original Complaint in the Keefer matter was prepared and filed in February

1

2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.      Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5.      Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian.  The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6.      Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7.      Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8.      The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9.      Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings

2

Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12.     Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

3

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

15.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

4

19. On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20. On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21. Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22. According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23. The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24. Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25. Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26. After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

5

EFILED 03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

27.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

6

32.     The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.     Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.     Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.     Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.     Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.     Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.     Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.     During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

7

42.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.     To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.      The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

8

50.     Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.     During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.     When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not

understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.     In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.     The only attorney who signed the Manookian agreement was Mr. Manookian.

59.     The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.     Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.     The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.     The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.     The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion

10

of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.     It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.     Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

71.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.     Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.     Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.     Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.     The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.     That Defendants be served and required to answer as required by law.

2.     That upon a hearing in this matter, the Court find that it would be unjust for Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

12

3.      That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.   For general relief.

Respectfully submitted,


            /s/   James W. Price, Jr.
**JAMES W. PRICE, JR., #3538**
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219
(615) 244-5772 – phone
(615) 244-5821 - fax
Jprice@pricehillkolarich.com
*Attorney for the Plaintiff*

13

COPY

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 286122

Service ID 286122

CUMMINGS, BRIAN

                                    Plaintiff

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

                                    Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

  ISSUED:  03/29/2022

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., SUITE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____      D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                     NASHVILLE, TENNESSEE

Service ID 286122

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

CUMMINGS, BRIAN

| | CIVIL ACTION |
| | DOCKET NO. 22C546 |
| | Method of Service: |
Plaintiff | | Certified Mail |

vs.

AFSOON HAGH
1906 GLEN ECHO ROAD
NASHVILLE, TN 37215

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, AFSOON HAGH . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON

_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

                                                          Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

                                                          Defendant

| CIVIL ACTION |
| DOCKET NO. 22C546 |
| Method of Service: |
| Certified Mail |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/29/2022

                                            RICHARD R. ROOKER
                                            Circuit Court Clerk
                                            Davidson County, Tennessee

                                      By: _____

                                            Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVENUE N., STE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE      )
COUNTY OF DAVIDSON      )

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

                                                          **rev. 09/01/2018**

COPY

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk



RICHARD R. ROOKER, CLERK

By: _____     D.C.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Service ID 286123

rev. 09/01/2018

EFILED  03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

Service ID 286123

CUMMINGS, BRIAN

| CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Certified Mail

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286124

CUMMINGS, BRIAN

                                                Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                              Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Personal Service

Service ID 286124

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                        RICHARD R. ROOKER
                                          Circuit Court Clerk
                                      Davidson County, Tennessee

ISSUED:  03/29/2022

By:  _____

                                  Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES W. PRICE
201 4TH AVE. N., STE 1800
NASHVILLE, TN 37219

---

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

           To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

EFILED 03/29/22 10:10 AM CASE NO. 22C546 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 286124

CUMMINGS, BRIAN

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Personal Service

Plaintiff

vs.

KEEFER, BRETTON O/B/O SHOEMAKER, CHESTA
(DECEASED)
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 ᵀᴴ JUDICIAL DISTRICT

Service ID 285094

BRIAN CUMMINGS

Plaintiff

vs.

JEANNE (TRUSTEE) BURTON OBO CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 22ⁿᵈ day of March, 2022 I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, JEANNE (TRUSTEE) BURTON OBO CUMMINGS MANOOKIAN, PLC . On the 28ᵗʰ day of March, 2022 I received the return receipt for said registered or certified mail, which had been signed by B. Wood on the 25ᵗʰ day of March, 2022 Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON,
29ᵗʰ DAY OF March

_Vicki M. Glover_
X NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: 5-5-2

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
AUTHORIZED BY STATUTE TO SERVE PROCESS

VICKI M. GLOVER
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Phillip Young
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, #200
Franklin, TN 37067

|||||| 9590 9402 3459 7275 7326 13

2. Article Number (Transfer from service label)

7014 1820 0000 3466 3566

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
BNood                           3-35-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

EFILED 03/29/22 10:29 AM CASE NO. 22C590 Richard R. Rooker, Clerk

COPY  EFILED  03/22/22 09:19 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

Service ID 285093

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

BRIAN CUMMINGS

                                                  Plaintiff

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
  Personal Service

vs.

BRETTON KEEFER OBO CHESTA (DECEASED)
SHOEMAKER
5960 PUMPKINTOWN LANE
LAFAYETTE, TN 37083

                                                  Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ___22___ day of __MARCH_____, 20_2_, r:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

__X__ failed to serve this Summons within 90 days after its issuance because _BRETTON KEEFER_
_WAS NOT FOUND IN COURT!_

                                                  Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

Confidential Courier Service
& Private Process Service
611 Priscilla Ct Madison, TN 37115
Alex B. Frierson

rev. 09/01/2018

COPY    EFILED 03/29/22 10:10 AM  CASE NO. 22C546  Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS                                           NASHVILLE, TENNESSEE

Service ID 286123

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

CUMMINGS, BRIAN

Plaintiff

vs.

BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS
MANOOKIAN, PLC
C/O PHILLIP YOUNG
6100 TOWER CIRCLE, #200
FRANKLIN, TN 37067

Defendant

CIVIL ACTION
DOCKET NO. 22C546
Method of Service:
Certified Mail

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _29th_ day of _March_ 20_22_ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C546 to the Defendant, BURTON, JEANNE (TRUSTEE) O/B/O CUMMINGS MANOOKIAN, PLC . On the _2nd_ day of _April_, 20_22_ I received the return receipt for said registered or certified mail, which had been signed by _B. Wood_ on the _31st_ day of _March_, 20_22_ Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON.
_19th_ DAY OF _April_, 20_22_

_Vicki M. Glover_
NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _5-5-25_

PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

VICKI M. GLOVER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

My Commission Expires
MAY 05, 2025
To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Phillip Young
6100 Tower Circle, #200
Franklin, TN 37067

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
B. Wood    3-31-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7014 1820 0000 3466 3771

PS Form 3811, July 2013    Domestic Return Receipt

UNITED STATES POSTAL SERVICE
NASHVILLE TN 370

2 APR 2022 PM 6 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box®

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave., N., Ste. 1800
Nashville, TN 37219

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Cummings | Bretton Keefer; Afsoon Hagh; Jeanne Burton, Trustee |

| (b)  County of Residence of First Listed Plaintiff  Davidson, TN | County of Residence of First Listed Defendant  Macon, TN |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| James W. Price; 201 4th Ave. N., Suite 1800; Nashville, TN 37219 | Phillip Young; 6100 Tower Cir., Suite 200; Franklin, TN 37067 (for Jeanne Burton, Trustee) |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Ite)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plai*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Proceed
- ☐ 2   Court
- ☐ 3   Appellate Court
- ☐ 4   Reopen
- ☐ 5   Another District *(specify)*
- ☐ 6   Litigation - Transfer
- ☐ 8   Litigation - Direct File

Brief description of cause:
Contract dispute removed from state court because it is related to a bankruptcy matte

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  unknown

CHECK YES only if dema
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE  Bankruptcy Judge Charles M. Walker
DOCKET NUMBER  20-ap-90002

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Apr 26, 2022 | /s/ Phillip G. Young, Jr. |

**FOR OFFICE USE ONLY**

RECEIPT #

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | **Case No. 3:22-cv-00301** |
| ) | |
| **BRETTON KEEFER, on behalf of the** ) | |
| **deceased, CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf** ) | |
| **Of CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## JEANNE ANN BURTON, TRUSTEE'S MOTION TO REFER CASE TO BANKRUPTCY COURT AND SUPPORTING BRIEF

COMES NOW Jeanne Ann Burton, Chapter 7 bankruptcy trustee for the estate of Cummings Manookian, PLC ("Trustee"), and respectfully moves for referral of this case to the United States Bankruptcy Court for the Middle District of Tennessee. In support thereof, the Trustee states as follows:

1. On or about March 22, 2022, Brian Cummings ("Plaintiff") filed a *Complaint* against, Trustee and Bretton Keefer on behalf of the deceased, Chesta Shoemaker ("Complaint") in the Circuit Court of Davidson County, Tennessee (the "State Court"). Subsequently, on March 29, 2022, Plaintiff filed an Amended Complaint ("Amended Complaint") that added Afsoon Hagh as a defendant. The Amended Complaint sough a determination from the State Court concerning the rights to fees among attorneys related to a wrongful death lawsuit brought by Defendant Keefer.

2.      Cummings Manookian, PLC ("CM") filed for Chapter 7 bankruptcy relief in the Bankruptcy Court for the Middle District of Tennessee, Case No. 3:19-bk-07235 (the "Bankruptcy Case"), on November 6, 2019 (the "Petition Date").  Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee on the Petition Date and has been so serving since.

3.      As part of her administration of CM's estate, the Trustee filed a Complaint against Afsoon Hagh, Hagh Law, PLLC, and Manookian, PLLC[1].  This adversary proceeding was assigned case number 20-ap-90002 (the "AP").  A significant element of the allegations in the AP is that the defendants in the AP, including Afsoon Hagh (who is a defendant in this matter), received fees belonging to CM.  Those fees included fees generated by a case in which Bretton Keefer, a defendant herein, was acting as plaintiff and upon which this matter is based.

4.      Brian Cummings, the plaintiff in this action, alleges that he has an interest in those same fees generated by Mr. Keefer's lawsuit.  Thus, Mr. Cummings, Ms. Hagh, and the Trustee (on behalf of CM) each claim an interest in the fees at issue in this matter.

5.      This matter is directly related to the AP which is already pending before the Bankruptcy Court and names the Trustee, in her capacity as a bankruptcy trustee, as a defendant in this matter.  Thus, this matter is related to a pending bankruptcy matter as defined by 28 U.S.C. § 1334.

6.      This Court entered an Order (Order 28-11) on July 13, 1984 that acts as a standing order of reference for any cases related to a bankruptcy matter.  That Order

---

[1] First Citizens Bank & Trust Company was also named a defendant in that Complaint strictly to ensure the turnover of certain funds to the Bankruptcy Court.  That having been accomplished, First Citizens Bank & Trust Company has now been dismissed from this matter.

provides that any or all cases under title 11, and any or all proceedings arising under title 11 or arising in and related to a case under title 11, be referred to the bankruptcy judges for this district.  *See* 28 U.S.C. § 157.

      7.    Accordingly, the Trustee respectfully requests that this matter be referred to The Honorable Charles M. Walker for further proceedings.  The Trustee has attached hereto a proposed order granting this motion.

      WHEREFORE, premises considered, the Trustee requests that this case be referred to The Honorable Charles M. Walker of The United States Bankruptcy Court for the Middle District of Tennessee, and that the Trustee be granted such other and further relief to which she may be justly entitled.

April 26, 2022          Respectfully submitted,

                s/ Phillip G. Young, Jr.
                Phillip G. Young, Jr. (21087)
                THOMPSON BURTON PLLC
                6100 Tower Circle, Suite 200
                Franklin, TN 37067
                (615) 465-6008
                Email: phillip@thompsonburton.com
                *Special Counsel for Jeanne Burton, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, the foregoing *Motion to Refer Case to Bankruptcy Court and Supporting Brief* was served via first-class U.S. Mail, postage prepaid, upon the following:

Brian Cummings
c/o James W. Price, Esq.
201 4th Avenue N., Suite 1800
Nashville, TN 37219

Bretton Keefter O/B/O Chesta Shoemaker (Deceased)
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
1906 Glen Echo Road
Nashville, TN 37215

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | |
| **deceased, CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **Of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER GRANTING JEANNE ANN BURTON, TRUSTEE'S MOTION TO REFER CASE TO BANKRUPTCY COURT AND SUPPORTING BRIEF

Before the Court is a motion to refer this case to the Bankruptcy Court, filed by Jeanne Ann Burton, Chapter 7 bankruptcy trustee for the estate of Cummings Manookian, PLC. For the reasons stated below, the motion is GRANTED.

The Court finds that the defendant, Jeanne Ann Burton, Trustee for Cummings Manookian, PLC (the "Trustee") is the trustee for a debtor in bankruptcy, case number 3:19-bk-07235, pending in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Case"). Further, the Trustee is also the Plaintiff in an adversary proceeding, case number 20-ap-90002, pending in the United States Bankruptcy Court for the Middle District of Tennessee (the "AP") which involve substantially similar issues as those in the case before this Court. The Honorable Charles M. Walker has

presided over the Bankruptcy Case continually from its filing on November 7, 2019, and over the AP continually from its filing on January 8, 2020.

The standing order of reference (Order 28-11) adopted in this District on July 13, 1984 (pursuant to 28 U.S.C. § 157), provides that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11, be referred to the bankruptcy judges for this district.

This case is related to a pending case under title 11 and, accordingly, this action can and should be referred to Bankruptcy Judge Walker.

This action and all matters arising in this action are hereby referred to United States Bankruptcy Judge Charles M. Walker, United States Bankruptcy Court for the Middle District of Tennessee, to be adjudicated and determined in proceedings arising in or related to Case No. 3:19-bk-07235 styled *In re Cummings Manookian, PLC.*

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE