**RECEIVED FOR ENTRY**
USDC/MDTN

Jun 11, 2021

**Vicki Kinkade**
**Chief Deputy Clerk**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

IN RE:                                                )
                                                          )
**OBLIGATION OF COUNSEL TO**          )
**KEEP COURT APPRISED OF**              )     **ADMINISTRATIVE ORDER NO. 217**
**CURRENT CONTACT**                        )
**INFORMATION**                                )

## ORDER

Pursuant to Administrative Order No. 167-1, attorneys practicing before the Court are required, absent good cause shown, to register as filing users of the Case Management Electronic Case Filing (CM/ECF) system. The CM/ECF registration form is available on the Court's website at  https://www.tnmd.uscourts.gov/content/register-cmecf-account.  Registration requires the registrant attorney's name, firm name, mailing address, telephone number, and e-mail address, along with confirmation that the attorney is admitted to practice before the Court.

Administrative Order No. 167-1 also requires attorneys to maintain a PACER account and certify that they have read and will abide by the Electronic Case Filing Practices and Procedures.

To ensure that counsel keeps the Court apprised of current contact information, every attorney admitted to practice before this Court shall notify the Court of any change of the attorney's name, firm name, mailing address, telephone number, or e-mail address, within five (5) business days of the change by filing a notice in all pending cases. Attorneys are also required to update their primary e-mail addresses in CM/ECF within five (5) business days of any change.

When opening cases in the ECF system, the Clerk is directed to enter this Administrative Order as part of the record in each case, effective immediately.

IT IS SO ORDERED.


WAVERLY D. CRENSHAW, JR.
Chief United States District Judge

ALETA A. TRAUGER
United States District Judge


WILLIAM L. CAMPBELL, JR.
United States District Judge

ELI J. RICHARDSON
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE


NOTICE REGARDING CONSENT OF THE PARTIES

Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and Local Rule 73.01, this Court has designated the Magistrate Judge of this District to conduct trials and otherwise dispose of any civil case that is filed in this Court. After an order of transfer is entered in a case, the Magistrate Judge may conduct any and all proceedings in the case, including the conduct of a jury or non−jury trial, and may order the entry of a final judgment in accordance with 28 U.S.C. § 636(c); and Fed.R.Civ.P. 73. In the course of conducting such proceedings, a Magistrate Judge may hear and determine any pre−trial and post−trial motions, including case−dispositve motions.

If all parties agree to the assignment of the case to the Magistrate Judge, an appeal, if any, shall be taken directly to the U. S. Court of Appeals as provided in 28 U.S.C. § 636(c)(3) and Rule 73(c). Further review may be taken to the U. S. Supreme Court by writ of certiorari.

If all parties do not consent to a transfer of jurisdiction to a Magistrate Judge, no consent form will be filed with the Clerk and no party will reveal to the Clerk or any judge the position of any party on the issue of consent.

The consent form is attached and a fillable form is available on the court's website at www.tnmd.uscourts.gov under the forms section. When filing the Notice of Consent, in the CM/ECF filing system, use the event listed under Notices, Notice of Consent of the Parties.

**DO NOT RETURN THE ATTACHED FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.**

# UNITED STATES DISTRICT COURT
for the
## MIDDLE DISTRICT OF TENNESSEE

Brian Cummings

                                        Plaintiff,

v.                                                          Case No.: 3:22−cv−00301

Bretton Keefer, et al.

                                        Defendant,

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post−trial proceedings.

|            *Parties' printed names*            |      *Signatures of parties or attorneys*      |      *Dates*      |
| ---------------------------------------------- | ---------------------------------------------- | ---------------- |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:   _____            _____
                                                                     *District Judge's signature*

                                                          _____
                                                                     *Printed name and title*

<u>**DO NOT FILE THIS FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.**</u> When filing the Notice of Consent, in the CM/ECF filing system, use the event listed under Notices, <u>Notice of Consent of the Parties</u>.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

Brian Cummings

                            Plaintiff    Case No.: 3:22−cv−00301

v.

                                    Judge Waverly D. Crenshaw, Jr.

Bretton Keefer, et al.

                      Defendant  Magistrate Judge Barbara D. Holmes

### NOTICE OF SETTING OF INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to Local Rule 16.01, notice is hereby given that an Initial Case Management Conference ("ICMC") is scheduled before Magistrate Judge Barbara D. Holmes, on 6/6/2022 at 09:30 AM. Unless otherwise ordered, all ICMSs will be conducted by telephone, hosted by the Court. Participants are directed to call **1−877−402−9753 code 3808663#** to participate. (Participants may hear music until Judge Holmes joins as host.)

<u>LEAD TRIAL COUNSEL FOR EACH PARTY</u> is required to participate in the ICMC unless otherwise ordered. Appearance by counsel at the ICMC will not be deemed to waive any defenses to personal jurisdiction. Counsel are advised to have their calendars available during the ICMC.

<u>IF ALL PARTIES HAVE NOT BEEN SERVED</u> prior to the ICMC date, counsel for the filing party is responsible for moving to reschedule the ICMC, perferably at least 7 days in advance of the scheduled ICMC date.

<u>COUNSEL FOR ALL PARTIES MUST</u>, at the initiative of plaintiff's counsel or the removing party's counsel, prepare a joint proposed Initial Case Management Order ("ICMO") that complies with Local Rule 16.01(f), (g), and (h), which must be filed at least three (3) business days before the ICMC. Counsel shall utilize the form ICMO found under the link to Judge Holmes on the Court's website. IN ADDITION, the proposed ICMO must be separately emailed in Word format to Ms. Jeanne Cox, Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov.

Failure to timely move for a rescheduled date for the ICMC or to timely file the proposed ICMO electronically can result in sanctions.

PURSUANT TO LOCAL RULE 16.01(e)(2), COUNSEL FOR THE PARTY INITIATING THIS LAWSUIT MUST SERVE A COPY OF THIS NOTICE ON THE OTHER PARTIES TO THIS LAWSUIT ALONG WITH THE SUMMONS AND COMPLAINT **OR** WITH THE REQUEST FOR WAIVER OF SERVICE UNDER FED.R.CIV.P. 4(d), **OR** WITH THE SERVICE COPY OF THE NOTICE OF REMOVAL.

                                    CLERK'S OFFICE
                                    Middle Districe of Tennessee

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER on behalf of the** | ) | |
| **deceased, CHESTA SHOEMAKER and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This case is **REFERRED** to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). Lead counsel for the parties shall attend the initial case management conference.

The parties shall be prepared to engage in a discussion with the Magistrate Judge of the substantive factual and legal issues presented, either on or off the record as the Magistrate Judge determines, such that the parties and the Magistrate Judge can have a realistic discussion of the progression of this case and possible issues preventing settlement. The parties shall include a plan for resolution of the case that includes at least two independent attempts to resolve the case that must be approved by the Magistrate Judge. The first attempt shall occur within 120 days of the initial case management conference and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05.

This case shall be set for trial upon completion of the initial case management conference by order of the Court in accordance with the procedures of Local Rule 16.01(h).

IT IS SO ORDERED.

_____

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | |
| **deceased, CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **Of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below, a true and correct copy of (1) *Notice of Removal* (Doc. 1); (2) *Jeanne Ann Burton, Trustee's Motion to Refer Case to Bankruptcy Court and Supporting Brief* (Doc. 2); (3) *Order* (Doc. 3); (4) *Notice Regarding Consent of the Parties* (Doc. 4); (5) *Notice of Setting of Initial Case Management Conference* (Doc. 5); and (6) *Order* (Doc. 6) were served via United States Mail, first-class postage prepaid, upon the following parties:

James Price
Price, Hill & Kolarich
201 Fourth Ave. N., Suite 1800
Nashville, TN 37219

Bretton Keefer O/B/O Chesta Shoemaker (deceased)
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
1906 Glen Echo Road, #150229
Nashville, TN 37215

DATED this 5th day of May, 2022.

Respectfully submitted,

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008
Email: phillip@thompsonburton.com
*Special Counsel for Jeanne Burton, Trustee*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS** | **)** | |
| | **)** | **Case No. 3:22-cv-00301** |
| **v.** | **)** | **Chief Judge Crenshaw** |
| | **)** | **Magistrate Judge Holmes** |
| **BRETTON KEEFER** *et al.* | **)** | |

**O R D E R**

I hereby recuse myself from further proceedings in this case.  Accordingly, the Clerk is directed to reassign this matter to another Magistrate Judge.  The initial case management conference scheduled for June 6, 2022 is cancelled to be reset by the newly assigned Magistrate Judge.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

Brian Cummings

                    Plaintiff     Case No.: 3:22−cv−00301

v.

                                  Judge Waverly D. Crenshaw, Jr.

Bretton Keefer, et al.

                  Defendant   Magistrate Judge Alistair Newbern

## NOTICE OF SETTING OF INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to Local Rule 16.01, effective August 14, 2018, notice is hereby given that the initial case management conference is scheduled before Magistrate Judge Newbern on 6/28/2022 at 10:30 AM. The conference will be held by telephone. The parties shal call (888) 557−8511 and enter access code 7819165# to participate.

Lead trial counsel for each party who has been served and who has received this notice is required to attend the initial case management conference unless otherwise ordered by the Court. Appearance by counsel at the initial case management conference will not be deemed to waive any defenses to personal jurisdiction.

Counsel shall be prepared to confirm the scheduling of future litigation dates in the conference, including availability for trial.

Counsel for the plaintiff is directed to notify Magistrate Judge Newbern's courtroom deputy to reset the conference if none of the defendants has been served and appeared by three days before the scheduled conference date.

Counsel for all parties must, at the initiative of plaintiff's counsel, prepare and submit a joint proposed case management order that encompasses the discovery plan required by Fed. R. Civ. P. 26(f), addresses any issues that can be resolved by agreement, and is otherwise in compliance with Local Rule 16.01(f). Counsel shall also ensure that the proposed initial case management order conforms to the requirements of the sample initial case management order of the assigned district judge, available on the Court's website. In addition, the proposed case management order shall be emailed in Word format to Newbern_Chambers@tnmd.uscourts.gov no later than three (3) business days before the initial case management conference. If the proposed order cannot be filed and emailed on time, the plaintiff's counsel is responsible for contacting the Magistrate Judge's chambers to reschedule the conference.

Effective December 1, 2000, Fed. R. Civ. P. 26(a)(1) and April 18, 2005, Administrative Order No. 167 regarding required initial disclosures and electronic proposed orders applies.

**PURSUANT TO LOCAL RULE 16.01(e)(2), COUNSEL FOR THE PARTY FILING THIS LAWSUIT MUST SERVE A COPY OF THIS NOTICE ON THE OTHER PARTIES TO THIS LAWSUIT, ALONG WITH THE SUMMONS AND COMPLAINT OR WITH THE REQUEST FOR WAIVER OF SERVICE UNDER FED. R. CIV. P. 4(d), OR WITH THE SERVICE COPY OF THE NOTICE OF REMOVAL.**

CLERK'S OFFICE
Middle Districe of Tennessee

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | |
|---|---|
| Brian Cummings | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Bretton Keefer, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  3:22-cv-00301

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Afsoon Hagh
1906 Glen Echo Road, #150229
Nashville, TN 37215

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

| | |
|---|---|
| Brian Cummings _____ *Plaintiff* v. Bretton Keefer, et al. _____ *Defendant* | ) ) ) ) ) ) )  Civil Action No.  3:22-cv-00301 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Afsoon Hagh
1906 Glen Echo Road, #150229
Nashville, TN 37215

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   5/17/2022
_____          _____
*Signature of Clerk or Deputy Clerk*

122

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

| | |
|---|---|
| Brian Cummings | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| Bretton Keefer, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  3:22-cv-00301

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave. N., Ste. 1800
Nashville, TN 37219
(615) 244-5772

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

124

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.


Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

125

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:22-cv-00301** |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | |
| **deceased, CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### AMENDED COMPLAINT

---

The Plaintiff, for this cause of action, respectfully states to the Court and trier of fact as follows:

#### PARTIES, VENUE, AND JURISDICTION

1.     The Plaintiff, Brian Cummings ("Mr. Cummings"), is an adult resident of Tennessee.

2.     The majority of legal work performed by Mr. Cummings on behalf of his former client, and a Defendant in this action, Bretton Keefer, on behalf of the deceased, Chesta Shoemaker, was performed in Davidson County, Tennessee.

3.     The Defendant in this action, Bretton Keefer ("Mr. Keefer"), on behalf of the deceased, Chesta Shoemaker, received the benefit of Mr. Cummings' time, legal work, and financial funding of his previously-filed and now resolved health care liability, wrongful death

lawsuit that bore docket number 19C358 in the Davidson County, Tennessee Circuit Courts ("the Keefer matter"). The original Complaint in the Keefer matter was prepared and filed in February 2019, by Mr. Cummings, who was, at that time, a partner in Cummings Manookian, PLC ("Cummings Manookian"), a law firm based in Davidson County, Tennessee.

4.      Afsoon Hagh ("Ms. Hagh") was one of the attorneys who did work on behalf of Mr. Keefer in the Keefer matter, and she did some of her attorney work on this matter in Davidson County, Tennessee.

5.       Mr. Cummings voluntarily withdrew from Cummings Manookian in 2018, leaving Brian Manookian ("Mr. Manookian") as the only remaining Member of Cummings Manookian. The financial situation of Cummings Manookian changed after Mr. Cummings' withdrawal from the firm to the extent that Mr. Manookian put Cummings Manookian into bankruptcy proceedings.

6.      Jeanne Burton is the Trustee for Cummings Manookian in those bankruptcy proceedings.

7.      Attorney work was done on the Keefer matter by Brian Cummings while he was still a Member at Cummings Manookian, but that work was a very small percentage of the overall time and work performed by Mr. Cummings on the Keefer matter.

8.      The original Complaint filed in the Keefer matter by Mr. Cummings in February 2019, listed Ms. Hagh as co-counsel with Mr. Cummings for Mr. Keefer. That Complaint properly identified Mr. Cummings as being with his new firm, Cummings Law, and that Complaint properly identified Ms. Hagh as being with her firm at that time, Cummings Manookian.

9.     Jeanne Burton, as Trustee in bankruptcy for Cummings Manookian, is a proper party to this matter because some portion of the attorney work done related to the attorney's lien issue was performed by at least one attorney while such an attorney was still a part of Cummings Manookian and because the monetary value of the attorney work by any attorneys who at the time of that work were a part of Cummings Manookian makes that monetary amount a concern / asset of the Cummings Manookian bankruptcy proceeding.

10.     Venue and jurisdiction are appropriate with the Circuit Courts of Davidson County, Tennessee.

## FACTS AND CLAIMS

11.     Mr. Cummings signed Mr. Keefer as a client on behalf of Cummings Manookian in 2017 via an Attorney-Client Agreement ("CM Agreement"). The CM Agreement included a contingency fee provision, and the fee was to be earned by Cummings Manookian, via work performed by Brian Cummings and/or Brian Manookian only if Mr. Keefer received a monetary award via settlement, judgment, or award from the Keefer matter.

12.      Mr. Cummings continued to work on the Keefer matter after leaving Cummings Manookian in 2018, including with the knowledge and consent of Mr. Keefer and for the benefit of Mr. Keefer and the other beneficiaries of the Keefer matter.

13.     Mr. Cummings performed legal work on the Keefer matter for over three years until he withdrew as counsel for Mr. Keefer in October 2020.

14.     Mr. Cummings withdrew as counsel in October 2020 after separate oral statements to him by Ms. Hagh and by Mr. Keefer during an approximately one week period indicated that their working relationships were strained.  Mr. Cummings promptly called the Tennessee Board of Professional Responsibility ("BPR") asking if those statements required him

to withdraw as counsel, and he was told by the BPR with no equivocation and with no qualification that he was required to withdraw as counsel and to do so as soon as possible.

15.     Mr. Cummings' withdrawal as counsel was not a choice he made, and it was not a voluntary withdrawal, because it was the comments by the client and by co-counsel, Ms. Hagh, that led to the situation that resulted in the BPR telling Mr. Cummings he was required to withdraw as soon as possible because he could no longer properly and ethically represent Mr. Keefer based on the comments made by Ms. Hagh and by Mr. Keefer.

16.     Mr. Cummings was ethically required to follow the instructions and advice of the BPR in response to what action to take based on the comments made to him by Mr. Keefer and by Ms. Hagh.

17.     In October 2020, Mr. Cummings provided a private letter to Mr. Keefer and Ms. Hagh communicating his withdrawal as counsel, and informing Mr. Keefer and Ms. Hagh that Mr. Cummings understood he was ethically required to withdraw as counsel based on the comments that Mr. Keefer and Ms. Hagh had very recently made. Neither Mr. Keefer nor Ms. Hagh ever communicated to Mr. Cummings orally or in writing that they had any factual or legal dispute with regard to the content of Mr. Cummings' October 2020 letter to them that communicating that Mr. Cummings believed he was required to withdraw as counsel because of the comments made by Ms. Hagh and by Mr. Keefer.

18.     In October 2020, Mr. Cummings filed a Motion to Withdraw as Counsel for the Plaintiff ("Motion to Withdraw"). By the time that the Motion to Withdraw was filed, Mr. Keefer and Ms. Hagh had received a copy of Mr. Cummings October 2020 letter stating that Mr. Cummings believed he was ethically required to withdraw as a result of the comments made by

Ms. Hagh and by Mr. Keefer, and neither Mr. Keefer nor Ms. Hagh filed any type of Response in any way disputing or opposing the Motion to Withdraw.

19.    On November 20, 2020, the Fifth Circuit Court entered an Order granting Mr. Cummings' Motion to Withdraw as Counsel.

20.    On November 27, 2020, Mr. Cummings filed, in the Keefer lawsuit, a document entitled "Brian Cummings' Notice of Attorney's Lien" and this document cited Tennessee Code Annotated section 23-2-102.

21.    Mr. Keefer and Ms. Hagh learned of the filing of Brian Cummings' Notice of Attorney's Lien within days of its filing, including Ms. Hagh receiving a copy through the Circuit Court's electronic filing system.

22.    According to the publicly-available information on Caselink regarding the Davidson County Circuit Courts, the Fifth Circuit Court approved a settlement involving minor beneficiaries in the Keefer matter in October 2021.

23.    The Circuit Court approved a settlement in this matter involving at least one minor beneficiary, and therefore the Court also found that the amount of the settlement was acceptable/reasonable, and any such Court-approval included approving the total attorneys' fee.

24.    Tennessee Code Annotated section 23-2-102 provides a lien upon a plaintiff's or complainant's right of action from the date of the filing of the suit.

25.    Prior to the filing of the lawsuit, Mr. Cummings performed all aspects of the intake of the case, including meeting with and signing the client within two days of the death of the client's mother.

26.     After a review of the records from Vanderbilt Hospital, Mr. Cummings prepared the detailed expert summary letter which became the basis of the Complaint and the basis of the detailed summary letter sent to all experts.

27.     Mr. Cummings attended the presuit mediation as the only attorney on behalf of the Plaintiff.

28.     Mr. Cummings prepared and timely filed the 550 paragraph, 65 page, Complaint.

29.     Mr. Cummings prepared and propounded a significant portion of the written discovery propounded upon the Defendant. Mr. Cummings worked with the Plaintiff in preparing all of Plaintiff's written responses to discovery, at least through October 2020.

30.     Mr. Cummings contacted and retained all Rule 26 witnesses including all of the medical experts.

31.     After the filing of the Complaint and written discovery, Mr. Cummings continued to work diligently on behalf of the Plaintiff, including, but not limited to, (a) keeping Mr. Keefer updated regarding case events, answering questions he had, and working with him and meeting with him to prepare his typed, formal responses to written discovery, (b) contacting, retaining, and preparing and sending summaries of case materials (including deposition testimony and responses to written discovery) and copies of the underlying case materials to all of Mr. Keefer's eventual Rule 26 experts (and being the only attorney for Mr. Keefer to do so), of which there were eight or more medical experts and one expert economist, (c) preparing Mr. Keefer for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (d) preparing Edward Goodwin, the decedent's boyfriend/fiancé for his deposition and defending his deposition (and being the only attorney for Mr. Keefer to do so), (e) taking or defending approximately 14 of the approximately 30 depositions that occurred (some of these depositions

were the same witness deposed in two parts / two depositions), and (f) preparing and serving Mr. Keefer's original approximately 85 page Rule 26 disclosures (and being the only attorney for Mr. Keefer to do so).

32.   The entire duration of the Keefer matter from the time of signing the client to the Court approval referenced herein was 54 months.

33.   Mr. Cummings was counsel or co-counsel on the Keefer matter from April 2017 through October 2020, which is 42 months.

34.   Mr. Cummings' involvement for 42 months of the 54 months of the total duration of the Keefer matter represents 78% of the total duration of the Keefer matter.

35.   Another attorney, Brian Manookian ("Mr. Manookian"), did some of the work on the Keefer matter, including Mr. Manookian doing some of the work while Mr. Manookian was still a Member at Cummings Manookian.

36.   Mr. Manookian was not listed as counsel of record for Mr. Keefer when the original Complaint was filed – only Mr. Cummings and Ms. Hagh were.

37.   Mr. Manookian has never informed Mr. Keefer, Ms. Hagh, or Mr. Cummings that he is seeking any amount of an attorney's fee from the Keefer matter.

38.   Mr. Manookian has never filed a Notice of Attorney's Lien regarding the Keefer matter.

39.   During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he and his firm, Cummings Law, paid over $60,000.00 in litigation expenses incurred during that period of time on the Keefer matter.

40.   During Mr. Cummings' 42 months of involvement as counsel for Mr. Keefer, he paid 90-100% of the litigation expenses incurred during that period of time.

41.     By the time of Mr. Cummings' withdrawal, he had tried approximately 20 healthcare liability actions to verdict, including as second-chair or first-chair, and including trials in healthcare liability trials in the Fifth Circuit Court of Davidson County, Tennessee.

42.     By the time of Mr. Cummings' withdrawal, he had successfully completed the oral exam and the written exam to become Board certified in Medical Malpractice by the American Board of Professional Liability Attorneys (ABPLA) and he was certified accordingly.

43.     Mr. Keefer and the other beneficiaries in this matter have already received their net proceeds from the Keefer matter minus the litigation expenses and minus a total 33.33% attorneys' fee.

44.     To date, Mr. Cummings has not been paid or provided an attorney's fee for his 42 months of involvement and work on the Keefer matter that has apparently settled with Court approval.

45.     At this point, the amount of money determined to be provided to Mr. Cummings related his work in this matter and related to his attorney's lien does not change the amount of net proceeds to Mr. Keefer or the other beneficiaries from the Keefer matter.

46.     The amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien affects what amount of money Ms. Hagh receives for her attorney work on the Keefer matter.

47.     John Edwards ("Mr. Edwards"), an attorney from North Carolina, was co-counsel for Mr. Keefer at the end of this matter for less than 12 months.

48.     Mr. Edwards and his law firm were already provided with an agreed-to amount of attorneys' fees amount for their work in this matter.

49.     The remaining balance of attorney fees after Mr. Edwards received his fee are being held in the Bass, Berry, & Sims' Attorney Trust Account and will not be distributed until the dispute over attorneys' fees has been resolved.

50.     Mr. Edwards and his law firm were paid an amount of attorneys' fees from the total attorneys' fees in this matter per the terms of an agreement that Mr. Edwards and his firm had entered into with Mr. Keefer and / or Ms. Hagh as to what that split or portion of the total attorney's fee would be.

51.     During Mr. Cummings' involvement in the case, Mr. Cummings did not have an agreement with Mr. Keefer and / or Ms. Hagh as to what Mr. Cummings' split or portion of the total attorney's fee would be.

52.     At this point, the amount of money determined to be provided to Mr. Cummings related to his work in this matter and related to his attorney's lien has no effect on the amount of attorneys' fees paid to Mr. Edwards and his law firm.

53.     Mr. Cummings attempted to resolve this attorney's lien issue via mediation in late 2021, during which time Ms. Hagh represented Mr. Keefer on the attorney's lien issue, but that mediation effort did not resolve the matter.

54.     When Ms. Hagh represented Mr. Keefer on the attorney's lien issue, her share of the total attorney's fee would decrease based on what amount of that total attorneys' fee was provided to Mr. Cummings.

55.     In filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that arbitration was required on the attorney's lien issue, and Judge Joseph Binkley of the Fifth Circuit Court told Ms. Hagh to speak with Mr. Keefer to allow Mr. Keefer to choose if he wanted to proceed with arbitration or waive that

option. Months have passed since that instruction by Judge Binkley, and during that time counsel for Mr. Cummings has repeatedly asked Ms. Hagh in writing if Mr. Keefer was choosing to arbitrate the issue, and Ms. Hagh has communicated that she and Mr. Keefer claim to not understand what issue required resolution regarding Mr. Cummings' attorney's lien and have never communicated that Mr. Keefer chooses arbitration. Consequently, any potential right Mr. Keefer may have had to require arbitration of the attorney's lien issue was declined and/or was waived.

56.     Also in filings made by Ms. Hagh on behalf of Mr. Keefer on the attorney's lien issue, Ms. Hagh indicated that Mr. Keefer contended that any litigation regarding the attorney's lien issue had to proceed via a lawsuit filed separately from the Keefer healthcare liability matter. In accordance with that position of Mr. Keefer as stated by Ms. Hagh that a separate lawsuit was required to be filed to address the attorney's lien issue, this present action is filed.

57.     In 2019, Mr. Keefer entered into a new Attorney-Client Agreement regarding the Keefer matter with a firm named Manookian PLLC ("Manookian firm" and "Manookian agreement").

58.     The only attorney who signed the Manookian agreement was Mr. Manookian.

59.     The Manookian agreement was the first Attorney-Client Agreement that Mr. Keefer signed that mentioned Ms. Hagh in any way.

60.     Ms. Hagh did not have a signature line on the Manookian agreement, and Ms. Hagh did not sign the Manookian agreement.

61.     The Manookian firm was not a party to the Attorney-Client Agreement that Mr. Keefer entered into with Cummings Manookian in 2017.

62.     The Manookian agreement stated, in part, that the law firm of Cummings Manookian no longer existed, and Mr. Keefer signed and entered into the Manookian agreement.

63.     The Manookian agreement stated, in part, that a portion of the total attorneys' fees on the Keefer matter may be split with Brian Cummings of Cummings Law, and that this portion of the attorneys' fees paid to Brian Cummings would come from the total 33.33% contingence fee.

64.     When Mr. Keefer signed the Manookian agreement in 2019, Mr. Keefer should have reasonably understood that Mr. Cummings would receive a portion of the total attorneys' fee on the Keefer matter for the legal work that Mr. Cummings performed on the Keefer matter. Mr. Cummings was not a party or signatory to the Manookian agreement.

65.     The Manookian agreement was entered into without Mr. Cummings being told by Mr. Keefer, Ms. Hagh, or Mr. Manookian about the proposal that Mr. Keefer enter into the Manookian agreement.

66.     Mr. Cummings provided legal services that benefited Mr. Keefer, and that benefitted Ms. Hagh regarding her interest in the resulting total attorney's fee, that Mr. Keefer and Ms. Hagh received, that were valuable legal services, and Mr. Cummings did so without an enforceable, written agreement with Mr. Keefer or with Ms. Hagh as to what split or portion of the total attorney's fee would be paid to Mr. Cummings under any situation.

67.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Cummings expected to be compensated for his legal work.

68.     During the time period that Mr. Cummings provided legal services for Mr. Keefer during the Keefer matter, Mr. Keefer and Ms. Hagh should have reasonably understood that Mr. Cummings expected to be compensated for his legal work on the Keefer matter.

69.    It would be unjust for Mr. Cummings to not be compensated for his legal work on the Keefer matter.

70.    Ms. Hagh would be unjustly enriched if she were to receive funds which were earned by Mr. Cummings for his service in the Shoemaker matter.

71.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work he performed on the Keefer matter if he was required to withdraw as counsel under our factual situation.

72.    Mr. Cummings has never entered into an agreement of any kind that waived his right to an attorney's lien, including the right to an attorney's lien that arose at the time he filed the Keefer matter in 2019.

73.    Mr. Cummings has never entered into an agreement of any kind that waived his right to be paid a reasonable amount for his legal work if he withdrew as counsel for any reason if Mr. Keefer had existing co-counsel continuing to be available for Mr. Keefer and who stayed involved in the matter.

74.    Mr. Keefer signed and entered into two different Attorney-Client Agreements in the Keefer matter, one in 2017 and a second in 2019, and both of these Agreements referred to Mr. Cummings receiving some unidentified portion of the total attorneys' fee.

75.    The statute that provides the applicable right to an attorney's lien for Mr. Cummings, Tenn. Code Ann. section 23-2-102, does not include any exclusionary language or provisions by which such a right to an attorney's lien can be waived or negated by any facts or alleged circumstances after an attorney filed the applicable lawsuit on behalf of a plaintiff.

Plaintiff's prayers for relief are:

1.    That Defendants be served and required to answer as required by law.

2.      That upon a hearing in this matter, the Court find that it would be unjust for

Mr. Cummings not be fairly compensated for the work done in the Keefer matter and that it

would be further unjust for Ms. Hagh to be paid and receive the benefits of Mr. Cummings work.

3.      That the Court determine the amount Mr. Cummings is to be awarded for his

Involvement in the Keefer matter pursuant to his timely filed Notice of Attorney's Lien, and

pursuant to the common law remedies, including quantum meruit, unjust enrichment (to Mr.

Keefer and/or Ms. Hagh), and equality and that he be granted judgement accordingly.

4.   For general relief.

                                    Respectfully submitted,


                                       /s/   James W. Price, Jr.
                                    **JAMES W. PRICE, JR., #3538**
                                    Price, Hill, & Kolarich
                                    201 4th Avenue N., Suite 1800
                                    Nashville, TN 37219
                                    (615) 244-5772 – phone
                                    (615) 244-5821 - fax
                                    Jprice@pricehillkolarich.com
                                    *Attorney for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

Brian Cummings

|  |  |
|---|---|
| Plaintiff | Case No.: 3:22−cv−00301 |
|  | Judge Waverly D. Crenshaw, Jr. |

v.

Bretton Keefer, et al.

|  |  |
|---|---|
| Defendant | Magistrate Judge Alistair Newbern |

## NOTICE OF SETTING OF INITIAL CASE MANAGEMENT CONFERENCE

Pursuant to Local Rule 16.01, effective August 14, 2018, notice is hereby given that the initial case management conference is scheduled before Magistrate Judge Newbern on 6/28/2022 at 10:30 AM. The conference will be held by telephone. The parties shal call (888) 557−8511 and enter access code 7819165# to participate.

Lead trial counsel for each party who has been served and who has received this notice is required to attend the initial case management conference unless otherwise ordered by the Court. Appearance by counsel at the initial case management conference will not be deemed to waive any defenses to personal jurisdiction.

Counsel shall be prepared to confirm the scheduling of future litigation dates in the conference, including availability for trial.

Counsel for the plaintiff is directed to notify Magistrate Judge Newbern's courtroom deputy to reset the conference if none of the defendants has been served and appeared by three days before the scheduled conference date.

Counsel for all parties must, at the initiative of plaintiff's counsel, prepare and submit a joint proposed case management order that encompasses the discovery plan required by Fed. R. Civ. P. 26(f), addresses any issues that can be resolved by agreement, and is otherwise in compliance with Local Rule 16.01(f). Counsel shall also ensure that the proposed initial case management order conforms to the requirements of the sample initial case management order of the assigned district judge, available on the Court's website. In addition, the proposed case management order shall be emailed in Word format to Newbern_Chambers@tnmd.uscourts.gov no later than three (3) business days before the initial case management conference. If the proposed order cannot be filed and emailed on time, the plaintiff's counsel is responsible for contacting the Magistrate Judge's chambers to reschedule the conference.

Effective December 1, 2000, Fed. R. Civ. P. 26(a)(1) and April 18, 2005, Administrative Order No. 167 regarding required initial disclosures and electronic proposed orders applies.

**PURSUANT TO LOCAL RULE 16.01(e)(2), COUNSEL FOR THE PARTY FILING THIS LAWSUIT MUST SERVE A COPY OF THIS NOTICE ON THE OTHER PARTIES TO THIS LAWSUIT, ALONG WITH THE SUMMONS AND COMPLAINT <u>OR</u> WITH THE REQUEST FOR WAIVER OF SERVICE UNDER FED. R. CIV. P. 4(d), <u>OR</u> WITH THE SERVICE COPY OF THE NOTICE OF REMOVAL.**

CLERK'S OFFICE
Middle Districe of Tennessee

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

The Plaintiff, Brian Cummings, respectfully moves the Court for an Order continuing the case management conference now set for Tuesday, June 28th, because the Defendants have not yet been served.

The initial service was returned not to be found and alias service are now outstanding because the Plaintiff does not know when the Defendants will be served, he is unable to suggest a new case management conference.  However, counsel respectfully suggests a continuance of the case management conference for at least sixty (60) days in order to be sure that the Defendants have been served.

Respectfully submitted,

/s     James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Suite 1800, 201 4th Avenue North
Nashville, TN  37219
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 23rd day of June, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
1906 Glenn Echo Road
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067

This the 23rd day of June, 2022.

/s     James W. Price, Jr.
James W. Price, Jr.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 3:22-cv-00301 |
| | ) | |
| BRETTON KEEFER, on behalf of the | ) | |
| deceased, CHESTA SHOEMAKER, | ) | |
| AFSOON HAGH, and | ) | |
| JEANNE BURTON, Trustee on behalf | ) | |
| Of CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
|     Defendants. | ) | |

**JEANNE ANN BURTON, TRUSTEE'S RESPONSE TO MOTION TO
CONTINUE CASE MANAGEMENT CONFERENCE**

Jeanne Ann Burton, Chapter 7 bankruptcy trustee for the estate of Cummings

Manookian, PLC ("Trustee") does not oppose The Motion to Continue Case Management

Conference filed by the Plaintiff, Brian Cummings, and agrees that a sixty (60) day

continuance is appropriate.

June 23, 2022                   Respectfully submitted,

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008
Email: phillip@thompsonburton.com

*Special Counsel for Jeanne Burton, Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of June, 2022, the foregoing *Response* was served electronically on all parties having entered a notice of appearance in this matter.

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | |
| Plaintiff, | Case No. 3:22-cv-00301 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| BRETTON KEEFER, et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

## **ORDER**

On June 23, 2022, Plaintiff Brian Cummings filed a motion to continue the initial case management conference set on June 28, 2022. (Doc. No. 13). Defendant Jeanne Burton does not oppose the motion. (Doc. No. 14.) Accordingly, the motion is GRANTED. The initial case management conference is CONTINUED to August 29, 2022, at 9:30 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate.

The parties are reminded of their obligation to file a joint proposed case management order no later than three business days before the conference. The parties shall also email a Word version of the joint proposed case management order to Newbern_Chambers@tnmd.uscourts.gov.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

145

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

| | |
|---|---|
| Brian Cummings | ) |
| | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:22-cv-00301 |
| Bretton Keefer, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave. N., Ste. 1800
Nashville, TN 37219
(615) 244-5772

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date:    6/24/2022

_Megan Gregory_
_Signature of Clerk or Deputy Clerk_

146

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | **Case No. 3:22-cv-00301** |
| ) | |
| **BRETTON KEEFER, on behalf of the** ) | |
| **deceased, CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf** ) | |
| **Of CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, a true and correct copy of *Jeanne Ann Burton, Trustee's Response to Motion to Continue Case Management Conference* in the above-referenced matter was served via CM/ECF upon all parties having made an appearance in this matter, including James Price, counsel for the Plaintiff and Movant.

DATED this 27th day of June, 2022.

Respectfully submitted,

s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008
Email: phillip@thompsonburton.com

*Special Counsel for Jeanne Burton, Trustee*

148

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ADDITIONAL TIME FOR SERVICE OF PROCESS

The Plaintiff, Brian Cummings, respectfully moves the Court for an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure granting an additional ninety (90) days to and until September 27, 2022, within which time to serve the Defendants in this case.  In support of said Motion, Plaintiff has filed a Declaration of Counsel filed contemporaneously herewith.

Respectfully submitted,

/s     James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Suite 1800, 201 4th Avenue North
Nashville, TN  37219
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 27th day of June, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road, #150229
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067

/s    James W. Price, Jr.
James W. Price, Jr.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO.: 3:22-cv-00301** |
| **v.** ) | |
| ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf of** ) | |
| **CUMMINGS        MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

**DECLARATION OF JAMES W. PRICE, JR.**

1.     This lawsuit concerns the division of attorneys' fees in a case settled in the Circuit Court for Davidson County, Tennessee, Docket Number: 19C358 .   Following the Order settling this case, the Plaintiffs received their entire award but the attorneys' fees at issue were held in trust to resolve an issue concerning attorneys' fees between the Plaintiff's attorneys.

2.     The Plaintiff, Brian Cummings, is an attorney who represented the Plaintiff in the original case for several years before withdrawing.  Upon his withdrawal, he filed a Notice for Attorney's Lien pursuant to T.C.A. §29-22-102.  This lawsuit is to resolve that attorney's fee lien.

3.     The Defendant, Brian Keefer, is a nominal Defendant in this case having no financial interest, however, because he was the original Plaintiff in the case, he is believed to be a necessary party even if only in a technical sense.

4.     Defendant, Afsoon Hagh, is an attorney licensed to practice in the State of Tennessee, who also represented the original Plaintiff for a period of time, including at the time of the settlement of the case.

5.     The Trustee, Jeanne Burton, is a necessary party in this because she is the Trustee in bankruptcy for Cummings Manookian, PLC, a law firm which represented the Plaintiff in the case for a short period of time.

6.     After the Trustee was joined by an amended pleading, the Trustee in Bankruptcy removed this case to the Federal Court pursuant to the Federal Rules of Civil Procedure.

7.     The Plaintiff has attempted numerous times to serve the Defendant, Afsoon Hagh, and each attempt has been unsuccessful.  Counsel attempted twice to serve the Defendant through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee.  In each of those cases, the certified mail was refused. The Plaintiff then has attempted to serve Plaintiff by personal process, however, no one would come to the door when the service of process was attempted.

8.     Defendant Hagh is represented by local counsel in the bankruptcy proceeding referred to above and when Plaintiff's counsel asked her counsel in that matter if he would accept service of process for his client, that counsel stated that he did not have the authority to do so.

9.     Counsel has previously attempted to contact Ms. Hagh by telephone but his messages are not returned and his emails have been blocked.  Counsel believes Ms. Hagh is aware of this lawsuit and is attempting to avoid process in order to run the ninety (90) day requirement under Rule 4.

10.    If counsel is granted an additional ninety (90) days, he will make one additional further attempt to serve the Defendant by private process and if unsuccessful will ask the Court pursuant to Rule 4 to appoint the U.S. Marshal to serve the Defendant and/or to schedule a show cause hearing regarding why Attorney Hagh will not facilitate the service of process on her.

11.    The Plaintiff has attempted to serve the Defendant, Bretton Keefer.  These attempts included (1) asking Attorney Hagh, who communicated that she represents Mr. Keefer on the attorney's lien issue, to accept service of process on his behalf and once she would not agree to accept service on her client's behalf, (2) by personal process on Mr. Keefer.  Mr. Keefer's last known address is at a religious community located in Tennessee.  This is a gated community which has restricted access.  Plaintiff's private process server recently attempted unsuccessfully to serve Mr. Keefer at that compound.  Plaintiff's process server noted that most of the people there appeared to be heavily armed and the server had some concern for his personal safety.  The process server was informed by the religious leader that Mr. Keefer was not present.

12.    Counsel believes that Ms. Hagh, who has represented Mr. Keefer, knows his location.

For the foregoing reasons, though attempting diligently, counsel has been unable to make service and requests additional time to obtain service.

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff Cummings
Price, Hill & Kolarich
Suite 1800, 201 4th Avenue North
Nashville, TN 37219
(615) 244-5772

-3-

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 27th day of June, 2022, to Bretton Keefer, 5960 Pumpkintown Road, Lafayette, TN 37083; Afsoon Hagh, Hagh Law, PLC, 1906 Glen Echo Road, #150229, Nashville, TN 37215; and Phillip G. Young, Jr., Thompson Burton PLLC, 6100 Tower Circle, Ste. 200, Franklin, TN 37067.

/s      James W. Price, Jr.
James W. Price, Jr.

-4-

154

ORDER:
The motion is **GRANTED**.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

Alistair E. Newbern
U.S. Magistrate Judge

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ADDITIONAL TIME FOR SERVICE OF PROCESS

The Plaintiff, Brian Cummings, respectfully moves the Court for an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure granting an additional ninety (90) days to and until September 27, 2022, within which time to serve the Defendants in this case. In support of said Motion, Plaintiff has filed a Declaration of Counsel filed contemporaneously herewith.

Respectfully submitted,

/s     James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Suite 1800, 201 4th Avenue North
Nashville, TN  37219
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 27th day of June, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road,  #150229
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067


/s      James W. Price, Jr.
James W. Price, Jr.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee   ☑

| Brian Cummings | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |   Civil Action No. 3:22-cv-00301
| Bretton Keefer, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave. N., Ste. 1800
Nashville, TN 37219
(615) 244-5772

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date:   6/24/2022

*Megan Gregory*
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    Bretton Keefer

was received by me on *(date)*    6-30-22    .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☒ Other *(specify):*  Certified Mail- Return Receipt attached

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   7-5-22

_____
Vicki Glover
*Server's signature*

Vicki Glover
*Printed name and title*

201 4th Ave. N., Ste 1800
Nashville, TN 37219

_____
*Server's address*

Additional information regarding attempted service, etc:

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bretton Keefer
5960 Pumpkintown Rd.
Lafayette, TN 37083

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ⁷⁄⁸ ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

LAFAYETTE
JUN 30 2022

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*    7014 1820 0000 3466 3795

PS Form **3811**, July 2013        Domestic Return Receipt

UNITED STATES POSTAL SERVICE

NASHVILLE TN 370

30 JUN 2022 PM 4 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

James W. Price, Jr.
Price, Hill, & Kolarich
201 4th Ave. N., Ste. 1800
Nashville, TN 37219

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF CHANGE OF ADDRESS**

Please take notice that the contact information for attorney, James W. Price, Jr., attorney

for Plaintiff in the above matter, has changed. The following updated contact information should

be used for all future correspondence:

> James W. Price, Jr.
> Price, Hill, Kolarich, & Moore
> 214 2nd Ave. N., Ste. 205
> Nashville, TN 37201

Email, telephone number, and fax number all remain the same.

Respectfully submitted,


/s      James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill & Kolarich, & Moore
214 2nd Ave N., Ste. 205
Nashville, TN 37201
TEL: (615) 244-5772

**CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 25th day of July, 2022, to:

        Bretton Keefer
        5960 Pumpkintown Lane
        Lafayette, TN 37083

        Afsoon Hagh
        2016 Sunset Hills Terrace
        Nashville, TN, 37215

        Phillip G. Young, Jr.
        Thompson Burton PLLC
        6100 Tower Circle, Ste. 200
        Franklin, TN 37067

                /s     James W. Price, Jr.
                James W. Price, Jr.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO.: 3:22-cv-00301** |
| **v.** ) | |
| ) | |
| **BRETTON KEEFER, on behalf of the deceased,** ) | |
| **CHESTA SHOEMAKER,** ) | |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf of** ) | |
| **CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

Counsel for the Plaintiff, Brian Cummings, respectfully moves the Court for an Order continuing and resetting the Case Management Conference in this matter because the Defendant, Afsoon Hagh, has not yet been served and Plaintiff has been advised that his service of process on the Defendant, Bretton Keefer, was invalid.

Counsel has concurrently with this Motion, filed a Motion with the Court for an Order having the United States Marshal or his deputy serve the Defendants in this case as a result of all other methods of service having been unsuccessful.

Respectfully submitted,

/s     James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill & Kolarich, & Moore
214 2nd Ave N., Ste. 205
Nashville, TN 37201
TEL: (615) 244-5772

163

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 23rd day of August 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville, TN, 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067


/s       James W. Price, Jr.
James W. Price, Jr.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR SERVICE OF PROCESS ON DEFENDANT BY U.S. MARSHAL

Plaintiff moves this Court for an Order pursuant to FRCP 4(c)(3) directing the U.S. Marshal or his deputy to serve the Defendants in this case.

The Defendant, Afsoon Hagh, is aware of this lawsuit but is attempting to avoid service of process and all conventional methods have been unsuccessful. Accordingly, it is necessary that an Order issue for the U.S. Marshal to serve the Defendant.

Respectfully submitted,

/s    James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Suite 1800, 201 4th Avenue North
Nashville, TN  37219
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 23rd day of August, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road,  #150229
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067


/s     James W. Price, Jr.
James W. Price, Jr.

2

166

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION NUMBER 2 OF JAMES W. PRICE, JR.

I am James W. Price, Jr., counsel for the above named Plaintiff, Brian Cummings. In addition to the facts set forth in the Declaration Number 1, previously filed in this Court, the following facts are true based upon my personal knowledge:

1.     After the Court granted an additional ninety (90) days for service of process in this case, counsel delivered, by U.S. Post, a request for waiver pursuant to Rule 4 of the Federal Rules of Civil Procedure on the Defendant, Afsoon Hagh at both the address which she has designated as her official office with the Board of Professional Responsibility for the State of Tennessee, and the Defendant's last known residence. Counsel has received electronic receipt from the U.S. Postal Service that the said request for waiver were delivered. Defendant has failed and refused to respond to Plaintiff either electronically or by postal service.

2.     Counsel sent an alias summons upon the Defendant, Bretton Keefer, by certified mail, at his last known address and received a notice of service, however, Plaintiff received a letter from attorney John Spragens on July 27, 2022, copy of letter attached, stating that this was not proper service but volunteered to provide information as to Mr. Keefer's whereabouts.

3.     Counsel has telephoned Mr. Spragens repeatedly but all his calls go to voice mail and Mr. Spragens has not responded.

4.     On the 8th day of August, 2022, counsel wrote to Spragens by email and by U.S. Postal requesting that he respond as he promised in his letter, however, no response has been made by Mr. Spragens.

5.     The Defendant, Afsoon Hagh, has a history of attempting to avoid service of process, which has recently resulted in an order of sanctions upon her in a matter with the Circuit Court for Davidson County, Tennessee.

6.     Counsel has tried all available means to serve the Defendant, however, none of these have been successful and counsel believes that the only way to obtain service upon the Defendant is by the United States Marshal pursuant to Rule 4.01(3).


Respectfully submitted,


/s     James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Suite 1800, 201 4th Avenue North
Nashville, TN  37219
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 23rd day of August, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road, #150229
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067

/s     James W. Price, Jr.
James W. Price, Jr.

# SPRAGENS LAW PLC

July 22, 2022

**<u>VIA EMAIL</u>**

James Price
201 4th Ave. North
Nashville, TN 37219
Fax: 615-244-5821
jprice@pricehillkolarich.com

   *Re:  Cummings v. Keefer*

Mr. Price,

 I represent Manookian PLLC.  As you know, Manookian PLLC was retained by Bretton Keefer to prosecute a medical malpractice action against Vanderbilt University Medical Center arising out of her death at that facility.

 It appears that you have filed a lawsuit on behalf of Brian Cummings claiming that Brian Cummings is owed some unspecified amount of money for work he claims to have performed for Mr. Keefer.  My client may be an interested party in that matter.

 On July 5, 2022, you filed what you apparently claim is "Proof of Service" on Bretton Keefer in *Cummings v. Keefer*, United Stated District Court for the Middle District of Tennessee, Case 3:22-cv-00301.

 To the extent you are representing to the Court or any other interested party that you have properly served Mr. Keefer with a copy of the summons and Complaint in that case, your representation appears to be both false and defective.

1. The Affidavit of Proof of Service is signed by someone named Vicki Glover.  However, Ms. Glover does not declare that she personally served Mr. Keefer; she does not identify any place of service; and she does not identify any date of service.

2. Indeed, Ms. Glover does not appear to even represent that service took place.  Instead, she simply checks the box for "Other" then hand writes "Certified Mail – Return Receipt Attached."  This deficiency alone demonstrates that proper service has not been achieved,

Mr. James Price
Page 2 of 2

in that no person is actually declaring that service took place on a specified individual at a specified location on a specified date.

3. Equally defective is the return receipt which Ms. Glover attaches. That return receipt:

    a.  **is signed by someone other than Brett Keefer**;
    b.  fails to identify the signatory as either the Agent or Addressee;
    c.  fails to identify the printed name of the recipient; and
    d.  fails to identify the date of delivery.

I have attached a copy of an engagement agreement that was executed by Brett Keefer and Mr. Cummings.  **You will note that the signature on the return receipt you filed with the Court is not Brett Keefer's.**

Finally, my understanding is that the address to which you sent the certified mail identified in your "Proof of Service" is a religious community containing multiple residences.  You, yourself, have sworn to that fact in an undated Declaration to the Court filed June 27, 2022.  My further understanding is that Brett Keefer does not reside at that address.

I would ask that you correct your filing with the Court so that Manookian PLLC is not required to intervene to do so.  I would also be happy, at your request, to make inquiries into Mr. Keefer's current place of residence in order to facilitate proper and actual service.  Please simply let me know.

Sincerely,

John Spragens
SPRAGENS LAW PLC

cc:
Jeanne Burton c/o Phillip Young, Esq. (via email)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | |
| Plaintiff, | Case No. 3:22-cv-00301 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| BRETTON KEEFER, et al., | |
| Defendants. | |

## **ORDER**

On August 23, 2022, Plaintiff Brian Cummings filed a motion to continue the initial case management conference set on August 29, 2022. (Doc. No. 23). The motion is GRANTED. The initial case management conference is CONTINUED to October 4, 2022, at 10:00 a.m. Counsel for each party shall call (888) 557-8511 and enter access code 7819165# to participate.

The parties are reminded of their obligation to file a joint proposed case management order no later than three business days before the conference. The parties shall also email a Word version of the joint proposed case management order to Newbern_Chambers@tnmd.uscourts.gov.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | |
| Plaintiff, | Case No. 3:22-cv-00301 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| BRETTON KEEFER et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

## **ORDER**

Plaintiff Brian Cummings has filed a "Motion for Service of Process on Defendant By U.S. Marshal" under Federal Rule of Civil Procedure 4(c)(3) (Doc. No. 24).

Rule 4(c)(3) provides that,

[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)."If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment; *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. updated Apr. 2022) ("Although 'discretionary' service by marshal is typically for situations involving hostile defendants, courts may allow its use in other circumstances.").

It is not clear from Cummings's motion or his counsel's supporting declaration (Doc. No. 25) which defendant or defendants Cummings wants the Marshal to serve and what steps Cummings has taken to accomplish service without the Court's intervention. The motion's title and final sentence refer to a single "defendant," but the motion's first sentence refers to multiple "defendants." (Doc. No. 24, PageID# 110.) The only defendant identified by name in the motion is Defendant Afsoon Hagh. (*Id.*) Cummings's counsel's deposition describes unsuccessful efforts to send a request for waiver of service of process to Hagh by mail at her business and last known residential address and to serve Defendant Bretton Keefer by mail at his last known residential address. (Doc. No. 25.) Adding to the confusion is the fact that the service efforts described in this declaration differ from the service efforts Cummings's counsel previously described in a declaration filed in support of an earlier motion to extend the service period. (Doc. No. 19.)

Because it is not clear from Cummings's motion which defendant or defendants he wants the Marshal to serve and what steps he has already taken to effect service on those defendants, Cummings's motion (Doc. No. 24) is DENIED WITHOUT PREJUDICE to refiling. If Cummings elects to file a second motion, he should ensure that it clearly identifies the relief he requests and the reasons why that relief is appropriate.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

2

174

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DECLARATION OF JAMES W. PRICE, JR.**

1.       This lawsuit concerns the division of attorneys' fees in a case settled in the Circuit Court for Davidson County, Tennessee, Docket Number: 19C358.   Following the Order settling this case, the Plaintiffs received their entire award but the attorneys' fees at issue were held in trust to resolve an issue concerning attorneys' fees between the Plaintiffs' attorneys.

2.       The Plaintiff, Brian Cummings, is an attorney who represented the Plaintiffs in the original case for several years before withdrawing.   Upon his withdrawal, he filed a Notice for Attorney's Lien pursuant to T.C.A. §29-22-102.   This lawsuit is to resolve that attorney's fee lien.

3.       The Defendant, Brian Keefer, is a nominal Defendant in this case having no financial interest, however, because he was the original Plaintiff in the case, he is believed to be a necessary party even if only in a technical sense.

4.      Defendant, Afsoon Hagh, is an attorney licensed to practice in the State of Tennessee, who also represented the original Plaintiff for a period of time, including at the time of the settlement of the case.

5.      The Trustee, Jeanne Burton, is a necessary party in this because she is the Trustee in bankruptcy for Cummings Manookian, PLC, a law firm which represented the Plaintiff in the case for a short period of time.

6.      After the Trustee was joined by an amended pleading, the Trustee in Bankruptcy removed this case to the Federal Court pursuant to the Federal Rules of Civil Procedure.

7.      The Plaintiff has attempted numerous times to serve the Defendant, Afsoon Hagh, and each attempt has been unsuccessful.   Counsel attempted twice to serve the Defendant through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee.   In each of those cases, the certified mail was refused.   The Plaintiff then has attempted to serve Defendant by personal process at both the business address as registered with the Tennessee Board of Professional Responsibility and her last known residence, however, no one would come to the door when counsel's agent for process knocked on the doors or would otherwise respond.

8.      Defendant Hagh is represented by local counsel in the bankruptcy proceeding referred to above and when Plaintiff's counsel asked her counsel in that matter if he would accept service of process for his client, that counsel stated that he did not have the authority to do so.

9.      Counsel has previously attempted to contact Ms. Hagh by telephone but his messages are not returned and his emails have been blocked.   Counsel believes Ms. Hagh is

–2–

aware of this lawsuit and is attempting to avoid process in order to run the ninety (90) day requirement under Rule 4.

10.   The Defendant Hagh has a history of this behavior as evidence by an order of the Circuit Court for Davidson County, Tennessee, which is attached hereto.

11. Counsel mailed the defendant at her business address as registered with the Tennessee Board of Responsibility and also at her last known residence, with a request for waiver as provided for in Rule 4, FRCP on June 28, 2022. The USPS shows an electronic delivery of the waiver but the defendant has not responded.

12. Counsel has exhausted all regular attempts at service and believes only the U.S. Marshal or his designated deputy can serve the defendant.

13. On the 28th Day of June, 2022, this Court granted the Plaintiff's motion for an additional 90 days to effect service, but as set forth in this Declaration, counsel, despite acting with due diligence, has been unable to serve the Defendant Hagh and needs a second extension of 90 days to attempt service.

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff Cummings
Price, Hill & Kolarich
214 2nd Ave. N., Ste. 205
Nashville, TN 37201
(615) 244-5772

–3–

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 13th day of September, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
226 Pelham Dr.
Brentwood, TN 37027

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067

/s/   James W. Price, Jr.
James W. Price, Jr.

–4–

COPY

EFILED 08/05/22 05:25 PM  CASE NO. 21C2305  Richard R. Rooker, Clerk
Case 3:22-cv-00301  Document 28-1  Filed 09/13/22  Page 1 of 8 PageID #: 124

**IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **Docket No. 21C2305** |
| | )  **Jury Demand (12)** |
| JOHN DAVID ROSDEUTSCHER, M.D. | ) |
| and CUMBERLAND PLASTIC SURGERY, | ) |
| P.C., DIXIE COOPER, ESQ.; MATTHEW | ) |
| CLINE, ESQ.; CUMBERLAND LITIGATION, | ) |
| PLLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS

This matter came before the Honorable William Acree, Judge for the Circuit Court of Davidson County, Tennessee on June 27, 2022, for an evidentiary hearing on Defendants' Rule 11 Motion for Sanctions. Considering the oral argument of Defendants, the parties' written submissions, the testimony at the hearing, and the entire record in this case, Defendants' Motion for Rule 11 Sanctions is GRANTED for the reasons set forth below:

Previously, this Court granted Defendants' Motion to Dismiss the case. Defendants also filed a Motion for Rule 11 Sanctions against Afsoon Hagh, the attorney representing Plaintiff, and the Court set an evidentiary hearing on the Motion for Sanctions for June 27, 2022. The Court previously determined Defendants reasonably and necessarily incurred attorneys' fees under Tenn. Code Ann. § 20-12-119 in the statutory maximum of $10,000. This Motion for Sanctions seeks attorneys' fees and expenses in excess of that $10,000.

COPY

EFILED 08/05/22 05:25 PM CASE NO. 21C2305 Richard R. Rooker, Clerk
Case 3:22-cv-00301 Document 28-1 Filed 09/13/22 Page 2 of 8 PageID #: 125

Ms. Dixie Cooper and Mr. Matthew Cline both testified at the hearing on June 27 under oath.[1] The Court relies upon the testimony of those two witnesses and also upon the record in this case.

Ms. Hagh did not appear at the evidentiary hearing on June 27, although she had notice of the hearing. The evidentiary hearing was set in open court on April 14, 2022 when she was present, and she agreed to the hearing date. She did file a written answer to the Motion for Sanctions, simply alleging that the Motion for Sanctions was frivolous. She had earlier filed a Motion to Continue the hearing, which was heard by telephone on June 20, and the Court denied the Motion to Continue and found that Ms. Hagh had been served with a subpoena to testify at the evidentiary hearing on June 27. At the telephone hearing on June 20, Ms. Hagh was represented by Attorney Craig Gabbert. He agreed to accept service of the subpoena for Ms. Hagh to appear at the evidentiary hearing on June 27, 2022. Defense counsel then served him with a copy of the subpoena via email on June 20. Neither Mr. Gabbert nor Ms. Hagh appeared at the evidentiary hearing on June 27, and the Court waited an additional 30 minutes after the scheduled start of the hearing for them to appear. They did not. Defense counsel informed the Court that earlier in the morning on June 27, Mr. Gabbert emailed defense counsel stating he was no longer representing Ms. Hagh. However, there has been no Motion to Withdraw filed by him, nor has there been an Order been entered, granting Mr. Gabbert permission to withdraw. In any event, neither Ms. Hagh nor Mr. Gabbert appeared at the hearing.

---

[1] This testimony has been filed into the record.

2

The genesis of this case was a healthcare liability lawsuit against Dr. Rosdeutscher and Cumberland Plastic Surgery, P.C. Dr. Rosdeutscher and his group are represented in that underlying case by Ms. Cooper and Mr. Cline. In the underlying healthcare liability case, Plaintiff, who is identified in this case as Jane Doe, alleged that the doctor was negligent in his treatment of her when he performed surgery upon her breasts. As a part of the medical record in that case, photographs were taken of Plaintiff's breast by Dr. Rosdeutscher or a member of his staff and placed in the medical records filed, and the records also contained other information one might consider to be sensitive.

In this suit, Plaintiff, Jane Doe, is alleging that Ms. Cooper and Mr. Cline improperly displayed or made public those photographs of her breasts, along with other allegedly sensitive information, by filing the medical records in the underlying healthcare liability action.

In the originally filed healthcare liability case (Plaintiff nonsuited and then refiled it), sanctions were awarded against Ms. Hagh and her husband, Brian Manookian, who at that time was a practicing attorney representing Plaintiff with Ms. Hagh. Since that time, the record reflects that Mr. Manookian has been suspended from the practice of law. The sanctions in that prior case were in the amount of approximately $70,000 and have not been paid, although the funds are apparently being held in escrow.

After this Jane Doe suit was filed, Defendants filed a Motion to Dismiss the case, which this Court granted. The Court found that there was no factual or legal basis for bringing of this suit, and it was dismissed in its entirety. The Court found that there was neither case law, nor statutory law that would prohibit the filing of medical records in a

3

181

COPY

EFILED 08/05/22 05:25 PM CASE NO. 21C2305 Richard R. Rooker, Clerk
Case 3:22-cv-00301 Document 28-1 Filed 09/13/22 Page 4 of 8 PageID #: 127

healthcare liability case as was done by Defendants. The Order granting the Motion to Dismiss also included other reasons the case is frivolous, such as the statute of limitations. The case was dismissed, but the Rule 11 Motion for Sanctions remained pending.

> T.R.P.C Rule 11. 11.02 provides in pertinent part:
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;…

Rule 11.03 is the section dealing with sanctions and provides as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.
>
> (1) How Initiated.
>
> (a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or

4

denial is not withdrawn or appropriated [*sic*] corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(b) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.

(2) Nature of Sanctions; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(a) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02(2).

(b) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

As a threshold matter, the Court finds that the Motion for Sanctions was served upon Ms. Hagh within the time proscribed by Rule 11 prior to filing and was filed as a separate Motion.

As previously stated, the Court dismissed this case because it found that the Complaint failed to state a claim upon which relief can be granted. There was no law whatsoever to support the contentions being made by Plaintiff in this case. *See* Tenn. R.

5

Civ. P. 11.02(2). This suit is frivolous; the Court does not know if it has ever seen a suit that is as a frivolous as this case.

Based upon the record before the Court, there is no evidentiary basis for the factual allegations of the Complaint. *See* Tenn. R. Civ. P. 11.02(3).

The Court finds that the reason the suit was filed was as retaliation to Defendants and to intimidate them based on the prior interactions with Ms. Hagh in the underlying healthcare liability action. As previously stated, in the underlying medical malpractice case, Judge Jones awarded sanctions of approximately $70,000 against Ms. Hagh and her husband, Mr. Manookian. In the viewpoint of this Court and based upon the evidence presented, this suit was filed simply in retaliation for the sanctions entered against Ms. Hagh and Mr. Manookian in the prior case. *See* Tenn. R. Civ. P. 11.02(1).

The Court finds that sanctions under Rule 11 are appropriate in this case, in addition to the $10,000 provided for under Tenn. Code Ann. § 20-12-119. The Court also finds that the full amount of attorneys' fees is necessary under Rule 11 to deter repetition of such conduct by others simply situated and also to deter repetition of such conduct by Ms. Hagh in the future.

The Court has reviewed the attorney billing invoices submitted under seal by Defendants and finds that those fees are reasonable and were necessarily incurred as a direct result of Ms. Hagh's violation of Rule 11. Those fees, including expenses, total $42,151.67. Defendants are awarded attorney fees in that amount against Ms. Hagh and Hagh Law PLLC, less the $10,000 provided for under Tenn. Code Ann. § 20-12-119, for

COPY

a total of $32,151.67, for which execution may issue if necessary. Ms. Hagh shall pay these sanctions within 30 days of entry of this Order.

**IT IS SO ORDERED.**

_8/5/22_____                    _William B. Acree Jr_

**DATE**                                   **HONORABLE WILLIAM ACREE**

**APPROVED FOR ENTRY:**

_/s/ Matthew H. Cline_____
**Dixie W. Cooper, #16547**
**Matthew H. Cline, #31076**
Cumberland Litigation, PLLC
5005 Maryland Way
Suite 225
Brentwood, TN 37027
Dixie@cumberlandlitigation.com
Matt@cumberlandlitigation.com
Phone: (615) 266-6976
Fax:     (615) 266-6918

_Attorneys for Defendants_

7

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed with the above court electronically via the Davidson County Circuit Court E-Filing system on the 2nd day of August, 2022. Electronic filers will receive service by Metroefile@nashville.gov. A courtesy copy is being emailed to the Court directly in Word format.

Afsoon Hagh
Hagh Law PLLC
1906 Glen Echo Road, No. 150229
Nashville, Tennessee 37203
afsoon@haghlaw.com

*Counsel for Plaintiff*

Judge Acree
Judge.bill.acree@tncourts.gov
Gunner.Garner@tncourts.gov

Craig Gabbert
Robert Cooper
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
CGabbert@bassberry.com
Bob.Cooper@bassberry.com

*Counsel for Afsoon Hagh*

/s/ Matthew H. Cline
**Matthew H. Cline**

8

COPY

# IN THE EIGHTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| PAMELA SALAS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Docket No. 21C816** |
| **v.** ) | |
| ) | **Jury Demand (12)** |
| JOHN DAVID ROSDEUTSCHER, M.D. ) | |
| and CUMBERLAND PLASTIC SURGERY, ) | |
| P.C., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ~~[PROPOSED]~~ ORDER ON DEFENDANTS' MOTION TO COMPEL

This matter came to be heard on June 3, 2022, on Defendants' Motion to Compel. After considering the parties' filings, the oral argument of counsel[1], and the entire record in this case, the Court hereby rules as follows:

Defendants are permitted to serve Ms. Hagh with documents at the address she has listed with the Tennessee Board of Professional Responsibility. Hand-delivery of documents to that address shall be deemed properly served. To the extent Defendants need to correspond with Ms. Hagh electronically (given that she has blocked emails from defense counsel from being received at her email address), they may do so by filing such communications via the Court's e-filing system. Ms. Hagh is required to receive service of any document filed through the e-filing system. The Court understands this will result in substantial added filings on the docket in this case.

_____     _____
**DATE**                    **JUDGE KELVIN D. JONES**

---

[1] Plaintiff's counsel did not appear at the hearing. Attorney Afsoon Hagh provided the Court with no notice of nor explanation for her absence. Attorney John Spragens notified the Court of his unavailability after 9:30 p.m. the night before the hearing.

COPY

EFILED 06/23/22 03:52 PM CASE NO. 21C816 Richard R. Rooker, Clerk
Case 3:22-cv-00301 Document 28-2 Filed 09/13/22 Page 2 of 3 PageID #: 133

**APPROVED FOR ENTRY:**

*/s/ Matthew H. Cline*
**Dixie W. Cooper, BPR #16547**
**Matthew H. Cline, BPR #31076**
Cumberland Litigation, PLLC
5005 Maryland Way
Suite 225
Brentwood, TN 37027
Dixie@cumberlandlitigation.com
Matt@cumberlandlitigation.com

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the above court electronically via the Davidson County Circuit Court E-Filing system on the 3rd day of June, 2022. Electronic filers will receive service by Metroefile@nashville.gov. A courtesy copy is being emailed to the Court.

Afsoon Hagh, #28393
Hagh Law
1906 Glen Echo Rd., P.O. Box 150229
Nashville, Tennessee 37215
T: (615) 566-0937
afsoon@haghlaw.com

John Spragens
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

*/s/ Matthew H. Cline*
**Matthew H. Cline**



EFILED 06/23/22 03:52 PM CASE NO. 21C816 Richard R. Rooker, Clerk



**Case Title:**      SALAS V ROSDEUTSCHER

**Case Number:**    21C816

**Type:**          ORDER- GENERAL

The foregoing is hereby ORDERED, ADJUDGED AND DECREED:

Judge Kelvin Jones, Eighth Circuit

Electronically signed on 06/23/2022 03:52 PM    page 3 of 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MOTION FOR SERVICE OF PROCESS ON DEFENDANT BY U.S. MARSHAL AND**
**FOR AN ADDITIONAL 90 DAYS FOR SERVICE**

---

Plaintiff moves this Court for an Order pursuant to FRCP 4(c)(3) directing the U.S. Marshal or his deputy to serve the Defendant Afsoon Hagh with process in this case.

The Defendant, Afsoon Hagh, an attorney, licensed in the State of Tennessee, is aware of this lawsuit but is attempting to avoid service of process and all conventional methods have been unsuccessful as described in the declaration of counsel filed contemporaneously herewith.

Accordingly, it is necessary that an Order issue for the U.S. Marshal to serve the Defendant.

On the 28th day of June 2022 this Court granted the Plaintiff an additional 90 days within which to serve the Defendant Hagh, however, Plaintiff acting with due diligence has been unable to serve the Defendant and needs an additional 90 days for service.

1

Respectfully submitted,


/s/ James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
214 2nd Ave. N., Ste. 205
Nashville, TN   37201
TEL: (615) 244-5772


## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 13th day of September, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
226 Pelham Dr.
Brentwood, TN 37027

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville, TN 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067


/s/   James W. Price, Jr.
James W. Price, Jr.


2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | |
| Plaintiff, | Case No. 3:22-cv-00301 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| BRETTON KEEFER, on behalf of the deceased Chesta Shoemaker, et al., | |
| Defendants. | |

**<u>ORDER</u>**

Plaintiff Brian Cummings has filed a renewed motion asking the Court to order the U.S. Marshals Service to effect service of process on Defendant Afsoon Hagh under Federal Rule of Civil Procedure 4(c)(3) and to extend the deadline for service of process under Rule 4(m). (Doc. No. 29.) In support of the motion, Cummings's counsel states that he "has exhausted all regular attempts at service" (Doc. No. 28, PageID# 122, ¶ 12), including twice attempting "to serve [Hagh] through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee[,]" but "the certified mail was refused" (*id.* at PageID# 121, ¶ 7).

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) provides for service of a summons and complaint by registered or certified mail under certain circumstances.

Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.04(11) addresses service by mail

when an addressee or an addressee's agent refuses to accept delivery:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing.

Tenn. R. Civ. P. 4.04(11); *see also* Tenn. R. Civ. P. 4.04(10) ("Service by mail shall not be the

basis for the entry of a judgment by default unless the record contains either: (a) a return receipt

showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute;

or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery,

which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11)."). If

Cummings has effected service as provided for by these rules, service by the U.S. Marshals Service

under Rule 4(c)(3) and an extension of the service deadline under Rule 4(m) may be unnecessary.

Accordingly, Cummings is ORDERED to file a notice by September 21, 2022, addressing

whether his service attempts on Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and

Federal Rule of Civil Procedure 4(e)(1).

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

2

193

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **deceased CHESTA SHOEMAKER,** | ) | **Magistrate Judge Alistair E. Newbern** |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ADDITIONAL TIME FOR SERVICE OF PROCESS

Plaintiff Brian Cummings respectfully moves this Court for an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure granting an additional 90 days, to and including December 26, 2022, within which time to serve the Defendants in this case. Plaintiff has a pending request for additional time for service of process upon Defendant Hagh, and is now modifying that request to ask this Court to grant additional time to serve both Defendant Hagh and Defendant Keefer.

Plaintiff previously filed a Return of Service for Defendant Keefer following delivery via Certified Mail. (Doc. No. 21.) However, following the filing of the Return of Service, Plaintiff's counsel received a letter from John Spragens, raising questions about the sufficiency of service. (Doc. No. 25, PageID# 112, at ¶ 2; Doc. No. 25-1.) Mr. Spragens also offered to obtain Defendant Keefer's current residence to allow Plaintiff to correct any deficiencies in service. (Doc. No. 25-1, PageID# 116.) Plaintiff's counsel contacted Mr. Spragens repeatedly by telephone, email, and U.S. Mail; however, Mr. Spragens has not responded to any communications. (Doc. No. 25, PageID# 113, at ¶¶ 3-4.)

1

194

In light of the concerns raised by Mr. Spragens regarding sufficiency of service, Plaintiff asks this Court to grant Plaintiff an additional 90 days to effect service on Defendant Keefer so that Plaintiff may remove any deficiencies of service.

Respectfully Submitted,

/s/  James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill, Kolarich, & Moore
214 2nd Avenue North, Suite 205
Nashville, TN  37201
(615) 244-5772

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this the 21st day of September, 2022, via the Court's electronic filing system on the following:

Phillip G. Young, Jr.
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN  37203
phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN  37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road, #150229
Nashville, TN  37215

/s/  James W. Price, Jr.

2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00301 |
| | ) | |
| BRETTON KEEFER, on behalf of the | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| deceased CHESTA SHOEMAKER, | ) | Magistrate Judge Alistair E. Newbern |
| AFSOON HAGH, and | ) | |
| JEANNE BURTON, Trustee on behalf | ) | |
| of CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## NOTICE REGARDING SERVICE EFFORTS

As directed by the Court in its September 15, 2022 Order, Plaintiff Brian Cummings submits this Notice regarding his efforts at serving Defendant Afsoon Hagh. The Court ordered Plaintiff to address whether his service attempts on Defendant Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and Federal Rule of Civil Procedure 4(e)(1). Plaintiff does not believe that his attempts have resulted in valid service on Defendant Hagh. Plaintiff therefore renews his request for an extension of the service deadline and for this Court to issue an order directing the U.S. Marshal or his deputy to serve Defendant Hagh.

This case was initially filed in the Circuit Court for Davidson County, Tennessee on March 22, 2022. (Doc. No. 1-1, PageID# 4.) Plaintiff filed an Amended Complaint on March 29, 2022, and the Circuit Court Clerk issued a summons to Defendant Afsoon Hagh. (*Id*. at PageID# 20, 33.) Plaintiff attempted to serve the Amended Complaint and Summons via Certified Mail addressed to Defendant Hagh at the address where Defendant Hagh had previously advised Plaintiff's counsel that she preferred to receive correspondence: 1906 Glen Echo Road, 150229, Nashville,

1

Tennessee 37215. (Decl. of Price, Sept. 21, 2022, at ¶ 1.) This Certified Mail package was returned to Plaintiff's counsel, with the United States Postal Service notation "Unclaimed" on the envelope. (*Id*.)

Following removal to this Court, on May 17, 2022, the Clerk of Court issued an Alias Summons to Defendant Hagh. (Doc. No. 11.) Plaintiff again attempted to serve Defendant Hagh, and the Certified Mail package was again returned to Plaintiff's counsel as "Unclaimed." (Decl. of Price, Sept. 21, 2022, at ¶ 2.) Plaintiff then engaged a private process server to complete service on Defendant Hagh. (Doc. No. 19, PageID# 97, at ¶ 7.) No one would come to the door when the service of process was attempted. (*Id*.) Plaintiff's counsel also contacted Defendant Hagh's counsel in the bankruptcy proceeding for Cummings Manookian, PLC to obtain service; however, Defendant Hagh's bankruptcy attorney has informed Plaintiff's counsel that he is not authorized to accept service in the instant case. (*Id*. at ¶ 8.)

Following these multiple unsuccessful attempts, on June 28, 2022, Plaintiff mailed a request for waiver of service to Defendant Hagh pursuant to Federal Rule of Civil Procedure 4(d). (Doc. No. 28, PageID# 122, at ¶ 11.) This request was mailed to Defendant Hagh at the address she has registered with the Tennessee Board of Professional Responsibility and at her last known address. (*Id*.) Plaintiff's counsel received electronic notice from the United States Postal Service that the requests for waiver were delivered; however, Defendant Hagh has not responded to the request.[1] (Doc. No. 25, PageID# 112, at ¶ 1; Doc. No. 28, PageID# 122, at ¶ 11)

Plaintiff has attempted service through various methods, all without success. Prior to July 1, 2016, Tennessee Rule of Civil Procedure 4.04(11) provided that the United States Postal Service

---

[1] By virtue of Defendant Hagh's refusal to return the waiver of service, Defendant Hagh will be responsible for both the costs of effecting service and the fees and expenses incurred in collecting these service expenses. Fed. R. Civ. P. 4(d)(2).

2

notation that a certified letter was "unclaimed" was sufficient evidence that a defendant refused to accept delivery. *See In re Amendments to the Tennessee Rules of Civil Procedure*, Order dated December 29, 2015, at 4, attached as *Ex. 1*. However, this portion of the Rule was deleted effective July 1, 2016. *Id*. The Advisory Commission Comments note that such a notation is not sufficient by itself to prove that service was "refused." *Id*. at 6.

In light of the 2016 amendment, Plaintiff does not believe that his attempts have resulted in valid service on Defendant Hagh. Plaintiff asks this Court pursuant to Rule 4(m) to extend the service deadline by 90 days asks this Court pursuant to Rule 4(c)(3) to issue an order directing the U.S. Marshal or his deputy to serve Defendant Hagh.

Respectfully Submitted,

/s/  James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill, Kolarich, & Moore
214 2nd Avenue North, Suite 205
Nashville, TN  37201
(615) 244-5772

3

198

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served on this the 21st day of September, 2022, via the Court's electronic filing system on the following:

      Phillip G. Young, Jr.
      Thompson Burton PLLC
      1801 West End Avenue, Suite 1550
      Nashville, TN  37203
      phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

      Bretton Keefer
      5960 Pumpkintown Lane
      Lafayette, TN  37083

      Afsoon Hagh
      Hagh Law PLC
      1906 Glen Echo Road, #150229
      Nashville, TN  37215

      /s/  James W. Price, Jr.

4

199

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

**IN RE AMENDMENTS TO THE TENNESSEE
RULES OF CIVIL PROCEDURE**

FILED

DEC 2 9 2015

Clerk of the Courts
Rec'd By _____

_____

**No. ADM-2015-01631**

_____

**ORDER**

The Court adopts the attached amendments effective July 1, 2016, subject to approval by resolutions of the General Assembly. The rules amended are as follows:

|  |  |
|---|---|
| RULE 4 | PROCESS |
| RULE 30 | DEPOSITIONS UPON ORAL EXAMINATION |
| RULE 69 | EXECUTION ON JUDGMENTS. |

The text of each amendment is set out in the attached Appendix.

IT IS SO ORDERED.

FOR THE COURT:

SHARON G. LEE
CHIEF JUSTICE

200

## *APPENDIX*


### *AMENDMENTS TO THE*
### *RULES OF CIVIL PROCEDURE*

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 4

PROCESS

[Amend Rule 4 and its existing Advisory Commission Comments as shown below; deleted text is indicated by overstriking, and new text is indicated by underlining:]

**4.01. Summons; Issuance; By Whom Served.** — (1) Upon the filing of the complaint, the clerk of the court ~~wherein the complaint is filed~~ shall ~~forthwith~~ promptly issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return ~~indorsed~~ endorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. Nothing in this rule shall affect existing laws with respect to venue.

(2) A summons and complaint may be served by any person who is not a party and is not less than 18 years of age. The process server must be identified by name and address on the return.

(3) If a plaintiff or counsel for a plaintiff (including a third-party plaintiff) intentionally causes delay of prompt issuance or prompt service of a summons, ~~filing of the complaint (or third-party complaint) is ineffective.~~the filing of the complaint (or third-party complaint) will not toll any applicable statutes of limitation or repose.

**4.02. Summons; Form.** — * * * *

**4.03. Summons; Return.** — (1) * * * *

(2) * * * *

(3) Failure to promptly file proof of service does not affect the validity of service.

**4.04. Service Upon Defendants within the State.** — The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary. Service shall be made as follows:

(1) * * * *

* * * *

(11) When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. ~~For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.~~

**4.05. Service Upon Defendant Outside This State.** — (1) Whenever the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made:

(a) by any form of service authorized for service within this state pursuant to Rule 4.04;

(b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;

(c) as directed by the court.

The provisions of this Rule (4.05) 4.05 are inapplicable when service is effected in a place not within any judicial district of the United States.

(2) Service of process pursuant to this Rule (4.05) 4.05 shall include a copy of the summons and of the complaint.

(3) Service by mail upon a corporation shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

(4) Service by mail upon a partnership or unincorporated association (including a limited liability company) that is named defendant under a common name shall be addressed to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

(5) When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt of the United States Postal Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. For purposes of this paragraph, the United States Postal

3

~~Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.~~

**4.06. Reserved. —** * * * *

* * * *

**Advisory Commission Comments.**

* * * *

**4.03:** (1) Rule 4.03 fixes a definite time – ~~30~~ 90 days – within which summons must be served; if not served within that period, it must be returned unserved. The Rule includes a requirement that the manner of service must be described and the person served must be identified on the return; thus any departure from the routine manner of service will instantly be apparent to the court and to defendant's counsel.

(2): Paragraph 2 explains how return of service of process by mail is accomplished. It is similar to the method used for return of service of process on nonresidents (Tenn. Code Ann. §§ 20-2-206; 20-2-211; 20-2-216). [1984.]

* * * *

**4.05~~8~~:** Rule ~~4.05 [now 4.08]~~ makes it clear that, in the absence of express provision in these Rules, no changes in the statutes governing constructive service are intended.

**4.06~~9~~:** Rule ~~4.06 [now 4.09]~~ authorizes the court at any time to allow amendment of process or proof of service thereof, but conditions the exercise of the court's discretion upon the absence of a clear showing of material prejudice to the substantial rights of the party against whom process issued.

**Advisory Commission Comments [1995].** * * * *

**Advisory Commission Comments [1997].**

* * * *

~~The last sentence in subpart (5) is an addition to bring the rule into conformity with contemporary practice of the United States Postal Service. It is designated to reinforce the power of courts to deal with individuals who attempt to evade service of process by refusing to accept mail delivery.~~

4

* * * *

**Advisory Commission Comments [1998].** * * * *

**Advisory Commission Comments [2004].** New paragraph 4.01(3) ~~would~~ sanctions lawyer misconduct such as that in *Stempa v. Walgreen Company*, 70 S.W.3d 39 (Tenn. Ct. App. 2001), where original counsel for plaintiffs "instructed" the clerk not to issue summonses for almost a year, despite the paragraph 4.01(1) instruction that clerks must issue a summons "forthwith."

Rule 4.04(10) is amended to clarify that service by certified or registered return receipt mail must be addressed to an individual specified in the applicable subparagraph of the rule. For example, service by mail upon a domestic corporation must be addressed to one of the individuals specified in Rule 4.04(4).

~~New Rule 4.04(11) conforms service on Tennessee defendants by "unclaimed" mail to Rule 4.05(5) concerning service on nonresidents.~~

**Advisory Commission Comments [2005].** * * * *

**Advisory Commission Comments [2016].  4:01(1):**  Rule 4.01(1) previously required the trial court clerk, upon the filing of the complaint, to "forthwith issue the required summons and cause it, with necessary copies of the complaint and summons to be delivered for service to any person authorized to serve process." Subdivision (1) is amended by substituting the word "promptly" for the word "forthwith." This change is intended to emphasize that the clerk must issue the summons contemporaneously with, or soon after, the filing of the complaint. Because subdivision (1) requires the clerk to "promptly" issue the summons and deliver it for service, the clerk is not permitted to delay issuing the summons (or delivering it for service) at the request of the plaintiff or plaintiff's counsel.

**4.01(3):** Subdivision (3) previously provided: "If a plaintiff or counsel for plaintiff (including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective." Because the meaning of the word "ineffective" was not clear, subdivision (3) is amended to provide that, under the specific circumstances covered by the subdivision, the filing of the complaint "will not toll any applicable statutes of limitation or repose." The underlying rationale for subdivision (3) is that a person or entity named as a defendant in a complaint is entitled to learn without undue delay that the person or entity has been sued; although good-faith efforts to serve the defendant can necessarily take some time, subdivision (3) means that the plaintiff or plaintiff's counsel cannot intentionally delay the issuance or service of process for tactical reasons.

**4.03:** Rule 4.03 is amended to add new subdivision (3), providing that the "[f]ailure to promptly file proof of service does not affect the validity of service." Subdivision (3), which is derived from Federal Rule of Civil Procedure 4(l)(3), essentially adopts in the rule the Supreme Court's analysis in *Fair v. Cochran*, 418 S.W.3d 542, 546 (Tenn. 2013) (stating that "no language in Rule 4.03(a) [sic — in context, "4.03(1)"] states or implies that the failure to return proof of service promptly renders commencement ineffective to toll the statute of limitations").

**4.04(1):** Rule 4.04(1) provides that a defendant who evades or attempts to evade service of the summons and complaint may be served "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service[.]" The address shown on the individual's drivers license, handgun-carry permit, utility bill, or other similar document may be used to prove that a particular location is the "individual's dwelling house or usual place of abode[.]"

**4.04(11):** The former last sentence of subdivision (11) ("For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery") is deleted because the Postal Service's notation that a registered or certified letter is "unclaimed" is not sufficient, by itself, to prove that service was "refused."

**4.05(5):** Subdivision (5) is amended in two ways. First, the last sentence of subdivision (5) ("For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery") is deleted, for the reason stated in the preceding Comment to Rule 4.04(11). Second, the following is added as the new last sentence of subdivision (5): "Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." That text is derived from Rule 4.04(10) – which applies to service by mail on defendants within the State – and adding it to subdivision (5) imposes the same requirement on service by mail on defendants outside this State.

6

207

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 30

DEPOSITIONS UPON ORAL EXAMINATION

[Add the new Advisory Commission Comment (2016) set out below; the text of the rule and the text of the existing Advisory Commission Comments are unchanged:]

**Advisory Commission Comment [2016].** Rule 30.03 provides that "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the Tennessee Rules of Evidence." This language does not imply that Tenn. R. Evid. 615 is applicable to depositions. Unless otherwise ordered by the court, a lawyer may communicate with a deponent about deposition procedure or the substance of deposition testimony before, during (unless a question is pending) or after the deposition; however, such communications are subject to the Rules of Professional Conduct including, but not limited to, Tenn. Sup. Ct. R. 8, RPC 3.3 and RPC 3.4.

7

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 69

EXECUTION ON JUDGMENTS

[Amend Rule 69.04 by replacing the current text in its entirety with the following new text:]

**69.04. Extension of Time.** — Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court. If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years. The same procedure can be repeated within any additional ten-year period.

**Advisory Commission Comment [2016].** Rule 69.04 is revised to clarify that a judgment creditor must file a motion to extend a judgment, and that it is the motion which provides the judgment debtor notice and an opportunity to object. This revision eliminates the prior procedure of issuance of a show cause order by the court.

The requirement that notice is to the judgment debtor's last known address remains unchanged as the revision provides that the motion shall be mailed to the judgment debtor's last known address.

The revision replaces past practice of a show cause hearing. The revised procedure, subsequent to the filing of a motion by the judgment creditor, is the alternative of: (1) no hearing if the judgment debtor files no response to the motion in 30 days and the extension shall be automatically granted; or (2) if the judgment debtor files a response to the motion in 30 days, the

8

extension is not automatically granted which provides each party an opportunity to set a hearing. If a hearing is convened, it is at that point that the revision maintains prior practice of placing the burden on the judgment debtor to show why the judgment should not be extended for an additional ten years. The Commission notes that, in most judicial districts, counsel for the judgment creditor will submit a proposed order to the trial court, unless otherwise directed by the court or by local rule.

The extension procedure set out in Rule 69.04 allows the judgment creditor to avoid having the judgment become unenforceable by operation of Section 28-3-110(a)(2), Tennessee Code Annotated. That section provides that an action on a judgment "shall be commenced within ten (10) years after the cause of action accrued." The Commission notes, however, that Section 28-3-110 was amended effective July 1, 2014 to essentially exempt a narrow class of cases from the ten-year statute of limitation imposed by subsection (a)(2). *See* 2014 Tenn. Pub. Acts, ch. 596. The 2014 amendment added new subsections (b) and (c) to the statute. Subsection (b)(1) provides:

> Notwithstanding the provisions of subsection (a), there is no time within which a judgment or decree of a court of record entered on or after July 1, 2014, must be acted upon in the following circumstances:
>
> (A) The judgment is for the injury or death of a person that resulted from the judgment debtor's criminal conduct; and
>
> (B) The judgment debtor is convicted of a criminal offense for the conduct that resulted in the injury or death; or
>
> (C) The civil judgment is originally an order of restitution converted to a civil judgment pursuant to § 40-35-304.

And subsection (c) of the amended statute goes on to provide that, for any still-valid judgment awarded prior to July 1, 2014 and meeting the criteria set out in subsection (b)(1), the ten-year statute of limitation imposed by subsection (a) is tolled if the judgment creditor complies with various procedural requirements. The Commission merely points out these changes to section 28-3-110 for the benefit of any litigant or attorney involved in a case falling within subsection (b) or (c).

9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **deceased CHESTA SHOEMAKER,** | ) | **Magistrate Judge Alistair E. Newbern** |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION NUMBER 4 OF JAMES W. PRICE, JR.

I am James W. Price, Jr., counsel for the above-named Plaintiff, Brian Cummings. In addition to the facts set forth in my Declarations previously filed with this Court (Doc. Nos. 19, 25, 28), the following facts are true based upon my personal knowledge:

1.      I exchanged correspondence with Defendant Afsoon Hagh in February 2022, prior to filing this case in the Circuit Court for Davidson County, Tennessee. In a letter dated February 21, 2022, Defendant Hagh advised me that she preferred to receive correspondence by letter at 1906 Glen Echo Road, 150229, Nashville, Tennessee 37215. When I attempted service by Certified Mail in March of 2022, I sent the Amended Complaint and Summons to the address that she stated was her preferred address. This Certified Mail package was ultimately returned to me, with the United States Postal Service notation "Unclaimed" on the envelope.

2.      After the case was removed to this Court, I requested an Alias Summons from the Clerk of Court and made a second attempt to serve Defendant Hagh at her preferred address. This

Certified Mail package was again returned to me, with the United States Postal Service notation "Unclaimed" on the envelope.

3.      Having exhausted all regular attempts at service, as described herein and in my previous Declarations, I believe that only the U.S. Marshal or his designated deputy can serve Defendant Hagh.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2022.

Respectfully Submitted,

/s/  James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill, Kolarich, & Moore
214 2nd Avenue North, Suite 205
Nashville, TN  37201
(615) 244-5772

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this the 21st day of September, 2022, via the Court's electronic filing system on the following:

Phillip G. Young, Jr.
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN  37203
phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN  37083

Afsoon Hagh
Hagh Law PLC
1906 Glen Echo Road, #150229
Nashville, TN  37215

/s/  James W. Price, Jr.
James W. Price, Jr.

3

213

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00301** |
| | ) | |
| **BRETTON KEEFER, on behalf of the** | ) | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **deceased CHESTA SHOEMAKER,** | ) | **Magistrate Judge Alistair E. Newbern** |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf** | ) | |
| **of CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Elizabeth S. Tipping and Kristen M. Shields, of Counterpoint Legal, PLC, hereby enter their appearance in this case as counsel for Plaintiff Brian Cummings.

Respectfully Submitted,

**COUNTERPOINT LEGAL, PLC**

By:   /s/ Elizabeth S. Tipping
Elizabeth S. Tipping, No. 023066
Kristen M. Shields, No. 036438

2689 Union Hill Road
Joelton, TN  37080
(615) 426-5566
liz@counterpointlaw.com
kristen@counterpointlaw.com
*Attorneys for Plaintiff*

214

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing document has been served on this the 21st day of September, 2022, via the Court's electronic filing system on the following:

       Phillip G. Young, Jr.
       Thompson Burton PLLC
       1801 West End Avenue, Suite 1550
       Nashville, TN  37203
       phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

       Bretton Keefer
       5960 Pumpkintown Lane
       Lafayette, TN  37083

       Afsoon Hagh
       Hagh Law PLC
       1906 Glen Echo Road, #150229
       Nashville, TN  37215

                                /s/  Elizabeth S. Tipping_____

215

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS, | |
| Plaintiff, | Case No. 3:22-cv-00301 |
| v. | Chief Judge Waverly D. Crenshaw, Jr. |
| BRETTON KEEFER et al., | Magistrate Judge Alistair E. Newbern |
| Defendants. | |

## **ORDER**

Plaintiff Brian Cummings has filed motions asking the Court to extend the deadline for effecting service for process on Defendants Afsoon Hagh and Bretton Keefer under Federal Rule of Civil Procedure 4(m) and asking the Court to order the U.S. Marshals Service to effect service of process on Hagh under Federal Rule of Civil Procedure 4(c)(3). (Doc. Nos. 29, 31.) Neither Hagh nor Keefer has appeared in this action and no opposition to Cummings's motions has been filed.

Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Cummings's counsel has filed several declarations describing his attempts to serve Keefer and Hagh. (Doc. Nos. 19, 25, 28, 33.) In light of these diligent efforts, the Court finds good cause to extend the service deadline under Rule 4(m).

Rule 4(c)(3) provides that,

> [a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). Courts recognize that this rule "give[s] the court discretion, '[a]t the plaintiff's request,' to order that service be made by a United States Marshal, even when a plaintiff does not qualify to proceed in forma pauperis." *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (second alteration in original) (quoting Fed. R. Civ. P. 4(c)(3)); *see also Vick v. Bernard*, No. 2:15-CV-116, 2018 WL 9811676, at *2 (E.D. Tenn. Mar. 26, 2018) (quoting *id.*). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983). "If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. While discretionary service by marshal under Rule 4(c)(3) "is typically for situations involving hostile defendants, courts may allow its use in other circumstances." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. updated Apr. 2022).

Cummings's counsel states that he has tried to serve Hagh by mail and in person on several occasions without success and has mailed Hagh requests to waive service of process to which Hagh has not responded. (Doc. Nos. 19, 25, 28, 33.) Counsel states that summonses he attempted to serve on Hagh via certified mail at an address that she provided were twice returned unclaimed.

2

217

(Doc. Nos. 28, 33.) Counsel sent an agent for service of process to Hagh's last known residence and to her business address registered with the Tennessee Board of Professional Responsibility, but "no one would come to the door when counsel's agent for process knocked on the doors or would otherwise respond." (Doc. No. 28, PageID# 121, ¶ 7.) Counsel has attempted to call and email Hagh regarding service, "but his [voice] messages are not returned and his emails have been blocked." (*Id.* at ¶ 9.)

Cummings attempted to serve Hagh by private means on several occasions and by using multiple available methods before requesting the Marshals Service's assistance under Rule 4(c)(3). The Court finds that ordering the Marshals Service to effect service of process on Hagh under Rule 4(c)(3) is a reasonable next step.

While Cummings's counsel states that he has attempted to serve Hagh at an address she registered with the Tennessee Board of Professional Responsibility, counsel has not provided that address. The Court takes judicial notice that Hagh's publicly available address on file with the Board of Professional Responsibility of the Supreme Court of Tennessee is 226 Pelham Drive, Brentwood, Tennessee 37027-4237.

Cummings requests an additional 90 days to serve Keefer and Hagh. The Court finds that a shorter extension is reasonable. Accordingly, Cummings's motions to extend the deadline for service of process on Keefer and Hagh (Doc. Nos. 29, 31) are GRANTED IN PART. The deadline to effect service of process on Keefer and Hagh is EXTENDED to November 28, 2022.

Cummings's motion for an order directing the Marshals Service to effect service of process on Hagh (Doc. No. 29) is GRANTED. The Clerk of Court is DIRECTED to reissue a summons to Hagh at the address provided above and forward the summons and a copy of Cummings's pleadings (Doc. No. 1-1) to the Marshals Service for service of process.

3

Because past attempts to serve Hagh by mail have not been successful, the Marshals Service is DIRECTED to effect service of process on Hagh in person.

The initial case management conference in this matter is set on October 4, 2022. Because it appears that neither Keefer nor Hagh will have appeared in the action by that date, the conference is CANCELLED. Cummings is ORDERED to move to reset the initial case management conference no later than 7 days after Keefer and Hagh have appeared in the action. If Keefer and Hagh remain unserved or otherwise do not appear in a timely manner, Cummings may move to reset the conference at an earlier date.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge

4

219

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Brian Cummings | COURT CASE NUMBER<br>3:22-cv-00301 |
|---|---|
| DEFENDANT<br>Bretton Keefer, et al. | TYPE OF PROCESS<br>Summons/Complaint |

| | | |
|---|---|---|
| **SERVE AT** | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>Afsoon Hagh | |
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*<br>226 Pelham Drive, Brentwood, TN 37027-4237 | |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| James W. Price, Jr.<br>Price, Hill & Kolarich<br>201 4th Ave. N., Suite 1800<br>Nashville, TN 37219 | Number of process to be served with this Form 285 | |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                       Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>10/3/22 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br><br>No. _____ | District to Serve<br><br>No. _____ | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served ,☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br><br>**$0.00** |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:** 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

220

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee

| | |
|---|---|
| Brian Cummings<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Bretton Keefer, et al.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:22-cv-00301 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027-4237

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   James W. Price, jr.
Price, hill & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____10/03/2022_____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

| | | |
|---|---|---|
| Brian Cummings | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:22-cv-00301 |
| Bretton Keefer et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN  37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Elizabeth S. Tipping
Counterpoint Legal, PLC
2689 Union Hill Road
Joelton, TN  37080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ▾

| | | |
|---|---|---|
| Brian Cummings | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:22-cv-00301 |
| Bretton Keefer et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN  37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Elizabeth S. Tipping
Counterpoint Legal, PLC
2689 Union Hill Road
Joelton, TN  37080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   10/20/2022    _____
*Signature of Clerk or Deputy Clerk*

224

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Brian Cummings | COURT CASE NUMBER<br>3:22-cv-00301 |
|---|---|
| DEFENDANT<br>Bretton Keefer, et al. | TYPE OF PROCESS<br>Summons/Complaint |

**SERVE AT** { 
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Afsoon Hagh
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
226 Pelham Drive, Brentwood, TN 37027-4237

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| James W. Price, Jr.<br>Price, Hill & Kolarich<br>201 4th Ave. N., Suite 1800<br>Nashville, TN 37219 | Number of process to be served with this Form 285 | |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                    Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>10/3/22 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>1-1 | District of Origin<br>No. 75 | District to Serve<br>No. 75 | Signature of Authorized USMS Deputy or Clerk | Date<br>10/06/22 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date<br>10/11/22 | Time<br>1800 | ☐ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 0 | | | 0 | | 0<br>$0.00 |

REMARKS: 10/6/22: FWD TO DUSM FOR SERVICE.
10/11/22 - 22 MILES R/T - 1 Hour - REFUSED TO ACCEPT

| PRINT 5 COPIES: | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,<br>    if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED<br><br>Form USM-285<br>Rev. 12/80 |
|---|---|---|

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | | |
|---|---|---|
| Brian Cummings | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  3:22-cv-00301 |
| Bretton Keefer, et al. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027-4237

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     James W. Price, jr.
Price, hill & Kolarich
201 4th Avenue N., Suite 1800
Nashville, TN 37219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date:     10/03/2022          _____
*Signature of Clerk or Deputy Clerk*

### *RETURN COPY*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  AFSOON, HASH

was received by me on *(date)*  10/11 .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☒ I returned the summons unexecuted because  REFUSED TO ACCEPT  ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  10/11/22

R, CAPUS
*Server's signature*

RO
*Printed name and title*

NASHVILLE, TN
*Server's address*

Additional information regarding attempted service, etc:

#1 MALE STATED SUBJECT HAS NOT LIVED THERE SINCE JUNE. #MALE SUBJECT TOLD DEPUTY TO LEAVE AND THREW SUMMONS ON THE GROUND THEN INTO DUSA'S CAR,

228

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **BRIAN CUMMINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.: 3:22-cv-00301** |
| **v.** | ) | |
| | ) | |
| **BRETTON KEEFER, on behalf of the deceased,** | ) | |
| **CHESTA SHOEMAKER,** | ) | |
| **AFSOON HAGH, and** | ) | |
| **JEANNE BURTON, Trustee on behalf of** | ) | |
| **CUMMINGS MANOOKIAN, PLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO WITHDRAW AS COUNSEL

James W. Price, Jr., counsel for the Plaintiff, Brian Cummings, respectfully moves the

Court for an Order allowing him to withdraw as counsel. Elizabeth Tipping will remain as

Plaintiff's counsel.

Counsel is retiring and the Plaintiff, Brian Cummings consents to the entry of an Order

granting this Motion.

Respectfully submitted,


/s        James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill & Kolarich, & Moore
214 2nd Ave N., Ste. 205
Nashville, TN 37201
TEL: (615) 244-5772

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 27th day of October, 2022, to:

Bretton Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
2016 Sunset Hills Terrace
Nashville, TN, 37215

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Ste. 200
Franklin, TN 37067

Elizabeth S. Tipping
Kristen M. Shields
2689 Union Hill Road
Joelton, TN 37080

/s          James W. Price, Jr.
James W. Price, Jr.

2

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee ▾

| | |
|---|---|
| Brian Cummings | ) |
| | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  3:22-cv-00301 |
| Bretton Keefer et al. | ) |
| | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN  37083

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Elizabeth S. Tipping
Counterpoint Legal, PLC
2689 Union Hill Road
Joelton, TN  37080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   10/20/2022

*Signature of Clerk or Deputy Clerk*

**RETURN COPY**

231

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00301

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Bretton Keefer

was received by me on *(date)*  10/20/22  .

☑ I personally served the summons on the individual at *(place)*  5554 Pumpkintown Lane,
Lafayette, TN 37083 _____ on *(date)*  11-01-22 ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  11-01-22

Roger Clemens

*Server's signature*

Roger Clemens – Private Investigator

*Printed name and title*



P.O. Box 123, Bethpage, TN 37022

*Server's address*

Additional information regarding attempted service, etc:

ORDER:
The motion is **GRANTED**.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

Alistair E. Newbern
U.S. Magistrate Judge

| | |
|---|---|
| **BRIAN CUMMINGS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BRETTON KEEFER, on behalf of the deceased,** | ) |
| **CHESTA SHOEMAKER,** | ) |
| **AFSOON HAGH, and** | ) |
| **JEANNE BURTON, Trustee on behalf of** | ) |
| **CUMMINGS MANOOKIAN, PLC,** | ) |
| | ) |
| **Defendants.** | ) |

**NO.: 3:22-cv-00301**

---

### MOTION TO WITHDRAW AS COUNSEL

James W. Price, Jr., counsel for the Plaintiff, Brian Cummings, respectfully moves the Court for an Order allowing him to withdraw as counsel. Elizabeth Tipping will remain as Plaintiff's counsel.

Counsel is retiring and the Plaintiff, Brian Cummings consents to the entry of an Order granting this Motion.

Respectfully submitted,

/s         James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff
Price, Hill & Kolarich, & Moore
214 2nd Ave N., Ste. 205
Nashville, TN 37201
TEL: (615) 244-5772

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00301 |
| | ) | |
| BRETTON KEEFER, on behalf of the | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| deceased CHESTA SHOEMAKER, | ) | Magistrate Judge Alistair E. Newbern |
| AFSOON HAGH, and | ) | |
| JEANNE BURTON, Trustee on behalf | ) | |
| of CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DEEM SERVICE EFFECTIVE

Plaintiff Brian Cummings respectfully moves this Court to deem the U.S. Marshals Service's attempted service of process upon Defendant Afsoon Hagh to be effective service for purposes of Rule 4 of the Federal Rules of Civil Procedure. As grounds for this Motion, Plaintiff states that although Defendant Hagh is aware of this action, she is willfully evading service of process; that the October 11, 2022 service attempted by the U.S. Marshals Service was deliberately thwarted by Defendant Hagh's husband; and that although Defendant Hagh's husband had the service paperwork in his hand, he threw the summons from this Court into the Deputy U.S. Marshal's vehicle as part of Defendant's continued effort to evade service in this case.

In the alternative, Plaintiff asks this Court to extend the deadline to complete service on Defendant Hagh and enter an Order requiring Defendant Hagh—an attorney licensed to practice

234

law in the State of Tennessee—to provide information to facilitate service and prevent further waste of resources.[1]

This is a dispute concerning the division of a legal fee earned in a wrongful death action that was resolved at mediation approximately one year ago. The plaintiff in the underlying action, Bretton Keefer, was initially represented by three attorneys: Plaintiff Brian Cummings, Defendant Afsoon Hagh, and Defendant Hagh's husband Brian Manookian,[2] who has been suspended from the practice of law and was suspended for the majority of the time Mr. Keefer's lawsuit was pending. (See https://www.tbpr.org/attorneys/026455.)

On November 27, 2020, Plaintiff Cummings filed a Notice of Attorney's Lien in the underlying action. (See Exhibit 1.) On October 29, 2021, the bankruptcy trustee for Cummings Manookian, PLC filed a Notice of Attorney's Lien. (See Exhibit 2.) Following the settlement of the underlying action, on December 16, 2021, the trial court entered an Order dismissing Mr. Keefer's claims but retaining jurisdiction over the two attorney's liens. (See Exhibit 3.) That same day, Plaintiff Cummings filed a Motion for Status Conference concerning his lien. (See Exhibit 4.) Defendant Hagh, as counsel for Mr. Keefer, vigorously opposed this request, insisting that Plaintiff was required to seek relief in a separate action. (See Exhibits 5, 6, 7.) The trial court entered an Order on January 18, 2022, altering or amending its December 16, 2021 Order and finding that Plaintiff was required to address his attorney's lien in a separate proceeding. (See Exhibit 8.) After insisting that Plaintiff initiate a separate action to resolve the issues surrounding the division of

---

[1] All other Defendants have now been served.

[2] The marital relationship between Defendant Hagh and Brian Manookian is not in dispute—it was confirmed in a Joint Pretrial Statement filed by both Defendant Hagh and Mr. Manookian with the Bankruptcy Court for the Middle District of Tennessee on August 17, 2020. (See Joint Pretrial Statement, Adv. Proc. No. 3:20-ap-90002, Doc. No. 61, p. 1-2.)

legal fees in the underlying lawsuit, Defendant Hagh has actively evaded service of process in this separate lawsuit.

Plaintiff previously described his multiple efforts to serve Defendant Hagh in his Notice Regarding Service Efforts filed September 21, 2022 (Doc. No. 32):

1.     Plaintiff's counsel initially made two attempts to serve Defendant Hagh via Certified Mail; however, both Certified Mail packages were ultimately returned to Plaintiff's counsel as "Unclaimed." (Doc. No. 32, PageID# 141-42; Doc. No. 33, PageID# 156-57, at ¶¶ 1-2.)

2.     Plaintiff's counsel next engaged a private process server to complete service in person; however, no one would answer the door when service of process was attempted. (Doc. No. 19, PageID# 97 at ¶ 7; Doc. No. 32, PageID# 142.)

3.     Plaintiff's counsel then sought consent to serve Defendant Hagh through attorney Craig Gabbert, who is currently representing her in the pending adversary proceeding related to the bankruptcy of Cummings Manookian, PLC; however, Defendant Hagh's counsel advised that he was not authorized to accept service in this case. (Doc. No. 19, PageID# 97 at ¶ 8; Doc. No. 32, PageID# 142.)

4.     Plaintiff's counsel then mailed a Rule 4(d) request for waiver of service to Defendant Hagh at two different addresses—the address she registered with the Tennessee Board of Professional Responsibility and her last known home address. Although counsel received notice from the United States Postal Service that the requests were delivered, Defendant Hagh has not responded to the request for waiver. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11; Doc. No. 32, PageID# 142.)

Following these unsuccessful attempts to serve Defendant Hagh, Plaintiff asked this Court to order the U.S. Marshals Service to serve the Defendant. (Doc. No. 29.) This Court found that ordering the Marshals Service to effect service of process was a reasonable next step, and granted Plaintiff's request. (Doc. No. 35, PageID# 163-64.) The Court took judicial notice that Defendant Hagh's publicly available address on file with the Board of Professional Responsibility of the Supreme Court of Tennessee is 226 Pelham Drive, Brentwood, Tennessee 37027-4237, and directed the Marshals Service to effect service of process on Defendant Hagh in person at that address. (Id.)

On October 25, 2022, the U.S. Marshals Service filed a Return of Service stating that the individuals at Defendant Hagh's address refused to accept service. (Doc. No. 39.) Deputy U.S. Marshal Capus noted the following on the Return: "#1 Male stated Subject has not lived there since June. #2 Male Subject told Deputy to leave and threw summons on the ground then into DUSM's car." (Doc. No. 39, PageID# 173.) Deputy U.S. Marshal Capus has identified the second male—the individual who threw the summons on the ground and then into Deputy U.S. Marshal Capus' car—as Defendant Hagh's husband, Brian Manookian. (Declaration of Elizabeth S. Tipping,[3] Nov. 16, 2022 ("Tipping Decl.") at ¶¶ 2-3.)

The Sixth Circuit has explained that "Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it." Gottfried v. Frankel, 818 F.2d 485, 492-92 (6th Cir. 1987); see also Nashville Cmty. Bail Fund v. Gentry, 446 F. Supp. 3d 282, 299-300 (M.D. Tenn. 2020) (citing Gottfried and applying flexible interpretation to Rule 4(j)(2)(A) to find service effective); Dixie Rests., Inc. v. Philips Consumer Elecs. Co., 2005 U.S. Dist. LEXIS 44078,

---

[3] Plaintiff has submitted a request to the Office of General Counsel asking Deputy U.S. Marshal Capus to confirm this identification in writing so that it may be filed in this Court. (Tipping Decl. at ¶ 4.) Upon receipt of such written confirmation, Plaintiff will file it with the Court.

*4 (W.D. Tenn. Feb. 18, 2005) (recognizing that "Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only 'substantial compliance'"). Personal service does not require "in hand" delivery and acceptance of the papers. United States v. Granger, 2018 U.S. Dist. LEXIS 159287, *6 (E.D. Tenn. Apr. 3, 2018). "Where a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." Id. The District Court for the District of Columbia has noted that service of process should not become "a cat-and-mouse game," "a game of hide and seek," or "a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or instructing others to reject service." Ali v. Mid-Atlantic Settlement Servs., Inc. 233 F.R.D. 32, 35-36 (D.D.C. 2006).

Defendant Hagh and her husband and former co-counsel, Brian Manookian, have improperly turned the rules of service of process into a game of hide and seek, and this Court should find that the attempted service by the U.S. Marshals Service was effective service. Defendant Hagh has actual notice of this case. Not only did she insist that Plaintiff file this lawsuit, but she has received at least two copies of the Complaint through the Rule 4(d) requests to waive service delivered by the United States Postal Service to Defendant Hagh at two different addresses. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11.) She also has constructive notice of this case, as Plaintiff's counsel discussed this action with the attorney representing Defendant Hagh and her law firm in the pending bankruptcy proceeding for Cummings Manookian, PLLC. (Doc. No. 19, PageID# 97 at ¶ 8.)

The U.S. Marshals Service made reasonable efforts to serve the documents as ordered by this Court. Deputy U.S. Marshal Capus attempted service on Defendant Hagh at 226 Pelham Drive

in Brentwood, Tennessee, on October 11, 2022.[4] (Doc. No. 39, PageID# 173.) During this attempt, Deputy U.S. Marshal Capus interacted with two males, one of whom Deputy U.S. Marshal Capus has since identified as Defendant Hagh's husband. (Doc. No. 39, PageID# 173; Tipping Decl. at ¶¶ 2-3.) After telling Deputy U.S. Marshal Capus to leave, Defendant Hagh's husband threw the summons on the ground, and then threw it into the Deputy U.S. Marshal's car. (Doc. No. 39, PageID# 173.)

Enough is enough. This Court should not permit Defendant Hagh and her husband to defeat service by evading and refusing to accept a summons. Their behavior has become so extreme that Defendant Hagh's husband showed up at the registered location of Defendant Hagh's law office in order to physically and directly interfere with service of process by the U.S. Marshals Service. Plaintiff asks this Court to deem the October 11, 2022 attempt by the U.S. Marshals Service to be effective service for purposes of Rule 4.

In the alternative, Plaintiff asks this Court to enter an Order requiring Defendant Hagh to provide information to facilitate service and prevent further waste of resources. The District Court for the Western District of Michigan issued such an order in Boles v. Lewis, 2008 U.S. Dist. LEXIS 2701 (W.D. Mich. Jan. 14, 2008). The Boles Court explained that although the defendant had the right to have service effected upon him in a manner consistent with the applicable laws and rules, he was not permitted to willfully evade service of process. Id. at *3. As such, the Court ordered the defendant to perform one of four options to facilitate service and prevent further waste of the Court's resources. Id. at *4.

---

[4] Although the individual identified by Deputy U.S. Marshal Capus as "#1 Male" claimed that Defendant Hagh had not lived at the Pelham Drive address since June, Defendant Hagh continues to use that address as her firm's address in court filings, including in a complaint filed five days after Deputy U.S. Marshal Capus attempted service. (See, e.g., Exhibits 9, 10.)

Under the circumstances of this case, it would be appropriate for this Court to issue an Order similar to that in <u>Boles</u>. Defendant Hagh is an attorney licensed to practice law in the State of Tennessee. She has actual knowledge of this action—indeed, she demanded that it be filed—yet she persists in evading service. This Court should enter an Order requiring Defendant Hagh to provide information to facilitate service and prevent further waste of resources. Plaintiff proposes that the Court's Order require Defendant Hagh to perform one of the following within ten days: (1) waive formal service of process; (2) authorize an agent to accept service of process and provide the identity and address of that person to the Court so that the U.S. Marshals Service can effect service; or (3) provide the Court with the address where the U.S. Marshals Service can effect service on Defendant Hagh in person, along with at least three dates and times when Defendant Hagh will be present at that address to accept service.

Finally, in the event that this Court does not deem the October 11, 2022 attempt to be effective service, pursuant to Fed. R. Civ. P. 4(m) and in light of the continued misbehavior of Defendant Hagh and her husband, Plaintiff asks that the Court extend the deadline to complete service upon Defendant Hagh.

Respectfully Submitted,

**COUNTERPOINT LEGAL, PLC**

By:   /s/ Elizabeth S. Tipping
      Elizabeth S. Tipping, No. 023066
      Kristen M. Shields, No. 036438

2689 Union Hill Road
Joelton, TN  37080
(615) 426-5566
liz@counterpointlaw.com
kristen@counterpointlaw.com
*Attorneys for Plaintiff*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served on this the 16th day of November, 2022, via the Court's electronic filing system on the following:

Phillip G. Young, Jr.
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN  37203
phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN  37083

Afsoon Hagh
Hagh Law PLC
226 Pelham Drive
Brentwood, Tennessee 37027-4237

　　　　　　　　　　　　　　　 /s/ Elizabeth S. Tipping

# Exhibit 1

## IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| BRETTON KEEFER, as Surviving Adult Son and Next-of-Kin of his Deceased Mother, CHESTA SHOEMAKER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 19C358 Jury Demand (12) |
| VANDERBILT UNIVERSITY MEDICAL CENTER, | ) ) ) | |
| Defendant. | ) | |

---

### BRIAN CUMMINGS' NOTICE OF ATTORNEY'S LIEN

---

Brian Cummings respectfully submits his Notice of Attorney's Lien. This Attorney's Lien relates to any settlement or recovery in this matter and includes, but is not limited to, the statutory right of recovery pursuant to Tenn. Code Ann. Section 23-2-102, and also includes the right to reimbursement for advanced, documented litigation expenses.

RESPECTFULLY SUBMITTED

/s/Brian Cummings
**Brian Cummings, #19354**
Cummings Law
4235 Hillsboro Pike #300
Nashville, TN 37215
(615) 800-6822 (phone)
(615) 815-1876 (fax)
brian@cummingsinjurylaw.com
*Attorney for the Plaintiff*

1

243

EFILED  11/27/20 03:05 PM  CASE NO. 19C358  Richard R. Rooker, Clerk

## CERTIFICATE OF SERVICE

I certify that on November 27, 2020 a copy of this document was served via the methods noted for each person(s):

**The Court's electronic filing system:**

| | |
|---|---|
| Thomas A. Wiseman, III | Afsoon Hagh |
| Brad Dowd | Hagh Law |
| Wiseman Ashworth Law Group, PLC | Music Square West |
| 511 Union Street, Suite 800 | Nashville, TN 37203 |
| Nashville, TN 37219-1743 | (615) 266-3653 (phone) |
| (615) 254-1877 (phone) | (615) 266-3655 (fax) |
| (615) 254-1878 (fax) | afsoon@haghlaw.com |
| | |
| *Attorneys for the Defendant* | *Attorney for the Plaintiff* |

**U.S. Mail – postage prepaid:**

Brett Keefer
5960 Pumpkintown Lane
Lafayette, TN 37083

**s/Brian Cummings**

# Exhibit 2

COPY

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| BRETTON KEEFER O/B/O | ) | |
| CHESTA SHOEMAKER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19C358 |
| | ) | |
| VANDERBILTY UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
|     Defendant. | ) | |

## NOTICE OF FILING
## NOTICE OF ATTORNEY'S LIEN AND ABSTRACT OF SUIT

Jeanne Ann Burton, Chapter 7 Trustee, hereby gives notice of filing the attached Notice of

Filing Attorney's Lien and Abstract of Suit which has been recorded with the Davidson County

Register of Deed's office.

Respectfully Submitted,

Phillip G. Young, Jr. #021087
***THOMPSON BURTON PLLC***
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
615-465-6000
615-461-1737 – fax

Special Counsel for Jeanne Ann Burton, Trustee

1

246

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to:

Vanderbilt University Medical Center
c/o Thomas A. Wiseman III
Wiseman Ashworth Law Group, PLC
511 Union Street, Suite 800
Nashville, TN 37219-1743

Brian Manookian
PO Box 150229
Nashville, TN 37215

Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

John Edwards
Edwards Kirby
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

This 29th day of October, 2021.

_____
Phillip G. Young, Jr.

2

247

EFILED 10/29/21 11:03 AM CASE NO. 19C358 Richard R. Rooker, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

BRETTON KEEFER O/B/O )
CHESTA SHOEMAKER )
    Plaintiff, )
                    )
v.                     )    No. 19C358
                    )
VANDERBILTY UNIVERSITY )
MEDICAL CENTER, )
    Defendant. )

---

## NOTICE OF ATTORNEY'S LIEN AND ABSTRACT OF SUIT

---

    TO:    Vanderbilt University Medical Center
           c/o Thomas A. Wiseman III
           Wiseman Ashworth Law Group, PLC
           511 Union Street, Suite 800
           Nashville, TN 37219-1743

    Pursuant to Tenn. Code Ann § 23-2-102, et. seq., you are notified that Jeanne Ann Burton,

Chapter 7 Bankruptcy Trustee for Cummings Manookian, PLC, claims an attorney's lien against

all property, both real and personal, tangible and intangible, money, funds or other assets, which

may be awarded to or received by Cummings Manookian, PLC, for attorneys' fee or

reimbursement of expenses, through settlement or trial of this legal action. A copy of the United

States Bankruptcy Court for the Middle District of Tennessee's *Notice of Bankruptcy Case Filing*

is attached hereto.

    Jeanne Ann Burton, Chapter 7 Bankruptcy Trustee for Cummings Manookian, PLC claims

such attorney's lien for all amounts owing to Cummings Manookian, PLC in this matter.

1

## OATH

I, **JEANNE ANN BURTON, TRUSTEE,** after being first duly sworn, make oath that the facts and matters stated in the foregoing Lien are true and correct to the best of my knowledge, information and belief.



Jeanne Ann Burton, Trustee

**STATE OF TENNESSEE** )
**COUNTY OF DAVIDSON** )

Personally appeared before me, a Notary Public in and for the aforesaid State and County, the within named **JEANNE ANN BURTON,** with whom I am personally acquainted, (or upon sufficient evidence provided), and who acknowledged that she executed the within instrument for the purposes therein contained.

WITNESS my hand and official seal on this _16th_ day of _April_, 2021.

NOTARY PUBLIC
My Commission Expires: _9-5-2021_

KIM L. TURNER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
WILLIAMSON COUNTY

2

249

COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to:

Vanderbilt University Medical Center
c/o Thomas A. Wiseman III
Wiseman Ashworth Law Group, PLC
511 Union Street, Suite 800
Nashville, TN 37219-1743

Brian Manookian
PO Box 150229
Nashville, TN 37215

Afsoon Hagh
226 Pelham Drive
Brentwood, TN 37027

Brian Cummings
4235 Hillsboro Pike #300
Nashville, TN 37215

John Edwards
Edwards Kirby
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

This 29th day of October, 2021.

Phillip G. Young
Special Counsel for the Trustee

3