# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**Appeal from**
*Cummings v. Keefer, et al.*
Case No. 3:20-ap-90036

**Bretton Keefer and Afsoon Hagh, Appellants**

v.

**Brian Cummings, Appellee**

Case No. 3-23-cv-00961

Judge Aleta A. Trauger

**ORAL ARGUMENT REQUESTED**

---

**APPELLANTS' REPLY BRIEF**

---

## I. INTRODUCTION

Appellants have moved to dismiss this lawsuit under the Federal Arbitration Act. The Plaintiff, Brian Cummings, is a lawyer who has sued his former client and former co-counsel claiming that he is owed a fee from a settlement in a medical malpractice case. Mr. Cummings later amended his complaint to add the law firm of Cummings Manookian as a Defendant, although he has not actually pled any cause of action against Cummings Manookian. Cummings Manookian is in bankruptcy, and the Trustee removed the action to this court.

But Brian Cummings and Cummings Manookian expressly agreed and covenanted in a written contract they drafted, authored, and signed that they would never file such litigation. Instead, they required – as a condition of being retained – that any dispute arising out of their representation be submitted **_only_** to mediation and then binding arbitration.

In response to Appellants' opening brief in this matter, Mr. Cummings and Cummings Manookian argue variously that the Bankruptcy Court has jurisdiction over this matter (it does not as a result of Appellees' own binding contract) and that Afsoon Hagh is not a party to the arbitration agreement (she is, by its express terms).

Appellants rely on the unrebutted facts and argument presented in their opening brief and reply succinctly on the following two points.

## II. **CUMMINGS MANOOKIAN ENTERED INTO A BINDING ARBITRATION AGREEMENT, AND THEN CHOSE NOT TO RESPOND TO APPELLANT'S MOTION TO DISMISS UNDER THE FEDERAL ARBITRATION ACT.**

In its brief, Cummings Manookian does not dispute that it entered into a binding arbitration agreement covering the parties and subject matter of this dispute. Cummings Manookian further does not dispute that it failed to respond to Appellants' Motion to Dismiss under the Federal Arbitration Agreement.

This precludes Cummings Manookian from now arguing that this lawsuit should proceed in any forum other than the arbitration it insisted upon when it presented Brett Keefer with its engagement agreement. Cummings Manookian is the author of the binding arbitration clause. Cummings Manookian failed to object to its enforcement at the Bankruptcy Court. It has waived any objection to the same on appeal and this Court should not entertain any of its argument to the contrary.

## III. **BRIAN CUMMINGS' ARGUMENT THAT AFSOON HAGH WAS NOT A PARTY TO THE ARBITRATION AGREEMENT IS CONTRADICTED BY THE TERMS OF THE AGREEMENT.**

Mr. Cummings entered into a contract never to file litigation "arising out of his representation of Mr. Keefer;" the sole subject of the pending lawsuit. And Mr. Cummings drafted and insisted upon a clause in the same contract requiring that

3

Case 3:23-cv-00961    Document 17    Filed 01/12/24    Page 3 of 6 PageID #: 5697

claims "arising out his representation of Mr. Keefer" be resolved exclusively through mediation and then binding arbitration.

Those clauses expressly state, first, "<u>Consequently, neither the client nor the attorneys in this Attorney-Client relationship can file litigation over or about any alleged or real dispute within the Attorney-Client relationship</u>." *Attorney-Client Agreement*, April 19, 2017, Brian Cummings to Brett Keefer, App'x at 71. Emphasis added.

The second clause states, "<u>any such dispute that cannot be resolved between us must first be taken to mediation for a good-faith attempt at resolving the dispute, and, if mediation does not completely resolve the dispute, any ongoing disputed issues must be submitted for final disposition by an agreed-to arbitrator for binding arbitration</u>." *Attorney-Client Agreement*, April 19, 2017, Brian Cummings to Brett Keefer, App'x at 71. Emphasis added.

Mr. Cummings' argument that this agreement does not include claims against Afsoon Hagh is disproven by the agreement itself. Mr. Cummings did not limit the arbitration obligation to parties. It applies to claims. And it applies to any alleged or real dispute among "the attorneys" within the Attorney-Client relationship. Ms. Hagh was one of those attorneys, and Mr. Cummings does not even attempt to argue otherwise.

## IV. CONCLUSION

For all the foregoing reasons, and those addressed in Appellants' Opening Brief, the Court should dismiss this action with prejudice.

Date: January 12, 2024

Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Appellants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed January 12, 2024 and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

Phillip G. Young , Jr.
Thompson Burton PLLC
1801 West End Avenue
Suite 1550
Nashville, TN 37203
(615) 465-6008
Fax: (615) 807-3048
Email: phillip@thompsonburton.com

*Attorney for Trustee Jeanne Anne Burton*

Elizabeth S. Tipping
Neal & Harwell, PLC
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
(615) 244-1713
Email: etipping@nealharwell.com

*Attorney for Appellee Brian Cummings*

                                           */s/ John Spragens*